**Mr. Matthew David Guertin**
4385 Trenton Ln N #202
Plymouth, MN 55442
MattGuertin@ProtonMail.com
(763) 221-4540

24-cv-2646 (JMB/DLM)

January 5th, 2023

Ms. Jacqueline Perez
300 South 6th Street C2000
Minneapolis, MN 55487

**RECEIVED**

**JUL 08 2024**

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Re:   *State of Minnesota* v. Matthew David Guertin
      Court File No:      27-CR-23-1886

Dear Ms. Perez,

As the defendant in the above named case whom is facing criminal charges received in Hennepin County of which you are named as the prosecuting attorney responsible for said charges, I would respectfully ask that I please be provided with the following discovery materials related to my case pursuant to the Minnesota Rules of Criminal Procedure, Rule 9:

i.     All Brady material
ii.    Squad video
iii.   Audio tapes
iv.    All 104 police photographs (as is listed in Dr. Jill Rogstad's 'Confidential Forensic Evaluation Report' pertaining to my case) which were taken by the Minnetonka Police Department of 10233 West 34th Street #304, on January 21st 2023. I would please ask that I receive these in their original, and non-compressed digital file format. If there are in fact physical, photographic quality prints those would also suffice.

I would appreciate receiving these materials as soon as possible. Please forward all correspondence to my email address. If any of these materials require postal mail for whatever reason they can be mailed to my address as listed at the top of this filing. Do not hesitate to contact me should you have any questions.

Sincerely,

*/s/ Matthew David Guertin*

Filed in District Court
State of Minnesota
5/6/2024 2:45 PM

## NOTICE OF DISMISSAL AS DEFENSE COUNSEL / Matthew Guertin / 27-CR-23-1886

| | | |
|---|---|---|
| From | mattguertin <MattGuertin@protonmail.com> | |
| To | Bruce Rivers<riverslawyers@aol.com> | |
| Date | Wednesday, April 3rd, 2024 at 7:07 AM | |

**EXHIBIT**

**K**

Bruce,

My filed 'Motion to Proceed as Pro Se' is attached.
Please submit a formal 'Withdrawal of Representation' into my case file when you are able.

Thank you,

~Matt Guertin

Sent with <u>Proton Mail</u> secure email.

---

300.35 KB    1 file attached

27-CR-23-1886_Pro-Se-Motion_2024-04-03.pdf    300.35 KB

## EMAIL PGP HEADER -

X-Pm-Content-Encryption: on-compose
X-Pm-Origin: internal
Subject: NOTICE OF DISMISSAL AS DEFENSE COUNSEL / Matthew Guertin / 27-CR-23-1886
From: Matt Guertin <MattGuertin@protonmail.com>
Date: Wed, 03 Apr 2024 13:07:44 +0000
Mime-Version: 1.0
Content-Type: text/html
To: Bruce Rivers <riverslawyers@aol.com>
X-Attached: 27-CR-23-1886_Pro-Se-Motion_2024-04-03.pdf
Message-Id: <VpRWrTOhv4nRg2TtFUNeb9f2hskPGevOSHeBtfSzDTtFH5frVCyHdV-
gSw1b8nAXx8lhCsZzHUGzrPY3KwXAAzgcxXlrVptig04OKV1ITbk=@protonmail.com>
X-Pm-Scheduled-Sent-Original-Time: Wed, 03 Apr 2024 13:07:28 +0000
X-Pm-Recipient-Authentication: riverslawyers%40aol.com=none
X-Pm-Recipient-Encryption: riverslawyers%40aol.com=none

Filed in District Court
State of Minnesota
5/6/2024 2:45 PM

Re: NOTICE OF DISMISSAL AS DEFENSE COUNSEL / Matthew Guertin / 27-CR-23-1886

| | |
|---|---|
| From | Bruce Rivers <riverslawyers@aol.com> |
| To | mattguertin<MattGuertin@protonmail.com> |
| Date | Wednesday, April 3rd, 2024 at 7:38 AM |



