UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW D. GUERTIN<br><br>                    Plaintiff,<br><br>    v.<br><br>HENNEPIN COUNTY, a municipal entity;<br>KEITH ELLISON, in his official capacity as Minnesota Attorney General;<br>MARY MORIARTY, in her official capacity as Hennepin County Attorney;<br>CHELA GUZMAN-WEIGART, in her official capacity as Assistant County Administrator for Law, Safety, and Justice;<br>JULIA DAYTON-KLEIN, in her individual capacity;<br>GEORGE F. BORER, in his individual capacity;<br>DANIELLE C. MERCURIO, in her individual capacity;<br>DR. JILL ROGSTAD, in her official capacity as Senior Clinical Forensic Psychologist in the Fourth Judicial District;<br>DR. ADAM MILZ, in his official capacity with Hennepin County Mental Health;<br>JACQUELINE PEREZ, in her official capacity as Assistant Hennepin County Attorney;<br>BRUCE M. RIVERS, in his individual capacity.<br><br>                    Defendants. | Case No: 24-cv- 2646 (JMB/DLM)<br><br><br><br><br><br>- EMERGENCY -<br>MOTION FOR TEMPORARY RESTRAINING ORDER AND IMMEDIATE HEARING<br><br><br>RECEIVED<br>JUL 08 2024<br>CLERK, U.S. DISTRICT COURT<br>MINNEAPOLIS, MINNESOTA |

## I.  INTRODUCTION

1. Plaintiff Matthew Guertin, proceeding pro se, respectfully requests an emergency temporary restraining order (TRO) to address ongoing fraudulent actions and procedural violations in his case. The urgency and severity of these issues warrant immediate court intervention.

1

## II.   COMPELLING EVIDENCE OF FRAUD

2. Plaintiff presents clear and irrefutable forensic evidence of fraud, including documented discrepancies in the number of photos between the two critical reports.

3. The two most critical documents - the fraudulent discovery materials and the fraudulently authored Rule 20.01 exam report - are stored in Plaintiff's email inbox.

4. Both documents were emailed to Plaintiff by attorneys, underscoring their authenticity and the involvement of legal professionals.

## III.   DIGITAL CHAIN OF CUSTODY

5. Plaintiff proposes to forward the emails containing the fraudulent documents to the Court or a forensic investigator. This action will maintain the digital chain of custody and verify the authenticity of the evidence through email tracing.

## IV.   REQUEST FOR AUTHENTIC DISCOVERY

6. Plaintiff requests that the Court order Hennepin County District Court to produce the authentic discovery materials. This will validate the fraudulent documents in Plaintiff's possession.

## V.   IMMEDIATE AND IRREPARABLE HARM

7. The ongoing fraud and denial of due process are causing Plaintiff immediate and irreparable harm. An emergency TRO is necessary to prevent further violations.

8. Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages (*General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009)).

9. The harm must be likely in the absence of an injunction and must be great and of such imminence that there is a clear and present need for equitable relief (*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *Iowa Utilities Board v. FCC*, 109 F.3d 418, 425 (8th Cir. 1996)).

10. The Plaintiff faces an imminent hearing scheduled for July 16, 2024, which is a standard six-month review hearing and essentially a non-eventful court appearance.

11. This hearing does not involve any serious pending legal issues or trial matters, thereby presenting minimal harm or inconvenience to the court if the TRO is granted.

12. However, the potential for retaliation against Plaintiff due to the significant fraud and criminal activity that implicates high-level officials, including Plaintiff's defense counsel, makes this hearing a critical juncture.

13. Without the TRO, there is a substantial risk that the court, knowingly or unknowingly, could facilitate actions to silence or eliminate Plaintiff, leading to irreparable harm.

## VI.  LEGAL ARGUMENTS

14. To establish a likelihood of success on the merits, Plaintiff must show that his claims are likely to succeed when fully litigated. In this case, Plaintiff's claims involve significant constitutional violations, fraud, and procedural irregularities.

15. The evidence presented, including fraudulent discovery materials and the misrepresentation of forensic evaluations, is substantial, and strongly supports the merits of Plaintiff's case (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013)).

