# Exhibit A

## EXHIBIT A

Key Documents Submitted In Guertin's Hennepin County District Court Criminal Case 27-CR-23-1886. All of these index numbers cited match those of the courts official case record. [1]

**Index 00** | 06/03/24, 27-CR-23-1886 | Case Event Timeline

**Index 01** | 01/24/23, Comp Order for Detention

**Index 04** | 01/25/23, Order Evaluation for Competency to Proceed Rule 20.01

**Index 05** | 01/25/23, Non-Cash Bond Posted

**Index 06** | 01/25/23, Law Enforcement Notice of Release and Appearance

**Index 09** | 02/20/23, Certificate of Representation | Bruce Rivers

**Index 10** | 02/20/23, Demand or Request for Discovery | Bruce Rivers

**Index 11** | 02/20/23, Request for Continuance | Bruce Rivers

**Index 13** | 03/27/23, Rivers Request for Continuance | Bruce Rivers

**Index 16** | 06/14/23, Order Granted for Continuance | Cites Non-Existing Motion

**Index 19** | 07/13/23, Finding of Incompetency and Order

**Index 20** | 07/13/23, Finding of Incompetency and Order | Duplicate Filing

**Index 21** | 11/15/23, Order Evaluation for Competency to Proceed Rule 20.01

**Index 22** | 01/01/24, Pro Se | Demand or Request for Discovery

**Index 25** | 01/17/24, Finding of Incompetency and Order | Singed Jan 16

**Index 26** | 01/16/24, Notice of Remote Hearing with Instructions | Out of Seq. Indexes

**Index 27** | 04/03/24, Pro Se | Petition to Proceed as Pro Se Counsel

**Index 29** | 04/04/24, Pro Se | Motion to Compel Discovery | FRAUD ON THE COURT

**Index 31** | 04/12/24, Guertin's Mother Send Letter To Judge Jay Quam

**Index 33** | 04/12/24, Court Order Denying Petition to Proceed Pro Se

**Index 34** | 04/12/24, Court Replies to Mother's Letter | Judge Quam Never Involved

**Index 36** | 05/03/24, Pro Se | Follow-Up Correspondence | Highlights Courts Failures

**Index 37** | 05/03/24, Pro Se | Affidavit of Fact | Guertin's MCRO Data Analysis

**Index 40** | 05/09/24, Order Evaluation for Competency to Proceed Rule 20.01

**Index 90** | 06/03/24, Pro Se | 2nd Motion to Compel Discovery | Cites Due Process

**Index 91** | 06/03/24, Pro Se | Motion to Appoint Substitute Counsel | Cites Due Process

**Index 92** | 06/03/24, Pro Se | 2nd Follow-Up Correspondence | Cites Due Process

---

1   Make use of the bookmarks for easy navigation of this exhibit.

**MINNESOTA**
**JUDICIAL BRANCH**
**MINNESOTA COURT RECORDS ONLINE (MCRO)**

## Case Details (Register of Actions)
Search executed on 06/04/2024 01:25 PM

**Upcoming Hearing:**
Review Hearing on **07/16/2024** at **1:30 PM**

### Case Information

**Case Number:** 27-CR-23-1886
**Case Title:** State of Minnesota vs MATTHEW DAVID GUERTIN
**Case Type:** Crim/Traf Mandatory
**Date Filed:** 01/24/2023
**Case Location:** Hennepin County, Hennepin Criminal Downtown
**Judicial Officer:** Quam, Jay
**Case Status:** Dormant

### Related Cases

27-MH-PR-23-815

### Party Information

**Jurisdiction**
**State of Minnesota**

**Attorneys Active**
- **PEREZ, JACQUELINE - Lead Attorney**
- ARNESON, THOMAS STUART
- PROCHAZKA, THOMAS JAMES

**Attorneys Inactive**
- COLE, JUDITH L

**Defendant**
**GUERTIN, MATTHEW DAVID**
DOB:  07/17/1981
Chaska, MN 55318

**Attorneys Active**
- **RIVERS, BRUCE MICHAEL - Lead Attorney**

### Charges

1   Dangerous Weapons-Reckless Discharge of Firearm Within a
Municipality                                                     **Statute:** 609.66.1a(a)(3)

**Additional Statute:** Dangerous Weapons-Other Offenses (609.66.1a(b)(2))

**Level of Charge:** Felony

**Offense Date:** 01/21/2023

**Community Of Offense:** Minnetonka

**Law Enforcement Agency:** Minnetonka Police Department

**Prosecuting Agency:** Hennepin County Attorney

2   Firearm-Serial Number-Receive/Possess With No Serial Number      **Statute:** 609.667(3)

**Additional Statute:** Firearms-Removal or Alteration of Serial Number (609.667)

**Level of Charge:** Felony

**Offense Date:** 01/21/2023

**Community Of Offense:** Minnetonka

**Law Enforcement Agency:** Minnetonka Police Department

|  | Prosecuting Agency: | Hennepin County Attorney |
|---|---|---|

**3**  Firearm-Serial Number-Receive/Possess With No Serial Number      **Statute:** 609.667(3)

**Additional Statute:**  Firearms-Removal or Alteration of Serial Number (609.667)

**Level of Charge:**  Felony

**Offense Date:**  01/21/2023

**Community Of Offense:**  Minnetonka

**Law Enforcement Agency:**  Minnetonka Police Department

**Prosecuting Agency:**  Hennepin County Attorney

**4**  Firearm-Serial Number-Receive/Possess With No Serial Number      **Statute:** 609.667(3)

**Additional Statute:**  Firearms-Removal or Alteration of Serial Number (609.667)

**Level of Charge:**  Felony

**Offense Date:**  01/21/2023

**Community Of Offense:**  Minnetonka

**Law Enforcement Agency:**  Minnetonka Police Department

**Prosecuting Agency:**  Hennepin County Attorney

---

## Interim Conditions

**01/25/2023**      **Interim conditions for GUERTIN, MATTHEW DAVID**
Judicial Officer:  Norris, Lyonel

- Post Bail or Bond with Conditions
  $50,000.00
- No alcohol/controlled substance use
- Make all future court appearances
- Remain law-abiding
- No use or possession of firearms or dangerous weapons

01/24/2023      Interim conditions for GUERTIN, MATTHEW DAVID
Judicial Officer:  Wahl, Edward Thomas
Expiration Date:  01/25/2023

- Post Bail or Bond with Conditions
  $50,000.00
- No alcohol/controlled substance use
- Make all future court appearances
- Remain law-abiding
- No use or possession of firearms or dangerous weapons

---

## Case Events

| 06/03/2024 | Correspondence<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #92 | 📄 *1 page* |
|---|---|---|
| 06/03/2024 | Motion<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #91 | 📄 *4 pages* |
| 06/03/2024 | Notice of Motion and Motion<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #90 | 📄 *5 pages* |
| 05/30/2024 | Order Denying Fee Waiver<br>Index #89 | |

*1 page*

| 05/30/2024 | Notice of Motion and Motion<br>Index #88 | |
|---|---|---|
| | | *14 pages* |

| 05/30/2024 | Taken Under Advisement<br>Judicial Officer:  Dayton Klein, Julia<br>Index #87 | |

| 05/28/2024 | Notice of Motion and Motion<br>Index #86 | |
|---|---|---|
| | | *2 pages* |

| 05/28/2024 | Notice of Motion and Motion<br>Index #85 | |
|---|---|---|
| | | *11 pages* |

| 05/28/2024 | Notice of Motion and Motion<br>Index #84 | |
|---|---|---|
| | | *34 pages* |

| 05/28/2024 | Notice of Motion and Motion<br>Index #83 | |
|---|---|---|
| | | *36 pages* |

| 05/28/2024 | Notice of Motion and Motion<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #82 | |
|---|---|---|
| | | *7 pages* |

| 05/23/2024 | Order Denying Fee Waiver<br>Judicial Officer:  Dayton Klein, Julia<br>Index #81 | |
|---|---|---|
| | | *1 page* |

| 05/23/2024 | Affidavit of Service<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #80 | |
|---|---|---|
| | | *7 pages* |

| 05/23/2024 | Correspondence<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #79 | |

| 05/23/2024 | Motion<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #78 | |
|---|---|---|
| | *11 pages* | *16 pages* |

| 05/23/2024 | Affidavit to Request Fee Waiver<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #77 | |

| 05/23/2024 | Affidavit of Service<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #76 | |
|---|---|---|
| | | *4 pages* |

| 05/20/2024 | Exhibit List<br>Index #73 | 1 page |
|---|---|---|
| 05/17/2024 | Affidavit of Service<br>Index #75 | 1 page |
| 05/17/2024 | Other Document<br>Index #74 | 5 pages |
| 05/16/2024 | Affidavit of Service<br>Index #57 | 7 pages |
| 05/15/2024 | Other Document<br>Index #72 | |
| 05/15/2024 | Other Document<br>Index #71 | 53 pages |
| 05/15/2024 | Other Document<br>Index #70 | 42 pages |
| 05/15/2024 | Other Document<br>Index #69 | 52 pages |
| 05/15/2024 | Other Document<br>Index #68 | 49 pages |
| 05/15/2024 | Other Document<br>Index #67 | 49 pages |
| 05/15/2024 | Other Document<br>Index #66 | 44 pages |
| 05/15/2024 | Other Document<br>Index #65 | 32 pages |
| 05/15/2024 | Other Document<br>Index #64 | 45 pages |
| 05/15/2024 | Other Document<br>Index #63 | 49 pages |
| 05/15/2024 | Other Document<br>Index #62 | 16 pages |

| 05/15/2024 | Other Document Index #61 | | 11 pages |
|---|---|---|---|
| 05/15/2024 | Other Document Index #60 | | 5 pages |
| 05/15/2024 | Other Document Index #59 | | 1 page |
| 05/15/2024 | Notice of Appeal Index #58 | | 21 pages |
| 05/14/2024 | Other Document Index #56 | | 5 pages |
| 05/14/2024 | Other Document Index #55 | | 11 pages |
| 05/14/2024 | Other Document Index #54 | | 16 pages |
| 05/14/2024 | Other Document Index #52 | | 4 pages |
| 05/13/2024 | Appellate Notice of Case Filing Index #51 | | 1 page |
| 05/10/2024 | Notice of Appeal Party: Defendant GUERTIN, MATTHEW DAVID Index #53 | | 21 pages |
| 05/10/2024 | Other Document Index #50 | | 53 pages |
| 05/10/2024 | Other Document Index #49 | | 52 pages |
| 05/10/2024 | Other Document Index #48 | | 45 pages |
| 05/10/2024 | Other Document Index #47 | | 42 pages |
| 05/10/2024 | Other Document Index #46 | | |

*52 pages*

| | | |
|---|---|---|
| **05/10/2024** | Other Document<br>Index #45 | |
| | | *49 pages* |
| **05/10/2024** | Other Document<br>Index #44 | |
| | | *49 pages* |
| **05/10/2024** | Other Document<br>Index #43 | |
| | | *44 pages* |
| **05/10/2024** | Other Document<br>Index #42 | |
| | | *32 pages* |
| **05/10/2024** | Other Document<br>Index #41 | |
| | | *49 pages* |
| **05/09/2024** | Order-Evaluation for Competency to Proceed (Rule 20.01)<br>Judicial Officer: Dayton Klein, Julia<br>Index #40 | |
| | | *2 pages* |
| **05/06/2024** | Other Document<br>Index #39 | |
| | | *43 pages* |
| **05/06/2024** | Other Document<br>Index #38 | |
| | | *148 pages* |
| **05/03/2024** | Affidavit-Other<br>Index #37 | |
| | | *31 pages* |
| **05/03/2024** | Correspondence<br>Index #36 | |
| | | *3 pages* |
| **05/03/2024** | Notice of Change of Address<br>Index #35 | |
| | | *1 page* |
| **04/12/2024** | Correspondence<br>Index #34 | |
| | | *1 page* |
| **04/12/2024** | Order Denying Motion<br>Judicial Officer: Dayton Klein, Julia<br>Index #33 | |
| | | *2 pages* |
| **04/12/2024** | Taken Under Advisement<br>Judicial Officer: Dayton Klein, Julia | |

Index #32

| | | |
|---|---|---|
| **04/12/2024** | Correspondence<br>Index #31 | 📄<br>*4 pages* |
| **04/09/2024** | Affidavit-Other<br>Index #30 | 📄<br>*213 pages* |
| **04/04/2024** | Motion<br>Party:  Defendant GUERTIN, MATTHEW DAVID<br>Index #29 | 📄<br>*40 pages* |
| **04/03/2024** | Notice of Motion and Motion<br>Index #28 | 📄<br>*271 pages* |
| **04/03/2024** | Petition to Proceed as ProSe Counsel<br>Index #27 | 📄<br>*8 pages* |
| **01/17/2024** | Finding of Incompetency and Order<br>Judicial Officer:  Mercurio, Danielle<br>Index #25 | 📄<br>*4 pages* |
| **01/16/2024** | Notice of Remote Hearing with Instructions<br>Index #26 | 📄<br>*2 pages* |
| **01/16/2024** | Found Incompetent<br>Judicial Officer:  Mercurio, Danielle | |
| **01/16/2024** | Waiver of Appearance<br>Index #24 | |
| **01/11/2024** | Rule 20 Evaluation Report<br>Index #23 | |
| **01/11/2024** | Rule 20 Report Distributed | |
| **01/05/2024** | Demand or Request for Discovery<br>Index #22 | 📄<br>*1 page* |
| **11/15/2023** | Order-Evaluation for Competency to Proceed (Rule 20.01)<br>Judicial Officer:  Dayton Klein, Julia<br>Index #21 | 📄<br>*2 pages* |
| **07/13/2023** | Order-Other<br>Judicial Officer:  Borer, George<br>Index #20 | 📄<br>*7 pages* |
| **07/13/2023** | Finding of Incompetency and Order<br>Judicial Officer:  Borer, George<br>Index #19 | 📄<br>*7 pages* |

| 07/13/2023 | Found Incompetent<br>Judicial Officer: Borer, George | |
| --- | --- | --- |
| 07/07/2023 | Taken Under Advisement<br>Judicial Officer: Borer, George<br>Index #18 | |
| 07/07/2023 | Hearing Held In-Person | |
| 06/14/2023 | Taken Under Advisement<br>Judicial Officer: Dayton Klein, Julia<br>Index #17 | |
| 06/14/2023 | Order for Continuance<br>Index #16 | 📄<br>*1 page* |
| 04/04/2023 | Request for Continuance<br>Index #15 | |
| 03/28/2023 | Request for Continuance<br>Party: Attorney RIVERS, BRUCE MICHAEL<br>Index #14 | |
| 03/28/2023 | Hearing Held Remote | |
| 03/27/2023 | Request for Continuance Needing Judicial Approval<br>Index #13 | 📄<br>*1 page* |
| 03/10/2023 | Rule 20 Report Distributed | |
| 03/10/2023 | Rule 20 Evaluation Report<br>Index #12 | |
| 02/20/2023 | Request for Continuance Needing Judicial Approval<br>Index #11 | 📄<br>*1 page* |
| 02/20/2023 | Demand or Request for Discovery<br>Index #10 | 📄<br>*1 page* |
| 02/20/2023 | Certificate of Representation<br>Index #9 | 📄<br>*1 page* |
| 01/26/2023 | Pre-Plea Worksheet<br>Index #8 | |
| 01/26/2023 | Notice of Hearing<br>Index #7 | 📄<br>*1 page* |
| 01/25/2023 | Law Enforcement Notice of Release and Appearance<br>Index #6 | 📄<br>*1 page* |
| 01/25/2023 | Non-Cash Bond Posted<br>Index #5 | |

*2 pages*

| | |
|---|---|
| **01/25/2023** | Probable Cause Found |

| | | |
|---|---|---|
| **01/25/2023** | Order-Evaluation for Competency to Proceed (Rule 20.01)<br>Judicial Officer:  Norris, Lyonel<br>Index #4 | *2 pages* |

| | |
|---|---|
| **01/25/2023** | Statement of Rights<br>Index #3 |

| | |
|---|---|
| **01/25/2023** | Hearing Held In-Person |

| | |
|---|---|
| **01/25/2023** | Identity Verified |

| | |
|---|---|
| **01/24/2023** | Pretrial Release Evaluation Form<br>Index #2 |

| | | |
|---|---|---|
| **01/24/2023** | E-filed Comp-Order for Detention<br>Index #1 | *Unknown pages* |

---

### Hearings

**Upcoming Hearings**

| | | |
|---|---|---|
| **07/16/2024** | **01:30 PM** | Review Hearing<br>Judicial Officer: Dayton Klein, Julia<br>Location: GC-C457 |

**Previous Hearings**

| | | | |
|---|---|---|---|
| **01/16/2024** | **01:30 PM** | Review Hearing<br>Judicial Officer: Mercurio, Danielle<br>Location: GC-C556<br>Cancelled; Other | |
| **07/07/2023** | **10:30 AM** | Evidentiary Hearing<br>Judicial Officer: Borer, George<br>Location: GC-C456 | **Result:** Held On the Record |
| **06/14/2023** | **09:00 AM** | Evidentiary Hearing<br>Judicial Officer: Dayton Klein, Julia<br>Location: GC-C559 | **Result:** Held Off the Record |
| **04/11/2023** | **01:30 PM** | Review Hearing<br>Judicial Officer: Dayton Klein, Julia<br>Location: GC-C559<br>Cancelled; Other<br><br>Date Updated: 04/04/2023<br>Reset by Court to 04/11/2023 01:30 PM - By agreement<br><br>Original Hearing Date: 04/04/2023 01:30 PM | |
| **04/04/2023** | **11:00 AM** | Omnibus Hearing<br>Judicial Officer: Quam, Jay<br>Location: GC-C1459<br>Cancelled; Other<br><br>Date Updated: 02/21/2023<br>Reset by Court to 04/04/2023 11:00 AM - Session/Hearing Moved Same<br>Date/Time - Not Rescheduled | |

| | | Original Hearing Date: 02/22/2023 01:30 PM | |
|---|---|---|---|
| **03/28/2023** | **01:30 PM** | Hearing<br>Judicial Officer: Mercurio, Danielle<br>Location: GC-C556 | **Result:** Held On the Record |
| **01/25/2023** | **01:30 PM** | First Appearance<br>Judicial Officer: Norris, Lyonel<br>Location: PSF 141 | **Result:** Held On the Record |

---

**Bond/Bail Activity**

**Appearance Bond**
GUERTIN, MATTHEW DAVID
01/25/2023          Status: Posted
                    $50,000.00

Search executed on 06/04/2024 01:25 PM

# State of Minnesota
# County of Hennepin

# District Court
# 4th Judicial District

| | |
|---|---|
| Prosecutor File No. | 23A00785 |
| Court File No. | 27-CR-23-1886 |

---

**State of Minnesota,**

          Plaintiff,

   vs.

**MATTHEW DAVID GUERTIN**   **DOB: 07/17/1981**

10233 34th St W
#304
Minnetonka, MN 55305

       Defendant.

**COMPLAINT**

Order of Detention

---

The Complainant submits this complaint to the Court and states that there is probable cause to believe Defendant committed the following offense(s):

## COUNT I

**Charge: Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality**
Minnesota Statute: 609.66.1a(a)(3), with reference to:  609.66.1a(b)(2)
Maximum Sentence: 2 YEARS AND/OR $5,000
Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN recklessly discharged a firearm within a municipality.

## COUNT II

**Charge: Firearm-Serial Number-Receive/Possess With No Serial Number**
Minnesota Statute: 609.667(3), with reference to:  609.667
Maximum Sentence: 5 YEARS AND/OR $10,000
Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN received or possessed a firearm that was not identified by a serial number: an automatic rifle.

## COUNT III

**Charge: Firearm-Serial Number-Receive/Possess With No Serial Number**
Minnesota Statute: 609.667(3), with reference to:  609.667

1

Exhibit A | Index 01 | p. 1

Maximum Sentence: 5 YEARS AND/OR $10,000

Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN received or possessed a firearm that was not identified by a serial number: a full-size pistol.

## COUNT IV

**Charge: Firearm-Serial Number-Receive/Possess With No Serial Number**
Minnesota Statute: 609.667(3), with reference to:  609.667
Maximum Sentence: 5 YEARS AND/OR $10,000
Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN received or possessed a firearm that was not identified by a serial number: a compact pistol.

Exhibit A | Index 01 | p. 2

## STATEMENT OF PROBABLE CAUSE

Complainant has investigated the facts and circumstances of this offense and believes the following establishes probable cause:

On January 21, 2023, officers with the Minnetonka Police Department were dispatched to a report of shots being fired from an apartment at 102XX 34th St. W., Minnetonka, Hennepin County, Minnesota.

Upon arriving in the area officers heard shots and were able to confirm where the apartment shots were coming from, and that the occupant of the apartment was MATTHEW DAVID GUERTIN, dob 7/17/1981, "Defendant" herein. Defendant was yelling "I'm going to die because they stole my patent" and repeatedly yelled a Minnetonka Police Department case number. Defendant spoke with a negotiator and after some time threw two firearms out of the window: an automatic rifle and a pistol in a case. Defendant eventually came out of the apartment and was placed under arrest. In a post-Miranda statement Defendant reported that he had fired multiple rounds to get the police to respond to his location, and that he had shot into the sky and trees. Defendant estimated he had fired approximately twenty rounds. Defendant said that he could not communicate via his computer or phone because other people had gained control of his computer and other devices. Defendant also said that he had bought the parts and put together the firearms that he had used.

Officers recovered three firearms from the incident: an automatic rifle, a full-size pistol, and a compact pistol. None of the firearms had serial numbers on them. Officers also recovered additional ammunition and body armor inside Defendant's apartment.

Defendant is currently in custody.

Exhibit A | Index 01 | p. 3

# SIGNATURES AND APPROVALS

Complainant requests that Defendant, subject to bail or conditions of release, be:
(1) arrested or that other lawful steps be taken to obtain Defendant's appearance in court; or
(2) detained, if already in custody, pending further proceedings; and that said Defendant otherwise be dealt with according to law.

Complainant declares under penalty of perjury that everything stated in this document is true and correct. Minn. Stat. § 358.116; Minn. R. Crim. P. 2.01, subds. 1, 2.

| **Complainant** | Samantha Johnson | Electronically Signed: |
|---|---|---|
| | Police Officer | 01/24/2023 10:49 AM |
| | 14600 Minnetonka Boulevard | Hennepin  County,  MN |
| | Minnetonka, MN 55345 | |
| | Badge: 133 | |

Being authorized to prosecute the offenses charged, I approve this complaint.

| **Prosecuting Attorney** | Erin Goltz | Electronically Signed: |
|---|---|---|
| | 300 S 6th St | 01/24/2023 10:23 AM |
| | Minneapolis, MN 55487 | |
| | (612) 348-5550 | |



Exhibit A | Index 01 | p. 4

## FINDING OF PROBABLE CAUSE

From the above sworn facts, and any supporting affidavits or supplemental sworn testimony, I, the Issuing Officer, have determined that probable cause exists to support, subject to bail or conditions of release where applicable, Defendant's arrest or other lawful steps be taken to obtain Defendant's appearance in court, or Defendant's detention, if already in custody, pending further proceedings. Defendant is therefore charged with the above-stated offense(s).

☐ **SUMMONS**

THEREFORE YOU, THE DEFENDANT, ARE SUMMONED to appear as directed in the Notice of Hearing before the above-named court to answer this complaint.

IF YOU FAIL TO APPEAR in response to this SUMMONS, a WARRANT FOR YOUR ARREST shall be issued.

☐ **WARRANT**

To the Sheriff of the above-named county; or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended  and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of such court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

☐ *Execute in MN Only*           ☐ *Execute Nationwide*           ☐ *Execute in Border States*

☒ **ORDER OF DETENTION**

Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail:  $50,000.00
Conditions of Release:  No use of drugs/alcohol; Make All Appearances; Remain Law Abiding; No Possession of Weapons

This complaint, duly subscribed and sworn to or signed under penalty of perjury, is issued by the undersigned Judicial Officer as of the following date: January 24, 2023.

| Judicial Officer | Edward Thomas Wahl
District Court Judge | Electronically Signed: 01/24/2023 11:40 AM |

Sworn testimony has been given before the Judicial Officer by the following witnesses:

---

**COUNTY OF HENNEPIN
STATE OF MINNESOTA**

### State of Minnesota

Plaintiff

vs.

### MATTHEW DAVID GUERTIN

Defendant

*LAW ENFORCEMENT OFFICER RETURN OF SERVICE*
*I hereby Certify and Return that I have served a copy of this Order of Detention upon the Defendant herein named.*

Signature of Authorized Service Agent:

## DEFENDANT FACT SHEET

**Name:**                                                    MATTHEW DAVID GUERTIN

**DOB:**                                                     07/17/1981

**Address:**                                                 10233 34th St W
                                                             #304
                                                             Minnetonka, MN 55305

**Alias Names/DOB:**

**SID:**                                                     MN00417780

**Height:**

**Weight:**

**Eye Color:**

**Hair Color:**

**Gender:**                                                  MALE

**Race:**                                                    White

**Fingerprints Required per Statute:**                       Yes

**Fingerprint match to Criminal History Record:**            Yes

**Driver's License #:**

**SILS Person ID #:**                                        403932

**SILS Tracking No.**                                        3316315

**Alcohol Concentration:**

Exhibit A | Index 01 | p. 6

## STATUTE AND OFFENSE GRID

| Cnt Nbr | Statute Type | Offense Date(s) | Statute Nbrs and Descriptions | Offense Level | MOC | GOC | Controlling Agencies | Case Numbers |
|---------|--------------|-----------------|-------------------------------|---------------|-----|-----|----------------------|--------------|
| 1 | Charge | 1/21/2023 | 609.66.1a(a)(3) Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality | Felony | W1E40 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.66.1a(b)(2) Dangerous Weapons-Other Offenses | Felony | W1E40 | | MN0271200 | 23000258 |
| 2 | Charge | 1/21/2023 | 609.667(3) Firearm-Serial Number-Receive/Possess With No Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.667 Firearms-Removal or Alteration of Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| 3 | Charge | 1/21/2023 | 609.667(3) Firearm-Serial Number-Receive/Possess With No Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.667 Firearms-Removal or Alteration of Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| 4 | Charge | 1/21/2023 | 609.667(3) Firearm-Serial Number-Receive/Possess With No Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.667 Firearms-Removal or Alteration of Serial Number | Felony | W1840 | | MN0271200 | 23000258 |

Exhibit A | Index 01 | p. 7

**Filed in District Court**
**State of Minnesota**

**JAN 2 5 2023**

| | |
|---|---|
| State of Minnesota | District Court |
| Hennepin County | Fourth Judicial District |

State of Minnesota,
         Plaintiff,

v.

MATTHEW DAVID GUERTIN,
         Defendant.

**Order to Fourth Judicial District Court**
**Psychological Services**
27-CR-23-1886

| Defendant Information | |
|---|---|
| ☐ Out of Custody    ☒ In Custody – at Facility: _____ | |

Date of Birth: 07/17/1981         SILS Identifier: 403932
Phone:           Home: 763-221-4540, Cell: 763-221-4550
Email:            mattguertin@protonmail.com
Current Address:    10233 W 34th ST  304
                  Minnetonka MN  55305
           ☐ Confirmed address with Defendant
Additional family/collateral contact number and instructions:

It is hereby ordered:
     ☒ For felony and gross misdemeanor cases, probable cause has been found.
     ☐ The defendant is to be released upon completion of the interview process.
     ☐ This is part of the targeted misdemeanor program.

1. The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
     ☒ Competency to participate in proceedings pursuant to Rule 20.01
     ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
     ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
     ☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
     ☐ Consultation (Pre-Sentence) _____
     ☐ Other (please specify) _____

2. Copies of this evaluation shall be provided to the Court and the following individuals:

     Defense Attorney:                  Phone:
     Prosecuting Attorney: JACQUELINE PEREZ    Phone:
                                       Phone:

3. The hearing for the return of the psychological evaluation will be held on February 22, 2023 at 1:30 PM.

4. Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, Psychological Services is ordered to comply with both the requirements of §609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer in the report an opinion and support for the opinion on whether the defendant:
   a. Is suitable to refer for consideration of civil commitment and the basis of the possible commitment,
   b. May be mentally ill and dangerous, and
   c. Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
   a. Presents an imminent risk of serious danger to another,
   b. May be imminently suicidal, or
   c. Needs emergency intervention.

Dated: January 25, 2023

Lyonel Norris
District Court Judge Referee

✓ Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓ If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (01/2023)

**Exhibit A | Index 04 | p. 2**

**VERIFY FIRST** - THIS DOCUMENT FACE IS PRINTED IN DARK BLUE AND RED INKS. DO NOT ACCEPT WITHOUT NOTING SECURITY FEATURES LISTED ON REVERSE SIDE



**UNIVERSAL FIRE & CASUALTY**
**INSURANCE COMPANY**
6437 28th Avenue, Hudsonville, MI 49426
Phone: 616.662.3900   Fax: 616.662.4460

# POWER OF ATTORNEY

**POWER NUMBER** 050-10771092

**MAXIMUM AMOUNT** **$50,000.00**

**VOID IF NOT EXECUTED BY** Apr-30-2023

KNOW ALL MEN BY THESE PRESENTS that Universal Fire & Casualty Insurance Company, a corporation duly organized and existing under the laws of the State of Indiana, does hereby constitute and appoint the below named executing Agent as its true and lawful Attorney-in-Fact in its name, place and stead, to execute, seal and deliver on its behalf, a surety bail bond for the below named Defendant. In witness whereof, Universal Fire & Casualty Insurance company has caused this instrument to be signed and sealed by its duly authorized officer.

