# Exhibit F

**EXHIBIT F**

This exhibit contains all of the records of Guertin's pro se, Minnesota Court of Appeals case, A24-0780, besides the 10 additional addenda which are included in Exhibit's G, H, I, and J. [1]

**Index 01** | 05/10/24, Petition for Discretionary Review

**Index 02** | 05/10/24, Certificate of Document Length

**Index 03** | 05/10/24, Decision Being Appealed

**Index 14** | 05/10/24, Affidavit of Service

**Index 15** | 05/13/24, Notice of Case Filing

**Index 16** | 05/14/24, Supplementary Addendum Information

**Index 17** | 05/14/24, Motion for Public Access to Appellate Filings

**Index 18** | 05/14/24, Motion for IFP

**Index 19** | 05/14/24, Proof of Service of Petition on District Court

**Index 20** | 05/16/24, Ammended Affidavit of Service

**Index 21** | 05/17/24, State of Minnesota's Opposition to Discretionary Review

**Index 22** | 05/17/24, State of Minnesota's Affidavit of Service for Response

**Index 23** | 05/17/24, Court Order | Deny IFP and Public Access Motions

**Index 24** | 05/23/24, District Court Order Denying IFP

**Index 25** | 05/28/24, Motion for Waiver of Fees Pursuant to 103.01 Subd. 3(c)

**Index 26** | 05/28/24, Motion for Judicial Notice A, Chronological Timeline

**Index 27** | 05/28/24, Motion for Judicial Notice B, Dismantling of Rule 20.01 Exam

**Index 28** | 05/28/24, Motion for Judicial Notice C, Extension of Time for Patent

**Index 29** | 05/28/24, Motion for Judicial Notice D, Significant Judicial Inconsistency

**Index 30** | 05/30/24, Motion for Leave to File a Late Reply to State's Objection

**Index 31** | 05/30/24, Reply In Support of Petition | Ordered Filed

**Index 32** | 05/30/24, Affidavit of Service for Late Response Motion

**Index 33** | 05/30/24, Dist. Court Order Denying Fee Waiver

**Index 34** | 05/31/24, Court Order Denies Waiver, Remaining Deficiency Satisfied

**Index 35** | 07/02/24, Court Order Denying Petition for Discretionary Review

---

1   Make use of the bookmarks for easy navigation of this exhibit.



# Minnesota Appellate Courts

Help [?]

**Case Management System**

**Case Management**

ⓘ

Case View
ORCA Info

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | A24-0780 | Filing Date: | 05/10/2024 |
| Jurisdiction: | Court of Appeals | Status: | Petition |
| ORCA: | Criminal Division Hennepin County District Court | Hearing Type: | Special Term |
| Classification: | Abbreviated Adversarial - Petition for Discretionary Review (Rule 105) - Other | | |
| Short Title: | State of Minnesota, Respondent, vs. Matthew David Guertin, Petitioner. | | |
| Full Title: | State of Minnesota, Respondent, vs. Matthew David Guertin, Petitioner. | | |
| Summary: | | | |
| Citation: | * | | |

**- Hide Party Information**

## Party Information

| MACS ID | Appellate Role | Party Name | Attorney(s) |
|---|---|---|---|
| 305290 | Petitioner | Matthew David Guertin | Pro Se |
| 13942 | Respondent | State of Minnesota :: | THOMAS STUART ARNESON
THOMAS JAMES PROCHAZKA
JACQUELINE PEREZ
Attorney General - Criminal
ADAM EDWARD PETRAS |

## Docketing Filter View

Display: Chronological ▾    [ Go! ]

## Docket Information

| Document Description | Jurisdiction | Filing Date | Docket Entry Type | Filing Type | Status | PDF |
|---|---|---|---|---|---|---|
| Order - Deny-Motion for Waiver Denied; Motion for Judicial Notice Deferred; Motion to File Late Reply is Granted and Memorandum is Ordered Filed-See Order for Details. | Court of Appeals | 05/31/2024 | Order | Deny | Final | 📄 |
| Reply in Support of Petition (Ordered filed 5/31/24) | Court of Appeals | 05/30/2024 | Reply | Other | Final | 📄 |
| Motion - Accept Late Filings - Reply to Response to Petition | Court of Appeals | 05/30/2024 | Motion | Accept Late Filings | Final | 📄 |
| Received Filing Fee | Court of Appeals | 05/29/2024 | Other | Docket Notation | Final | 📄 |
| Motion - Judicial Notice, 4 of 4 | Court of Appeals | 05/28/2024 | Motion | Other | Final | 📄 |
| Motion - Judicial Notice, 2 of 4 | Court of Appeals | 05/28/2024 | Motion | Other | Final | 📄 |
| Motion - Judicial Notice, 3 of 4 | Court of Appeals | 05/28/2024 | Motion | Other | Final | 📄 |
| Motion - Filing Fee - Waive | Court of Appeals | 05/28/2024 | Motion | Filing Fee - Waive | Final | 📄 |
| Motion - Judicial Notice, 1 of 4 | Court of Appeals | 05/28/2024 | Motion | Other | Final | 📄 |
| Order - Deny Motion for IFP. Deny Motion for Public Access to Filings. Petitioner Shall Either Pay the $550 Filing Fee or Apply to the District Court to Proceed IFP by 5/31/24. | Court of Appeals | 05/17/2024 | Order | Deny | Final | 📄 |
| Affidavit - Service - Response to Petition | Court of Appeals | 05/17/2024 | Affidavit | Service | Final | 📄 |
| Response - Petition | Court of Appeals | 05/17/2024 | Response | Petition | Final | 📄 |
| Amended Affidavit - Service | Court of Appeals | 05/16/2024 | Affidavit | Service | Final | 📄 |
| Affidavit - Service - Proof of Service of Petition on District Court | Court of Appeals | 05/14/2024 | Affidavit | Service | Final | 📄 |
| Motion - In Forma Pauperis | Court of Appeals | 05/14/2024 | Motion | In Forma Pauperis | Final | 📄 |
| Motion - Public Access to Filings | Court of Appeals | 05/14/2024 | Motion | Other | Final | 📄 |
| Correspondence - Incoming - Petitioner's Supplementary Addendum Information | Court of Appeals | 05/14/2024 | Correspondence | Incoming | Final | 📄 |
| Notice - Case Filing | Court of Appeals | 05/13/2024 | Notice | Case Filing | Final | 📄 |
| Petition - Discretionary Review | Court of Appeals | 05/10/2024 | Petition | Discretionary Review | Final | 📄 |

**A24-_____**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

| | |
|---|---|
| Matthew David Guertin, | District Court Case: 27-CR-23-1886 |
| Petitioner, | Court Order Date: April 12, 2024 |
| vs. | |
| State of Minnesota, | **PETITION FOR** |
| | **DISCRETIONARY REVIEW** |
| Respondent. | |

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

Petitioner, Matthew David Guertin, comes forth pro se to respectfully request a discretionary review of the April 12, 2024 Order issued by the Honorable Julie Dayton Klein of the 4th Judicial District Court, denying Petioners Petition to Proceed as ProSe Counsel in his criminal court proceedings. This petition is based upon Minn. R. Crim. P. Rule 28.02, subd. 3, R. Civ. App. P. Rule 103.01, subd. 3(c), and R. Civ. App. P. Rule 105.

Included as a necessary element of the extraordinary, and unprecedented nature of what comes before you is 10, separate Addendums as part of this petition, wherein (Add1.23) is (Addendum 1, p. 23), and (Add4.34-39) is (Addendum 4, pp. 34-39).

## STATEMENT OF FACTS

On January 24, 2023, Mr. Guertin faced charges of one count of 'Reckless Discharge of a Firearm Within a Municipality' under 609.66.1a(a)(3), and three counts of

Exhibit F | Index 01 | p. 1

'Firearm-Receive/Possess With No Serial Number' under 609.667(3). These charges stem from an incident on January 21, 2023, where Mr. Guertin discharged a firearm into the air from a bedroom window to attract police attention, believing his life was at risk. He perceived that his communication devices were compromised, preventing a direct call to law enforcement. During the police response, Mr. Guertin ceased firing and voluntarily offered to surrender his firearms, indicating compliance and no intent to harm himself or others.

The allegations of a standoff are inaccurate; the interaction involved Mr. Guertin requesting to eat before exiting the premises, without any negotiation or confrontation. This unusual method of contacting police, while not advisable, stemmed from a series of escalating events. Mr. Guertin was engrossed in his entrepreneurial activities, notably with his company, InfiniSet, Inc., which had recently secured a patent allowance for the Petitioner's innovative VR treadmill technology as described in US 11,577,177.

The situation escalated when Mr. Guertin discovered what he believed to be a complex scheme to usurp his intellectual property. This included encountering advanced ai technology being utilized and substantial corporate interest in technologies mirroring his inventions. His attempts to seek help were extensive, involving multiple communications with law enforcement and federal agencies, reflecting his growing distress and urgency.

These extraordinary circumstances culminated when Mr. Guertin discovered unauthorized external communications from his computer, despite disabling all known

Exhibit F | Index 01 | p. 2

connectivity. This discovery heightened his fear and confusion, significantly impacting his perception and reactions.

This petition urgently demands a discretionary review of the April 12, 2024 court order along with all associated proceedings of Mr. Guertin, as it has now been unequivocally established that the same external forces previously influencing Mr. Guertin's actions are now actively manipulating the judicial process itself. What is currently taking place is a very clear, and direct interference in Mr. Guertin's legal affairs. The Petitioner asserts that the Hennepin County 4th Judicial District Court is complicit in a criminal conspiracy, directly affecting the integrity of Mr. Guertin's ongoing court case. This unprecedented situation necessitates an immediate and thorough review to rectify the compromised judicial proceedings and uphold justice.

## STATEMENT OF ISSUES

**FRAUD ON THE COURT BY THE COURT ITSELF:**

This petition alleges grave concerns regarding the involvement of the court itself in fraudulent activities directly affecting the integrity of judicial proceedings. The discovery materials presented as evidence have been manipulated to misrepresent the petitioner's activities and living conditions, influencing the outcomes of critical judicial decisions including civil commitment hearings and subsequent legal processes.

3

**1. Evidence of Fraudulent Manipulation:**   The discovery materials, including photographic evidence, have been altered to present a misleading portrayal of the petitioner's circumstances, directly impacting the psychological evaluations and the court's decisions related to the petitioner's competence and custody. (*Add2.1-41*)

**2. Judicial Involvement in Fraud:** The court has failed to address multiple pro se motions highlighting the discrepancies and concerns regarding the integrity of the discovery materials, suggesting a concerning level of judicial complicity in these matters.

**3. Case Law Support:** The actions of the court in this matter reflect a breach of judicial duty, and the severity of these actions warrants not only a review but a complete dismissal and appropriate financial compensation for the egregious handling of my case. The legal foundation for this argument is well-established in Minnesota case law and further supported by specific precedents that detail the severe implications of judicial misconduct and the conditions under which dismissal and financial awards are warranted.

**Precedents Supporting Dismissal and Compensation**

In re Disciplinary Action against Houge (*764 N.W.2d 328, Minn. 2009*) establishes that severe discipline is justified when a lawyer's conduct is dishonest and lacks integrity, undermining the administration of justice. This principle extends to the conduct of the court itself, where intentional misrepresentations or misconduct by the court should similarly be met with stringent corrective measures.

Exhibit F | Index 01 | p. 4

The doctrine set forth in Carlson v. Carlson (*371 N.W.2d 591, Minn. App. 1985*) underscores the importance of judicial integrity, particularly where misconduct could result in a fundamentally unfair trial. Where such a breach impacts the outcome of the proceedings, dismissal may be considered a remedy to prevent further injustice.

Gleason v. Geary (*8 N.W.2d 808, Minn. 1943*) supports the notion that where a party's rights are prejudiced by judicial actions—whether through error, fraud, or misconduct— dismissal or retrial can be sanctioned to correct the judicial error and restore the party's rights.

**Supporting Financial Reimbursement**

In Sullivan v. Credit River Township (*299 N.W.2d 716, Minn. 1980*), the Minnesota Supreme Court upheld the awarding of attorney fees and costs when a party is forced to engage in litigation due to another party's misconduct. This ruling supports financial compensation for the undue burden placed on individuals who, like myself, are forced to contend with judicial missteps.

Webb v. Jarvis (*575 N.W.2d 485, Minn. App. 1998*), further elaborates on compensation, indicating that financial damages can be awarded for legal expenses incurred due to protracted or unnecessary legal proceedings triggered by another's misconduct or fraudulent actions.

**Conclusion**

Given the documented judicial misconduct, procedural errors, and manipulation of evidence in my case, the precedents listed above clearly justify not only the dismissal of all charges against me but also the awarding of financial compensation for the undue hardships and financial burdens imposed upon me. These measures are necessary to uphold the integrity of the legal system and to deter similar misconduct in the future. This Court's intervention is crucial to rectify the grave injustices perpetrated and to ensure that such egregious errors do not recur, thus maintaining public trust in the judiciary.

This petition does not merely seek redress for personal grievances but aims to reinforce the principles of justice and accountability that are foundational to our legal system. The extraordinary nature of the errors and their profound impact on my legal and constitutional rights underscore the urgency of this Court's corrective action. Given the court's failure to rectify or acknowledge these critical issues, I urge the appellate court to conduct a thorough review of the judicial proceedings in question. The integrity of the judicial system and my fundamental rights are at stake, necessitating an immediate and comprehensive investigation and the implementation of appropriate corrective actions to address these violations.

**INVOLVEMENT OF EXTERNAL ENTITIES IN JUDICIAL PROCEEDINGS:**

This petition raises serious concerns regarding the confirmed involvement of external entities in the judicial proceedings of my case, which has been directly communicated by my defense attorney, Bruce Rivers, stating, "You have some very powerful people keeping an eye on you."  This acknowledgment not only raises questions about the impartiality of the judicial process but also implicates potential external influences that could prejudice the proceedings.

**1. External Influence and Impartiality:** The direct involvement of powerful external entities as confirmed by communication from defense counsel signifies a breach of the judicial impartiality required under the U.S. Constitution. Such influences threaten the fairness of the trial, directly contravening the Due Process Clause of the Fourteenth Amendment as highlighted in *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)*.

**2. Impact on Fair Trial Rights:** The external surveillance and interference in the judicial process could severely affect the fundamental right to a fair trial, protected under the Sixth Amendment. This situation mirrors concerns similar to those in *Sheppard  v. Maxwell, 384 U.S. 333 (1966)*, where the Supreme Court emphasized the necessity of shielding the judicial process from pervasive external influences.

7

**Conclusion**

The involvement of external entities as confirmed by my defense counsel significantly undermines the integrity and impartiality of my trial. Immediate judicial intervention is necessary to rectify these influences and to ensure the proceedings are conducted in a fair and unbiased manner, safeguarding my constitutional rights.

**REFUSAL TO PROVIDE ACCESS TO DISCOVERY AND MEDICAL RECORDS:**

This petition highlights the ongoing refusal by the court and defense counsel to provide access to essential discovery materials and medical records, despite repeated formal requests and multiple motions filed pro se. This denial constitutes a significant obstruction to my ability to prepare an adequate defense and raises serious questions about the fairness and integrity of the judicial process.

**1. Denial of Procedural Rights:**  The persistent refusal to provide discovery materials and medical records, despite clear procedural mandates, directly violates my procedural rights. This issue is exacerbated by the court's disregard for motions compelling the production of these documents, which has not only hindered my defense preparation but also compromised my right to a fair trial.

**2. Impact on Defense and Case Outcome:**  The lack of access to crucial documents significantly undermines my ability to contest the charges and participate effectively in

8

Exhibit F | Index 01 | p. 8

my defense. This situation is particularly alarming given the potential exculpatory or mitigating evidence contained within these withheld materials.

**3. Legal Precedents and Judicial Obligations:** The court's actions contravene established legal standards as illustrated in cases like *Bagent v. Blessing Care Corp., 862 NE 2d 985 - Ill: Supreme Court 2007*, which emphasizes the critical nature of discovery access in ensuring a fair trial. Additionally, *Maldonado v. Superior Court of San Mateo County, 274 P. 3d 1110 - Cal: Supreme Court 2012*, reinforces the obligation of courts to ensure that defendants have adequate access to necessary records to prepare their defense.

**Conclusion**

Given the documented refusals and the significant implications of these denials, this petition requests immediate judicial intervention to compel the provision of the withheld discovery and medical records. Such actions are essential to uphold the fairness of the proceedings and to prevent further prejudice against my rights to an effective defense.

**IMPARTIALITY CONCERNS AND CIRCULAR HANDLING BY A SMALL TEAM OF JUDICIAL OFFICERS:**

This petition addresses significant issues regarding the impartiality of judicial proceedings, which stem from the circular handling of my case by a small team of three judicial officers. This has raised substantial questions about the fairness and independence required in the administration of justice.

**1. Circular Handling and Concentration of Power:**  The continuous handling of my case by the same set of three judicial officers blurs the boundaries required for impartiality and fairness. This concentrated control inherently increases the risk of bias and undermines the impartiality required in judicial proceedings.

**2. Systemic Protocols vs. Unethical Arrangements:**  While this pattern of handling might be seen as a procedural norm within the judicial system, it raises significant legal and ethical concerns about the potential for undue influence and prejudicial treatment, especially when such evaluations facilitate a rapid channeling of cases to this select group.

**3. Legal Precedents and Judicial Integrity:** Cases like *SooHoo v. Johnson*, *731 NW 2d 815  (Minn: Supreme Court 2007)*   emphasize the necessity of maintaining judicial impartiality to ensure fairness in proceedings. Moreover, *State v. Barnes, 713 NW 2d 325 (Minn: Supreme Court 2006),* acknowledges the need for clear procedural separations to uphold justice.

**Conclusion**

Given the observed patterns and the significant issues raised, this petition requests a thorough review of the procedural practices involving the small group of judicial officers. Ensuring judicial impartiality is crucial to maintain public trust and the integrity of the judicial system.

**COMPLETE LACK OF REPRESENTATION DUE TO POTENTIAL COERCION OF DEFENSE COUNSEL:**

This petition brings to light the serious deficiencies in legal representation which I believe stem from potential threats or coercion exerted on my defense counsel. These circumstances have led to significant ethical and misconduct violations, severely undermining my legal defense.

**1. Ethical Violations and Non-Representation:**  My defense counsel has repeatedly failed to provide crucial discovery documents and an examination report as required by ethical standards under *Minnesota Rule 1.4 (Communication).* Additionally, promises to represent me in civil proceedings were not honored, violating *Minnesota Rule 1.2 (Scope of Representation and Allocation of Authority Between Client and Lawyer).*

**2.   Potential Coercion and Impact on Legal  Representation:** The unusual and unexplained behaviors of my counsel, including the failure to challenge crucial reports and use available evidence, suggest a potential coercion scenario. This is corroborated by failures in advocacy as stipulated under *Minnesota Rule 3.1*, where my attorney did not utilize critical evidence during hearings that could have significantly impacted the outcomes of my cases.

**3. Legal Precedents and Obligations for Effective Representation:** The failure of my attorney to act diligently violates established legal standards, such as those highlighted in

*Strickland v. Washington, 466 U.S. 668 (1984)*, which sets forth the standard for effective legal representation. The breaches observed are antithetical to the duties mandated by the Minnesota Rules of Professional Conduct and jeopardize my constitutional right to a fair trial.

**Conclusion**

The conduct of my defense counsel, as influenced by external pressures, has compromised the integrity of my defense and violated multiple ethical standards. This petition seeks immediate judicial intervention to rectify these violations and to ensure that my rights to competent and effective legal representation are upheld.

**SIGNIFICANT PROCEDURAL ISSUES AND TIMELINE DISCREPANCIES:**

This petition addresses the substantial procedural discrepancies and timeline issues within my case. Notably, there was an issuance of a continuance order based on a non-existent motion and significant inconsistencies in the case timeline, including the out-of-order indexing and the mishandling of the Rule 20.01 exam report.

**1. Non-Existent Motion for Continuance:** On June 14, 2023, a continuance was granted without any corresponding motion filed, which contravenes the procedural norms as outlined in *Rule 115* of the Special Rules of Practice for Hennepin County.

**2. Rule 20.01 Exam Report Discrepancies:**

The Rule 20.01 exam report dated March 10, 2023, which was ostensibly authored by Dr. Jill Rogstad, presents significant administrative and procedural discrepancies. Notably, Chela Guzman-Weigart, an administrative figure not involved in psychological assessments, is listed as the creator of the document according to its metadata. This unusual authorship attribution conflicts with Rule 14 related to e-filing, which mandates accurate and transparent document handling and authorship in the e-filing system.

**3.  Procedural and Timeline Inconsistencies:**  The timeline of case events shows multiple procedural anomalies, such as out-of-order timeline indexes and missing or incorrectly filed documents. These issues raise concerns about the integrity and transparency of the judicial process.

**Conclusion**

The procedural discrepancies and timeline inconsistencies documented herein significantly impair the fairness and integrity of the legal process. This petition requests a thorough review and rectification of these issues to ensure the principles of justice are upheld.

**FLAWS IN DR. ROGSTAD'S RULE 20.01 EVALUATION:**

This petition challenges the competency determination made by Dr. Jill Rogstad under Rule 20.01, arguing substantial flaws in the evaluation process, which are both procedural and ethical in nature. The foundational issues center around the validity of the assessment and the adherence to forensic psychology standards.

**Contradictions in Assessment and Competency:** The evaluation by Dr. Rogstad presents contradictions, where Mr. Guertin's rational explanations and legal strategies are acknowledged yet simultaneously deemed delusional. This discrepancy highlights a potential bias or misinterpretation of his mental state, suggesting a compromised evaluation process.

**Ethical and Professional Standards Violations:**

Objective and Unbiased Assessment: Dr. Rogstad's role required an impartial evaluation, free from external influences. The presence of metadata suggesting involvement of Chela Guzman-Weigart in the document's creation raises concerns about the authenticity and independence of the evaluation *(APA Ethical Standard 5.01 - Avoidance of False or Deceptive Statements)*.

14

**Boundaries of Competence:**  Dr. Rogstad admitted to lacking expertise in technology, crucial for understanding Mr. Guertin's professional context, thus potentially impairing her judgment *(APA Ethical Standard 2.01)*.

**Avoiding Harm:** The use of an inaccurate or biased report in judicial proceedings could have severe repercussions for Mr. Guertin, violating ethical guidelines on non-maleficence *(APA Ethical Standard 3.04)*.

**Questionable Evaluation Methods:**

Dr. Rogstad's report fails to substantiate its conclusions with comprehensive evidence, relying instead on selective observations that may not accurately reflect Mr. Guertin's mental state. Such an approach contravenes APA Ethical Standard 9.01, which mandates that assessments be based on sufficient substantiated information.

The handling of the evaluation suggests a misunderstanding of high-functioning professional  behaviors, which are inappropriately labeled as symptoms of a mental disorder, reflecting a potential misapplication of psychological expertise to legal standards of competency.

**Legal and Forensic Psychology Standards:**

The evaluation should have integrated a broader range of information, including professional  achievements  and documented competencies that contradict claims of

15

incompetency. The oversight to include these aspects suggests a deviation from forensic

evaluation standards that require a holistic approach to assessing legal competencies.


**Conclusion**

The discrepancies and ethical concerns surrounding Dr. Rogstad's Rule 20.01 evaluation

call for a thorough review and reconsideration of the competency determination. It is

crucial that the assessment adheres to the highest standards of forensic psychology to

ensure justice and fairness in the application of the law.


## STANDARD OF REVIEW


*Minn. R. Crim. P. 28.02*, subd. 3, permits discretionary review of criminal pretrial

rulings "[i]n the interests of justice." See also *Minn. R. Civ. App. P. 105.01*. "The

decision whether to grant or deny discretionary review hinges on the application of a

multi-factor test." *Doe 175 ex rel. Doe 175 v. Columbia Heights Sch. Dist., ISD No. 13,

842 N.W.2d 38, 47 (Minn. Ct. App. 2014)*. The "multi-factor test" was announced by the

*Minnesota Supreme Court in Gordon v. Microsoft Corp., 645 N.W.2d 393, 401-02

(Minn. 2002). See Doe 175, 842 N.W.2d at 47.* The test considers whether the district

court ruling is nearly dispositive because it sounds the "death knell" for plaintiff's case or

"places inordinate pressure on the defendant to settle," and whether the district court

ruling involves an "important legal issue that is also important to the particular

litigation." Id. (*quoting Gordon, 645 N.W.2d at 401-02*). Other factors to consider

Exhibit F | Index 01 | p. 16

include "'such [other] factors as [the Court] finds appropriate to the issues to be reviewed, the procedural posture of the case, and other circumstances presented' by the petition." Id. As explained below, this petition should be granted in the interests of justice.

## ARGUMENT

In light of the unprecedented and egregious nature of the circumstances presented in this case, it is imperative that this Court grants discretionary review. The criteria set forth in the Gordon v. Microsoft Corp. multi-factor test are unequivocally met, demonstrating a compelling need for judicial intervention to address the severe injustices and procedural anomalies that have characterized the proceedings thus far.

**Impact of District Court Ruling:** The district court's rulings have effectively sounded the "death knell" for the petitioner's ability to mount a fair and effective defense. By systematically denying access to crucial discovery materials and mishandling procedural aspects such as the Rule 20.01 exam report, the lower court has placed the petitioner in an untenable position, one that could result in irreversible prejudice to his rights and freedoms.

**Inordinate Pressure to Settle:**  The procedural and ethical missteps, including those involving judicial and external influences, have placed extraordinary pressure on the

17

petitioner to concede to outcomes not born of justice but of manipulation and undue influence. This runs contrary to the principles of fairness and equity that the judiciary is sworn to uphold.

**Important Legal Issues:** This case raises critical legal issues that extend beyond the immediate interests of the parties involved. They touch upon the fundamental integrity of the judicial process and the protection of individual rights against judicial and extrajudicial overreach. These issues, particularly those concerning the misapplication of psychological evaluations and the abuse of judicial discretion, are of great public importance.

**Necessity and Desirability of Immediate Review:** Immediate review by the appellate court is both necessary and desirable to prevent further injustice and to rectify the egregious errors that have marred the proceedings. The extraordinary nature of the errors and their profound impact on the petitioner's legal and constitutional rights underscore the urgency of appellate intervention.

**Other Appropriate Factors:** Given the unique and deeply troubling aspects of this case, including the potential for these issues to recur in other proceedings, appellate review is not only justified but essential. The appellate court's guidance on these matters will help clarify and develop the law, ensuring that similar errors are not perpetuated in future cases.

Exhibit F | Index 01 | p. 18

## **CONCLUSIONS**

In conclusion, the unprecedented nature of the circumstances surrounding this case compels a swift and decisive intervention by this Court. The evidence and procedural irregularities presented herein not only jeopardize the fairness of the judicial process but also pose a severe threat to my personal liberty and psychological well-being.  The prospect of being unjustly institutionalized in a mental health facility based on flawed and manipulated evidence is not only deeply concerning but also indicative of a larger, more systemic issue within our judicial system.

The errors and ethical breaches that have marred this case are not minor procedural missteps but are indicative of a profound and disturbing willingness within certain judicial quarters to manipulate legal outcomes  at  the  expense of  justice  and transparency. Such actions threaten the very foundations of trust that our legal system is built upon and must be addressed not merely as individual failings but as a potential pattern of judicial behavior that demands correction.

Moreover, the involvement of court personnel and external entities in suppressing and manipulating evidence suggests a concerted effort to silence and discredit  me, primarily because I have exposed corruption and malfeasance within the judicial system itself. This creates a perverse incentive for the court to push for an outcome that would see me rendered unable to continue my fight for justice—not  for reasons of legal

Exhibit F | Index 01 | p. 19

soundness but to shield corrupt practices from further exposure. This is not only unethical but also fundamentally at odds with the principles of justice that this Court upholds.

Therefore, it is not only appropriate but essential for this Court to grant a review of the case. Upon review, I urge the Court to consider the dismissal of all charges against me due to the egregiously flawed nature of the evidence and the procedural irregularities that have compromised a fair trial.  Additionally, considering the severe personal and professional consequences I have endured, appropriate financial reimbursement should also be awarded. A dismissal, complemented by financial restitution, would not only serve the interests of justice but would also act as a powerful deterrent against future judicial misconduct and the misuse of psychiatric evaluations to silence and penalize individuals who dare to expose corruption and unethical practices within our judicial system.

Allowing this case to proceed without thorough scrutiny and without addressing the substantial legal and ethical issues raised would not only undermine my rights but would also erode public confidence in the judicial system's capacity to police its own, maintain integrity, and administer justice impartially. Therefore, I respectfully request that  this Court intervene decisively to rectify the grave injustices that have been perpetrated in this case and to restore faith in the judiciary as a fair and just institution.

This petition is not merely a request for relief but a plea for justice—both for myself and for the integrity of our judicial system. The eyes of the community, and indeed the nation, are upon this Court as it decides whether to uphold the law and deliver justice, or to turn a blind eye to corruption and injustice within its own ranks. I trust that the Court will act according to the highest standards of judicial responsibility and grant the relief sought in this petition.

Petitioner can include Addendum references in additional document. This was VERY last minute..

Dated: <u>May 10, 2024</u>          By: s/ Matthew D Guertin
                                        Matthew David Guertin
                                        Petitioner Pro Se
                                        1075 Traditions Ct.
                                        Chaska, MN  55318
                                        Tel: (763) 221-4540
                                        Email: MattGuertin@ProtonMail.com

**A24-_____**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

Matthew David Guertin,

              Petitioner,

vs.