**EXHIBIT Ka**

Call me

Sent from my iPhone

# EMAIL PGP HEADER -

Return-Path: <riverslawyers@aol.com>
X-Original-To: MattGuertin@protonmail.com
Delivered-To: MattGuertin@protonmail.com
Authentication-Results: mail.protonmail.ch; dkim=pass (Good 2048 bit
  rsa-sha256 signature) header.d=aol.com header.a=rsa-sha256
Authentication-Results: mail.protonmail.ch; dmarc=pass (p=reject dis=none)
  header.from=aol.com
Authentication-Results: mail.protonmail.ch; spf=pass smtp.mailfrom=aol.com
Authentication-Results: mail.protonmail.ch; arc=none smtp.remote-ip=74.6.132.123
Authentication-Results: mail.protonmail.ch; dkim=pass (2048-bit key) header.d=aol.com
  header.i=@aol.com header.b="eVyQVpaR"
Received: from sonic314-13.consmr.mail.bf2.yahoo.com
  (sonic314-13.consmr.mail.bf2.yahoo.com [74.6.132.123]) (using TLSv1.3 with cipher
  TLS_AES_256_GCM_SHA384 (256/256 bits)
  key-exchange X25519 server-signature RSA-PSS (4096 bits) server-digest SHA256) (No
  client certificate requested) by mailin037.protonmail.ch (Postfix) with ESMTPS id
  4V8m6g03ywz9vNPd for <MattGuertin@protonmail.com>; Wed,
  3 Apr 2024 13:38:34 +0000 (UTC)
Received: from sonic.gate.mail.ne1.yahoo.com by sonic314.consmr.mail.bf2.yahoo.com with
  HTTP; Wed, 3 Apr 2024 13:38:34 +0000
Received: by hermes--production-bf1-7d6dbd57c9-4nlpk (Yahoo Inc. Hermes SMTP Server) with
  ESMTPA ID 15c51fa79701d07bb049b13d1e88269d;
    Wed, 03 Apr 2024 13:38:33 +0000 (UTC)
Dkim-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed; d=aol.com; s=a2048; t=1712151514;
  bh=onLqNcclgAzFBGvfu9+JXYU8nm6jaKzDX9biLQ+8Vcg=;
  h=From:Subject:Date:References:In-Reply-To:To:From:Subject:Reply-To;
  b=eVyQVpaRIBIvcLVrudOZtqBe3BarCj7kDxpVt+F0mryYcGU+RpeFywGDgAAUKANtXgjW/kSHfue/Y0JIfXFkL5XLe
  MA7Bip/VG9BiH5w4u3zK3L3LJSlNnbW4Fo2Gx74mHsKo6M+wlexDUo0VBm/jJdNAXUCk7uMF76P3qObzPdBKm8
  EC4swWR7SMPqM4zu6c+lsSExuAWqUPylrn7iQG1sBltETSpUA8NlbHz4z8phZaMFMdTS15CQKcrK58btSm7lpLZ1
  TS7/3JwzuSSmnFnIsfnP8TCEPPSM6DtablHcdOTBsHF876tmiYnFB1uG/4GTp48YQJPfL433+vkW9KQ==
  X-Sonic-Dkim-Sign: v=1; a=rsa-sha256; c=relaxed/relaxed; d=yahoo.com; s=a2048;
  t=1712151514; bh=i6RX/fGc3YcoPuS7jj85TyGskr2yLDhZyCS4BaAmC2g=;
  h=X-Sonic-MF:From:Subject:Date:To:From:Subject; b=Z5vqBjIiCAA6/dF+t41NEa3DspfRMKSHBq5YQzn5d32ZxMTpL
  XsyP/40YjCxnEOdmw9aDOKoWxSDK1baYXI87Kt+ZShov05NDKGZag35BydI8kvXE0hm5VhmtTQGJT0Ba0EEQkmk
  FNO8+jYYE72zvapKOe3R26J9XQ9X+2dLCF2T5IOff6FGfdUsfDGsAlq5Gy3P5GchHMa+y7lsU0b1O1RSvrOTrDJJ0N
  LCJTzKWbTawnRzLBlzwyAXEINGhQrkDfV5J6wmRmYDBCZ1SV4ZJG+l9jzaY9U77EFO+qupCnL0tFr/SYHjkcrQKyn
  td/MSgnt0k6d4x33LJdppTnZWw==
  X-Ymail-Osg: ywALL8IVM1liqvi5Fq6phjW07EudIh7VGsLBa972Nfc2hI887qm1Qy4A42QNCrK
  TnK2jIC7wBH6OybjA8HQhVU2DtcoRh0GlyG380o2cW2ucaEUHvD2mDQH_6zhFaeIK7iknPIKDkdX
  9j56J.CzobCU4LveKQukbbxcNzp.pWfUVdXX6NDUySJJ8uU5gZ.wPnZgu9ZGD1w1VeNIm8MrfDft
  6ay32hy5CjfAHkqnhipPn1q93zKOhjKUGDRFFvFzfVb3yEYW91ElPuhwVp2jWfcCKF78gxL_TQq0
  sxqdPLpvHN6zk5GxusReUCkIroFPFtaJvcLNNnppVsWgf._D1wsNycTRpijYa.zXKOsbLLT57A6T
  VmOyc7i.1Ta4BaAHYcPbGveN8wH1spoHwwriJSPxHq5KP6b6.LqOO8nLQ5npazyeyeXoyJpQC4SO
  pq3dHzzGiR2J6QIC0HgFOoPRl5fv4q.l9VZFpIVFiCQINFF0rmHSaaKBv8tl5nINRwLRVdT4.5co

Filed in District Court
State of Minnesota
4/3/2024 7:45 AM

**STATE OF MINNESOTA**                     **DISTRICT COURT**

**COUNTY OF HENNEPIN**                     **FOURTH JUDICIAL DISTRICT**

---

State of Minnesota,                        Court File No.: 27-CR-23-1886

               Plaintiff,

                                          **DEFENDANT'S MOTION**
vs.                                        **TO REPRESENT SELF**
                                          **PRO SE**

Matthew David Guertin,

               Defendant.                Judicial Officer: <u>Jay Quam</u>

---

TO:       THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT COURT; MS.
            JACQUELINE PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY;
            AND MR. BRUCE RIVERS, CURRENTLY APPOINTED COUNSEL, WHO
            IS HEREBY NOTIFIED OF THE DEFENDANT'S INTENT TO DISMISS
            SAID COUNSEL AND PROCEED PRO SE.

**MOTION**

      COMES NOW the Defendant, Matthew David Guertin, pursuant to Rule 10.01 of the

Minnesota Rules of Criminal Procedure, the Sixth and Fourteenth Amendments to the United

States Constitution, Minn. Stat. § 611.14, and relevant case law, including *Indiana v. Edwards*,

554 U.S. 164 (2008), and respectfully moves this Court for an order allowing the Defendant to

represent himself in the above-captioned matter. In support of this Motion, the Defendant states

as follows:

**INTRODUCTION**

      The Defendant has been informed of his right to effective assistance of counsel under the

Sixth Amendment and understands the risks and responsibilities associated with self-

representation.

Page 1 of 8

Filed in District Court
State of Minnesota
4/3/2024 7:45 AM

## LEGAL BASIS FOR MOTION

Under Rule 10.01 of the Minnesota Rules of Criminal Procedure, a defendant has the right to the assistance of counsel and the corollary right to represent oneself.

The Supreme Court in *Indiana v. Edwards*, 554 U.S. 164 (2008), recognized that a state may insist upon representation by counsel for those competent enough to stand trial under the Dusky standard but who still may not be competent to conduct trial proceedings by themselves.

The Dusky standard, established in *Dusky v. United States*, 362 U.S. 402 (1960), requires that a defendant have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him.

## DEFENDANT'S COMPETENCY AND UNDERSTANDING

The Defendant reasserts his competency under the Dusky standard, emphasizing a rational and factual understanding of the proceedings and the ability to conduct his defense. Notably, the court has previously acknowledged the Defendant's capacity to engage in significant legal decisions, as evidenced in the following instances:

1. Consultation and Waiver Decision:

   The court deemed the Defendant competent enough to consult with a court-appointed attorney and make informed decisions regarding the waiver signed by the Defendant on January 31st, 2024. This action presupposes a recognition of the Defendant's understanding and capacity to make reasoned legal decisions.

   *SEE EXHIBIT A – Waiver.*

   *For the purposes of this argument, Exhibit A - the Waiver, is referenced solely to illustrate inconsistencies in the court's application of competency standards, not as*

Exhibit A | Index 27 | p. 2

Filed in District Court
State of Minnesota
4/3/2024 7:45 AM

*an acknowledgment of its validity or as an affirmation of informed consent. The*
*Defendant explicitly reserves all rights to contest the waiver's validity on grounds of*
*lack of informed consent and miscommunication regarding the court proceedings.*

2. 'ACCEPTANCE OF TERMS OF STAY OF COMMITMENT' Agreement:

Furthermore, in the proceedings related to the Defendant's civil commitment, the
court's decision to proceed with the 'ACCEPTANCE OF TERMS OF STAY OF
COMMITMENT' agreement—specifically altering the requirement for a
psychologist's endorsement by placing 'N/A' on the signature line of Court Examiner,
Michael Robertson in which his signature would have been affirming the following
statement:

> "*Based upon my examination of the respondent and review of relevant records, I*
> *am of the opinion that the respondent is competent to understand this*
> *agreement.*"

This decision implicitly acknowledges the Defendant's competency to understand and
agree to complex legal and medical arrangements.
*SEE EXHIBIT B – Page 4 of 'ACCEPTANCE OF TERMS OF STAY OF*
*COMMITMENT'*

**ARGUMENT FOR CONSISTENCY IN COMPETENCY DETERMINATIONS**

The Defendant argues for a consistent application of competency standards across his
legal proceedings. The inclusion of Exhibits A and B supports the argument that the Defendant
has been recognized as competent in crucial legal contexts, which should logically extend to his
capacity for self-representation.