16. Plaintiff has demonstrated that he faces immediate and irreparable harm if the TRO is not granted. The ongoing fraudulent actions and procedural violations are causing significant distress and infringing on Plaintiff's constitutional rights.

17. Courts have recognized that the loss of constitutional rights, even for minimal periods, constitutes irreparable injury (*Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Furthermore, the harm must be imminent and attributable to the defendant's conduct, which is clearly established in this case (*Iowa Utilities Board*, 109 F.3d at 425).

18. The balance of equities in this case favors the Plaintiff. The harm to Plaintiff from the ongoing fraud and procedural violations far outweighs any potential harm to the Defendants from the issuance of a TRO.

19. Protecting constitutional rights and ensuring the integrity of the judicial process are paramount interests that justify the granting of injunctive relief (*Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008)).

20. Granting the TRO serves the public interest by upholding constitutional protections and maintaining the integrity of the judicial system. It is always in the public interest to prevent the violation of constitutional rights (*Child Evangelism Fellowship of Minnesota v. Minneapolis Special Sch. Dist. No. 1*, 690 F.3d 996, 1004 (8th Cir. 2012)).

## VII.   SUPPORTING CASE LAW

21. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> For a claim to be facially plausible, the plaintiff must allege factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

22. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009 (8th Cir. 2013):

    The court accepts the factual allegations as true and views them most favorably to the plaintiff.

23. *Elrod v. Burns*, 427 U.S. 347 (1976):

    The loss of First Amendment freedoms, for even minimal periods, unquestionably constitutes irreparable injury.

24. *Phelps-Roper v. Nixon*, 545 F.3d 685 (8th Cir. 2008):

    Likelihood of success on the merits establishes irreparable harm.

25. *General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312 (8th Cir. 2009):

    Irreparable harm occurs when a party has no adequate remedy at law.

26. *Iowa Utilities Board v. FCC*, 109 F.3d 418 (8th Cir. 1996):

    Harm must be imminent and attributable to the defendant's conduct.

27. *Child Evangelism Fellowship of Minnesota v. Minneapolis Special Sch. Dist. No. 1*, 690 F.3d 996 (8th Cir. 2012):

    It is always in the public interest to protect constitutional rights.

## VIII.  CONCLUSION

28. For the reasons outlined above, Plaintiff Matthew Guertin respectfully requests that this court grant the emergency temporary restraining order and schedule an immediate hearing to address the ongoing fraudulent actions and procedural violations.

29. The imminent July 16 review hearing, though routine, presents a critical risk of retaliation against Plaintiff, making urgent court intervention essential. This TRO is necessary to prevent further irreparable harm and to uphold the constitutional protections that are being violated.

## IX.  ATTACHED EXHIBITS

30. Plaintiff has attached a significant amount of exhibits, most of which are in fact from the Hennepin County District Court case record.

31. Plaintiff would normally provide a detailed list of the attached exhibits but he is is racing against the clock right now in order to file this motion as well as his complaint with this Court.

32. The most important thing to take notice of is that all of the motions being made by the Plaintiff are beign ignored, and all of his requests for Bruce Rivers to withdrawal from his case, as well as his motion for substitutue counsel are also being ignored.

33. Plaintiff is essentially being held hostage without any due process at all, and is extremely concerned about what this means in light of the upcoming hearing on July 16, 2024.

## X.  PRAYER FOR RELIEF

A. Plaintiff requests a TRO to halt the ongoing fraudulent actions, procedural violations, and proceedings within the Hennepin County 4th Judicial District Court pertaining to his criminal case No. 27-CR-23-1886

B. Plaintiff requests a court order demanding the production of authentic discovery materials from Hennepin County District Court.

C. Plaintiff requests an expedited in-person hearing to address these urgent issues before the review hearing on July 16, 2024, or as soon as possible based on this Courts schedule.

Dated:  July 8, 2024                                      Respectfully submitted,

                                                                                  */s/ Matthew D. Guertin*

                                                                                  Matthew David Guertin
                                                                                  Pro Se Plaintiff
                                                                                  1075 Traditions Ct.
                                                                                  Chaska, MN  55318
                                                                                  Telephone: 763-221-4540
                                                                                  MattGuertin@protonmail.com
                                                                                  www.MattGuertin.com