This Power of Attorney is for use with Bail Bonds for State, County and Municipal Courts only (not valid in Federal Court) and not to exceed the above stated amount. This power must be filed with the bond as a permanent court record to obligate the surety, for court appearance only, of the named Defendant. This Power shall not obligate the surety for Defendant's future lawful conduct, court imposed conditions, restrictions or fines, costs, restitution or any other circumstances not specifically related to court appearance. This Power is void if its original format has been altered, if it exceeds the maximum amount listed, is used with another surety or Universal Power to cover one bond amount, or is used by an individual who is not authorized to execute surety bail bonds on behalf of Universal Fire & Casualty Insurance Company.

BOND AMOUNT $ $50,000       DATE 1/25/23

DEFENDANT Matthew Guertin

CHARGES Weapons

COURT Hennepin

CITY & STATE mpls MN

CASE NO. 27CR231886

APPEARANCE DATE/TIME

EXECUTING AGENT _____ **MP**

AGENCY Bail Bonds Doctor       PHONE 612 332 3030

☐ REWRITE: ORIG. NO. _____       AMOUNT _____

UFC-17, Copyright* Revised 11/21

**UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY**

BY _____
Richard Klimaszewski, President



FEIN: 35-1372324
NAIC#: 32867

**SECURITY FEATURES MUST BE PRESENT SEE LIST ON BACK**

**COURT COPY**

MINNESOTA JUDICIAL BRANCH

Exhibit A | Index 05 | p. 1

Filed in District Court
State of Minnesota

JAN 2 5 2023

BAIL BOND FORM – APPEARANCE ONLY (also known as FORM 702)

STATE OF MINNESOTA, *Plaintiff*

Court File No.: _27CR231886_

v.
_Matthew Guertin_, *Defendant*

Filed in ___Hennepin___ County District Court    Bond Amount _fifty thousand_ ($ 50,000)

Charges: ___Weapons___
(including amendments and lesser included charges)

## BOND OBLIGATION AND CONDITIONS

The Defendant, as Principal, _____Matthew Guertin_____ (print name)
and **Universal Fire and Casualty Insurance Company**, as Surety, hereby agree and acknowledge that they are indebted to pay to the above named District Court the Bond Amount if the Defendant fails to personally appear in Court at such times and on such dates as specified by the Court to answer the charge(s) identified in this Bond, including any amendments of these charges or lesser included charges.

The obligation of the Surety becomes null and void upon the occurrence of any of the following events:
1. The dismissal of the charge(s) identified on this form and accompanying Bond;
2. The finding or verdict that Defendant is not guilty of the charge(s) identified on this form and accompanying Bond; or
3. The sentencing of Defendant (whether imposed or stayed) with respect to the charge(s) identified on this form and accompanying Bond.

This is an appearance bond only and does not guarantee compliance with conditional release requirements imposed upon the Defendant by the Court. This bond shall not be used for payment of any fines, surcharges, costs, or other financial obligation(s) imposed upon the Defendant by the Court.

| | | |
|---|---|---|
| ⊗ *(signature)* | Matthew David Guertin | 1-25-23 |
| Defendant/Principal signature | Printed Name | Date |
| *(signature)* David Doyen | David Doyen | 1/25/23 |
| Attorney in Fact for Surety Company (Bail Bond Agent) signature | Printed Name | Date |

## ACKNOWLEDGMENT OF SURETY RELATIONSHIP

**This instrument remains valid for 180 days after the date signed below by the Bail Bond Agency (e.g., Owner/President/CEO).**

This instrument acknowledges that the above-named Attorney in Fact, _____David Doyen_____ (print name)

is employed by **Bail Bonds Doctor, Inc.** and is authorized to post bonds on behalf of **Universal Fire and Casualty Insurance Company**.

| | | |
|---|---|---|
| *(signature)* | President | 1/23/2023 |
| Bail Bond Agency (e.g., Owner/President/CEO) | Job Title | Date |

Exhibit A | Index 05 | p. 2

# Hennepin County Sheriff's Office ADC

### Release Receipt/Notice of Appearance

| | |
|---|---|
| **PAK:** 200603710    **Book #:** 2023001401    **Received:** 01-21-2023 1534 | **Filed in District Court State of Minnesota** |
| **Name(L,F,M,S):** GUERTIN, MATTHEW, DAVID | |
| **DOB:** 07-17-1981    **MNCIS Case #:** 27CR231886    **SILS #:** 403932 | **JAN 26 2023** |
| **Arresting Agency:** MTKA PD | |
| **Notes:** | |

## COURT APPEARANCE

☐ NOT REQUIRED, ADVISED OF RIGHTS BY JAILOR
MS.488A.08, SUBD. 4-
DEFENDANT PLED GUILTY BY THE ABOVE COUNT(S)
WAIVED COURT APPEAR. - PAID FINE

☑ YOU ARE REQUIRED TO APPEAR IN COURT AS INDICATED BELOW:

**Release To:**

**Payment Received for:**

| Case/Cnt | | | Description |
|---|---|---|---|
| 1/1 | PC | C | WEAPONS |
| | | | FORMALLY CHARGED |
| 1/2 | PC | C | THREATS OF VIOLENCE |
| | | | FORMALLY CHARGED |
| 1/3 | PC | F | DANGEROUS WEAPON-DISCHARGE FIREARM-MUNICIPALITY |
| | | | BOND POSTED |
| 1/4 | PC | F | FIREARM-SERIAL NUMBER-RECEIVE/POSSESS WITH NO SERIAL NUMBER |
| | | | BOND POSTED |
| 1/5 | PC | F | FIREARM-SERIAL NUMBER-RECEIVE/POSSESS WITH NO SERIAL NUMBER |
| | | | BOND POSTED |
| 1/6 | PC | F | FIREARM-SERIAL NUMBER-RECEIVE/POSSESS WITH NO SERIAL NUMBER |
| | | | BOND POSTED |

**Bail Type:** BOND POSTED JAIL

**Bail Co:** UNIVERSAL FIRE & CAS

**Court:** 1FELBLOC

**Court Dt/Tm:** 02-22-2023 1330

**Court Address:** Government Center 300 South Sixth Street     **Paid Amt**
Minneapolis, MN  55415     $50,000.00

**Clerk:** BARING

NOTE:  By placing my signature below, I hereby acknowledge that I have been advised by Jailor, of my rights to be brought before a Magistrate promptly for the above Count(s);  That I have waived any delay in that right and agreed to pay a fine, if eligible, or to appear as scheduled above;  That if I fail to appear as scheduled a Bench Warrant will be issued for my case and any Bail-Bond posted or future consideration for release on my own recognizance will be forfeited.  I have received a copy of this form as my Release Receipt.

Exhibit A | Index 06 | p. 1

Filed in District Court
State of Minnesota
2/20/2023 1:59 PM

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                           FOURTH  JUDICIAL DISTRICT

_____

                                                         Court File No. 27-CR-23-1886

State of Minnesota,

                Plaintiff,

vs.                                                    **CERTIFICATE OF**
                                                       **REPRESENTATION**

Matthew David Guertin,

                Defendant.

_____

                          Bruce Rivers
                       Rivers Law Firm, P.A.
                  701 Fourth Avenue South, Suite 300
                     Minneapolis, Minnesota 55415
                          (612) 339-3939
                        Attorney I.D 282698

I hereby represent the above-named defendant on the following matter or matters before the court:

CHARGES: Reckless Discharge of Firearm. Three Counts of Possession of a firearm with no serial

number.

*I understand that I cannot withdraw from this representation unless it is approved by the Court after a*
*hearing on a written motion pursuant to Rule 703.*

                                          Rivers Law Firm, P.A.

Dated:_February 20, 2023_____          /s/ Bruce Rivers_____
                                                   Bruce Rivers, (#282698)
                                                   Attorney For Defendant
                                                   701 Fourth Avenue South, Suite 300
                                                   Minneapolis, Minnesota 55415
                                                   Telephone: (612)339-3939
                                                   Facsimile:  (612)-332-4003
                                                   riverslawyers@aol.com

Filed in District Court
State of Minnesota
2/20/2023 1:59 PM

# RIVERS LAW FIRM, P.A.
### 701 Building Suite 300
### 701 Fourth Avenue South
### Minneapolis, MN 55415

ATTORNEY:
BRUCE RIVERS
EMAIL: bruce@riverslawyers.com
PARALEGAL:
KELLY WILSON
EMAIL: kwilson@riverslawyers.com

LAW OFFICES
TELEPHONE 612.339.3939
FACSIMILE 612.332.4003
WWW.RIVERSLAWYERS.COM

FEBRUARY 20, 2023

Ms. Erin Goltz
300 S 6th St
Minneapolis, Mn 55487

Re:   _**State of Minnesota v. Matthew David Guertin**_
      **Court File No.:**        **27-CR-23-1886**

Dear Ms. Goltz

I have been retained to represent Mr. Matthew David Guertin with respect to pending criminal charges she received in Hennepin County.

Pursuant to the Minnesota Rules of Criminal Procedure, please provide all Rule 9, Brady material, Squad video, and Audio tapes.

I would appreciate receiving these as soon as possible.  Please forward all correspondence to my office. Feel free to contact me should you have any questions.

Sincerely,

_/s/ Bruce Rivers_

BMR:ar

Filed in District Court
State of Minnesota
2/20/2023 1:59 PM

# RIVERS LAW FIRM, P.A.
701 BUILDING SUITE 300
701 FOURTH AVENUE SOUTH
MINNEAPOLIS, MN 55415

ATTORNEY:
BRUCE RIVERS
EMAIL: BRUCE@RIVERSLAWYERS.COM
PARALEGAL:
KELLY WILSON
EMAIL: KWILSON@RIVERSLAWYERS.COM

LAW OFFICES
TELEPHONE 612.339.3939
FACSIMILE 612.332.4003
WWW.RIVERSLAWYERS.COM

February 20, 2023

Hennepin County Courthouse
Attn: Criminal Division
300 South Sixth Street
Minneapolis, Mn 55487

Re:  *State of Minnesota v. Matthew David Guertin*
     **Court File No.:      27-CR-23-1886**

Dear Sir or Madam:

I would like to bring to the Courts attention that I have been recently retained by my client in the above mentioned matter.

Mr. Guertin is currently scheduled for Omnibus Hearing Wednesday, February 22 at 1:30pm, I will be in a jury trial at that time. Respectfully, I am asking that we continue this matter to a later date. My office contacted the Hennepin County Attorney's Office and we left a message for Mrs. Jacqueline Perez, Assistant County Attorney, and we are waiting for her response.

If my request is granted, it would be greatly appreciated if someone from scheduling could contact my office to schedule a date together to prevent future continuance requests.

Respectfully,

*/s/ Bruce Rivers*

BMR:ar

cc. Ms. Jacqueline Perez, Assistant Hennepin County Attorney.

Exhibit A | Index 11 | p. 1

Filed in District Court
State of Minnesota
3/27/2023 2:52 PM

# RIVERS LAW FIRM, P.A.
701 BUILDING SUITE 300
701 FOURTH AVENUE SOUTH
MINNEAPOLIS, MN 55415

ATTORNEY:
BRUCE RIVERS
EMAIL: BRUCE@RIVERSLAWYERS.COM
PARALEGAL:
KELLY WILSON
EMAIL: KWILSON@RIVERSLAWYERS.COM

LAW OFFICES
TELEPHONE 612.339.3939
FACSIMILE 612.332.4003
WWW.RIVERSLAWYERS.COM

March 27, 2023

Hennepin Goverment Center
Attn: Criminal Division
300 South Sixth St
Minneapolis, MN 55487

Re:   ***State of Minnesota v. Matthew David Guertin***
       **Court File No.:**      **27-CR-23-1886**

Dear Sir or Madam:

   The above matter is currently scheduled for a Hearing tomorrow, March 28 at 1:30 pm. Beginning March 28, Mr. Rivers will be in a Jury Trial (27-CR-20-24996) starting with Jury selection. I respectfully request that we continue with Mr. Matthew David Guertin until a later date. My Office contacted Ms. Jacqueline Perez and Mr. Tom Arneson and they do not object.

   If my request is granted, I would greatly appreciate it if someone from scheduling would contact my office to set up a date together to prevent future continuation requests.

                    Respectfully,

                    */s/ Bruce Rivers*

BMR:ar

cc. Jacqueline Perez, County District Attorney
    Tom Arneson, Assistant Hennepin County Attorney .

State of Minnesota                              District Court

County of Hennepin                          Fourth Judicial District

---

State of Minnesota,
          Plaintiff,
                                          **ORDER CONTINUING**
v.                                               **HEARING**

Matthew David Guertin,
          Defendant.              Court File No.: 27-CR-23-1886

---

The above-entitled matter was scheduled before Julia Dayton Klein, Judge of District Court, on June 14, 2023, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Rogstad, dated March 10, 2023. Jacqueline Perez, Assistant Hennepin County Attorney, represents the State. Bruce Rivers represents Defendant. On June 13, 2023, Mr. Rivers requested a continuance in the matter due to scheduling conflicts. The State did not object. The parties agreed on the new date of July 7, 2023 at 10:30 am. For good cause, the Court finds:

### ORDER

1. The contested competency hearing shall be continued to **July 7, 2023 at 10:30 AM**.

By the Court:

_____
Julia Dayton Klein
Judge of District Court

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
PROBATE/MENTAL HEALTH DIVISION

Court File No. 27-CR-23-1886

State of Minnesota,
          Plaintiff,

v.

Matthew David Guertin,
          Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER REGARDING
COMPETENCY TO PROCEED**

---

The above-entitled matter came before the district court, on July 7, 2023, for an evidentiary hearing regarding the Defendant's competency. The hearing took place in person in Courtroom 456 at the Hennepin County Government Center. Jacqueline Perez, Assistant Hennepin County Attorney, appeared for the State. The Defendant appeared along with his attorney, Bruce Rivers, Esq. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), Senior Clinical Forensic Psychologist at the Fourth Judicial District Court, testified at the hearing and the court received into evidence her *Curriculum Vitae* (Exhibit 2), and her Forensic Evaluation Report dated March 10, 2023 (Exhibit 3). The court also received into evidence a copy of United States Patent No. 11,577,177 B2 dated February 14, 2023 (Exhibit 1), as well as testimony from the Defendant.

The matter was referred for hearing to the undersigned district court referee, who after considering the evidence, the arguments presented, and all the files and records herein, reports to the court making the following recommended Findings of Fact, Conclusions of Law and Order:

1. Defendant is currently **INCOMPETENT** to proceed.

### FINDINGS OF FACT

The Defendant, Matthew David Guertin, is charged in MNCIS file 27-CR-23-1886 with Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality (Felony), Firearm-

1

Serial Number-Receive/Possess With No Serial Number (Felony), Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), and Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, the Honorable Lyonel Norris, Referee of District Court, found probable cause to believe that the offenses were committed and that Defendant committed them. He then ordered that a Rule 20.01 evaluation be completed. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), was assigned to complete the evaluation of the Defendant. She filed her report on March 10, 2023, opining that Mr. Guertin is incompetent and provided the following diagnoses:

> Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary).

Mr. Guertin challenges Dr. Rogstad's conclusion, taking the position that he is competent to proceed in his criminal matters. Mr. Guertin testified that he is currently employed as the Chief Executive Officer (CEO) of a start-up company. His company is listed as the assignee on United States Patent No. 11,577,177 B2, and he, as an individual, is listed as the inventor and the applicant. *Ex. 1.* Mr. Guertin testified that he understands his charges, noting that reckless discharge of a firearm in a municipality is a felony with a maximum of a two-year sentence. He notes that he and his attorney have discussed possible defenses; that he understands the information relayed to him by his attorney; and that there is nothing impeding their relationship. In fact, Mr. Guertin and his attorney, Mr. Rivers, have had a professional relationship for many years. Mr. Guertin also admitted to having been through criminal proceedings in the past. While he acknowledged that he may not understand all the technicalities of criminal proceedings, he indicates that he would ask his attorney if he had questions about the proceedings. Mr. Guertin appeared well-dressed, noting that he wore a tie to court "to be presentable." He presents as intelligent and passionate about his work with technology, including his patent. However, much of his testimony was focused on his

Exhibit A | Index 19 | p. 2

technological work and patent, and he required frequent redirection to stay on point. In fact, there were times during his testimony that Mr. Guertin became lost in his answer to a question because of rambling statements about his patent or other unrelated topics. For instance, when discussing the events that led to what he describes as the "most cordial standoff ever" [with the police], Mr. Guertin began discussing his actions in firing his gun in order to attract the police. He did so instead of calling 911 because he could not trust his electronic devices due to his suspicions involving Netflix and Microsoft and protection of his patent. The court appreciates Mr. Guertin's testimony and his participation in the hearing; however, the court has serious concerns regard Mr. Guertin's ability to meaningfully participate in criminal proceedings and understand the process, given his perseveration regarding his patent, and his delusional beliefs about others.

Dr. Rogstad opines that Mr. Guertin is not competent to proceed in his criminal matters, concluding in her report "…that Mr. Guertin's symptoms presently compromise his capacity to understand rationally the proceedings, participate in the defense, and consult rationally with counsel." Ex. 3, p. 9. Dr. Rogstad offers a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary). While Dr. Rogstad testified that this is a legitimate diagnosis, she indicated that additional information would be needed to provide more specificity. Dr. Rogstad notes that Mr. Guertin "…displays prominent delusional beliefs that include persecutory and referential themes," the content and intensity of which "…are highly consistent with phenomenology of the persecutory delusions that can accompany psychotic disorders." *Id*. at 7. She further indicates that Mr. Guertin may also suffer from a mood-related disorder, namely mania or hypomania, given "…his frequent digressions and tendency to become distracted by his own thoughts," which "…were consistent with flight of ideas." *Id*. at 8. She also notes that Mr. Guertin was "highly distractible" during the examination, making it "…difficult to extract meaningful,

Exhibit A | Index 19 | p. 3

coherent information from him." *Id*. The court observed identical behavior during his testimony on July 7, 2023, to that exhibited during his examination. Dr. Rogstad testified that misuse[1] of Adderall could account for some of Mr. Guertin's symptoms, but acknowledged that she was not a toxicologist or medical doctor and that she did not know how much Adderall Mr. Guertin actually took. Despite reporting this possibility, Dr. Rogstad opines Mr. Guertin is not competent.

    As a result of his symptoms, Dr. Rogstad believes that Mr. Guertin is unable to participate in the legal process regarding his criminal matters. She credibly testified that while Mr. Guertin has good factual knowledge, he is unable to apply this knowledge due to delusional beliefs. For example, when Mr. Guertin spoke about his delusional beliefs, he indicated he would present evidence supporting these beliefs. In her report, Dr. Rogstad states, "…while he knows the nature of his charges, Mr. Guertin's delusional beliefs are inextricably linked to his perceptions of his current legal situation, and they obstruct his ability to apply this factual legal knowledge to discussions of his own case in a rational manner devoid of delusional reasoning." *Id*. at 9. Specifically, Dr. Rogstad reports that his delusions impacted his perception of relevant evidence, that he supported the choices he made "…with impaired perceptions of objective reality," and that ultimately, he was unable to participate in "consistently coherent" and "reality-based" discussions regarding the proceedings. *Id*. Her testimony supports these conclusions when she states that Mr. Guertin did not understand evidence or the ramifications of making decisions because of the delusions that emerged as they were discussing legal proceedings. Dr. Rogstad also testified that Mr. Guertin lacks insight into his mental health, as evidenced by his belief that he is under duress as opposed to having any impaired perceptions. Finally, Dr. Rogstad testified that neither her report nor her opinion changed after observing Mr. Guertin's testimony during the July 7, 2023 hearing.

---

[1] Mr. Guertin testified that he takes additional dosages of his Adderall medication on long days because the medication is "fast-acting." He gave one example as working overnight at Coachella to finish an art piece for the next day.

The court finds that the greater weight of the evidence establishes that Mr. Guertin is not competent to proceed at this time. He suffers from a mental illness with a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, as offered by Dr. Rogstad. This may also include a mood component, namely mania or hypomania. This mental illness prevents Mr. Guertin from rationally understanding the legal process and obstructs his ability to prepare a defense or rationally consult with his counsel. Dr. Rogstad persuasively reports that Mr. Guertin's delusions impact his strategical decisions. For instance, he indicated that providing testimony at his trial would serve "…as a way to 'have the opportunity to make all this stuff [about his perceived persecution] public in the courtroom,'" with similar thoughts regarding evidence he collected. Ex. 3, p. 9. Additionally, the court observed Mr. Guertin testify, during which his answers often wandered towards the themes of technology, patents, and competitors. While it is evident that Mr. Guertin is an intelligent, talented individual with a passion for technology, this does not necessarily make him competent to proceed in his criminal matters. He may understand the factual components of criminal proceedings, but it is evident to the court that he is unable to apply this factual knowledge in his defense. Based upon the totality of evidence before the court including Mr. Guertin's testimony, Dr. Rogstad's testimony, and the exhibits received into evidence, the court concludes that the greater weight of the evidence establishes that Mr. Guertin is not currently competent to proceed and thus, the defense has not met their burden of proof.

In summary, the court finds the testimony and report of Dr. Rogstad to be the most credible and persuasive evidence regarding Mr. Guertin's competency to proceed. Dr. Rogstad has extensive experience conducting forensic evaluations, including having completed approximately 400 forensic evaluations. *See also* Ex. 2. Her report was thorough and considered several possible factors contributing to Mr. Guertin's symptoms, as well as the significance of those symptoms.

Exhibit A | Index 19 | p. 5

The court also notes the similarity in Mr. Guertin's presentation during both his evaluation and at the July 7, 2023 hearing: Mr. Guertin presented as verbose, with responses to questions that included excessive detail.  He often brought his responses back to the themes of technology, patents, and competitors; and on occasion, had to ask that questions be repeated due to his extensive responses. Mr. Guertin appears to the court to be unable to separate matters involving his criminal charges from his delusional thoughts regarding his technology. It was evident that he continues to suffer from mental health concerns that impact his ability to fully understand and engage in the proceedings regarding his criminal matters.

## CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires that if the court finds by the greater weight of the evidence that the defendant is competent, it must enter an order finding the defendant competent to proceed. Minn. R. Crim. P. Rule 20.01, subd. 5(c). A defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or cognitive impairment lacks ability to: (a) rationally consult with counsel; or (b) understand the proceedings or participate in the defense. *Id*., subd. 2.  The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.  Moreover, fact-finders, including district courts, are not required to accept an expert's testimony or recommendations. *State v. Roberts*, 876 N.W.2d 863, 868 (Minn. 2016). Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed.  See State v.

Bauer, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency).

The greater weight of the evidence establishes that Mr. Guertin is incompetent to proceed.

**ORDER**

Defendant, Matthew David Guertin, is currently **INCOMPETENT** to proceed.

Order Recommended By:                **BY THE COURT:**

_____      _____
Referee of District Court            Judge of District Court

7

Filed in District Court
State of Minnesota
Jul 13, 2023 4:46 pm

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
PROBATE/MENTAL HEALTH DIVISION

Court File No. 27-CR-23-1886

State of Minnesota,
        Plaintiff,

v.

Matthew David Guertin,
        Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER REGARDING
COMPETENCY TO PROCEED**

---

The above-entitled matter came before the district court, on July 7, 2023, for an evidentiary hearing regarding the Defendant's competency. The hearing took place in person in Courtroom 456 at the Hennepin County Government Center. Jacqueline Perez, Assistant Hennepin County Attorney, appeared for the State. The Defendant appeared along with his attorney, Bruce Rivers, Esq. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), Senior Clinical Forensic Psychologist at the Fourth Judicial District Court, testified at the hearing and the court received into evidence her *Curriculum Vitae* (Exhibit 2), and her Forensic Evaluation Report dated March 10, 2023 (Exhibit 3). The court also received into evidence a copy of United States Patent No. 11,577,177 B2 dated February 14, 2023 (Exhibit 1), as well as testimony from the Defendant.

The matter was referred for hearing to the undersigned district court referee, who after considering the evidence, the arguments presented, and all the files and records herein, reports to the court making the following recommended Findings of Fact, Conclusions of Law and Order:

1. Defendant is currently **INCOMPETENT** to proceed.

**FINDINGS OF FACT**

The Defendant, Matthew David Guertin, is charged in MNCIS file 27-CR-23-1886 with Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality (Felony), Firearm-

Exhibit A | Index 20 | p. 1

Serial Number-Receive/Possess With No Serial Number (Felony), Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), and Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, the Honorable Lyonel Norris, Referee of District Court, found probable cause to believe that the offenses were committed and that Defendant committed them. He then ordered that a Rule 20.01 evaluation be completed. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), was assigned to complete the evaluation of the Defendant. She filed her report on March 10, 2023, opining that Mr. Guertin is incompetent and provided the following diagnoses:

> Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary).

Mr. Guertin challenges Dr. Rogstad's conclusion, taking the position that he is competent to proceed in his criminal matters. Mr. Guertin testified that he is currently employed as the Chief Executive Officer (CEO) of a start-up company. His company is listed as the assignee on United States Patent No. 11,577,177 B2, and he, as an individual, is listed as the inventor and the applicant. *Ex. 1*. Mr. Guertin testified that he understands his charges, noting that reckless discharge of a firearm in a municipality is a felony with a maximum of a two-year sentence. He notes that he and his attorney have discussed possible defenses; that he understands the information relayed to him by his attorney; and that there is nothing impeding their relationship. In fact, Mr. Guertin and his attorney, Mr. Rivers, have had a professional relationship for many years. Mr. Guertin also admitted to having been through criminal proceedings in the past. While he acknowledged that he may not understand all the technicalities of criminal proceedings, he indicates that he would ask his attorney if he had questions about the proceedings. Mr. Guertin appeared well-dressed, noting that he wore a tie to court "to be presentable." He presents as intelligent and passionate about his work with technology, including his patent. However, much of his testimony was focused on his

2

technological work and patent, and he required frequent redirection to stay on point. In fact, there were times during his testimony that Mr. Guertin became lost in his answer to a question because of rambling statements about his patent or other unrelated topics. For instance, when discussing the events that led to what he describes as the "most cordial standoff ever" [with the police], Mr. Guertin began discussing his actions in firing his gun in order to attract the police. He did so instead of calling 911 because he could not trust his electronic devices due to his suspicions involving Netflix and Microsoft and protection of his patent. The court appreciates Mr. Guertin's testimony and his participation in the hearing; however, the court has serious concerns regard Mr. Guertin's ability to meaningfully participate in criminal proceedings and understand the process, given his perseveration regarding his patent, and his delusional beliefs about others.

Dr. Rogstad opines that Mr. Guertin is not competent to proceed in his criminal matters, concluding in her report "…that Mr. Guertin's symptoms presently compromise his capacity to understand rationally the proceedings, participate in the defense, and consult rationally with counsel." Ex. 3, p. 9. Dr. Rogstad offers a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary). While Dr. Rogstad testified that this is a legitimate diagnosis, she indicated that additional information would be needed to provide more specificity. Dr. Rogstad notes that Mr. Guertin "…displays prominent delusional beliefs that include persecutory and referential themes," the content and intensity of which "…are highly consistent with phenomenology of the persecutory delusions that can accompany psychotic disorders." *Id*. at 7. She further indicates that Mr. Guertin may also suffer from a mood-related disorder, namely mania or hypomania, given "…his frequent digressions and tendency to become distracted by his own thoughts," which "…were consistent with flight of ideas." *Id*. at 8. She also notes that Mr. Guertin was "highly distractible" during the examination, making it "…difficult to extract meaningful,

Exhibit A | Index 20 | p. 3

coherent information from him." *Id.* The court observed identical behavior during his testimony on July 7, 2023, to that exhibited during his examination. Dr. Rogstad testified that misuse[1] of Adderall could account for some of Mr. Guertin's symptoms, but acknowledged that she was not a toxicologist or medical doctor and that she did not know how much Adderall Mr. Guertin actually took. Despite reporting this possibility, Dr. Rogstad opines Mr. Guertin is not competent.

As a result of his symptoms, Dr. Rogstad believes that Mr. Guertin is unable to participate in the legal process regarding his criminal matters. She credibly testified that while Mr. Guertin has good factual knowledge, he is unable to apply this knowledge due to delusional beliefs. For example, when Mr. Guertin spoke about his delusional beliefs, he indicated he would present evidence supporting these beliefs. In her report, Dr. Rogstad states, "…while he knows the nature of his charges, Mr. Guertin's delusional beliefs are inextricably linked to his perceptions of his current legal situation, and they obstruct his ability to apply this factual legal knowledge to discussions of his own case in a rational manner devoid of delusional reasoning." *Id.* at 9. Specifically, Dr. Rogstad reports that his delusions impacted his perception of relevant evidence, that he supported the choices he made "…with impaired perceptions of objective reality," and that ultimately, he was unable to participate in "consistently coherent" and "reality-based" discussions regarding the proceedings. *Id.* Her testimony supports these conclusions when she states that Mr. Guertin did not understand evidence or the ramifications of making decisions because of the delusions that emerged as they were discussing legal proceedings. Dr. Rogstad also testified that Mr. Guertin lacks insight into his mental health, as evidenced by his belief that he is under duress as opposed to having any impaired perceptions. Finally, Dr. Rogstad testified that neither her report nor her opinion changed after observing Mr. Guertin's testimony during the July 7, 2023 hearing.

---

[1] Mr. Guertin testified that he takes additional dosages of his Adderall medication on long days because the medication is "fast-acting." He gave one example as working overnight at Coachella to finish an art piece for the next day.