State of Minnesota,

              Respondent.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S CERTIFICATE OF DOCUMENT LENGTH**

## CERTIFICATE OF DOCUMENT LENGTH

The undersigned hereby certifies that this Petition for Discretionary Review conforms to the requirements of the applicable rules, is produced with 13-point type and proportional font, and the length of this document is 3,997 words excluding the caption, signature block, addendum and this Certificate of Document Lenth. This Petition for Discretionary Review was prepared using LibreOffice Writer for Linux.

Dated: May 10, 2024          By: /s/ Matthew D Guertin
                                 Matthew David Guertin
                                 Petitioner Pro Se
                                 1075 Traditions Ct.
                                 Chaska, MN  55318
                                 Tel: (763) 221-4540
                                 Email: MattGuertin@ProtonMail.com

**FILED**

**STATE OF MINNESOTA**                                      **DISTRICT COURT**

                                            **FOURTH JUDICIAL DISTRICT**

**COUNTY OF HENNEPIN**                 **PROBATE/MENTAL HEALTH DIVISION**

**Appellate Courts**

---

State of Minnesota,                                    Court File No. 27-CR-23-1886

                    Plaintiff,

vs.                                                    **ORDER DENYING**
                                                       **DEFENDANT'S MOTION TO**
                                                       **REPRESENT SELF PRO SE**

Matthew David Guertin,

                    Defendant,

---

      Defendant, Mr. Matthew David Guertin, brought a motion on April 3, 2024, to represent himself pro se in the above-captioned matter.

### FINDINGS OF FACT

1. Defendant (date of birth 07/17/1981) was charged in MNCIS file 27-CR-23-1886 with Reckless Discharge of a Firearm (Felony) and three counts of Receive/Possess with No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. This Court first found Defendant incompetent to proceed on July 13, 2023, pursuant to Rule 20.01 of the Minnesota Rules of Criminal Procedure.

3. On November 15, 2023, Judge Julia Dayton Klein ordered a subsequent Rule 20.01 evaluation. Defendant was again found incompetent on January 17, 2024.

### CONCLUSIONS OF LAW

4. Pursuant to Minn. R. Crim. P. 20.01, subd. 1., a defendant is not permitted to waive counsel if the defendant lacks the ability to voluntarily, and intelligently waive the right to counsel; appreciate the consequences of proceeding without counsel; comprehend the nature of the charge; comprehend the nature of the

Exhibit F | Index 03 | p. 1

proceedings; comprehend the possible punishment; or comprehend any other matters essential to understanding the case.

5. The standard for an individual to waive the right to counsel is the same standard as used to determine competency. *State v. Thompson*, No. A20-1232 (Minn. Ct. App. Jul. 26, 2021) (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *State v. Camacho*, 561 N.W.2d 160, 170-74 (Minn. 1997)). A defendant found to be incompetent is not permitted to waive the constitutional right to counsel. *Id.*

6. Defendant was deemed incompetent to proceed pursuant to Minn. R. Crim. P. 20.01, subd. 2 and, therefore, Defendant currently lacks the ability to waive counsel.

### IT IS ORDERED:

1. Defendant's Motion to Represent Self Pro Se is **DENIED**, and Mr. Bruce Rivers shall proceed as the attorney of record.

2. The Defendant shall appear for a six-month review hearing regarding the Rule 20.01 proceedings on July 16, 2024, before the undersigned District Court Judge.

**BY THE COURT:**

_____
JULIA DAYTON KLEIN
Judge of District Court

2

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

        Respondent,

vs.

Matthew David Guertin,

        Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S AFFIDAVIT OF SERVICE**

**AFFIDAVIT OF SERVICE**

Matthew D. Guertin, County of Carver, in the State of Minnesota, being duly sworn says that on May 14, 2024, he served a copy of the Petitioner's:

1. PETITION FOR DISCRETIONARY REVIEW
2. CERTIFICATE OF DOCUMENT LENGTH
3. ADDENDUM-01
4. ADDENDUM-02
5. ADDENDUM-03
6. ADDENDUM-04
7. ADDENDUM-05
8. ADDENDUM-06
9. ADDENDUM-07
10. ADDENDUM-08
11. ADDENDUM-09
12. ADDENDUM-10
13. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
14. MOTION FOR PUBLIC ACCESS TO APPELLATE FILINGS
15. CORRESPONDENCE OF SUPPLEMENTARY ADDENDUM INFORMATION

Exhibit F | Index 14 | p. 1

on the following parties, using the Hennepin County District Court's Odyssey electronic filings and service system:

SARA GONSALVES
4TH JUDICIAL DISTRICT COURT
ADMINISTRATOR
300 South 6th Street
Minneapolis, MN 55487
Sara.Gonsalves@courts.state.mn.us



2

Exhibit F | Index 14 | p. 2



## Case # 27-CR-23-1886 - State of Minnesota vs MATTHEW DAVID GUERTIN (...

### Envelope Information  —

| Envelope Id | Submitted Date | Submitted User Name |
|---|---|---|
| 29967144 | 5/14/2024 10:57 AM CST | mattguertin@protonmail.com |

Case Information  +

Party Information  +

### Filings  —

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Service Only | Add5. | APP-Addendum-05 |
| Service Only | Add6. | APP-Addendum-06 |
| Service Only | Add7. | APP-Addendum-07 |
| Service Only | Add8. | APP-Addendum-08 |
| Service Only | Add9. | APP-Addendum-09 |
| Service Only | APP-PFDR | APP-Petition-For-Discretionary-Review |
| Service Only | APP-CODL | APP-Certificate-of-Document-Length |

|◀ ◀ 1 ▶ ▶|   10 ▼ items per page                          1 - 7 of 7 items

#### eService Details

| Status | Name | Firm | Served | Date Opened | Log |
|---|---|---|---|---|---|
| Sent | Sara Gonsalves | Hennepin County District Court Ad... | ☑ | Not Opened | View Log |

| Envelope Id | Submitted Date | Submitted User Name |
|---|---|---|
| 29967754 | 5/14/2024 11:01 AM CST | mattguertin@protonmail.com |

Case Information  +

Party Information  +

### Filings  —

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Service Only | Add10. | APP-Addendum-10 |

#### eService Details

| Status | Name | Firm | Served | Date Opened | Log |
|---|---|---|---|---|---|
| Sent | Sara Gonsalves | Hennepin County District Court Ad... | ☑ | Not Opened | View Log |

Exhibit F | Index 14 | p. 3



I DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING I HAVE
STATED IN THIS DOCUMENT IS TRUE AND CORRECT.   Minn. Stat. § 358.116.


Dated: May 14, 2024                     By:  /s/ Matthew D Guertin
                                             Matthew David Guertin
                                             Petitioner Pro Se
                                             1075 Traditions Ct.
                                             Chaska, MN  55318
                                             Tel: (763) 221-4540
                                             Email: MattGuertin@ProtonMail.com

Exhibit F | Index 14 | p. 4

STATE OF MINNESOTA
COURT OF APPEALS

«FirstName»                                              **NOTICE OF CASE FILING**
«Address1»                                    **Trial Court Case # 27-CR-23-1886**
«Address2»                                              **Case Type:**  Other
«Address3»
«CityStateZip»


**Case Title:  State of Minnesota, Respondent, vs. Matthew David Guertin, Petitioner.**
**Case Filed: May 10, 2024**

You are notified that case number A24-0780 has been assigned to this matter.  Please include this number on all subsequent filings, including correspondence, to this office.  Also, please include your attorney registration number on all filings.

Effective July 1, 2014, no party may submit an appendix to its brief, pursuant to Rule 130. If the record includes a statement of the proceedings made pursuant to Rule 110.03 or an agreed statement made pursuant to Rule 110.04, the statement shall be included in the addendum as prescribed by Rule 130.02. Please refer to Rule 130.02 for additional guidelines regarding the addendum.

This office will send notice to the trial court administrator when transmission of the trial court records and exhibits is required.  If oral arguments are requested, counsel must file and update notice regarding oral arguments, to provide information about potential scheduling conflicts.  The form is available at: www.mncourts.gov/argumentscheduling


Either the $550 filing fee or a copy of an order from the district court waiving the filing fee on appeal is required.

Proof of filing a copy of the Petition with the district court administrator is required.


IF ANY DEFICIENCIES ARE NOTED ABOVE, THEY MUST BE CORRECTED BY THE FILING PARTY (OR AS OTHERWISE NOTED) WITHIN TEN DAYS.  FAILURE TO COMPLY WITH THIS NOTICE, ALL APPLICABLE RULES, COURT NOTICES, AND ORDERS MAY RESULT IN THE IMPOSITION OF SANCTIONS.


Dated:  May 13, 2024

                              BY THE COURT:

                              Christa Rutherford-Block
                              Office of the Clerk of the Appellate Courts
                              305 Minnesota Judicial Center
                              St. Paul, Minnesota 55155

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

                Respondent,

vs.

Matthew David Guertin,

                Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S CORRESPONDENCE OF SUPPLEMENTARY ADDENDUM INFORMATION**

---

**SUPPLEMENTARY ADDENDUM INFORMATION**

---

<u>**ADDENDUM-01:  Key Motions and Orders Submitted into Petitioner's Case**</u>

April 12, 2024,  **Order Denying Petition to Proceed ProSe** , Index 33……………......… 1

January 24, 2023,  **Order of Detention**, Index 1…………….……………….…….. 3

June 14, 2023,  **Order for Continuance**, Index 16………………………..…..…….. 10

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Bb
**July 13, 2023 Court Order metadata** , pp. 173-174, Index 28……………..….….… 11

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Bb
**July 13, 2023 Court Order body** , pp. 175-181, Index 28……………..…………. 13

November 15, 2023,  **Order Evaluation for Competency to Proceed** , Index 21…....… 20

January 5, 2024,  **Pro Se Demand for Discovery** , Index 22……………..…..……… 22

January 17, 2024,  **Finding of Incompetency and Order** , Index 25………..….….... 23

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Qb -
**Jan 30, 2024 Pro Se Motion for Continuance in case**
**27-MH-PR-23-815** , pp. 241-250, Index 28………………………………......… 27

Exhibit F | Index 16 | p. 1

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Rb -
**Jan 30, 2024 Pro Se Motion for Medical Records in case**
**27-MH-PR-23-815**, pp. 251-252, Index 28…………………………….…...……...... 37

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sb -
**Jan 31, 2024, Waiver signed to avoid in person appearance in case**
**27-MH-PR-23-815**, p. 253, Index 28…………………………………………..…..… 39

April 3, 2024, **Petition to Proceed as ProSe Counsel** , Index 27………...……...….… 40


## ADDENDUM-02: FRAUD ON THE COURT, BY THE COURT ITSELF

**Petitioners 40 page 'Motion to Compel Discovery and Affidavit of Fact' which serves to prove the manipulation and editing of crucial discovery photographs's pertinent to his case, carried out to misrepresent Petitioner's activities and living conditions. Fraudulent discovery was provided to the psychological examiner who conducted Petitioner's resulting exam following the 'Petition for Civil Commitment' filed against Petitioner on July 20, 2023.**

**April 4, 2024, Pro Se Motion to Compel Discovery,**
**Body of the Motion**, pp. 1-7, Index 29….…………..……………..…………...…… 1

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit Af -
**Affidavit of Fact**, pp. 8-9, Index 29….….…….………..……………..……………….. 8

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit A -
**Aug 3, 2023 Michael Biglow Email**, p. 10, Index 29…………………………..…….. 10

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit B -
**Michael Biglow PGP Email Header**, pp. 11-12, Index 29……………………….…... 11

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit C -
**Cover Page of fraudulent discovery PDF**, p. 13, Index 29………………….…..... 13

Exhibit F | Index 16 | p. 2

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit D -
**Metadata / Doc Properties of PDF document**, p. 14, Index 29…………………...…… 14

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit E -
**Missing 24 photos and create one day earlier**, pp. 15-16, Index 29…………………... 15

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit F -
**Brief overview of photography and aspect ratios**, p. 17, Index 29..………………….… 17

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit G -
**Detailed spreadsheet presentation of the fraud**, pp. 18-23, Index 29....………..…...…… 18

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit H -
**Images/Photographs from the PDF are shared as is**, pp. 24-26, Index 29……………... 24

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit I -
**Artifact Compare at 500% Scaled**, p. 27, Index 29…………………………….....…... 27

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit J -
**A duplicate of the same image is passed off as unique**, p. 28, Index 29…………..…..… 28

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit K -
**Brief overview of wide anlge lens 'barrel distortion'**, p. 29, Index 29……...………… 29

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit L -
**Using lens distortion to find the true image center**, pp. 30-35, Index 29………..…..... 30

April 4, 2024, Pro Se Motion to Compel Discovery, Exhibit M -
**Dr. Milz told about fraud before Rule 20 exam began**, pp. 36-40, Index 29……….…... 36

**May 3, 2024, Pro Se Correspondence, Discovery follow-up**, Index 36…………....…… 41

Exhibit F | Index 16 | p. 3

**<u>ADDENDUM-03: Petitioner's Data Analysis Of MCRO Court Records</u>**

**Based upon Petitioner's concern regarding what he views as his case being 'contained' and seemingly handled in a 'circular' pattern, wherein all of the key decisions made in his criminal proceedings are 'bounced' back and forth between the same three Judicial Officer's**

May 3, 2024, Pro Se Affidavit of Fact, **<u>Data Analysis, Motion Body</u>**, pp. 1-5, Index 37.....………………..……………………...…..... 1

May 3, 2024, Pro Se Affidavit of Fact, Data Analysis, **<u>Exhibit A - Shared Judicial Assignments to Cases</u>**, pp. 6-20, Index 37……………………...…... 6

May 3, 2024, Pro Se Affidavit of Fact, Data Analysis, **<u>Exhibit B - Circular Handling</u>**, pp. 21-27, Index 37……………………………………..…..…… 21

May 3, 2024, Pro Se Affidavit of Fact, Data Analysis, **<u>Exhibit C - Incompetency Orders Analysis</u>**, pp. 28-31, Index 37…………………………...…... 28

**<u>ADDENDUM-04: Petitioners Historical Cell Phone Image Timeline</u>**

**Petitioner's timeline of both personal and business related activites prior to his criminal charges originating on January 21, 2023 and after his posting bail, and subsequent release**

May 6, 2024, Pro Se Affidavit of Fact, **<u>Picture Timeline, Motion Body</u>**, pp. 1-2, Index 39...…………………………….…………….…...…..... 1

May 6, 2024, Pro Se Affidavit of Fact, Picture Timeline, **<u>Exhibit A - Cell Phone Image Timeline</u>**, pp. 3-43, Index 39.…………………………...……... 3

Exhibit F | Index 16 | p. 4

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

## ADDENDUM-05: Petitioner's Rule 20.01 Exam Report

**Email History Between Petiitioner and Dr. Jill Rogstad Before and After March 1, 2023 In Person Meeting / Substantial Evidence is Presented but deemed 'Implausible' and 'Delusional' / Evidence is Used to Support Petitioner's Diagnosis and 'Incompetency to Stand Trial' / Exam Reports Metadata Suggests True Author is 'Chela Guzman-Weigart'**

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Rule 20.01 Exam Metadata Analysis**, pp. 100-101, Index 28…..…………..………..…… 1

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Rule 20.01 Exam Emailed to Petitioner**, pp. 102-104, Index 28…………………..…..… 3

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Petitioners 1st email to Dr. Rogstad**, pp. 105-108, Index 28………………..………... 6

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Dr. Rogstads 1st email reply to Petitioner**, p. 109, Index 28………………..…..… 10

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Petitioners 2nd email to Dr. Rogstad**, p. 110, Index 28………………………..…..... 11

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Dr. Rogstads 2nd email reply to Petitioner**, p. 111, Index 28…………………..……... 12

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Petitioners 3rd email to Dr. Rogstad**, pp. 112-113, Index 28…………………..……… 13

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Dr. Rogstads 3rd email reply to Petitioner**, p. 114, Index 28………………..…..….... 15

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Rule 20.01 Exam Report**, pp. 116-125, Index 28…………………………………..…..... 16

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**1st email to Dr. Rogstad following meeting**, p. 115, Index 28…………………......... 26

Exhibit F | Index 16 | p. 5

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**2nd email to Dr. Rogstad following meeting**, p. 126, Index 28…………………...…… 27

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**3rd email to Dr. Rogstad following meeting**, p. 127, Index 28…………….….…..… 28

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**4th email to Dr. Rogstad following meeting**, p. 128, Index 28…………………...…… 29

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Sa -
**Dr. Rogstad email reply confirms receipt of evidence**, p. 129, Index 28……………… 30

May 6, 2024, Pro Se Affidavit of Fact, Exhibit G -
**Petitioners April 29, 2023 email to Dr. Rogstad**, pp. 113-117, Index 38…………..…... 31

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ga -
**3 attachments from Petitioners April 29 email to Dr. Rogstad**, p. 118, Index 38…....… 36

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Gb -
**Netflix Certified Mail proof emailed to Dr.Rogstad**, pp. 119-120, Index 38…….…..… 37

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Cb -
**Aug 1, 2023 Commitment Exam Report**, pp. 182-186, Index 28……………..……… 39

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ob -
**Petitioners case timeline has out of sequence indexes**, p. 236, Index 28…….…..…… 44

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Vb -
**Hennepin County CJCC Webpage with Chela Guzman-Weigart
listed**, p. 262, Index 28………………………………………………………....…… 45

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Wb -
**Office of the County Administrator Webpage with
Chela Guzman-Weigart listed**, p. 263, Index 28………………………….….…... 46

## **ADDENDUM-06: Communication 1**

**LinkedIn Searches / Email to Bruce Rivers Discussing 'CIA and Special Ops Gear'
Evidence / Two Emails Seeking Advice from Bruce Rivers <u>PRIOR</u> to Criminal
Charges Originating on Jan 21, 2023 / Patent Attorney Discusses Netflix Patent
Application Discovery with Petitioner**

May 6, 2024, Pro Se Affidavit of Fact, Exhibit A -
**Netflix patent advice is sought**, p. 36, Index 38.………………………..……..….…… 1

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ai -
**Petitioner and IP attorney discussing Netflix patent discovery**, pp. 66-67, Index 38…... 2

May 6, 2024, Pro Se Affidavit of Fact, **Expounding upon the relevance
of Petitioners conversation with patent attorney**, pp. 7-9, Index 38………..………....... 4

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Al, **Follow-up email
to Bruce Rivers**, p. 74, Index 38……………………………………………..…..…… 7

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Am, **Final email
sharing portfolio site**, p. 75, Index 38……………………………………..…..……… 8

May 6, 2024, Pro Se Affidavit of Fact, Exhibit B, **Requesting help
resolving patent fraud**, pp. 76-77, Index 38……………………………………...…… 9

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ba, **Spreadsheet data analysis**,
pp. 78-84, Index 38……………………………………………………………....… 11

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Bd -
**Notes from Jan 2023 Text File**, pp. 92-93, Index 38.………………….……...….... 18

May 6, 2024, Pro Se Affidavit of Fact, Exhibit D -
**Special Ops Gear and CIA**, pp. 99-101, Index 38.……………………………..…… 20

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Da -
**Special Ops Gear and CIA**, p. 102, Index 38.………...……………………………..….… 23

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Db -
**Special Ops Gear and CIA**, pp. 103-105, Index 38……………………………..…... 24

May 6, 2024, Pro Se Affidavit of Fact, Exhibit H -
**Email to Bruce Rivers asking about June 14, 2023 hearing**, p. 121, Index 38………... 27

May 6, 2024, Pro Se Affidavit of Fact, Exhibit I -
**Zoom Violates 6th Amendment**, p. 122, Index 38……………………………...…… 28

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ia -
**Bruce will request in person**, pp. 123-124, Index 38…………………………….….. 29

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ib -
**Non-serious email about ai judge over Zoom**, p. 125, Index 38……………………….. 31

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ic -
**the 'Poweful People' are mentioned many times**, pp. 126-129, Index 38………..…..... 32

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Jb -
**InfiniSet Investor Pitch emailed to Bruce**, p. 134, Index 38…………….….……….. 36

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Jc -
**InfiniSet Investor Pitch Attachment**, p. 135, Index 38………………………………. 37

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Jf -
**email to Bruce Rivers requesting discovery**, p. 140, Index 38…………………..….. 38

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Jg -
**email-01 asking about Jan 16 court date**, p. 141, Index 38……………….………….. 39

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Jh -
**email-02 asking about Jan 16 court date**, p. 142, Index 38………………..…..……… 40

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ji -
**email to Bruce Rivers requesting January 3, 2024 exam report**, p. 143, Index 38…..... 41

May 6, 2024, Pro Se Affidavit of Fact, Exhibit K -
**email dismissing Bruce Rivers as my defense counsel**, p. 144, Index 38……………… 42

Exhibit F | Index 16 | p. 8

May 6, 2024, Pro Se Affidavit of Fact, Exhibit Ka -
**Bruce Rivers replies 'Call me'**, pp. 145-147, Index 38……………………………...…… 43

May 6, 2024, Pro Se Affidavit of Fact, Exhibit L -
**text dismissing Bruce Rivers, he replies 'Call me'**, p. 148, Index 38…………….…… 46

## **ADDENDUM-07: Communications 2**

**LinkedIn Searches / Former CIA Welder / Text Messages / Bruce Rivers Text and Call History / Defense Counsel Ethics and Misconduct Violations**

April 9, 2024, Pro Se Affidavit of Fact, Exhibit A -
**LinkedIn Search and Count Graph**, pp. 53-59, Index 30……………………….…... 1

April 9, 2024, Pro Se Affidavit of Fact, Exhibit B -
**'Special ops gear' atop petitioners invention prototype**, p. 60, Index 30…………….... 8

April 9, 2024, Pro Se Affidavit of Fact, Exhibit C - **Petitioner's text
exchanges with his self-professed 'former CIA' welder** , pp. 61-66, Index 30……...… 10

April 9, 2024, Pro Se Affidavit of Fact, Exhibit D - **Petitioner's patent
has vast implications in militray simulation training**, pp. 67-70, Index 30………...… 15

April 9, 2024, Pro Se Affidavit of Fact, Exhibit F - **'Powerful people' and
YouTube conflict of interest addressed** pp. 73-76, Index 30……………………..……. 19

April 9, 2024, Pro Se Affidavit of Fact, Exhibit G -
**Bruce Rivers promises to rpresent me and does not**, pp. 77-78, Index 30………..….. 23

April 9, 2024, Pro Se Affidavit of Fact, Exhibit H -
**Petitioners text history with Bruce Rivers**, pp. 79-83, Index 30………………….….... 25

April 9, 2024, Pro Se Affidavit of Fact, Exhibit I -
**Petitioners call history with Bruce Rivers**, pp. 84-85, Index 30………..……..…..….. 30

Exhibit F | Index 16 | p. 9

April 9, 2024, Pro Se Affidavit of Fact, Exhibit J -
**Sharing 'Powerful people' comment with friends via text** , pp. 86-93, Index 30……... 32

April 9, 2024, Pro Se Affidavit of Fact, Exhibit K -
**InfiniSet vs. Netflix Patent** - Analysis, pp. 94-95, Index 30………………………...…. 40

April 9, 2024, Pro Se Affidavit of Fact, Exhibit M -
**Email correspondence with Internet Archive**, pp. 97-101, Index 30……………..… 42

April 9, 2024, Pro Se Affidavit of Fact, Exhibit O -
**Email correspondence with Michael Biglow**, pp. 108-111, Index 30……………..… 47


### ADDENDUM-08: Communications 3

**'Powerful People' Comment / Emails / Petitioners Patent has Vast Implications in Military Training Simulations / Call Records / Attempts by Petitioner to Defend Himself 'Blocked' by Defense Counsel / 'Special Ops Gear' not Presented in Court Proceedings**

April 9, 2024, Pro Se Affidavit of Fact, Exhibit N -   **Discussing the patent fraud with IP attorney as it was happening**, pp. 102-107, Index 30……………….……... 1

April 9, 2024, Pro Se Affidavit of Fact, Exhibit P -
**Petitioners 2019 IRS Wages and Income**, p. 112, Index 30……………….…...……..… 7

April 9, 2024, Pro Se Affidavit of Fact, Exhibit Q -
**Letter from Petitioners CA Psychiatrist**, pp. 113-114, Index 30…………………..…… 8

April 9, 2024, Pro Se Affidavit of Fact, Exhibit U -
**Petitioners Repopulated MCRO Criminal History**, pp. 121-126, Index 30………...… 10

April 9, 2024, Pro Se Affidavit of Fact, Exhibit V -
**Personal Cell Phone Records**, pp. 127-135, Index 30………………………...…..…….. 16

April 9, 2024, Pro Se Affidavit of Fact, **The 'Introduction' to Petitioner's Pro Se Affidavit of Fact**, pp. 1-2, Index 30……………………...…… 25

Exhibit F | Index 16 | p. 10

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner is told**
**"You have some very powerful people keeping an eye on you" by his**
**defense counsel**, pp. 21-24, Index 30…………………………………..……...….….. 27

April 9, 2024, Pro Se Affidavit of Fact, **'Special ops gear' evidence**
**not presented in court and Petitioner advised not to present**
**prepared evidence**, p. 24, Index 30………………………………………………….. 30

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner's defense counsel doesn't**
**represent him in civil commitment proceedings as promised**, p. 25, Index 30…….…. 31

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner's court appointed attorney**
**doesn't forward evidence and does not advocate for him**, p. 26, Index 30………...…. 32

April 9, 2024, Pro Se Affidavit of Fact, **Military Training Simulation**
**Use Case of Petitioner's patent US 11,577,177**, p. 34, Index 30…………………...… 33

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner is told "No court" by**
**defense counsel on January 15, 2024**, p. 35, Index 30………………………………… 34

April 9, 2024, Pro Se Affidavit of Fact, **Jan 16 court order states that "parties**
**agreed to a finding of incompetency entered administratively" even though**
**Petitioner did not agree to anything and was told "No court"**, p. 36, Index 30………. 35

April 9, 2024, Pro Se Affidavit of Fact, **Court order signed early morning**
**on Jan 16 before 1:30pm hearing is not filed until Jan 17**, pp. 36-37, Index 30……... 35

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner not provided with exam**
**report despite multiple requests to defense counsel**, pp. 37-38, Index 30…………...... 36

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner not provided with**
**discovery despite multiple requests to defense counsel**, pp. 39, Index 30…………..… 38

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner's sworn statement about**
**his repopulated MCRO criminal history**, pp. 39-40, Index 30…………………..…… 38

April 9, 2024, Pro Se Affidavit of Fact, **Petitioner's decision to**
**represent himself pro se**, pp. 44, Index 30……………………………….…….…… 40

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

## ADDENDUM-09: Patent and Business Dealings 1

**Accomplishments / Business Dealings / Patent Matters / Jan 12, 2023 Police Report / FBI Report / Google uses Petitioner's 'InfiniSet' Name / Netflix Pays Approximately 100 Million to acquire Scanline VFX & Eyeline Studios from Stephan Trojansky for the same technology contained in Petitioners Granted Patent US 11,577,177**

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit A -
**2014 Touchdesigner article featuring Petitioner**, p. 22, Index 28…………………....…… 1

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit E -
**XiteLabs sharing event at Hollywood Bowl involving Petitioner**, p. 26, Index 28……... 2

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit F -
**Hollywood Bowl project featured on Petitioner's website**, p. 27, Index 28…………...... 3

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit G -
**XiteLabs shares Bad Bunny project with petitioner credited**, p. 28, Index 28………... 4

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit H -
**Petitioner's website shares 2019 Coachella 'Bad Bunny' project**, p. 29, Index 28…..… 5

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit I - **Petitioner is mentioned in PLSN publication about 2019 Coachella set piece**, p. 30, Index 28…..… 6

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit J - **Petitioner shares Bad Bunny 'pre-vis' system on his website**, p. 31, Index 28……………….…....…… 7

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit K –
**XiteLabs article that includes Petitioner's 'engineering' work**, p. 32, Index 28…..…... 8

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit L -
**Petitioner's website page with 50' falcon he engineered**, p. 33, Index 28……....…… 9

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit M -
**Article crediting petitioner with falcon 'engineering'**, p. 34, Index 28……………..… 10

Exhibit F | Index 16 | p. 12

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit N –
**Petitioner creates Vimeo page for portfolio videos**, p. 35, Index 28……………....… 11

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit O -
**Petitioner's personal portfolio website MattGuertin.com**, p. 36, Index 28…………… 12

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit P -
**Petitioner acquires Infiniset.com domain name**, p. 37, Index 28………………..…… 13

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Q -
**Screenshot showing Infiniset.com page**, p. 38, Index 28……………….……...…… 14

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit R -
**Petitioner files his provisional patent application**, p. 39, Index 28………………..... 15

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit S -
**Trojansky files provisional application 12 days later**, p. 40, Index 28………….…..... 16

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit T -
**Petitioner files 'Infiniset' trademark application 90618638**, p. 41, Index 28…………. 17

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit U -
**Eyeline Studios registered with CA SOS**, p. 42, Index 28………………..……...… 18

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit W -
**Netflix press release for Eyeline Studios acquisition**, p. 44, Index 28……….…....… 19

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit X -
**Google uses Petitioner's 'Infiniset' company name 01**, p. 45, Index 28……….….… 20

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Y -
**Google uses Petitioner's 'Infiniset' company name 02**, p. 46, Index 28…….…...….. 21

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Y -
**Google uses Petitioner's 'Infiniset' company name 03**, pp. 47-48, Index 28……….… 22

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ca -
**Netflix Q12022 Shareholders letter**, p. 51, Index 28…………………….…..... 24

Exhibit F | Index 16 | p. 13

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ga -
**Petitioner registers InfiniSet, Inc. with Delaware SOS**, pp. 69-70, Index 28............. 25

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ha -
**InfiniSet PCT/US2022/020919 application published**, p. 71, Index 28...............…..… 27

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ja -
**InfiniSet Inc. MN SOS filing**, p. 74, Index 28..........................................…..… 28

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit La -
**Petitioner's Jan 12, 2023 Minnetonka police report**, pp. 78-80, Index 28.........…..… 29

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Na -
**Petitioner files patent continuation 18/108,858**, p. 88, Index 28........................… 32

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Oa -
**Petitioner's patent US 11,577,177 is published**, p. 89, Index 28.......................….... 33

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Pa -
**3rd Party Prior Art Submission against Netflix**, pp. 90-95, Index 28..............…...… 34

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ra -
**Examiner signs off on 3rd Party Prior Art submission**, pp. 98-99, Index 28............. 40

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ta -
**3rd Party Prior Art Submission against Netflix**, pp. 130-132, Index 28.........…..…. 42

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ua -
**InfiniSet Delaware SOS Good Standing**, p. 133, Index 28...............................…..… 45

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Xa -
**Petitioner's FBI Report**, pp. 161-165, Index 28.......................................…..…… 46

Exhibit F | Index 16 | p. 14

## ADDENDUM-10: Patent and Business Dealings 2

**Accomplishments / Business Dealings / Patent Matters / FTC Report / US Senator Amy Klobuchar / Plymouth, MN Police Report Filed / Petitioners Name and Patent End Up Listed at the VERY Top of Netflix Patent US 11,810,254 Published on Nov 7, 2023**

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ya - **Petitioner's FTC Report**, pp. 166-167, Index 28……………………………..……………… 1

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Za - **InfiniSet International TM Reg**, pp. 168-170, Index 28…………………..………….. 3

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ab - **InfiniSet WIPO Filing**, pp. 171-172, Index 28………………………………………..…. 6

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Eb - **Petitioner's files Plymouth Police Report 23-033797**, pp. 189-190, Index 28……….....… 8

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Fb - **Petitioner's reaches out to Senator Amy Klobucahr**, pp. 191-197, Index 28……...…….. 10

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Gb - **Petitioner's correspondence with Amy Klobuchars office**, pp. 198-215, Index 28……. 17

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Hb - **Petitioner send certified mail to Klobuchars office**, pp. 216-222, Index 28……...…... 35

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Jb - Netflix US patent **11,810,254 is published with Petitioner's name at the very top**, p. 224, Index 28…....... 42

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Tb - **MN SOS indicating 'good standing' of Petitioner's company 'InfiniSet, Inc.'**, p. 254, Index 28………...… 43

April 3, 2024, Pro Se Motion for Judicial Notice, Exhibit Ub - **Petitioner files extension request with USPTO for US 18/108,858**, pp. 255-261, Index 28………...…. 44

Exhibit F | Index 16 | p. 15

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

Dated: <u>May 14, 2024</u>          By:  <u>/s/ Matthew D Guertin</u>

Matthew David Guertin
Petitioner Pro Se
1075 Traditions Ct.
Chaska, MN  55318
Tel: (763) 221-4540
Email: MattGuertin@ProtonMail.com

Exhibit F | Index 16 | p. 16

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

                Respondent,

vs.