Filed in District Court
State of Minnesota
4/3/2024 7:45 AM

## DEFENDANT'S ACKNOWLEDGMENT OF RISKS

The Defendant acknowledges the risks associated with self-representation, including the potential for a less favorable outcome than if represented by counsel, and asserts his informed decision to waive his right to counsel.

## REQUEST FOR STANDBY COUNSEL

Given the complexities of legal proceedings and in alignment with the principles established in *Indiana v. Edwards,* the Defendant requests the Court appoint standby counsel to assist if necessary, ensuring the fairness of the trial process while respecting the Defendant's autonomy in his defense.

## EXHIBITS

Attached herewith are the exhibits referenced in this motion:

Exhibit A:

> Waiver signed by the Defendant in consultation with court-appointed attorney Joel Fisher, on January 31st, 2024 demonstrating the court's recognition of the Defendant's competency to make informed legal decisions.

Exhibit B:

> Page 4 from the "ACCEPTANCE OF TERMS OF STAY OF COMMITMENT" agreement, which was altered by the court to reflect the Defendant's competency in agreeing to complex legal and medical arrangements, signed by the Defendant on August 9th, 2023, and officially entered into the record of civil case file 27-MH-PR-23-815 on August 9th, 2023.

These exhibits are provided to substantiate the Defendant's argument for a consistent application of competency determinations and his capacity to represent himself pro se.

## COMMITMENT TO PROCEDURAL AND SUBSTANTIVE RESPONSIBILITIES

The Defendant wishes to affirm to the Court his full understanding and commitment to upholding both the procedural and substantive responsibilities entailed in self-representation. The Defendant recognizes the gravity and complexity of navigating legal proceedings and is prepared to diligently engage with the court's processes, adhere to legal standards, and present a defense that is coherent, respectful, and grounded in law. This commitment underscores the Defendant's determination to ensure that his representation is not only in compliance with the procedural requirements but also effectively advocates for his rights and interests within the substantive framework of the justice system.

## RELIEF SOUGHT

WHEREFORE, the Defendant respectfully requests the Court:

a) Grant this Motion allowing the Defendant to represent himself pro se in the above-captioned matter;

b) Appoint standby counsel to provide assistance as needed, pursuant to *Indiana v. Edwards*;

c) Schedule a hearing on this Motion, if the Court deems it necessary[1]; and

d) Grant such other and further relief as the Court deems just and proper.

---

1  Defendant respectfully requests that any scheduled hearings be scheduled after May 5, 2024 as Defendant is also currently maintaining the role of 'pro se patent attorney' insofar as formulating a legally sound response to the non-final office action that was issued by the USPTO for US Patent Application 18/108,858 on December 5th, 2023 of which the Defendant is the inventor of.

Filed in District Court
State of Minnesota
4/3/2024 7:45 AM

Respectfully submitted,

Date: <u>April 3, 2024</u>

By: <u>/s/ Matthew Guertin</u>
Matthew David Guertin
Defendant Pro Se
4385 Trenton Ln N #202
Plymouth, MN 55442
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2024, I served a copy of this Motion on the Prosecutor's Office, Ms. Jacqueline Perez, through the 'E-File & Serve' system which automatically notifies all included 'Service Contacts', and on my current attorney of record, Bruce Rivers, through the 'E-File & Serve' system, in addition to a copy of this motion sent to his email 'RiversLawyers@aol.com', and a text message to his personal cell phone making him aware of of my decision to dismiss him as my defense counsel.

27-CR-23-1886

Filed in District Court
State of Minnesota
4/3/2024 7:45 AM



EXHIBIT
A

STATE OF MINNESOTA
COUNTY of HENNEPIN

DISTRICT COURT  FOURTH
JUDICIAL DISTRICT MENTAL
HEALTH DIVISION

**In Re: the Civil Commitment of**

**Matthew Guertin**

**DOB:   7/17/1981**

**Court File: 27-MH-PR-23-815**

**WAIVER**

Respondent.

_____

After a full consultation  with my attorney who has explained my rights to me and discussed with me the various alternatives available to me, I do hereby knowingly and voluntarily consent to the Court extending my Stay of Commitment  for a period of  9 months, without the hearing provided by Minn. Stat. §253B.05 subd.3, 08 and .09.


Dated:  1/31/2024                    _____
                                     Matthew David Guertin
                                     **Respondent**


**CERTIFICATION**

I have advised the Respondent of all rights affected by the foregoing waiver, including the various options available and the consequences  flowing from each option. The Respondent understood the rights involved and willingly signed the Waiver.


Dated:_____            _____


Attorney ID# 29579                 Joel Fisher

Filed in District Court
State of Minnesota
4/3/2024 7:45 AM



**X** ~~Agreement Regarding the Requested Jarvis (Neuroleptic Medication)~~

- ~~I understand that the County Attorney may also request that the continued neuroleptic medication Petition be set on for hearing, and the revocation of the stayed commitment will not be delayed because of it.~~

- ~~I understand that the neuroleptic medication hearing will be set as soon as possible, and I waive the right to object to the timeliness of the notice, as long as transportation can be arranged for me, and my attorney can appear.~~

- ~~I understand that if a neuroleptic medication hearing is scheduled on this continued petition, only that issue will be addressed at the hearing.~~

- ~~If I wish to request a hearing on the revocation of the stayed commitment, I must make a separate request for hearing to the Court, within 14 days after the revocation.~~

Dated: August ___, 2023

_____
Mathew David Guertin, Respondent

I have advised <u>Mathew David Guertin</u>, Respondent above, of the nature and conditions of this agreement, his/her trial rights, the right to have this matter tried before the District Court, and his/her right to have the matter reconsidered pursuant to Minn. Stat. § 253B.17.

Dated:  August ___, 2023

_____
Michael Biglow, Counsel for Respondent

Based upon my examination of the respondent and review of relevant records, I am of the opinion that the respondent is competent to understand this agreement.