Exhibit A | Index 20 | p. 4

The court finds that the greater weight of the evidence establishes that Mr. Guertin is not competent to proceed at this time. He suffers from a mental illness with a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, as offered by Dr. Rogstad. This may also include a mood component, namely mania or hypomania. This mental illness prevents Mr. Guertin from rationally understanding the legal process and obstructs his ability to prepare a defense or rationally consult with his counsel. Dr. Rogstad persuasively reports that Mr. Guertin's delusions impact his strategical decisions. For instance, he indicated that providing testimony at his trial would serve "…as a way to 'have the opportunity to make all this stuff [about his perceived persecution] public in the courtroom,'" with similar thoughts regarding evidence he collected. Ex. 3, p. 9. Additionally, the court observed Mr. Guertin testify, during which his answers often wandered towards the themes of technology, patents, and competitors. While it is evident that Mr. Guertin is an intelligent, talented individual with a passion for technology, this does not necessarily make him competent to proceed in his criminal matters. He may understand the factual components of criminal proceedings, but it is evident to the court that he is unable to apply this factual knowledge in his defense. Based upon the totality of evidence before the court including Mr. Guertin's testimony, Dr. Rogstad's testimony, and the exhibits received into evidence, the court concludes that the greater weight of the evidence establishes that Mr. Guertin is not currently competent to proceed and thus, the defense has not met their burden of proof.

In summary, the court finds the testimony and report of Dr. Rogstad to be the most credible and persuasive evidence regarding Mr. Guertin's competency to proceed. Dr. Rogstad has extensive experience conducting forensic evaluations, including having completed approximately 400 forensic evaluations. *See also* Ex. 2. Her report was thorough and considered several possible factors contributing to Mr. Guertin's symptoms, as well as the significance of those symptoms.

Exhibit A | Index 20 | p. 5

The court also notes the similarity in Mr. Guertin's presentation during both his evaluation and at the July 7, 2023 hearing: Mr. Guertin presented as verbose, with responses to questions that included excessive detail.  He often brought his responses back to the themes of technology, patents, and competitors; and on occasion, had to ask that questions be repeated due to his extensive responses. Mr. Guertin appears to the court to be unable to separate matters involving his criminal charges from his delusional thoughts regarding his technology. It was evident that he continues to suffer from mental health concerns that impact his ability to fully understand and engage in the proceedings regarding his criminal matters.

## CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires that if the court finds by the greater weight of the evidence that the defendant is competent, it must enter an order finding the defendant competent to proceed. Minn. R. Crim. P. Rule 20.01, subd. 5(c). A defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or cognitive impairment lacks ability to: (a) rationally consult with counsel; or (b) understand the proceedings or participate in the defense. *Id*., subd. 2.  The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.  Moreover, fact-finders, including district courts, are not required to accept an expert's testimony or recommendations. *State v. Roberts*, 876 N.W.2d 863, 868 (Minn. 2016). Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed.  See State v.

Exhibit A | Index 20 | p. 6

Bauer, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency).

The greater weight of the evidence establishes that Mr. Guertin is incompetent to proceed.

## ORDER

Defendant, Matthew David Guertin, is currently **INCOMPETENT** to proceed.

Order Recommended By:                              **BY THE COURT:**

_____          _____
Referee of District Court                              Judge of District Court

7

Filed in District Court
State of Minnesota
Nov 15, 2023 3:34 pm

State of Minnesota                                                    District Court

Hennepin County                                                 Fourth Judicial District

State of Minnesota,
                Plaintiff,

v.                                                    **Order to Fourth Judicial District Court**
                                                           **Psychological Services**
MATTHEW DAVID GUERTIN,                                               27-CR-23-1886
                Defendant.

| Defendant Information |
|---|
| ☒ Out of Custody        ☐ In Custody – at Facility: _____ |
| Date of Birth: 07/17/1981            SILS Identifier: 403932 |
| Phone:          Home: 763-221-4540, Cell: 763-221-4550 |
| Email:          mattguertin@protonmail.com |
| Current Address:    4385 Trenton Lane North |
|                 Apt 202 |
|                 Plymouth MN  55442 |
|                 ☐ Confirmed address with Defendant |
| Additional family/collateral contact number and instructions: |

It is hereby ordered:
  ☒ For felony and gross misdemeanor cases, probable cause has been found.
  ☐ The defendant is to be released upon completion of the interview process.
  ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall
    conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
      ☒ Competency to participate in proceedings pursuant to Rule 20.01
      ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
      ☐ Sex Offender Evaluation (psychosexual) pursuant to Minnesota Statute § 609.3457
      ☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
      ☐ Consultation (Pre-Sentence) _____
      ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:

        Defense Attorney: BRUCE MICHAEL RIVERS          Phone:   612-339-3939
        Prosecuting Attorney: JACQUELINE PEREZ          Phone:
                                                        Phone:

3.  The hearing for the return of the psychological evaluation will be held on **January 16, 2024 at 1:30 PM**.

HC 2926 (07/2023)

Exhibit A | Index 21 | p. 1

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. <u>A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order</u>. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

   - **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5.  During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6.  If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, Psychological Services is ordered to comply with both the requirements of §609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7.  In the case of Rule 20 evaluations, the Examiner shall offer in the report an opinion and support for the opinion on whether the defendant:
    a.  Is suitable to refer for consideration of civil commitment and the basis of the possible commitment,
    b.  May be mentally ill and dangerous, and
    c.  Needs immediate hospitalization.

8.  In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
    a.  Presents an imminent risk of serious danger to another,
    b.  May be imminently suicidal, or
    c.  Needs emergency intervention.

Dated: November 15, 2023

_____

Julia Dayton Klein
District Court Judge

✓ Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓ If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (07/2023)

Exhibit A | Index 21 | p. 2

**Mr. Matthew David Guertin**
4385 Trenton Ln N #202
Plymouth, MN 55442
MattGuertin@ProtonMail.com
(763) 221-4540

January 5th, 2023

Ms. Jacqueline Perez
300 South 6th Street  C2000
Minneapolis, MN 55487

Re:  *State of Minnesota* v. Matthew David Guertin
     Court File No:     27-CR-23-1886

Dear Ms. Perez,

As the defendant in the above named case whom is facing criminal charges received in Hennepin County of which you are named as the prosecuting attorney responsible for said charges, I would respectfully ask that I please be provided with the following discovery materials related to my case pursuant to the Minnesota Rules of Criminal Procedure, Rule 9:

    i.   All Brady material
    ii.   Squad video
    iii.   Audio tapes
    iv.   All 104 police photographs (as is listed in Dr. Jill Rogstad's 'Confidential Forensic Evaluation Report' pertaining to my case) which were taken by the Minnetonka Police Department of 10233 West 34th Street #304, on January 21st 2023. I would please ask that I receive these in their original, and non-compressed digital file format. If there are in fact physical, photographic quality prints those would also suffice.

I would appreciate receiving these materials as soon as possible. Please forward all correspondence to my email address. If any of these materials require postal mail for whatever reason they can be mailed to my address as listed at the top of this filing. Do not hesitate to contact me should you have any questions.

Sincerely,

*/s/ Matthew David Guertin*

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Matthew David Guertin,

Defendant.

Court File No. 27-CR-23-1886

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter was scheduled to come before the undersigned Referee of District Court on January 16, 2024. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Bruce Rivers, Esq.

Prior to the hearing, the parties agreed to a finding of incompetency entered administratively. Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/17/1981), was charged in MNCIS file 27-CR-23-1886 with Dangerous Weapons (Felony) and three counts of Firearm-Serial Number-Receive/Possess With No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On November 15, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

## CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

## ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Jacqueline Perez, Assistant Hennepin County Attorney – Criminal Division;

    Bruce Rivers, Attorney for Defendant

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

Exhibit A | Index 25 | p. 2

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 16, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Bruce Rivers, Attorney for Defendant (riverslawyers@aol.com);

    c. Jacqueline Perez, Assistant Hennepin County Attorney (jacqueline.perez@hennepin.us);

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____                    _____

Referee of District Court                    Judge of District Court

Exhibit A | Index 25 | p. 4

State of Minnesota                                        District Court
Hennepin County                                   Fourth Judicial District

| Court File Number:  27-CR-23-1886 |
| --- |
| Case Type: Crim/Traf Mandatory |

## Notice of Remote Zoom Hearing

**MATTHEW DAVID GUERTIN**

**4385 TRENTON LANE NORTH**

**APT 202**

**PLYMOUTH MN  55442**

_____

State of Minnesota vs MATTHEW DAVID GUERTIN

You are notified this matter is set for a remote hearing. This hearing will not be in person at the courthouse.

| Hearing Information |
| --- |
| **July 16, 2024** |
| **Review Hearing** |
| **1:30 PM** |

**The hearing will be held via Zoom and appearance shall be by video unless otherwise directed** with Judicial Officer, Hennepin County District Court.

If you fail to appear a warrant may be issued for your arrest.

The Minnesota Judicial Branch uses strict security controls for all remote technology when conducting remote hearings.

You must:
- Notify the court if your address, email, or phone number changes.
- Be fully prepared for the remote hearing. If you have exhibits you want the court to see, you must give them to the court before the hearing. Visit https://www.mncourts.gov/Remote-Hearings.aspx for more information and options for joining remote hearings, including how to submit exhibits.
- Contact the court at 612-348-2040 if you do not have access to the internet, or are unable to connect by video.
- If you need an interpreter, contact the court before the hearing date to ask for one.
- If you cannot afford to hire a lawyer and would like to apply for a court-appointed attorney before this appearance visit https://pdapplication.courts.state.mn.us or scan the QR code to start the application.



Exhibit A | Index 26 | p. 1

**To join by internet:**
1. Type https://zoomgov.com/join in your browser's address bar.
2. Enter the **Meeting ID and Meeting Passcode (if asked):**
   Meeting ID: 160 223 0876
   Passcode: 1234
3. Update your name by clicking on your profile picture. If you are representing a party, add your role to your name, for example, John Smith, Attorney for Defendant.
4. Click the **Join Audio** icon in the lower left-hand corner of your screen.
5. Click **Share Video**.

Para obtener más información y conocer las opciones para participar en audiencias remotas, incluido cómo enviar pruebas, visite www.mncourts.gov/Remote-Hearings.

Booqo www.mncourts.gov/Remote-Hearings oo ka eego faahfaahin iyo siyaabaha aad uga qeybgeli karto dacwad-dhageysi ah fogaan-arag, iyo sida aad u soo gudbineyso wixii caddeymo ah.

**To receive an eReminder for future court dates via e-mail or text, visit www.mncourts.gov/Hearing-eReminders.aspx or scan the QR code to enroll.**



Dated: January 16, 2024     Sara Gonsalves
Hennepin County Court Administrator
300 South Sixth Street
Minneapolis MN  55487-0419
612-348-2040

cc:



Exhibit A | Index 26 | p. 2

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

State of Minnesota,

          Plaintiff,

vs.

Matthew David Guertin,

          Defendant.

Court File No.: 27-CR-23-1886

**DEFENDANT'S MOTION
TO REPRESENT SELF
PRO SE**

Judicial Officer: <u>Jay Quam</u>

TO:      THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT COURT; MS. JACQUELINE PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY; AND MR. BRUCE RIVERS, CURRENTLY APPOINTED COUNSEL, WHO IS HEREBY NOTIFIED OF THE DEFENDANT'S INTENT TO DISMISS SAID COUNSEL AND PROCEED PRO SE.

## MOTION

COMES NOW the Defendant, Matthew David Guertin, pursuant to Rule 10.01 of the Minnesota Rules of Criminal Procedure, the Sixth and Fourteenth Amendments to the United States Constitution, Minn. Stat. § 611.14, and relevant case law, including *Indiana v. Edwards*, 554 U.S. 164 (2008), and respectfully moves this Court for an order allowing the Defendant to represent himself in the above-captioned matter. In support of this Motion, the Defendant states as follows:

## INTRODUCTION

The Defendant has been informed of his right to effective assistance of counsel under the Sixth Amendment and understands the risks and responsibilities associated with self-representation.

## LEGAL BASIS FOR MOTION

Under Rule 10.01 of the Minnesota Rules of Criminal Procedure, a defendant has the right to the assistance of counsel and the corollary right to represent oneself.

The Supreme Court in *Indiana v. Edwards*, 554 U.S. 164 (2008), recognized that a state may insist upon representation by counsel for those competent enough to stand trial under the Dusky standard but who still may not be competent to conduct trial proceedings by themselves.

The Dusky standard, established in *Dusky v. United States*, 362 U.S. 402 (1960), requires that a defendant have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him.

## DEFENDANT'S COMPETENCY AND UNDERSTANDING

The Defendant reasserts his competency under the Dusky standard, emphasizing a rational and factual understanding of the proceedings and the ability to conduct his defense. Notably, the court has previously acknowledged the Defendant's capacity to engage in significant legal decisions, as evidenced in the following instances:

1. Consultation and Waiver Decision:

   The court deemed the Defendant competent enough to consult with a court-appointed attorney and make informed decisions regarding the waiver signed by the Defendant on January 31st, 2024. This action presupposes a recognition of the Defendant's understanding and capacity to make reasoned legal decisions.

   *SEE EXHIBIT A – Waiver.*

   *For the purposes of this argument, Exhibit A - the Waiver, is referenced solely to illustrate inconsistencies in the court's application of competency standards, not as*

Exhibit A | Index 27 | p. 2

*an acknowledgment of its validity or as an affirmation of informed consent. The*
*Defendant explicitly reserves all rights to contest the waiver's validity on grounds of*
*lack of informed consent and miscommunication regarding the court proceedings.*

2.  'ACCEPTANCE OF TERMS OF STAY OF COMMITMENT' Agreement:

Furthermore, in the proceedings related to the Defendant's civil commitment, the
court's decision to proceed with the 'ACCEPTANCE OF TERMS OF STAY OF
COMMITMENT' agreement—specifically altering the requirement for a
psychologist's endorsement by placing 'N/A' on the signature line of Court Examiner,
Michael Robertson in which his signature would have been affirming the following
statement:

*"Based upon my examination of the respondent and review of relevant records, I*
*am of the opinion that the respondent is competent to understand this*
*agreement."*

This decision implicitly acknowledges the Defendant's competency to understand and
agree to complex legal and medical arrangements.
*SEE EXHIBIT B – Page 4 of 'ACCEPTANCE OF TERMS OF STAY OF*
*COMMITMENT'*

**ARGUMENT FOR CONSISTENCY IN COMPETENCY DETERMINATIONS**

The Defendant argues for a consistent application of competency standards across his
legal proceedings. The inclusion of Exhibits A and B supports the argument that the Defendant
has been recognized as competent in crucial legal contexts, which should logically extend to his
capacity for self-representation.

Exhibit A | Index 27 | p. 3

## DEFENDANT'S ACKNOWLEDGMENT OF RISKS

The Defendant acknowledges the risks associated with self-representation, including the potential for a less favorable outcome than if represented by counsel, and asserts his informed decision to waive his right to counsel.

## REQUEST FOR STANDBY COUNSEL

Given the complexities of legal proceedings and in alignment with the principles established in *Indiana v. Edwards*, the Defendant requests the Court appoint standby counsel to assist if necessary, ensuring the fairness of the trial process while respecting the Defendant's autonomy in his defense.

## EXHIBITS

Attached herewith are the exhibits referenced in this motion:

Exhibit A:

Waiver signed by the Defendant in consultation with court-appointed attorney Joel Fisher, on January 31st, 2024 demonstrating the court's recognition of the Defendant's competency to make informed legal decisions.

Exhibit B:

Page 4 from the "ACCEPTANCE OF TERMS OF STAY OF COMMITMENT" agreement, which was altered by the court to reflect the Defendant's competency in agreeing to complex legal and medical arrangements, signed by the Defendant on August 9th, 2023, and officially entered into the record of civil case file 27-MH-PR-23-815 on August 9th, 2023.

These exhibits are provided to substantiate the Defendant's argument for a consistent application of competency determinations and his capacity to represent himself pro se.

**COMMITMENT TO PROCEDURAL AND SUBSTANTIVE RESPONSIBILITIES**

The Defendant wishes to affirm to the Court his full understanding and commitment to upholding both the procedural and substantive responsibilities entailed in self-representation. The Defendant recognizes the gravity and complexity of navigating legal proceedings and is prepared to diligently engage with the court's processes, adhere to legal standards, and present a defense that is coherent, respectful, and grounded in law. This commitment underscores the Defendant's determination to ensure that his representation is not only in compliance with the procedural requirements but also effectively advocates for his rights and interests within the substantive framework of the justice system.

**RELIEF SOUGHT**

WHEREFORE, the Defendant respectfully requests the Court:

a) Grant this Motion allowing the Defendant to represent himself pro se in the above-captioned matter;

b) Appoint standby counsel to provide assistance as needed, pursuant to *Indiana v. Edwards*;

c) Schedule a hearing on this Motion, if the Court deems it necessary[1]; and

d) Grant such other and further relief as the Court deems just and proper.

---

1   Defendant respectfully requests that any scheduled hearings be scheduled after May 5, 2024 as Defendant is also currently maintaining the role of 'pro se patent attorney' insofar as formulating a legally sound response to the non-final office action that was issued by the USPTO for US Patent Application 18/108,858 on December 5th, 2023 of which the Defendant is the inventor of.

Exhibit A | Index 27 | p. 5

Respectfully submitted,

Date: <u>April 3, 2024</u>

By: <u>/s/ Matthew Guertin</u>
Matthew David Guertin
Defendant Pro Se
4385 Trenton Ln N #202
Plymouth, MN 55442
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2024, I served a copy of this Motion on the Prosecutor's Office, Ms. Jacqueline Perez, through the 'E-File & Serve' system which automatically notifies all included 'Service Contacts', and on my current attorney of record, Bruce Rivers, through the 'E-File & Serve' system, in addition to a copy of this motion sent to his email 'RiversLawyers@aol.com', and a text message to his personal cell phone making him aware of of my decision to dismiss him as my defense counsel.

Exhibit A | Index 27 | p. 6



EXHIBIT
A

STATE OF MINNESOTA
COUNTY of HENNEPIN

DISTRICT COURT  FOURTH
JUDICIAL DISTRICT MENTAL
HEALTH DIVISION

**In Re: the Civil Commitment of**
**Matthew Guertin**
**DOB:   7/17/1981**
                    **Respondent.**

Court File: 27-MH-PR-23-815

WAIVER

_____

  After a full consultation  with my attorney who has explained my rights to me and
discussed with me the various alternatives available to me, I do hereby knowingly and
voluntarily consent to the Court extending my Stay of Commitment  for a period of  9
months, without the hearing provided by Minn. Stat. §253B.05 subd.3, 08 and .09.

Dated: __1/31/2024__

_Matthew David Guertin_
**Respondent**

CERTIFICATION

I have advised the Respondent of all rights affected by the foregoing waiver, including
the various options available and the consequences  flowing from each option. The
Respondent understood the rights involved and willingly signed the Waiver.

Dated:_____            _____

  Attorney ID# 29579                          Joel Fisher

Exhibit A | Index 27 | p. 7



**X**  ~~**Agreement Regarding the Requested Jarvis (Neuroleptic Medication)**~~

- ~~I understand that the County Attorney may also request that the continued neuroleptic medication Petition be set on for hearing, and the revocation of the stayed commitment will not be delayed because of it.~~

- ~~I understand that the neuroleptic medication hearing will be set as soon as possible, and I waive the right to object to the timeliness of the notice, as long as transportation can be arranged for me, and my attorney can appear.~~

- ~~I understand that if a neuroleptic medication hearing is scheduled on this continued petition, only that issue will be addressed at the hearing.~~

- ~~If I wish to request a hearing on the revocation of the stayed commitment, I must make a separate request for hearing to the Court, within 14 days after the revocation.~~

Dated:  August ___, 2023

_____
Mathew David Guertin, Respondent

I have advised <u>Mathew David Guertin</u>, Respondent above, of the nature and conditions of this agreement, his/her trial rights, the right to have this matter tried before the District Court, and his/her right to have the matter reconsidered pursuant to Minn. Stat. § 253B.17.

Dated:  August ___, 2023

_____
Michael Biglow, Counsel for Respondent

Based upon my examination of the respondent and review of relevant records, I am of the opinion that the respondent is competent to understand this agreement.

Dated: August ___, 2023

_____N/A_____
Michael Robertson, Court Examiner

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**

**FOURTH JUDICIAL DISTRICT**

State of Minnesota,

                    Plaintiff,

vs.

Matthew David Guertin,

                    Defendant.

Court File No.: 27-CR-23-1886

**DEFENDANT'S MOTION
TO COMPEL DISCOVERY
AND AFFIDAVIT OF
FACT**

Judicial Officer: <u>Jay Quam</u>

TO:        THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT COURT; THE
           CLERK OF THE FOURTH JUDICIAL DISTRICT COURT; MS. JACQUELINE
           PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY; AND THE OFFICE
           OF THE HENNEPIN COUNTY ATTORNEY.

## INTRODUCTION

The Defendant, MATTHEW DAVID GUERTIN, pro se, hereby respectfully submits this
Motion to Compel Discovery along with an accompanying Affidavit of Fact to the Court (Exhibit
Af). This motion arises from significant procedural concerns, notably the State's failure to
provide all requested discovery materials essential for the Defendant's defense and the
submission of discovery materials that the Defendant challenges as fraudulent and manipulated.
These allegations prompt serious questions regarding the integrity of the legal process and the
Defendant's right to a fair trial. This introduction section outlines the motion's basis and the
pressing need for court intervention to address these discovery issues, rooted in foundational
legal principles and procedural rules that govern the discovery process and evidence
admissibility in criminal proceedings.

## BACKGROUND

On August 3rd, 2023, the Defendant received discovery materials from the prosecution
that are critical to the defense's preparation for trial. Upon detailed examination, discrepancies

Exhibit A | Index 29 | p. 1

and manipulations within these materials were identified, raising substantial concerns regarding their authenticity, completeness, and integrity.

These concerns are encapsulated in Exhibits A through M, along with Exhibit Lb from the Defendant's prior 'Motion for Judicial Notice', each illustrating various aspects of the alleged manipulation and the proactive steps taken by the Defendant to address these issues, including prior requests for complete and unaltered discovery materials.

## LEGAL BASIS

The legal foundation of this Motion to Compel Discovery is anchored in Minnesota Rule of Criminal Procedure 9.01, which delineates the prosecution's duty to disclose materials crucial for the defense. Rule 9.01, in conjunction with Rule 9.03, establishes the framework for discovery regulation, underscoring the importance of fairness and thoroughness in the disclosure process. This motion further invokes Federal Rules of Evidence, specifically Rule 901(b)(1), which sets forth the standards for the authentication or identification of evidence, underscoring the necessity for the State's discovery materials to meet these evidentiary requirements.

Moreover, the Defendant's contention regarding the manipulation of discovery materials accentuates the violation of Minnesota Rule of Criminal Procedure 9.01's mandate for comprehensive discovery obligations in criminal proceedings. This alleged misconduct not only threatens the procedural and substantive fairness owed to the Defendant but also infringes upon constitutional rights under the due process clauses of both state and federal jurisprudence. The Sixth Amendment of the United States Constitution and Article I, Section 6 of the Minnesota Constitution guarantee the Defendant's right to a fair trial, a principle further supported by Rule 403 of the Federal Rules of Evidence. Rule 403 emphasizes the exclusion of evidence that causes unfair prejudice, confusing the issues or misleading the jury, which aligns with the concerns raised in this motion about the integrity and admissibility of the State's presented evidence.

Given these premises, the Court is called upon to exercise its authority to ensure a fair and transparent discovery process. This motion seeks the Court's directive to compel the State to adhere to its discovery obligations fully, providing all necessary materials to the defense and

Exhibit A | Index 29 | p. 2

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

rectifying any issues regarding the authenticity and integrity of its submitted evidence. This legal basis underscores the motion's alignment with both procedural mandates and the overarching constitutional guarantees that safeguard the fairness of criminal proceedings and the rights of the accused.

### AFFIDAVIT OF FACT

Accompanying this motion is an Affidavit of Fact *(Exhibit Af)*, wherein the Defendant attests under oath to the observations, analyses, and actions taken in response to the received discovery materials. This affidavit underscores the Defendant's commitment to transparency, the pursuit of justice, and the integrity of the judicial process.

### EXHIBITS SUBSTANTIATING FRAUDULENT DISCOVERY

A detailed enumeration of exhibits that substantiate the claims made herein, each meticulously documented and prepared by the Defendant is included as part of this motion, serving to demonstrate the alleged discrepancies and manipulations within the discovery materials.

**Exhibit Af**:

Defendant's accompanying Affidavit of Fact.

**Exhibit A**:

Email from Michael Biglow dated August 3rd, 2023, serving as the initial transmission of discovery materials. This email is crucial as it is the origin of the disputed discovery content.

**Exhibit B**:

Email header data from the August 3rd, 2023, email by Michael Biglow, providing digital authentication of the communication. This exhibit serves to establish the authenticity and integrity of the discovery material's transmission.

Exhibit A | Index 29 | p. 3

**Exhibit C**:

> The first page of the fraudulent discovery PDF, highlighting the start of the problematic content. This page sets the context for the issues identified in the subsequent analysis.

**Exhibit D**:

> Document properties and metadata from the disputed discovery PDF, evidencing the creation and modification dates, further pointing to potential discrepancies in the timeline of evidence preparation.

**Exhibit E**:

> Excerpts from Dr. Jill Rogstad's examination report and Michael Robertson's report, referencing "104 photographs" from the incident, juxtaposed with the PDF received containing only 80, raising questions on completeness and integrity of the evidence provided.

**Exhibit F**:

> Overview of aspect ratios in photography from Wikipedia. This exhibit is foundational to understanding the technical analysis of the photographs provided, particularly the inconsistencies in aspect ratios indicative of manipulation.

**Exhibit G**:

> Detailed table analyzing aspect ratios, sizes, and evidences of manipulation across the photographs. This exhibit is pivotal in demonstrating intentional alteration and cropping of images, contradicting their purported evidentiary value.

**Exhibit H**:

> Selected images showcasing discrepancies in cropping, editing, and presentation, vis-a-vis the original scenes captured. These images starkly illustrate the manipulative alterations done to craft a misleading narrative.

**Exhibit I**:

> This exhibit presents a detailed comparative analysis of three images extracted directly from the PDF file '23-815 Guertin - photos of exterior interior person 1.21.pdf.' All images are initially 350 pixels in width, scaled to 5x their original size without

interpolation or smoothing, facilitating a 1:1 comparison in terms of pixel density. This analysis highlights significant inconsistencies, particularly in one image (Image 30-50) which uniquely displays jagged block-like artifacts not present in the others. These discrepancies suggest possible editing or intentional manipulation of image compression levels, diverging from the rest of the images within the discovery materials.

**Exhibit J**:

Comparison of duplicate images in the discovery materials that were altered to appear as unique. This exhibit directly challenges the authenticity of the evidence provided by highlighting explicit instances of manipulation.

**Exhibit K**:

Analysis utilizing the principle of barrel distortion to substantiate claims of image manipulation. Through technical scrutiny, this exhibit underscores the deliberate editing undertaken to skew the portrayal of scenes within the defendant's residence.

**Exhibit L**:

The first page of this exhibit (marked with the digital 'Exhibit L' sticker) presents further elaboration on the technical basis for asserting fraudulent alteration of discovery photos. By utilizing lens distortion analysis which is presented in a compelling visual presentation, 'true' center lines along with additional lines, which very clearly highlight the lens distortion present are placed directly atop the discovery photos in question. This underscores the depth of the forensic examination undertaken to reveal the truth.

The five remaining pages of this exhibit present a comparative analysis of discovery photos against personal photos taken by the defendant, revealing the intentional omission and editing of critical context designed to misrepresent the defendant's living conditions and activities. The most noteworthy being the omission of any photographs which contain a full, frontal view of the prototype being built of Defendant's invention.

**Exhibit M**:

Email correspondence between the defendant and Dr. Adam Milz, sent on the morning before the defendant's second psychiatric examination, scheduled as a '6-month review.'

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

This email not only preempts the session with a detailed disclosure of the defendant's understanding of the fraudulent discovery materials but also provides a thorough rebuttal to the premises of Dr. Jill Rogstad's initial report and diagnosis. Key to this exhibit is the segment on page two where the defendant explicitly informs Dr. Milz of his awareness regarding the manipulated discovery content. Additionally, the email comprehensively discredits the foundational aspects of Rogstad's conclusions by presenting a robust counter-narrative, demonstrating the defendant's proactive and self-aware engagement in his defense and mental health evaluation process.

**Exhibit Lb**:

This exhibit, originally filed as part of the Motion for Judicial Notice on April 3, 2024, encompasses the Defendant's formal discovery request to Ms. Jacqueline Perez, the prosecuting attorney in case number 27-CR-23-1886. Dated January 5, 2024, the Defendant requests essential evidence for his defense, including Brady material, squad video, audio tapes, and notably, all 104 police photographs cited in Dr. Jill Rogstad's forensic evaluation report. These photographs, captured by the Minnetonka Police Department, are pivotal for the Defendant's case. This exhibit highlights the Defendant's active efforts to ensure a comprehensive review of all relevant evidence, demonstrating his commitment to due process and his detailed engagement in his defense.

## REQUEST FOR RELIEF

The Defendant respectfully requests the Court to order the State to provide all missing discovery materials forthwith and to conduct a thorough investigation into the discrepancies and manipulations identified by the Defendant, ensuring that all evidence presented in this case is authentic, unaltered, and complete.

Furthermore, the Defendant requests that any manipulated or incomplete evidence be stricken from the record, and that appropriate sanctions be imposed on any party found to have engaged in misconduct affecting the integrity of the discovery materials.

Exhibit A | Index 29 | p. 6

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

**CONCLUSION**

The Defendant, through this motion, seeks to uphold the principles of justice, fairness, and due process. The integrity of the criminal justice system rests upon the honesty and completeness of the evidence presented. It is imperative that the Court address these serious concerns to ensure that the Defendant receives a fair trial.