Matthew David Guertin,

                Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S MOTION FOR PUBLIC ACCESS TO APPELLATE FILINGS**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## **INTRODUCTION**

I, Matthew David Guertin, the petitioner in the above-captioned case, respectfully submit this motion for public access to appellate filings. This motion arises from a need to ensure transparency, uphold public trust in the judicial process, and affirm the principles of open access that are fundamental to our legal system.

This case, recently accepted by the court on May 10, 2024, involves significant, profound, and unprecedented allegations that have considerable implications for justice and public interest. The filings, however, are not currently available for public viewing, and no order or justification has been provided by the court to explain this restriction.

As the appellant, I have previously chosen to waive any right to confidentiality regarding medical records and examination reports involved in both my criminal and civil

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

commitment cases, incorporating these documents into the public record of my criminal proceedings. This decision was strategically made to foster full transparency, allowing public access to all pertinent information that substantiates the substantial allegations made in my petition for discretionary review.

The absence of public access to the appellate filings in this case is concerning, given the lack of a court order or clear justification for such an omission. The profound nature of the allegations and the public's right to access judicial proceedings underscore the necessity for these records to be made available to ensure an open court process.

Through this motion, I aim to rectify the current lack of transparency and request the court's intervention to make all relevant appellate filings publicly accessible, in line with Minnesota's legal standards and the overarching need for public oversight in significant judicial matters.

## **ARGUMENTS FOR PUBLIC ACCESS**

The petitioner, Matthew David Guertin, presents compelling arguments for why the appellate proceedings and all associated filings in case number A24-0780 should be accessible to the public. These arguments are founded on the substantial and profound issues outlined in the petition for discretionary review, including the notable 'competency paradox' which presents a unique challenge within the judicial system.

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

**Judicial Misconduct and Procedural Errors:**

The petition details extensive judicial misconduct, procedural errors, and manipulation of evidence that have compromised the integrity of the legal proceedings. These errors are not only procedural in nature but strike at the core of judicial integrity and the fundamental principles of justice that underpin our legal system. The public's ability to access these filings is crucial for scrutinizing the actions and decisions made in lower courts, thereby upholding the accountability and transparency expected in our judicial system.

**Egregious Handling of the Case:**

The allegations in the petition highlight egregious handling of the case by the judicial system, including the alteration of discovery materials and the failure of the courts to address critical motions raised pro se by the petitioner. This type of misconduct, if proven true, undermines public trust in the judicial system and necessitates public oversight and transparency to restore confidence.

**Waiver of Confidentiality:**

The petitioner has made a calculated and strategic decision to waive confidentiality regarding all medical records and examination reports involved in his case, incorporating them into the public record of his criminal proceedings. This waiver underscores a commitment to transparency and an explicit request that all aspects of his case be open to public scrutiny.

Exhibit F | Index 17 | p. 3

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

**The 'Competency Paradox':**

The circumstances surrounding the petitioner, Matthew David Guertin, present a particularly troubling scenario termed the 'competency paradox'. This paradox underlines a significant contradiction within the judicial system that merits public scrutiny. Despite being officially deemed incompetent to stand trial under *Minn. R. Crim. P. 20.01,* which states a defendant cannot rationally consult with counsel or understand the proceedings due to mental illness or cognitive impairment, Mr. Guertin has been navigating the complex legal landscape of filing and managing his own petition for discretionary review.

This peculiar situation wherein the petitioner retains defense counsel who has largely failed to provide effective representation, compelling Mr. Guertin to take on the role of his own defense attorney, challenges the very ruling of incompetence. Despite this lack of adequate legal support, he proceeds pro se in a competent and articulate manner. This discrepancy raises profound questions about the integrity and consistency of competency evaluations in the judicial process. It also casts doubt on the appropriateness of the court's decision to deny him the right to represent himself, as documented in the proceedings from April 12, 2024, which explicitly mentions his denied motion to represent himself pro se due to declared incompetence.

The 'competency paradox' herein, is not merely a legal anomaly but a critical issue that affects the fairness and transparency of the judicial process. Allowing public

27-CR-23-1886

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

access to the appellate proceedings would enable oversight and a deeper understanding of how such contradictions are handled within our courts. This would not only ensure that Mr. Guertin's rights are protected but also enhance the public's trust in the legal system to fairly and consistently apply its own standards. Such transparency is essential for upholding the principles of justice and accountability that are foundational to our legal system.

Given the gravity and implications of this paradox, it is imperative that the appellate proceedings be open to public scrutiny to ensure that all procedural and substantive decisions are made transparently and justly. This additional layer of public oversight is crucial to prevent potential injustices arising from such paradoxes within the legal system.

**Public Interest and Right to Know:**

The unprecedented nature of the claims - encompassing alleged judicial complicity in the manipulation of evidence and the profound impact on the petitioner's legal and constitutional rights - constitutes a significant public interest. Transparency in these proceedings would not only serve the interest of the petitioner but also the broader public interest in ensuring that justice is administered fairly and openly.

**Legal and Ethical Concerns:**

The petitioner's motion stresses the need for the appellate court to intervene decisively to rectify the grave injustices alleged. Allowing public access to the

Exhibit F | Index 17 | p. 5

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

appellate filings would enable the community, legal professionals, and civil rights advocates to assess the merits of the case and the validity of the judicial processes applied, promoting an informed public discourse about the efficacy and integrity of our judicial system.

The profound nature of these issues and their broader implications for the judicial system underscore the critical necessity for making these records publicly accessible. Keeping such filings out of the public view not only contradicts the principles of an open judicial system but also deprives the public of the opportunity to engage with and understand significant legal proceedings that may affect public perceptions of the judiciary.

By making these proceedings public, the appellate court would affirm its commitment to transparency, accountability, and the restoration of public confidence in the legal system. It would also set a precedent for handling similar cases in the future, where the actions of the judiciary are called into question, and public oversight becomes essential to maintain judicial integrity.

## **LEGAL BASIS FOR MOTION**

The legal foundation for demanding public access to the appellate filings in the case of *State of Minnesota, Respondent, vs. Matthew David Guertin, Petitioner* is robust, rooted in both state and federal legal principles that advocate for transparency and accountability within the judiciary.

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

**Minnesota Rules of Public Access to Records of the Judicial Branch:**

These rules generally presume the accessibility of court filings to the public, aligning with the principle that transparency is crucial to the public's trust in the judicial system. Exceptions to this presumption are tightly controlled and clearly delineated, typically reserved for cases involving sensitive information where privacy concerns outweigh the public interest.

**Case Law - Minneapolis Star & Tribune v. Schumacher:**

This landmark decision by the Minnesota Supreme Court (*392 N.W.2d 197, Minn. 1986*) reinforces the notion that court records should generally be open to the public. The ruling emphasizes that the openness of judicial proceedings promotes transparency and better oversight of the judicial process, enhancing public understanding and confidence in legal outcomes.

**Federal and State Case Law Regarding Transparency:**

*Caperton v. A.T. Massey Coal Co.* (*556 U.S. 868, 2009*) underscores the necessity of judicial impartiality and transparency, particularly highlighting the influence of external factors on judicial fairness and integrity.

*Sheppard v. Maxwell* (*384 U.S. 333, 1966*) establishes the imperative for courts to safeguard the trial process from undue media or external influence to maintain the integrity of the judicial proceedings.

Exhibit F | Index 17 | p. 7

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

**Waiver of Confidentiality by the Petitioner:**

The petitioner has expressly waived the confidentiality of his medical records and related documents by incorporating them into the public record of his criminal proceedings. This act of transparency negates any privacy concerns that might typically warrant sealing these documents from public view.

**Public Interest and Right to Know:**

Given the substantial nature of the allegations - including judicial misconduct and procedural errors - there is a significant public interest in accessing these court records. The details of these allegations, which include manipulation of evidence and unethical conduct within the judiciary, are critical for public scrutiny and discussion.

**Necessity for Judicial Accountability:**

Ensuring that these appellate filings are open to public access aligns with the broader societal interest in judicial accountability. Transparency in this case would serve not only to inform the public but also to maintain the integrity of the legal system by subjecting it to public oversight.

The combination of these legal principles and precedents forms a compelling argument for why the appellate filings in this case should be publicly accessible. The petitioner's proactive approach to transparency, coupled with significant public interest

Exhibit F | Index 17 | p. 8

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

and the need for judicial accountability, underscores the necessity for these records to be open, fostering a transparent and just legal process.

## CONCLUSION

The petition for discretionary review submitted by Matthew David Guertin underlines a series of grave concerns regarding judicial misconduct, procedural errors, and a troubling manipulation of evidence which fundamentally threatens the principles of justice and fairness. These allegations not only question the integrity of the legal process but also highlight the critical importance of transparency in judicial proceedings.

This motion requests that the appellate court provide immediate relief by making all appellate filings in this case publicly accessible. Such transparency is essential not only to ensure my right to a fair trial but also to uphold public confidence in the integrity and accountability of our judicial system.

## RELIEF SOUGHT

**1 - Order for Public Access:**

An order that all current and future filings in case number A24-0780 be made accessible to the public immediately, without restriction, except where further confidentiality is explicitly justified and ordered by this court.

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

**2 - Judicial Transparency:**

A detailed explanation or judicial order clarifying any reasons for previous restrictions on public access to these filings, ensuring that any such future restrictions are narrowly tailored to meet specific and legally justified needs.

**3 - Review and Rectification:**

Considering the significant issues raised within my petition for discretionary review, a thorough judicial review of the procedural and substantive decisions previously made in lower courts, ensuring that any miscarriage of justice is appropriately addressed and rectified.

**4 - Uphold Legal Standards:**

Confirm that the handling of this case aligns with the highest standards of justice, particularly emphasizing the need for an open and transparent judicial process as underpinned by Minnesota and United States Supreme Court precedents on public access to court documents.

This motion is respectfully submitted not as a mere procedural formality, but as a necessary step to ensure that the substantial and profound issues raised in my case are addressed with transparency and justice. The community's trust in our judicial system relies heavily on its openness and steadfast adherence to the principles of justice and fairness. Thus, ensuring public access to these proceedings is of paramount importance.

Exhibit F | Index 17 | p. 10

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

      The documented concerns within my case respectfully underscore a compelling

need for an open review to prevent the perpetuation of errors that could potentially

undermine public trust in the judiciary. It is with utmost respect that I urge this Court to

act decisively to safeguard both my rights as the petitioner and the general public interest

in an open and transparent legal process. By making the proceedings and all associated

case files accessible to the public, the Court will reinforce its commitment to justice and

accountability.

Dated: <u>May 14, 2024</u>        By: <u>/s/ Matthew D Guertin</u>
                                  Matthew David Guertin
                                  Petitioner Pro Se
                                  1075 Traditions Ct.
                                  Chaska, MN  55318
                                  Tel: (763) 221-4540
                                  Email: MattGuertin@ProtonMail.com

Exhibit F | Index 17 | p. 11

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

                    Respondent,

vs.

Matthew David Guertin,

                    Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## **INTRODUCTION**

Pursuant to *Minn. R. Civ. App. P. 103.01, subd. 3(c)*, I, Matthew David Guertin, Petitioner in the above captioned case, hereby move the court for leave to proceed in forma pauperis.

## **STATEMENT OF FACTS**

As the Petitioner in the above captioned case, I am a party to a proceeding under *Minnesota Statute, chapter 253B*, which concerns a currently 'Stayed Order of Civil Commitment', resulting from a 'Petition for Civil Commitment' submitted to the Hennepin County 4th Judicial District Court on July 20, 2023, and the subsequent proceedings, as detailed in court case (*27-MH-PR-23-815*). Despite not appealing directly

1

Filed in District Court
State of Minnesota
5/14/2024 10:24 AM

from this civil commitment case, as the Petitioner, I am involved in proceedings that fall under these chapters, fulfilling the requirements set forth by *Minn. R. Civ. App. P. 103.01, subd. 3(c)*.

## **ARGUMENTS**

The court rules specify that the filing fees set out in *Minn. R. Civ. App. P. 103.01, subd. 1*, are not required when the appellant is a party to a proceeding pursuant to *Minnesota Statutes, chapter 253B or 253D.* The rule does not restrict this exemption to appeals that involve the underlying proceeding itself. Thus, my current appeal, while not directly appealing the civil commitment case, should be considered under the same exemption due to my status as a party within the related proceedings, as is clearly defined by the rules of this Court.

## **SUPPORTING DOCUMENTATION**

As evidence of Petitioner's status as a party in the relevant proceedings under chapters 253B, the following exhibits are included as part of this motion:

- *April 3, 2024, Petition to Proceed as ProSe Counsel, **Exhibit A** - Waiver signed by petitioner on January 31, 2024, Index 27*

- *April 3, 2024, Petition to Proceed as ProSe Counsel, **Exhibit B** - Page 4 from the 'ACCEPTANCE OF TERMS OF STAY OF COMMITMENT' signed by Petitioner on August 9, 2023, Index 27*

## **CONCLUSION**

Based on the clear language of *Minn. R. Civ. App. P. 103.01, subd. 3(c)*, and my involvement in the proceedings as specified, I respectfully request that the Court waive the filing fee of $550 for my current appeal.

**WHEREFORE,** petitioner respectfully requests the Court grant this motion for leave to proceed in forma pauperis.

Dated: <u>May 14, 2024</u>          By: <u>/s/ Matthew D Guertin</u>
                                        Matthew David Guertin
                                        Petitioner Pro Se
                                        1075 Traditions Ct.
                                        Chaska, MN  55318
                                        Tel: (763) 221-4540
                                        Email: MattGuertin@ProtonMail.com

3

Filed in District Court
State of Minnesota
5/14/2024 10:25 AM



STATE OF MINNESOTA

COUNTY of HENNEPIN

DISTRICT COURT  FOURTH

JUDICIAL DISTRICT MENTAL

HEALTH DIVISION

**In Re: the Civil Commitment of**

**Matthew Guertin**

**DOB:   7/17/1981**

Respondent.

**Court File: 27-MH-PR-23-815**

**WAIVER**

---

   After a full consultation  with my attorney who has explained my rights to me and discussed with me the various alternatives available to me, I do hereby knowingly and voluntarily consent to the Court extending my Stay of Commitment  for a period of  9 months, without the hearing provided by Minn. Stat. §253B.05 subd.3, 08 and .09.

Dated: ___1/31/2024___

_____

Matthew David Guertin
**Respondent**

CERTIFICATION

I have advised the Respondent of all rights affected by the foregoing waiver, including the various options available and the consequences  flowing from each option. The Respondent understood the rights involved and willingly signed the Waiver.

Dated:_____          _____

   Attorney ID# 29579                               Joel Fisher

4



**X** ~~**Agreement Regarding the Requested Jarvis (Neuroleptic Medication)**~~

- ~~I understand that the County Attorney may also request that the continued neuroleptic medication Petition be set on for hearing, and the revocation of the stayed commitment will not be delayed because of it.~~

- ~~I understand that the neuroleptic medication hearing will be set as soon as possible, and I waive the right to object to the timeliness of the notice, as long as transportation can be arranged for me, and my attorney can appear.~~

- ~~I understand that if a neuroleptic medication hearing is scheduled on this continued petition, only that issue will be addressed at the hearing.~~

- ~~If I wish to request a hearing on the revocation of the stayed commitment, I must make a separate request for hearing to the Court, within 14 days after the revocation.~~

Dated:  August ___, 2023

_____
Mathew David Guertin, Respondent

I have advised <u>Mathew David Guertin</u>, Respondent above, of the nature and conditions of this agreement, his/her trial rights, the right to have this matter tried before the District Court, and his/her right to have the matter reconsidered pursuant to Minn. Stat. § 253B.17.

Dated:  August ___, 2023

_____
Michael Biglow, Counsel for Respondent

Based upon my examination of the respondent and review of relevant records, I am of the opinion that the respondent is competent to understand this agreement.

Dated: August ___, 2023

_____N/A_____
Michael Robertson, Court Examiner

5

Filed in District Court
State of Minnesota
5/14/2024 2:15 PM

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

                Respondent,

vs.

Matthew David Guertin,

                Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S AFFIDAVIT OF SERVICE**

---

**AFFIDAVIT OF SERVICE**

---

Matthew D. Guertin, County of Carver, in the State of Minnesota, being duly sworn says that on May 14, 2024, he served a copy of the Petitioner's:

1. PETITION FOR DISCRETIONARY REVIEW
2. CERTIFICATE OF DOCUMENT LENGTH
3. ADDENDUM-01
4. ADDENDUM-02
5. ADDENDUM-03
6. ADDENDUM-04
7. ADDENDUM-05
8. ADDENDUM-06
9. ADDENDUM-07
10. ADDENDUM-08
11. ADDENDUM-09
12. ADDENDUM-10
13. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
14. MOTION FOR PUBLIC ACCESS TO APPELLATE FILINGS
15. CORRESPONDENCE OF SUPPLEMENTARY ADDENDUM INFORMATION

on the following parties, using the Hennepin County District Court's Odyssey electronic filings and service system:

SARA GONSALVES
4TH JUDICIAL DISTRICT COURT
ADMINISTRATOR
300 South 6th Street
Minneapolis, MN 55487
Sara.Gonsalves@courts.state.mn.us



**Case # 27-CR-23-1886 - State of Minnesota vs MATTHEW DAVID GUERTIN (...**

**Envelope Information**

| Envelope Id | Submitted Date | Submitted User Name |
|---|---|---|
| 29966690 | 5/14/2024 10:35 AM CST | mattguertin@protonmail.com |

Case Information

Party Information

**Filings**

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Service Only | Add1. | APP-Addendum-01 |
| Service Only | Add2. | APP-Addendum-02 |
| Service Only | Add3. | APP-Addendum-03 |
| Service Only | Add4. | APP-Addendum-04 |

eService Details

| Status | Name | Firm | Served | Date Opened | Log |
|---|---|---|---|---|---|
| Sent | Sara Gonsalves | Hennepin County District Court Ad… | ☑ | Not Opened | View Log |

Exhibit F | Index 19 | p. 2



## Case # 27-CR-23-1886 - State of Minnesota vs MATTHEW DAVID GUERTIN (...

### Envelope Information

| Envelope Id | Submitted Date | Submitted User Name |
|---|---|---|
| 29967144 | 5/14/2024 10:57 AM CST | mattguertin@protonmail.com |

Case Information

Party Information

### Filings

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Service Only | Add5. | APP-Addendum-05 |
| Service Only | Add6. | APP-Addendum-06 |
| Service Only | Add7. | APP-Addendum-07 |
| Service Only | Add8. | APP-Addendum-08 |
| Service Only | Add9. | APP-Addendum-09 |
| Service Only | APP-PFDR | APP-Petition-For-Discretionary-Review |
| Service Only | APP-CODL | APP-Certificate-of-Document-Length |

|◄ ◄ 1 ► ►| 10 ▼ items per page            1 - 7 of 7 items

eService Details

| Status | Name | Firm | Served | Date Opened | Log |
|---|---|---|---|---|---|
| Sent | Sara Gonsalves | Hennepin County District Court Ad... | ☑ | Not Opened | View Log |

| Envelope Id | Submitted Date | Submitted User Name |
|---|---|---|
| 29967754 | 5/14/2024 11:01 AM CST | mattguertin@protonmail.com |

Case Information

Party Information

### Filings

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Service Only | Add10. | APP-Addendum-10 |

eService Details

| Status | Name | Firm | Served | Date Opened | Log |
|---|---|---|---|---|---|
| Sent | Sara Gonsalves | Hennepin County District Court Ad... | ☑ | Not Opened | View Log |

Exhibit F | Index 19 | p. 3



I DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING I HAVE
STATED IN THIS DOCUMENT IS TRUE AND CORRECT.   Minn. Stat. § 358.116.


Dated: May 14, 2024                    By:  /s/ Matthew D Guertin
                                       Matthew David Guertin
                                       Petitioner Pro Se
                                       1075 Traditions Ct.
                                       Chaska, MN  55318
                                       Tel: (763) 221-4540
                                       Email: MattGuertin@ProtonMail.com

Exhibit F | Index 19 | p. 4

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

District Court Case: 27-CR-23-1886

Respondent,

Court Order Date: April 12, 2024

vs.

**PETITIONER'S CORRECTIVE**
**AFFIDAVIT OF SERVICE**

Matthew David Guertin,

Petitioner.

---

**CORRECTIVE AFFIDAVIT OF SERVICE**

---

Matthew D. Guertin, County of Carver, in the State of Minnesota, being duly sworn,

hereby deposes and states as follows:

## INTRODUCTION AND BACKGROUND

This affidavit is submitted in support of my filing for 'Petition for Discretionary

Review' in the above-captioned case. It serves to correct and clarify the record of

service associated with my appellate filings, ensuring that all procedural requirements

as mandated by the Minnesota Rules of Civil Appellate Procedure and the district court

rules have been met comprehensively.

## INITIAL FILING AND SERVICE

On May 10, 2024, I filed my initial 'Petition for Discretionary Review' along with

accompanying documents including a Certificate of Document Length and ten separate

Exhibit F | Index 20 | p. 1

Filed in District Court
State of Minnesota
5/16/2024 1:21 AM

addenda named 'Petitioner's Addendum(1-10)'. This filing was completed via the E-MACS e-file system and duly served through the district court's e-file and serve system upon the Hennepin County prosecuting attorney, Jacqueline Perez, before the system's scheduled downtime beginning at 6:00pm Friday, May 10, 2024.

## RECOGNITION OF FORMATTING ERROR AND CORRECTIVE FILING

Shortly after the initial filing, I identified a formatting error in the petition, where some rows of text extended beyond the required right-hand margins. Recognizing the potential risk of this error leading to the rejection of my entire appellate case filing, I promptly prepared and re-filed a duplicate case containing a corrected version of the petition. This refiling was done through the E-MACS system on the evening of May 10, 2024, after the District Court's e-file system went offline for scheduled maintenance over the weekend.

## ACCEPTANCE OF CORRECTED FILING

On May 13, 2024, the appellate court accepted the corrected filing, which included the properly formatted petition, and rejected the initial filing as a duplicate.

## SUBSEQUENT FILINGS AND COMPREHENSIVE SERVICE

Realizing the potential service discrepancies that currently exist, and the need to ensure complete and accurate service, on May 15, 2024, I re-served all pertinent documents, including the corrected petition and newly filed motions, upon both the Hennepin

2

Filed in District Court
State of Minnesota
5/16/2024 1:21 AM

County prosecuting attorney, Jacqueline Perez, and the Hennepin County District Court Administrator, Sara Gonsalves. This service was conducted through the district court's e-file and serve system, ensuring that all parties received the correct and final versions of all documents related to this case.

## PURPOSE OF THIS AFFIDAVIT

This affidavit is intended to confirm the accurate and comprehensive service of all documents associated with my appellate filings, rectify any previous service discrepancies, and provide a clear record to support the continued proper handling of this case.

## FILING AND SERVICE

Matthew D. Guertin, County of Carver, in the State of Minnesota, being duly sworn, hereby deposes and states that on May 15, 2024, he E-Filed and Served a copy of the Petitioner's:

1. PETITION FOR DISCRETIONARY REVIEW   (correctly formatted version)
2. CERTIFICATE OF DOCUMENT LENGTH
3. ADDENDUM-01
4. ADDENDUM-02
5. ADDENDUM-03
6. ADDENDUM-04
7. ADDENDUM-05
8. ADDENDUM-06

Exhibit F | Index 20 | p. 3

9. <u>ADDENDUM-07</u>

10. <u>ADDENDUM-08</u>

11. <u>ADDENDUM-09</u>

12. <u>ADDENDUM-10</u>

13. <u>MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS</u>

14. <u>MOTION FOR PUBLIC ACCESS TO APPELLATE FILINGS</u>

15. <u>CORRESPONDENCE OF SUPPLEMENTARY ADDENDUM INFORMATION</u>

on the following parties, using the Hennepin County District Court's Odyssey electronic

filings and service system using the 'E-File and Serve' dropdown menu option:

SARA GONSALVES
4TH JUDICIAL DISTRICT COURT
ADMINISTRATOR
300 South 6th Street
Minneapolis, MN 55487
Sara.Gonsalves@courts.state.mn.us

JACQUELINE PEREZ
ASSISTANT HENNEPIN COUNTY ATTORNEY
525 Portland Ave S Ste 1200
Minneapolis, MN 55415
Jacqueline.Perez@hennepin.us

Exhibit F | Index 20 | p. 4



**Case # 27-CR-23-1886 - State of Minnesota vs MATTHEW DAVID GUERTIN (...**

**Envelope Information** —

| Envelope Id | Submitted Date | Submitted User Name |
|---|---|---|
| 29985327 | 5/15/2024 11:46 AM CST | mattguertin@protonmail.com |

**Case Information** +

**Party Information** +

**Filings** —

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Notice of Appeal | APP-PFDR-correct... | APP-Petition-for-Discretionary-Review_correction |
| Other Document | APP-CODL_correc... | APP-Certificate-of-Document-Length_correction |
| Other Document | APP-IFP_correction | APP-Motion-for-IFP_correction |
| Other Document | APP-MFPA_correc... | APP-Motion-for-Public-Access_correction |
| Other Document | APP-CSAI_correcti... | APP-Correspondence-Supplementary-Addendum-Info_c... |
| Other Document | APP-Add1_correcti... | APP-Addendum-01_correction |
| Other Document | APP-Add2_correcti... | APP-Addendum-02_correction |
| Other Document | APP-Add3_correcti... | APP-Addendum-03_correction |
| Other Document | APP-Add4_correcti... | APP-Addendum-04_correction |

|◄ ◄ 1 ► ►| 10 ▼ items per page 1 - 9 of 9 items

**eService Details**

| Status | Name | Firm | Served | Date Opened | Log |
|---|---|---|---|---|---|
| Sent | Jacqueline Perez | Hennepin County Attorney Crimina... | ☑ | Not Opened | View Log |
| Sent | Sara Gonsalves | Hennepin County District Court Ad... | ☑ | Not Opened | View Log |

Exhibit F | Index 20 | p. 5



**Envelope Information**                                               −

| Envelope Id | Submitted Date | Submitted User Name |
|---|---|---|
| 29986019 | 5/15/2024 11:57 AM CST | mattguertin@protonmail.com |

Case Information                                                      +

Party Information                                                     +

**Filings**                                                           −

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Other Document | APP-Add5_correcti... | APP-Addendum-05_correction |
| Other Document | APP-Add6_correcti... | APP-Addendum-06_correction |
| Other Document | APP-Add7_correcti... | APP-Addendum-07_correction |
| Other Document | APP-Add8_correcti... | APP-Addendum-08_correction |
| Other Document | APP-Add9_correcti... | APP-Addendum-09_correction |

**Filing Details**

| Filing Type | Filing Code |
|---|---|
| EFileAndServe | Other Document |

**Filing Description**
APP-Addendum-05_correction

| Client Reference Number | Comments to Court |
|---|---|
| APP-Add5_correction | Public |

**Filing Status**
Submitted

**Document**

| File Name | Description | Security | Download |
|---|---|---|---|
| Addendum-05.pdf 2.64 MB | Other Document | Public 1 | Original File |

**eService Details**

| Status | Name | Firm | Served | Date Opened | Log |
|---|---|---|---|---|---|
| Sent | Jacqueline Perez | Hennepin County Attorney Crimina... | ☑ | Not Opened | View Log |
| Sent | Sara Gonsalves | Hennepin County District Court Ad... | ☑ | Not Opened | View Log |

Exhibit F | Index 20 | p. 6



I DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING I HAVE
STATED IN THIS DOCUMENT IS TRUE AND CORRECT.   Minn. Stat. § 358.116.