Dated: August ___, 2023

_____N/A_____
Michael Robertson, Court Examiner

Filed in District Court
State of Minnesota
4/12/2024 2:28 PM

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT
FOURTH JUDICIAL DISTRICT
PROBATE/MENTAL HEALTH DIVISION**

State of Minnesota,

          Plaintiff,

vs.

Matthew David Guertin,

          Defendant,

Court File No. 27-CR-23-1886

**ORDER DENYING
DEFENDANT'S MOTION TO
REPRESENT SELF PRO SE**

---

     Defendant, Mr. Matthew David Guertin, brought a motion on April 3, 2024, to represent himself pro se in the above-captioned matter.

### FINDINGS OF FACT

1. Defendant (date of birth 07/17/1981) was charged in MNCIS file 27-CR-23-1886 with Reckless Discharge of a Firearm (Felony) and three counts of Receive/Possess with No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. This Court first found Defendant incompetent to proceed on July 13, 2023, pursuant to Rule 20.01 of the Minnesota Rules of Criminal Procedure.

3. On November 15, 2023, Judge Julia Dayton Klein ordered a subsequent Rule 20.01 evaluation. Defendant was again found incompetent on January 17, 2024.

### CONCLUSIONS OF LAW

4. Pursuant to Minn. R. Crim. P. 20.01, subd. 1., a defendant is not permitted to waive counsel if the defendant lacks the ability to voluntarily, and intelligently waive the right to counsel; appreciate the consequences of proceeding without counsel; comprehend the nature of the charge; comprehend the nature of the

Exhibit A | Index 33 | p. 1

Filed in District Court
State of Minnesota
4/12/2024 2:28 PM

proceedings; comprehend the possible punishment; or comprehend any other matters essential to understanding the case.

5.  The standard for an individual to waive the right to counsel is the same standard as used to determine competency. *State v. Thompson*, No. A20-1232 (Minn. Ct. App. Jul. 26, 2021) (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *State v. Camacho*, 561 N.W.2d 160, 170-74 (Minn. 1997)). A defendant found to be incompetent is not permitted to waive the constitutional right to counsel. *Id.*

6.  Defendant was deemed incompetent to proceed pursuant to Minn. R. Crim. P. 20.01, subd. 2 and, therefore, Defendant currently lacks the ability to waive counsel.

## IT IS ORDERED:

1.  Defendant's Motion to Represent Self Pro Se is **DENIED**, and Mr. Bruce Rivers shall proceed as the attorney of record.

2.  The Defendant shall appear for a six-month review hearing regarding the Rule 20.01 proceedings on July 16, 2024, before the undersigned District Court Judge.

**BY THE COURT:**

Dayton Klein, Julia
2024.04.12
14:18:02 -05'00'

_____

JULIA DAYTON KLEIN
Judge of District Court

2

Exhibit A | Index 33 | p. 2

Filed in District Court
State of Minnesota
5/3/2024 11:28 AM

**Matthew David Guertin**
1075 Traditions Ct.
Chaska, MN  55318
MattGuertin@ProtonMail.com
763-221-4540
**May 3, 2024**

**Clerk of the Court**
MN 4th Judicial District Court
300 South Sixth Street
Minneapolis, MN 55487

**Re: Follow-Up on Unacknowledged Motions for Discovery, Judicial Notice (27-CR-23-1886) and Medical Records (27-MH-PR-23-815)**

Dear Judge Julia Dayton Klein and the Clerk of the Court,

I am writing to respectfully follow up on my previously filed motions: a Motion for Judicial Notice, a Motion to Compel Discovery, and a Motion to Compel Production of Medical Records, which all have yet to be acknowledged by the court or my defense counsel despite multiple attempts. These motions were filed on April 3, 2024 and April 4, 2024, and as of one month later no action has been taken nor any communication received regarding their status. This correspondence seeks to ensure that these motions are addressed in a timely manner, as stipulated by the procedural guidelines of the court.

Despite the current dormant status of my criminal case, with ongoing felony charges, it remains imperative that all procedural rights be preserved and respected, including timely access to discovery and medical exam reports. The inability to obtain all of these necessary documents significantly impedes my ability to effectively prepare my defense and to respond appropriately to both my criminal (27-CR-23-1886) and civil case (27-MH-PR-815).

The fact that the court believes me to currently be 'incompetent to stand trial' and 'unable to understand the nature of the charges against me or aid in my own defense' does not mean that the court no longer has an obligation to acknowledge, and respond to legally relevant, properly structured motions filed by myself in which I am trying to obtain materials that the court is obligated to make sure I am provided with as clearly addressed in Rule 9.01subd.1(3)(b),  Rule 9.01subd.1(4)(a),  Rule 9.01subd.1(6),  Rule 9.01subd.1a(1),  Rule 9.01subd.2(1) of the 'Minnesota Rules of Criminal Procedure', along with Rule 13(a) of the 'Special Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Acts'.

Exhibit A | Index 36 | p. 1

This letter serves both as a formal reminder of the outstanding motions and as part of my ongoing efforts to assert my procedural rights. The continuous non-response from the court raises serious concerns about procedural fairness and my right to a fair legal process. This is especially true in light of the substantial allegations I have very clearly, and coherently presented in my 'Motion to Compel Discovery and Affidavit of Fact' submitted to the court on April 4, 2024, which unequivocally serves to show that the only discovery materials that were ever provided to me thus far were fraudulent insofar as the cropping and editing that was carried out for the purpose of portraying a significantly skewed portrayal of my residence, and activities prior to my arrest, and the current criminal charges. It is in fact these very same, fraudulent photographs that were relied upon by Dr. Michael Robertson in order to produce his exam report about me following the Order of Civil Commitment that was submitted to the court on July 20, 2023 (27-MH-PR-815)

In the courts order denying my Petition to Proceed as Pro Se Counsel, the courts denial of said motion is based upon the backdrop of the overwhelming care and concern that the court has about my personal well-being insofar as wanting to ensure that my supposed inability to understand and comprehend what is currently taking place doesn't impede my chances at a fair, just, and impartial legal outcome within the court. If this were actually the case then should the court not be even more concerned by the current situation taking place in which you have a supposedly incompetent defendant actively attempting to 'aid in his own defense' through a mutlitude of ways, only for all of them to be impeded by not just the court itself, but also his own defense counsel ?

If my Stayed Order of Civil Commitment, the Plan for Care Agreement I signed, and the reason for denying my Petition to Proceed as Pro Se Counsel all revolves around the supposed overwhelming care and compassion the court has for me and my well being, then why is it the court itself that is currently causing all of the unneeded anxiety and worry in my life right now?

It is the court that expected me to show up in person at a civil commitment hearing on February 1, 2024 without being able to know what the exam report about me contained within it.