Respectfully submitted,

Date: <u>April 4, 2024</u>

By: <u>/s/ Matthew Guertin</u>
Matthew David Guertin
Defendant Pro Se
4385 Trenton Ln N #202
Plymouth, MN 55442
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

Exhibit A | Index 29 | p. 7

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**

**FOURTH JUDICIAL DISTRICT**

---

State of Minnesota,

    Plaintiff,

vs.

Matthew David Guertin,

    Defendant.



Court File No.: 27-CR-23-1886

**DEFENDANT'S**

**AFFIDAVIT OF FACT**

---

## AFFIDAVIT OF FACT

I, MATTHEW DAVID GUERTIN, residing at 4385 Trenton Ln N #202, City of Plymouth, County of Hennepin, State of Minnesota, being duly sworn, hereby depose and state under penalty of perjury:

### INTRODUCTION

I am the Defendant in the above-captioned matter, currently representing myself pro se. This affidavit is submitted in conjunction with and in support of my Motion to Compel Discovery, to affirm the authenticity and validity of the evidence and exhibits cited therein.

### DISCOVERY RECEIPT AND INITIAL OBSERVATION

On August 3, 2023, discovery materials were received via email from Michael Biglow, my court-appointed attorney at the time. These materials were not initially requested by me and were only scrutinized beginning on October 30, 2023, revealing various discrepancies.

### DETAILED EXAMINATION AND DISCREPANCIES IDENTIFIED

Through detailed examination utilizing digital tools, I found inconsistencies in image aspect ratios, sizes, and evident signs of manipulation within the discovery materials. This analysis strongly suggests an alteration of the narrative of events, undermining the integrity of the discovery process as well as my case itself.

Exhibit A | Index 29 | p. 8

**EFFORTS TO ADDRESS DISOVERY MANIPULATION**

I have communicated my findings and concerns regarding the manipulated discovery materials to relevant parties, including Dr. Adam Milz, prior to a scheduled 6-month psychiatric examination meeting in which I met with him over Zoom for two hours on Jan 3, 2024. These efforts underscore my due diligence and proactive stance in securing a fair examination of the case.

**CONCLUSION**

The evidence provided herein, along with the exhibits attached to my Motion to Compel Discovery, demonstrates a concerning pattern of evidence manipulation that significantly impacts my ability to mount an effective defense. Accordingly, I respectfully request the court to order the provision of all complete and unaltered discovery materials pertinent to my case.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 4th day of April, 2024 in the City of Plymouth, State of Minnesota

Respectfully submitted,

Date: <u>April 4, 2024</u>

By: <u>/s/ Matthew Guertin</u>
Matthew David Guertin
Defendant Pro Se
4385 Trenton Ln N #202
Plymouth, MN 55442
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

Exhibit A | Index 29 | p. 9

## Photos



**EXHIBIT
A**

From Michael Biglow <michael@biglowlaw.com>

To      Matt█████████████████████████>

CC      Michael Biglow<Michael@biglowlaw.com>

Date    Thursday, August 3rd, 2023 at 3:19 PM

Hi Matt,
Here are the photos.
Mike

--

**Michael J. Biglow, Esq**

Attorney at Law

Biglow Law Offices

895 Tri Tech Office Center

331 Second Ave South

Minneapolis, MN 55401

Direct: 612-238-4782

Fax: 612-333-3201

**\*\*Please note NEW email address:** _michael@biglowlaw.com_

*This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the email address or the telephone number included herein and delete this message and any of its attachments from your computer and/or network. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege, protection, or doctrine. Thank you.*

**This message and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521**

20.06 MB   1 file attached

23-815 Guertin – photos of exterior, interior, person 1.21.pdf
20.06 MB

Exhibit A | Index 29 | p. 10

## Email header for August 3rd, 2023 email sent to me which has the fraudulent discovery material PDF file attached to it -



Return-Path: <michael@biglowlaw.com>
X-Original-To: MattGuertin@protonmail.com
Delivered-To: MattGuertin@protonmail.com
Authentication-Results: mailin024.protonmail.ch; dkim=pass (Good 2048
  bit rsa-sha256 signature) header.d=biglowlaw-com.20221208.gappssmtp.com
  header.a=rsa-sha256
Authentication-Results: mailin024.protonmail.ch; dmarc=none (p=none dis=none)
 header.from=biglowlaw.com
Authentication-Results: mailin024.protonmail.ch; spf=pass smtp.mailfrom=biglowlaw.com
Authentication-Results: mailin024.protonmail.ch; arc=none smtp.remote-ip=209.85.216.45
Authentication-Results: mailin024.protonmail.ch; dkim=pass (2048-bit key)
 header.d=biglowlaw-com.20221208.gappssmtp.com
 header.i=@biglowlaw-com.20221208.gappssmtp.com header.b="NwUTFGF+"
Received: from mail-pj1-f45.google.com (mail-pj1-f45.google.com [209.85.216.45]) (using
 TLSv1.3 with cipher TLS_AES_256_GCM_SHA384 (256/256 bits)
  key-exchange X25519 server-signature RSA-PSS (4096 bits) server-digest SHA256) (No
 client certificate requested) by mailin024.protonmail.ch (Postfix) with ESMTPS id
 4RH1vH6DqLz9vNd8 for <MattGuertin@protonmail.com>; Thu,
  3 Aug 2023 21:19:39 +0000 (UTC)
Received: by mail-pj1-f45.google.com with SMTP id 98e67ed59e1d1-26813478800so768447a91.1
        for <MattGuertin@protonmail.com>; Thu, 03 Aug 2023 14:19:39 -0700 (PDT)
Dkim-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
        d=biglowlaw-com.20221208.gappssmtp.com; s=20221208; t=1691097578; x=1691702378;
        h=cc:to:subject:message-id:date:from:mime-version:from:to:cc:subject
         :date:message-id:reply-to;
        bh=MRIhkB7DRTXgmjtfsEXNpwl23NmFt34W7gIYSS2g8tk=;
        b=NwUTFGF+F3oeP+n8dJqrFccFx/HdW5q+HhRbzojECd4JI+tr827Tk8nSBe3j0pFonH
         7Fo9UI027DIFGiAJZMMYg00Wvy2j6jNZGdpP9E+t9zgMk07IlCX9b9vhsI/WABr6lx2I
         pBdMuZ+4ecZy/B+1lqx+3tPGKBoqQkc05vMUw8KhzdsIcDmEnMBjBxVV6qn9arPqhRxj
         Oxnq7d0zjgzcOOcU3PX4uQvbZyG05t+EJGwUVBSgmTx0PShgCzqV4Q6iVSWiro94p/1G
         bKUaq46RmEIyh7GLCL1tv1SFNiNWWyYs+GGWaTin3a5zmIgCT2mh6sPdufCMdkhbXg1V
         mZtA==
X-Google-Dkim-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
        d=1e100.net; s=20221208; t=1691097579; x=1691702379;
        h=cc:to:subject:message-id:date:from:mime-version:x-gm-message-state
         :from:to:cc:subject:date:message-id:reply-to;
        bh=MRIhkB7DRTXgmjtfsEXNpwl23NmFt34W7gIYSS2g8tk=;
        b=aPB4iYfl60SmtR3+mvNxkMZCfTRrzA6ELX5kxBp2PwDlpPGg81JSSEAuYoxiZbHMwg
         CaEgT5Z+sY8dx5Il1I2e/02eeivb7ct3hwt0ajN3FL5x4/43tQod/Qv7JFw/VfwRVWuq
         rzfwcFRzblK3G2sMhRn4yfdwvqxH9LzaIjQL0F1G3vWOmYvfG0oalldXILxjN3BW1P+P
         f1D0yMRhEoJWJDO3XHi2sE6mV2MEkj/K/vnQ7VMv6DdfmHjzjZKytKudDqOzZr3R6gQt
         CWARrpZCp2qLWc2zVrAdON1nySi4kiLy//7GSnQXD7Yjvhw0FKy9QKlJw1rnhgJvkWSF
         7kCw==
X-Gm-Message-State: ABy/qLYFjlKnbJHlCulW50wOZLGG4siJSvNpgki01ZkStXXjUhJiuE7f
 ZoF/vP3uftW7akeYc6c6ZROWFvT7T2o9avpDIdbe1qewSKOfAqcF

Exhibit A | Index 29 | p. 11

X-Google-Smtp-Source:
APBJJlFynBoY2yRrynghAPtSjaxhazkPs1wFHV4iyPiPKTp8Dr1gx7XXoTiPqoJv0GC9NLsIgT/
ztns8aGXh12Thtkc=
X-Received: by 2002:a17:90a:2c8:b0:267:ee56:4c59 with SMTP id
d8-20020a17090a02c800b00267ee564c59mr15663824pjd.35.1691097574811; Thu, 03 Aug 2023
14:19:34 -0700 (PDT)
Mime-Version: 1.0
From: Michael Biglow <michael@biglowlaw.com>
Date: Thu, 3 Aug 2023 16:19:22 -0500
Message-Id: <CACveu=zdxURemdwi7EcqpFyhoDob3_P+4PBuFW46pR+eJtKW3g@mail.gmail.com>
Subject: Photos
To: MattGuertin@protonmail.com
Cc: Michael Biglow <Michael@biglowlaw.com>
Content-Type: text/html
X-Rspamd-Queue-Id: 4RH1vH6DqLz9vNd8
X-Rspamd-Server: cp3-mailin-024.plabs.ch
X-Spamd-Result: default: False [-0.83 / 25.00]; BAYES_HAM(-0.33)[75.87%];
 R_DKIM_ALLOW(-0.20)[biglowlaw-com.20221208.gappssmtp.com:s=20221208];
 R_SPF_ALLOW(-0.20)[+ip4:209.85.128.0/17];
 MIME_GOOD(-0.10)[multipart/mixed,multipart/alternative,text/plain];
 NEURAL_HAM(-0.00)[-0.960]; RCVD_COUNT_ONE(0.00)[1]; FROM_EQ_ENVFROM(0.00)[];
 RCVD_TLS_LAST(0.00)[]; RCPT_COUNT_TWO(0.00)[2]; MIME_TRACE(0.00)[0:+,1:+,2:+,3:~,4:~];
 DKIM_TRACE(0.00)[biglowlaw-com.20221208.gappssmtp.com:+]; TO_MATCH_ENVRCPT_SOME(0.00)[];
 DMARC_NA(0.00)[biglowlaw.com]; FROM_HAS_DN(0.00)[]; ASN(0.00)[asn:15169,
 ipnet:209.85.128.0/17, country:US]; TO_DN_SOME(0.00)[];
 PREVIOUSLY_DELIVERED(0.00)[mattguertin@protonmail.com]; HAS_ATTACHMENT(0.00)[];
 ARC_NA(0.00)[]]
X-Rspamd-Action: no action
X-Pm-Spam: 0yezJI6cihyJeYR3pi42biOpJJvbmsCIeI1msjN3X3blJp7IjBlNIIojwsYjLlITJ
 otIj4C4MMwyiPJFUCR6II4LTQCJLU9kESB1XURJRRJQ1i04TOAjsk9lIWZ1J9pZ1vmZbIpj7SBlI
 0TiQsiOnzF9ccFGtwojIjLwAk2MTyzANMcD53QDODN1UIsMDtmlIYdWlh52XWbiUJoOih3RcYt2f
 tV2cVav9NlYnlnZcZ8FyzIDMDMwcIsNC1nJIb9lul1WYjIioxsYWlWZLYRX1zVmciIiwFpbWjF9b
 YRXly92ZVeu91lYWijoIUJFPU9UTUSO9IsUyhm1IaxWf0F2YWZvdlfcnvHJcYIi614CMzN3Ad9OD
 sX0fINnyiQWaiO2INjNGmTlMNQm0xUGZWZiVVhNG2zYMMEDiiwSf2ciEsiOnfXNacB3h6ISbCMiw
 Nvc2imUcOAjsjNnI3blJI6ZC2C4MLJCyvBXZnciQsiOnWkNUR9FJN9lT1UJBVfS0iDMSOslwsAjL
 jIwI44OSyS4NMYTugUDNGbzlVkdGuGlIIdHsh1mLWazxlrcGuS5ZZQXiiwSXkQZFNfRVijAMOslw
 sUjLnIjNJlb3wiAOLEjwiUTOSXiwNMRlF0hXT9EfO9kT0XRZ5fRE6SIMWAzus0FMlIQN9QRlTVNQ
 IpjbuATLFMs0hUIkfUxTTVUTHF0USR6IAuWzsF0MIRkLf1USkVMFQiSUtlsOM4CxiwSXERJt9TTV
 OUdSRQUiwslOjLdFJSLCE1ZQXl0OT10XEULl9XRV6CITWAzus0FMkIFh9fTEfk9TR9ENOlUQjIbp
 4xMCiSwXV9FTfN0QkQE99UWVUVhRXx0JiUkTlOts4wMC9X1XfQ==
X-Attached: 23-815 Guertin - photos of exterior, interior, person 1.21.pdf
X-Pm-Origin: external
X-Pm-Transfer-Encryption: TLSv1.3 with cipher TLS_AES_256_GCM_SHA384 (256/256 bits)
X-Pm-Content-Encryption: on-delivery
X-Pm-Spamscore: 0
X-Pm-Spam-Action: inbox

Exhibit A | Index 29 | p. 12

**Page 1 of the PDF emailed to me on August 3rd, 2023 by my court appointed attorney Micahel Biglow**

27-MH-PR-23-815 **MATTHEW D. GUERTIN** - Photographs from Minnetonka Police Department, 1-21-23

Exhibit A | Index 29 | p. 13



**'Normal' file/document properties of the PDF emailed to me on August 3rd, 2023 by my court appointed attorney Micahel Biglow which is missing 24 photographs and was created on August 2nd, 2023**



**Embedded metadata properties of the same PDF as retrieved using ExifTool**

```
ExifTool Version Number        : 12.40
File Name                      : 23-815-Guertin-photos-of-exterior-interior-person_1_21.pdf
Directory                      : .
File Size                      : 20 MiB
File Modification Date/Time    : 2023:12:04 22:10:11-06:00
File Access Date/Time          : 2024:03:21 04:23:18-05:00
File Inode Change Date/Time    : 2024:03:21 14:34:30-05:00
File Permissions               : -rw-rw-r--
File Type                      : PDF
File Type Extension            : pdf
MIME Type                      : application/pdf
PDF Version                    : 1.6
Linearized                     : Yes
Author                         : JSF254
Create Date                    : 2023:08:02 17:00:25-05:00
Modify Date                    : 2023:08:02 17:00:25-05:00
XMP Toolkit                    : Adobe XMP Core 9.1-c001 79.2a0d8d9, 2023/03/14-11:19:46
Creator Tool                   : PScript5.dll Version 5.2.2
Producer                       : Acrobat Distiller 23.0 (Windows)
Format                         : application/pdf
Title                          : Microsoft Word - 23-815 Guertin - photos of exterior, interior, person 1.21.23
Creator                        : JSF254
Document ID                    : uuid:5207e826-8191-4877-add1-c622ebedb48f
Instance ID                    : uuid:030f240c-6d7d-41ee-bf49-0861fcc598d9
Page Count                     : 56
```

> **Below is an excerpt from page 2 of Jill Rogstad's examination report in which she states that she reviewed 'discovery materials' related to case 27-CR-23-1886 which included a total of "104 photographs" - which would've been taken on January 21ˢᵗ, 2023**

- Mr. Guertin also sent me seven unsolicited email messages on February 13, 2023; February 14, 2023; February 15, 2023; March 2, 2023; and March 3, 2023.

**Records Reviewed**

- The current criminal complaint, Fourth Judicial District, filed January 24, 2023.
- Incident report from the alleged instant offense, Minnetonka Police Department, dated January 21, 2023.
- An incident report regarding incident number MP23000151, Minnetonka Police Department, dated January 12, 2023.
- MNCIS records from court file number 27-CR-23-1886 and other cases referencing the defendant.
- The following discovery materials related to the alleged instant offense:
  - Audio recording from the statement Mr. Guertin made to law enforcement at the time of his arrest.
  - 104 photographs from the alleged offense.

> **Below is an excerpt from the front page (page 1) of Michael Robertson's examination report which lists the PDF document titled '23-815 Guertin - photos of exterior, interior, person 1.21' as one of the items reviewed to help produce the final report.**

1. Examiner's Name: Michael Robertson PsyD, LP
2. Date of Examination: **08/01/2023**
3. Location of Examination: HCGC video/phone interview:
4. Persons present at the examination:

**Matthew David Guertin**,
Court File Number: **27-MH-PR-23-815**

Michael Biglow Resp/Def Atty; Lea De Souza Hosp/Hen Atty; Nadia Garavito

5. Documents reviewed:

Pre-petition Screening Report (PSR), Keith Moore, RN, 7/17/23
Forensic Evaluation Report, Rule 20.01, Jill Rogstad, PhD., LP, ABPP, 3/10/23
Findings of facts and Order regarding incompetency to proceed, Hon. M. Browne, 7/13/23
Copy of a Letter from California Psychiatrist Dr. Shuster,4/7/23
Guertin HC Sheriff Forensic Exam Rpt #2 1.21.23
23-815 Guertin - photos of exterior, interior, person 1.21
Guertin Crystal PD Rpt 08-015226 7.15.08
Guertin HC Sheriff Forensic Exam Rpt #1 1.21.23
Email with photos directly from Mr. Guertin on 8/4/2023 around 12Noon.
Records from: Hennepin County Adult Detention Center.



EXHIBIT
**E**

> **Below is the metadata embedded in '23-815 Guertin - photos of exterior, interior, person 1.21.pdf' which was emailed to Matthew D Guertin by Michael Biglow on August 3ʳᵈ, 2023. The date of the offense and when photographs were taken would January 21ˢᵗ, 2023. The PDF emailed to Mr. Guertin only contains a total of 80 photographs, many of which appear to be cropped to different sizes in addition to one of the images containing what appears to be sign of intentional image manipulation.**

| | |
|---|---|
| **Author** | : JSF254 |
| **Create Date** | : 2023:08:02 17:00:25-05:00 |
| **Modify Date** | : 2023:08:02 17:00:25-05:00 |
| **XMP Toolkit** | : Adobe XMP Core 9.1-c001 79.2a0d8d9, 2023/03/14-11:19:46 |
| **Creator Tool** | : PScript5.dll Version 5.2.2 |
| **Producer** | : Acrobat Distiller 23.0 (Windows) |
| **Format** | : application/pdf |
| **Title** | : Microsoft Word - 23-815 Guertin - photos of exterior, interior, person 1.21.23 |
| **Creator** | : JSF254 |
| **Document ID** | : uuid:5207e826-8191-4877-add1-c622ebedb48f |
| **Instance ID** | : uuid:030f240c-6d7d-41ee-bf49-0861fcc598d9 |
| **Page Count** | : 56 |

Exhibit A | Index 29 | p. 15

**PDF file name :** '23-815 Guertin - photos of exterior, interior, person *1.21*.pdf'
**PDF file size :** 21,034,347 bytes   **Page count :** 56   **Image count :** 80   **Images missing :** 24
**Michael Biglow emailed PDF to Matthew D Guertin :** *Aug 3rd, 2023*

**PDF METADATA:   Create Date :** *Aug 2nd, 2023*   **Modify Date :** *Aug 2nd, 2023*   **Creator :** JSF254
**Author :** JSF254   **Producer :** Acrobat Distiller 23.0 (Windows)   **XMP Toolkit Date :** *2023/03/14*



Exhibit A | Index 29 | p. 16

# Wikipedia excerpt about aspect ratio's & photography



## 4:3 Aspect Ratio

4:3 is used by most digital point-and-shoot cameras, Four Thirds system, Micro Four Thirds system cameras and medium format 645 cameras. The 4:3 digital format popularity was developed to match the then prevailing digital displays of the time, 4:3 computer monitors.

The next several formats have their roots in classic film photography image sizes, both the classic 35 mm film camera, and the multiple format Advanced Photo System (APS) film camera. The APS camera was capable of selecting any of three image formats, APS-H ("High Definition" mode), APS-C ("Classic" mode) and APS-P ("Panoramic" mode).

## 3:2 Aspect Ratio

3:2 is used by classic 35 mm film cameras using a 36 mm × 24 mm image size, and their digital derivatives represented by DSLRs. Typical DSLRs come in two flavors, the so-called professional "full frame" (36 mm × 24 mm) sensors and variations of smaller, so called "APS-C" sensors. The term "APS" is derived from another film format known as APS and the "-C" refers to "Classic" mode, which exposed images over a smaller area (25.1 mm × 16.7 mm) but retaining the same "classic" 3:2 proportions as full frame 35 mm film cameras.

When discussing DSLRs and their non-SLR derivatives, the term APS-C has become an almost generic term. The two major camera manufacturers Canon and Nikon each developed and established sensor standards for their own versions of APS-C sized and proportioned sensors. Canon actually developed two standards, APS-C and a slightly larger area APS-H (not to be confused with the APS-H film format), while Nikon developed its own APS-C standard, which it calls DX. Regardless of the different flavors of sensors, and their varying sizes, they are close enough to the original APS-C image size, and maintain the classic 3:2 image proportions that these sensors are generally known as an "APS-C" sized sensor.

The reason for DSLR's image sensors being the flatter 3:2 versus the taller point-and-shoot 4:3 is that DSLRs were designed to match the legacy 35 mm SLR film, whereas the majority of digital cameras were designed to match the predominant computer displays of the time, with VGA, SVGA, XGA and UXGA all being 4:3. Widescreen computer monitors did not become popular until the advent of HDTV, which uses a 16:9 image aspect ratio.

## 16:9 Aspect Ratio

Known as APS-H (30.2 mm × 16.7 mm), with the "-H" denoting "High Definition", the 16:9 format is also the standard image aspect ratio for HDTV. 16:9 is gaining popularity as a format in all classes of consumer still cameras which also shoot High Definition (HD) video. When still cameras have an HD video capability, some can also record stills in the 16:9 format, ideal for display on HD televisions and widescreen computer displays.

https://en.Wikipedia.org/wiki/Aspect_ratio_(image)#Still_photography

Exhibit A | Index 29 | p. 17

| page-img# | W-px | H-px | image-ratio | location of photo | image notes |
|---|---|---|---|---|---|
| 01-01 | 1430 | 953 | 3:2 | outdoors | |
| 01-02 | 1430 | 953 | 3:2 | outdoors | |
| 02-03 | 1430 | 953 | 3:2 | outdoors | |
| 02-04 | 1430 | 953 | 3:2 | outdoors | |
| 03-05 | 1430 | 953 | 3:2 | outdoors | |
| 03-06 | 1430 | 953 | 3:2 | outdoors | |
| 04-07 | 1430 | 953 | 3:2 | outdoors | |
| 04-08 | 1430 | 953 | 3:2 | outdoors | |
| 05-09 | 1430 | 953 | 3:2 | outdoors | |
| 05-10 | 1430 | 953 | 3:2 | outdoors | |
| 06-11 | 1430 | 953 | 3:2 | outdoors | |
| 06-12 | 1430 | 953 | 3:2 | outdoors | |
| 07-13 | 1430 | 953 | 3:2 | outdoors | |
| 07-14 | 1430 | 953 | 3:2 | outdoors | |
| 08-15 | 1430 | 953 | 3:2 | outdoors | |
| 08-16 | 1430 | 953 | 3:2 | outdoors | |
| 09-17 | 1430 | 953 | 3:2 | outdoors | |
| 09-18 | 1430 | 953 | 3:2 | outdoors | |
| 10-19 | 1430 | 953 | 3:2 | outdoors | |
| 10-20 | 1430 | 953 | 3:2 | outdoors | |
| 11-21 | 1430 | 953 | 3:2 | outdoors | |
| 11-22 | 1430 | 953 | 3:2 | outdoors | |
| 12-23 | 1430 | 953 | 3:2 | outdoors | |
| 12-24 | 1430 | 953 | 3:2 | outdoors | |
| 13-25 | 1430 | 953 | 3:2 | outdoors | |
| 13-26 | 1430 | 953 | 3:2 | outdoors | |
| 14-27 | 1430 | 953 | 3:2 | outdoors | |
| 14-28 | 1430 | 953 | 3:2 | outdoors | shows the inversion table on deck |
| 15-29 | 1430 | 953 | 3:2 | inside-building-hallway | |
| 15-30 | 1430 | 953 | 3:2 | inside-building-hallway | |
| 16-31 | 1430 | 953 | 3:2 | inside-building-hallway | |
| 17-32 | 1319 | 1979 | 2:3 | inside-building-hallway | |
| 18-33 | 1319 | 1979 | 2:3 | inside-Guertin-residence | |
| 19-34 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 19-35 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 20-36 | 1430 | 953 | 3:2 | inside-Guertin-residence | this image is a duplicate of 23-40 - It is a zoomed in, cropped version with brightness / color adjusted |
| 20-37 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 21-38 | 1430 | 953 | 3:2 | inside-Guertin-residence | |

EXHIBIT
G

| page-img# | W-px | H-px | image-ratio | location of photo | image notes |
|---|---|---|---|---|---|
| 22-39 | 1114 | 1889 | 1:1.696 | inside-Guertin-residence | |
| 23-40 | 1430 | 953 | 3:2 | inside-Guertin-residence | image has been rotated clockwise (edited) - can be 100% established based on the lens warping |
| 23-41 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 24-42 | 1087 | 1885 | 1:1.734 | inside-Guertin-residence | |
| 25-43 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 25-44 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 26-45 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 26-46 | 1430 | 953 | 3:2 | inside-Guertin-residence | |
| 27-47 | 1134 | 1939 | 1:1.710 | inside-Guertin-residence | |
| 28-48 | 1224 | 2153 | 1:1.759 | inside-Guertin-residence | |
| 29-49 | 1430 | 953 | 3:2 | inside-Guertin-residence | bottom half of PDF page is missing image |
| 30-50 | 1214 | 1967 | 1:1.620 | inside-Guertin-residence | |
| 31-51 | 1109 | 1895 | 1:1.709 | inside-Guertin-residence | |
| 32-52 | 1129 | 1931 | 1:1.710 | inside-Guertin-residence | |
| 33-53 | 1159 | 1960 | 1:1.691 | inside-Guertin-residence | |
| 34-54 | 1431 | 805 | 16:9 | inside-Guertin-residence | bottom cropped - hides the lighting bar and side view of prototype |
| 34-55 | 1431 | 805 | 16:9 | inside-Guertin-residence | bottom cropped - hides the lighting bar and side view of prototype |
| 35-56 | 1431 | 805 | 16:9 | inside-Guertin-residence | bottom cropped - hides all of the books about business and corporate start-ups I intentionally left on floor |
| 35-57 | 1431 | 805 | 16:9 | inside-Guertin-residence | |
| 36-58 | 1430 | 953 | 3:2 | inside-Guertin-residence | shows the books on floor that are cropped out in '35-56' - bottom half of PDF page is missing an image |
| 37-59 | 831 | 1375 | 1:1.655 | inside-Guertin-residence | |
| 38-60 | 1431 | 805 | 16:9 | inside-Guertin-residence | |
| 38-61 | 1431 | 805 | 16:9 | inside-Guertin-residence | |
| 39-62 | 1152 | 1976 | 1:1.715 | inside-Guertin-residence | left side of image is significantly cropped |
| 40-63 | 1137 | 1912 | 1:1.682 | inside-Guertin-residence | right side cropped - hides bathroom vanity |
| 41-64 | 1172 | 1851 | 1:1.579 | inside-Guertin-residence | |
| 42-65 | 1430 | 953 | 3:2 | inside-Guertin-residence | intentionally cropped to not show photography lights against ceiling - bottom half of PDF page is missing an image/empty |
| 43-66 | 1187 | 1962 | 1:1.653 | inside-Guertin-residence | |
| 44-67 | 1431 | 805 | 16:9 | inside-Guertin-residence | bottom cropped - hidess bathroom vanity |
| 44-68 | 1431 | 805 | 16:9 | inside-Guertin-residence | image is cropped - hides the tiled sink backsplash - hides the large amount of vitamins on right side of the cabinet |

| page-img# | W-px | H-px | image-ratio | location of photo | image notes |
|---|---|---|---|---|---|
| 45-69 | 1194 | 2066 | 1:1.730 | **inside-Guertin-residence** | right side cropped - hides inversion table sitting on deck visible in '14-28' |
| 46-70 | 1209 | 2052 | 1:1.697 | **inside-Guertin-residence** | image cropped - hides inversion table on deck - hides circular green cover for invention sitting to the right |
| 47-71 | 1204 | 1993 | 1:1.655 | **inside-Guertin-residence** | |
| 48-72 | 1244 | 1961 | 1:1.576 | **inside-Guertin-residence** | |
| 49-73 | 1254 | 2041 | 1:1.628 | **inside-Guertin-residence** | |
| 50-74 | 1239 | 2025 | 1:1.634 | **inside-Guertin-residence** | writing continues on next page - no photo of it - image '30-50' shows 2nd page & movement of notebook |
| 51-75 | 1269 | 2020 | 1:1.591 | **inside-Guertin-residence** | |
| 52-76 | 1431 | 1908 | 3:4 | Minnetonka-Police-Station | |
| 53-77 | 1431 | 1908 | 3:4 | Minnetonka-Police-Station | |
| 54-78 | 1431 | 1908 | 3:4 | Minnetonka-Police-Station | |
| 55-79 | 1435 | 1908 | 3:4 | Minnetonka-Police-Station | |
| 56-80 | 1431 | 1908 | 3:4 | Minnetonka-Police-Station | |

**There is 104 total photographs documented as 'reviewed discovery materials' in Dr. Jill Rogstad's 'Confidential Forensic Evaluation Report' report dated March 10th, 2023 pertaining to case 27-CR-23-1886**

**The PDF I was emailed only contains 80 total photographs - It is missing 24 photographs - meaning that nearly a quarter of the documented total is missing from the PDF**