Dated: May 16, 2024                    By:  /s/ Matthew D Guertin
                                            Matthew David Guertin
                                            Petitioner Pro Se
                                            1075 Traditions Ct.
                                            Chaska, MN  55318
                                            Tel: (763) 221-4540
                                            Email: MattGuertin@ProtonMail.com

7

Exhibit F | Index 20 | p. 7

A24-0780

STATE OF MINNESOTA

IN COURT OF APPEALS

State of Minnesota,

                Respondent,

     v.

Matthew David Guertin,

                Petitioner.

**STATE'S OPPOSITION TO DISCRETIONARY REVIEW**

Dist. Ct. File No. 27-CR-23-1886

TO:   THE CLERK OF MINNESOTA'S APPELLATE COURTS; BRUCE RIVERS, ATTORNEY FOR PETITIONER IN DISTRICT COURT; AND MATTHEW DAVID GUERTIN, PRO SE PETITIONER.

## INTRODUCTION

Petitioner Matthew David Guertin asks this Court to take discretionary review of the district court's April 12, 2024 order that denied his motion to represent himself pro se. This Court should deny the petition for discretionary review.

## FACTUAL AND PROCEDURAL HISTORY

In January 2023, Petitioner was charged with felony reckless discharge of a firearm and three counts of felony possession of a firearm with no serial number. *See* Doc. Index ("Index") #1. At the first appearance on January 25, 2023, the district court, the Honorable Lionel Norris presiding, found probable cause and ordered a Minn. R. Crim. P. 20.01 evaluation to be conducted on Petitioner. Index

Filed in District Court
State of Minnesota
5/17/2024 10:28 AM

#4. On February 20, 2023, Bruce Rivers, Esq. filed a certificate of representation and began representing Petitioner in this matter. Index #9.

On July 13, 2023, the district court, the Honorable George Borer presiding, found Petitioner incompetent to proceed. Index #19. On January 17, 2024, the district court, the Honorable Danielle Mercurio presiding, again found Petitioner incompetent to proceed. Index #25.

On April 3, 2024, Petitioner filed a motion to represent himself pro se. Index #27. On April 12, 2024, the district court, the Honorable Julia Dayton Klein presiding, issued a two-page order denying Petitioner's motion. Index #33.

On May 10, 2024, Petitioner filed a petition for discretionary review that seeks this Court's review of that April 12, 2024 order.

### REASONS TO DENY DISCRETIONARY REVIEW

This Court may afford discretionary review of an order "in the interests of justice[.]" Minn. R. App. P. 105.01. This Court considers multiple factors when determining whether to grant discretionary review, such as whether the lower court's ruling is questionable or involves an unsettled area of the law, and the importance of the legal issue presented. *See Gordon v. Microsoft Corp.*, 645 N.W.2d 393, 399, 401-02 (Minn. 2002). Often, discretionary review is extended when the issue raised in a petition is an important legal question that has broad applicability. *See id.* at 399, 399 n.7. A petitioner also *must* demonstrate that a "compelling reason" exists for granting discretionary review. *State v. Plevell*, 889 N.W.2d 584, 587 (Minn. App. 2017).

Exhibit F | Index 21 | p. 2

Here, Petitioner challenges a district-court order that denied his request to waive his right to counsel and represent himself pro se because Petitioner is currently incompetent to proceed under Minn. R. Crim. P. 20.01 *See* Index #33. It is well settled – based on both the plain language of rule 20.01 and a long line of caselaw – that a defendant cannot waive his or her right to counsel and begin representing him or herself pro se while that defendant is found to be incompetent. *See* Minn. R. Crim. P. 20.01, subd. 1(a)-(f); *State v. Thompson*, No. 20-1232, 2021 WL 3136728, *2 (Minn. July 26, 2021) (stating "a person cannot waive the constitutional right to representation if incompetent to make that decision"), *rev. denied* (Minn. Oct. 27, 2021). The district court's order properly cited this Court's relatively recent decision in *Thompson* for this principle; *Thompson*, in turn, cited to and relied on United States Supreme Court, Minnesota Supreme Court, and this Court's past precedent, all of which establish the same principle. *See id.* at *2-3 (citing *Godinez v. Moran*, 509 U.S. 389, 391, 396 (1993); *State v. Camacho*, 561 N.W.2d 160, 170-74 (Minn. 1997); *State v. Thornblad*, 513 N.W.2d 260, 262-63 (Minn. App. 1994)). The district court's succinct order is not questionable, nor does it raise an important legal question because a clear answer already exists in current, controlling law. Given this legal landscape, Petitioner has not demonstrated a "compelling reason" that this Court should grant discretionary review in this case. *Plevell*, 889 N.W.2d at 587.

Exhibit F | Index 21 | p. 3

Filed in District Court
State of Minnesota
5/17/2024 10:28 AM

## CONCLUSION

The State respectfully asks that this Court deny the petition for discretionary review.

DATED: May 17, 2024        Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY ATTORNEY

MARY F. MORIARTY
Hennepin County Attorney

_____

By: ADAM E. PETRAS
Senior Assistant County Attorney
Attorney License No. 0391470
C-2000 Government Center
300 South Sixth Street
Minneapolis, MN 55487
Phone: (612) 543-9377

ATTORNEYS FOR RESPONDENT

Exhibit F | Index 21 | p. 4

A24-0780
STATE OF MINNESOTA
IN COURT OF APPEALS

State of Minnesota,

               Respondent,        **CERTIFICATION AS TO LENGTH**

    v.

Matthew David Guertin,

              Petitioner.

I hereby certify that this response conforms to the requirements of Minn. R. Civ. App. P. 105.02 for a response produced with a proportional font. The length of this response is 619 words. This brief was prepared using Microsoft Word 2016, Times New Roman font face size 13.

DATED: May 17, 2024        Respectfully submitted,

                        *Adam Petras*

                 _____
By: ADAM E. PETRAS
Senior Assistant County Attorney
Attorney License No. 0391470
C-2000 Government Center
300 South Sixth Street
Minneapolis, MN 55487
Phone: (612) 543-9377

ATTORNEY FOR RESPONDENT

Exhibit F | Index 21 | p. 5

**FILED**

*Matthew David Guertin v State of Minnesota*
Court of Appeals File No. A24-0780
MNCIS 27-CR-23-1886

**Office of**
**APPELLATE COURTS**

STATE OF MINNESOTA      )

                                           )  SS.                    CERTIFICATE OF SERVICE

COUNTY OF HENNEPIN   )


      Sandy Colbert, hereby certifies:

      That on the 17th day of May, 2024, I served State's Response to Petition for Discretionary Review on the following by mailing to them one (1) copy thereof, enclosed in an envelope, postage prepaid, and by depositing the same in the United States mail in Minneapolis, MN, directed to them as follows:


Matthew David Guertin
1075 Traditions Court
Chaska, MN  55318


Date: May 17, 2024                         */s/ Sandy Colbert*
                                         Sandy Colbert
                                         Hennepin County Attorney's Office
                                         300 South 6th Street
                                         Minneapolis, MN  55487



**STATE OF MINNESOTA**

**IN COURT OF APPEALS**

FILED

May 17, 2024

OFFICE OF
APPELLATE COURTS

State of Minnesota,

          Respondent,

vs.

Matthew David Guertin,

          Petitioner.

**O R D E R**

#A24-0780

**BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND BECAUSE:**

1.      On May 10, 2024, petitioner filed a petition for discretionary review of the Hennepin County District Court's April 12, 2024 order denying his motion for self-representation.

2.      On May 13, 2024, petitioner was informed via notice of case filing of deficiencies in this appeal. Specifically, petitioner was directed to either (a) pay the $550 filing fee associated with the petition or provide a copy of an order from the district court granting leave to proceed in forma pauperis (IFP) in this court, and (b) provide proof of filing of a copy of the petition with the district court administrator.

3.      On May 14, 2024, petitioner filed proof of filing of the petition with the district court administrator. Accordingly, this deficiency is deemed satisfied.

4.      Also on May 14, 2024, petitioner filed a motion in this court for leave to proceed IFP in this court. To proceed IFP in this court and obtain a waiver of the filing

fee, a petitioner is required to make a motion in the district court for such relief, provide a copy of his statement of the case identifying the issues presented, and establish both an inability to pay the filing fee and that the issues to be raised support a finding that the matter is not frivolous.  *See* Minn. R. Civ. App. P. 109.02.  The district court is required to rule on petitioner's application within 14 days after it is filed.  Minn. R. Civ. App. P. 109.02.  The petitioner must then file a copy of a district court order granting leave to proceed IFP in this court to obtain a waiver of the filing fee; the rules do not permit this court to make this determination independently.

5.     Also on May 14, 2024, petitioner filed a motion "for public access to appellate filings."  In this motion, petitioner requests that this court (1) direct that all filings in this matter be made immediately available to the public; (2) provide an explanation as to prior restrictions on public access to the filings in this matter; (3) thoroughly review "the procedural and substantive decisions previously made in lower courts" and grant appropriate relief as necessary; and (4) "[c]onfirm that the handling of this case aligns with the highest standards of justice, particularly emphasizing the need for an open and transparent judicial process . . . ."

6.     The Minnesota Rules of Public Access to Records of the Judicial Branch "govern access to the records of all courts and court administrators of the judicial branch of the state of Minnesota."  Minn. R. Pub. Access to Recs. of Jud. Branch 1.  The general policy of these rules is that "[r]ecords of all courts and court administrators in the state of Minnesota are presumed to be open to any member of the public for inspection or copying at all times during the regular office hours of the custodian of the records,"

2

unless otherwise exempted from public access by the rules or court order. *Id.* at 2. And these rules do not grant this court the authority to suspend or alter their application.

7.    Because the rules of public access are applicable to the parties' filings in this case, and because this court is not permitted to grant public access to any records that are deemed to be nonpublic by those rules, an order of this court directing adherence to the rules of public access is unnecessary.

8.    Because petitioner does not identify any records in this matter that are or were previously unavailable to the public, and because he does not provide any authority compelling this court to provide an explanation or justification for any such restrictions, petitioner's request that this court furnish the same is denied.

9.    Because the current scope of this court's review in this matter is to determine whether the issues presented by the district court's April 12, 2024 order merit an immediate appeal, this court's disposition of the petition for discretionary review will not involve an examination of district court decisions other than that for which review is being sought and will not provide any other form of relief. *See* Minn. R. Civ. App. P. 105.01-.03. Petitioner's request for a broader scope of review is accordingly denied.

10.    Because petitioner provides no authority compelling this court to provide an affirmation that its disposition of this case will "align[ ] with the highest standard of justice," we decline to do so. We note, however, that "it is the responsibility of appellate courts to decide cases in accordance with law." *State v. Hannuksela*, 452 N.W.2d 668, 674 (Minn. 1990).

Exhibit F | Index 23 | p. 3

**IT IS HEREBY ORDERED:**

1.      Petitioner's motion to proceed IFP in this court is denied.

2.      Petitioner's motion "for public access to appellate filings" is denied.

3.      On or before May 31, 2024, petitioner shall either pay the $550 filing fee for this matter or file with the district court an application to proceed IFP in this court as provided for in Minn. R. Civ. App. P. 109.02.

4.      If appellant chooses to apply to the district court for leave to proceed IFP in this court, appellant shall—within 10 days of any order disposing of his application—either pay the $550 fee or file with this court a copy of the district court's order granting a waiver of fees and costs for this appeal.

5.      Failure to comply with this order may result in dismissal of the petition for discretionary review without further notice.

**Dated:** May 17, 2024

                              **BY THE COURT**


                              Susan L. Segal
                              Chief Judge

**A24-0780**

**STATE OF MINNESOTA**

**IN COURT OF APPEALS**

Fourth Judicial District Court Case Number:27-CR-23-1886
Type: Criminal

State of Minnesota,
      Respondent,

vs.

David Matthew Guertin,
      Defendant/Petitioner

## Order Denying Fee Waiver Request (In Forma Pauperis)

Based on the affidavit of the applicant, Matthew David Guertin, and the authority of Minn. Stat. § 563.01, the Court FINDS:

    ☒ The applicant has not given the Court enough information to determine if the applicant is eligible for a full or partial fee waiver.  The applicant needs to give the Court more information about the applicant's:

    ☒ public assistance    ☐ attorney    ☒ income    ☒ expenses

**IT IS ORDERED THAT:** The applicant's request to waive court fees and costs is **DENIED**.

BY THE COURT:

_____

Julia Dayton Klein
Judge of District Court

Exhibit F | Index 24 | p. 1

Filed in District Court
State of Minnesota
5/28/2024 7:47 PM

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,                                    District Court Case: 27-CR-23-1886

               Respondent,      Court Order Date: April 12, 2024

vs.

Matthew David Guertin,                        **PETITIONER'S MOTION FOR**
                                               **WAIVER OF FEES PURSUANT**
               Petitioner.       **TO RULE 103.01 SUBD. 3(c)**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## **STATEMENT OF FACTS**

1.     On May 10, 2024, the Petitioner, Matthew David Guertin, submitted his Petition
for Discretionary Review through the E-MACS electronic filing system. He
selected the 'filing fees not required' option and stated in the comments that he is
currently on a stayed order of civil commitment, thus meeting the terms of Minn.
R. Civ. App. P. 103.01 pursuant to being a party in a 253B proceeding.

2.     On May 13, 2024, the court issued a 'Notice of Case Filing' which included a
deficiency notice stating that either the $550 filing fee or a copy of an order from
the district court waiving the filing fee on appeal is required.

3.     The Petitioner addressed this deficiency by contacting the appellate court clerk and
explaining that he is involved in a proceeding pursuant to Minnesota Statutes,

Exhibit F | Index 25 | p. 1

chapter 253B. The clerk, after checking, informed the Petitioner that he still needed to pay the fee and did not meet the criteria of Minn. R. Civ. App. P. 103.01, subd. 3(c).

4.      After reviewing Minn. R. Civ. App. P. 103.01, subd. 3(c) again, the Petitioner was certain that he met the criteria for a fee waiver.

5.      On May 14, 2024, the Petitioner filed a Motion for IFP (In Forma Pauperis) to address the fee waiver issue.

6.      On May 17, 2024, The Honorable Chief Justice, Susan L. Segal issued an order denying the Motion for IFP but provided instructions for rectifying the fee discrepancy.

7.      The Petitioner now files this revised 'MOTION FOR WAIVER OF FEES PURSUANT TO RULE 103.01 SUBD. 3(c)' to have the $550 filing fee waived and the deficiency removed.

## ARGUMENTS

1.      Minn. R. Civ. App. P. 103.01, subd. 3(c) clearly states that the filing fees set out in Minn. R. Civ. App. P. 103.01, subd. 1, are not required when the appellant is a party to a proceeding pursuant to Minnesota Statutes, chapter 253B or 253D. This rule does not restrict the fee waiver to appeals directly involving the proceeding under these chapters.

2.     The Petitioner's involvement in a proceeding under Chapter 253B, as evidenced by the order mentioning Minn. R. Crim. P. 20.01, qualifies him as a party to such proceedings. This is further supported by Minn. R. Civ. App. P. 101.02, which defines an "Appellant" broadly as any party seeking review, including petitioners.

3.     The Honorable Susan L. Segal's order, while addressing the Motion for IFP, provides a pathway for satisfying Minn. R. Civ. App. P. 103.01, subd. 3(a), further supporting that the Petitioner meets the criteria under subd. 3(c).

4.     The intertwined nature of the criminal and civil commitment cases, and the explicit references to Minn. R. Crim. P. 20.01 and Chapter 253B in the court order, establish that the Petitioner is involved in a proceeding under Chapter 253B, thereby qualifying for the fee waiver.

### DEFINITIONS

**Appellant**

**Definition:** The party seeking review, including relators and petitioners.

**Application:** I, Matthew David Guertin, am the appellant in this case, seeking review of the court's decision.

**Party**

**Definition:** An individual or entity involved in a legal proceeding.

**Application:** As an individual involved in both a criminal case and a civil commitment case, I am a party to these proceedings. Specifically, I am involved in proceedings under Minnesota Statutes, Chapter 253B, which deals with civil commitments.

**Proceeding**

**Definition:** The process of adjudicating a legal matter in a court of law. This includes trials, hearings, and appeals.

**Application:** The proceedings in which I am involved include my ongoing civil commitment case under Chapter 253B. The rule does not restrict the fee waiver to appeals directly involving the underlying proceeding itself, but rather any proceeding under the specified statutes.

**Pursuant (to)**

**Definition:** In accordance with; following the rules or laws of.

**Application:** My involvement is in accordance with Minnesota Statutes, Chapter 253B. The proceedings are conducted following the rules and regulations set forth in this chapter.

**Minnesota Statutes**

**Definition:** The written laws enacted by the Minnesota Legislature.

**Application:** Chapter 253B of the Minnesota Statutes specifically deals with civil commitments, including mental health commitments. This statute governs the proceedings in which I am involved.

Exhibit F | Index 25 | p. 4

Filed in District Court
State of Minnesota
5/28/2024 7:47 PM

**Chapter 253B**

**Definition:** The section of the Minnesota Statutes that addresses civil commitments.

**Application:**  My current civil commitment proceedings are governed by Chapter 253B. This establishes the legal framework for the proceedings to which I am a party.

## APPLICATION

**Appellant:**  As the appellant, I am seeking review of a decision, specifically my Petition for Discretionary Review.

**Party:**  I am a party to a legal proceeding. This means I am directly involved and have a stake in the outcome of the legal process.

**Proceeding:** The legal process I am involved in includes my ongoing civil commitment case which falls under Chapter 253B.

**Pursuant (to):** The proceedings are conducted in accordance with the laws set forth in Chapter 253B..

**Minnesota Statutes**: These are the laws enacted by the state legislature, specifically Chapter 253B which governs civil commitments.

**Chapter 253B:** This chapter specifically deals with the legal framework for civil commitments, under which my current proceedings fall.

Filed in District Court
State of Minnesota
5/28/2024 7:47 PM

## EXPLANATION

- I am the **appellant** in this case, seeking a review

- I am a **party** to the proceedings because I am directly involved in my civil commitment case.

- The **proceedings** I am involved in are governed by Chapter 253B.

- These proceedings are **pursuant** to the laws set forth in the Minnesota Statutes.

- Chapter 253B specifically addresses civil commitments, which is the nature of my involvement.

This detailed focus on the individual meanings of words and language is in alignment with "we interpret statutes 'so as to give effect to each word and phrase,' and we may consult dictionary definitions to determine a word's plain meaning." G&I IX OIC LLC v. County of Hennepin, 979 N.W.2d 52, 58 (Minn. 2022). Given this clear and direct involvement, the language of Minn. R. Civ. App. P. 103.01 Subd. 3(c) applies to me. The rule states that the filing fees are not required when the appellant (me) is a party to a proceeding (my civil commitment case) pursuant to Minnesota Statutes, Chapter 253B.

## CONCLUSION

Based on these definitions and the explicit language of the rule, Petitioner meets the criteria for the filing fee waiver. Petitioner's involvement in proceedings under Chapter 253B qualifies him for the exemption provided by Minn. R. Civ. App. P. 103.01 Subd.

3(c). Therefore, Petitioner respectfully requests that the Court grant this motion for waiver of the $550 filing fee and remove the remaining case deficiency.

If this motion cannot be addressed by the May 31, 2024, payment deadline set by the Honorable Susan L. Segal's court order on May 17, 2024, Petitioner is prepared to pay the $550 fee. However, Petitioner notes that despite filing a Motion for IFP incorrectly, he properly addressed the core issue concerning Minn. R. Civ. App. P. 103.01 Subd. 3(c) in that motion, satisfying the criteria since first submitting his case to this Court.

Dated: <u>May 28, 2024</u>          By:  <u>/s/ Matthew D Guertin</u>
                                     Matthew David Guertin
                                     Petitioner Pro Se
                                     1075 Traditions Ct.
                                     Chaska, MN  55318
                                     Tel: (763) 221-4540
                                     Email: MattGuertin@ProtonMail.com

Exhibit F | Index 25 | p. 7

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

               Respondent,

vs.

Matthew David Guertin,

               Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S MOTION FOR**
**JUDICIAL NOTICE: A**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## INTRODUCTION

Petitioner, Matthew David Guertin, respectfully moves this Court pursuant to Minn. R. Civ. App. P. 127 to take judicial notice of the attached Exhibit A. This motion is based on the grounds that Exhibit A, a compilation of records from the lower court, presents a clear, chronological narrative of the relevant proceedings and events, which is essential for a comprehensive understanding of the case history.

## FACTUAL BASIS FOR MOTION

1. **Exhibit A Content:**

   Exhibit A contains a meticulously organized collection of records from the lower court, arranged in chronological order. These records include motions, orders,

Exhibit F | Index 26 | p. 1

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

hearing transcripts, and other relevant documents filed in the case of State of Minnesota v. Matthew David Guertin, District Court Case No. 27-CR-23-1886.

2. **Relevance and Necessity:**

The chronological arrangement of these documents in Exhibit A provides a coherent and comprehensive narrative of the case's progression, which is critical for the appellate court's review. Each document is part of the official court record and is presented without alteration or inference, strictly adhering to factual representations.

3. **Judicial Notice Standard:**

Under Minn. R. Civ. App. P. 127, the appellate court may take judicial notice of facts that are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The documents in Exhibit A are part of the court record and meet these criteria.

## **LEGAL ARGUMENT**

Taking judicial notice of Exhibit A is appropriate because it consists of official documents and communications that accurately reflect the petitioner's mental state and competency. These documents provide a factual basis that directly contradicts the conclusions of incompetency in the initial forensic evaluation report, thereby aiding the Court in making a well-informed decision regarding the petitioner's status.

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

## BACKGROUND

In the case of State of Minnesota v. Matthew David Guertin, the petitioner was charged with multiple felonies, including reckless discharge of a firearm and possession of firearms without serial numbers. The charges stemmed from an incident on January 21, 2023, where Mr. Guertin was alleged to have fired multiple shots from his apartment, leading to his arrest. Throughout the case proceedings, Mr. Guertin has consistently maintained his competency and provided substantial evidence to challenge the findings of incompetency.

The records in Exhibit A include, but are not limited to:

- Criminal complaints and orders of detention detailing the charges against Mr. Guertin.

- A forensic evaluation report conducted by Dr. Jill Rogstad on March 10, 2023, which has been contested by Mr. Guertin through various pieces of compelling evidence.

- Documentation of Mr. Guertin's patent activities, email correspondences with legal and professional contacts, and other relevant records that demonstrate his understanding of legal proceedings and active participation in his defense.

## **REQUEST FOR RELIEF**

For the foregoing reasons, Petitioner respectfully requests that this Court take judicial notice of Exhibit A, as it presents an essential, factual basis for understanding the case history in a clear and chronological order.


Dated: <u>May 28, 2024</u>                By:  <u>/s/ Matthew D Guertin</u>
                                                    Matthew David Guertin
                                                    Petitioner Pro Se
                                                    1075 Traditions Ct.
                                                    Chaska, MN  55318
                                                    Tel: (763) 221-4540
                                                    Email: MattGuertin@ProtonMail.com

Exhibit F | Index 26 | p. 4

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

EXHIBIT
**A**

--------------------- 2014 ---------------------

**4/2/2014:**

Petitioner recognized in a blog article by Derivative, showcasing his work in interactive media

(Index #28, p. 22)

--------------------- 2016 ---------------------

**6/28/2016:**

Digital Domain's legal setback involving MOVA motion capture technology

(Index #28, p. 23)

**6/28/2016:**

Specific quotes from an article documenting Digital Domain's legal challenges

(Index #28, p. 24)

--------------------- 2017 ---------------------

**7/17/2017:**

Documentation of a court case involving intellectual property theft

(Index #28, p. 25)

--------------------- 2018 ---------------------

**9/30/2018:**

Petitioner programs media server for LA Philharmonic Orchestra's 100th Anniversary show at the Hollywood Bowl

(Index #28, p. 26)

**9/30/2018:**

Hollywood Bowl show presented on Petitioner's portfolio website

(Index #28, p. 27)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

-------------------- 2019 --------------------

**4/2019:**

Petitioner recognized for contributions to Coachella Music Festival's Bad Bunny set

(Index #28, p. 28)

**4/2019:**

Set piece for Bad Bunny at Coachella showcased on Petitioner's website

(Index #28, p. 29)

**4/2019:**

Petitioner is credited in PLSN publication for 2019 Bad Bunny, Coachella set piece

(Index #28, p. 30)

**4/2019:**

Custom Pre-Vis system for Bad Bunny performances presented on Petitioner's website

(Index #28, p. 31)

**8/2019-11/2019:**

Petitioner credited as engineer for a 50-foot Falcon

(Index #28, p. 32)

**8/2019-11/2019:**

Presentation of 50-foot Falcon on Petitioner's website

(Index #28, p. 33)

Exhibit F | Index 26 | p. 6

**8/2019-11/2019:**

Petitioner participates in video conference discussing creation of the 50-foot Falcon

(Index #28, p. 34)

--------------------- 2020 ---------------------

**11/2020:**

Petitioner sets up custom Vimeo page to host videos for his portfolio website

(Index #28, p. 35)

**11/2020:**

Petitioner's personal portfolio website MattGuertin.com

(Index #28, p. 36)

--------------------- 2021 ---------------------

**2/13/2021:**

Petitioner secures 'InfiniSet.com' domain name

(Index #28, p. 37)

**2/13/2021:**

'InfiniSet.com' website displays InfiniSet logo

(Index #28, p. 38)

**3/19/2021:**

Petitioner files his provisional patent application

(Index #28, p. 39)

**3/31/2021:**

Stephan Trojansky files his provisional patent application

(Index #28, p. 40)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**4/1/2021:**

Petitioner files US trademark application 90618638 for 'INFINISET'

(Index #28, p. 41)

**6/30/2021:**

Eyeline Studios registered as foreign corporation in California

(Index #28, p. 42)

**6/30/2021:**

Scott Miller signs CA SOS filing for Eyeline Studios

(Index #28, p. 43)

**11/22/2021:**

Netflix Press Release announces acquisition of Scanline VFX and Eyeline Studios

(Index #28, p. 44)

**11/28/2021:**

LinkedIn search for Petitioner by United States Air Force Academy

(Index #30, pp. 145-152)

--------------------- 2022 ---------------------

**1/16/2022:**

LinkedIn search for Petitioner by United States Air Force

(Index #30, pp. 153-159)

**1/20/2022:**

Google names their Bard Ai dataset 'Infiniset' which Petitioner has a trademark application filed for

(Index #28, p. 45)

Exhibit F | Index 26 | p. 8

**1/21/2022:**

Continued use of 'InfiniSet' by Google for 'Bard Ai' dataset

(Index #28, p. 46)

**2/10/2022:**

Continued use of 'InfiniSet' by Google for 'Bard Ai' dataset

(Index #28, pp. 47-48)

**3/30/2022:**

Trojansky/Netflix files official US Patent application 17/709,126

(Index #28, p. 49)

**3/31/2022:**

Trojansky/Netflix files PCT application US2022/022914

(Index #28, p. 50)

**4/19/2022:**

Netflix's Q1 2022 Shareholders letter reveals $125 million spent acquiring Scanline VFX, Eyeline Studios, and small gaming company

(Index #28, p. 51)

**6/8/2022:**

Yuval Brodsky files US Patent application 17/843,960

(Index #28, pp. 52-56)

**6/24/2022:**

PCT examiners' report for Petitioner's application

(Index #28, pp. 57-67)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**7/12/2022:**

    Yuval Brodsky's US Patent 11,383,062 is published

    (Index #28, p. 68)

**7/17/2022:**

    LinkedIn search for Petitioner by Department of the Air Force

    (Index #30, pp. 160-166)

**7/18/2022:**

    Petitioner registers InfiniSet Inc. with Delaware Secretary of State

    (Index #28, pp. 69-70)

**9/22/2022:**

    Petitioner's PCT Patent Application US2022/020919 is published

    (Index #28, p. 71)

**9/22/2022:**

    Yuval Brodsky's US Patent application published

    (Index #28, pp. 72-73)

**9/22/2022:**

    Petitioner's US Patent application 17/698,420 is published

    (Index #28, p. 89)

**10/31/2022:**

    Email exchange with Assaff Rawner, CEO of Mark Roberts Motion Control

    (Index #30, p. 96)

Exhibit F | Index 26 | p. 10

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**11/6/2022:**

Petitioner discovers Trojansky/Netflix patent application 17/709,126

(Index #30, p. 3)

**11/8/2022:**

Petitioner's patent attorney confirms that patent application 17/709,126 is for the exact same technology contained in Petitioner's US 11,577,177

(Index #38, pp. 66-67)

**11/11/2022:**

Email to Bruce Rivers regarding Petitioner's Netflix patent discovery

(Index #38, pp. 33-75)

**11/11/2022:**

Follow-up email to Bruce Rivers about patent filing dates

(Index #38, p. 74)

**11/11/2022:**

Follow-up email to Bruce Rivers sharing portfolio website

(Index #38, p. 75)

**11/13/2022:**

Petitioner registers Delaware C-Corp with Minnesota Secretary of State

(Index #28, p. 74)

**12/5/2022:**

Text messages with Petitioner's former CIA welder about patent situation

(Index #30, pp. 3-7, 62-63)

Exhibit F | Index 26 | p. 11

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**12/9/2022:**

Petitioner submits Information Disclosure Statement to USPTO
(Index #30, pp. 7-8, 97-98)

**12/15/2022:**

Netflix patent assignment takes place
(Index #28, pp. 75-77)

**12/17/2022:**

LinkedIn search for Petitioner by USC School of Cinematic Arts and Army Reserves
(Index #30, pp. 167-174)

**12/23/2022:**

Text messages with former CIA welder
(Index #30, pp. 9-10, 63-64)

**12/24/2022:**

Petitioner discovers discrepancy in Internet Archive save counts indicating their involvement in alleged patent fraud he is investigating
(Index #30, pp. 11-12)

--------------------- 2023 ---------------------

**1/5-6/2023:**

Emails with patent attorney discussing alleged PhotoRobot patent fraud
(Index #30, pp. 12-13, 102-107)

**1/12/2023:**

Petitioner files police report #23-000151 with Minnetonka Police about patent fraud
(Index #28, pp. 78-80)

Exhibit F | Index 26 | p. 12

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**1/13/2023:**

Email to Bruce Rivers asking for help regarding patent fraud discovery

(Index #38, pp. 76-93)

**1/14/2023:**

Text messages with former CIA welder about patent fraud

(Index #30, pp. 13-14, 64-66)

**1/15/2023:**

Petitioner contacts digital forensic services and Secret Service about patent fraud

(Index #30, p. 129)

**1/18-19/2023:**

Petitioner returns to Minnetonka Police Department due to safety concerns

(Index #30, pp. 17-18)

**1/21/2023:**

Petitioner arrested after firing a gun into the air to summon police

(Index #28, pp. 81-87)

**1/21/2023:**

LinkedIn profile search for Petitioner by Forcepoint and 3Gimbals

(Index #30, pp. 175-182)

**1/30/2023:**

An email form Petitioner sent to Detective Samantha Johnson of the Minnetonka
Police Department 5 days after being released on bail in which he discusses details
of the incident as well as his previous case concerning the alleged patent fraud.