It is the court that still has not provided me with said exam report even though it is now exactly four months, and two separate motions later.

It is the court who refuses to make the prosecution turn over the discovery materials they are obligated to provide to me, and for which I have also submitted two additional unacknowledged motions for.

If all that is required to help me out is for the court to simply 'do its job' ultimately, then why does the court continue to not do so?

Exhibit A | Index 36 | p. 2

Filed in District Court
State of Minnesota
5/3/2024 11:28 AM

I can't help but be extremly concerned about what else the court may have in store for me in regards to my upcoming review hearing scheduled for July 16, 2024 in light of everything that has (and has not..) taken place thus far. If neither the court nor my defense counsel has been willing to provide me with the Rule 20.01 exam report from the review that took place four months ago then what are the chances I will be provided with the next one ?

I would respectfully ask the court to help improve my mental well being with an expedited review of my pending motions, and an update on the actions the court intends to take regarding my many unanswered requests for both discovery materials and access to my medical records, which I have also requested multiple times to my defense counsel, Bruce Rivers, to no avail. Should you require any additional documentation or clarification regarding my motions, please do not hesitate to contact me directly. I would also kindly ask that both the discovery materials as well as my medical exam report be sent directly to me at the email provided above, since my defense counsel has been doing a spectacular job at failing to fulfill the many obligations he has to his client (me), as are all very clearly laid out in Rules 1.0 through 1.18 of the Minnesota Rules of Professional Conduct.

I would also like to take this opportunity to let the court know that as of Wednesday the 1st I now have an active health plan through MnCare/HealthPartners, and I should also have a therapist lined up within the next couple business days, which is something I have always thought would be beneficial to at least try out long before my recent court involvement. This also means that I will have *officially* satisfied the terms of the 'Stayed Order of Civil Commitment' that I signed in August of 2023.

Thank you for your time, and prompt attention to the many matters contained herein. I trust that the court will act swiftly to resolve this oversight for the purpose of ensuring that both my criminal, and civil cases proceed in accordance with the principles of justice, procedural fairness, and most importantly, my mental well-being.

Sincerely,

Matthew David Guertin

27-CR-23-1886

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**

**FOURTH JUDICIAL DISTRICT**

---

State of Minnesota,

                Plaintiff,

vs.

Matthew David Guertin,

                Defendant.

Court File No.: 27-CR-23-1886

**DEFENDANT'S MOTION
TO COMPEL DISCOVERY**

Judicial Officer: <u>Jay Quam</u>

---

TO:      THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT COURT; THE HONORABLE JULIA DAYTON KLEIN, JUDGE OF THE DISTRICT COURT; MS. JACQUELINE PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY; CLERK OF THE COURT; AND THE OFFICE OF THE HENNEPIN COUNTY ATTORNEY.

## **INTRODUCTION**

Defendant Matthew David Guertin respectfully submits this Motion to Compel Discovery. This motion arises from the State's failure to provide all requested discovery materials essential for the Defendant's defense, despite multiple formal requests and follow-up correspondence. The Defendant challenges the authenticity and completeness of the discovery materials received, highlighting significant procedural concerns that compromise the integrity of the legal process and the Defendant's right to a fair trial.

Exhibit A | Index 90 | p. 1

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

## **BACKGROUND**

1.  On January 5, 2024, the Defendant submitted a formal pro se "Demand or Request for Discovery" to the prosecuting attorney, Ms. Jacqueline Perez (*See* Index #22). This request specifically cited Minnesota Rules of Criminal Procedure, Rule 9, and included requests for:

    • All Brady material

    • Squad video

    • Audio tapes

    • All 104 police photographs taken by the Minnetonka Police Department on January 21, 2023

2.  On April 4, 2024, the Defendant submitted a pro se "Motion to Compel Discovery and Affidavit of Fact" (*See* Index #29). This motion highlighted the State's failure to provide the requested materials and detailed discrepancies in the discovery provided, suggesting fraudulent alterations.

3.  On May 3, 2024, the Defendant submitted a follow-up correspondence (*See* Index #36) to the Court, reiterating the need for the requested discovery materials and the failure of both the Court and defense counsel to address these requests.

Exhibit A | Index 90 | p. 2

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

## **LEGAL BASIS**

The legal foundation for this motion is anchored in Minnesota Rule of Criminal Procedure 9.01, which mandates the prosecution's duty to disclose materials crucial for the defense. Specifically, the rules cited are:

- Rule 9.01 subd. 1(3)(b):

  Requires the disclosure of any relevant written or recorded statements made by the defendant or co-defendant.

- Rule 9.01 subd. 1(6):

  Requires the disclosure of any evidence that the prosecution intends to use at trial which is material to the preparation of the defense.

- Rule 9.01 subd. 1a(1):

  Requires the prosecution to disclose evidence that tends to negate the guilt of the accused or mitigate the offense.

- Rule 9.01 subd. 2(1):

  Requires the prosecutor to permit the defendant to inspect and copy or photograph any relevant material and documents.

Additionally, the Defendant invokes Rule 901(b)(1) of the Federal Rules of Evidence, which sets standards for the authentication or identification of evidence.

Exhibit A | Index 90 | p. 3

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

## **ARGUMENTS**

1.      Ineffective Assistance of Counsel:

The Defendant's current counsel, Bruce Rivers, has demonstrated ineffective assistance by failing to secure the necessary discovery materials, significantly impairing the Defendant's ability to prepare an effective defense.

2.      Procedural Violations:

The State's failure to provide complete and authentic discovery materials violates Minnesota Rule of Criminal Procedure 9.01. This misconduct not only undermines the fairness owed to the Defendant but also infringes upon his constitutional rights under the due process clauses of both state and federal jurisprudence.

3.      Need for Transparency:

Full and transparent disclosure of discovery materials is essential to rectify the current discrepancies and ensure that all evidence presented in this case is authentic, unaltered, and complete.

## **REQUEST FOR RELIEF**

The Defendant respectfully requests that the Court order the State to:

1.      Provide all missing discovery materials forthwith.

Exhibit A | Index 90 | p. 4

2.    Conduct a thorough investigation into the discrepancies and manipulations identified by the Defendant, ensuring that all evidence presented in this case is authentic, unaltered, and complete.

3.    Send all discovery materials directly to the Defendant at MattGuertin@Protonmail.com, due to the ineffective assistance of current defense counsel.

## **CONCLUSION**

For the reasons stated above, the Defendant respectfully requests that this Court grant the motion to compel discovery and ensure that all necessary and authentic discovery materials are provided directly to the Defendant to facilitate a fair and just legal process.