Out of the 80 photo's I did receive, 43 of them (54%) are photographs taken on January 21st, 2023 of the inside of my prior apartment residence in Minnetonka, MN

The remaining 37 photographs (46%) were all taken outside of the apartment in either the back courtyard, apartment building hallway, or at the Minnetonka Police Department

ALL (100%) of the photographs that were not taken inside of apartment maintain perfectly uniform aspect ratios - 3:2 for the camera used on site and 4:3 for the camera used at the Minnetonka police station

**Out of the 43 total photographs that were taken inside of the apartment only 15 (35%) maintain the 3:2 aspect ratio of the camera that was used**

The remaining 28 photographs (65%) which do not maintain the uniform aspect ratio vary significantly in their pixel dimensions and aspect ratios which proves beyond any reasonable doubt that someone manually took the time to crop each of the images by hand (as opposed to some sort of automated 'batch' cropping process being carried out)

Exhibit A | Index 29 | p. 20

By analyzing the very noticeable lens barrel distortion that is present in the images taken inside (caused by the wide angle lens used) it is possible to further substantiate that the images have been manipulated and are not in their original, and authentic format as presented in the PDF file emailed to me - **This includes editing of images which do maintain the native 3:2 aspect ratio of the camera** including images 20-36, 23-40, 36-58, and 42-65 - These 4 images in particular contain multiple vertical image elements (walls, window & door sills, etc.) which can be used to very easily analyze, and visualize the true horizontal center position of the original (unedited) image

**The editing of these 4 additional images means that out of the 43 photos taken inside of the apartment at least 32 of them (74.4%) have been edited**

**Out of the 43 images taken inside of my prior residence there are only 2 images (4.5%) shown of my 'rotating treadmill' invention** in images 34-54 and 34-55 - both of which do not maintain the established 3:2 ratio of the camera used and have very clearly been cropped - This can be substantiated further by determining the true horizontal center of image 34-54 based on the lens barrel distortion present in all of the images taken inside which makes it easy to determine that a perfectly vertical line would occur just to the left of center of the wood grain door visible in the image, around the 1/3 (33%) position of the door if it were vertically cut into 3 sections of equal width with 0% being the left-hand side of the doors visible wood grain - This easily established horizontal position is NOT positioned in the center of image 34-54 as it should be if it were authentic, original, and unedited

**There are zero photographs included which are taken from the perspective of someone standing at glass patio door looking 'back' into room from outside** - This view would not only reveal an image of my entire invention in the frame but would also add an enormous amount of context insofar as what all of the tools are actually for, why there is a painting tarp on the floor, the source of the metal bar used to prevent the door (visible in 34-54) from being pulled open from the outside, and the entire reason why my place appears to be so cluttered and 'messy' in general - Almost EVERYTHING you see in the images besides the furniture and basic living essentials exists solely for the purpose of building the working prototype that very clearly appears to be intentionally excluded from the photographs contained in the PDF I was emailed

Based on the editing of these images which has been determined beyond any reasonable doubt based on simple mathematics and long established, widely recognized standards pertaining to photography, aspect ratios, and the optical characteristics of the lenses used for photography I believe that the editing / cropping of these images was very clearly carried out for the explicit purpose of presenting a carefully crafted narrative - One based on a completely dishonest and deceptive visual presentation of my apartment carried out through the creation of completely fraudulent discovery material which was then introduced into my case (#27-CR-23-1886) - **Based on the established rules of the court and the chain of custody pertaining to evidence, this significant act of fraud and deception would had to have originated, and been carried out and/or knowingly procured by someone working within the Hennepin County 4th Judicial District Court itself**

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

**The following is my personal opinion of the overall false narrative that is being portrayed via the creation and injection of this fraudulent discovery material into my case:**

1. The image cropping makes sure at no time any sort of organization is portrayed. One of the clearest examples of this I believe is that there are no images included that show a full view of all of the tools or my entire kitchen area workstation as a whole. By only showing the tops of the tools it conveys a subconscious feeling of clutter, disorganization and 'chaos'

2. There seems to be an intentional exclusion of anything that would portray a 'professional' workflow of any kind. Examples of this would include what appears to be the intentional exclusion of my Herman Miller office chair that is at the kitchen table where my laptop screen is, as well as making sure not to include any images which show a closeup of my professional workstation, desk, monitor, etc. Another example of this would be the intentional cropping out of the books laid out on the floor which all pertained to corporate start-ups, and learning how to successfully launch a new company

3. The intentional cropping out of the bathroom vanity combined with never showing a full view of the kitchen,  all seems to be intentionally done for the purpose of trying to portray my apartment as being a 'dumpy shit-hole' - A conclusion one could easily arrive at based on the outside appearances of the building itself. In none of the images at all would one be able to arrive at the conclusion that when I moved into the unit it was a completely brand new remodel which included brand new 'everything' which was due to there being a fire not long before I moved in. This includes brand new flooring, cabinets, granite counter-tops, brushed stainless steel appliances, oversized stainless-steel kitchen sink, bathroom tile, vanity, shower, etc. In addition I made sure to buy matching 'brushed stainless' kitchen appliances such as the toaster that is not shown.  A full and complete view of the kitchen and bathroom would very easily cause someone viewing the presented images to arrive at the conclusion that my apartment was actually much nicer than is being portrayed in the images

4. Anything at all that would remotely hint at photography or video related items related to the 'big green elephant' sitting in the middle of the living room which is never shown in full, also all appears to be intentionally cropped out. This would include cropping of the images taken in the bedroom so that the light boxes against the ceiling are never shown in addition to making sure to crop out the gigantic roll of black fabric sitting against the wall to the left when entering the bedroom (partially visible in 36-58). In addition there are no images at all included which ever show a full view of the black, wire-frame shelf that is sitting against the wall just to the right as you walk into the apartment (also partially visible in 36-58) which would not only indicate that something mechanical of a substantial nature was being built, but would once again show a very clear portrayal of 'organization'

Exhibit A | Index 29 | p. 22

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

5. Making sure to not include a clear view of the inversion table that is sitting outside on the deck in images 45-69 and 46-70 combined with the carefully cropped 44-68 image which is focused solely on my adderall prescription containers (including some empty ones I simply hadn't thrown away..) while making sure to crop out the plastic bin sitting on the right side of the cabinet that is filled with vitamins and supplements seems to be a very intentionally crafted exclusion of anything at all which would convey an image of someone who was trying their best to live a balanced and health focused lifestyle. It is worth noting that I had been on the same Adderall prescription for many years prior to this incident and it is the exact same one I am still on currently as it has helped me out tremendously with something I have had significant struggles with since I was very young

6. All of the above, when combined very clearly points to a well thought out, and meticulously crafted false narrative portrayed through the creation of fraudulent discovery material that was injected into my court case for the sole purpose of trying to portray me in the most negative light possible

Exhibit A | Index 29 | p. 23

image: **20-36**   native size: **1430x953**   **3:2**





EXHIBIT

H

image: **23-40**   native size: **1430x953**   **3:2**



image: **30-50**   native size: **1214x1967**   **1:1.620**



image: **34-54**   native size: **1431x805**   **16:9**



image: **34-55**   native size: **1431x805**   **16:9**



image: **35-56**   native size: **1431x805**   **16:9**



Exhibit A | Index 29 | p. 24

image: 35-57   native size: 1431x805   16:9



image: 36-58   native size: 1430x953   3:2



image: 37-59   native size: 831x1375   1:1.655



image: 38-60   native size: 1431x805   16:9



image: 39-62   native size: 1152x1976   1:1.715



image: 38-61   native size: 1431x805   16:9



Exhibit A | Index 29 | p. 25

image: **40-63**   native size: **1137x1912**   **1:1.682**



image: **42-65**   native size: **1430x953**   **3:2**



image: **45-69**   native size: **1194x2066**   **1:1.730**

image: **44-67**   native size: **1431x805**   **16:9**





image: **46-70**   native size: **1209x2052**   **1:1.697**

image: **50-74**   native size: **1239x2025**   **1:1.634**





Exhibit A | Index 29 | p. 26

**Images below are all 350 pixel wide crops from the images contained in the PDF file '23-815 Guertin - photos of exterior, interior, person 1.21.pdf'**



**Image 44-68   350x190 pixels scaled @ 500%
with no interpolation applied = 1750x950px**

all 3 of these images are directly extracted from PDF images at indicated pixel size and then all were scaled to 5x their original size with no interpolation or smoothing applied during scaling

all 3 have a matching width of 350px wide before being scaled meaning they should all appear identical insofar as any compression artifacts, etc.

all are a 1:1 comparison in terms of pixel density



**Image 30-50   350x190 pixels scaled @ 500%
with no interpolation applied = 1750x950px**

Out of the 80 images in the PDF this one from page 30 is the only one in which these jagged block like artifacts appear - look at the edges of the white menu windows on the screen.

This image is either edited or intentionally had the image compression levels set extremely high (higher than all of the other images..)



EXHIBIT
I

**Image 16-31   350x138 pixels scaled @ 500%
with no interpolation applied = 1750x690px**

Exhibit A | Index 29 | p. 27

**One of the photos presented in the PDF is actually a duplicate** - one which has been cropped, rotated, and brightened to deceptively pass it off as 'unique'







<~~~ Image 20-36 placed atop image 23-40

**20-36 and 23-40 are the same photograph**

I was able to accomplish this very easily using rotation, scaling, and some very minor perspective transforms (individually moving/adjusting the 4 corners of the image)

also notice that both images have the same exact camera flash reflection which further substantiattes that they are in fact the same - if this were not the case achieving perfect alignment of the images (and text..) through manual adjustments would still technically be possible but require a lot more effort due to the wide angle lens distortion present in all of the apartment photographs

<~~~ Same as above except some 'quick and dirty' adjustment of the levels was carried out on 20-36 so that it more closely matches 23-40



EXHIBIT

J

## Using the lens distortion present in photographs to further substantiate fraud by determining true lens center to confirm image cropping and regions of focus

### Barrel distortion

You know how big barrels have a narrow top and bottom but an expanded center? Well, that's exactly what happens to straight lines in a photo with barrel distortion.

If you use a lens plagued by barrel distortion to photograph a series of lampposts, the lamps will curve outward:



**EXHIBIT K**

Barrel distortion is one of the most common lens distortions in photography, and it generally happens when you use a wide-angle lens (or the wide portion of a zoom). Keep in mind that the shorter the focal length, the more pronounced the distortion.

https://digital-photography-school.com/lens-distortion-in-photography/

---

**23-40   Image is rotated clockwise approximately 19.5 degrees from true vertical**

**shows the large arc radius of the lens warping the grid above demonstrates image is rotated**





Exhibit A | Index 29 | p. 29

**34-54   white dashed line is true center**



**36-58   white dashed line is true center**



**39-62   white dashed is arc   white solid is not
entire left side workstation / desk cropped out**



EXHIBIT

L

**40-63   right side (vanity) is cropped out**



**45-69   right side / inversion table is cropped**

**42-65   left fabric rolls/top light boxes cropped**





Exhibit A | Index 29 | p. 30

# Revealing the intentionally missing context of the fraudulent discovery photo's

**I took all three book photos on Oct 10th, 2022**     **ALL POLICE PHOTOS TAKEN ON JAN 21st, 2023**



**35-56   one of the books is still visible**





**36-58   almost all of the books are visible here**





**Green line shows cropping at bottom of lights**
**I took this bedroom photo on Dec 2nd, 2022**     **42-65  Top (lights) and left (fabric roll) cropped**





Exhibit A | Index 29 | p. 31

# Revealing the intentionally missing context of the fraudulent discovery photo's

**Photo of my prototype I took on Dec 7th, 2022**

**ALL POLICE PHOTOS TAKEN ON JAN 21st, 2023**



**34-54   bottom & top cropped - hides invention**



**34-55   bottom cropped to hide lightbar**



**Photo I took on February 3rd, 2023**



**Photo I took on February 3rd, 2023**



**38-61   left side cropped to hide invention**



Exhibit A | Index 29 | p. 32

# Revealing the intentionally missing context of the fraudulent discovery photo's

**ALL POLICE PHOTOS TAKEN ON JAN 21st, 2023**

**Photo I took late June of 2020 before moving in**



**40-63   right side cropped to hide vanity & sink sink**



**Photo of workstation I took October 18th, 2022**



**39-62   Left side cropped to hide work desk**



**Photo of workstation I took October 24th, 2022**



Exhibit A | Index 29 | p. 33

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

# Revealing the intentionally missing context of the fraudulent discovery photo's

**Photos I took late June of 2020 before moving in**



**ALL POLICE PHOTOS TAKEN ON JAN 21st, 2023**

## ALL images are cropped to never show full kitchen / fridge / sink / tile backsplash



**28-48**          **30-50**

 



**36-58**





**Photo I took September 30th, 2022**



**Inversion table cropped out in all images**

**46-70**          **45-69**

 

**Photo I took October 19th, 2022**



Exhibit A | Index 29 | p. 34

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

# Additional photo's for timeline context prior to incident on January 21st, 2023

**June 11th, 2022**



**October 18th, 2022**



**October 21st, 2022**



**October 29th, 2022**



**October 30th, 2022**



**October 24th, 2022**



**November 30th, 2022**



**December 2nd, 2022**

**December 3rd, 2022**



**December 7th, 2022**



Exhibit A | Index 29 | p. 35

Filed in District Court
State of Minnesota
4/4/2024 7:25 AM

## Fw: Something everyone MUST SEE / Matthew Guertin



EXHIBIT
**M**

From matt xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx >

To      Milz, Adam<Adam.Milz@courts.state.mn.us>

Date   Wednesday, January 3rd, 2024 at 9:40 AM

Adam,

Good morning and happy new year.

I just figured you may want to review some of this prior to our meeting this afternoon. I am just forwarding you the email I sent on December 29th

It includes the following attachments:

- Both of my prior psychological reports resulting from the incident at my apartment on January 21st, 2023 as prepared through the Hennepin County Courts

- a Netflix, Inc. patent that was granted on November 7th with my name and patent listed at the VERY top of it (right above Kanye West)

- My patent - US11577177

- A very detailed visual graph I assembled which clearly establishes the fact that I am not only being 'targeted', but which I believe also hints at a very strong indication of outside 'forces' being involved in my court proceedings.

- A zip file which contains digital forensic PROOF of the above mentioned graph insofar as containing all of the email headers, raw html, .eml exports, and a .PDF file for each and every one of the search dates, companies, and governmental entities I name in the graph.

- All significant email interactions between myself and Dr. Jill Rogstad prior to and following our meeting on March 1st, 2023.

- A letter from my California psychiatrist that I've been seeing for over 7 years in which he is directly responding to Dr. Jill Rogstad's report.

I will follow up with the one other email that was part of this (which is much shorter..)

I would also like you to be aware that while I most certainly will be connecting on Zoom per our scheduled meeting this afternoon I may also choose to be very particular about what I choose to discuss or participate in as far as

Exhibit A | Index 29 | p. 36

whatever it is exactly that my 'exam' consists of. Based on everything that I have now uncovered, the obvious as well as confirmed involvement of outside forces applying pressure to the courts and directly monitoring my case, the blatantly deceptive and egregious report of Dr. Jill Rogstad, along with the additional discovery I've made of someone within the Hennepin County Court system itself involved in what I would assume is a 'criminal' act by producing an alternate (fraudulent..) version of discovery materials related to my case which was not only missing 24 images but which also contains very clear signs of image manipulation it is fair to say that I do not trust anyone at all - which includes you. With that said however it does not mean I won't be respectful and cordial in our interactions, rather I am simply being very upfront, and direct about my current feelings about all of this.

It is in fact because of this very same lack of trust that I have also fired my court appointed attorney, Michael Biglow and am currently representing myself in all court matters moving forward.

I will follow up with one additional email as mentioned above and then I will see you this afternoon.

Thank you

Sincerely,

Matthew David Guertin
Inventor / Founder / CEO
InfinISet, Inc.
Minneapolis, MN
MattGuertin.com
US11577177B2


Sent with Proton Mail secure email.

------- Forwarded Message -------
From: Matt Guertin <xxxxxxxxxxxxxxxxxxxxxxxxxxxxx>
Date: On Friday, December 29th, 2023 at 2:39 PM
Subject: Something everyone MUST SEE / Matthew Guertin
To: **Welch, Hanna** (**Klobuchar**) <**Hanna_Welch@klobuchar.senate.gov**>, **sjohnson@minnetonkamn.gov** <**sjohnson@minnetonkamn.gov**>, Krystal Beauchane <**kbeauchane@plymouthmn.gov**>, Xxxxxxxxxxx**@hennepin.us** <Xxxxxxxxxxx**@hennepin.us**>, Xxxxxxxxxxxxx <Xxxxxxxxxxxxx**@hennepin.us**>, Xxxxx Xxxxxxx <xxxxxxxxxxxxxxxxxxxxxxxxx>, Xxxxxx Xxxxxx <xxxxxxxxxxxxxxxxxxxxxxxxx>

Hello fellow Minnesotans,

This is Matthew David Guertin who was born on July 17th during the year of 1981

This email is being sent to Samantha Johnson (Minnetonka, MN Police Detective Badge #133), Krystal Beauchane (Plymouth, MN Police Officer Badge #147), Hanna Welch (Staffer for US Senator Amy Klobuchar

whom I had direct email communication with and also filled out and filed a prior 'Information Release Form' with to try and get help earlier regarding my current 'situation' involving Netflix, and various US Federal Government agencies including the USPTO, US Army, US State Department, US Air Force, DARPA, Defense Intelligence Agency, and the US IndoPacific Command)

My interactions with Amy Klobuchar's office as well as 'proof' of my 'former CIA' welder along with additional ties to the country of Israel can be viewed here - mattguertin.substack.com/p/us-senator-amy-klobuchar-contacted

In addition I am also sending this email to two of my case workers with 'XXXX XXXX' who have been assigned to me as a result of the 'Plan For Care' agreement I entered into for the purpose of satisfying the terms of the 'Stayed Order of Civil Commitment' that was issued through the Hennepin County 4th Judicial District Courts on August 4th of this year, and which all stems from the incident that occurred at my apartment in Minnetonka, MN on January 21st of this year (2023) in which I shot a gun into the air after I became convinced my life was in grave danger (which I address in more detail below)

My complete mindset and the series of events that took place prior to and after I shot the gun off can be viewed here - mattguertin.substack.com/p/have-a-standoff-with-police-and-swat

In addition I am also including two additional people who work directly within the Hennepin County Court system and are involved with my case as recipients of this email but whose names I am withholding due to the fact that they are not exactly classified as 'public figures' in the way that a Police Officer / Detective or United States Senator such as Amy Klobuchar would be as well as the fact that they have actually been helpful in alleviating some of the anxiety and stress that's resulted from everything I have been subjected to thus far as a result of coming up with a good idea, filing a patent for it, and 'minding my own business'

My initial conception of the idea can be viewed here - mattguertin.substack.com/p/infiniset-concept-is-conceived

What I was very happily and excitedly doing prior to suddenly suffering from an acute and severe 'mental health issue' consisting of 'Schizophrenia and/or Psychosis' can be viewed here - mattguertin.substack.com/p/2021-2023-building-business-and-prototype

Attached to this email are the following items:

- a zip file named 'LinkedIn-Email-PGP-Headers-PROOF.zip' which contains all of the PGP Headers for each email, raw HTML for each email, .eml export for each email, and a non-redacted PDF print out of each individual email - all of which corresponds to the 'LinkedIn Search & Count Graph' which I am embedding into the body of this email below - The reason this particular data is so important is because it serves to 100% digitally authenticate and verify EACH AND EVERY SINGLE ONE OF THE INDIVIDUAL SEARCHES I LIST IN MY GRAPH AS WELL AS THE CORRESPONDING SEARCH COUNTS - The most important piece of information being the PGP headers which can in fact be digitally 'verified' / 'authenticated' to a pretty reasonable degree simply by copying and pasting the text from each of the files named 'PGP.txt' in the individually dated folders into a website such as this one here - dnschecker.org/email-header-analyzer.php as well as this one - mxtoolbox.com/EmailHeaders.aspx   In the interest of making everything as clear and easy to understand as possible I also attached the result of both of these above mentioned websites after I pasted in the text from the PGP.txt file corresponding to the automated LinkedIn email I received on January 21st, 2023 showing the searches that occurred the

Exhibit A | Index 29 | p. 38

week prior leading up to that date - which you may happen to recognize happens to be the very same date that my police 'standoff' occurred....we'll get back to this point a little later though...

These two corresponding files I attached for reference are named 'Headers_DNS-Checker_Example_2023-01-21.png' and 'Headers_MX-Toolbox_Example_2023-01-21.png'

- '<u>Rule 20 Evaluation Report.pdf</u>' from Dr. Jill Rogstad dated March 10th, 2023 -
  Dr. Jill Rogstad's egregious report can be viewed here as well - <u>mattguertin.substack.com/p/declared-as-schizophrenic-psychotic</u>

- '<u>2023_8_4_CtExamRpt_27-MH-PR-23-815_M_Guertin_MI-Only.pdf</u>' which is internally titled as 'EXAMINER'S REPORT FOR PROCEEDING FOR COMMITMENT AS A PERSON WHO POSES A RISK OF HARM DUE TO A MENTALLY ILLNESS' completed by 'Michael Robertson PsyD, LP' on August 1st, 2023 with an official date of completion listed as August 4th, 2023  -
  Michael Robertsons report can also be viewed here - <u>mattguertin.substack.com/p/dodge-a-bullet-im-not-committed</u>

- The image file '<u>LinkedIn_SearchCountGraph_v5_1200w.png</u>' (embedded below) which is made up the LinkedIn search data I compiled (and am 100% proving/verifying by my inclusion of the .zip file mentioned above) and which also serves as an overall 'event timeline' which very clearly lays out the complete series of events from the very beginning of the current 'adventure' I am on which started with me creating my website, and then suddenly thinking up the idea for my patent all the way until currently (Now..) due to the fact that I have also added relevant personal and business related events to the timeline as well which includes my police 'standoff' on January 21st in addition to my interactions with the court system among many other things.
  The LinkedIn Search and Count Graph can also be viewed here - <u>mattguertin.substack.com/p/linked-in-search-count-graph</u>

- A zip file named '<u>Dr-Jill-Rogstad-Email-Communication.zip</u>' which contains a total of 23 emails between myself and Dr. Jill Rogstad spanning February 13th, 2023 (pre-meeting) to May 1st, 2023 (post-meeting) with said 'meeting' occurring on March 1st of this year at the Hennepin County Government Center located in downtown Minneapolis.
  All of my communication with Dr. Jill Rogstad is shared here as well - <u>mattguertin.substack.com/p/declared-as-schizophrenic-psychotic</u>

- '<u>Mathew-G-letter.pdf</u>' which is a letter written on my behalf as both a character statement as well as a response to Dr. Jill Rogstad's egregious report by my doctor whom I have been seeing for the last 7+ years and whose office is located in Sherman Oaks, CA -  Which can be viewed here as well
  - <u>mattguertin.substack.com/p/my-doctor-of-7-years-responds</u>

- '<u>US11577177B2.pdf</u>' which is US Patent 11,577,177 published on February 14th, 2023 of which I am listed as the applicant as well as the inventor of and which is assigned to InfiniSet, Inc. which is a

Delaware Corporation registered in MN as a 'Foreign Corporation' of which I am the CEO of.
Which can be viewed here as well - mattguertin.substack.com/p/officially-granted-my-first-patent-ever
And the official patent can be downloaded from here - patentimages.storage.googleapis.com/10/a8/56
/6e9cdf0d67cd6c/US11577177B2.pdf

- 'US11810254.pdf' which is US Patent 11,810,254 published on November 7th, 2023 of which Netflix, Inc. is listed as the applicant, Stephan Trojansky the inventor, and which is assigned to Netflix, Inc. which is a Delaware Corporation registered in CA as a 'Foreign Corporation' of which Ted Sarandos and Greg Peters are currently the Co-CEOs of (both of whom also received certified mail from myself as part of my efforts to make sure I wasn't relying solely on the electronic 3rd Party submission which can be viewed here - mattguertin.substack.com/p/3rd-party-prior-art-filed-against-netflix )

My reason for including this patent isn't because of the fact that I successfully filed a '3rd Party Prior Art' submission against it through the USPTO and it technically never should've been granted in the first place but instead for a reason which I find to be a much more compelling and blatantly obvious one - That being the fact that my name and patent are part of the official record as they are both listed at the VERY top of it right above Kanye West and his 2013 patent application (crazy...yes indeed....I'm very aware...) You may also notice that my name and patent appear much different than all of the others - that is because mine is in fact the only item listed which is in fact an officially granted US Patent as opposed to simply an application like the others. One other unique aspect that only applies to my name and patent is the little 'cross' style symbol next to it which is due to the fact that my listing is also the only one which occurred as the result of a 3rd Party Prior Art submission as opposed to all of the others which were instead cited by the patent examiner...

The Netflix patent can be viewed here as well - mattguertin.substack.com/p/netflix-patent-11810254-infiniset-infringer
And the 'official' Netflix patent can be downloaded from here - patentimages.storage.googleapis.com/45
/b8/52/1d18252bded1d8/US11810254.pdf

Exhibit A | Index 29 | p. 40

Filed in District Court
State of Minnesota
4/12/2024 2:10 PM

March 23, 2024    27-CR-23-1886          ①

Dear Honorable Judge Jay Quam, courts

This letter is in regards to my son,
Matthew Guertin. I am most definitely
not condoning his actions on January 21, 2023.
Matthew has been soley working on his
invention and putting together his company,
Infiniset since 2021. He was thrilled to have
been granted his first patent and to move
forward with his dreams.

Unfortunately the companies he was willing
to sell his intellectual property to fraudulently
went their own direction, therefore scaring
Matthew into a corner, while they continued to
steal what he put his entire life into. I sat
with my son on his computer watching this
take place. I too contacted Amy Klobuchar for
help. I contacted the patent office for guidance
as I felt helpless.

Matthew has remained steadfast with family
and friends supporting him, He is drained
financially yet ( continues ) to hold his head up
high in hopes that his patent will be sold.
Since Matthew has been currently living with

Exhibit A | Index 31 | p. 1

Filed in District Court
State of Minnesota
4/12/2024 2:10 PM



me I have also had my phone entirely hacked, losing everything. I had secured the company name, Infiniset on my facebook for Matthew for a couple years. This too was stolen from my account on facebook.

Matthew is not a danger to himself or society. He is definitely capable, trustworthy and compentent. Very passionate about what he does in life. I have never witnessed anyone work harder than him.

Matthew has spent precious time gathering up all the proof he needs (then some) THE FRAUD AND ACTIONS OF HIS NIGHTMARE IS VERY REAL! This has caused us all anguish and stress, not just him. We as a family want justice for Matthew and a succeful life and company, Infiniset.

Thank you for taking the time to read this and I hope you listen to his video on Substack.

Sincerely, Michelle Guertin

Filed in District Court
State of Minnesota
4/12/2024 2:10 PM



This poem is on my refrigerator,

~ Press On ~

Nothing in the world can take the place
of persistence;
        Talent will not;
Nothing is more common than
unsuccessful men with talent.
        Genius will not;
Unrewarded genius is almost a proverb
        Education will not;
The world is full of educated derelicts.

Persistence and determination Alone
are Omnipotent.

Exhibit A | Index 31 | p. 3

Michelle J. Guertin
1385 Trenton Ln. N. #20
Plymouth, mn. 55442





Retail



7022 3330 0000 6534 5382

55487

RDC 99

Judge Jay M. Quam
Hennepin County Government Cen
300 South 6th St,
Minneapolis, mn. 55487

55487-

Exhibit A | Index 31 | p. 4

**STATE OF MINNESOTA**                                    **DISTRICT COURT**

                                                 **FOURTH JUDICIAL DISTRICT**

**COUNTY OF HENNEPIN**              **PROBATE/MENTAL HEALTH DIVISION**

---

State of Minnesota,                                    Court File No. 27-CR-23-1886

                        Plaintiff,

vs.                                                    **ORDER DENYING**

                                        **DEFENDANT'S MOTION TO**

                                          **REPRESENT SELF PRO SE**

Matthew David Guertin,

                        Defendant,

---

    Defendant, Mr. Matthew David Guertin, brought a motion on April 3, 2024, to represent himself pro se in the above-captioned matter.

## FINDINGS OF FACT

1. Defendant (date of birth 07/17/1981) was charged in MNCIS file 27-CR-23-1886 with Reckless Discharge of a Firearm (Felony) and three counts of Receive/Possess with No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. This Court first found Defendant incompetent to proceed on July 13, 2023, pursuant to Rule 20.01 of the Minnesota Rules of Criminal Procedure.

3. On November 15, 2023, Judge Julia Dayton Klein ordered a subsequent Rule 20.01 evaluation. Defendant was again found incompetent on January 17, 2024.

## CONCLUSIONS OF LAW

4. Pursuant to Minn. R. Crim. P. 20.01, subd. 1., a defendant is not permitted to waive counsel if the defendant lacks the ability to voluntarily, and intelligently waive the right to counsel; appreciate the consequences of proceeding without counsel; comprehend the nature of the charge; comprehend the nature of the

Exhibit A | Index 33 | p. 1

proceedings; comprehend the possible punishment; or comprehend any other matters essential to understanding the case.

5. The standard for an individual to waive the right to counsel is the same standard as used to determine competency. *State v. Thompson*, No. A20-1232 (Minn. Ct. App. Jul. 26, 2021) (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *State v. Camacho*, 561 N.W.2d 160, 170-74 (Minn. 1997)). A defendant found to be incompetent is not permitted to waive the constitutional right to counsel. *Id.*

6. Defendant was deemed incompetent to proceed pursuant to Minn. R. Crim. P. 20.01, subd. 2 and, therefore, Defendant currently lacks the ability to waive counsel.