(Index #38, pp. 94-98)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**2/5/2023:**

LinkedIn profile search for Petitioner by USC School of Cinematic Arts
(Index #30, pp. 183-190)

**2/7/2023:**

Email to Bruce Rivers detailing his welder's military and CIA background with pictures of special ops gear
(Index #38, pp. 99-105)

**2/7/2023:**

Bruce Rivers responds to email confirming receipt of special ops gear pictures
(Index #38, pp. 103-105)

**Special Ops Gear sitting atop Petitioner's Patent Prototype:**

Visual comparison showcasing the Petitioner's invention alongside its patent drawing.
(Index #30, pp. 60-61)

**2/13/2023:**

Petitioner sends his first ever email to Dr. Jill Rogstad introducing himself, sharing his portfolio website MattGuertin.com, and provides in depth details about his current patent troubles
(Index #28, pp. 105-108)

**2/13/2023:**

Petitioner files continuation patent application US 18/108,858
(Index #28, p. 88)

**2/14/2023:**

Dr. Jill Rogstad responds to email about sharing information during meeting
(Index #28, pp. 109-110)

Exhibit F | Index 26 | p. 14

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**2/14/2023:**

Petitioner's patent US 11,577,177 is published

(Index #28, p. 89)

**2/15/2023:**

Email to Dr. Jill Rogstad about audio and video documentation

(Index #28, pp. 112-113)

**2/17/2023:**

Petitioner files third-party prior art submission against Netflix patent application 17/709,126

(Index #28, pp. 90-95)

**2/17/2023:**

Dr. Jill Rogstad responds to Guertin's email asking about recording procedures

(Index #28, p. 114)

**Late 2/2023:**

Handwritten criminal defense notes for meeting with Bruce Rivers

(Index #30, p. 115)

**3/1/2023:**

Trojansky 'EyeLine Studios' patent rights assigned to 'Netflix Inc.'

(Index #28, pp. 96-97)

**3/1/2023:**

Petitioner's in-person Rule 20.01 Exam with Dr. Jill Rogstad takes place

(Index #28, pp. 116-125)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**3/2/2023:**

Email to Dr. Jill Rogstad with a language analysis matrix produced by Petitioner
(Index #28, pp. 115, Index #30, p. 64 Text 14)

**3/3/2023:**

Email to Dr. Jill Rogstad with additional evidence
(Index #28, pp. 126, Index #30, pp. 102-107)

**3/3/2023:**

Email to Dr. Jill Rogstad with screen capture of PhotoRobot Internet Archive page
(Index #28, pp. 127)

**3/3/2023:**

Email to Dr. Jill Rogstad with second screen capture of PhotoRobot Internet
Archive page
(Index #28, pp. 128)

**3/7/2023:**

Dr. Jill Rogstad confirms receipt of 4 emails containing Petitioner's evidence
(Index #28, pp. 129)

**3/7/2023:**

USPTO Patent Examiner reviews and signs off on Petitioner's third-party prior art
submission against Netflix
(Index #28, pp. 98-99)

**3/10/2023:**

Petitioner's Rule 20.01 Exam Report is submitted to the court
(Index #28, pp. 116-125)

Exhibit F | Index 26 | p. 16

**3/10/2023:**

Metadata analysis of Dr. Jill Rogstad's Rule 20.01 Exam Report reveals 'GuzmanC' as the author

(Index #28, pp. 100-101)

**Hennepin County Criminal Justice Coordinating Committee:**

Hennepin County Criminal Justice Coordinating Committee's composition and potential conflicts of interest surrounding Chela Guzman-Weigart

(Index #28, p. 262)

**Assistant County Administrator:**

Further highlighting of Chela Guzman-Weigart's role within the court

(Index #28, p. 263)

**3/16/2023:**

Petitioner files an IDS for his continuation patent application US 18/108,858 which names Microsoft and Dimension Studios

(Index #28, pp. 130-132)

**3/24/2023:**

Email correspondence with Bruce Rivers about competency report

(Index #28, pp. 102-104)

**3/26/2023:**

Petitioner obtains 'Notice of Good Standing' for InfiniSet Inc.

(Index #28, p. 133)

**3/27/2023:**

Petitioner maintains evidence of communication with Netflix executives

(Index #28, pp. 134-158)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**3/27/2023:**

Assignment of Trojansky 'EyeLine Studios' patent rights to 'Netflix Inc.'

(Index #28, pp. 159-160)

**4/7/2023:**

Letter from Dr. Martin Schuster challenges Dr. Rogstad's findings

(Index #30, pp. 113-114)

**4/26/2023:**

Email to Dr. Jill Rogstad with Bruce Rivers CC'd, sharing references discrediting her exam report

(Index #38, pp. 113-120)

**5/2/2023:**

Email exchanges with Bruce Rivers discussing FTC fraud report and safety concerns

(Index #30, pp. 21, 71-72)

**5/3/2023:**

Petitioner files incident report with the FBI via IC3.gov

(Index #28, pp. 161-165)

**5/3/2023:**

Petitioner files incident report with the FTC via ReportFraud

(Index #28, pp. 166-167)

**5/22/2023 at 3:13pm:**

Petitioner calls Bruce Rivers and is told "you have some very powerful people keeping an eye on you"

(Index #30, pp. 22, 84 Calls 03, 132)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**5/23/2023:**

Petitioner expresses safety concerns to friends following Rivers' remarks about powerful people. Texts include technical discussions with a business partner, demonstrating Petitioner's competence

(Index #30, pp. 22-23, 86-93, 132-133)

**5/27/2023:**

Email from Petitioner to Rivers discussing the upcoming June 14, 2023, court hearing and ensuring it would happen in person

(Index #38, p. 121)

**6/1/2023:**

Petitioner files international trademark application 97699805 for 'INFINISET'

(Index #28, pp. 168-170)

**6/1/2023:**

Petitioner files international trademark application '1 739 675' with WIPO for the 'INFINISET' logo

(Index #28, pp. 171-172)

**6/14/2023:**

Court order by Judge Julia Dayton Klein granting a continuance, referencing a non-existent motion

(Index #16)

**6/16/2023:**

Emails to Bruce Rivers expressing concerns about a conflict of interest surrounding his YouTube stardom and his previous powerful people comment. Petitioner also questions the handling of his FBI report and AI-generated video analysis

(Index #30, pp. 23-24, 73-76)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**7/7/2023:**

Court hearing where the Petitioner attempts to present evidence of competency. Rivers advises against presenting additional evidence. Petitioner's patent US 11,577,177 was the only evidence entered into the record as an exhibit even though Bruce possessed significant exculpatory evidence

(Index #30, pp. 24, 60, Index #38, pp. 99-105)

**7/13/2023:**

Findings of Fact and Order declaring Petitioner incompetent to proceed relies heavily on Dr. Jill Rogstad's evaluation and testimony

(Index #28, pp. 175-181)

**7/13/2023:**

Metadata analysis of George Borer's competency order, revealing creation by Danielle C Mercurio

(Index #28, pp. 173-174)

**7/20/2023:**

Petition for Civil Commitment filed against Petitioner

(Index #30, pp. 24-25, 81-82 Text 17-22)

**7/20/2023:**

State of Rhode Island searches for Petitioner on LinkedIn, and a record one week search count is documented

(Index #30, pp. 191-197)

**7/28/2023:**

Petitioner discovers civil commitment order and reaches out to Bruce Rivers who assures him he will represent him in civil commitment proceedings

(Index #30, pp. 24-25, 81-82 Text 17-22)

**8/1/2023 at 6:27am:**

Desperate attempts to contact Bruce Rivers seeking advice for the civil commitment hearing.

(Index #30, pp. 25, 77-78, 82-83 Text 23-26)

**8/1/2023 at 10:14am:**

Email sent to Michael Biglow ahead of scheduled court appearance contains 20 total links and PDF documents that discredit Rogstad's Rule 20.01 report and establish credibility of Petitioner

(Index #30, pp. 108-109)

**8/1/2023 at 10:14am:**

Petitioner's 2019 Wages and Income statement provided to Biglow as part of email attachments, showing $218,385.00

(Index #30, p. 112)

**8/1/2023 at 10:25am:**

Follow-up email to Biglow emphasizing the provision of PDF evidence to Dr. Rogstad and her choice to ignore all of it

(Index #30, p. 110)

**8/1/2023 at 2:24pm:**

Biglow only forwards letter from Petitioner's California doctor to the court just six minutes before the proceeding

(Index #30, p. 111)

**8/1/2023 at 2:30pm:**

Zoom interview with Psychologist Michael Robertson and subsequent Zoom civil commitment court hearing

(Index #28, p. 182-186, Index #30, p. 78)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**8/3/2023:**

Documented LinkedIn searches for Petitioner by DARPA, Defense Intelligence Agency, and US INDOPACOM

(Index #30, pp. 198-205)

**8/4/2023:**

Examiner's Report for Commitment by Michael Robertson, PsyD, LP, summarizing findings from 8/1/2023, psychiatric examination

(Index #28, pp. 182-186)

**8/8/2023:**

Petitioner discovers a SIGGRAPH 2023 video featuring technology mirroring his patent, being presented on behalf of Netflix and Eyeline Studios by Paul Debevec

(Index #30, p. 27)

**8/9/2023:**

"Acceptance of Terms of Stay of Commitment" agreement is signed by Petitioner

(Index #27, p. 8)

**8/9/2023:**

Email titled 'Emergency' is sent to former patent attorney concerning Netflix patent fraud

(Index #30, p. 27)

**8/10/2023:**

Email is sent to entire patent attorney's firm raising issues about Netflix patent infringement

(Index #30, pp. 27-29)

Exhibit F | Index 26 | p. 22

**8/11/2023:**

LinkedIn searches for Petitioner by the US Air Force and US Department of State

(Index #30, pp. 206-213)

**8/16/2023:**

Correspondence received from former IP firm after being dropped as a client, contradicts the reason for termination filed with the USPTO

(Index #30, pp. 116-118)

**8/21/2023:**

Patent attorney files a 'Request For Withdrawal As Attorney Or Agent' with the USPTO, listed as non-detrimental to the client's interests

(Index #28, pp. 187-188)

**9/7/2023:**

A second police report for possible patent fraud with the Plymouth, MN Police Department is filed

(Index #28, pp. 189-190)

**9/20/2023:**

Email to Senator Amy Klobuchar detailing challenges due to patent theft and fraudulent activities by Netflix and others

(Index #28, pp. 191-197)

**10/2023:**

Petitioner's realizes his patent has 'vast' implications in military training simulations

(Index #30, pp. 34, 67-70)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**LinkedIn Search and Count Graph:**

> Petitioner begins to take notice of LinkedIn searches. Creates a visual presentation graph highlighting significant external interest in the Petitioner's activities by military and defense contractors, along with governmental entities
>
> (Index #30, pp. 29-33, 53-59)

**Military Connections:**

> Petitioner urges the court to consider Referee Danielle C. Mercurio's ties to the US Army in the context of the case.
>
> (Index #28, p. 223)

**10/3/2023:**

> Petitioner receives Privacy Act Release Form from Senator Amy Klobuchar's office
>
> (Index #28, p. 198)

**10/6/2023:**

> Signed Privacy Act Release Form is returned to Senator Klobuchar's office, enabling assistance with patent fraud concerns
>
> (Index #28, pp. 199-203)

**10/102023 at 1:02pm:**

> Confirmation received from Senator Klobuchar's office requesting supporting documents for the inquiry
>
> (Index #28, p. 204)

**10/10/2023 at 3:36pm:**

> Additional evidence and Substack article links are sent to Senator Klobuchar's office to support claims of fraudulent activities
>
> (Index #28, pp. 205-208)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**10/11/2023 at 11:18am:**

Petitioner informs Senator Klobuchar's office about the similarities Netflix patent application to his granted patent

(Index #28, p. 209)

**10/11/2023 at 11:39am:**

A comprehensive collection of documents related to USPTO is emailed to Senator Klobuchar's office

(Index #28, p. 210)

**10/11/2023 at 12:07pm:**

Sent additional evidence regarding AI-generated content on YouTube and its inconsistencies to Senator Klobuchar's office

(Index #28, pp. 211-212)

**10/12/2023:**

Certified mail sent to Senator Klobuchar's office includes a Substack articles highlighting a search for Petitioner's LinkedIn page by US State Department

(Index #28, pp. 216-222)

**10/16/2023 at 3:43pm:**

Followed up with Senator Klobuchar's office for updates on the case, expressing concerns about US Army involvement

(Index #28, pp. 213-214)

**10/23/2023 at 12:51pm:**

Received response from Senator Klobuchar's office seeking further clarification on how they can assist with the case

(Index #28, p. 215)

**11/7/2023:**

Netflix patent US 11,810,254 is published - Petitioner's name and patent are listed at the VERY top of it

(Index #28, p. 224)

**InfiniSet vs. Netflix Patent Analysis:**

Detailed comparative analysis of US11,577,177 and US11,810,254 which suggests Netflix patent should not have been granted based on a lack of novelty

(Index #30, pp. 94-95)

**11/8/2023:**

Article by Thomas L. Hamlin discusses generative AI and legal implications, supporting the Petitioner's concerns about AI's role in IP theft

(Index #28, p. 264)

**11/15/2023:**

Order evaluation for Competency to Proceed

(Index #21)

**11/15/2023:**

Notice of Inquiry by the FCC, document FCC 23-101, discusses AI concerns like voice cloning, supporting the Petitioner's claims

(Index #28, pp. 265-270)

**12/5/2023:**

Petitioner receives a Non-Final Office Action from the USPTO for his continuation patent application US 18/108,858

(Index #28, pp. 225-231)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

-------------------- 2024 --------------------

**1/5/2024:**

Petitioner files his first ever court motion, a "Demand or Request for Discovery"

(Index #22)

**1/10/2024 at 4:59pm:**

Petitioner emails his 'LinkedIn Search Graph' to Bruce Rivers

(Index #38, pp. 22-27, 130-135)

**1/10/2024 at 5:03pm:**

Follow-up email to Bruce Rivers about incompetency and a realization about the

theft of his intellectual property

(Index #38, pp. 27-28)

**1/10/2024 at 5:12pm:**

Email to Bruce Rivers sharing a brief investor pitch and discussing the LinkedIn

Search Graph

(Index #38, pp. 134-135)

**1/12/2024 at 2:16pm:**

Email to Bruce Rivers highlighting the extreme stress and dangers the Petitioner is

facing, mentioning patent theft and involvement of the US government

(Index #38, pp. 136-137)

**1/12/2024 at 3:04pm:**

Reply from Bruce Rivers – "Call me" - Petitioner called Bruce using his mom's

cell phone

(Index #38, pp. 138-139)

Exhibit F | Index 26 | p. 27

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**1/12/2024 at 3:37pm:**

Email to Bruce Rivers requesting discovery materials once again, once again no response

(Index #38, p. 140)

**1/14/2024 at 12:00pm:**

Email to Bruce Rivers about Jan 16, 2024 – 1:30 pm court date and Zoom availability

(Index #38, p. 141)

**1/15/2024 at 3:02pm:**

Second email to Bruce Rivers about Jan 16, 2024 1:30 pm court date

(Index #38, p. 142)

**1/15/2024:**

Bruce Rivers tells Petitioner there is "No court" on Jan 16 via text message

(Index #30, pp. 35, 83 Text 27, 135)

**1/16/2024:**

A court order is signed at 8:27am which states "Prior to the hearing, the parties agreed to a finding of incompetency entered administratively."

(Index #30, p. 36)

**1/16/2024:**

Notice of Remote Zoom Hearing is filed for July 16, 2024 court appearance

(Index #28, pp. 233-234)

**1/17/2024:**

Court order signed at 8:27am on Jan 16 is submitted to the court at 7:29am on Jan 17

(Index #25, p. 3, Id. 9)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**1/17/2024:**

Analysis of January 16-17 court orders concerning language

(Index #30, pp. 119-120)

**1/26/2024 at 4:38pm:**

Email to Bruce Rivers requesting Rule 20.01 Exam Report from January 3, 2024

(Index #38, p. 143)

**1/26/2024:**

Follow-up attempts to receive Rule 20.01 Exam Report from Bruce Rivers

(Index #30, pp. 37-38)

**1/28/2024:**

Continued attempts to contact Bruce Rivers for exam report

(Index #30, pp. 38, 83 Text 29, 85 Calls-05, 135)

**1/29/2024:**

Text message exchange with Bruce Rivers, with Rivers still not providing the requested report.

(Index #30, pp. 38, 83 Text 29, 135)

**1/30/2024:**

Petitioner files a 'Motion for Continuance' in his civil case, addressing the need for additional time due to insufficient preparation and lack of essential medical records.

(Index #28, pp. 241-250)

**1/30/2024:**

Petitioner files a 'Motion for Production of Medical Records' in his civil case, seeking to compel provision of Dr. Adam Milz's exam report.

(Index #28, pp. 251-252)

**1/31/2024:**

Petitioner signs a 'Waiver' consenting to the extension of his 'Stayed Order of Commitment' for nine months to avoid appearing in person at court hearing and being committed to a 'safe and secure facility' as stated in the Jan 17 court order

(Index #28, p. 253)

**2/1/2024:**

Petitioner requests the court to judicially notice the absence of index number '40' in his civil case timeline, suggesting procedural irregularities.

(Index #28, p. 235)

**2/20/2024:**

Petitioner verifies the standing of his company 'InfiniSet, Inc.' through the Minnesota Secretary of State.

(Index #28, p. 254)

**3/4/2024:**

Petitioner mails a 'PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a)' to the USPTO, requesting a two-month extension.

(Index #28, pp. 255-261)

**3/13/2024:**

Petitioner discovers his criminal history has been repopulated in MCRO court records system. Now shows records dating back to 2002

(Index #30, pp. 39-40, 121-126)

**4/3/2024:**

Petitioner submits his pro se 'Petition to Proceed as ProSe Counsel' into his case.

(Index #27)

**4/3/2024:**

Petitioner submits his pro se 'Motion for Judicial Notice' into his case.

(Index #28)

**4/3/2024:**

Petitioner emails Bruce Rivers advising him that he would like to dismiss him as his defense counsel and represent himself.

(Index #38, pp. 144-147)

**4/4/2024:**

Petitioner submits a 'Motion to Compel Discovery and Affidavit of Fact', addressing the State's failure to provide requested discovery materials and the submission of fraudulent discovery materials.

(Index #29, pp. 1-7)

**4/4/2024:**

Motion to Compel Discovery Exhibit Af:

Petitioner's Affidavit of Fact.

(Index #29, pp. 8-9)

**4/4/2024:**

Motion to Compel Discovery Exhibit A:

Email from Michael Biglow dated August 3rd, 2023.

(Index #29, p. 10)

**4/4/2024:**

Motion to Compel Discovery Exhibit B:

Email header data from the August 3rd, 2023 email by Michael Biglow.

(Index #29, pp. 11-12)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**4/4/2024:**

Motion to Compel Discovery Exhibit C:

First page of the fraudulent discovery PDF.

(Index #29, p. 13)

**4/4/2024:**

Motion to Compel Discovery Exhibit D:

Document properties and metadata from the disputed discovery PDF.

(Index #29, p. 14)

**4/4/2024:**

Motion to Compel Discovery Exhibit E:

Excerpts from Dr. Jill Rogstad's examination report and Michael Robertson's report, referencing "104 photographs" from the incident.

(Index #29, pp. 15-16)

**4/4/2024:**

Motion to Compel Discovery Exhibit F:

Overview of aspect ratios in photography from Wikipedia.

(Index #29, p. 17)

**4/4/2024:**

Motion to Compel Discovery Exhibit G:

Detailed table analyzing aspect ratios, sizes, and evidence of manipulation across the photographs.

(Index #29, pp. 18-23)

Exhibit F | Index 26 | p. 32

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**4/4/2024:**

Motion to Compel Discovery Exhibit H:

Selected images showcasing discrepancies in cropping, editing, and presentation.

(Index #29, pp. 24-26)

**4/4/2024:**

Motion to Compel Discovery Exhibit I:

Detailed comparative analysis of three images extracted directly from the PDF file.

(Index #29, p. 27)

**4/4/2024:**

Motion to Compel Discovery Exhibit J:

Comparison of duplicate images in the discovery materials altered to appear unique.

(Index #29, p. 28)

**4/4/2024:**

Motion to Compel Discovery Exhibit K:

Analysis using the principle of barrel distortion to substantiate claims of image manipulation.

(Index #29, p. 29)

**4/4/2024:**

Motion to Compel Discovery Exhibit L:

Technical basis for asserting fraudulent alteration of discovery photos and comparative analysis of personal photos taken by the Petitioner.

(Index #29, pp. 30-35)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**4/4/2024:**

Motion to Compel Discovery Exhibit M:

Email correspondence between the Petitioner and Dr. Adam Milz, detailing the fraudulent discovery materials and rebutting Dr. Jill Rogstad's report.

(Index #29, pp. 36-40)

**4/9/2024:**

Petitioner files a pro se Affidavit of Fact, providing extensive background information and insight into events related to his court case and patent fraud conspiracy.

(Index #30, pp. 1-2)

**4/12/2024:**

Judge Julia Dayton Klein submits order denying Petitioner's Petition to Proceed as ProSe Counsel.

(Index #33)

**4/18/2024:**

Petitioner texts Bruce Rivers advising him to withdraw as defense counsel, with Rivers replying, "Call me."

(Index #38, pp. 148)

**5/3/2024:**

Petitioner submits a follow-up correspondence on his 4 unacknowledged motions for discovery and medical records

(Index #36)

**5/3/2024:**

Petitioner submits a pro se Affidavit of Fact containing MCRO data analysis.

(Index #37)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**5/6/2024:**

Petitioner submits a pro se Affidavit of Fact into his case sharing a substantial amount of additional emails between himself and Bruce Rivers

(Index #38)

**5/6/2024:**

Petitioner submits a pro se Affidavit of Fact into his case sharing a chronological photo timeline detailing his extensive business and patent related endeavors both before and after January 21, 2023 when he was arrested

(Index #39)

**5/9/2024:**

Order evaluation for Competency to Proceed submitted into Petitioner's case

(Index #40)

**5/10/2024:**

Petitioner files his Petition for Discretionary Review with the Minnesota Court of Appeals

(Index #58)

**5/13/2024:**

Petitioner's filing is accepted by the Minnesota Court of Appeals and assigned case number A24-0780

(Index #51)

**5/25/2020 - 1/29/2024:**

Text message history with Bruce Rivers detailing long standing relationship, business advice, and legal discussions.

(Index #30, pp. 79-83)

Filed in District Court
State of Minnesota
5/28/2024 7:57 PM

**Call History with Bruce Rivers:**

Documented call logs between Bruce Rivers and the Petitioner.

(Index #30, pp. 84-85)

**12/14/2022 - 2/13/2024:**

Personal cell phone records aligning with key moments discussed in the affidavit.

(Index #30, pp. 127-135)

**Comprehensive Video Documentation Substantiates Fraud Allegations:**

Professional 45 minute documentary and multi-source video capture of evidence gathering is uploaded to www.Rumble.com/user/MattGuertin

(Index #30, pp. 41-43)

Exhibit F | Index 26 | p. 36

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

                 Respondent,

vs.

Matthew David Guertin,

                 Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S MOTION FOR JUDICIAL NOTICE: B**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## **INTRODUCTION**

Petitioner, Matthew David Guertin, respectfully moves this Court pursuant to Minn. R. Civ. App. P. 127 to take judicial notice of the attached Exhibit A. This motion is based on the grounds that Exhibit A provides a detailed, factual account of the petitioner's competency and mental state, challenging the findings of incompetency presented in the initial forensic evaluation report.

## **FACTUAL BASIS FOR MOTION**

1. **Exhibit A Content:**

    Exhibit A contains records, correspondence, and documented evidence provided by the petitioner during and after the Rule 20.01 evaluation conducted by Dr. Jill Rogstad on March 1, 2023. These documents include emails, patent information,

1

Exhibit F | Index 27 | p. 1

police reports, and other relevant materials that were either referenced or omitted in the forensic evaluation report.

2.  **Competency Evidence:**

    The documents in Exhibit A demonstrate the petitioner's understanding of the legal proceedings, active participation in his defense, and ability to consult rationally with counsel, as evidenced by his structured documentation and coherent communication with legal and professional contacts.

3.  **Judicial Notice Standard:**

    Under Minn. R. Civ. App. P. 127, the appellate court may take judicial notice of facts that are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The records in Exhibit A meet these criteria as they are part of the official court record and documented communications.

## <u>LEGAL ARGUMENT</u>

Taking judicial notice of Exhibit A is appropriate because it consists of official documents and communications that accurately reflect the petitioner's mental state and competency. These documents provide a factual basis that directly contradicts the conclusions of incompetency in the initial forensic evaluation report, thereby aiding the Court in making a well-informed decision regarding the petitioner's status.

Exhibit F | Index 27 | p. 2

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

## KEY FINDINGS AND CONTRADICTORY EVIDENCE

1.  **Understanding of Legal Proceedings:**

    The forensic evaluation report acknowledges that "Mr. Guertin expressed awareness of the nature of the current allegations" and was able to discuss "various pleas and the nature of legal proceedings in general". This demonstrates his understanding of the legal process, contradicting the claim of incompetency.

2.  **Participation in Defense:**

    The report itself notes that Mr. Guertin "identified a preferred defense strategy for his case" and "asked relevant questions about the outcomes of this defense strategy". Additionally, he provided extensive documentation, organized into sections, supporting his assertions and defense strategy.

3.  **Consultation with Counsel:**

    The petitioner has a history of rational communication with his defense counsel, Bruce Rivers, and has engaged in detailed email exchanges and consultations regarding his legal and technical matters. The ability to communicate complex ideas and coordinate a defense strategy with counsel further discredits the finding of incompetency.

4.  **Discrepancies in Evaluation Report:**

    The forensic evaluation report contains contradictions and omissions, such as the failure to acknowledge the significance of the Minnetonka Police Report (#23-

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

000151) provided by Mr. Guertin, which supports his claims of patent theft and corporate targeting. The report also admits a lack of expertise in technology, which undermines the evaluator's ability to assess the petitioner's technical claims and achievements accurately.

## **<u>REQUEST FOR RELIEF</u>**

For the foregoing reasons, Petitioner respectfully requests that this Court take judicial notice of Exhibit A, as it presents crucial, factual evidence that challenges the findings of incompetency and demonstrates the petitioner's ability to understand the proceedings, participate in his defense, and consult rationally with counsel.