Respectfully submitted,

Date: <u>June 3, 2024</u>

By:  /s/ Matthew Guertin
Matthew D. Guertin
Defendant Pro Se
1075 Traditions Ct.
Chaska, MN 55318
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

Exhibit A | Index 90 | p. 5

27-CR-23-1886

Filed in District Court
State of Minnesota
6/3/2024 7:33 AM

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

State of Minnesota,

          Plaintiff,

vs.

Matthew David Guertin,

          Defendant.

Court File No.: 27-CR-23-1886

**DEFENDANT'S MOTION
FOR SUBSTITUTE
COUNSEL**

Judicial Officer: <u>Jay Quam</u>

TO:     THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT COURT;  THE HONORABLE JULIA DAYTON KLEIN, JUDGE OF THE DISTRICT COURT;  MS. JACQUELINE PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY;  CLERK OF THE COURT; AND THE OFFICE OF THE HENNEPIN COUNTY ATTORNEY.

## **INTRODUCTION**

    Defendant Matthew David Guertin respectfully moves this Court for an order appointing substitute counsel in place of his current attorney, Bruce Rivers.

## **BACKGROUND**

1.    Defendant is currently represented by Bruce Rivers.

2.    Serious allegations of ineffective assistance of counsel have been raised against Mr. Rivers in the Defendant's petition for discretionary review, filed in the Minnesota Court of Appeals, case A24-0780, which are supported by compelling

1

Filed in District Court
State of Minnesota
6/3/2024 7:33 AM

and irrefutable evidence that is part of this case record (See Index #89, Exhibit A).
These instances of ineffective assistance include:

- Failure to provide the Defendant with discovery materials, as well as the January 3, 2024 Rule 20.01 exam report prepared by Dr. Adam Milz (*See* Index #30, pp. 37-38, 83 (Text 29), 85 (Calls 05), 135, Index #38, p.143)

- Failure to present exculpatory evidence possessed during the Defendant's July 7, 2023 court hearing (*See* Index #30, p. 60, Index #38, pp. 99-100, 102-103, 113-116, 118-119)

- A conflict of interest, as well as a mention to the Defendant about 'powerful people keeping an eye on him,' directly addressed in a June 16, 2023 email (*See* Index #30, pp. 22-24, 73-76)

- A promise to represent the Defendant in his civil commitment proceedings (*See* Index #30, pp. 24-25, 81-82 (Text 17-22)) which was not honored (*See* Index #30, pp. 25, 77-78, 82-83 (Text 23-26))

3.   These instances have significantly undermined the Defendant's trust in Mr. Rivers' ability to provide effective legal representation.

4.   This Court has refused to provide necessary discovery materials and has not addressed the Defendant's other motions, further compromising his right to a fair trial.

Exhibit A | Index 91 | p. 2

Filed in District Court
State of Minnesota
6/3/2024 7:33 AM

## **ARGUMENTS**

1.  Ineffective Assistance of Counsel:

    These allegations against Mr. Rivers demonstrate a significant breach of his duty to provide effective counsel, as defined under *Strickland v. Washington,* 466 U.S. 668 (1984).

2.  Conflict of Interest:

    Mr. Rivers' conflict of interest further impairs his ability to represent the Defendant effectively. The Defendant's lack of trust in Mr. Rivers is justified and severely impacts the attorney-client relationship.

3.  Constitutional Rights:

    The Defendant has a constitutional right to effective assistance of counsel under the Sixth Amendment. The documented failures and conflicts clearly demonstrate that this right has been compromised.

4.  Procedural Failures:

    This Court has refused to provide necessary discovery materials and address the Defendant's motions, depriving him of due process.

Exhibit A | Index 91 | p. 3

Filed in District Court
State of Minnesota
6/3/2024 7:33 AM

5. Ensuring Full Discovery:

It is imperative that new counsel be provided with all discovery materials as part of their assignment to this case. This is essential to ensure transparency and to address the current discrepancies concerning discovery materials.

6. Ensuring a Fair Trial:

This Court has an obligation to ensure the Defendant receives a fair trial. Appointing substitute counsel is necessary to maintain due process and the integrity of the judicial process.

## CONCLUSION

For the reasons stated above, the Defendant respectfully requests that this Court grant his motion for substitute counsel and appoint a new attorney, preferably a public defender if necessary, to represent him in this case. This appointment is necessary until the Defendant is able to recover the retainer paid to Bruce Rivers, which is needed to secure new defense representation.

Respectfully submitted,

Date: June 3, 2024

By: /s/ Matthew Guertin
Matthew D. Guertin
Defendant Pro Se
1075 Traditions Ct.
Chaska, MN 55318
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

4

Exhibit A | Index 91 | p. 4

Filed in District Court
State of Minnesota
6/3/2024 7:41 AM

**Matthew David Guertin**
1075 Traditions Ct.
Chaska, MN 55318
MattGuertin@ProtonMail.com
763-221-4540

**June 3, 2024**

**Clerk of the Court**
MN 4th Judicial District Court
300 South Sixth Street
Minneapolis, MN 55487

**Re: Case Number 27-CR-23-1886 – Follow-Up on Discovery Requests**

Dear Judge Jay Quam, Judge Julia Dayton Klein and the Clerk of the Court,

I am writing to follow up on my previous requests for discovery materials in the above-referenced case. Despite multiple formal requests and a motion to compel discovery, I have yet to receive the necessary discovery materials essential for my defense.

The failure to provide these materials significantly impairs my ability to prepare for trial and violates my right to due process. I respectfully request that the Court address this issue promptly.

I have filed a motion for substitute counsel and a renewed motion to compel discovery, emphasizing the need for transparency and effective legal representation. I urge the Court to consider these motions and ensure that my rights are upheld.

Thank you for your attention to this matter.

Sincerely,

Matthew David Guertin

Exhibit A | Index 92 | p. 1

27-CR-23-1886

Filed in District Court
State of Minnesota
5/6/2024 2:45 PM

Defendants April 18, 2024 text message to Bruce
Rivers advising him to withdrawal from his case so
that he can obtain new defense counsel -
and Bruce Rivers reply "Call me"



EXHIBIT
L





**6:56 AM, June 6, 2024 – Outgoing**

I DO NOT WANT TO BE REPRESENTED BY YOU ANYMORE.
I DON'T TRUST YOU.
PLEASE WITHDRAWAL FROM MY CASE.
I want a public defender.
I want discovery.
I still want my Rule 20 exam from last January.
I'm not calling you

**7:51 AM, June 6, 2024 – Incoming**

What did I do to you?

**7:53 AM, June 6, 2024 – Incoming**

Where do I send your file?