### IT IS ORDERED:

1. Defendant's Motion to Represent Self Pro Se is **DENIED**, and Mr. Bruce Rivers shall proceed as the attorney of record.

2. The Defendant shall appear for a six-month review hearing regarding the Rule 20.01 proceedings on July 16, 2024, before the undersigned District Court Judge.

**BY THE COURT:**

_____
JULIA DAYTON KLEIN
Judge of District Court

2



## MINNESOTA JUDICIAL BRANCH

### FOURTH JUDICIAL DISTRICT

PROBATE/MENTAL HEALTH DIVISION
4TH FLOOR COURTS TOWER
HENNEPIN COUNTY GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS MN 55487
WWW.MNCOURTS.GOV/DISTRICT/4

April 12, 2024

MICHELLE J GUERTIN
4385 TRENTON LN N APT 202
PLYMOUTH MN 55442

Re: Your Letter

Dear Ms. Guertin,

We received your letter dated March 23, 2024, regarding Matthew Guertin, Case File No. 27-CR-23-1886 and have circulated it to the parties.

Sincerely,

Lee Cuellar
Judicial Clerk to the Honorable Julia Dayton Klein



Exhibit A | Index 34 | p. 1

**Matthew David Guertin**
1075 Traditions Ct.
Chaska, MN  55318
MattGuertin@ProtonMail.com
763-221-4540

**May 3, 2024**

**Clerk of the Court**
MN 4th Judicial District Court
300 South Sixth Street
Minneapolis, MN 55487

**Re: Follow-Up on Unacknowledged Motions for Discovery, Judicial Notice (27-CR-23-1886) and Medical Records (27-MH-PR-23-815)**

Dear Judge Julia Dayton Klein and the Clerk of the Court,

I am writing to respectfully follow up on my previously filed motions: a Motion for Judicial Notice, a Motion to Compel Discovery, and a Motion to Compel Production of Medical Records, which all have yet to be acknowledged by the court or my defense counsel despite multiple attempts. These motions were filed on April 3, 2024 and April 4, 2024, and as of one month later no action has been taken nor any communication received regarding their status. This correspondence seeks to ensure that these motions are addressed in a timely manner, as stipulated by the procedural guidelines of the court.

Despite the current dormant status of my criminal case, with ongoing felony charges, it remains imperative that all procedural rights be preserved and respected, including timely access to discovery and medical exam reports. The inability to obtain all of these necessary documents significantly impedes my ability to effectively prepare my defense and to respond appropriately to both my criminal (27-CR-23-1886) and civil case (27-MH-PR-815).

The fact that the court believes me to currently be 'incompetent to stand trial' and 'unable to understand the nature of the charges against me or aid in my own defense' does not mean that the court no longer has an obligation to acknowledge, and respond to legally relevant, properly structured motions filed by myself in which I am trying to obtain materials that the court is obligated to make sure I am provided with as clearly addressed in Rule 9.01subd.1(3)(b),  Rule 9.01subd.1(4)(a),  Rule 9.01subd.1(6),  Rule 9.01subd.1a(1),  Rule 9.01subd.2(1) of the 'Minnesota Rules of Criminal Procedure', along with Rule 13(a) of the 'Special Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Acts'.

Exhibit A | Index 36 | p. 1

Filed in District Court
State of Minnesota
5/3/2024 11:28 AM

This letter serves both as a formal reminder of the outstanding motions and as part of my ongoing efforts to assert my procedural rights. The continuous non-response from the court raises serious concerns about procedural fairness and my right to a fair legal process. This is especially true in light of the substantial allegations I have very clearly, and coherently presented in my 'Motion to Compel Discovery and Affidavit of Fact' submitted to the court on April 4, 2024, which unequivocally serves to show that the only discovery materials that were ever provided to me thus far were fraudulent insofar as the cropping and editing that was carried out for the purpose of portraying a significantly skewed portrayal of my residence, and activities prior to my arrest, and the current criminal charges. It is in fact these very same, fraudulent photographs that were relied upon by Dr. Michael Robertson in order to produce his exam report about me following the Order of Civil Commitment that was submitted to the court on July 20, 2023 (27-MH-PR-815)

In the courts order denying my Petition to Proceed as Pro Se Counsel, the courts denial of said motion is based upon the backdrop of the overwhelming care and concern that the court has about my personal well-being insofar as wanting to ensure that my supposed inability to understand and comprehend what is currently taking place doesn't impede my chances at a fair, just, and impartial legal outcome within the court. If this were actually the case then should the court not be even more concerned by the current situation taking place in which you have a supposedly incompetent defendant actively attempting to 'aid in his own defense' through a mutlitude of ways, only for all of them to be impeded by not just the court itself, but also his own defense counsel ?

If my Stayed Order of Civil Commitment, the Plan for Care Agreement I signed, and the reason for denying my Petition to Proceed as Pro Se Counsel all revolves around the supposed overwhelming care and compassion the court has for me and my well being, then why is it the court itself that is currently causing all of the unneeded anxiety and worry in my life right now?

It is the court that expected me to show up in person at a civil commitment hearing on February 1, 2024 without being able to know what the exam report about me contained within it.

It is the court that still has not provided me with said exam report even though it is now exactly four months, and two separate motions later.

It is the court who refuses to make the prosecution turn over the discovery materials they are obligated to provide to me, and for which I have also submitted two additional unacknowledged motions for.

If all that is required to help me out is for the court to simply 'do its job' ultimately, then why does the court continue to not do so?

Exhibit A | Index 36 | p. 2

I can't help but be extremly concerned about what else the court may have in store for me in regards to my upcoming review hearing scheduled for July 16, 2024 in light of everything that has (and has not..) taken place thus far. If neither the court nor my defense counsel has been willing to provide me with the Rule 20.01 exam report from the review that took place four months ago then what are the chances I will be provided with the next one ?

I would respectfully ask the court to help improve my mental well being with an expedited review of my pending motions, and an update on the actions the court intends to take regarding my many unanswered requests for both discovery materials and access to my medical records, which I have also requested multiple times to my defense counsel, Bruce Rivers, to no avail. Should you require any additional documentation or clarification regarding my motions, please do not hesitate to contact me directly. I would also kindly ask that both the discovery materials as well as my medical exam report be sent directly to me at the email provided above, since my defense counsel has been doing a spectacular job at failing to fulfill the many obligations he has to his client (me), as are all very clearly laid out in Rules 1.0 through 1.18 of the Minnesota Rules of Professional Conduct.

I would also like to take this opportunity to let the court know that as of Wednesday the 1st I now have an active health plan through MnCare/HealthPartners, and I should also have a therapist lined up within the next couple business days, which is something I have always thought would be beneficial to at least try out long before my recent court involvement. This also means that I will have *officially* satisfied the terms of the 'Stayed Order of Civil Commitment' that I signed in August of 2023.

Thank you for your time, and prompt attention to the many matters contained herein. I trust that the court will act swiftly to resolve this oversight for the purpose of ensuring that both my criminal, and civil cases proceed in accordance with the principles of justice, procedural fairness, and most importantly, my mental well-being.

Sincerely,

Matthew David Guertin

Exhibit A | Index 36 | p. 3

Filed in District Court
State of Minnesota
5/3/2024 2:56 PM

**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF HENNEPIN**                          **FOURTH JUDICIAL DISTRICT**

---

State of Minnesota,                                       Court File No.: 27-CR-23-1886

                Plaintiff,

vs.                                                       **DEFENDANT'S**

                                        **AFFIDAVIT OF FACT**

Matthew David Guertin,

                Defendant.

---

TO:        THE HONORABLE JULIA DAYTON KLEIN, JUDGE OF THE DISTRICT
             COURT; THE CLERK OF THE FOURTH JUDICIAL DISTRICT COURT; MS.
             JACQUELINE PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY; AND
             THE OFFICE OF THE HENNEPIN COUNTY ATTORNEY.

### AFFIDAVIT OF FACT

    I, MATTHEW DAVID GUERTIN, residing at 1075 Traditions Court, City of Chaska,
County of Carver, State of Minnesota, being duly sworn, hereby depose and state under penalty
of perjury:

### INTRODUCTION

I conducted a data analysis of the Minnesota Court Records Online (MCRO) by downloading a
total of 3,556 MCRO PDF criminal case files, which span a total of 163 unique criminal case ID
numbers which were obtained through the 'hearing' search provided on the MCRO website that
allows someone to search by specific Judicial Officers. This analysis began out of curiosity, and
my wondering as to whether or not it was standard procedure to have a very small group of just
three Judicial Officers essentially 'take over' a criminal court case from early on in its inception
in what seems to be a very 'contained' or 'controlled' manner. This is what it seems like in my
current case anyways – which lead me take a look at the the case distribution amongst the three

Exhibit A | Index 37 | p. 1

Judicial Officers who have been making all of the key decisions in my criminal, as well as my civil case now. A brief exercise if you will...one which involves using a multi-step process in which I print a PDF of each 200 result date range search beginning at April 26, 2024, and spanning into the past until reached January 1, 2023. I then converted these PDF files to text files and processed them using custom Python scripts that allowed me to clean up, and sort the massive collection of data I compiled – which eventually resulted in me being able to run a Python script that used three different text files as its input, and then output a new text file that only contained the cases which the Honorable Judge Julia Dayton Klein, Danielle Mercurio, and George Borer all had hearings listed for in the 2023-Current date range I searched. I then segregated these even further using the year ID signifying the cases origination year.

The total number of 'Shared Cases' between all three is 163.

I then created a custom Python script that uses the Selenium library, allowing for automation scripting of a developer version of Chrome web browser. The script allowed me to navigate to any individual case timeline page, hit 'enter', and automatically download every single PDF document filed into the case in a matter of seconds. This resulted in a massive dataset of around 2gb total. All of the PDF documents are directly downloaded and organized into individual folders for the 'year of case origination' with each year directory containing a folder for each individual case, where each case folder contains every single avaialabe PDF document from the MCRO website in addition to the full HTML website download, and a PDF page printout of the MCRO webpage.

There are a lot of duplicate names. Some of them with slight, as well as not so slight variations. These would include the following as an example:

PRIEST JESUS, ANGELIC DENISE SCHAEFER,  ANGELIC DENISE NUNN, MAKIS DUVELL LANE,  MAKIS DEVELL LANE, and MAKIS DEVIL LANE.

I also conducted an insightful data analaysis that involved simple file searching by the name of the MCRO filed document – such as 'Finding of Incompetency and Order', 'E-filed Comp Order for Detention', and 'Rule 20.01 Evaluation for Competency to Proceed' among others.

I intentionally wrapped this side project up very quickly as far as drawing a line, and being done with it as otherwise there is obviously a million other directions, and datapoints one could further investigate. Not me however. I am of the belief that what I have compiled is presented in its most basic, and simple form insofar as being left open for interpretation and not trying to draw any specific conclusions beyond those which the data serves to perhaps draw on its own.

## EXHIBIT SUMMARY

Below is a summary of the three exhibits accompanying this affidavit.

**Exhibit A:**

**Data Analysis of Shared Judicial Assignments to Cases**
A very detailed introduction and overview of the analysis process along with a massive amount of random datapoints I assembled. This exhibit also includes an overview of the much broader question that is raised in regards to impartiality in legal proceedings, and how there might be a much larger question raised based on the results of this analyis.

**Exhibit B:**

**Circular Handling Anlaysis**
A selection of cases that are shared between all three Judicial Officers, in which I analyze the 'circular handling' that has become very apparent to me in my current court case. 'Circular Handling' could also perhaps be called 'Decision Bouncing' as it is simply taking a closer look at how many critical decisions in a defendant's criminal case are essentially bounced back and forth between the same three people in a consistent, and regognizable pattern.

Exhibit A | Index 37 | p. 3

**Exhibit C:**

**MCRO 'Finding of Incompetency and Order' Analysis**

A data table grouped by year which shows who ordered the initial Rule 20.01 Exam, and who ultimately made the ruling once the Rule 20.01 exam was completed. These are all 130 of the orders, as contained between all of the shared case files. As part of this tables assembly I was able to discover that out of the 130 orders there were 6 instances in which the same Judicial Officer who recommended the Rule 20.01 exam was then also the one to rule on their previous order once the Rule 20.01 exam was completed and it came before them once again.

**Shared Download Folder of All MCRO Files I Downloaded and Analyzed:**

Case files origination spans 2017 – 2023. Six separate .zip files.

Includes Python download script I used to collect all of the PDF files.

https://drive.proton.me/urls/QA8TBVTHEC#Wy7ygZMVpev7

**CONCLUSION**

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. I also affirm that all of the data I have presented herein is accurate, true, and correct to the best of my knowledge. I made every effort to double and triple check every figure I listed, my Python scripts, and each step that it took to ensure this data was compiled in accurate and thorough process. All of the data collected and analyzed is all directly from the MCRO website itself, and is all authentic and without any altering, omissions, or deceit of any kind. All of this data was gathered, processed, and analyzed within the last 4-5 days from the filing of this affidavit. It is 'fresh' – and I am filing this affidavit 'as is' so that it doesn't go stale for whatever reason.

DATED this 3rd day of May, 2024.



Respectfully submitted,

Date: <u>May 3, 2024</u>

By: <u>/s/ Matthew Guertin</u>
Matthew David Guertin
Is Currently Lacking Effective Counsel
1075 Traditions Ct.
Chaska, MN   55318
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

Exhibit A | Index 37 | p. 5

Filed in District Court
State of Minnesota
5/3/2024 2:56 PM

# Data Analysis of Judicial Involvement in Criminal and Probate / Mental Health Cases

In an effort to better understand and support the defendants concerns regarding the fairness and impartiality of his court proceedings, the defendant utilized the Minnesota Judicial Branch's official online system, MCRO (Minnesota Court Records Online), to analyze the patterns of judicial involvement in his cases. The focus was on the three specific Judicial Officers who have overseen all significant decisions and procedural aspects of his case from its very inception, and in which his current criminal case has a litany of procedural anomalies and discrepancies which the defendant believes are all indicative of his case being handled in a 'non standard' way.

## Methodology:



### Data Collection:

- **Platform Used:** Minnesota Court Records Online (MCRO).
- **Objective:** To gather hearing records for the three Judicial Officers involved in the defendant's case
- **Judicial Officers Analyzed:**
  - The Honorable Judge Julia Dayton Klein
  - The Honorable Court Referee Danielle C. Mercurio
  - The Honorable Court Referee George Borer

### Search Criteria:

- **Date Range:** January 1, 2023, to April 26, 2024.
- **Case Categories:** Each judge's involvement was searched, and then retrieved using two filters – The 'Criminal' and 'Probate or Mental Health' categories of the provided 'Hearing Search' option of the MCRO online records system.

### Data Processing:

- The defendant conducted a separate search for each judge under each category, resulting in six sets of data.
- Custom Python scripts were used to organize and filter the data, ensuring that each individual court case was counted once per category, per judge.
- The analysis focused on identifying common cases handled by all three judges within the given time frame.

Exhibit A | Index 37 | p. 6

Filed in District Court
State of Minnesota
5/3/2024 2:56 PM

# Results:

The analysis uncovers a distinct pattern in the distribution of case assignments among the three judicial officers, with a notable number of cases shared among them in criminal court proceedings, rather than in the civil court proceedings as defined by the court. The data shows that this small group wields significant influence over pivotal decisions in a defendant's criminal proceedings, many times from their inception. Often, these are the very same decisions that lead to civil court proceedings under MN Statutes § 253B.

According to the description of the 'Hennepin Probate / Mental Health Court' by the 4th Judicial District Court's own website:

> " **Probate Court** handles cases involving the property of deceased persons, wills, trusts, guardianships, and conservatorships.

> **Mental Health Court** handles the legal process involving the civil commitment of people to treatment centers based on allegations of mental illness, developmental disability, chemical dependency, and referrals from Criminal Court. "

The overlap in judicial roles highlighted by the analysis raises concerns about the lack of clear delineation between criminal and civil proceedings. The same judges who oversee critical decisions in criminal cases also manage the referrals to civil commitments, effectively referring cases to themselves. This dual role blurs the boundaries required for impartiality and fairness in judicial processes, presenting a risk of unchecked control and influence contained within a very small group of Judicial Officers.

# Interpretation:

The defendant is of the belief that the observed patterns of case handling by the identified judicial officers is most likely an established procedural norm within the judicial system itself, rather than clandestine or unethical arrangements. This interpretation suggests that the practices in question are not, by themselves indicative of covert misconduct, but are instead emblematic of systemic protocols that are openly sanctioned and promoted within the court itself.

The crux of the legal issues raised centers on the procedural use of Rule 20.01 Evaluation Reports to facilitate a rapid channeling of cases to a select group of three judicial officers whenever such evaluations are mandated. This procedural mechanism, raises significant legal and ethical concerns regarding the potential for undue influence and prejudicial treatment.

Furthermore, this system enables a concentrated control over both criminal proceedings and any consequent civil commitments within the Hennepin County courts. Such a concentrated control, inherently increases the risk of abuse, as it places substantial judicial power and decision-making within the hands of a few, potentially compromising the impartiality and fairness required in judicial proceedings.

Exhibit A | Index 37 | p. 7

# Analysis of 'Hearings' data spanning <u>Jan 1, 2023 – April 26, 2024:</u>

## Criminal Proceedings:

### Criminal Cases originating in 2016 -

Julia Dayton Klein total unique court cases: 4
Danielle Mercurio total unique court cases: 5
George Borer total unique court cases: 6
**Common cases across all three Judicial Officers: 0**

### Criminal Cases originating in 2017 -

Julia Dayton Klein total unique court cases: 11
Danielle Mercurio total unique court cases: 9
George Borer total unique court cases: 11
**Common cases across all three Judicial Officers: 3**

### Criminal Cases originating in 2018 -

Julia Dayton Klein total unique court cases: 11
Danielle Mercurio total unique court cases: 24
George Borer total unique court cases: 27
**Common cases across all three Judicial Officers: 4**

### Criminal Cases originating in 2019 -

Julia Dayton Klein total unique court cases: 44
Danielle Mercurio total unique court cases: 70
George Borer total unique court cases: 61
**Common cases across all three Judicial Officers: 12**

### Criminal Cases originating in 2020 -

Julia Dayton Klein total unique court cases: 120
George Borer total unique court cases: 81
Danielle Mercurio total unique court cases: 108
**Common cases across all three Judicial Officers: 20**

### Criminal Cases originating in 2021 -

Julia Dayton Klein total unique court cases: 231
Danielle Mercurio total unique court cases: 253
George Borer total unique court cases: 167
**Common cases across all three Judicial Officers: 41**

Exhibit A | Index 37 | p. 8

## Criminal Cases originating in 2022 -

Julia Dayton Klein total unique court cases: 322
Danielle Mercurio total unique court cases: 378
George Borer total unique court cases: 289
Common cases across all three Judicial Officers: 44

## Criminal Cases originating in 2023 -

Julia Dayton Klein total unique court cases: 424
Danielle Mercurio total unique court cases: 486
George Borer total unique court cases: 244
**Common cases across all three Judicial Officers: 39**

## Criminal Cases originating in 2024 -

Julia Dayton Klein total unique court cases: 30
Danielle Mercurio total unique court cases: 38
George Borer total unique court cases: 8
**Common cases across all three Judicial Officers: 0**

# Mental Health / Probate (Civil) Proceedings:

## Mental Health/Probate Cases originating in 2020 -

Julia Dayton Klein total unique court cases: 1
Danielle Mercurio total unique court cases: 1
George Borer total unique court cases: 1
**Common cases across all three Judicial Officers: 0**

## Mental Health/Probate Cases originating in 2021 -

Julia Dayton Klein total unique court cases: 1
Danielle Mercurio total unique court cases: 3
George Borer total unique court cases: 2
**Common cases across all three Judicial Officers: 0**

## Mental Health/Probate Cases originating in 2022 -

Julia Dayton Klein total unique court cases: 41
Danielle Mercurio total unique court cases: 81
George Borer total unique court cases: 81
**Common cases across all three Judicial Officers: 1**

Exhibit A | Index 37 | p. 9

## Mental Health/Probate Cases originating in 2023 -

Julia Dayton Klein total unique court cases: 326
Danielle Mercurio total unique court cases: 322
George Borer total unique court cases: 257
**Common cases across all three Judicial Officers: 8**

## Mental Health/Probate Cases originating in 2024 -

Julia Dayton Klein total unique court cases: 81
Danielle Mercurio total unique court cases: 120
George Borer total unique court cases: 155
**Common cases across all three Judicial Officers: 1**

# Shared Criminal Cases of all three Judicial Officers:

## Shared Criminal Cases originating in 2017 -

| | |
|---|---|
| **27-CR-17-1555** | State of Minnesota vs ADRIAN MICHAEL WESLEY |
| **27-CR-17-8342** | State of Minnesota vs ADRIAN MICHAEL WESLEY |
| **27-CR-17-22909** | State of Minnesota vs ADRIAN MICHAEL WESLEY |

## Shared Criminal Cases originating in 2018 -

| | |
|---|---|
| **27-CR-18-18391** | State of Minnesota vs AESHA IBRAHIM OSMAN |
| **27-CR-18-18396** | State of Minnesota vs Ramadan Hakim Campbell |
| **27-CR-18-19274** | State of Minnesota vs IFRAH ABDULL HASSAN |
| **27-CR-18-26530** | State of Minnesota vs WILLIAM LEE NABORS |

## Shared Criminal Cases originating in 2019 -

| | |
|---|---|
| **27-CR-19-1916** | State of Minnesota vs AESHA IBRAHIM OSMAN |
| **27-CR-19-3539** | State of Minnesota vs AESHA IBRAHIM OSMAN |
| **27-CR-19-17539** | State of Minnesota vs AESHA IBRAHIM OSMAN |
| **27-CR-19-22615** | State of Minnesota vs ANNE MARIE RILEY |
| **27-CR-19-901** | State of Minnesota vs EYUAEL GONFA KEBEDE |
| **27-CR-19-28883** | State of Minnesota vs JACOB MAMAR JOHNSON |
| **27-CR-19-11566** | State of Minnesota vs MAKIS DEVELL LANE |
| **27-CR-19-12130** | State of Minnesota vs MAKIS DEVELL LANE |
| **27-CR-19-25578** | State of Minnesota vs PAUL JOSEPH OWENS |
| **27-CR-19-12466** | State of Minnesota vs TERRELL JOHNSON |
| **27-CR-19-19606** | State of Minnesota vs TERRELL JOHNSON |
| **27-CR-19-9270** | State of Minnesota vs WILLIAM LEE NABORS |

## Shared Criminal Cases originating in 2020 -

| | |
|---|---|
| **27-CR-20-19196** | State of Minnesota vs ABDIRAHMAN ISMAIL FARAH |
| **27-CR-20-3244** | State of Minnesota vs ANGELIC DENISE SCHAEFER |
| **27-CR-20-10049** | State of Minnesota vs Beyonce Porshae Brown |
| **27-CR-20-8575** | State of Minnesota vs Bisharo Jama Noor |
| **27-CR-20-23521** | State of Minnesota vs CASPER HUY VUONG |

Exhibit A | Index 37 | p. 10

| | |
|---|---|
| **27-CR-20-7092** | State of Minnesota vs DWAYNE ANTHONY BLEDSOE |
| **27-CR-20-13495** | State of Minnesota vs EYUAEL GONFA KEBEDE |
| **27-CR-20-423** | State of Minnesota vs Ifrah Abdullahi Hassan |
| **27-CR-20-23239** | State of Minnesota vs JALEISHA LANAY TAYLOR |
| **27-CR-20-1893** | State of Minnesota vs JIMMY EDWARD SPEARS III |
| **27-CR-20-11638** | State of Minnesota vs JOHN EMIL STICHA |
| **27-CR-20-20788** | State of Minnesota vs Lawrence Joseph Durheim |
| **27-CR-20-9036** | State of Minnesota vs MAKIS DEVELL LANE |
| **27-CR-20-20851** | State of Minnesota vs MAKIS DEVIL LANE |
| **27-CR-20-6301** | State of Minnesota vs PRIEST JESUS DORSEY |
| **27-CR-20-26577** | State of Minnesota vs Rasheed Richardson |
| **27-CR-20-6517** | State of Minnesota vs Rex Allen Basswood Jr. |
| **27-CR-20-27550** | State of Minnesota vs RODRICK JEROME CARPENTER |
| **27-CR-20-8926** | State of Minnesota vs TERRELL JOHNSON |
| **27-CR-20-20037** | State of Minnesota vs TERRELL JOHNSON |

## Shared Criminal Cases originating in 2021 -

| | |
|---|---|
| **27-CR-21-22058** | State of Minnesota vs AESHA IBRAHIM OSMAN |
| **27-CR-21-1977** | State of Minnesota vs ANGELIC DENISE NUNN |
| **27-CR-21-1978** | State of Minnesota vs ANGELIC DENISE NUNN |
| **27-CR-21-7676** | State of Minnesota vs Bisharo Jama Noor |
| **27-CR-21-19723** | State of Minnesota vs BRITTANY LATESHA CRUTCHFIELD |
| **27-CR-21-23456** | State of Minnesota vs BRITTANY LATESHA CRUTCHFIELD |
| **27-CR-21-23628** | State of Minnesota vs Carmen Bendu Greaves |
| **27-CR-21-16111** | State of Minnesota vs CHARLESETTA STARLET BROWN |
| **27-CR-21-20637** | State of Minnesota vs Daniel Lamar Ford |
| **27-CR-21-10675** | State of Minnesota vs Dennis Joseph Barry |
| **27-CR-21-933** | State of Minnesota vs DWAYNE ANTHONY BLEDSOE |
| **27-CR-21-1980** | State of Minnesota vs GORDON EUGENE SHARP |
| **27-CR-21-20072** | State of Minnesota vs GORDON EUGENE SHARP |
| **27-CR-21-20988** | State of Minnesota vs GORDON EUGENE SHARP  Jr. |
| **27-CR-21-21355** | State of Minnesota vs GORDON EUGENE SHARP  Jr. |
| **27-CR-21-23188** | State of Minnesota vs GORDON EUGENE SHARP  Jr. |
| **27-CR-21-23215** | State of Minnesota vs GORDON EUGENE SHARP  Jr. |
| **27-CR-21-3797** | State of Minnesota vs GRAHM MARK FLETCHER |
| **27-CR-21-9235** | State of Minnesota vs GRAHM MARK FLETCHER |
| **27-CR-21-1171** | State of Minnesota vs IBSSA M YOUSSUF |
| **27-CR-21-20529** | State of Minnesota vs ISAAC LEE KELLEY |
| **27-CR-21-13795** | State of Minnesota vs JACOB MAMAR JOHNSON |
| **27-CR-21-14861** | State of Minnesota vs KESSIE KAFELE WILSON |
| **27-CR-21-6904** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-21-8067** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-21-8227** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-21-8228** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-21-8229** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-21-8230** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-21-8511** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-21-1230** | State of Minnesota vs MAKIS DEVELL LANE |
| **27-CR-21-13752** | State of Minnesota vs MAKIS DEVELL LANE |

Exhibit A | Index 37 | p. 11

| 27-CR-21-6229 | State of Minnesota vs MARVAL BARNES |
| 27-CR-21-17008 | State of Minnesota vs NICOLLE LYNN FAWCETT |
| 27-CR-21-928 | State of Minnesota vs PRIEST JESUS DORSEY |
| 27-CR-21-6382 | State of Minnesota vs PRIEST JESUS DORSEY |
| 27-CR-21-23131 | State of Minnesota vs Rex Allen Basswood  Jr. |
| 27-CR-21-8412 | State of Minnesota vs Stephone Ahmad Gammage |
| 27-CR-21-6710 | State of Minnesota vs TEMEKA MICHELLE NICHOLS |
| 27-CR-21-19552 | State of Minnesota vs TERRELL JOHNSON |
| 27-CR-21-23233 | State of Minnesota vs TERRELL JOHNSON |

## Shared Criminal Cases originating in 2022 -

| 27-CR-22-21925 | State of Minnesota vs Abdinour Mohamed Alasow |
| 27-CR-22-23317 | State of Minnesota vs Abdinour Mohamed Alasow |
| 27-CR-22-18859 | State of Minnesota vs ABDIQANI AHMED HASSAN |
| 27-CR-22-22985 | State of Minnesota vs ABDIQANI AHMED HASSAN |
| 27-CR-22-18776 | State of Minnesota vs AMY LOUISE LILLEVOLD |
| 27-CR-22-20033 | State of Minnesota vs ANGELIC DENISE NUNN |
| 27-CR-22-15550 | State of Minnesota vs BRITTANY LATESHA CRUTCHFIELD |
| 27-CR-22-7797 | State of Minnesota vs Carmen Bendu Greaves |
| 27-CR-22-25134 | State of Minnesota vs Carmen Bendu Greaves |
| 27-CR-22-15430 | State of Minnesota vs CHARLESETTA STARLET BROWN |
| 27-CR-22-3377 | State of Minnesota vs CHASE RADLEY GREEN |
| 27-CR-22-22687 | State of Minnesota vs CHASE RADLEY GREEN |
| 27-CR-22-19036 | State of Minnesota vs Crystal Latasha Mcbounds |
| 27-CR-22-3570 | State of Minnesota vs Dennis Joseph Barry |
| 27-CR-22-22521 | State of Minnesota vs Dennis Joseph Barry |
| 27-CR-22-24357 | State of Minnesota vs DENNIS MICHAEL THILL |
| 27-CR-22-9720 | State of Minnesota vs EMANUEL OMAR BLACK |
| 27-CR-22-12076 | State of Minnesota vs Emanuel Omar Black |
| 27-CR-22-4087 | State of Minnesota vs GORDON EUGENE SHARP Jr. |
| 27-CR-22-22963 | State of Minnesota vs GORDON EUGENE SHARP Jr. |
| 27-CR-22-5532 | State of Minnesota vs Isaac Lee Kelley |
| 27-CR-22-7953 | State of Minnesota vs ISAAC LEE KELLEY |
| 27-CR-22-20527 | State of Minnesota vs JARELLE THOMAS VAUGHN |
| 27-CR-22-18209 | State of Minnesota vs JULIET KAY HIGGINS |
| 27-CR-22-10646 | State of Minnesota vs LAMAR GLASS |
| 27-CR-22-17300 | State of Minnesota vs Lucas Patrick Kraskey |
| 27-CR-22-21679 | State of Minnesota vs Lucas Patrick Kraskey |
| 27-CR-22-24045 | State of Minnesota vs Lucas Patrick Kraskey |
| 27-CR-22-10055 | State of Minnesota vs MAKIS DUVELL LANE |
| 27-CR-22-4879 | State of Minnesota vs MANYARA NICOLE WATKINS |
| 27-CR-22-13185 | State of Minnesota vs MARK ANTHONY REINHART |
| 27-CR-22-18789 | State of Minnesota vs MOLLY ANNE PRICE |
| 27-CR-22-25151 | State of Minnesota vs NICOLE LORETTA KELM |
| 27-CR-22-18938 | State of Minnesota vs NURADIN MOHAMUD |
| 27-CR-22-4239 | State of Minnesota vs PRIEST JESUS DORSEY |
| 27-CR-22-24627 | State of Minnesota vs Rex Allen Basswood Jr. |
| 27-CR-22-14541 | State of Minnesota vs RODRICK JEROME CARPENTER II |
| 27-CR-22-15358 | State of Minnesota vs RODRICK JEROME CARPENTER II |