Dated: <u>May 28, 2024</u>       By: <u>/s/ Matthew D Guertin</u>

                                Matthew David Guertin
                                Petitioner Pro Se
                                1075 Traditions Ct.
                                Chaska, MN  55318
                                Tel: (763) 221-4540
                                Email: MattGuertin@ProtonMail.com

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM



**FACT A1:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin espoused perceptual disturbances consistent with delusions (i.e., fixed beliefs that deviate markedly from objective reality and are held despite contradictory evidence). He spoke at length about his prowess with technology, including an invention he patented related to visual effects and photography technology."
  (Index #28, p. 121)

**FACT A2:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "His views in relation to these matters were also consistent with the phenomenology of delusions. In particular, he asserted that large corporations (**e.g., Netflix and Microsoft**) discovered this technology, realized the financial incentives at stake, and began to target the defendant for nefarious purposes."
  (Index #28, p. 121)

**FACT A3:**

**November 7, 2023 - US Patent 11,810,254 is published by the USPTO.**

- **Applicant: Netflix, Inc.**
- **Inventor: Stephan Trojansky**
- **Petitioner's name 'Guertin' and his patent number '11,577,177' are listed at the VERY top** of it as a direct result of the 3rd Party Prior Art submission he submitted to the USPTO on February 17, 2023 and is the only prior art citation included which is a granted patent, as opposed to the others (including Kanye West..) which are US patent applications that never became granted patents.
  (Index #28, p. 224)

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT A4:**

Petitioner maintains an analysis he produced using chatGPT in which he input his **InfiniSet, Inc. US Patent 11,577,177 and Netflix Inc. US Patent 11,810,254** which contains the following statements:

- "The Netflix patent appears to be a more technical and segmented description of essentially the same technology covered in the InfiniSet patent."
- "Both patents aim to achieve the same outcome - allowing free movement and realistic filming within a confined virtual set, utilizing a combination of physical and digital elements."
- "Given that the InfiniSet patent is acknowledged in the Netflix patent, it suggests that the Netflix patent may not meet the novelty requirement due to the prior existence of similar technology."
- "Given these points, it is arguable that the Netflix patent does not sufficiently differentiate itself from the InfiniSet patent in terms of innovation and application."
- "it's recommended to challenge the Netflix patent's validity based on these grounds."

(Index #30, pp. 94-95)

**FACT A5:**

Petitioner maintains proof of certified mail sent to executives at Netflix, among others. Included is scans of the certified USPS return receipts, USPS postage payment receipts showing a total of $205.80 spent, and USPS official tracking data from their website

(Index #28, pp. 134-158)

**FACT A6:**

**April 26, 2023 – Petitioner sent an email to Dr. Jill Rogstad**

(Bruce Rivers CC'd) which includes the statement:

- "Do you think the executives at Netflix thought these certified mailers which contained my patent were even real when they received them?"

This email has three attachments included:

- "Certified_Mailer_Images_3.pdf"
- "Netflix_3rd_Party_Filing_Form_ACCEPTED_BY_USPTO__.PDF'
- "Screencap_from_USPTO_EFS_Web__.pdf"

(Index #38, pp. 113-116)

**FACT A7:**

**September 20, 2023 - Petitioner receives an email reply from Senator Klobuchar**

after sending her an email message through the US Senate official contact system.

(Index #28, p. 191)

**FACT A8:**

**Petitioner's message to Senator Amy Klobuchar**

A very long, detailed, and rational email message was included as a share link in the Petitioner's email to Senator Klobuchar due to the US Senate email system limiting the size of messages. In this message he goes into great detail about his Minnesota upbringing, his local and international achievements, and his current struggles involving Netflix, and his US Patent 11,577,177.

This message contains the following two statements as part of it:

- "Long story short I am currently in fear for my life insofar as not wanting to go outside at all until I am at least able to secure my investment and get some additional shareholders assigned to my company so that I am not the main 'problem' standing between Netflix and the 500 million + dollars plus

they have invested so far into their endeavor - the one which is technically infringing on my patent - WHICH THEY KNOW THEY ARE."

- "I am reaching out to you in the hopes that you can 'shine some light' on all of this and help me in resolving this rather large problem. It should also be noted that the US Government helped with initial funding and holds an interest in Paul Debevecs Light Stage research and the resulting patents which may explain why there is an Army dot mil site hosting Paul Debevecs fraudulent 2006 papers for the purpose of helping to carry out and aid in this fraud. This may also explain why I have had government agencies like DARPA, Defense Intelligence Agency, US Army Reserves, US Air Force, INDOPACOM, etc all directly search for me on LinkedIn (which I have proof of) yet none of them have felt the need to message me and say hi at all."

(Index #28, p. 192-197)

**FACT A9:**

**October 3, 2023 - Petitioner receives a reply from Hanna Welch,**

who is a 'Constituent Advocate & Intern Coordinator' for Senator Klobuchar. In this email the Petitioner is sent a 'Privacy Act Release Form' that he is advised he must fill out before any action is taken on his behalf.

(Index #28, p. 198)

**FACT A10:**

**October 6, 2023 - Petitioner returns 'Privacy Act Release Form' to Hanna Welch.**

In the 'Military or Veteran's Issues' the Petitioner lists 'US Army' in the 'Branch of Service' and 'Fraud' in the 'Type of Claim Filed'

The Petitioner also includes the url:

- https://MattGuertin.substack.com/p/potential-military-and-ai-applications

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

which is an analysis of his patents vast applications in the field of military training simulations, which serves to directly support the immense value of the Petitioner's US Patent 11,577,177

(Index #28, pp. 199-203)

**FACT A11:**

**October 10, 2023 at 1:02pm - Petitioner receives an email reply from Hanna Welch**

Includes the statement:

- "I am sorry to hear of the difficult issues you are experiencing with numerous agencies."

    (Index #28, p. 204)

**FACT A12:**

**October 10, 2023 at 3:36pm - Petitioner replies to Hanna Welch**

Email contains the following statements within it:

- "So if we go off that alone the other agencies involved in all of this are DARPA, Army, State Department, Defense Intelligence Agency, INDOPACOM. Just the fact that Paul Debevec searched for me twice should be a huge red flag as he is the 'face' of the fraud as he has legitimate accomplishments and worked at Google, etc."
- "Here is the blatantly deceptive forensic psychologist I had to go see after being messed with so much and then stumbling across a video of completely fake people which I had never encountered before that I was literally frozen in fear and thought there may very well be people waiting to kill me outside my apartment if I left at all. They knew I was downloading all of the evidence because why would anyone else care? It was literally only me that they were trying to steal from. My life has literally never been the same since that email from the CEO."

- "Somehow I end up with a welder that is also in the CIA...or said he was...but even though he was cool I always got sketchy vibes for some reason...theres a whole lot more 'stuff' in regards to the welder but I will spare you. There is also Google taking my trademarked name 'InfiniSet' and then naming their dataset 'InfiniSet' for their new ai after the fact for the purpose I believe of flooding the internet so that I can't get any traction or hits as they literally have a massive amount of ai generated fake news stories constantly being posted where some of them will use the word 'InfiniSet' 8 times in one pointless article."

(Index #28, pp. 205-208)

## FACT B1:

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "His remarks and reasoning in these domains referenced unclear, irrational reasoning and implausible events. On this point, the defendant produced a large volume of documentation, which was reviewed for this examination, that he stated supported his conclusions."

(Index #28, p. 121)

## FACT B2:

**March 3, 2023 at 12:04 am – Petitioner sends his fourth, and final email**

containing additional supporting evidence to Dr. Jill Rogstad (Bruce Rivers CC'd) following their March 1, 2023 in person exam meeting. Included in this email are the following statements:

- "Included here is a copy of an email correspondence between me and my patent attorney discussing the fraud taking place (attached)"
- "The Police report that I filed with the Mntka PD 9 days before the incident at my apartment (attached)"

Exhibit F | Index 27 | p. 10

- "That is everything I will send you...meaning I am not going to keep sending any additional documents or files after the two emails following this one but I figured it wouldn't hurt to include a few more additional pieces of the puzzle which help substantiate the stuff discussed in our meeting. Thanks again! ~Matthew Guertin"

Attached to this email are the following files:

- 'Email_correspondence_with_IP_attorney_discussing_fraud.pdf'
- 'WaybackMachine_signup_email__12_09_2023__02_45.pdf'
- 'Mntka_PD_Police_Report__23-000151__1_12_2023__14_02.pdf'
  (Index #28, p. 126)

**FACT B3:**

**'Records Reviewed' as included in March 10, 2023 Rule 20.01 Exam Report -**

The following 'Records Reviewed' are the ones which contain corresponding references to the lower court case record:

- An incident report regarding incident number MP23000151, Minnetonka Police Department, dated January 12, 2023.
  (See Index #28, pp. 78-80, 126)
- "Mark Roberts Motion Control - Email Exchange - Exhibit 'MR0.' "
  (See Index #30, p. 96)
- "U.S. Patent #11,577,177- Exhibit 'PT1.' "
  (See Index #28, p. 89)
- "U.S. Patent Application #17/709,126 - Exhibit 'PA1.' "
  (See Index #28, p. 40)
- "Trojansky/Netflix - Exhibit 'NF1 .' "
  (See Index #28, pp. 44, 51, Index #38, pp. 63-65)
- "Eyeline Studios - Exhibit 'NF3.' "
  (See Index #28, pp. 42-43, Index #38, pp. 37-39)
- "Virtual Production - Exhibit 'VP1 .' "

(See Index #38, pp. 54-62)

- An electronic photograph of a spreadsheet labeled, "Matrix."
  (See Index #28, p. 115, Index #30, p. 64 Text 14)

- Two emails addressed to the defendant from "Internet Archive," dated December 9, 2022.
  (See Index #28, p. 126, Index #30, pp. 97-98)

- Annotated email exchanges between Mr. Guertin and his patent attorney, dated January 5, 2023 to January 6, 2023.
  (See Index #28, p. 126, Index #30, pp. 102-107)
  (Index #28, p. 117)

**FACT B4:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin presently exhibits pronounced delusional beliefs of a persecutory nature. He is prone to inferring nefarious intent from benign events, and his reasoning is marked by referential thinking. These symptoms are highly consistent with the presentation of a psychotic disorder."
  (Index #28, p. 124)

**FACT B5:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "The defendant's statements were commensurate with persecutory and referential (i.e., the belief that random events have personal significance) thinking."
  (Index #28, p. 121)

**FACT B6:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Data from the current evaluation supports the presence of delusional beliefs."
  (Index #28, p. 123)

**FACT B7:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Regarding this question of symptoms, however, the presence or absence of mood-related symptoms is comparatively more ancillary to the current referral question given the pronounced nature of Mr. Guertin's delusions at the present time." (Index #28, p. 123)

**FACT B8:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin's delusional beliefs are inextricably linked to his perceptions of his current legal situation, and they obstruct his ability to apply this factual legal knowledge to discussions of his own case in a rational manner devoid of delusional reasoning." (Index #28, p. 124)

**FACT C1:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "The court appreciates Mr. Guertin's testimony and his participation in the hearing; however, the court has serious concerns regarding Mr. Guertin's ability to meaningfully participate in criminal proceedings and understand the process, given his perseveration regarding his patent, and his delusional beliefs about others." (Index #19, p. 3)

Exhibit F | Index 27 | p. 13

**FACT C2:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Dr. Rogstad notes that Mr. Guertin '…displays prominent delusional beliefs that include persecutory and referential themes,' the content and intensity of which '…are highly consistent with phenomenology of the persecutory delusions that can accompany psychotic disorders.'"

  (Index #19, p. 3)


**FACT C3:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "As a result of his symptoms, Dr. Rogstad believes that Mr. Guertin is unable to participate in the legal process regarding his criminal matters. She credibly testified that while Mr. Guertin has good factual knowledge, he is unable to apply this knowledge due to delusional beliefs."

  (Index #19, p. 4)


**FACT C4:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "For example, when Mr. Guertin spoke about his delusional beliefs, he indicated he would present evidence supporting these beliefs."

  (Index #19, p. 4)


**FACT C5:**

**March 2, 2023 at 9:44 pm – Petitioner emails Dr. Jill Rogstad (Bruce Rivers CC'd)**

  (the day after the in-person meeting) which contains the following statements:

  - "Jill, Per our meeting the other day here is a copy of the language matrix I created using MAXQDA which I had mentioned during our discussion, but which is too high resolution to have printed out and include with the stack of supporting documents I provided you with."

- "This still has the original creation date of December 12th, 2022 which further supports the information I relayed to you about how I had caught on to the fraud taking place early on and had been investigating it for a while leading up to the incident that took place at my apartment resulting in the criminal charges I am currently facing. It was very nice to meet you and I appreciate you taking the time to listen. Thanks again, Matthew Guertin"

This email contains an attachment named:

- 'Matrix.png'
  (Index #28, p. 115)

**FACT C6:**

**Statements : January 12, 2023 Minnetonka Police Report #23-000151 -**

- "He has been downloading the website and has noticed a number of discrepancies between the current version and the old version of the website"
- "Guertin advised that he has many gigabytes of evidence to show the fraud"
  (Index #28, p. 80)

**FACT C7:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "In her report, Dr. Rogstad states, '…while he knows the nature of his charges, Mr. Guertin's delusional beliefs are inextricably linked to his perceptions of his current legal situation, and they obstruct his ability to apply this factual legal knowledge to discussions of his own case in a rational manner devoid of delusional reasoning.'"
  (Index #19, p. 4)

Exhibit F | Index 27 | p. 15

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT C8:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Specifically, Dr. Rogstad reports that his delusions impacted his perception of relevant evidence, that he supported the choices he made '…with impaired perceptions of objective reality,' and that ultimately, he was unable to participate in 'consistently coherent' and 'reality-based' discussions regarding the proceedings."
  (Index #19, p. 4)

**FACT C9:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Her testimony supports these conclusions when she states that Mr. Guertin did not understand evidence or the ramifications of making decisions because of the delusions that emerged as they were discussing legal proceedings."
  (Index #19, p. 4)

**FACT C10:**

**March 7, 2023  - Email reply from Dr. Jill Rogstad (Bruce Rivers CC'd)**

in which she is replying to the four emails containing additional evidence that Petitioner sent her following their meeting. The email simply states:

- "Thank you, Mr. Guertin. I wanted to confirm receipt of four emails with the attachments."
  (Index #28, p. 129)

**FACT C11:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Mr. Guertin appears to the court to be unable to separate matters involving his criminal charges from his delusional thoughts regarding his technology."
  (Index #19, p. 6)

Exhibit F | Index 27 | p. 16

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT D1:**

**The legal definition of 'incompetency' in Minnesota**

as it pertains to criminal proceedings:

A defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or Cognitive Impairment lacks ability to:

(a) rationally consult with counsel; or

(b) understand the proceedings or participate in the defense.

(Minn. R. Crim. P. 20.01 Subd. 2)

**FACT D2:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin expressed awareness of the nature of the current allegations. He recognized he is charged with 'reckless discharge of a firearm in a municipality' in relation to accusations that he was 'shooting a gun out [his] window in Minnetonka.' These descriptions coincided with information from charging documents. He was receptive to our education about his remaining charges, which he later stated accused him of 'possession of guns without serial number[s].'"

(Index #28, p. 123)

**FACT D3:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "He spoke cogently about various pleas and the nature of legal proceedings in general, he identified a preferred defense strategy for his case."

(Index #28, p. 124)

17

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT D4:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "The defendant asked relevant questions about the outcomes of this defense strategy."
  (Index #28, p. 124)

**FACT D5:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "He recognized he could not be compelled to testify, he spoke about this option as a way to 'have the opportunity to make all this stuff [about his perceived persecution] public in the courtroom.'"
  (Index #28, p. 124)

**FACT D6:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "He spoke at length about 'the stuff [he] collected' to support his persecutory beliefs, asserting further that the 'evidence will speak of [sic] itself' if considered by courtroom principals."
  (Index #28, p. 124)

**FACT D7:**

**Statements : January 12, 2023 Minnetonka Police Report #23-000151 -**

- "I advised Guertin to connect with a computer forensicator in order to parse the data into a readable format"
  (Index #28, p. 80)

Exhibit F | Index 27 | p. 18

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT D8:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Indeed, while he knows the nature of his charges."
  (Index #28, p. 124)

**FACT D9:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "He spoke of various decisions tasked to criminal defendants."
  (Index #28, p. 124)

**FACT D10:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Mr. Guertin testified that he understands his charges, noting that reckless discharge of a firearm in a municipality is a felony with a maximum of a two-year sentence."
  (Index #19, p. 2)

**FACT D11:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "He notes that he and his attorney have discussed possible defenses; that he understands the information relayed to him by his attorney; and that there is nothing impeding their relationship."
  (Index #19, p. 2)

**FACT D12:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Mr. Guertin and his attorney, Mr. Rivers, have had a professional relationship for many years."
  (Index #19, p. 2)

27-CR-23-1886

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT D13:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Mr. Guertin also admitted to having been through criminal proceedings in the past."

  (Index #19, p. 2)

**FACT D14:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "While he acknowledged that he may not understand all the technicalities of criminal proceedings, he indicates that he would ask his attorney if he had questions about the proceedings."

  (Index #19, p. 2)

**FACT D15:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Mr. Guertin appeared well-dressed, noting that he wore a tie to court 'to be presentable.' He presents as intelligent and passionate about his work with technology, including his patent."

  (Index #19, p. 2)

**FACT D16:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "He may understand the factual components of criminal proceedings, but it is evident to the court that he is unable to apply this factual knowledge in his defense."

  (Index #19, p. 5)

Exhibit F | Index 27 | p. 20

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT E1:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Regarding employment, the defendant disclosed he currently works as the chief executive officer (CEO) of a startup company. He reported past employment at 'one of the top visual effects companies' in the entertainment industry, adding that he lived in Los Angeles, California for about six years before moving back to Minnesota in 2020."

  (Index #28, p. 118)


**FACT E2:**

**Petitioner involved in the execution of many successful, high profile events**

and productions. Among these are:

- The 100th Anniversary of the LA Philharmonic Orchestra at the Hollywood Bowl w Katy Perry and a surprise appearance by John Williams who lead the Orchestra in a live performance of the 'Star Wars' theme
- Bad Bunny's 2019 mainstage performance at Coachella Music Festival in 2019
- The UNESCO World Heritage Site World Inauguration of Diriyah – Event took place in Saudi Arabia and was attended by the Saudi Royal Family, including King Salman bin Abdulaziz and Prince Mohammed bin Salman

  (Index #28, pp. 26-34)


**FACT E3:**

**Petitioner maintains 'MattGuertin.com' - a personal portfolio website**

sharing his many successful and high profile projects

(Index #28, p. 36)

**FACT E4:**

**February 13, 2022 - Petitioner acquired the web url 'InfiniSet.com'**

    (Index #28, pp. 37-38)


**FACT E5:**

**April 1, 2021 – Petitioner filed USPTO Trademark #90618638**

    for the name 'INFINISET'

    (Index #28, p. 41)


**FACT E6:**

**July 18, 2022 - Petitioner Incorporated his company 'InfiniSet, Inc.'**

    with the Delaware Secretary of State

    (Index #28, pp. 69-70)


**FACT E7:**

**November 13, 2022 - Petitioner registered his company 'InfiniSet, Inc.'**

    with the Minnesota Secretary of State

    (Index #28, p. 74)


**FACT E8:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "During the current evaluation, Mr. Guertin disclaimed any recent mental health symptoms when asked directly. However, both his statements during the interview session and information from collateral sources contradicted this account……………..On this point, these sources of data indicated he spoke of a technological invention he patented that was worth a great deal of money (i.e., $250,000,000)."

    (Index #28, p. 119)

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT E9:**

**March 19, 2021 - Petitioner filed his provisional patent application**

> (Index #28, p. 39)

**FACT E10:**

**March 31, 2021 - Stephan Trojansky filed his provisional patent application**

> (Index #28, p. 40)

**FACT E11:**

**June 30, 2021 - Stephan Trojansky's company 'Eyeline Studios'**

> with Nevada as its home, is registered with the California Secretary of State as a
> foreign corporation
> (Index #28, p. 42)

**FACT E12:**

**April 19, 2022 – Netflix, Inc. release its Q1 2022 Shareholders letter**

> with page 5 stating:
> - "During the quarter, we completed two acquisitions (leading visual effects
>   company Scanline and gaming
>   studio Boss Fight Entertainment), which had a -$125 million impact on
>   cash."
> (Index #28, p. 51)

**FACT E13:**

**November 22, 2021 – Netflix puts out an official press release**

> announcing the acquisition of Scanline VFX and Eyeline Studios, which are both
> owned by Stephan Trojansky. This press release includes the statement:
> - "Netflix will invest in Scanline's pipeline, infrastructure and workforce and
>   continue to support the pioneering work that Scanline's Eyeline Studios is

doing in virtual production to push the boundaries of what is visibly possible."

(Index #28, p. 44)

**FACT E14:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Notably, he spoke in a self-aggrandizing manner throughout the session, emphasizing his perceived achievements, abilities, and skills on numerous occasions. Indeed, as an illustrative example, Mr. Guertin repeatedly highlighted perceptions of his high intellect (e.g., "I'm smart.[...] I'm very good at telling stories, and [I am] very smart"). His remarks often impressed as grandiose in nature. For instance, he spoke of being "an engineer," describing a recent technological invention in glowing terms and characterizing it as somewhat revolutionary."

(Index #28, p. 120-121)

**FACT E15:**

**February 13, 2023 - Petitioner's first email to Dr. Jill Rogstad (Bruce Rivers CC'd)**

in which he introduces himself and provides a very detailed, coherent, and rational overview of his professional background, which includes a link to his portfolio website 'MattGuertin.com' at the very beginning. He additionally provides detailed information concerning his patent that will be officially issued on February 14, 2023 (the following day after the email was sent) along with mentions of Stephan Trojansky, Netflix, and how he believes they may be connected to the broader situation he has now found himself which all revolves around his now granted US Patent 11.577,177. Towards the end of this email Petitioner makes a direct reference to his "engineering" abilities as it actually pertains to the design, engineering, and fabrication of the prototype he built for his

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

patented technology, and also mentions various awards he has received following his move back to Minnesota from Los Angeles in 2020 due to Covid.

(Index #28, pp. 105-108)


**FACT E16:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin espoused perceptual disturbances consistent with delusions (i.e., fixed beliefs that deviate markedly from objective reality and are held despite contradictory evidence). He spoke at length about his prowess with technology, including an invention he patented related to visual effects and photography technology."

  (Index #28, p. 121)


**FACT E17:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "He spoke at length about his prowess with technology, including an invention he patented related to visual effects and photography technology. While some elements of his assertions referenced real technological subjects (e.g., neural radiance fields), the defendant's views in relation to these matters were also consistent with the phenomenology of delusions.

  (Index #28, p. 121)


**FACT E18:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "On this point, the defendant produced a large volume of documentation, which was reviewed for this examination, that he stated supported his conclusions. However, the links between some of these data and his inferences were not clear. Rather, they showed that his patent had the potential to be lucrative if it was as innovative as others he used as examples."

  (Index #28, p. 121)

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT E19:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin's current presentation is consistent with diagnosis of a psychotic disorder, a condition characterized by grossly disrupted perceptions of external reality. In particular, he displays prominent delusional beliefs that include persecutory and referential themes, as he is convinced he has been targeted by large corporations who intend to (a) steal a patented technology that could revolutionize the industry and (b) harm him."

  (Index #28, p. 122)

**FACT E20:**

**March 27, 2021 - Petitioner sends a text to his friend Bruce Rivers**

- "What I have invented is going to be disruptive. It's going to change the whole film industry."
- "Everyone who understands it is blown away."
- "This is the biggest opportunity for real money I'll probably ever have in my life and I don't want to fuck it up"

  (Index #30, p. 79 Texts 04-06)

**FACT E21:**

**April 26, 2023 – Petitioner emails Dr. Jill Rogstad (Bruce Rivers CC'd)**

a conversation directly attesting to the 'revolutionary' nature of Petitioner's now granted US Patent 11,577,177:

- "extremely impressive and practical product. it should REVOLUTIONIZE THE INDUSTRY."
- "Images are linked here - also attached"

  (Index #38, p. 115)

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT E22:**

**Exhibit from Petitioner's May 6, 2024 Affidavit of Fact**

which has text at the top that reads:

- "Three of the images attached to the April 26, 2023 email that defendant sent to Dr. Jill Rogstad, which provides irrefutable evidence discrediting key points made in her March 10, 2023 Rule 20.01 Exam Report about the defendant."

Contains three screen captured images from Petitioner's phone:

- Image 1 - From Facebook Messenger, is dated March 19, 2022, and contains a person responding to Petitioner with the statement ""extremely impressive and practical product. it should revolutionize the industry."
- Image 2 – Contains images sent by the Petitioner on Facebook Messenger that show an extensive amount of custom metal parts, along with 3D modeling images the perfectly coincide with the some of the parts.
- Image 3 – Is a screenshot which contains a list of official 'Xite Labs Credits:' where Petitioner is credited with "Falcon Design, Fabrication Direction and Engineering"

(Index #38, p. 118)

**FACT E23:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "On this point, the limits of my expertise in relation to technology matters must be acknowledged, as I lack the specialized training in this field to analyze the defendant's reported invention, patent, or any existing technology it resembles . I tried to consult without success with Mr. Guertin's patent attorney to verify any realistic factors underpinning his assertions. Nevertheless, even if the technological aspects of the defendant's statements prove true (i.e., that he has a viable technology that was introduced by others after he received his patent), his views remain consistent with delusions."

(Index #28, p. 122)

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT F1:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin selected a series of email exchanges between a CEO of a related technology company and himself as particularly emblematic of the alleged fraud and conspiracy he discussed. The CEO in question expressed interest in the defendant's patented technology but linked another, similar 'system that's been around for years,' further inquiring how Mr. Guertin's patent was 'unique compared to' this existing technology."

  (Index #28, p. 121)

**FACT F2:**

**October 31, 2022 – Email reply from the CEO of Mark Roberts Motion Control**

to Petitioner which contains the following statements:

- "Firstly, you have a very interesting and unique set of skills that compliments motion control very well."
- "Just out of interest in the scene of Chicago, how long was the processing time for it to turn the stills into a 3D map and what type of processing power did you need?"
- "With regards to your invention, I am very interested in it as a product. I know of lots of occasions when such a device has been specifically created for a movie or commercial filming or for fashion photography. In fact here is a system that's been around for years:

  https://www.photorobot.com/robots/catwalk
- I am just curious what makes your system unique compared to the ones I am familiar with?"

  (Index #30, p. 96)

**FACT F3:**

**Statements : January 12, 2023 Minnetonka Police Report #23-000151 -**

- "He has filed for and acquired a patent for his invention, 'Motorized Rotatable Treadmill and System for Creating the Illusion of Movement.' "
- "The machine is used for filming cinema."
- "He pitched the patent to Mark Roberts Motion Control (mrmoco.com)."
- "The CEO, Mark Roberts, advised that the technology already existed and is used by Photo Robot (photorobot.com)."
- "While reviewing the website over a number of days he realized the website was changing to reflect his patent."
- "The website is being updated in real-time with information from his design."
- "He has proof of the fraud."
- "Photo Robot is effectively stealing his patent by making it look like they have already had the technology."
  (Index #28, pp. 79-80)

**FACT G1:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "For instance, when I asked him to expand on examples of "coincidences" to which he had previously referred, he spoke of "see[ing] patterns" because he is "very analytical" and repeating his ability to infer "patterns" before launching into a long, meandering narrative during which he referenced a (a) person with whom he spoke at the Central Intelligence Agency (CIA), (b) "special ops gear" related to his "inventions" and a related description, (c) "weird things" that suggested he might be returning to the point of my question. However, he instead referenced contacts he had with individuals from various agencies (e.g., the CIA, Federal Bureau of Investigations, and Minnetonka Police Department). I attempted to clarify these statements, but Mr. Guertin's circuitous thinking and speech rendered his logic difficult to follow."
  (Index #28, p. 122)

**FACT G2:**

**Statements : January 12, 2023 Minnetonka Police Report #23-000151 -**

- "He originally called the FBI who advised he needed to file a report with his local police agency."
- ""I advised Guertin to provide the FBI with the case number and the parsed data when he files the report with them."

(Index #28, p. 80)

**FACT G3:**

**January 13, 2023 – Petitioner emails Bruce Rivers seeking help with alleged fraud**

(prior to retaining him as defense counsel) involving PhotoRobot he has uncovered. This  email includes the following statements:

- "This is happening in real-time right now. It is nuts. They are just editing the internet archive pages like it's the website for their family business."
- "It discredits the entire archive. Any cases which involved the archive get reexamined."
- "And I attached one of the data analysis spreadsheets I created - there are more in the download file."
- "Do you know any federal investigators or anyone that would be interested in investigating this? I am trying to figure out what to do"

(Index #38, pp. 76-77)

**FACT G4:**

**Screen captured images of the 'data analysis spreadsheet'**

included as an attachment to Petitioner's January 13, 2023 email to Bruce Rivers. The spreadsheet images display organized rows of data in which specific patterns are being identified based on file names and archive dates.

(Index #38, pp. 78-84)

**FACT G5:**

**April 26, 2023 – Petitioner emails Dr. Jill Rogstad (Bruce Rivers CC'd)**

and provides multiple website url's to respected online publications, with included article excerpts in which he is officially credited as an "engineer" for high profile projects. At the end of the email is the following statement:

- "PS - I also attached proof of the "special ops gear" which I spoke of in our meeting - here is a link for that as well - Apparently it is manufactured by this company in Israel that manufactures .....wait for it...........SPECIAL OPS GEAR  ! whowouldvethought !?"