**4:20 PM, June 6, 2024 – Outgoing**

I filed a motion for substitute counsel to be
appointed since I'm apparently unable to
understand the nature of my charges or aid in my
own defense, therefore preventing me from self
representation. Regarding the whole 'rationally
consulting with counsel' part, I'm going to go
ahead and see if the following is 'rational' or not:

What you've 'done' is provide ineffective
assistance of counsel as defined in the criteria
of Strickland vs. Washington that Minnesota
uses as its 'test' for determining whether or not
a claim of 'ineffective assistance is counsel' is
valid or not.  Therefore your question is flawed.
What you should actually be asking me is
"What HAVEN'T I done for you?"

It can all be boiled down to basic logic Bruce.

If me and you both know you're a skilled defense
attorney who has a vast amount of experience
preparing and presenting all sorts of evidence in
all sorts of cases, then me and you also both know
damn well that the evidence I personally prepared

and analyzed at Index #29 in my case file 100% irrefutably establishes the fact that the discovery photos I was sent by my court appointed attorney (after you failed to follow through with your promise of representation in civil commitment preceedings..) is 100% manipulated and incomplete, as in FRAUD ON THE COURT BY THE COURT/ STATE.

The question then becomes why in the hell is it me that is forced to address it and not you?

If you have the authentic discovery then you KNOW it's fraudulent and that I'm 100% correct.... so why wouldn't you then use this as an opportunity to DEFEND YOUR CLIENT (me)?

Instead, not only are you not addressing it,  but you are refusing to provide your client (me..) with the authentic discovery materials for my case despite an untold number of direct requests for you to do so.... just as you have also failed to provide me with the rule 20.01 exam from January 3, 2024.

Based on the fact that you told me I had 'powerful people keeping an eye on me' during our May 22, 2023 call (ironically the longest telephone conversation we've ever had since then...) and then subsequently lied to me directly to my face, in person at your office insofar as denying that you ever said that - it's now become blatantly obvious that something is very very wrong with not just your representation since then, but nearly every single aspect of my case.

How many 'coincidences' can take place before its considered an established 'pattern' vs. a random happenstance?

Do you think the fact that I just so happened to notice LinkedIn searches in August of 2023 for my unfinished, unused,  profile page,  that has NEVER had any employment history at all included with

it - and then created a graph that shows 4 searches
by the US Air Force,  US State Department,
2 x Lockheed Martin, Forcepoint and 3Gimbals
(the same day as my criminal charges originated..),
2 x DARPA, Defense Intelligence Agency,
USINDOPACOM, KBR Inc, 2 x USC School of
Cinematic Arts, US Army Reserves, etc, etc, etc
which ALL JUST HAPPENS TO PERFECTLY
ALIGN WITH THE MANY EVENTS THAT HAVE
NOW BECOME MY 'LIFE' is a random
'coincidence'? Or is it an obvious 'pattern' that serves
to confirm EXACTLY what you told me on
May 22, 2023 over the phone?

Is it a random 'coincidence' that a bunch of entities
DIRECTLY connected to Netflix, Inc. were all
searching for my profile before my official patent
application was even published and still shouldn't
been a complete 'secret'?

And if I'm incompetent, and all of my achievements,
and my belief that I invented something
'revolutionary' is all mere 'delusions' then why the
hell would any of these entities be searching for me
to begin with? Does the US State Department spend
its time searching for delusional schizophrenics?

You know damn well what is taking place.

It's one thing for some 'nobody' sitting in a trailer
park to claim that they're the target of a illegal
intelligence operation, as they smoke meth and
watch cartoons - It's a whole different story when
the person making the claim also invented and
has received a patent for the 'holy grail' of virtual
reality/ film production, which is confirmed to
have VAST implications for use in military
training simulations.

You are either being paid off or being threatened,
etc. Regardless it is now blatantly obvious that
you are 'compromised' - which is the entire
reason the courts are so adamant about me being

forced to retain you as counsel,  and also the
entire reason why I am adamantly trying to obtain
new counsel.

To sit here and pretend I'm 'incompetent' is an
insult to my Intelligence and yours... and you
fucking know it.

How was that?

Was that 'rational? "











**Me**

(No subject)

I was sent by my court-appointed attorney
rather than by follow through with your
promise of representation in civil commitment
proceedings, it is 100% manipulated and
incomplete, and a FRAUD ON THE COURT BY
THE COURT / STATE

The question then becomes why in the hell is it
me that is forced to address it and not you?

If you have the authentic discovery then
you KNOW its fraudulent and that I'm 100%
correct ... so why wouldn't you then use this as
an opportunity to DEFEND YOUR CLIENT (me)?

Instead, not only are you not addressing it, but
you are refusing to provide your client (me)
with the authentic discovery materials for
my case despite an untold number of direct
requests for you to do so ... just as you have
also failed to provide me with the rule 20.01
exam from January 3, 2024

Based on the fact that you told me I had
powerful people keeping an eye on me during
our May 2...



**Me**

(No subject)

2, 2023 call ironically the longest telephone
conversation we've ever had since then. ... 1
and then subsequently led to me directly
to my face, in person at your office in star
as denying that you ever said that. ... its now
become blatantly obvious, that something
is very very wrong with not just your
representation and then, but nearly every
single aspect of my case.

How many coincidences can take place
before its considered an established pattern
vs a random happenstance?

Do you think the fact that I just so happened
to notice LinkedIn searches in August of 2023
for my unfinished, unused, profile page, that
has NEVER had any employment history at
all included with it ... and then created a graph
that shows it searched by the US Air Force,
US State Department, 2 x Lockheed Martin,
Forcepoint and 3Gimbals (the same day as
my criminal charges originated...), 2 x DARPA,
Defense Intelligence Agency, USINDOPACOM,
KBR Inc., 2 x USC School of Cinematic Arts (US
Army lecturers, etc etc etc. which ALL JUST
HAPPENS TO PERFECTLY ALIGN WITH THE



**Me**

(No subject)

HAPPENS TO PERFECTLY ALIGN WITH THE
MANY EVENTS THAT HAVE NOW BECOME
MY LIFE. Is it a random "coincidence"? Or is it
an obvious pattern that serves to confirm
EXACTLY what you told me on May 22, 2023
over the phone?

Is it a random coincidence that a bunch of
entities DIRECTLY connected to Netflix, Inc.
were all searching for my profile before my
offer update application was even published
and still should been incomplete saved?

And if I'm incompetent ... and all of my
achievements, and my belief that I invented
something revolutionary, is all mere delusions
then why the hell would any of these entities
be searching for me to begin with? does the
US State Department spend its time searching
for delusional schizophrenics?

You know damn well what is taking place.

Its one thing for some nobody sitting in a
trailer park, to claim that they're the target of
a illegal intelligence operation, as they smoke
meth and watch cartoons. It's a whole diffe...