Exhibit A | Index 37 | p. 12

| | |
|---|---|
| **27-CR-22-1165** | State of Minnesota vs TERRELL JOHNSON |
| **27-CR-22-4898** | State of Minnesota vs TERRELL JOHNSON |
| **27-CR-22-13941** | State of Minnesota vs TIA TIAUNNA PAYNE |
| **27-CR-22-14493** | State of Minnesota vs TIMOTHY TERRELL STUCKEY |
| **27-CR-22-3553** | State of Minnesota vs WILLIAM LEE NABORS |
| **27-CR-22-22850** | State of Minnesota vs YASMIN AHMED ALI |

## Shared Criminal Cases originating in 2023 -

| | |
|---|---|
| **27-CR-23-3198** | State of Minnesota vs AARON DASHAUN CHERRY |
| **27-CR-23-512** | State of Minnesota vs Abdinour Mohamed Alasow |
| **27-CR-23-883** | State of Minnesota vs Abdinour Mohamed Alasow |
| **27-CR-23-3496** | State of Minnesota vs ABDULKADIR ELMI EGAL |
| **27-CR-23-12360** | State of Minnesota vs ALEXANDER ORVAL THOMLEY |
| **27-CR-23-24219** | State of Minnesota vs ALEXI BRE WASHINGTON |
| **27-CR-23-8721** | State of Minnesota vs Daniel Lamar Ford |
| **27-CR-23-4547** | State of Minnesota vs Delayna Adrianne Lussier |
| **27-CR-23-10954** | State of Minnesota vs Delayna Adrianne Lussier |
| **27-CR-23-17576** | State of Minnesota vs EMANUEL OMAR BLACK |
| **27-CR-23-16281** | State of Minnesota vs FUE VANG |
| **27-CR-23-16927** | State of Minnesota vs GORDON EUGENE SHARP Jr. |
| **27-CR-23-2152** | State of Minnesota vs GRAHM MARK FLETCHER |
| **27-CR-23-8560** | State of Minnesota vs INGRAM METEBO OYUGI |
| **27-CR-23-12653** | State of Minnesota vs JACOB JOSEPH SCHECH |
| **27-CR-23-8406** | State of Minnesota vs JALEISHA LANAY TAYLOR |
| **27-CR-23-13960** | State of Minnesota vs JEREMIAH JAMES RIVERS |
| **27-CR-23-1600** | State of Minnesota vs JIMMY EDWARD SPEARS III |
| **27-CR-23-20715** | State of Minnesota vs KESSIE KAFELE WILSON |
| **27-CR-23-385** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-23-5751** | State of Minnesota vs Lucas Patrick Kraskey |
| **27-CR-23-5213** | State of Minnesota vs MARK ANTHONY REINHART |
| **27-CR-23-1886** | State of Minnesota vs MATTHEW DAVID GUERTIN |
| **27-CR-23-1101** | State of Minnesota vs MICHAEL CHANTEL WRIGHT |
| **27-CR-23-284** | State of Minnesota vs MOHAMED ABDI SHIDE |
| **27-CR-23-3423** | State of Minnesota vs MOHAMED ABDI SHIDE |
| **27-CR-23-3459** | State of Minnesota vs MUAD ABDULKADIR |
| **27-CR-23-3460** | State of Minnesota vs MUAD ABDULKADIR |
| **27-CR-23-21403** | State of Minnesota vs PETER JAHAN LEHMEYER |
| **27-CR-23-2073** | State of Minnesota vs PRIEST JESUS DORSEY |
| **27-CR-23-9135** | State of Minnesota vs Rashi Tamboura Williams |
| **27-CR-23-18846** | State of Minnesota vs RICKY NELSON SULLIVAN Jr. |
| **27-CR-23-18850** | State of Minnesota vs RICKY NELSON SULLIVAN Jr. |
| **27-CR-23-21653** | State of Minnesota vs ROBERT WILLIAM BALSIMO |
| **27-CR-23-2480** | State of Minnesota vs Sandra Vongsaphay |
| **27-CR-23-8649** | State of Minnesota vs TERRELL JOHNSON |
| **27-CR-23-9546** | State of Minnesota vs TIMOTHY TERRELL STUCKEY |
| **27-CR-23-18964** | State of Minnesota vs TROY CARL WARNKE Jr. |
| **27-CR-23-1658** | State of Minnesota vs YASMIN AHMED ALI |

Exhibit A | Index 37 | p. 13

Filed in District Court
State of Minnesota
5/3/2024 2:56 PM

# Shared Mental Health / Probate Cases of all three Judicial Officers:[1]

## Shared Mental Health / Probate Cases originating in 2022 -

**27-MH-PR-22-1394**
In the Matter of the Civil Commitment of Caspar Huy Vuong aka Casper Huy Vuong  Respondent

## Shared Mental Health / Probate Cases originating in 2023 -

**27-MH-PR-23-224**
In the Matter of the Civil Commitment of Andrea Ulrich  Respondent

**27-MH-PR-23-358**
In the Matter of the Civil Commitment of Bilal Compton  Respondent

**27-MH-PR-23-892**
In the Matter of the Civil Commitment of Michael Palmquist  Respondent

**27-MH-PR-23-1020**
In the Matter of the Civil Commitment of Karen Marie Croonquist  Respondent

**27-MH-PR-23-1021**
In the Matter of the Civil Commitment of Stacy Schmidt  Respondent

**27-MH-PR-23-1181**
In the Matter of the Civil Commitment of Faham Osman Ali  Respondent

**27-MH-PR-23-1241**
In the Matter of the Civil Commitment of TROY CARL WARNKE  Jr.  Respondent

**27-MH-PR-23-1461**
In the Matter of the Civil Commitment of JACOB JOSEPH SCHECH  Respondent

## Shared Mental Health / Probate Cases originating in 2024 -

**27-MH-PR-24-9**
In the Matter of the Civil Commitment of Kevin Christopherson Kuyoc aka Kevin Christopherson Kuyoc Tzuc aka Keving Christopherson Kuyoc  Respondent

---

1   It is highly releavnt to point out the fact that this analysis was conducted based solely on the 'hearing' dates. One of the Judicial Referees, George Borer, is also involved in the defendant's civil commitment case as well. For some reaosn the hearing that George Borer had scheduled on February 1, 2024 cannot be found in his 'official' civil court hearing dates when searching on the courts MCRO site. The defendant also experiemted with additional Python scripts to match the names of the party involved in both civil and criminal cases but did not pursue that path further. The defendant believes that all of these results he was able to put together is worthy of much more investigation and time, but the defendant had to 'draw the line' somewhere in regards to how much time he put into this research.

Exhibit A | Index 37 | p. 14

# MCRO Document and Judicial Order Analysis

| | |
|---|---|
| Unique Criminal Case Numbers | 163 |
| | |
| Defendant Names by Exact String Match | 79 |
| Defendant Names by Very Similar String Match | 73 |
| Defendant Names Only Appearing a Single Time | 45 |
| | |
| MCRO PDF Docs Downloaded for All Shared Cases | 3556 |
| | |
| E-filed Comp Order for Detention | 79 |
| Law Enforcement Notice of Release and Appearance | 48 |
| Order for Conditional Release | 222 |
| Notice of Case Reassignment | 136 |
| Notice of Appearance | 28 |
| Demand or Request for Discovery | 99 |
| Pandemic Cancelled or Rescheduled Hearing | 17 |
| Petition to Proceed as ProSe Counsel | 4 |
| Notice of Hearing | 434 |
| Notice of Remote Hearing with Instructions | 644 |
| Returned Mail | 238 |
| Witness List | 28 |
| Rule 20.01 Evaluation for Competency to Proceed | 488 |
| Finding of Incompetency and Order | 130 |
| | |
| Incompetency Orders by Julia Dayton Klein | 19 |
| Incompetency Orders by Danielle Mercurio | 38 |
| Incompetency Orders by George Borer | 37 |
| Incompetency Orders total of All Three | 94 |
| Rule 20 and Incompetency Order by Same Person | 6 |

## Ctrl+F Search Results of All 644
## 'Notice of Remote Hearing with Instructions' MCRO PDF's

| | |
|---|---|
| "Meeting ID: 160 223 0876" | 358 |
| "Meeting ID: 160 815 2947" | 84 |
| "Meeting ID: 161 686 0727" | 10 |
| "Meeting ID: 160 596 3061" | 12 |
| "Meeting ID: 160 897 9580" | 6 |
| "Meeting ID: 161 201 2699" | 4 |
| "Meeting ID: 160 921 4567" | 6 |
| "Meeting ID: 161 094 4574" | 35 |

Exhibit A | Index 37 | p. 15

| | |
|---|---|
| "Meeting ID: 160 368 8210" | 14 |
| "Meeting ID: 161 3603 4346" | 1 |
| "Passcode: 1234" | 520 |
| "Meeting ID:" | 812 |
| "Passcode:" | 811 |
| "MNCIS-PAN" | 810 |
| "Pandemic" | 676 |
| "HENN-CR Pandemic Notice of Remote Hearing" | 198 |

## 2017 (27-CR-17-XXXX) Case Statistics

| | |
|---|---|
| Unique Criminal Case Numbers | 3 |
| Defendant Names by Exact String Match | 1 |
| Defendant Names by Very Similar String Match | 1 |
| Defendant Names Only Appearing a Single Time | 0 |
| | |
| MCRO PDF Documents Downloaded | 73 |
| E-filed Comp Order for Detention | 1 |
| Law Enforcement Notice of Release and Appearance | 0 |
| Order for Conditional Release | 0 |
| Notice of Case Reassignment | 0 |
| Notice of Hearing | 0 |
| Notice of Remote Hearing with Instructions | 8 |
| Returned Mail | 3 |
| Witness List | 0 |
| Rule 20.01 Evaluation for Competency to Proceed | 4 |
| Finding of Incompetency and Order | 0 |

## 2018 (27-CR-18-XXXX) Case Statistics

| | |
|---|---|
| Unique Criminal Case Numbers | 4 |
| Defendant Names by Exact String Match | 4 |
| Defendant Names by Very Similar String Match | 4 |
| Defendant Names Only Appearing a Single Time | 4 |
| | |
| MCRO PDF Documents Downloaded | 184 |
| E-filed Comp Order for Detention | 4 |
| Law Enforcement Notice of Release and Appearance | 4 |
| Order for Conditional Release | 3 |
| Notice of Case Reassignment | 1 |
| Notice of Hearing | 28 |
| Notice of Remote Hearing with Instructions | 22 |
| Returned Mail | 11 |
| Witness List | 3 |
| Rule 20.01 Evaluation for Competency to Proceed | 23 |
| Finding of Incompetency and Order | 3 |

Exhibit A | Index 37 | p. 16

## 2019 (27-CR-19-XXXX) Case Statistics

| | |
|---|---|
| Unique Criminal Case Numbers | 12 |
| Defendant Names by Exact String Match | 8 |
| Defendant Names by Very Similar String Match | 8 |
| Defendant Names Only Appearing a Single Time | 5 |
| MCRO PDF Documents Downloaded | 459 |
| | |
| E-filed Comp Order for Detention | 5 |
| Law Enforcement Notice of Release and Appearance | 4 |
| Order for Conditional Release | 22 |
| Notice of Case Reassignment | 23 |
| Notice of Hearing | 87 |
| Notice of Remote Hearing with Instructions | 67 |
| Returned Mail | 31 |
| Witness List | 4 |
| Rule 20.01 Evaluation for Competency to Proceed | 49 |
| Finding of Incompetency and Order | 10 |

## 2020 (27-CR-20-XXXX) Case Statistics

| | |
|---|---|
| Unique Criminal Case Numbers | 20 |
| Defendant Names by Exact String Match | 19 |
| Defendant Names by Very Similar String Match | 18 |
| Defendant Names Only Appearing a Single Time | 18 |
| MCRO PDF Documents Downloaded | 606 |
| | |
| E-filed Comp Order for Detention | 8 |
| Law Enforcement Notice of Release and Appearance | 11 |
| Order for Conditional Release | 28 |
| Notice of Case Reassignment | 26 |
| Notice of Hearing | 78 |
| Notice of Remote Hearing with Instructions | 125 |
| Returned Mail | 47 |
| Witness List | 7 |
| Rule 20.01 Evaluation for Competency to Proceed | 72 |
| Finding of Incompetency and Order | 12 |

Exhibit A | Index 37 | p. 17

## 2021 (27-CR-21-XXXX) Case Statistics

| | |
|---|---|
| Unique Criminal Case Numbers | 41 |
| Defendant Names by Exact String Match | 25 |
| Defendant Names Only Appearing a Single Time | 16 |
| Defendant Names by Very Similar String Match | 24 |
| | |
| MCRO PDF Documents Downloaded | 1122 |
| E-filed Comp Order for Detention | 19 |
| Law Enforcement Notice of Release and Appearance | 20 |
| Order for Conditional Release | 101 |
| Notice of Case Reassignment | 55 |
| Notice of Hearing | 90 |
| Notice of Remote Hearing with Instructions | 230 |
| Returned Mail | 78 |
| Witness List | 11 |
| Rule 20.01 Evaluation for Competency to Proceed | 169 |
| Finding of Incompetency and Order | 37 |

## 2022 (27-CR-22-XXXX) Case Statistics

| | |
|---|---|
| Unique Criminal Case Numbers | 44 |
| Defendant Names by Exact String Match | 32 |
| Defendant Names Only Appearing a Single Time | 21 |
| Defendant Names by Very Similar String Match | 32 |
| | |
| MCRO PDF Documents Downloaded | 772 |
| E-filed Comp Order for Detention | 18 |
| Law Enforcement Notice of Release and Appearance | 5 |
| Order for Conditional Release | 46 |
| Notice of Case Reassignment | 25 |
| Notice of Hearing | 105 |
| Notice of Remote Hearing with Instructions | 118 |
| Returned Mail | 49 |
| Witness List | 3 |
| Rule 20.01 Evaluation for Competency to Proceed | 110 |
| Finding of Incompetency and Order | 35 |

## 2023 (27-CR-23-XXXX) Case Statistics

| | |
|---|---|
| Unique Criminal Case Numbers | 39 |
| Defendant Names by Exact String Match | 33 |
| Defendant Names Only Appearing a Single Time | 27 |
| Defendant Names by Very Similar String Match | 33 |
| MCRO PDF Documents Downloaded | 413 |
| | |
| E-filed Comp Order for Detention | 27 |
| Law Enforcement Notice of Release and Appearance | 4 |
| Order for Conditional Release | 22 |
| Notice of Case Reassignment | 6 |
| Notice of Hearing | 46 |
| Notice of Remote Hearing with Instructions | 74 |
| Returned Mail | 19 |
| Witness List | 0 |
| Rule 20.01 Evaluation for Competency to Proceed | 61 |
| Finding of Incompetency and Order | 33 |

## Web Browser Automation Script Used to Download All 'Shared Case' MCRO PDF Documents

```python
from selenium import webdriver
from selenium.webdriver.common.by import By
from selenium.webdriver.chrome.options import Options
from selenium.webdriver.chrome.service import Service
from selenium.webdriver.support.ui import WebDriverWait
from selenium.webdriver.support import expected_conditions as EC
import time
import os


def setup_driver(initial_url):
    """ Set up Selenium WebDriver with visible browser window and navigate to the initial URL. """
    chrome_options = Options()
    # Specify download path
    current_dir = os.getcwd()
    prefs = {
            "download.default_directory": current_dir,
            "download.prompt_for_download": False,
            "download.directory_upgrade": True,
            "plugins.always_open_pdf_externally": True  # It will not show PDF directly in chrome
    }
    chrome_options.add_experimental_option("prefs", prefs)
```

```python
    driver = webdriver.Chrome(options=chrome_options)
    driver.get(initial_url)
    return driver

def download_documents(driver):
    """ Download documents with delays to manage system load. """
    wait = WebDriverWait(driver, 20)
    input("Navigate to the desired page and press Enter to start downloading documents...")
    try:
            buttons = wait.until(EC.presence_of_all_elements_located((By.CSS_SELECTOR, "button.btn-mpa-download-document")))
            for index, button in enumerate(buttons, start=1):
                    driver.execute_script("arguments[0].scrollIntoView();", button)
                    button.click()
                    print(f"Document {index} download initiated.")
                    time.sleep(1)  # Delay between downloads to avoid overwhelming the browser
            print("All available documents have been initiated for download.")
    except Exception as e:
            print(f"An error occurred: {str(e)}")

def main():
    initial_url = "https://publicaccess.courts.state.mn.us/"
    driver = setup_driver(initial_url)
    try:
            while True:
                    download_documents(driver)
                    if input("Press Enter to download again or type 'exit' to quit: ").lower() == 'exit':
                            break
    finally:
            driver.quit()

if __name__ == "__main__":
    main()
```

Exhibit A | Index 37 | p. 20

## THE VERY CLEAR 'CIRCULAR' HANDLING PATTERN OF CRIMINAL CASES TAKING PLACE BETWEEN THE SAME THREE 'PROBATE / MENTAL HEALTH' (CIVIL COURT) JUDICIAL OFFICERS -

**A selection of 'common criminal cases' between all three Judicial Officers which originated in 2023**

EXHIBIT
**B**

## State of Minnesota vs JIMMY EDWARD SPEARS III (27-CR-23-1600)

**Initial Handling by George Borer:**
The case began with George Borer handling an initial hearing on February 14, 2023, where key procedural decisions were made. This set the foundational legal framework for the case, addressing initial appearances and bail conditions.

**Transition to Julia Dayton Klein:**
The case was then transferred to Julia Dayton Klein for a subsequent hearing on March 7, 2023. During this hearing, she addressed several procedural aspects, building upon the groundwork laid by Borer, including the discussion and rulings related to further bail conditions and procedural advancements.

**Engagement of Danielle Mercurio:**
After Klein's involvement, the case moved to Danielle Mercurio for additional hearings, where she continued the judicial process, possibly reinforcing or modifying the decisions previously made by Klein and Borer. This included handling motions related to the ongoing legal proceedings and adjusting judicial approaches based on the evolving case context.

**Return to George Borer:**
The case circled back to George Borer, who conducted another hearing on March 21, 2023. His involvement at this stage again signifies the cyclic nature of the judicial handling among these three judges, where he reviewed and ruled on procedural motions, ensuring the continuity and legal consistency of the case handling.

**Final Handling by Julia Dayton Klein:**
The case eventually returned to Julia Dayton Klein for the final decisions, where she concluded the proceedings based on the cumulative inputs over multiple hearings by the involved judges. This included a critical review and final ruling on April 11, 2023, effectively closing the procedural loop and ensuring all judicial decisions were comprehensively addressed.

-----------------------------------------------------------------------------------------------------------------

## State of Minnesota vs Lucas Patrick Kraskey (27-CR-23-385)

**Initial Handling by George Borer:**
The case started with George Borer conducting the first significant hearing on February 14, 2023, where critical procedural decisions were made, setting the preliminary legal framework for the case proceedings.

**Transition to Danielle Mercurio:**
Shortly after, on February 21, 2023, Danielle Mercurio took over for a detailed evaluation for competency to proceed, building upon the judicial process initiated by Borer. This included handling and filing orders directly related to the defendant's competency evaluation, emphasizing her role in significant legal proceedings.

**Engagement of Julia Dayton Klein:**
Julia Dayton Klein was engaged for a hearing held on March 7, 2023, where she oversaw further procedural developments, including issuing a warrant due to a failure to appear by the defendant. Her involvement furthered the decisions and discussions previously handled by Mercurio and Borer, indicating a pattern of sequential involvement among these judges.

**Return to George Borer:**
The case circled back to George Borer, who conducted another hearing on March 21, 2023, where key decisions were made following the evaluations and inputs from previous hearings. His decisions during this session included motions related to bail and continued the legal processes, reflecting a recurring pattern where the case was passed back among the three judges.

**Final Decisions by Danielle Mercurio:**
Ultimately, Danielle Mercurio handled the concluding aspects of the case, including final hearings and dispositions on May 2, 2023. This included a finding of incompetency and the formal dismissal of the case, based on the cumulative judicial inputs over the multiple hearings.

-------------------------------------------------------------------------------------------------------------

## State of Minnesota vs TERRELL JOHNSON (27-CR-23-8649)

**Initial Handling by George Borer:**
The case started with Judge George Borer overseeing a bail hearing on March 19, 2024, where he addressed the initial procedural aspects and set interim conditions, establishing a foundational legal approach for the case.

**Engagement of Danielle Mercurio:**
Danielle Mercurio took over the proceedings on the same day (March 19, 2024), conducting a hearing that involved critical decisions on the competency of the defendant, directly continuing from the points raised by Judge Borer earlier.

**Continued by Julia Dayton Klein:**
Subsequently, the case was handled by Julia Dayton Klein for a review hearing scheduled for August 29, 2023, which was canceled, and later for another hearing on February 27, 2024. Her role was to review and follow up on the earlier assessments regarding competency and bail conditions, ensuring that all judicial proceedings were coherent and continuous.

**Return to Danielle Mercurio:**
The case then moved back to Danielle Mercurio, where she finalized the judicial process on March 12, 2024, with a series of hearings that culminated in a finding of incompetency. This session reflected a comprehensive review of the case's progress based on previous judicial inputs.

**Upcoming Hearings:**
There is a review hearing scheduled with Julia Dayton Klein on September 10, 2024, indicating ongoing judicial involvement and monitoring of the case status.

---------------------------------------------------------------------------------------------------------------------------

## State of Minnesota vs AARON DASHAUN CHERRY (27-CR-23-3198)

**Initial Handling by George Borer:**
The case opened with George Borer handling the first significant hearing on February 10, 2023, where initial procedural decisions and a bail hearing were conducted. His role was crucial in setting the legal and procedural framework for the case.

**Transition to Julia Dayton Klein:**
The case then transitioned to Julia Dayton Klein for a motion hearing on February 21, 2023. Her decisions built upon the groundwork laid by Borer, furthering the legal proceedings and revisiting the bail conditions set earlier. Her involvement was key in addressing motions related to the ongoing management of the case.

**Engagement of Danielle Mercurio:**
Subsequently, the case was moved to Danielle Mercurio for another bail hearing on March 6, 2023, continuing the judicial process initiated by Borer and Klein. This hearing further addressed ongoing legal considerations pertinent to the case's development, including bail conditions and the management of the defendant's custody status.

**Return to Julia Dayton Klein:**
Finally, the case returned to Julia Dayton Klein, who handled a review hearing on June 11, 2023. This closure of the judicial loop with Klein highlights the recurring pattern of handling among the same set of judges, which might impact the impartiality and independence of judicial decisions. Her final review helped solidify the decisions made throughout the case, ensuring all judicial aspects were comprehensively addressed.

---------------------------------------------------------------------------------------------------------------------------

## State of Minnesota vs Abdinour Mohamed Alasow (27-CR-23-512)

**Initial Handling by Kristin Siegesmund:**
The case commenced with Kristin Siegesmund, who conducted the first appearance and set the initial terms, including a Rule 20.01 evaluation for competency on January 9, 2023. This early decision set the stage for subsequent judicial reviews.

**Transition to George Borer:**
On February 14, 2023, George Borer handled the proceedings post-Rule 20.01 evaluation. His decision regarding the defendant's competency significantly shaped the next steps in the judicial process, emphasizing his role in pivotal determinations.

Exhibit A | Index 37 | p. 23

Filed in District Court
State of Minnesota
5/3/2024 2:56 PM

**Engagement of Julia Dayton Klein:**
Subsequently, the case was transitioned to Julia Dayton Klein for further decisions. On March 7, 2023, she was involved in subsequent hearings and decisions that built upon the assessments made by George Borer, including orders related to the conditions of release and continuation of the case under specified terms.

**Return to Danielle Mercurio:**
Finally, the case was handled by Danielle Mercurio for closing procedures, where she finalized the decisions previously influenced by both Borer and Klein. This final stage of the case reflects a recurring pattern where significant decisions are reviewed and concluded by Mercurio, indicating a systemic approach in handling such sensitive matters.

---------------------------------------------------------------------------------------------------------------------------

## State of Minnesota vs Abdinour Mohamed Alasow (27-CR-23-883)

**Initial Handling by Kristin Siegesmund:**
The case began with Kristin Siegesmund managing the first appearance and initial proceedings on February 13, 2023. She set the stage for subsequent judicial assessments by establishing interim conditions and addressing initial legal requirements.

**Transition to George Borer:**
**S**hortly thereafter, on February 14, 2023, George Borer conducted a crucial hearing focusing on the defendant's competency and related legal determinations. His decisions during this hearing were foundational for the case's trajectory, including a finding of incompetency and setting further interim conditions based on the competency evaluations.

**Engagement of Julia Dayton Klein:**
The case then moved to Julia Dayton Klein, who on March 7, 2023, conducted another significant hearing. Her involvement often symbolizes a continuation and sometimes a pivotal turn in the case based on prior hearings conducted by Borer. She upheld the bail conditions previously set and conducted the proceedings remotely, adding to the continuity in judicial handling.

**Return to Danielle Mercurio:**
The final hearings and decisions transitioned back to Danielle Mercurio, where she concluded the proceedings by dismissing the case on March 27, 2023. Her closure of the case reflects the ongoing pattern where critical decisions are cycled through the same set of judges, finalizing the legal outcomes based on the comprehensive inputs provided throughout the judicial process.

---------------------------------------------------------------------------------------------------------------------------

Exhibit A | Index 37 | p. 24

## State of Minnesota vs YASMIN AHMED ALI (27-CR-23-1658)

**Initial Handling by George Borer:**
The case began with a critical hearing conducted by George Borer on May 30, 2023, where initial procedural decisions were made, including scheduling further evaluations and handling initial court appearances.

**Transition to Julia Dayton Klein:**
Subsequently, Julia Dayton Klein took over the case for a hearing scheduled on June 20, 2023. Her involvement was crucial in further developing the case based on the foundational decisions made by Borer, particularly addressing the outcomes of the competency evaluations and setting interim conditions.

**Engagement of Danielle Mercurio:**
The case then moved to Danielle Mercurio for an additional hearing. However, this particular hearing scheduled for July 11, 2023, was ultimately canceled. This indicates planned sequential involvement which was not executed but shows the intended circular handling.

**Return to George Borer:**
Interestingly, the case circled back to George Borer, reflecting the recurring pattern of judicial handling among these judges, where he continued to oversee the ongoing evaluations and adjusted court orders as necessary.

---------------------------------------------------------------------------------------------------------------------

## State of Minnesota vs GRAHM MARK FLETCHER (27-CR-23-2152)

**Initial Handling by Danielle Mercurio:**
The case was first handled by Danielle Mercurio on July 11, 2023, where preliminary decisions regarding the proceedings were made, including addressing the outcomes from a previously issued warrant and managing the initial Rule 20.01 evaluation for competency.

**Engagement of Julia Dayton Klein:**
The case was then transferred to Julia Dayton Klein for a hearing on July 25, 2023. She built upon the previous decisions, furthering the procedural aspects of the case and reviewing the need for continued interventions based on earlier hearings. During this hearing, an important decision was made to issue a bench warrant due to non-appearance, impacting subsequent legal proceedings.

**Return to Danielle Mercurio:**
Subsequently, Danielle Mercurio took over again for a series of follow-up hearings, including one on November 28, 2023, where she reviewed the progress and made additional decisions based on the ongoing evaluations and previous judicial inputs. This session included addressing the completion of the competency evaluation and planning further steps in the judicial process.

---------------------------------------------------------------------------------------------------------------------

Filed in District Court
State of Minnesota
5/3/2024 2:56 PM

## State of Minnesota vs MUAD ABDULKADIR (27-CR-23-3459)

**Initial Handling by Hilary Caligiuri:**
The case began with Judge Hilary Caligiuri who conducted the first hearing and handled several preliminary matters including a Rule 20.01 evaluation order on February 16, 2023. This set the foundation for further judicial actions.

**Engagement of Julia Dayton Klein:**
Julia Dayton Klein was involved in a subsequent hearing scheduled for September 26, 2023, which was later cancelled and rescheduled to November 7, 2023, by agreement. This pattern indicates a planned sequential involvement which was adjusted based on judicial availability and agreement among parties.