Included among the attachments to the email are two files named:

- 'ODF_Optronics.jpg' and 'ODF_Company.jpg'
  (Index #38, pp. 113-117)

**FACT G6:**

**January 14, 2023 -  Text messages with 'former CIA Welder'**

purported to be taking place between Petitioner and his 'former CIA welder' in which Petitioner is asking for help concerning the alleged patent fraud he has just discovered, and is investigating -

- "Here - if you have a trusted contact at FBI or wherever that will look into this and considers it a serious matter just send them this as the introduction"
- "I have all supporting documents/ files as well along with a massive cache of additional data"
- "it involves someone at the internet archive conspiring with the ceo of a company in the UK named Assaff Rawner (who believe is the mastermind behind the whole thing as that is who I emailed and was trying to get help from for the robotic cameras his company makes) along with the photorobot company which is located in the Czech Republic."
  (Index #30, pp. 64-65, Texts 17-18, 13-14)

27-CR-23-1886

Filed in District Court
State of Minnesota
5/28/2024 8:09 PM

**FACT G7:**

**Pictures Petitioner took in January of 2022**

> while his prototype was being welded which support the assertions of his welder's self proclaimed 'former CIA' and military affiliations
>
> (Index #30, p. 61)

**FACT H1:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "discovery materials showed prescription bottles purportedly at the defendant's apartment, and one listed Adderall in the defendant's name. On this point, when asked directly, Mr. Guertin specified that he takes this medication as prescribed. However, he immediately contradicted himself by underlining occasions on which he has taken additional dosages throughout the day"

> (Index #28, pp. 118-119)

**FACT H2:**

**Statement : July 13, 2023 finding of incompetency court order -**

- "Mr. Guertin testified that he takes additional dosages of his Adderall medication on long days because the medication is "fast-acting." He gave one example as working overnight at Coachella to finish an art piece for the next day."

> (Index #19, p. 4)

**FACT H3:**

**Petitioner's personal portfolio website 'MattGuertin.com'**

> Images showcasing his designing, engineering, and fabrication of Bad Bunny's mainstage set piece for the Coachella Music Festival in 2019. Among the images is a photograph of the center, rotating eye element of the set piece completely disassembled. It can be ascertained that this photo was taken outside due to the grass, fencing, and palm trees present in the background.
>
> (Index #28, p. 29)

**FACT H4:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "For instance, the defendant endorsed some recent drug use, including marijuana and misuse of his Adderall prescription."

  (Index #28, p. 123)

**FACT H5:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "On the other hand, Mr. Guertin's reported difficulties with attentional and behavioral regulation during youth (i.e., the reported diagnosis of ADHD) and misuse of his prescribed psychostimulant medications confound diagnostic precision in this area."

  (Index #28, p. 123)

**FACT H6:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Psychotic symptoms typically remit with the prolonged administration of an appropriate psychiatric medication regimen. Given the unknown contributions of his psychostimulant medication misuse to his current presentation, his compliance with this medication as prescribed would be critical to improving his functioning."

  (Index #28, p. 124)

**FACT J1:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Nonetheless, these issues were easily surmounted with requests that he repeat the relevant information, which the defendant obliged."

  (Index #28, p. 120)

**FACT J2:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "Mr. Guertin was alert. His eye contact was adequate. He remained seated without apparent difficulty during the session, and he did not appear restless or exhibit any abnormal movements. Furthermore, he adhered to the boundaries set and enforced while conducting the interview"

  (Index #28, p. 120)

**FACT J3:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "The defendant appeared to be in good spirits. When asked, he disclaimed any suicidal or violent thinking, intent, or plan, and he was not judged to be at imminent risk of harm to himself or others at the time of the interview."

  (Index #28, p. 120)

**FACT J4:**

**Statement : March 10, 2023 Rule 20.01 Exam Report -**

- "it is reasonable to conclude his mental health could stabilize and his competency-related abilities improve if a proper treatment regimen was implemented. Given his limited insight into the nature of his symptoms, Mr.Guertin would be an appropriate candidate for referral for civil commitment as a person who poses a risk of harm due to a mental illness. Commitment as a person who is mentally ill and dangerous to the public could also be considered given the nature of the specific allegations included with the current referral."

  (Index #28, pp. 124-125)

Filed in District Court
State of Minnesota
5/28/2024 8:28 PM

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

                Respondent,

vs.

Matthew David Guertin,

                Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S MOTION FOR JUDICIAL NOTICE: C**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## <u>INTRODUCTION</u>

Petitioner, Matthew David Guertin, respectfully moves this Court pursuant to Minn. R. Civ. App. P. 127 to take judicial notice of the attached facts, which are not subject to reasonable dispute and can be verified through publicly accessible and reliable sources. This motion is based on the grounds that these facts provide essential context and support for the case, specifically relating to the core issues involving the petitioner's patent and the related legal proceedings. Additionally, the thorough and precise filing of this motion by the petitioner demonstrates his clear competency in legal undertakings, further challenging any claims of incompetency.

1

## FACTUAL BASIS FOR MOTION

**EXHIBIT A:**

- <u>Scan of USPS Money Order for $336.00 payable to 'Director of the United States Patent and Trademark Office - Application 18/108,858':</u> An official USPS money order (No. 29206838711) verifying payment for patent-related services. This can be confirmed by USPS records.

- Scan of USPS Priority Mail Express Mail Shipping Label EI915725601US: Priority Mail Express Shipping Label with tracking (EI915725601US), which matches online tracking data. This can be confirmed by USPS records.

**EXHIBIT B:**

- <u>Scans of PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) & COVER PAGE - dated May 4, 2024:</u> PDF scans of the petitioner's request for an additional two-month extension of time submitted to the USPTO for Petitioner's patent continuation application 18/108,858. The submission and receipt can be confirmed by USPTO records.

**EXHIBIT C:**

- <u>USPS Tracking Data:</u> PDF prints of official USPS tracking data confirming the delivery of the extension request. This data is verifiable through the USPS tracking system (Tracking No. EI915725601US).

Exhibit F | Index 28 | p. 2

Filed in District Court
State of Minnesota
5/28/2024 8:28 PM

**EXHIBIT D:**

- <u>Photographs of Priority Express Envelope and Documents:</u> Camera photographs of the Priority Express envelope used for mailing the extension request, including the request itself and the USPS payment receipt. These photographs are supplementary to the facts verified by USPS records and are not themselves subject to judicial notice.

**EXHIBIT E:**

- <u>Scan of USPS Payment Receipt:</u> Scan of the USPS payment receipt for the Priority Express Mailing Costs. This receipt can be corroborated by USPS records.

- <u>Scan of USPS Money Order Receipt:</u> Scan of the USPS payment receipt for the money order. This receipt can be corroborated by USPS records.

## **LEGAL ARGUMENT**

Taking judicial notice of the facts presented in Exhibit A through Exhibit E is appropriate because they consist of verifiable records from reliable sources such as the USPS and USPTO. Judicial notice of these facts will aid the Court in understanding the context and verifying the procedural actions taken by the Petitioner, thereby facilitating a more informed and thorough appellate review. The petitioner's ability to compile and present these facts clearly indicates his competency in legal matters, which is pertinent to the current proceedings.

Exhibit F | Index 28 | p. 3

Filed in District Court
State of Minnesota
5/28/2024 8:28 PM

## **REQUEST FOR RELIEF**

For the foregoing reasons, Petitioner respectfully requests that this Court take judicial notice of the facts presented in Exhibit A through Exhibit E, while acknowledging that the supplementary photographs included in Exhibit D are meant only to illustrate these facts and are not themselves subject to judicial notice.

Dated: <u>May 28, 2024</u>                    By:  <u>/s/ Matthew D Guertin</u>
                                                          Matthew David Guertin
                                                          Petitioner Pro Se
                                                          1075 Traditions Ct.
                                                          Chaska, MN  55318
                                                          Tel: (763) 221-4540
                                                          Email: MattGuertin@ProtonMail.com



EXHIBIT

A



**UNITED STATES POSTAL SERVICE®**

**CUSTOMER'S RECEIPT**

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

**NOT NEGOTIABLE**

KEEP THIS RECEIPT FOR YOUR RECORDS

Pay to: USPTO - Extension Request Fee
Address: Application # 18/108,858
Infiniset Inc.

Serial Number: 29206838711

Year, Month, Day: 2024-05-04   Post Office: 5531B0   Amount: $336.00   Clerk: 15

**UNITED STATES POSTAL SERVICE®**

**POSTAL MONEY ORDER**

Serial Number: 29206838711

Year, Month, Day: 2024-05-04   Office: 5531B0

U.S. Dollars and Cents: **$336.00**

Three Hundred Thirty Six Dollars and 00/100 *****

Pay to: Director of the United States Patent and Trademark Office   Clerk: 15
Address: Extension Request Fee
Application # 18/108,858
Memo

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆000000800⑆   29206838711⑈

**UNITED STATES POSTAL SERVICE®**   **PRIORITY MAIL EXPRESS®**

EI 915 725 601 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( 763 ) 221-4540

Matthew D. Guertin
InfiniSet, Inc
4385 Trenton Ln N #202
Plymouth, MN 55442

**DELIVERY OPTIONS** (Customer Use Only)

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA
ZIP + 4® (U.S. ADDRESSES ONLY) 2 2 3 1 3 - 1 4 5 0

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

← **PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No.   Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

PO ZIP Code   Scheduled Delivery Date (MM/DD/YY)   Postage $

Date Accepted (MM/DD/YY)   Scheduled Delivery Time ☐ 6:00 PM   Insurance Fee   COD Fee $

Time Accepted ☐ AM ☐ PM   Return Receipt Fee   Live Animal Transportation Fee

Special Handling/Fragile $   Sunday/Holiday Premium Fee   Total Postage & Fees $

Weight ☐ Flat Rate   Acceptance Employee Initials
lbs.   ozs.

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature

Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

EI 915 725 601 US

Filed in District Court
State of Minnesota
5/28/2024 8:28 PM



EXHIBIT
B

PTO/AIA/22 (11-23)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) | Docket Number (Optional) |
|---|---|

| Application Number | Filed |
|---|---|
| 18/108,858 | Feb. 13, 2023 |

For
MOTORIZED ROTATABLE TREADMILL AND SYSTEM FOR

| Art Unit | Examiner |
|---|---|
| 3711 | KIEN T NGUYEN |

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above-identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

|  |  | Fee | Small Entity Fee | Micro Entity Fee |  |
|---|---|---|---|---|---|
| ☐ | One month (37 CFR 1.17(a)(1)) | $220 | $88 | $44 | $ _____ |
| ☐ | Two months (37 CFR 1.17(a)(2)) | $640 | $256 | $128 | $ previously paid |
| ☐ | Three months (37 CFR 1.17(a)(3)) | $1,480 | $592 | $296 | $ _____ |
| ☑ | Four months (37 CFR 1.17(a)(4)) | $2,320 | $928 | $464 | $ 336 |
| ☐ | Five months (37 CFR 1.17(a)(5)) | $3,160 | $1,264 | $632 | $ _____ |

☐ Applicant asserts small entity status. See 37 CFR 1.27.

☑ Applicant certifies micro entity status. See 37 CFR 1.29.
  Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☑ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.

☐ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to

Deposit Account Number _____

☐ Payment made via USPTO patent electronic filing system.

**WARNING:** Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

I am the

☑ applicant.

☐ attorney or agent of record. Registration number _____

☐ attorney or agent acting under 37 CFR 1.34. Registration number _____

| Signature | Date |
|---|---|
| _CEO Inliniset Inc_ | May 4th 2024 |
| Typed or printed name | Telephone Number |
| Matthew D. Gwertin, CEO - InliniSet, Inc. | 763-221-4540 |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

| ☑ * Total of 1 forms are submitted. |
|---|

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 6 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Exhibit F | Index 28 | p. 6

Filed in District Court
State of Minnesota
5/28/2024 8:28 PM



EXHIBIT
B

**Matthew D Guertin**
CEO – InfiniSet, Inc.
5832 Lincoln Dr Suite 222
Edina, MN  55436
MattGuertin@protonmail.com
763-221-4540
05/04/2024

Mail Stop AF
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

**Subject: Request for Extension of Time to Respond to Non-Final Office Action**

Dear Commissioner for Patents,

I, Matthew Guertin, CEO of InfiniSet, Inc., hereby request an extension of time to respond to the Non-Final Office Action for the following application:

- **Application Number:** 18/108,858
- **Confirmation Number:** 6872
- **Title of Invention:** MOTORIZED ROTATABLE TREADMILL AND SYSTEM FOR CREATING THE ILLUSION OF MOVEMENT
- **NFOA Mailing Date:** 12/05/2023

As the assignee and micro entity, we find it necessary to request additional time to adequately address the issue raised in the office action. Accordingly, we are requesting an additional two month extension under 37 CFR 1.136(a), which equates to a total of four months total, due to the two month extension previously filed by us.

**Micro Entity Status Declaration:** We affirm that InfiniSet, Inc., qualifies for micro entity status under 37 CFR 1.29, and all criteria for this status continue to be met.

**Fee Enclosed:** In accordance with the micro entity status, the fee for the requested extension is enclosed in the form of a money order in the amount of $336.00 which brings the total to the four month fee of $464.00 when factoring in the previous $128.00.

Please find attached:

- Form PTO/AIA/22 for the extension request, duly filled.

Filed in District Court
State of Minnesota
5/28/2024 8:28 PM



- A money order in the amount of $336.00 made out to 'Director of the United
  States Patent and Trademark Office' for the required 'Extension Request Fees'

We appreciate your consideration of our request and look forward to your favorable reply.
Should you require any additional information, please do not hesitate to contact me at
763-221-4540 or MattGuertin@protonmail.com   Email communication is currently the
most efficeint and reliable communciation method to reach me.

Sincerely,

Matthew D Guertin
CEO, InfiniSet, Inc.

8











Exhibit F | Index 28 | p. 10





EXHIBIT
E

CHASKA
300 N PINE ST
CHASKA, MN 55318-1941
(800)275-8777

05/04/2024                    12:47 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

PM Express 2-Day        1              $30.45
Flat Rate Env
  Alexandria, VA 22313
  Flat Rate
  Signature Waiver
  Scheduled Delivery Date
    Mon 05/06/2024 06:00 PM
  Money Back Guarantee
  Tracking #:
    EI915725601US
  Insurance                            $0.00
    Up to $100.00 included
Total                                 $30.45

Grand Total:                          $30.45

Credit Card Remit                     $30.45
  Card Name: VISA
  Account #: XXXXXXXXXXXX2099
  Approval #: 009436
  Transaction #: 174
  AID: A0000000980840
  AL: US DEBIT                Chip
  PIN: Not Required

Save this receipt as evidence of
insurance. For information on filing an
insurance claim go to
https://www.usps.com/help/claims.htm
or call 1-800-222-1811

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 261650-0318
Receipt #: 840-55530294-2-5540866-2
Clerk: 15



CHASKA
300 N PINE ST
CHASKA, MN 55318-1941
(800)275-8777

05/04/2024                    11:56 AM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

Money Order                          $336.00
  Serial#: 29206838711
  Money Order Fee                      $2.10
Total                                $338.10

Grand Total:                         $338.10

Cash                                 $340.00
Change                                -$1.90

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 261650-0318
Receipt #: 840-55530294-2-5540567-1
Clerk: 15

Filed in District Court
State of Minnesota
5/28/2024 10:52 PM

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

          Respondent,

vs.

Matthew David Guertin,

          Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S MOTION FOR JUDICIAL NOTICE: D**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## INTRODUCTION

Petitioner requests that this Court take judicial notice of the fact that they have recognized him as a pro se litigant.

## FACT FOR JUDICIAL NOTICE

This Court's online records list Petitioner as 'Pro Se' under the 'Attorney(s)' column, indicating his recognition as a pro se litigant.

## SUPPORTING INFORMATION

Petitioner has successfully filed motions and petitions, engaged in procedural requirements, and elicited responses from state attorneys and appellate court judges, which have been accepted by this Court, demonstrating his procedural competence.

Exhibit F | Index 29 | p. 1

## <u>LEGAL BASIS FOR JUDICIAL NOTICE</u>

1.      Minn. R. Civ. App. P. 127

2.      Minn. R. Evid. 201

## <u>CONCLUSION</u>

Petitioner respectfully requests that this Court take judicial notice of their recognition of his pro se status and acknowledge the inconsistency with the lower court's finding of incompetence.


Dated: <u>May 28, 2024</u>                    By:  /s/ Matthew D Guertin
                                                     Matthew David Guertin
                                                     Petitioner Pro Se
                                                     1075 Traditions Ct.
                                                     Chaska, MN  55318
                                                     Tel: (763) 221-4540
                                                     Email: MattGuertin@ProtonMail.com

2

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

               Respondent,

vs.

Matthew David Guertin,

               Petitioner.

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S MOTION FOR LEAVE TO FILE LATE RESPONSE TO RESPONDENT'S OBJECTION**

TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA

## INTRODUCTION

Petitioner, Matthew David Guertin, proceeding pro se, respectfully moves this Court for leave to file a late response to the State's objection to Petitioner's discretionary review petition. The State's objection was filed on May 17, 2024, and the Petitioner acknowledges the typical three-day response period prescribed by Rule 105.02 of the Minnesota Rules of Civil Appellate Procedure.

## REASONS FOR LATE FILING

**Pro Se Status and Complexity of the Case:**

Petitioner is proceeding without legal representation in a complex and demanding case. The intricacies involved necessitated thorough research and preparation to ensure a

Exhibit F | Index 30 | p. 1

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

comprehensive and substantiated response. As a pro se litigant, Petitioner does not have the resources or support available to a represented party, significantly impacting the ability to meet tight deadlines.

**Strategic Decision for Thorough Response:**

Upon receiving the State's objection, Petitioner made a calculated decision to prioritize the quality and thoroughness of the response over strict adherence to the three-day deadline. Given the last-minute nature of the original petition filing, Petitioner aimed to avoid submitting a similarly rushed and potentially inadequate response. This strategic choice was intended to provide the Court with a well-researched and cogent argument, ensuring a fair and just review process.

**Organizing Comprehensive Case Facts:**

The preparation involved organizing extensive case facts, as detailed in Petitioner's Motions for Judicial Notice submitted on May 28, 2024. This included the review and incorporation of numerous legal arguments and factual details essential to adequately addressing the State's objections.

**Ensuring Compliance with Financial Obligations:**

Petitioner also needed time to secure the necessary funds for the filing fee, successfully resolved on May 29, 2024. This action addressed the final remaining deficiency in the Petition for Discretionary Review and was critical to moving forward with the case.

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

## **LEGAL BASIS FOR GRANTING LEAVE**

Rule 126.02 of the Minnesota Rules of Civil Appellate Procedure provides this Court the authority to extend filing deadlines in the interest of justice. Given the unique challenges faced by the Petitioner as a pro se litigant and the importance of ensuring a just and thorough review, Petitioner submits that there is good cause for the late filing of this response.

## **CONCLUSION**

For the reasons stated above, Petitioner respectfully requests that this Court grant leave to file a late response to the State's objection. This request is made in the interest of justice, ensuring that Petitioner's arguments are fully and properly presented to facilitate a fair adjudication of the issues at hand.

## **EXHIBITS**

**Exhibit A:** Completed Response to State's Objection

**Exhibit B:** Certificate of Document Length.

Dated: <u>May 30, 2024</u>                    By:  <u>/s/ Matthew D Guertin</u>
                                            Matthew David Guertin
                                            Petitioner Pro Se
                                            1075 Traditions Ct.
                                            Chaska, MN  55318
                                            Tel: (763) 221-4540
                                            Email: MattGuertin@ProtonMail.com

Exhibit F | Index 30 | p. 3

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

EXHIBIT
**A**

State of Minnesota,                                    District Court Case: 27-C...

      Respondent,                              Court Order Date: April 12, 2024

vs.

Matthew David Guertin,                          **PETITIONER'S RESPONSE TO**
                                                                    **RESPONDENT'S OBJECTION**
      Petitioner.                                 **OF DISCRETIONARY REVIEW**

---

## INTRODUCTION

In reviewing the State's response, one cannot help but notice a striking resemblance to their previous handling of discovery materials. Just as the authentic discovery photos they maintained custody of somehow ended up cropped, edited, and duplicated for the purpose of crafting a misleading narrative about the Petitioner (Index#29), they now appear to be employing similar techniques in their arguments. Instead of manipulating images, however, they are now selectively editing and cropping out all of the key issues raised by the Petitioner to present the portrayal of a routine petition for discretionary review even though it is anything but.

In *Droher v. State*, 303 Minn. 188, 191-92(1975), the Minnesota Supreme Court concluded that "the determination of competency is a fundamental aspect of ensuring a fair trial," wherein the determination must be based upon "a fair preponderance of the evidence" *State v. Ganpat*, 732 N.W.2d 232,238(Minn.2007). When the State fails to

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

consider "a fair preponderance of the evidence" in determining competency, it contravenes the precedent set forth in *Droher* and *Ganpat* and negates the constitutional guarantees of a fair trial and due process under the Sixth and Fourteenth Amendments.

The State isn't just "failing to consider" evidence in the Petitioner's case – it's producing fraudulent versions of its own for the explicit purpose of trying to ensure that the Petitioner is disappeared into a mental institution based on his supposed 'incompetence' and "Unspecified Schizophrenia Spectrum and Other Psychotic Disorder" (Index#28,p.122) as reported in the blatantly deceptive and egregious exam report (Index#28,p.116-125) *supposedly* produced by Dr. Jill Rogstad (Index#28,p.100-101,262-263), where almost every single aspect of the Petitioner's life (Index#28,p.192-197), achievements (Index#28,p.26-36), and SUBSTANTIAL business-related endeavors (Index#84,p.5-7,A(1-6),p.21-24,E(1-14)) involving his granted US Patent-11,577,177 and Netflix, both before and after receiving his criminal charges on January 21, 2023, which the Petitioner asserts is the reason for his criminal charges ever originating in the first place and the reason for everything that is currently taking place in his case, weren't just completely omitted (Index#28,p.105-108,115,126-129,Index#84,p.11-12,(B3)), but in many instances, were instead actually used as evidence to support the diagnosis itself, as has been unequivocally proven in the Petitioner's Motion for Judicial Notice: B submitted to this Court on May 28, 2024 (Index#84).

Exhibit F | Index 30 | p. 5

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

## 'DISAPPEARED' INTO A MENTAL INSTITUTION...

Petitioner does not make the claim of being 'disappeared' into a mental institution being the ultimate goal of what is currently taking place in the lower court, without a preponderance of additional evidence to support it:

- The fraudulent discovery photos were provided to the psychologist who conducted Petitioner's exam following his 'Petition for Civil Commitment' (Index#29,p.15) that resulted from the egregious March 10, 2023 Rule 20.01 report. One which concludes with a direct contradiction to the Petitioner's reported presentation at the in-person March 1, 2023 meeting. (Index#84,p.33-34,J(1-4))

- Following the Petitioner's second Rule 20.01 exam meeting that took place on January 3, 2024 over Zoom with Dr. Adam Milz, a court order was submitted on January 17, 2024 which contains the following statements:

    (*emphasis is Petitioner*)

    ○ "Prior to the hearing, <u>the parties agreed to a finding of incompetency</u> entered administratively" (Index#25,p.1) even though Petitioner's defense counsel told him the night before that there was **"No court"** (Index#30,p.35,83(Text-27),p. 135), meaning there was no implied consent as Petitioner never 'agreed' to anything at all.

    ○ "the Defendant may be committed **directly** <u>to an appropriate safe and secure facility</u>" (Index#25,p.3,Id.9)

6

- ○ "<u>The head of the treatment facility</u> shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, **<u>or at least every six months.</u>**" (Index#25,p.3,Id.10)

- A concise overview of the entire timeline surrounding this court order, the surprise civil commitment hearing, the Petitioner's pro se motions for continuance and production of medical records, the court-appointed attorney being provided with an incorrect phone number, and the Petitioner's last-minute signing of a Waiver extending his 'Stayed order of civil commitment' by nine months to avoid appearing in-person at a hearing the following day, which resulted from an agreement he never made, being entered into the record at a court hearing he was told didn't exist, with the direct threat of detainment relying heavily on the contents of a Rule 20.01 exam report he still has never been provided with, can be found here – (Index#83,p.28-30,Index#30,p.35-38,Index#28,p.247-253).

- The Petitioner submitted a pro se follow-up correspondence (Index#36), succinctly summarizing the many unprecedented and extremely concerning actions of the lower court in just three short pages.

### <u>FRAUD ON THE COURT BY THE COURT ITSELF</u>

The State and the lower court refuse to address this topic because it is the 'linchpin' that proves fraud by the lower court and is grounds to have Petitioner's case dismissed. Petitioner has presented this using established and irrefutable forensic methods, proving beyond any reasonable doubt that part of the manipulation is explicitly focused on hiding

his significant undertakings related to the fabrication of his prototype for his patented technology and concealing full photographs of the invention from the altered police photos (Index#29). Petitioner's presentation makes a compelling case that this fraud was likely carried out in collusion with stakeholders of the Netflix patent. Addressing this issue would not only prove the fraud of the lower court but also unravel the larger patent issue at the core of the Petitioner's case. They have no argument or rebuttal, so they pretend it simply doesn't exist.

*State v. Campbell*, 756 N.W.2d 263, 270(Minn.App.2008), and *State v. Burrell*, 772 N.W.2d 459, 466(Minn.2009), further underscore that fraudulent actions by the court are grounds for dismissal, highlighting the unprecedented nature of what the Petitioner brings before this court. Ironically, there is even case law that mirrors this situation and confirms the Petitioner's competence, as seen in *State v. Foss*, A09-2152,p.4(Minn.App. Oct.19,2010).

If the Petitioner is truly incompetent as the State claims, then shouldn't his evidence also be incompetent, just as the exam report and court order that form the entirety of their non-existent 'preponderance' of evidence suggest?

• "For example, when Mr. Guertin spoke about his delusional beliefs, he indicated he would present evidence supporting these beliefs."

• "Specifically, Dr. Rogstad reports that his delusions impacted his perception of relevant evidence"

8

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

- "Her testimony supports these conclusions when she states that Mr. Guertin did not understand evidence"

  (Index#19,p.4)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner and Bruce Rivers have had a longstanding relationship (Index#30,p.79-80(Texts(1-12)),Index#38,p.2(A),p.33,40,p.10(Al,Am,B),p.74-76), underscoring the out-of-character behavior displayed by Rivers in this case. Petitioner retained Rivers due to his proven abilities and skills as a defense attorney, highlighting the trust and confidence Petitioner initially had in him.

Despite being competent enough to hire Rivers, Petitioner is now allegedly not competent enough to fire him. Rivers has failed to deliver critical discovery materials and the January 3, 2024, examination report, despite multiple requests from Petitioner (Index#30,p.37-38,83(Text(29)),85(Calls(05)),135,Index#38,p.143). This constitutes a significant breach of his duties, as recognized in *State v. Munt*, which highlights that exceptional circumstances affecting counsel's ability to represent must be addressed (*State v. Munt*, 831 N.W.2d 569, 578-79 (Minn. 2013)).

Rivers also misled Petitioner by advising against presenting key evidence at the July 7, 2023, court hearing (Index#30,p.24). This directly prevented the court from considering important information, falling below an objective standard of reasonableness, and potentially altering the outcome of the proceedings as outlined in *State v. Jones*, 392 N.W.2d 224, 236(Minn.1986).

Exhibit F | Index 30 | p. 9

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

Additionally, the significant exculpatory evidence Rivers possessed, including photographs and documents proving Petitioner's claims, was not presented in court, further demonstrating ineffective assistance (Index#30,p.60,Index#38,p.99-100,102-103,113-116,118-119). This failure is in direct violation of the standards set forth in *Gates v. State*, which states that a defendant must show that counsel's errors had an adverse effect and that but for these errors, the result of the proceeding would have been different (*Gates v. State*, 398 N.W.2d 558, 562 (Minn.1987)).

Petitioner sent an email to Rivers on June 16, 2023, expressing concerns about a conflict of interest due to Rivers' YouTube channel and previous comments about "powerful people" influencing the case (Index#30,p.23-24,73-76). This highlights a potential conflict of interest, which could impair Rivers' ability to represent his client effectively, as noted in *State v. Plantin*, 682 N.W.2d 653, 663(Minn.App.2004)).

Rivers' promise to represent Petitioner in civil commitment hearings (Index#30,p.24-25,81-82(Text(17-22)) was also unfulfilled, (Index#30,p.25,77-78,82-83(Text(23-26)). Bruce Rivers should be taking steps such as filing a motion to redetermine competency, addressing judicial decisions procured by fraud under Minnesota statute 548.14, and actively defending his client. The lack of these actions demonstrate a current, and ongoing failure to provide effective counsel, leaving Petitioner without any legal support, which is why he's taken on the role himself.

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

## <u>WHY IMMEDIATE REVIEW IS NECESSARY</u>

**1.  Questionable Rulings or Unsettled Areas of Law:**

The lower court's rulings in this case are questionable, to say the least, particularly regarding the manipulation of evidence and the fraudulent actions that concealed Petitioner's significant undertakings related to his patented technology. This involves unsettled areas of law where the court must establish legal clarity and consistency (*Lunzer v. State*, 874 N.W.2d 819, 823(Minn.Ct.App.2016); *State v. Johnson*, 463 N.W.2d 527, 532(Minn.1990)).

**2.  Impact on Parties' Ability to Proceed:**

The lower court's actions have significantly impeded Petitioner's ability to proceed by preventing him from ever having a fair trial and stripping him of due process through the determination of incompetency (*State v. Smith*, 656 N.W.2d 420, 424(Minn.Ct.App. 2003)).