**Me**

(No subject)

...ent story when the person making the claim
also invented and has received a patent for the
holy grail of virtual reality/ film production,
which is confirmed to have VAST implications
for use in military training simulations.

You are either being paid off or being
threatened, etc. Regardless, it is now blatantly
obvious that you are compromised ... which is
the entire reason the courts are so adamant
about me being forced to retain you as
counsel, and also the entire reason why I am
adamantly trying to obtain new counsel.

To sit here and pretend I'm incompetent, is an
insult to my intelligence and yours ... and you
fucking know it.

How was that?

Was that rational?

# March 10th, 2023  Jill Rogstad's Rule 20 Report - <u>METADATA ANALYSIS</u>
## Page 1 of 2     27-CR-23-1886

EXHIBIT

<u>Sa</u>

Matthew David
Guertin 07/17/1981
27-CR-23-1886


**MINNESOTA
JUDICIAL BRANCH**
FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY

Filed in District Court
State of Minnesota
3/10/2023  4:30 PM

## PSYCHOLOGICAL SERVICES

300 S. 6th Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452

March 10, 2023                **CONFIDENTIAL FORENSIC
EVALUATION REPORT**

….it is reasonable to  conclude his mental health could stabilize and his competency-related abilities improve if a proper treatment regimen was implemented. Given his limited insight into the nature of his symptoms, Mr.Guertin would be an appropriate candidate for **referral for civil commitment as a person who poses a risk of harm due to a mental illness.**  Commitment as a person who is mentally ill and dangerous to the public could also be considered given the  nature of the specific  allegations  included with the current  referral.

Please do not hesitate to contact me if the Court has further questions about this report.

Respectfully submitted,

*Jill E Rogstad* PhD, ABPP, LP

## Jill E. Rogstad, Ph.D., LP, ABPP (Forensic)
Licensed Psychologist
Board Certified in Forensic Psychology by the American Board of Professional Psychology
Senior Clinical Forensic Psychologist, Fourth Judicial District

ExifTool Version Number        : 12.40
File Name                      : Rule-20-Evaluation-Report.pdf
Directory                      : .
File Size                      : 291 KiB
File Modification Date/Time     : 2024:01:26 10:17:12 06:00
File Access Date/Time          : 2024:03:27 13:36:29 05:00
File Inode Change Date/Time     : 2024:03:24 06:15:13 05:00
File Permissions               : -rw-rw-rw-
File Type                      : PDF
File Type Extension            : pdf
MIME Type                      : application/pdf
PDF Version                    : 1.4
Linearized                     : No
Author                         : Gu2manC
Create Date                    : 2023:03:10 16:25:54 06:00
Modify Date                    : 2023:03:10 16:28:55 06:00
XMP Toolkit                    : Adobe XMP Core 5.6-c015 81.159809, 2016/11/11-01:42:16
Format                         : application/pdf
Creator                        : Gu2manC
Title                          : Rule-20-Report.pdf
Creator Tool                   : PScript5.dll Version 5.2.2
Metadata Date                  : 2023:03:10 16:28:55 06:00
Producer                       : Acrobat Distiller 22.0 (Windows)
Document ID                    : uuid:40d04826-1263-4202-9923-fe082ea42240
Instance ID                    : uuid:8726d605-a765-4b88-9e48-79663ea00695
Page Count                     : 16

Filed in District Court
State of Minnesota
4/3/2024 7:56 AM

Committee Members | Hennepin County Criminal Justice Coordinating Committee

# Committee Members



## Committee members

### Chair
Jeffrey Lunde, Commissioner, Hennepin County

### Vice Chair
Eric Werner, Chief, Maple Grove Police Department

### Hennepin County
Jeffrey Lunde, Commissioner
Mary Moriarty, County Attorney
Marion Greene, Commissioner
Dawanna Witt, Sheriff
**Chela Guzman-Wiegert, Assistant County Administrator**
Michael Berger, Chief Public Defender
Leah Kaiser, Director Behavioral Health & Justice Strategies
Catherine Johnson, Director Community Corrections & Rehabilitation

### City of Minneapolis
**Jacob Frey, Mayor**
Brian O'Hara, Police Chief
Michael Rainville, Council Member
Robin Wonsley, Council Member
Kristyn Anderson, City Attorney

### Fourth Judicial District Court
**Kerry Meyer, Chief Judge**
Todd Fellman, Juvenile Court Presiding Judge
Hilary Caligiuri, Criminal Court Presiding Judge
**Sara Gonsalves, Judicial District Administrator**

### Hennepin County Suburbs and Specialty Law Enforcement
Nikki Appelbaum, Suburban Prosecutors Association
Jason Nelson, Hennepin Police Chiefs Association
Tim Busse, Mayor, City of Bloomington
Eric Werner, Chief, Maple Grove Police Department
Julie Maas-Kusske, Mayor, City of Maple Plain
Specialty Law Enforcement

https://www.hennepin.us/cjcc/members

Exhibit B | Index 28 | p. 262

Filed in District Court
State of Minnesota
4/3/2024 7:56 AM

<u>Office of the county administrator | Hennepin County</u>



# Chela Guzman-Wiegert
## Assistant County Administrator – Law, Safety, and Justice

Email: chela.guzman@hennepin.us
Phone: 612-348-4249
Fax: 612-348-9777

The assistant county administrator of Law, Safety and Justice is responsible for advising the county board and county administrator on policies and issues related to and involving the Hennepin County justice partners. This position oversees the strategic and fiscal management of the Adult Representation Services, Community Corrections, and Law, Safety and Justice Information Technology areas. The assistant county administrator also serves as county administration's liaison to the Fourth Judicial District Court, the County Attorney's Office, the Public Defender's Office, and the Sheriff's Office.

# Lisa Cerney
## Assistant County Administrator – Public Works

Email: lisa.cerney@hennepin.us
Phone: 612-348-3054
Fax: 612-348-9777

The assistant county administrator for Public Works is responsible for advising the county board and county administrator on policies and issues and ensuring coordination among Public Works departments, public and private agencies, community organizations and partnerships. The assistant county administrator also serves as deputy executive director of the Hennepin County Regional Railroad Authority and the Hennepin County Housing and Redevelopment Authority.

## <u>Appointed offcials</u>

State law requires the county to appoint qualifed individuals to fill certain roles.

- Assessor: Joshua R. Hoogland
- Auditor: Daniel Rogan
- Chief Medical Examiner: Andrew M. Baker, M.D.
- Highway Engineer: Carla Stueve
- Chief Public Defender: Vacant
- Examiner of Titles: Susan Ledray

https://www.hennepin.us/your-government/leadership/county-administrator