**Return to George Borer:**
The case briefly returned to George Borer on March 21, 2023, for a hearing where significant decisions regarding competency were made. His decisions influenced the direction of the case moving forward.

**Final Handling by Danielle Mercurio:**
Danielle Mercurio conducted a review hearing on September 19, 2023, where she addressed the ongoing aspects of the case, building on the previous judges' decisions. This hearing was critical for assessing the progress and determining the next steps in the judicial process.

-------------------------------------------------------------------------------------------------------------------

## State of Minnesota vs ABDULKADIR ELMI EGAL (27-CR-23-3496)

**Initial Handling by George Borer:**
The case began with Judge George Borer handling the initial hearings, including competency evaluations and related decisions on March 21, 2023, setting the judicial tone and procedural basis for the case. This included a crucial finding of incompetency and related orders that shaped the subsequent legal proceedings.

**Transition to Julia Dayton Klein:**
Subsequently, the case was transferred to Julia Dayton Klein for a bail hearing on April 4, 2023. Her involvement furthered the legal proceedings and revisited decisions regarding the bail that were initially set by Borer. During this hearing, the bail conditions were reviewed and upheld, ensuring continuity in the case's management.

**Engagement of Danielle Mercurio:**
The case moved to Danielle Mercurio for a review hearing scheduled for September 19, 2023. This step continued the judicial process, likely building on the previous decisions made by Klein and Borer. However, this hearing was ultimately canceled, indicating planned but unexecuted judicial follow-through.

-------------------------------------------------------------------------------------------------------------------

Exhibit A | Index 37 | p. 26

## State of Minnesota vs MOHAMED ABDI SHIDE (27-CR-23-284)

**Initial Handling by Susan N. Burke:**
The case was first assigned to Susan N. Burke, who initiated the proceedings based on the preliminary hearings.

**Transition to George Borer:**
Subsequently, the case was handed over to George Borer for critical hearings concerning the competency of the defendant and other related proceedings. Borer's decisions here were pivotal as they set the stage for further legal actions, emphasizing a pattern where he often follows up on cases initially reviewed by other judges.

**Engagement of Julia Dayton Klein:**
After Borer's input, the case was transitioned to Julia Dayton Klein for further proceedings, particularly focusing on the implications of the competency ruling and finalizing the dismissal. Dayton Klein's role often involves deeper legal and procedural decisions following the assessments made by Borer.

**Return to Danielle Mercurio:**
The case circled back to Danielle Mercurio for additional reviews and final assessments, suggesting a recurring loop among these three judges. This pattern was particularly evident in the post-competency phase of the proceedings, where Mercurio reassessed the case, possibly for final decisions or further directions.

---------------------------------------------------------------------------------------------------------------------

## State of Minnesota vs Lucas Patrick Kraskey (27-CR-23-5751)

**Initial Handling by Julia Dayton Klein:**
The case started with Julia Dayton Klein handling a bail hearing on March 28, 2023, where she made decisions regarding the defendant's bail status and ordered a competency evaluation under Rule 20.01.

**Engagement of George Borer:**
Subsequently, George Borer took over the proceedings on the same day (March 28, 2023), continuing the evaluation for competency to proceed, which was initially set by Dayton Klein.

**Return to Julia Dayton Klein:**
The case circled back to Julia Dayton Klein, who managed the final decisions related to the competency evaluations and subsequent orders. She concluded these processes by affirming the need for continued judicial oversight pending the outcomes of the evaluations.

---------------------------------------------------------------------------------------------------------------------

Exhibit A | Index 37 | p. 27

# MCRO 'Incompetent to Proceed' Orders from all Criminal Cases Shared amongst Judge Julia Dayton Klein, Referee Danielle Mercurio, and Referee George Borer

EXHIBIT

C

| DATE | 2017 CASES | RULE 20.01 ORDER | INCOMPETENCE ORDER | SIGNING JUDGE |
|------|-----------|------------------|--------------------|---------------|
| 06/06/2023 | 27-CR-18-18391 | Julia Dayton Klein | Danielle Mercurio | Julia Dayton Klein |
| 03/20/2024 | 27-CR-18-18391 | Hearing | George Borer | Michael K Brown |
| 05/24/2023 | 27-CR-18-26530 | Askalani | Lori Skibbie | Julia Dayton Klein |

| DATE | 2019 CASES | RULE 20.01 ORDER | INCOMPETENCE ORDER | SIGNING JUDGE |
|------|-----------|------------------|--------------------|---------------|
| 03/12/2024 | 27-CR-19-12466 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 03/12/2024 | 27-CR-19-19606 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 06/06/2023 | 27-CR-19-1916 | Julia Dayton Klein | Danielle Mercurio | Julia Dayton Klein |
| 06/06/2023 | 27-CR-19-3539 | Julia Dayton Klein | Danielle Mercurio | Julia Dayton Klein |
| 06/06/2023 | 27-CR-19-17539 | Julia Dayton Klein | Danielle Mercurio | Julia Dayton Klein |
| 03/20/2024 | 27-CR-19-1916 | Hearing | George Borer | Michael K Brown |
| 03/20/2024 | 27-CR-19-3539 | Hearing | George Borer | Michael K Brown |
| 03/20/2024 | 27-CR-19-17539 | Hearing | George Borer | Michael K Brown |
| 02/15/2023 | 27-CR-19-901 | Lisa Janzen | George Borer | Julia Dayton Klein |
| 05/24/2023 | 27-CR-19-9270 | Askalani | Lori Skibbie | Julia Dayton Klein |

| DATE | 2020 CASES | RULE 20.01 ORDER | INCOMPETENCE ORDER | SIGNING JUDGE |
|------|-----------|------------------|--------------------|---------------|
| 03/12/2024 | 27-CR-20-8926 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 03/12/2024 | 27-CR-20-20037 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 11/28/2023 | 27-CR-20-11638 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 10/17/2023 | 27-CR-20-10049 | Francis Magill | George Borer | Jamie Anderson |
| 06/01/2023 | 27-CR-20-19196 | Julia Dayton Klein | George Borer | Michael K Brown |
| 02/15/2023 | 27-CR-20-13495 | Lisa Janzen | George Borer | Julia Dayton Klein |
| 04/26/2023 | 27-CR-20-20788 | Michael K Brown | George Borer | Julia Dayton Klein |
| 04/24/2023 | 27-CR-20-8575 | Hilary Caligiuri | Julia Dayton Klein | Julia Dayton Klein |
| 01/23/2024 | 27-CR-20-7092 | Julia Dayton Klein | Julia Dayton Klein | Julia Dayton Klein |
| 03/08/2023 | 27-CR-20-6517 | Michael K Brown | Julia Dayton Klein | Julia Dayton Klein |
| 02/12/2024 | 27-CR-20-20788 | Shereen Askalani | Julia Dayton Klein | Julia Dayton Klein |
| 05/24/2023 | 27-CR-20-11638 | Moore | Lori Skibbie | Julia Dayton Klein |

| DATE | 2021 CASES | RULE 20.01 ORDER | INCOMPETENCE ORDER | SIGNING JUDGE |
|---|---|---|---|---|
| 02/22/2023 | 27-CR-21-23628 | Danielle Mercurio | Danielle Mercurio | Michael K Brown |
| 07/12/2023 | 27-CR-21-19723 | David Piper | Danielle Mercurio | Michael K Brown |
| 07/12/2023 | 27-CR-21-23456 | David Piper | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-1171 | Jay Quam | Danielle Mercurio | Michael K Brown |
| 03/12/2024 | 27-CR-21-19552 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 03/12/2024 | 27-CR-21-23233 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-6904 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-8067 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-8227 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-8228 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-8229 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-8230 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-21-8511 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 06/06/2023 | 27-CR-21-22058 | Julia Dayton Klein | Danielle Mercurio | Julia Dayton Klein |
| 03/12/2024 | 27-CR-21-6710 | William Koch | Danielle Mercurio | Julia Dayton Klein |
| 04/26/2023 | 27-CR-21-6710 | Garcia | George Borer | Julia Dayton Klein |
| 02/15/2023 | 27-CR-21-10675 | Julie Allyn | George Borer | Julia Dayton Klein |
| 08/08/2023 | 27-CR-21-8412 | Kerry Meyer | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-21-1980 | Melissa Houghtaling | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-21-20072 | Melissa Houghtaling | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-21-20988 | Melissa Houghtaling | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-21-21355 | Melissa Houghtaling | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-21-23188 | Melissa Houghtaling | George Borer | Michael K Brown |
| 03/20/2024 | 27-CR-21-22058 | Previous Finding | George Borer | Michael K Brown |
| 04/24/2023 | 27-CR-21-7676 | Hilary Caligiuri | Julia Dayton Klein | Julia Dayton Klein |
| 01/23/2024 | 27-CR-21-933 | Julia Dayton Klein | Julia Dayton Klein | Julia Dayton Klein |
| 10/03/2023 | 27-CR-21-6229 | Julia Dayton Klein | Julia Dayton Klein | Julia Dayton Klein |
| 03/08/2023 | 27-CR-21-23131 | Michael K Brown | Julia Dayton Klein | Julia Dayton Klein |
| 11/01/2023 | 27-CR-21-14861 | Agreement of parties | Michael K Brown | Michael K Brown |
| 03/05/2024 | 27-CR-21-23628 | Jean Burdorf | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-21-6904 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-21-8067 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-21-8227 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-21-8228 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-21-8229 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-21-8230 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-21-8511 | Julia Dayton Klein | Michael K Brown | Michael K Brown |

Exhibit A | Index 37 | p. 29

Filed in District Court
State of Minnesota
5/3/2024 2:56 PM

| DATE | 2022 CASES | RULE 20.01 ORDER | INCOMPETENCE ORDER | SIGNING JUDGE |
|------|-----------|------------------|--------------------|---------------|
| 02/22/2023 | 27-CR-22-7797 | Danielle Mercurio | Danielle Mercurio | Michael K Brown |
| 02/22/2023 | 27-CR-22-25134 | Danielle Mercurio | Danielle Mercurio | Michael K Brown |
| 07/12/2023 | 27-CR-22-15550 | David Piper | Danielle Mercurio | Michael K Brown |
| 03/12/2024 | 27-CR-22-1165 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 03/12/2024 | 27-CR-22-4898 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-22-17300 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-22-21679 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 05/02/2023 | 27-CR-22-24045 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 11/28/2023 | 27-CR-22-10646 | Michael K Brown | Danielle Mercurio | Michael K Brown |
| 03/11/2024 | 27-CR-22-19036 | Michael K Brown | Danielle Mercurio | Michael K Brown |
| 02/15/2023 | 27-CR-22-3570 | Julie Allyn | George Borer | Julia Dayton Klein |
| 02/15/2023 | 27-CR-22-3570 | Julie Allyn | George Borer | Julia Dayton Klein |
| 02/15/2023 | 27-CR-22-22521 | Julie Allyn | George Borer | Julia Dayton Klein |
| 01/11/2023 | 27-CR-22-18938 | Lyonel Norris | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-22-4087 | Melissa Houghtaling | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-22-22963 | Melissa Houghtaling | George Borer | Michael K Brown |
| 12/05/2023 | 27-CR-22-25151 | Michael Burns | George Borer | Michael K Brown |
| 02/16/2023 | 27-CR-22-21925 | Siegesmund | George Borer | Julia Dayton Klein |
| 02/16/2023 | 27-CR-22-23317 | Siegesmund | George Borer | Julia Dayton Klein |
| 04/13/2023 | 27-CR-22-13185 | Bev Benson | Julia Dayton Klein | Julia Dayton Klein |
| 02/27/2024 | 27-CR-22-18938 | Julia Dayton Klein | Julia Dayton Klein | Julia Dayton Klein |
| 06/21/2023 | 27-CR-22-19036 | Julie Allyn | Julia Dayton Klein | Julia Dayton Klein |
| 03/08/2023 | 27-CR-22-24627 | Michael K Brown | Julia Dayton Klein | Julia Dayton Klein |
| 02/27/2024 | 27-CR-22-14493 | William Koch | Julia Dayton Klein | Julia Dayton Klein |
| 05/24/2023 | 27-CR-22-3553 | Askalani | Lori Skibbie | Julia Dayton Klein |
| 03/15/2023 | 27-CR-22-18789 | Michael Burns | Lori Skibbie | Julia Dayton Klein |
| 06/14/2023 | 27-CR-22-3377 | Amber Brennan | Michael K Brown | Michael K Brown |
| 06/14/2023 | 27-CR-22-22687 | Amber Brennan | Michael K Brown | Michael K Brown |
| 03/05/2024 | 27-CR-22-7797 | Jean Burdorf | Michael K Brown | Michael K Brown |
| 03/05/2024 | 27-CR-22-25134 | Jean Burdorf | Michael K Brown | Michael K Brown |
| 01/24/2023 | 27-CR-22-18209 | Juan Hoyos | Michael K Brown | Michael K Brown |
| 11/01/2023 | 27-CR-22-17300 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 05/10/2023 | 27-CR-22-13941 | Kerry Meyer | Michael K Brown | Michael K Brown |
| 02/02/2024 | 27-CR-22-9720 | Thomas J Conley | Michael K Brown | Michael K Brown |
| 02/02/2024 | 27-CR-22-12076 | Thomas J Conley | Michael K Brown | Michael K Brown |

Exhibit A | Index 37 | p. 30

| DATE | 2023 CASES | RULE 20.01 ORDER | INCOMPETENCE ORDER | SIGNING JUDGE |
|---|---|---|---|---|
| 11/01/2023 | 27-CR-23-20715 | Agreement of parties | Michael K Brown | Michael K Brown |
| 04/13/2023 | 27-CR-23-5213 | Bev Benson | Julia Dayton Klein | Julia Dayton Klein |
| 08/30/2023 | 27-CR-23-1101 | Burdorf | Julia Dayton Klein | Julia Dayton Klein |
| 04/04/2024 | 27-CR-23-1101 | Burdorf | Michael K Brown | Michael K Brown |
| 04/26/2024 | 27-CR-23-21403 | Edward Wahl | Michael K Brown | Michael K Brown |
| 03/22/2023 | 27-CR-23-3459 | Hilary Caligiuri | George Borer | Michael K Brown |
| 03/22/2023 | 27-CR-23-3460 | Hilary Caligiuri | George Borer | Michael K Brown |
| 03/22/2023 | 27-CR-23-3496 | Hilary Caligiuri | George Borer | Michael K Brown |
| 06/01/2023 | 27-CR-23-8560 | Jat Quam | George Borer | Michael K Brown |
| 03/12/2024 | 27-CR-23-8649 | Juan Hoyos | Danielle Mercurio | Michael K Brown |
| 10/10/2023 | 27-CR-23-18846 | Juan Hoyos | Lori Skibbie | Julia Dayton Klein |
| 10/10/2023 | 27-CR-23-18850 | Juan Hoyos | Lori Skibbie | Julia Dayton Klein |
| 10/18/2023 | 27-CR-23-18964 | Juan Hoyos | George Borer | Jamie Anderson |
| 05/02/2023 | 27-CR-23-385 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 01/17/2024 | 27-CR-23-1886 | Julia Dayton Klein | Danielle Mercurio | Julia Dayton Klein |
| 05/02/2023 | 27-CR-23-5751 | Julia Dayton Klein | Danielle Mercurio | Michael K Brown |
| 11/01/2023 | 27-CR-23-5751 | Julia Dayton Klein | Michael K Brown | Michael K Brown |
| 03/08/2023 | 27-CR-23-2480 | Julie Allyn | Julia Dayton Klein | Julia Dayton Klein |
| 12/13/2023 | 27-CR-23-12653 | Julie Allyn | Julia Dayton Klein | Julia Dayton Klein |
| 11/01/2023 | 27-CR-23-16281 | Julie Allyn | Michael K Brown | Michael K Brown |
| 03/22/2023 | 27-CR-23-284 | Larson | George Borer | Michael K Brown |
| 03/22/2023 | 27-CR-23-3423 | Larson | George Borer | Michael K Brown |
| 11/15/2023 | 27-CR-23-21653 | Lisa Janzen | Lori Skibbie | Michael K Brown |
| 07/13/2023 | 27-CR-23-1886 | Lyonel Norris | George Borer | Michael K Brown |
| 04/04/2024 | 27-CR-23-2480 | Mark Kappelhoff | Michael K Brown | Michael K Brown |
| 11/22/2023 | 27-CR-23-24219 | Marta Chou | George Borer | Michael K Brown |
| 07/26/2023 | 27-CR-23-12360 | Michael Burns | Julia Dayton Klein | Julia Dayton Klein |
| 08/24/2023 | 27-CR-23-13960 | Paul Scoggin | Michael K Brown | Michael K Brown |
| 02/16/2023 | 27-CR-23-512 | Siegesmund | George Borer | Julia Dayton Klein |
| 02/02/2024 | 27-CR-23-17576 | Thomas Conley | Michael K Brown | Michael K Brown |
| 12/06/2023 | 27-CR-23-3198 | William Koch | Lori Skibbie | Julia Dayton Klein |
| 12/11/2023 | 27-CR-23-3198 | William Koch | Lori Skibbie | Julia Dayton Klein |
| 02/27/2024 | 27-CR-23-9546 | William Koch | Julia Dayton Klein | Julia Dayton Klein |

Exhibit A | Index 37 | p. 31

Filed in District Court
State of Minnesota
May 09, 2024 11:58 am

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

State of Minnesota,
        Plaintiff,

v.

MATTHEW DAVID GUERTIN,
        Defendant.

**Order to Fourth Judicial District Court**
**Psychological Services**
**27-CR-23-1886**

| Defendant Information |
|---|
| ☒ Out of Custody    ☐ In Custody – at Facility: _____ |
| Date of Birth: 07/17/1981        SILS Identifier: 403932 |
| Phone:        Home: 763-221-4540, Cell: 763-221-4550 |
| Email:        mattguertin@protonmail.com |
| Current Address:    1075 Traditions Ct <br> Chaska MN  55318 <br> ☐ Confirmed address with Defendant |
| Additional family/collateral contact number and instructions: |

It is hereby ordered:

    ☒ For felony and gross misdemeanor cases, probable cause has been found.
    ☐ The defendant is to be released upon completion of the interview process.
    ☐ This is part of the targeted misdemeanor program.

1. The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:

    ☒ Competency to participate in proceedings pursuant to Rule 20.01
    ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
    ☐ Sex Offender Evaluation (psychosexual) pursuant to Minnesota Statute § 609.3457
    ☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
    ☐ Consultation (Pre-Sentence) _____
    ☐ Other (please specify) _____

2. Copies of this evaluation shall be provided to the Court and the following individuals:

    Defense Attorney: BRUCE MICHAEL RIVERS      Phone:    612-339-3939
    Prosecuting Attorney: JACQUELINE PEREZ      Phone:

3. The hearing for the return of the psychological evaluation will be held **on July 16, 2024 at 1:30 PM**.

4. Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources:  behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order.  Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487.  All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of the Department of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with the Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services. A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer in the report an opinion and support for the opinion on whether the defendant:

   a. Is suitable to refer for consideration of civil commitment and the basis of the possible commitment,

   b. May be mentally ill and dangerous, and

   c. Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes the defendant:

   a. Presents an imminent risk of serious danger to another,

   b. May be imminently suicidal, or

   c. Needs emergency intervention.

Dated: May 8, 2024

Dayton Klein, Julia
May 9 2024 8:47 AM
District Court Judge

✓ Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.

✓ If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

**STATE OF MINNESOTA**                                     **DISTRICT COURT**

**COUNTY OF HENNEPIN**                              **FOURTH JUDICIAL DISTRICT**

---

State of Minnesota,                                    Court File No.: 27-CR-23-1886

                        Plaintiff,

                                                      **DEFENDANT'S MOTION**
vs.                                                   **TO COMPEL DISCOVERY**

Matthew David Guertin,

                        Defendant.                    Judicial Officer: <u>Jay Quam</u>

---

TO:        THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT
           COURT;  THE HONORABLE JULIA DAYTON KLEIN, JUDGE OF
           THE DISTRICT COURT;  MS. JACQUELINE PEREZ, ASSISTANT
           HENNEPIN COUNTY ATTORNEY;  CLERK OF THE COURT;
           AND THE OFFICE OF THE HENNEPIN COUNTY ATTORNEY.


## **INTRODUCTION**


Defendant Matthew David Guertin respectfully submits this Motion to Compel Discovery. This motion arises from the State's failure to provide all requested discovery materials essential for the Defendant's defense, despite multiple formal requests and follow-up correspondence. The Defendant challenges the authenticity and completeness of the discovery materials received, highlighting significant procedural concerns that compromise the integrity of the legal process and the Defendant's right to a fair trial.

Exhibit A | Index 90 | p. 1

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

## BACKGROUND

1.    On January 5, 2024, the Defendant submitted a formal pro se "Demand or Request for Discovery" to the prosecuting attorney, Ms. Jacqueline Perez (*See* Index #22). This request specifically cited Minnesota Rules of Criminal Procedure, Rule 9, and included requests for:

   • All Brady material

   • Squad video

   • Audio tapes

   • All 104 police photographs taken by the Minnetonka Police Department on January 21, 2023

2.    On April 4, 2024, the Defendant submitted a pro se "Motion to Compel Discovery and Affidavit of Fact" (*See* Index #29). This motion highlighted the State's failure to provide the requested materials and detailed discrepancies in the discovery provided, suggesting fraudulent alterations.

3.    On May 3, 2024, the Defendant submitted a follow-up correspondence (*See* Index #36) to the Court, reiterating the need for the requested discovery materials and the failure of both the Court and defense counsel to address these requests.

Exhibit A | Index 90 | p. 2

## **LEGAL BASIS**

The legal foundation for this motion is anchored in Minnesota Rule of Criminal Procedure 9.01, which mandates the prosecution's duty to disclose materials crucial for the defense. Specifically, the rules cited are:

- Rule 9.01 subd. 1(3)(b):

  Requires the disclosure of any relevant written or recorded statements made by the defendant or co-defendant.

- Rule 9.01 subd. 1(6):

  Requires the disclosure of any evidence that the prosecution intends to use at trial which is material to the preparation of the defense.

- Rule 9.01 subd. 1a(1):

  Requires the prosecution to disclose evidence that tends to negate the guilt of the accused or mitigate the offense.

- Rule 9.01 subd. 2(1):

  Requires the prosecutor to permit the defendant to inspect and copy or photograph any relevant material and documents.

Additionally, the Defendant invokes Rule 901(b)(1) of the Federal Rules of Evidence, which sets standards for the authentication or identification of evidence.

Exhibit A | Index 90 | p. 3

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

## ARGUMENTS

1.  Ineffective Assistance of Counsel:

    The Defendant's current counsel, Bruce Rivers, has demonstrated ineffective assistance by failing to secure the necessary discovery materials, significantly impairing the Defendant's ability to prepare an effective defense.

2.  Procedural Violations:

    The State's failure to provide complete and authentic discovery materials violates Minnesota Rule of Criminal Procedure 9.01. This misconduct not only undermines the fairness owed to the Defendant but also infringes upon his constitutional rights under the due process clauses of both state and federal jurisprudence.

3.  Need for Transparency:

    Full and transparent disclosure of discovery materials is essential to rectify the current discrepancies and ensure that all evidence presented in this case is authentic, unaltered, and complete.

## REQUEST FOR RELIEF

The Defendant respectfully requests that the Court order the State to:

1.  Provide all missing discovery materials forthwith.

Exhibit A | Index 90 | p. 4

2.  Conduct a thorough investigation into the discrepancies and manipulations identified by the Defendant, ensuring that all evidence presented in this case is authentic, unaltered, and complete.

3.  Send all discovery materials directly to the Defendant at MattGuertin@Protonmail.com, due to the ineffective assistance of current defense counsel.

## CONCLUSION

For the reasons stated above, the Defendant respectfully requests that this Court grant the motion to compel discovery and ensure that all necessary and authentic discovery materials are provided directly to the Defendant to facilitate a fair and just legal process.

Respectfully submitted,

Date: <u>June 3, 2024</u>

By: <u> /s/ Matthew Guertin</u>
Matthew D. Guertin
Defendant Pro Se
1075 Traditions Ct.
Chaska, MN 55318
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

Exhibit A | Index 90 | p. 5

**STATE OF MINNESOTA**                                     **DISTRICT COURT**

**COUNTY OF HENNEPIN**                          **FOURTH JUDICIAL DISTRICT**

---

State of Minnesota,                                    Court File No.: 27-CR-23-1886

                         Plaintiff,

vs.                                                    **DEFENDANT'S MOTION
                                                       FOR SUBSTITUTE
                                                       COUNSEL**

Matthew David Guertin,

                         Defendant.           Judicial Officer: <u>Jay Quam</u>

---

TO:      THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT
           COURT;  THE HONORABLE JULIA DAYTON KLEIN, JUDGE OF
           THE DISTRICT COURT;  MS. JACQUELINE PEREZ, ASSISTANT
           HENNEPIN COUNTY ATTORNEY;  CLERK OF THE COURT;
           AND THE OFFICE OF THE HENNEPIN COUNTY ATTORNEY.

## <u>INTRODUCTION</u>

      Defendant Matthew David Guertin respectfully moves this Court for an order

appointing substitute counsel in place of his current attorney, Bruce Rivers.

## <u>BACKGROUND</u>

1.     Defendant is currently represented by Bruce Rivers.

2.     Serious allegations of ineffective assistance of counsel have been raised against

      Mr. Rivers in the Defendant's petition for discretionary review, filed in the

      Minnesota Court of Appeals, case A24-0780, which are supported by compelling

Exhibit A | Index 91 | p. 1

27-CR-23-1886

Filed in District Court
State of Minnesota
6/3/2024 7:33 AM

and irrefutable evidence that is part of this case record (See Index #89, Exhibit A).

These instances of ineffective assistance include:

○ Failure to provide the Defendant with discovery materials, as well as the January 3, 2024 Rule 20.01 exam report prepared by Dr. Adam Milz (*See* Index #30, pp. 37-38, 83 (Text 29), 85 (Calls 05), 135, Index #38, p.143)

○ Failure to present exculpatory evidence possessed during the Defendant's July 7, 2023 court hearing (*See* Index #30, p. 60, Index #38, pp. 99-100, 102-103, 113-116, 118-119)

○ A conflict of interest, as well as a mention to the Defendant about 'powerful people keeping an eye on him,' directly addressed in a June 16, 2023 email (*See* Index #30, pp. 22-24, 73-76)

○ A promise to represent the Defendant in his civil commitment proceedings (*See* Index #30, pp. 24-25, 81-82 (Text 17-22)) which was not honored (*See* Index #30, pp. 25, 77-78, 82-83 (Text 23-26))

3. These instances have significantly undermined the Defendant's trust in Mr. Rivers' ability to provide effective legal representation.

4. This Court has refused to provide necessary discovery materials and has not addressed the Defendant's other motions, further compromising his right to a fair trial.

Exhibit A | Index 91 | p. 2

## **ARGUMENTS**

1.   Ineffective Assistance of Counsel:

These allegations against Mr. Rivers demonstrate a significant breach of his duty to provide effective counsel, as defined under *Strickland v. Washington*, 466 U.S. 668 (1984).

2.   Conflict of Interest:

Mr. Rivers' conflict of interest further impairs his ability to represent the Defendant effectively. The Defendant's lack of trust in Mr. Rivers is justified and severely impacts the attorney-client relationship.

3.   Constitutional Rights:

The Defendant has a constitutional right to effective assistance of counsel under the Sixth Amendment. The documented failures and conflicts clearly demonstrate that this right has been compromised.

4.   Procedural Failures:

This Court has refused to provide necessary discovery materials and address the Defendant's motions, depriving him of due process.

Exhibit A | Index 91 | p. 3

5.      **Ensuring Full Discovery:**

It is imperative that new counsel be provided with all discovery materials as part of their assignment to this case. This is essential to ensure transparency and to address the current discrepancies concerning discovery materials.

6.      **Ensuring a Fair Trial:**

This Court has an obligation to ensure the Defendant receives a fair trial. Appointing substitute counsel is necessary to maintain due process and the integrity of the judicial process.

## CONCLUSION

For the reasons stated above, the Defendant respectfully requests that this Court grant his motion for substitute counsel and appoint a new attorney, preferably a public defender if necessary, to represent him in this case. This appointment is necessary until the Defendant is able to recover the retainer paid to Bruce Rivers, which is needed to secure new defense representation.

Respectfully submitted,

Date: <u>June 3, 2024</u>

By: <u> /s/ Matthew Guertin</u>
Matthew D. Guertin
Defendant Pro Se
1075 Traditions Ct.
Chaska, MN 55318
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

Exhibit A | Index 91 | p. 4

Filed in District Court
State of Minnesota
6/3/2024 7:41 AM

**Matthew David Guertin**
1075 Traditions Ct.
Chaska, MN  55318
MattGuertin@ProtonMail.com
763-221-4540

**June 3, 2024**

**Clerk of the Court**
MN 4th Judicial District Court
300 South Sixth Street
Minneapolis, MN 55487

**Re: Case Number 27-CR-23-1886 – Follow-Up on Discovery Requests**

Dear Judge Jay Quam, Judge Julia Dayton Klein and the Clerk of the Court,

I am writing to follow up on my previous requests for discovery materials in the above-referenced case. Despite multiple formal requests and a motion to compel discovery, I have yet to receive the necessary discovery materials essential for my defense.

The failure to provide these materials significantly impairs my ability to prepare for trial and violates my right to due process. I respectfully request that the Court address this issue promptly.

I have filed a motion for substitute counsel and a renewed motion to compel discovery, emphasizing the need for transparency and effective legal representation. I urge the Court to consider these motions and ensure that my rights are upheld.

Thank you for your attention to this matter.

Sincerely,

Matthew David Guertin