**3.  Importance of the Legal Issue:**

The issues presented in this case are of statewide importance, particularly concerning the integrity of the judicial process and the protection of constitutional rights against fraudulent actions by lower courts. Ensuring uniform application of the law in these matters is crucial (*State v. Henderson*, 706 N.W.2d 758, 760(Minn.2005)).

Exhibit F | Index 30 | p. 11

**4.  Potential to Evade Review:**

If not addressed immediately, the legal issues in this case may evade review altogether. The fraudulent actions and concealment of evidence are likely to remain unchallenged if deferred, preventing judicial scrutiny and perpetuating injustice (*State v. Pendleton*, 427 N.W.2d 272, 273(Minn.App.1998)).

**5.  Special Circumstances:**

This case involves complex constitutional issues and significant public interest, particularly due to the involvement of powerful external influences and the concealment of Petitioner's work related to his patented technology and its connection to the Netflix patent stakeholders. These circumstances necessitate discretionary review to address the broader implications of the legal issues involved (*Gordon v. Microsoft Corp*., 645 N.W.2d 393(Minn.2002)).

**6.  In the Interest of Justice:**

The fraudulent actions by the lower court, if left unaddressed, undermine the integrity of the judicial process, violate Petitioner's constitutional rights, and cause significant injustice to the Petitioner himself. There is a very real possibility that Petitioner may be unjustly committed to a mental institution solely to 'get him out of the way' due to his discovery of significant patent fraud, the substantial financial incentives involved, and the problems he is causing for powerful individuals and entities. Ensuring that these actions are thoroughly examined and rectified is essential to maintain public trust in the legal

Exhibit F | Index 30 | p. 12

Filed in District Court
State of Minnesota
5/30/2024 11:33 AM

system (*Doe ex rel. Doe v. Columbia Heights Sch. Dist.*, 842 N.W.2d 38 (Minn.App. 2014)).

## **CONCLUSION**

The unprecedented nature of Petitioner's case, marked by blatant fraud and manipulation by the lower court, necessitates immediate appellate review. The concealment of evidence, failure to provide critical discovery, and broader implications for Petitioner's patented technology and its stakeholders are of significant public interest and legal importance. The lower court's actions have impeded Petitioner's case and raised fundamental questions about judicial integrity.

Petitioner's case meets multiple standards for discretionary review. The questionable rulings, impact on Petitioner's litigation, importance of the legal issues, potential for these issues to evade review, and the special circumstances surrounding the case all underscore the necessity for this court to exercise its discretionary review powers.

Given the substantial evidence and compelling legal arguments, Petitioner respectfully requests that this Court grant the petition for discretionary review, ensuring justice is served and the integrity of the judicial process is upheld. If left unchallenged, the lower court's actions will perpetuate a grave injustice and undermine the rule of law. Immediate appellate review is imperative in this matter.

Exhibit F | Index 30 | p. 13

A24-0780
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

EXHIBIT
**B**

State of Minnesota,                           District Court Case: 27-C

          Respondent,              Court Order Date: April 12, 2024

vs.

                   **PETITIONER'S CERTIFICATE**
Matthew David Guertin,        **OF DOCUMENT LENGTH**

          Petitioner.

---

**CERTIFICATE OF DOCUMENT LENGTH**

---

The undersigned hereby certifies that this Petitioner's Response to Respondent's Objection of Discretionary Review conforms to the requirements of the applicable rules, is produced with 13-point type and proportional font, and the length of this document is 2,000 words excluding the caption and signature block. This Petitioner's Response to Respondent's Objection of Discretionary Review was prepared using LibreOffice Writer for Linux.

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

FILED

EXHIBIT

**A**

May 30, 2024

OFFICE
APPELLATE COURTS

State of Minnesota,

        Respondent,

vs.

Matthew David Guertin,

        Petitioner.

District Court Case: 27-C

Court Order Date: April 12, 2024

**PETITIONER'S RESPONSE TO**
**RESPONDENT'S OBJECTION**
**OF DISCRETIONARY REVIEW**

---

## INTRODUCTION

In reviewing the State's response, one cannot help but notice a striking resemblance to their previous handling of discovery materials. Just as the authentic discovery photos they maintained custody of somehow ended up cropped, edited, and duplicated for the purpose of crafting a misleading narrative about the Petitioner (Index#29), they now appear to be employing similar techniques in their arguments. Instead of manipulating images, however, they are now selectively editing and cropping out all of the key issues raised by the Petitioner to present the portrayal of a routine petition for discretionary review even though it is anything but.

In *Droher v. State*, 303 Minn. 188, 191-92(1975), the Minnesota Supreme Court concluded that "the determination of competency is a fundamental aspect of ensuring a fair trial," wherein the determination must be based upon "a fair preponderance of the evidence" *State v. Ganpat*, 732 N.W.2d 232,238(Minn.2007). When the State fails to

4

consider "a fair preponderance of the evidence" in determining competency, it contravenes the precedent set forth in *Droher* and *Ganpat* and negates the constitutional guarantees of a fair trial and due process under the Sixth and Fourteenth Amendments.

The State isn't just "failing to consider" evidence in the Petitioner's case – it's producing fraudulent versions of its own for the explicit purpose of trying to ensure that the Petitioner is disappeared into a mental institution based on his supposed 'incompetence' and "Unspecified Schizophrenia Spectrum and Other Psychotic Disorder" (Index#28,p.122) as reported in the blatantly deceptive and egregious exam report (Index#28,p.116-125) *supposedly* produced by Dr. Jill Rogstad (Index#28,p.100-101,262-263), where almost every single aspect of the Petitioner's life (Index#28,p.192-197), achievements (Index#28,p.26-36), and SUBSTANTIAL business-related endeavors (Index#84,p.5-7,A(1-6),p.21-24,E(1-14)) involving his granted US Patent-11,577,177 and Netflix, both before and after receiving his criminal charges on January 21, 2023, which the Petitioner asserts is the reason for his criminal charges ever originating in the first place and the reason for everything that is currently taking place in his case, weren't just completely omitted (Index#28,p.105-108,115,126-129,Index#84,p.11-12,(B3)), but in many instances, were instead actually used as evidence to support the diagnosis itself, as has been unequivocally proven in the Petitioner's Motion for Judicial Notice: B submitted to this Court on May 28, 2024 (Index#84).

## <u>'DISAPPEARED' INTO A MENTAL INSTITUTION...</u>

Petitioner does not make the claim of being 'disappeared' into a mental institution being the ultimate goal of what is currently taking place in the lower court, without a preponderance of additional evidence to support it:

• The fraudulent discovery photos were provided to the psychologist who conducted Petitioner's exam following his 'Petition for Civil Commitment' (Index#29,p.15) that resulted from the egregious March 10, 2023 Rule 20.01 report. One which concludes with a direct contradiction to the Petitioner's reported presentation at the in-person March 1, 2023 meeting. (Index#84,p.33-34,J(1-4))

• Following the Petitioner's second Rule 20.01 exam meeting that took place on January 3, 2024 over Zoom with Dr. Adam Milz, a court order was submitted on January 17, 2024 which contains the following statements:

  (*emphasis is Petitioner*)

  ○ "Prior to the hearing, <u>the parties agreed to a finding of incompetency</u> entered administratively" (Index#25,p.1) even though Petitioner's defense counsel told him the night before that there was **"No court"** (Index#30,p.35,83(Text-27),p. 135), meaning there was no implied consent as Petitioner never 'agreed' to anything at all.

  ○ "the Defendant may be committed **<u>directly</u>** <u>to an appropriate safe and secure facility</u>" (Index#25,p.3,Id.9)

- ○ "<u>The head of the treatment facility</u> shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, **or at least every six months.**" (Index#25,p.3,Id.10)

- A concise overview of the entire timeline surrounding this court order, the surprise civil commitment hearing, the Petitioner's pro se motions for continuance and production of medical records, the court-appointed attorney being provided with an incorrect phone number, and the Petitioner's last-minute signing of a Waiver extending his 'Stayed order of civil commitment' by nine months to avoid appearing in-person at a hearing the following day, which resulted from an agreement he never made, being entered into the record at a court hearing he was told didn't exist, with the direct threat of detainment relying heavily on the contents of a Rule 20.01 exam report he still has never been provided with, can be found here – (Index#83,p.28-30,Index#30,p.35-38,Index#28,p.247-253).

- The Petitioner submitted a pro se follow-up correspondence (Index#36), succinctly summarizing the many unprecedented and extremely concerning actions of the lower court in just three short pages.

## <u>FRAUD ON THE COURT BY THE COURT ITSELF</u>

The State and the lower court refuse to address this topic because it is the 'linchpin' that proves fraud by the lower court and is grounds to have Petitioner's case dismissed. Petitioner has presented this using established and irrefutable forensic methods, proving beyond any reasonable doubt that part of the manipulation is explicitly focused on hiding

his significant undertakings related to the fabrication of his prototype for his patented technology and concealing full photographs of the invention from the altered police photos (Index#29). Petitioner's presentation makes a compelling case that this fraud was likely carried out in collusion with stakeholders of the Netflix patent. Addressing this issue would not only prove the fraud of the lower court but also unravel the larger patent issue at the core of the Petitioner's case. They have no argument or rebuttal, so they pretend it simply doesn't exist.

*State v. Campbell*, 756 N.W.2d 263, 270(Minn.App.2008), and *State v. Burrell*, 772 N.W.2d 459, 466(Minn.2009), further underscore that fraudulent actions by the court are grounds for dismissal, highlighting the unprecedented nature of what the Petitioner brings before this court. Ironically, there is even case law that mirrors this situation and confirms the Petitioner's competence, as seen in *State v. Foss*, A09-2152,p.4(Minn.App. Oct.19,2010).

If the Petitioner is truly incompetent as the State claims, then shouldn't his evidence also be incompetent, just as the exam report and court order that form the entirety of their non-existent 'preponderance' of evidence suggest?

- "For example, when Mr. Guertin spoke about his delusional beliefs, he indicated he would present evidence supporting these beliefs."

- "Specifically, Dr. Rogstad reports that his delusions impacted his perception of relevant evidence"

- "Her testimony supports these conclusions when she states that Mr. Guertin did not understand evidence"

(Index#19,p.4)

## <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Petitioner and Bruce Rivers have had a longstanding relationship (Index#30,p.79-80(Texts(1-12)),Index#38,p.2(A),p.33,40,p.10(Al,Am,B),p.74-76), underscoring the out-of-character behavior displayed by Rivers in this case. Petitioner retained Rivers due to his proven abilities and skills as a defense attorney, highlighting the trust and confidence Petitioner initially had in him.

Despite being competent enough to hire Rivers, Petitioner is now allegedly not competent enough to fire him. Rivers has failed to deliver critical discovery materials and the January 3, 2024, examination report, despite multiple requests from Petitioner (Index#30,p.37-38,83(Text(29)),85(Calls(05)),135,Index#38,p.143). This constitutes a significant breach of his duties, as recognized in *State v. Munt*, which highlights that exceptional circumstances affecting counsel's ability to represent must be addressed (*State v. Munt*, 831 N.W.2d 569, 578-79 (Minn. 2013)).

Rivers also misled Petitioner by advising against presenting key evidence at the July 7, 2023, court hearing (Index#30,p.24). This directly prevented the court from considering important information, falling below an objective standard of reasonableness, and potentially altering the outcome of the proceedings as outlined in *State v. Jones*, 392 N.W.2d 224, 236(Minn.1986).

9

Additionally, the significant exculpatory evidence Rivers possessed, including photographs and documents proving Petitioner's claims, was not presented in court, further demonstrating ineffective assistance (Index#30,p.60,Index#38,p.99-100,102-103,113-116,118-119). This failure is in direct violation of the standards set forth in *Gates v. State*, which states that a defendant must show that counsel's errors had an adverse effect and that but for these errors, the result of the proceeding would have been different (*Gates v. State*, 398 N.W.2d 558, 562 (Minn.1987)).

Petitioner sent an email to Rivers on June 16, 2023, expressing concerns about a conflict of interest due to Rivers' YouTube channel and previous comments about "powerful people" influencing the case (Index#30,p.23-24,73-76). This highlights a potential conflict of interest, which could impair Rivers' ability to represent his client effectively, as noted in *State v. Plantin*, 682 N.W.2d 653, 663(Minn.App.2004)).

Rivers' promise to represent Petitioner in civil commitment hearings (Index#30,p.24-25,81-82(Text(17-22)) was also unfulfilled, (Index#30,p.25,77-78,82-83(Text(23-26)). Bruce Rivers should be taking steps such as filing a motion to redetermine competency, addressing judicial decisions procured by fraud under Minnesota statute 548.14, and actively defending his client. The lack of these actions demonstrate a current, and ongoing failure to provide effective counsel, leaving Petitioner without any legal support, which is why he's taken on the role himself.

## **WHY IMMEDIATE REVIEW IS NECESSARY**

**1.  Questionable Rulings or Unsettled Areas of Law:**

The lower court's rulings in this case are questionable, to say the least, particularly regarding the manipulation of evidence and the fraudulent actions that concealed Petitioner's significant undertakings related to his patented technology. This involves unsettled areas of law where the court must establish legal clarity and consistency (*Lunzer v. State*, 874 N.W.2d 819, 823(Minn.Ct.App.2016); *State v. Johnson*, 463 N.W.2d 527, 532(Minn.1990)).

**2.  Impact on Parties' Ability to Proceed:**

The lower court's actions have significantly impeded Petitioner's ability to proceed by preventing him from ever having a fair trial and stripping him of due process through the determination of incompetency (*State v. Smith*, 656 N.W.2d 420, 424(Minn.Ct.App. 2003)).

**3.  Importance of the Legal Issue:**

The issues presented in this case are of statewide importance, particularly concerning the integrity of the judicial process and the protection of constitutional rights against fraudulent actions by lower courts. Ensuring uniform application of the law in these matters is crucial (*State v. Henderson*, 706 N.W.2d 758, 760(Minn.2005)).

Exhibit F | Index 31 | p. 8

**4.  Potential to Evade Review:**

If not addressed immediately, the legal issues in this case may evade review altogether. The fraudulent actions and concealment of evidence are likely to remain unchallenged if deferred, preventing judicial scrutiny and perpetuating injustice (*State v. Pendleton*, 427 N.W.2d 272, 273(Minn.App.1998)).

**5.  Special Circumstances:**

This case involves complex constitutional issues and significant public interest, particularly due to the involvement of powerful external influences and the concealment of Petitioner's work related to his patented technology and its connection to the Netflix patent stakeholders. These circumstances necessitate discretionary review to address the broader implications of the legal issues involved (*Gordon v. Microsoft Corp*., 645 N.W.2d 393(Minn.2002)).

**6.  In the Interest of Justice:**

The fraudulent actions by the lower court, if left unaddressed, undermine the integrity of the judicial process, violate Petitioner's constitutional rights, and cause significant injustice to the Petitioner himself. There is a very real possibility that Petitioner may be unjustly committed to a mental institution solely to 'get him out of the way' due to his discovery of significant patent fraud, the substantial financial incentives involved, and the problems he is causing for powerful individuals and entities. Ensuring that these actions are thoroughly examined and rectified is essential to maintain public trust in the legal

Exhibit F | Index 31 | p. 9

system (*Doe ex rel. Doe v. Columbia Heights Sch. Dist.*, 842 N.W.2d 38 (Minn.App. 2014)).

## **CONCLUSION**

The unprecedented nature of Petitioner's case, marked by blatant fraud and manipulation by the lower court, necessitates immediate appellate review. The concealment of evidence, failure to provide critical discovery, and broader implications for Petitioner's patented technology and its stakeholders are of significant public interest and legal importance. The lower court's actions have impeded Petitioner's case and raised fundamental questions about judicial integrity.

Petitioner's case meets multiple standards for discretionary review. The questionable rulings, impact on Petitioner's litigation, importance of the legal issues, potential for these issues to evade review, and the special circumstances surrounding the case all underscore the necessity for this court to exercise its discretionary review powers.

Given the substantial evidence and compelling legal arguments, Petitioner respectfully requests that this Court grant the petition for discretionary review, ensuring justice is served and the integrity of the judicial process is upheld. If left unchallenged, the lower court's actions will perpetuate a grave injustice and undermine the rule of law. Immediate appellate review is imperative in this matter.



May 30, 2024

OFFICE OF
APPELLATE COURTS

**A24-0780**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

State of Minnesota,

                  **Respondent,**

vs.

Matthew David Guertin,

                  **Petitioner.**

District Court Case: 27-CR-23-1886

Court Order Date: April 12, 2024

**PETITIONER'S AFFIDAVIT**
**OF SERVICE**

---

**AFFIDAVIT OF SERVICE**

---

Matthew D. Guertin, County of Carver, in the State of Minnesota, being duly sworn says that on May 30, 2024, he served a copy of the Petitioner's:

1. <u>MOTION FOR LEAVE TO FILE LATE RESPONSE TO RESPONDENT'S</u>
   <u>OBJECTION</u>

on the following parties, using the E-MACS electronic filings and service system:

CLERK OF THE APPELLATE COURTS
MINNESOTA JUDICIAL CENTER
25 DR. MARTIN LUTHER KING JR. BLVD
ST. PAUL, MN 55155-6102

MINNESOTA ATTORNEY GENERAL
KEITH ELLISON
445 MINNESOTA STREET, SUITE 900
ST. PAUL, MN 55101-2127

ASSISTANT COUNTY ATTORNEY
THOMAS JAMES PROCHAZKA
C-2000 GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487

ASSISTANT COUNTY ATTORNEY
ADAM E. PETRAS
C-2000 GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487

Exhibit F | Index 32 | p. 1

Matthew D. Guertin, County of Carver, in the State of Minnesota, being duly sworn says that on May 30, 2024, he served a copy of the Petitioner's:

1. MOTION FOR LEAVE TO FILE LATE RESPONSE TO RESPONDENT'S OBJECTION

on the following parties, by mailing one (1) copy of each document listed above, enclosed in a standard, Letter width envelope, postage prepaid, and by depositing the same in the United States mail, directed to the following at their address, as it is currently docuemented and included within the E-MACS, Service Information > Service Contacts section of Petitioner's case:

THOMAS STUART ARNESON
ASSISTANT COUNTY ATTORNEY
A-2000 GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487

HENNEPIN COUNTY DISTRICT COURT
CRIMINAL DIVISION
C-1153 GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487

Matthew D. Guertin, County of Carver, in the State of Minnesota, being duly sworn says that on May 30, 2024, he served a copy of the Petitioner's:

1. MOTION FOR LEAVE TO FILE LATE RESPONSE TO RESPONDENT'S OBJECTION

on the following parties, using the Hennepin County District Court's Odyssey electronic filings and service system, and selecting the 'E-File & Serve' option:

JACQUELINE PEREZ
ASSISTANT COUNTY ATTORNEY
525 PORTLAND AVE S STE 1200
MINNEAPOLIS, MN 55415

I DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING I HAVE STATED IN THIS DOCUMENT IS TRUE AND CORRECT. Minn. Stat. § 358.116.


Dated: May 30, 2024                    By: /s/ Matthew D Guertin
                                           Matthew David Guertin
                                           Petitioner Pro Se
                                           1075 Traditions Ct.
                                           Chaska, MN  55318
                                           Tel: (763) 221-4540
                                           Email: MattGuertin@ProtonMail.com

3

A24-0780

**STATE OF MINNESOTA**

**IN COURT OF APPEALS**

Fourth Judicial District Court Case Number:27-CR-23-1886
Type: Criminal

State of Minnesota,
     Respondent,

vs.

David Matthew Guertin,
     Defendant/Petitioner

## Order Denying Fee Waiver Request (In Forma Pauperis)

This matter came before the Court on May 30, 2024 on Petitioner's Motion for Waiver of Fees Pursuant to Rule 103.01, subd. 3(c).

The Court notes that the order from which Defendant/Petitioner seeks relief is an Order Denying Defendant's Motion to Represent Self Pro Se in Fourth Judicial District Criminal Court File No. 27-CR-23-1886.  The Order is not from a proceeding under Minnesota Statutes Chapter 253B or 253D. Therefore, Minnesota Rule of Appellate Procedure 103.01, subd. 3(c) does not apply.

Defendant/Petitioner has not provided information regarding any public assistance he might be receiving, his income, or his expenses.

Based on the affidavit of the applicant, Matthew David Guertin, and the authority of Minn. Stat. § 563.01, the Court FINDS:

    ☒ The applicant has not given the Court enough information to determine if the applicant is eligible for a full or partial fee waiver.  The applicant needs to give the Court more information about the applicant's:

      ☒ public assistance    ☐ attorney    ☒ income    ☒ expenses

**IT IS ORDERED THAT:** The applicant's request to waive court fees and costs is **DENIED**.

BY THE COURT:

_____

Julia Dayton Klein
Judge of District Court



**STATE OF MINNESOTA**

**IN COURT OF APPEALS**

FILED

May 31, 2024

OFFICE OF
APPELLATE COURTS

State of Minnesota,

        Respondent,

vs.

Matthew David Guertin,

        Petitioner.

**O R D E R**

#A24-0780

**BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND BECAUSE:**

1.      On May 10, 2024, petitioner filed a petition for discretionary review of the Hennepin County District Court's April 12, 2024 order denying his motion for self-representation.  The state submitted a response to the petition on May 17, 2024.

2.      Also on May 17, 2024, this court issued an order directing petitioner to pay the $550 filing fee associated with the petition or to file an application in district court to proceed in forma pauperis (IFP) in this court by May 31, 2024.

3.      On May 28, 2024, petitioner filed a motion in this court for a waiver of the filing fee pursuant to Minn. R. Civ. App. P. 103.01, subd. 3(c).  On this same date, petitioner also filed four separate motions requesting that this court take judicial notice of various facts pursuant to Minn. R. Evid. 201.

4.      On May 29, 2024, petitioner paid the $550 filing fee associated with his petition.

5.      On May 30, 2024, petitioner filed a motion for late acceptance of a reply to the state's response to his petition for discretionary review.

6.      Minn. R. Civ. App. P. 103.01, subd. 3(c), provides that a filing fee is not required if "the appellant is a party to a proceeding pursuant to Minnesota Statutes, chapter 253B or 253D."  Chapters 253B and 253D of the Minnesota Statutes pertain to civil-commitment proceedings.  Because the nature of the present action is a petition for discretionary review pursuant to rule Minn R. Crim. P. 28.02, subd. 3, of an order issued in a criminal proceeding, the exemption from the filing-fee requirement provided by Minn. R. Civ. App. P. 103.01, subd. 3(c), does not apply.

7.      Because petitioner has now paid the $550 filing fee associated with his petition, this deficiency is deemed satisfied.

8.      Minn. R. Evid. 201 governs judicial notice exclusively in civil cases.  As the committee comment to the rule notes, "The status of the law governing the use of judicial notice in criminal cases is unsettled and not appropriate for codification," and "courts should rely on applicable case law to determine the appropriate use of judicial notice in criminal cases."  Minn. R. Evid. 201 1989 comm. cmt.  Accordingly, a decision on petitioner's motions for judicial notice will be deferred to the panel of this court assigned to address the merits of the petition.

9.      Minn. R. Civ. App. P. 105.02 provides that a petitioner for discretionary review may submit a reply within three days after service of any response to the petition. Petitioner's reply was therefore due to be filed and served on or before May 22, 2024. Because petitioner is self-represented in this matter, and accepting a late reply will not

2

delay the processing of the petitioner, there is good cause to grant petitioner's motion to accept his submitted reply for filing.

**IT IS HEREBY ORDERED:**

1.    Petitioner's motion for a waiver of the required filing fee pursuant to Minn. R. Civ. App. P. 103.01, subd. 3(c), is denied.

2.    Petitioner's motions for judicial notice are deferred to the panel of this court that will dispose of the petition on its merits.

3.    Petitioner's motion to file a late reply to the state's response is granted, and the submitted reply memorandum is ordered filed.

**Dated:** May 31, 2024

**BY THE COURT**

Susan L. Segal
Chief Judge



**STATE OF MINNESOTA**

**IN COURT OF APPEALS**

FILED

July 2, 2024

OFFICE OF
APPELLATE COURTS

State of Minnesota,

              Respondent,

vs.

Matthew David Guertin,

              Petitioner.

**SPECIAL
TERM
ORDER[1]**

**A24-0780**

Considered and decided by Worke, Presiding Judge; Bjorkman, Judge; and Larson, Judge.

**BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND FOR THE FOLLOWING REASONS:**

Petitioner Matthew David Guertin was charged in Hennepin County District Court on January 24, 2023, with one count of reckless discharge of a firearm and three counts of possession of a firearm without a serial number.  Following his first appearance on January 25, 2023, the district court issued an order for a competency evaluation pursuant to Minn. R. Crim. P. 20.01.  The district court issued an order on July 13, 2023, finding petitioner incompetent to proceed.  On November 15, 2023, the district court issued a second order for a competency evaluation and again found petitioner incompetent on January 17, 2024.

---

[1] Pursuant to Minn. R. Civ. App. P. 136.01, subd. 1(c), this order is nonprecedential, except as law of the case, res judicata, or collateral estoppel.

On April 3, 2024, petitioner—who had been represented by counsel since February 2023—filed a motion in district court to discharge his counsel and proceed pro se. The district court issued an order denying this motion on April 12, 2024, concluding that petitioner was not permitted to waive his right to counsel due to the court's having found him incompetent.

Petitioner filed a petition for discretionary review of this decision in this court on May 10, 2024. The state filed a response to the petition, asserting that the district court's order denying self-representation was based upon established precedent and that petitioner had failed to demonstrate a compelling reason to grant discretionary review of this order. In a reply memorandum, petitioner argues that the district court's ruling is questionable, impedes his ability to proceed with his defense, raises issues of statewide importance, and is likely to evade review if not addressed.

This court may, in the interests of justice, grant discretionary review of an order that is not otherwise appealable. Minn. R. Crim. P. 28.02, subd. 3. In determining whether to grant discretionary review, this court considers the multi-factor test articulated in *Gordon v. Microsoft Corp.*, 645 N.W.2d 393, 399-402 (Minn. 2002). *See Doe 175 v. Columbia Heights Sch. Dist.*, 842 N.W.2d 38, 47 (Minn. App. 2014) (explaining that an appellate court should consider the *Gordon* factors, to the extent that they are appropriate, when considering a petition for discretionary review outside of the class-certification context). These factors include: whether the challenged ruling is vested in the district court's discretion; whether the ruling is questionable or involves an unsettled area of law; the

2

impact of the ruling on the petitioning party's ability to proceed; the importance of the legal issue; whether appellate review would benefit from development of a more complete record or the ruling would be reviewable on appeal from final judgment; and the specific circumstances of the case. *See Gordon*, 645 N.W.2d at 399-402.

"These factors are not exclusive, and this court has discretion to consider additional factors and circumstances that may apply to the particular case." *State v. Plevell*, 889 N.W.2d 584, 587 (Minn. App. 2017). Additionally, this court will not grant discretionary review of a pretrial order unless a "compelling reason" is shown. *State v. Jordan*, 426 N.W.2d 495, 496 (Minn. App. 1988).

Here, in evaluating these considerations, we note first that the district court's ruling does not involve an unsettled area of law or a question of statewide impact. Caselaw is clear that the standard of competency for a defendant to be permitted to validly waive counsel is the same as that used for a defendant to stand trial. *See, e.g.*, *State v. Camacho*, 561 N.W.2d 160, 171 (Minn. 1997). Considering that the district court has twice determined petitioner to be incompetent to stand trial and has not since issued an order finding that he has been restored to competency, it is not manifestly unreasonable for the court to have determined that he was similarly not competent to waive his right to counsel.

Second, the ruling does not impact petitioner's ability to proceed in district court. Because he has been found incompetent, the prosecution must be suspended entirely. Minn. R. Crim. P. 20.01, subd. 6(b). Accordingly, not permitting petitioner to discharge counsel and proceed pro se at this time is of no consequence to the district court

3

proceedings other than those related to competency.  And because denying petitioner's request for self-representation will not deprive him of any claims or rights regarding future competency determinations, discretionary review is unwarranted for this reason as well.

Third, the issue of whether the district court improperly deprived him of his right to self-representation will be reviewable on a direct appeal from any resulting judgment of conviction.  *See, e.g.*, *State v. Christian*, 657 N.W.2d 186, 190 (Minn. 2003) (reviewing for clear error the district court's denial of a motion for self-representation).  And finally, the specific circumstances of petitioner's case do not provide any other discernible reason to grant this extraordinary form of relief.  Accordingly, after consideration of the record and the parties' submissions, and an evaluation of the *Gordon* factors, we fail to discern a compelling reason to support discretionary review of the district court's order.  *Jordan*, 426 N.W.2d at 496.

On May 28, 2024, petitioner filed four separate motions requesting that this court take judicial notice of various documents and factual assertions that petitioner argues demonstrate his competency to proceed.  An order of this court issued on May 31, 2024, deferred consideration of these motions to the panel assigned to consider the merits of the petition for discretionary review.  Because petitioner seeks discretionary review of the district court's order denying his request for self-representation and not the district court's underlying determination of his incompetency, and because petitioner's proffered materials are not germane to our analysis of whether discretionary review of the district court's order is appropriate, we deny petitioner's motions as unnecessary.

**IT IS HEREBY ORDERED:**

1.      The petition for discretionary review is denied.

2.      Petitioner's motions for judicial notice are denied as unnecessary.

**Dated**: July 2, 2024

                    BY THE COURT

                    _____
                    Renee L. Worke
                    Presiding Judge

5