# Exhibit K

**EXHIBIT K**

Key documents submitted in Guertin's Hennepin County District Court Civil Commitment case 27-MH-PR-23-815. All of the index numbers cited match those of the courts official case record except for 'Index 100', which was created to provide a citation reference to the courts letter sent in the mail. Furthermore, it is worth pointing out that these are only the documents which Guertin possesses, and has been provided with. As part of Guertin's commitment to complete transparency he took the strategic, yet unusual step of submitting all of his civil commitment case documents into the publicly accessible case record of his criminal proceedings by including them as attached exhibits to the various pro se filings he submitted. Guertin has nothing to hide [1]

---

**Index 00**  | 27-MH-PR-23-815 | Case Events

**Index 21**  | 08/04/23,  Civil Commitment Psychological Exam Report

**Index 22**  | 08/09/23,  Stayed Order of Civil Commitment Agreement

**Index 23**  | 08/09/23,  Guertin's Plan for Services Agreement

**Index 26**  | 10/30/23,  Guertin's 60-90 Day Report to the Court

**Index 36**  | 01/30/24,  Pro Se Motion for Continuance

**Index 37**  | 01/30/24,  Pro Se Motion for Medical Records

**Index 38**  | 01/31/24,  Signed Waiver Extending Commitment 9 Months

**Index 41**  | 02/01/24,  Court Order for Continued Commitment

**Index 43**  | 04/04/24,  Pro Se Motion to Compel Medical Records

**Index 100** | 05/31/24,  Court Letter Requesting 3rd Rule 20.01 Exam

---

1    Make use of the bookmarks for easy navigation of this exhibit.

**MINNESOTA**

**JUDICIAL BRANCH**

**MINNESOTA COURT RECORDS ONLINE (MCRO)**

## Case Details (Register of Actions)

Search executed on 06/03/2024 05:24 AM

| Case Information | Related Cases |
|---|---|
| **Case Number:**  27-MH-PR-23-815 | 27-CR-23-1886 |
| **Case Title:**  In the Matter of the Civil Commitment of MATTHEW DAVID GUERTIN, Respondent | |
| **Case Type:**  Commitment - Mentally Ill | |
| **Date Filed:** 07/20/2023 | |
| **Case Location:**  Hennepin County, Hennepin Probate Mental Health | |
| **Case Status:**  Under Court Jurisdiction | |

### Party Information

**Petitioner**

**HENNEPIN COUNTY ATTORNEY'S OFFICE**
Minneapolis, MN 55487

**Attorneys Active**
- **DE SOUZA, LEA MARIE - Lead Attorney**

**Respondent**

**GUERTIN, MATTHEW DAVID**
DOB:  07/17/1981
Chaska, MN 55318

**Attorneys Active**
- **FISHER, JOEL A - Lead Attorney**

**Attorneys Inactive**
- BIGLOW, MICHAEL J
- ENGH-LISKA, MELANIE ANNE

### Case Events

| | | |
|---|---|---|
| **04/04/2024** | Motion for Production of Medical Records<br>Index #43 | |
| **02/16/2024** | Affidavit of No Service<br>Index #42 | |
| **02/01/2024** | Order for Continued Commitment<br>Judicial Officer:  Borer, George<br>Index #41 | |
| **01/31/2024** | Taken Under Advisement<br>Judicial Officer:  Borer, George<br>Index #39 | |
| **01/31/2024** | Waiver<br>Index #38 | |

| | | |
|---|---|---|
| **01/30/2024** | Motion for Production of Medical Records<br>Index #37 | |
| **01/30/2024** | Request for Continuance Needing Judicial Approval<br>Index #36 | |
| **01/25/2024** | Order for Production of Medical Records<br>Index #35 | |
| **01/25/2024** | Correspondence<br>Index #34 | |
| **01/25/2024** | Proposed Order or Document<br>Index #33 | |
| **01/25/2024** | Motion for Production of Medical Records<br>Index #32 | |
| **01/22/2024** | Affidavit of Service<br>Index #31 | |
| **01/22/2024** | Order and Notice of Hearing<br>Index #30 | |
| **01/17/2024** | Correspondence<br>Index #29 | |
| **01/17/2024** | Other Document<br>Index #28 | |
| **01/17/2024** | Notice of Motion and Motion<br>Index #27 | |
| **10/30/2023** | Progress Report<br>Index #26 | |
| **08/10/2023** | Order of Stayed Commitment<br>Judicial Officer:  Buccicone, Brianne J.<br>Index #25 | |
| **08/10/2023** | Taken Under Advisement<br>Judicial Officer:  Skibbie, Lori<br>Index #24 | |
| **08/09/2023** | Plan for Services for Stay of Commitment<br>Index #23 | |
| **08/09/2023** | Acceptance of Terms of Stay of Commitment<br>Index #22 | |
| **08/07/2023** | Examiner's Report<br>Index #21 | |
| **08/07/2023** | Examiner's Report Distributed | |
| **08/04/2023** | Examiner's Report | |

| | Index #20 |
|---|---|
| **08/02/2023** | Affidavit of No Service<br>Index #19 |
| **08/02/2023** | Affidavit of No Service<br>Index #18 |
| **08/01/2023** | Scheduling Order<br>Judicial Officer: Gearin, Kathleen R.<br>Index #17 |
| **08/01/2023** | Taken Under Advisement<br>Judicial Officer: Gearin, Kathleen R.<br>Index #16 |
| **07/25/2023** | Affidavit of Service<br>Index #15 |
| **07/25/2023** | Order and Notice of Hearing<br>Index #14 |
| **07/24/2023** | Affidavit of Service<br>Index #13 |
| **07/21/2023** | Order-Other<br>Index #12 |
| **07/21/2023** | Order for Production of Medical Records<br>Index #11 |
| **07/21/2023** | Order and Notice of Hearing<br>Index #10 |
| **07/20/2023** | Rule 20.01 Felony |
| **07/20/2023** | Correspondence<br>Index #9 |
| **07/20/2023** | Proposed Order or Document<br>Index #8 |
| **07/20/2023** | Motion for Production of Medical Records<br>Index #7 |
| **07/20/2023** | Pre-Petition Screening Report<br>Index #6 |
| **07/20/2023** | Law Enforcement Report<br>Index #5 |
| **07/20/2023** | Other Document<br>Index #4 |

| | | |
|---|---|---|
| **07/20/2023** | Psychological Evaluation Report<br>Index #3 | |
| **07/20/2023** | Other Document<br>Index #2 | |
| **07/20/2023** | Petition for Judicial Commitment<br>Index #1 | |

## Hearings

**Previous Hearings**

| | | | |
|---|---|---|---|
| **02/01/2024** | 09:00 AM | Motion Hearing<br>Judicial Officer: Borer, George<br>Location: GC-C456 | **Result:** Held Off the Record |
| **08/11/2023** | 10:30 AM | Commitment Hearing<br>Judicial Officer: Skibbie, Lori<br>Location: GC-C457<br>Cancelled; Other | |
| **08/01/2023** | 03:30 PM | Settlement Conference<br>Judicial Officer: Gearin, Kathleen R. | **Result:** Held Off the Record |
| **08/01/2023** | 02:15 PM | Exam Hearing | |

## Dispositions

| | |
|---|---|
| **02/01/2024** | **Stay of commitment**<br>**Commitment:**<br> Facility: Commissioner of Human Services<br> Condition: Follow plan for services<br> Report Date: 05/01/2024 |
| **08/10/2023** | **Stay of commitment**<br>**Commitment:**<br> Facility: Commissioner of Human Services<br> Condition: Follow plan for services<br> Report Date: 11/08/2023 |

Search executed on 06/03/2024 05:24 AM

State of Minnesota

District Court

Hennepin County

Fourth Judicial District

Probate/Mental Health Division

In the Matter of the Civil Commitment of:
**Matthew David Guertin**, Respondent

**EXAMINER'S REPORT FOR PROCEEDING FOR COMMITMENT AS A PERSON WHO POSES A RISK OF HARM DUE TO A MENTALLY ILLNESS**
(Minn. Stat. § 253B.02, subd. 13)

**Matthew  David Guertin**
Respondent (DOB: 07/17/1981) Age: 42

Court File Number:   **27-MH-PR-23-815**

---

1. Examiner's Name:  Michael Robertson PsyD, LP
2. Date of Examination: **08/01/2023**
3. Location of Examination:   HCGC video/phone interview:

> 2:30 MI: Exam 1: 160 162 2355   457186 **:-:** 3:30: Hon. Judge Gearin   160 121 9402   941267

4. Persons present at the examination:

> Michael Biglow Resp/Def Atty;  Lea De Souza Hosp/Hen Atty; Nadia Garavito

5. Documents reviewed:

> Pre-petition Screening Report (PSR), Keith Moore, RN, 7/17/23
> Forensic Evaluation Report, Rule 20.01, Jill Rogstad, PhD., LP, ABPP, 3/10/23
> Findings of facts and Order regarding incompetency to proceed, Hon. M. Browne, 7/13/23
> Copy of a Letter from California Psychiatrist Dr. Shuster, 4/7/23
> Guertin HC Sheriff Forensic Exam Rpt #2 1.21.23
> 23-815 Guertin - photos of exterior, interior, person 1.21
> Guertin Crystal PD Rpt 08-015226 7.15.08
> Guertin HC Sheriff Forensic Exam Rpt #1 1.21.23
> Email with photos directly from Mr. Guertin on 8/4/2023 around 12Noon.
> Records from: Hennepin County Adult Detention Center.

6. Time spent interviewing Respondent: 45 minutes

7. What was the Respondent's level of cooperation with the examination?

> The respondent was cooperative and pleasant. He responded to all the interview questions. He appeared on from tele-video connections from a relatives home but within a room which was appeared to be a multimedia center and included what appeared to be many computer monitors.  He described numerous events with rational and logic explanations but through the exam is speech and was often mildly rapid, mildly pressured and constantly involved Mr. Guertin inserting extraneous detail and unnecessary elaborations as if they might be relevant to answering the questions. Early on the undersigned began to interrupt his descriptions and redirect him to try to not add all the extra unnecessary details. He was unable to easily or quickly get the point of most of the exam questions but with regular prompting and re-direction he was able to provide more relevant information.  Mr. Guertin's extraneous detail and tangents were notable in that they typically and repeatedly includer numerous self-aggrandizing references to his many sophisticated projects and the prestige, notoriety and fame within his area of expertise. He references being CEO and various projects such as one in Vietnam and another Saudia Arabia where he displayed some sort of system he reportedly developed and engineered. He spent much more time detailing his various acclaims and accomplishments, with fragmented and rapid descriptions which were difficult to understand, due to his fragmented and rapid descriptions, which were disjointed.  Beyound his hypomanic to manic presentation, there was  no evidence of overt symptoms of psychosis or delusions, unless his various descriptions of his hugely successful and sought after patent, turns out to be a delusion itself, but there was no current evidence provided which would suggest any of Mr. Guertins' claims of his engineering prowess and development are false.
>
> Mr. Guertin essentially described he had filed a patent for a program and or something he developed, and he began to believe that through the use of "AI", these large software companies ( such as Netflix and others) were conspiring  to

Exhibit K | Index 21 | p. 1

Court File Number:  **27-MH-PR-23-815**

steal his "program" he described he connected the dots to realize what they were doing and reported he shot his firearm off to get the police to come to his home. When asked why he did not simply call the police on the phone he reported that he thought they were monitoring his electronic through AI.

He reports a history of problematic substance abuse which no longer exists. He described that since 2016 he has been taking two different medications, reporting that for several years the dosages have been Adderall **xx**mg per day and Klonopin **xx** mg as needed.  He denied the possibility that his Adderall or Klonopin use might have contributed to his symptoms at the time police were called to his home.  He reported he was incarcerated for several days and released to the community and for the last 7 months has been living in the community. He reported that he sees Dr. Schuster via tele-video for psychiatric follow-up and saw Dr. Schuster over a tele-video appointment a couple weeks ago.[1]

8.  Was the Respondent told that the examination was part of the judicial commitment process; that the examiner would be making a diagnosis and treatment recommendation to the Court; and that the information Respondent divulged in the interview was not confidential and could be disclosed in Court as part of the commitment proceedings.

☒ <b>Yes</b>        ☐ <b>No</b>        ☐ <b>Not Applicable (</b> e.g., report completed from records)

ANSWER  THE FOLLOWING QUESTIONS BASED UPON A REASONABLE DEGREE OF PSYCHOLOGICAL CERTAINTY:

9.  Summary of relevant psychiatric history:

|  |
|---|
|  |

10.  DSM-5 diagnosis:
A.  Per Med Records:
B.  Per the examiner:

| |
|---|
| Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary). |
| Forensic Evaluation Report, Rule 20.01, Jill Rogstad, PhD., LP, ABPP |
| Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary), versus Medication induced bipolar disorder versus Stimulant use disorder (prescribed stimulants-Adderall). |

11.  Respondent suffers from ☐ an organic disorder of the brain or ☒ substantial psychiatric disorder? ☒ **Yes** ☐ **No**

12.  Respondent's disorder manifests by instances of grossly disturbed behavior or faulty perception?   ☒ **Yes** ☐ **No**

13.  The specific facts that support your opinion (including the specific facts that support your opinion):
A.  ☒  Thought -highly distractible; prominent delusional beliefs that include persecutory & referential themes
B.  ☒  Mood -  mood-related disorder, namely mania or hypomania,
C.  ☒  Perception - Mr. Guertin's delusional beliefs are inextricably linked to his perceptions and they obstruct his ability to apply knowledge in a a rational manner devoid of delusional reasoning
D.  ☐  Orientation -  grossly intact
E.  ☒  Memory - grossly intact intermittently impaired by delusional reasoning and impaired insight

14.  Does Respondent's disorder grossly impair (including the specific facts that support your opinion):
A.  ☒  Judgment - Same as "C. Perceptions above"
B.  ☒  Behavior - Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality (FEL), (multiple others)
C.  ☒  Capacity to recognize reality-  Same as "C. Perceptions above"
D.  ☒  Capacity to reason or understand – Same as "C. Perceptions above"

15.  Does Respondent's disorder pose a substantial likelihood of physical harm to self or others?   ☒ **Yes** ☐ **No**
As  a result of the impairment the    Respondent:
A.  failed to obtain necessary food, clothing, shelter, or medical care?              ☐ **Yes** ☒ **No**
B.  has an inability for reasons other than indigence to obtain necessary food, clothing, shelter, or medical care and it is more probable than not that the Respondent will suffer substantial harm, significant psychiatric deterioration or debilitation, or serious illness, unless appropriate treatment and services are provided?   ☒ **Yes** ☐ **No**
C.  Respondent made a recent attempt or threat to physically harm self or others?              ☒ **Yes** ☐ **No**

---

[1] When telehealth is used, it is considered to be rendered at the physical location of the patient, and therefore a provider typically needs to be licensed in the patient's state.  A few states have licenses or telehealth specific exceptions that allow an out-of-state provider to render service and to prescribe.

16.  If "yes" to A, B, or C describe:      Court File Number: **27-MH-PR-23-815**

> 27-CR-23-1886 ; Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality
> on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN recklessly discharged a firearm within a municipality… .. Upon arriving in the area officers heard shots and were able to confirm where the apartment shots  were coming from, and that the occupant of the apartment was MATTHEW DAVID GUERTIN, dob 7/17/1981,  "Defendant" herein. Defendant was yelling "I'm going to die because they stole my patent" and  repeatedly yelled a Minnetonka Police Department case number. Defendant spoke with a negotiator and  after some time threw two firearms out of the window: an automatic rifle and a pistol in a case.  Defendant eventually came out of the apartment and was placed under arrest. In a post-Miranda  statement Defendant reported
>
> Dr. Rogstad testified that misuse of Adderall could account for some of Mr. Guertin's symptoms… …Despite reporting this possibility, Dr. Rogstad opines Mr. Guertin is not competent.
>
> 4/7/23 copy of a Letter from California Psychiatrist Dr. Shuster, (provided by the respondent):   I reviewed the letter (April 7 2023) from Dr. Schuster, with  an odd type-set change from page one to page two, and see that Dr. Schuster confirms  "There have been times in recent months that he verbalized concerns about his being "scrutinzed' and maybe sabotaged by enterprises in the scale of Microsoft and Netflix"  Dr. Shuster also asserted "In summary. Mr. Guertin is not at risk of harming  anyone."

17.  Is the impairment solely due to epilepsy; developmental disability; brief periods of intoxication caused by alcohol, drugs, or other mind-altering substances; or dependence upon or addiction to any alcohol, drugs, or other mind-altering substances?                                                               ☐ Yes   ☒ No

18.  Will Respondent agree to participate in that treatment voluntarily?              ☐ Yes   ☒ No

19.  Do you believe that Respondent will follow through with treatment on a voluntary basis?   ☐ Yes   ☒ No
      Why or why not?

No the respondent does not believe he has a mental illness or symptoms of a a mental illness. He believes he has ADHD and some OCD related symptoms and anxiety.  He does not believe he needs  oversight or treatment and he believes that since he has been living in the community for several months without close oversight or additional mental health interventions, that he does not require any oversight or treatment.

20.  Would a guardianship/conservatorship be an appropriate alternative to commitment?   ☐ Yes   ☒ No

21.  What is the least restrictive, appropriate treatment for Respondent and why?

> Whether due to an underlying independent schizophrenic and or psychotic spectrum disorder or to a psychotic spectrum disorder that is substance induced, it seems more likely than not that Mr. Guertin's current symptoms of serious mental illness will continue if not treated. Mr. Guertin symptoms will likely intermittently become more acute and  contribute to symptoms which more substantially impair his perceptions, reasoning, and behaviors – and pose a substantial risk to harm self and others without treatment.  Therefore, without the ability to differentiate or resolve Mr. Guertin's mental health diagnosis with more clarity due to the confounding from his prescribed medications, the undersigned opines that Mr. Guertin meets criteria for civil commitment as person with a serious mental illness.
>
> In the undersigned's opinion, the Respondent does not have adequate appreciation or insight to appraise or notice the functional impact (e.g., cognitive, perceptual, emotional, behavioral) of their symptoms of mental illness, their need for treatment, the risks their symptoms pose to self and others; this  impairs the Respondent's decisional capacity related to major treatment decisions pertaining to the Respondent's mental illness and or substance use disorder, including medications.
>
> The undersigned would suggest/recommend a voluntary trial period (an evaluation period) of 6 months without the current class of medications (i.e., stimulant and benzodiazepines), and a method to verify or corroborate the absence of the substances such as UDS and re-evaluation – (this is simply a suggestion and would be up to the respondent and the treatment team to determine if this might be agreeable). However, considering that a more definitive opinion is expected, the following is my opinion.

Court File Number: **27-MH-PR-23-815**

<u>In  the undersigned's opinion</u> less restrictive alternatives may be available and appropriate, the undersigned suggest others might consider the following issues to be considered as part of any possible agreement to less restrictive alternatives. Such as **if**

**a)** the Respondent's symptoms continue to resolve/improve and stabilize,

**b)** recommended supportive services such as case management, psychiatric management, other needed treatments (e.g., CD, individual counseling, independent psychiatric evaluation of psychiatric medications and need for them, etc.) housing, and supportive treatment plan <u>can be agreed upon,</u>

**c)** the Respondent demonstrates substantial engagement with and adherence to an agreed upon treatment plan,

**d)** the Respondent agrees to voluntarily follow-through with the agreed-upon treatment options,

**e)** the Respondent has a reasonable likelihood of being able to voluntarily follow-through.

**f)** specifically, there is an agreed upon, time-limited plan regarding use of firearms, and purchasing or access to, etc.

**g)** agreement as to whether there is benefit of the back-up of court oversight were he to drift from the treatment plan. If any of "a, b, c and d, e f and g", cannot be reasonably agreed upon or do not appear likely the respondent will be able to or willing to adhere to the agreements, <u>the undersigned would support full civil commitment as Mentally ill, with substantial concerns for chemical dependency.</u>

The Respondent is diagnosed with *( Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary), versus  Medication induced bipolar disorder versus Stimulant use disorder (prescribed stimulants- Adderall))* which is or includes an organic disorder of the brain or a substantial psychiatric disorder of thought, mood, perception, orientation, or memory which grossly impairs judgment, behavior, capacity to recognize reality, or to reason or understand, which is manifested by instances of grossly disturbed behavior or faulty perceptions and poses a substantial likelihood of physical harm to self or others.  For example:  in the Forensic Evaluation Report, (March 2023, by  Jill Rogstad, PhD., LP, ABPP) And the during testimony pertaining to the competency hearing, as outlined  in the Findings of facts and Order regarding incompetency to proceed, overseen by the Honorable Judge, Michael Browne, (July 2023) there was substantial evidence for ongoing flight of ideas, and either hypomania or mania in Mr. Guertin's presentation, consistent with ongoing serious mental illness.  Moreover, during the current exam, there was evidence for ongoing hypomania to mania and substantially distorted thought processes which verge of delusional, though remained within logical and rational limits during the exam. Separately  regarding the letter from Dr. Schuster. The letter is a very nice clinical letter and helps maintain the Doctor/patient clinical relationship,  Dr. Schuster has with his patient, Mr. Guertin. Although Dr. Schuster appears to have been provided with a copy of Dr. Rogstad's Forensic report (March 2023), it is somewhat concerning and surprising that Dr. Schuster as the prescribing provider of two controlled substances to the respondent, did not comment on the well-known adverse psychotic-spectrum side effects to the medications he is prescribing, particularly when there is credible evidence of psychotic-spectrum symptoms (i.e., a well-credentialed and regarded forensic psychologist's report to the court – Dr. Rogstad's report).  the undersigned would expect most psychiatrist with such information would take step to mitigate their patients risks to psychotic spectrum events due to medications  and take steps to mitigate their own liability in prescribing these medications, after being informed of these types of events (maybe this was done separately).  Dr.  Schuster, is not in the role of properly evaluating this situation and did not appear to have access to all the available information to formulate his conclusion. For example, were he to have seen the extensive, hypergraphia-like, writing on Mr. Guertin's apartment walls (some patients with schizophrenic spectrum symptoms evidence hypergraphia), which include paranoid self-reminders and descriptions which clearly convey that Mr. Guertin was frightened, distressed, and believed large enterprises such as "Microsoft and Netflix", were using Artificial  Intelligence (AI) and had infiltrated his home electronics and he was being conspired against and risked to being harmed due to the revolutionary software patent he developed; the writing on the apartment walls and similar writing on his body (noted when he was booked into the jail) suggest Mr. Guertin knew or believed that he was unable to rely on his own mental status and wrote reminders to himself and/or possibly messages to others in the case he might have been harmed and his patent stolen. Regardless, his inflexible beliefs are conveyed in the writing, Dr. Rogstad's evaluation,  and during the current exam and consistently indicate he held paranoid, grandiose, and delusional beliefs which substantially impaired his perceptions, reasoning, and behaviors, even if there were some elements of the history based in fact.

Mr. Guertin's conclusion (which he described during the exam, were based on his "connecting all the dots") and belief that these large companies might specifically know about his revolutionary and highly sought software, is plausible if he actually had developed this, and still it is somewhat grandiose to believe these companies know about his patent, without any evidence. Mr. Guertin's conclusion that these large companies would try to steal his revolutionary patent,

Court File Number:  **27-MH-PR-23-815**

is also plausible yet rather grandiose to conclude these companies would engage in clandestine illegal activity using AI, to steal his patent rather than simply approach him to purchase it. Mr. Guertin's conclusion, claim, or belief  he needed to fire-off a firearm(s) within the city from his apartment to alert the police, is a frightening conclusion and belief which evidences the degree to which he held paranoid, grandiose, and delusional beliefs which substantially impaired his perceptions, reasoning, and behaviors, even if there were some elements of the history based in fact.  The veracity of Mr. Guertin's explanation for firing off the fire-arm, is at least questionable. Whichever thought processes and events led  Mr. Guertin  to fire-off the firearm several times, they appear far more likely than not to indicate he held paranoid, grandiose, and delusional beliefs which substantially impaired his perceptions, reasoning, and behaviors, even if there were some elements of the history based in fact.  He could have easily walked to the police station if he did not trust  his home electronics and the phone lines.  He now admits his decision was a reflection of poor judgment and emphasizes he had not intended to harm others. The problem is that his  delusional beliefs substantially impaired his perceptions, reasoning, and behaviors, and influenced him to takes these extreme and dangerous actions because he was unable to differentiate what was real or not real at the time; this poses a substantial risk to harm self and others.

Whether his delusional thought processes were aggravated by substance misuse/abuse or an independent psychotic spectrum disorder is less clear. During the exam he presented as hypomanic to manic and reportedly continues to be prescribed and take **xx** mg of Adderall per day, which substance is well-known to induce clinically significant symptoms consistent with hypo-mania and mania in some patients; it is also a controlled substance, precisely because of its potential for misuse, abuse, and risk to harm. If Mr. Guertin's hypomanic to manic symptoms and delusional beliefs which substantially impair his perceptions, reasoning, and behaviors, are substance induced (or prescription substance induced – i.e., iatrogenic) then there are likely simple interventions to treat and resolve these symptoms which would very effectively mitigate his risks to harm. For example, discontinuation of the class of prescribed substances known to contribute psychotic spectrum symptoms specifically Adderall and Klonopin (both abuse and withdrawal from each can contribute to severe distress, agitation, and distorted and psychotic thinking). However, if Mr. Guertin's hypomanic to manic symptoms and delusional beliefs which substantially impair his perceptions, reasoning, and behaviors represent an independent schizophrenic and/or psychotic spectrum disorder, the treatment interventions of choice initially include but are not limited to antipsychotic medications and/or a mood stabilizer if there is stronger suspicion of a bipolar affective disorder. Notably, there is substantial evidence that Mr. Guertin's underlying symptoms of a serious mental illness persist, though they appear to have recently remained attenuated, regardless of the cause.

**Capacity  to Waive Rights**  Based on the information in the records and the interview, the Respondent appeared to have an adequate understanding of situation the choices available to him/her to waive his/her right to a trial in this matter and enter into treatment agreements with defense attorney assistance.

*Michael Robertson PsyD, LP*

Michael Robertson PsyD, LP        *(Exam Date: 8/1/23)*        Report Date:  08/04/2023

**253B.02 Subd. 13**. A "**person who is mentally ill poses a risk of harm due to a mental illness**" means any person who has an organic disorder of the brain or a substantial psychiatric disorder of thought, mood, perception, orientation, or memory which that grossly impairs judgment, behavior, capacity to recognize reality, or to reason or understand, which that is manifested by instances of grossly disturbed behavior or faulty perceptions and who, due to this impairment, poses a substantial likelihood of physical harm to self or others as demonstrated by: (1) a failure to obtain necessary food, clothing, shelter, or medical care as a result of the impairment; (2) an inability for reasons other than indigence to obtain necessary food, clothing, shelter, or medical care as a result of the impairment and it is more probable than not that the person will suffer substantial harm, significant psychiatric deterioration or debilitation, or serious illness, unless appropriate treatment and services are provided; (3) a recent attempt or threat to physically harm self or others; or (4) recent and volitional conduct involving significant damage to substantial property.

***ADDITIONAL NOTES***

Exhibit K | Index 21 | p. 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT
DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION

In the Matter of the Civil Commitment of:

MATTHEW GUERTIN
AKA MATTHEW DAVID GUERTIN

DOB: 07/17/1981

Respondent.

**ACCEPTANCE OF TERMS OF
STAY OF COMMITMENT**

D.C. File No. **27-MH-PR-23-815**

C.A. File No. C-4907

I understand that a Petition for Commitment as **mentally ill** has been filed asking the court to commit me to involuntary treatment ~~and authorize administration of neuroleptic medications~~.  I have discussed this matter with my attorney and am willing to allow the Court to issue an ORDER committing me to **Commissioner of Human Services**, but that this commitment order will be STAYED upon the conditions listed below.

I agree that the Court may consider the following evidence in making its decision:

7/20/23 Rule 20 Petition for Civil Commitment and Exhibits A to D; and Examination Report of Dr. Michael Robertson.

I understand that I have a right to trial to determine the need for a commitment and that at this trial the County Attorney has the burden of proving by clear and convincing evidence that I am in need of commitment.  I understand that I have the right to have my attorney cross-examine any witnesses that support my commitment, and that I have the right testify, to call witnesses, and present evidence on my behalf.  I understand that I have the right to have a second court-appointed examiner.  By entering this agreement, I am voluntarily waiving these trial rights.  I do have and retain the right to petition for discharge at any time.

Exhibit K | Index 22 | p. 1

I understand that by signing this I will be committed to <u>Commissioner of Human Services</u> and that

the commitment will be STAYED for a period of **six (6) months** on the following conditions:

**RESPONDENT WILL NEED TO INITIAL BEFORE EACH PARAGRAPH BELOW:**

_____ 1. ~~I will voluntarily remain at _____ and cooperate with my treatment staff, following all directions, until discharged.~~

_MG_ 2. I will ~~enter and complete outpatient/inpatient at _____~~, with the help of my case manager, begin to see a therapist within the State of Minnesota, on a monthly basis or on a schedule set by the therapist, and follow all directions of the staff at that program.

_MG_ 3. I will take medication as prescribed and only as prescribed by my treating physicians.

_MG_ 4. I will not use any non-prescribed, mood altering substances including alcohol and street drugs.  I agree to testing as requested by my case manager or treatment provider.

_MG_ 5. ~~I will cooperate with the aftercare planning and follow the aftercare plan.~~

_MG_ 6. I will cooperate with my county caseworker, <u>Nadia Garavito and designee</u>. This may include signing releases of information to permit the caseworker to monitor my compliance with this plan.  I may also need to apply for public or private assistance to pay for my care.  I am expected to return phone calls from the caseworker and keep appointments.

_MG_ 7. I agree that I will refrain from assaultive, threatening, intimidating or self-injurious behavior, as well as destruction of property.

_MG_ 8. I agree that this plan must continue to be available and in my best treatment interests.  I understand that even if I follow the terms of the plan, it must meet my treatment needs.  Psychiatric decompensation can serve as the basis of revoking the stay.

_MG_ 9. I agree that if the county attorney must return the matter to court for hearing, I will accept service of notice by mail at the following address in lieu of personal service of a summons:  <u>4385 Trenton Lane North Unit 202, Plymouth, MN 55442</u>; **I will immediately notify my county caseworker of any change in my address.**

_MG_ 10. I have executed a plan for services which will be made a part of the court's order.

_MG_ 11. <u>I will not use, borrow, own, obtain, purchase, or create from parts, any firearm or ammunition.</u>

Exhibit K | Index 22 | p. 2

I understand that if I violate any of these terms, the stay may be revoked and I might be committed. I understand that if the stay is revoked, the commitment could extend for six months from the date of revocation. The time I have been on a stay does not count toward the commitment. If I am committed today, the commitment will expire six months from today unless the court continues it following the opportunity for another hearing in the future.

**X    Revocation of the Stayed Commitment by Written Request Followed by Right to Hearing:**

I understand that if I violate any of the terms of the stay, the court may revoke the stay and order my commitment upon the filing of a written request from the county attorney indicating that the stay has been violated. I can ask for a court hearing to review the revocation if I make the request within 14 days after the revocation.

☐   ~~**Revocation After Notice and a Hearing:**~~

~~I understand that if I violate any of the terms / conditions _____ (circle one), the stay may be revoked upon notice to me and my attorney and after a hearing at which the Petitioner will have the burden to show that I violated the conditions of the stay and that the placement is the least restrictive alternative. The court maintains jurisdiction over this matter if the motion is filed before the close of business on the date of the expiration of the stay.~~

**X`  Possible Extension of Stay Period:**

Near the end of the six-month period of the stay, if the Petitioner brings a motion to extend the stay, after notice and hearing the Court, pursuant to Minn. Stat. § 253B.095, subd. 3, may extend the period of the Stayed Order for Commitment for up to an additional 12 months without Respondent's agreement if the Court finds that Respondent continues to be mentally ill, ~~chemically dependent, developmentally disabled~~ AND that it is necessary to extend the period of the stay to protect Respondent or others.

Page 3 of 4

Exhibit K | Index 22 | p. 3

**X   <u>Agreement Regarding the Requested Jarvis (Neuroleptic Medication) Order:</u>**

- ~~I understand that the County Attorney may also request that the continued neuroleptic medication Petition be set on for hearing, and the revocation of the stayed commitment will not be delayed because of it.~~

- ~~I understand that the neuroleptic medication hearing will be set as soon as possible, and I waive the right to object to the timeliness of the notice, as long as transportation can be arranged for me, and my attorney can appear.~~

- ~~I understand that if a neuroleptic medication hearing is scheduled on this continued petition, only that issue will be addressed at the hearing.~~

- ~~If I wish to request a hearing on the revocation of the stayed commitment, I must make a separate request for hearing to the Court, within 14 days after the revocation.~~

Dated:  August ___, 2023                        _____
                                                Mathew David Guertin, Respondent


I have advised <u>Mathew David Guertin</u>, Respondent above, of the nature and conditions of this agreement, his/her trial rights, the right to have this matter tried before the District Court, and his/her right to have the matter reconsidered pursuant to Minn. Stat. § 253B.17.

Dated:  August ___, 2023                        _____
                                                Michael Biglow, Counsel for Respondent


Based upon my examination of the respondent and review of relevant records, I am of the opinion that the respondent is competent to understand this agreement.

Dated: August ___, 2023                         _____
                                                            N/A
                                                Michael Robertson, Court Examiner

Exhibit K | Index 22 | p. 4

STATE OF MINNESOTA                    DISTRICT COURT – MENTAL HEALTH DIVISION

COUNTY OF HENNEPIN                                        FOURTH JUDICIAL DISTRICT

**PLAN FOR SERVICES**

In the Matter of:

Respondent:  Matthew David Guertin          File Number   27-MH-PR-23-815

1) Respondent is committed to:   Commissioner of Human Services
2) Respondent is stayed to:   Commissioner of Human Services
3) Address of facility:   TBD
4) The residence of the   4385 Trenton Lane North Unit 202, Plymouth MN
Respondent is:   55442
5) The treating psychiatrist or   As assigned
program is:

   Inpatient:   As assigned

   Outpatient:   As Assigned

6) Are medications prescribed?   Yes:  X                                No:

If yes, list:   As prescribed

7) Type of Insurance:   none

8) The name and phone number of the case manager(s):

Nadia Garavito  612-596-7082

9) The type of commitment is:   MI
10) The progress report due date is:   60-90 days
11) Revocation of this stay will be by:

  X  By written request from the County   ____After due notice and a hearing
Attorney.  I waive my right to a  hearing prior
to revocation, but I have the right to request a   ____Other:
hearing within 14 days thereafter

12) Name and phone number of the defense   Michael Biglow  612-339-9221
attorney(s):

13) Name and phone number of the County   Lea De Souza  612-348-6740
Attorney(s):

The conditions to be met will be contained in the order.  To avoid a hearing for further commitment, which
could include commitment to another setting for treatment, the Respondent must comply with the order.

I agree to the above plan:

Signature of    [signature]                     Date:    8/9/2023
Respondent

Signature of    /s/  Nadia Garavito            Date    8/4/2023
Social
Worker

# Sixty/Ninety Day Report to Fourth Judicial District Court

(As required under Minnesota Statutes 253B.12)

| | | |
|---|---|---|
| **Court File Number:**<br>27-MH-PR-23-815 | **Commitment Date:**<br>August 10, 2023 | **Date of this Report:**<br>October 30, 2023 |
| **Respondent's Name: (last, first, middle)**<br>Guertin, Matthew David | **Date of Birth:**<br>10/18/1939 | **Length of Provisional Discharge:**<br>Stay due to expire Feb. 10, 2024 |
| **Respondent's Current Address:**<br>4385 Trenton Lane North<br>Apt. 202<br>Plymouth, MN 55442<br>PH:  763-245-0896 | **Respondent's Psychiatrist:**<br>Dr. Martin Schuster<br>PH:  818-788-0747 | **Respondent's Attorney:**<br>Michael Biglow, Attorney at Law<br>895 Tri-Tech Center<br>331 2nd Ave. S., Mpls, MN, 55401<br>PH:  612-238-4782 |
| | **Name of Case Manager:**<br>Becky Schmidt<br>Team Lead Case Manager<br>Vail Place TCM-*Team Juniper* | **Case Manager's Telephone:**<br>952-945-4254 |

**Respondent's diagnosis, diagnostician and date made:**
Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary), versus Medication induced bipolar disorder, versus Stimulant use disorder (prescribed stimulants - Adderall).  ;  Michael Robertson PsyD, LP, Court Appointed Examiner;  08/01/2023.

**Anticipated commitment discharge date:**
The Provisional Discharge Agreement is due to expire on February 10, 2024.

**Respondent's individualized treatment plan:**
Mr. Guertin developed a *Plan of Action* with his Stayed Order for Commitment to: connect to a therapist;  take medications as prescribed, refrain from illicit chemical use, with random UA's possible;  cooperate with community mental health services/supports;  inform Case Management and providers of any address change; refrain from unsafe behaviors toward self or others;  and refrain from use/ownership/manufacture of any firearm or ammunition.  Mr. Guertin has developed goals with Case Management to connect to medical, dental and therapy services and to apply/obtain health and dental insurance benefits.

**Provisional discharge plan with suggested after care:**
Mr. Guertin's Stayed Order for Commitment initiated on August 30, 2023 when he was discharged from the hospital back to his condominium home. He has attended his appointments with Case Management to complete the intake for services items and develop goals.  Mr. Guertin has continued to meet with his psychiatrist he was connected to in California, via virtual and phone appointments.  Mr. Guertin is open to exploring insurance benefits so he can continue to follow-up with medical, dental, and mental health providers and services.

**Justification for further treatment:**
Mr. Guertin appears to have benefited from the current Stayed Order for Commitment as a Person Who Poses a Risk of Harm due to Mental Illness.  He continues to meet with Case Management to work on his goals of being connected to providers in the community and to benefits he's eligible to receive.

**Opinion that commitment is still required and supporting documentation to meet the statutory requirement:**
Mr. Guertin appears to benefit from the medications he is prescribed, and these are managed and administered to him by himself.  He does not have active health care insurance, which may be challenging in locating some providers, as he will need to find those who accept private pay, until he has active healthcare insurance. Mr. Guertin continues to exhibit some pressured speech and responds well to refocusing on the topic/task at hand.

Exhibit K | Index 26 | p. 1

**Opinion regarding the use of neuroleptic medications:**
It is the case management team's opinion, the court order should remain in place for the entire duration of the order to ensure Mr. Guertin is able to be connected to health and mental health supports and achieve optimal effectiveness of services and the recommendations from his providers, for his mental health recovery.

**Opinion regarding Respondent's ability to give informed consent:**
Mr. Guertin was able to engage in a Stayed Order for Commitment as a Person Who Poses a Risk of Harm Due To Mental Illness and he appears to understand the conditions of his stayed order.

**Case Manager's Signature:** _Becky Schmidt_          **Date:** 10-30-23

Exhibit K | Index 26 | p. 2

**Mr. Matthew David Guertin**
4385 Trenton Ln N #202
Plymouth, MN 55442
MattGuertin@Protonmail.com
(763) 221-4540

January 30th, 2024

**Hennepin Goverment Center**
Attn: Civil Court Division
300 South Sixth St
Minneapolis, MN 55487

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**
**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CIVIL DIVISION**

**In the Matter of the Civil Commitment of:**
**Matthew David Guertin,**
**Respondent**

**Court Case # 27-MH-PR-23-815**

# MOTION FOR CONTINUANCE

I, Matthew David Guertin, the respondent in the above-referenced civil commitment proceeding, hereby respectfully request a continuance of the court hearing currently scheduled for February 1, 2024. This request is based on several critical factors that significantly impact my ability to adequately prepare for the hearing.

**1.** I have only recently become aware of the scheduled court date, giving me less than a week to prepare, which is insufficient given the complexity of the case.

**2.** I have not received crucial medical records, including the psychological evaluation report by Dr. Adam Milz, despite repeated requests to my legal representatives.

Email communications showing my attempts at receiving my exam report are included with this motion

**3.** There has been a lack of effective communication with my civil court-appointed attorney, possibly due to errors in information provided by the court or an oversight on the part of the attorney. Regardless I was just alerted via email yesterday that he did not have a correct phone number to reach me.

Email from Joel Fisher indicating that he was not provided with or did not have my correct phone number on record is included with this motion.

4.   I am considering the possibility of seeking advice from private counsel to ensure a comprehensive defense.

**5.** Confusion and potential misinformation about my case have been indicated in communications I had with someone from the Hennepin County Prepetition Screening Program, whom I spoke with on the phone yesterday after receiving a call, further complicating my situation

Pursuant to Rule 122 of the Hennepin County Civil Court Rules, a continuance can be requested by motion in situations where the parties have not had adequate time to prepare due to emergent issues. Additionally, Rule 115 of the Special Rules of Practice for the Hennepin County Civil Court governs civil motion practice and supports the consideration of such requests to ensure proper preparation and fair proceedings.

## REASONS FOR REQUEST:

**1.   Lack of Essential Medical Records:** Non-receipt of crucial medical records directly hinders my understanding of the case and defense preparation.

**2.   Need for Effective Communication with Legal Counsel:** The apparent miscommunication with my appointed attorney affects my right to effective legal representation.

**3.   Exploring Options for Private Legal Counsel:** The serious nature of the case compels me to consider additional legal opinions to ensure the best possible defense. In regards to the 'seriousness' that I mention I am specifically referring to the contents of the court order that was filed in criminal court as a result of Dr. Adam Milz's psychological evaluation report which makes mention of me potentially losing my freedom by being detained and committed to a facility.

The mentioned court order filed in criminal court is included with this motion for reference.

**4.   Requirement for Clarity and Fairness in Proceedings:** The confusion and potential errors in the handling of my case by the involved agencies necessitate additional time for clarification and appropriate preparation.

I kindly request that the court reschedule the hearing to a date at least 30 days later to allow sufficient time for these preparations.

In the interest of justice and a fair hearing, I respectfully request the Court to grant this motion for continuance. Adequate preparation time is essential to ensure that my rights are fully protected and that I can effectively participate in my defense. All communication regarding this motion is to be directed to myself via the email listed at the top of this motion please.

Thank you for your attention to this matter.

Respectfully,

/s/ *Matthew David Guertir*

Exhibit K | Index 36 | p. 2

27-MH-PR-23-815
CASE 0:24-cv-02646-JRT Filed in District Court Filed 07/12/24 Page 21 of 40
State of Minnesota
Jan 17, 2024 7:29 am

Filed in District Court
State of Minnesota
1/30/2024 6:37 AM

**STATE OF MINNESOTA**

**DISTRICT COURT**

**FOURTH JUDICIAL DISTRICT**

**COUNTY OF HENNEPIN**

**CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-23-1886

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Matthew David Guertin,

Defendant.

This matter was scheduled to come before the undersigned Referee of District Court on January 16, 2024. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Bruce Rivers, Esq.

Prior to the hearing, the parties agreed to a finding of incompetency entered administratively. Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/17/1981), was charged in MNCIS file 27-CR-23-1886 with Dangerous Weapons (Felony) and three counts of Firearm-Serial Number-Receive/Possess With No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On November 15, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

## CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

## ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Jacqueline Perez, Assistant Hennepin County Attorney – Criminal Division;

    Bruce Rivers, Attorney for Defendant

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

Exhibit K | Index 36 | p. 4

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

Exhibit K | Index 36 | p. 5

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 16, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

 a. Fourth Judicial District Court – 4thCriminalRule20 email list;

 b. Bruce Rivers, Attorney for Defendant (riverslawyers@aol.com);

 c. Jacqueline Perez, Assistant Hennepin County Attorney (jacqueline.perez@hennepin.us);

 d. Hennepin County Attorney's Office  –  Adult Services Division  (if a commitment is ordered);

 e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:

BY THE COURT:

Mercurio, Danielle
Jan 16 2024 8:27 AM
Referee of District Court

Dayton Klein, Julia
Jan 16 2024 9:22 AM
Judge of District Court

Exhibit K | Index 36 | p. 6

## Matthew Guertin - Hello

| | |
|---|---|
| From (senders in message print header) | mattguertin |
| To | Joel Fisher |
| Date | Friday, January 26th, 2024 at 1:38 PM |

Joel,

Apparently you are my newly assigned attorney since I am still incompetent and unable to understand the nature of the charges against me or aid in my own defense...

I found your contact information by logging into my Hennepin County Case file and reviewing the service contacts....you know....since I am incompetent and whatnot.

I tried calling you but did not get an answer. Just wanted to touch base.

I am also wondering if my court proceedings are going to be over Zoom?

I assembled the timeline and graph you see below based on automated emails I received from LinkedIn and added personal events to it as well. In addition I have also attached all of the irrefutable, digitally authenticated 'PROOF' to this email in the form of all of the corresponding email headers, raw html, .EML exports, and PDF prints for every search date which serves to forensically verify the entire graph including the search count numbers listed as well as the actual entities that conducted searches of my LinkedIn profile.

In addition I have also attached my original psychological evaluation from Jill Rogstad along with all email communication between myself and her, my psychological evaluation conducted by Michael Robertson, My granted patent, the Netflix granted patent (that my name and patent are listed at the very top of...) along with the letter my California psychiatrist I have been seeing for over 7+ years wrote as a response to Dr. Jill Rogstad's egregious report.

I look forward to talking with you and meeting you prior to my court hearing that is coming up. If you are available for a call or a Zoom sometime soon (before my court appearance...) let me know what works and I will make it work on my end.

Thanks for your time,

Matthew David Guertin
Inventor/ Founder/ CEO
InfiniSet, Inc.
Minneapolis, MN
www.MattGuertin.com
US 11577177B2

**Also - Please email me my newest psychological evaluation as soon as you are able. Please and thank you..  :-)**

Filed in District Court
State of Minnesota
1/30/2024 6:37 AM

## Re: Matt Guertin / LinkedIn Search Graph

| | |
|---|---|
| From (senders in message print header) | mattguertin |
| To | Bruce Rivers |
| Date | Friday, January 26th, 2024 at 4:38 PM |

Bruce,

Can you please email me my psychological evaluation report?

Thank you.

~Matt

Sent with Proton Mail secure email.

## Re: Matthew Guertin - Hello

| | |
|---|---|
| From (senders in message print header) | Joel Fisher |
| To | mattguertin |
| Date | Saturday, January 27th, 2024 at 2:13 PM |

Hi, Mr. Guertin--I wanted to let you know that I received your email. I'm hoping to see if there is some sort of an offer from the county.

- - - - - - - - -

Joel Fisher
Attorney at Law
2642 University Avenue
Suite 214A
St. Paul, Minnesota 55114
612-360-9632

## Re: Matthew Guertin - Hello

| From (senders in message print header) | mattguertin |
|---|---|
| To | Joel Fisher |
| Date | Sunday, January 28th, 2024 at 9:51 PM |

Joel,

An 'offer' for what exactly? I have no idea what is going on..

Thanks,

~Matt

Sent with Proton Mail secure email.

## Re: Matthew Guertin - Hello

| | |
|---|---|
| From (senders in message print header) | Joel Fisher |
| To | mattguertin |
| Date | Monday, January 29th, 2024 at 5:46 AM |

I'll try to call you this AM.

- - - - - - - - -

Joel Fisher
Attorney at Law
2642 University Avenue
Suite 214A
St. Paul, Minnesota 55114
612-360-9632

Filed in District Court
State of Minnesota
1/30/2024 6:37 AM

## Phone

| From (senders in message print header) | Joel Fisher |
|---|---|
| To | mattguertin |
| Date | Monday, January 29th, 2024 at 11:14 AM |

What's the best # to reach you. I must have an old # 763-245-0896.

- - - - - - - - -

Joel Fisher
Attorney at Law
2642 University Avenue
Suite 214A
St. Paul, Minnesota 55114
612-360-9632



**Mr. Matthew David Guertin**
4385 Trenton Ln N #202
Plymouth, MN 55442
MattGuertin@Protonmail.com
(763) 221-4540

January 30th, 2024

**Hennepin Goverment Center**
Attn: Civil Court Division
300 South Sixth St
Minneapolis, MN 55487

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**
**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CIVIL DIVISION**

**In the Matter of the Civil Commitment of:**
**Matthew David Guertin,**
**Respondent**

**Court Case #  27-MH-PR-23-815**

## MOTION FOR PRODUCTION OF MEDICAL RECORDS

I, Matthew David Guertin, the respondent in the above-referenced civil commitment proceeding, hereby respectfully request the production of medical records pertaining to my psychological evaluation conducted by Dr. Adam Milz. This motion is made pursuant to the relevant rules and regulations governing the disclosure and production of medical records in the State of Minnesota and Hennepin County.

> **1.**  As part of the ongoing proceedings in my case, I underwent a psychological evaluation conducted by Dr. Adam Milz on January 3rd 2024
>
> **2.**  The findings and details of this evaluation are critical to my understanding of the case and preparation for my defense.
>
> **3.**  Despite multiple requests, I have not yet received these essential documents.

Pursuant to Rule 15 of the Special Rules of Practice for the Hennepin County Civil Court, which allows for the admission of relevant and reliable evidence including medical records without requiring foundation witnesses, and in accordance with Rules 11.03(a) and 14.06 of the General Rules of Practice for the District Courts, I request the production of my medical records.

I specifically request the Court to direct Dr. Adam Milz, or the custodian of his records, to produce the following:

**1.** The complete psychological evaluation report conducted by Dr. Adam Milz of myself on January 3rd 2024

**2.** All notes, observations, and any other documents or records related to the evaluation.

**3.** Any other relevant medical or psychological records that pertain to my mental health evaluation and treatment.

**REASONS FOR REQUEST:**

Access to these records is essential for a comprehensive understanding of the evaluation's conclusions, which are instrumental in formulating my defense strategy in the civil commitment proceedings**.**

In light of the above, I respectfully request the Court to order the production of the specified medical records at the earliest convenience. This is necessary to ensure that I have a fair opportunity to review and respond to the information contained within these documents, which are critical to my case. All communications and correspondence pertaining to this motion can be directed to me via my email address included at the top of this motion.

Thank you for your attention to this matter.

Respectfully,

/s/ *Matthew David Guertin*

STATE OF MINNESOTA

COUNTY of HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

MENTAL HEALTH DIVISION

In Re: the Civil Commitment of

Court File: 27-MH-PR-23-815

**Matthew Guertin**

DOB:  7/17/1981

**WAIVER**

Respondent.

After a full consultation with my attorney who has explained my rights to me and discussed with me the various alternatives available to me, I do hereby knowingly and voluntarily consent to the Court extending my Stay of Commitment  for a period of  9 months, without the hearing provided by Minn. Stat. §253B.05 subd.3, 08 and .09.

Dated: 1/31/2024

_____
Matthew David Guertin
Respondent

CERTIFICATION

I have advised the Respondent of all rights affected by the foregoing waiver, including the various options available and the consequences flowing from each option. The Respondent understood the rights involved and willingly signed the Waiver.

Dated:_____ _

_____

Attorney ID# 29579

Joel Fisher

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**FOURTH JUDICIAL DISTRICT
DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION**

--------------------------------------------------------------------------------------------------------

In the Matter of the Civil Commitment of:

File No. 27-MH-PR-23-815

**Matthew David Guertin,**
DOB: 07/17/1981

Respondent.

**ORDER FOR CONTINUED
STAYED OMMITMENT**

--------------------------------------------------------------------------------------------------------

The above-entitled matter was scheduled for a hearing on February 1, 2024, on Petitioner's motion to continue Respondent's Stayed Commitment pursuant to Minn. Stat. § 253B.095, subd. 3. Petitioner is represented by Lea De Souza, Assistant Hennepin County Attorney. Respondent is represented by Joel Fisher, Esq.

Prior to the scheduled hearing, Respondent executed a written waiver whereby Respondent waived his right to a hearing and agreed to a continuation of his Stayed Commitment for a period of nine (9) months. The court notes that Respondent had filed a Motion for Continuance and a Motion for Production of Medical records on January 30, 2024.

Based upon the foregoing,

**IT IS ORDERED:**

1. The Stayed Order for Commitment as Respondent as a person who poses a risk of harm due to a mental illness to the Commissioner of Human Services shall remain in full force and effect until November 8, 2024. This Stay and these proceedings will terminate without further Order of the Court on November 8, 2024, unless the Stay has been revoked prior thereto, or unless the matter has been continued pursuant to Minn. Stat. 253B.095, Subd. 3.

2. Respondent's Motion for Continuance and Motion for Production of Medical Records are dismissed without prejudice.

1

Exhibit K | Index 41 | p. 1

27-MH-PR-23-815

Filed in District Court
State of Minnesota
2/1/2024 8:39 AM

3. The hearing scheduled for February 1, 2024 at 9:00 AM is cancelled and shall be stricken from the court's calendar.

Order Recommended by:

Borer, George
Feb 1 2024 8:33 AM

_____
Referee of District Court

**BY THE COURT:**

Dayton Klein, Julia
Feb 1 2024 8:35 AM

_____
Judge of District Court

2

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**FOURTH JUDICIAL DISTRICT
DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION**

In the Matter of the Civil Commitment of:
**MATTHEW DAVID GUERTIN**,
                                        Respondent.

Court File No.: 27-MH-PR-23-815

Petitioner:
HENNEPIN COUNTY ATTORNEY'S OFFICE

Lead Attorney for Petitioner:
DE SOUZA, LEA MARIE

**RESPONDENT'S MOTION
TO COMPEL PRODUCTION
OF MEDICAL RECORDS**

TO:        THE HONORABLE JUDGES OF THE DISTRICT COURT.

### PRO SE REPRESENTATION NOTICE

I, Matthew David Guertin, hereby file this Motion to Compel Production of Medical Records pro se, for the limited purpose of this specific motion. Joel A. Fisher remains my court-appointed attorney for all other matters related to my case.

### MOTION

Pursuant to the General Rules of Practice for the District Courts, particularly focusing on Rules 26 through 37 concerning the scope and procedures of discovery, Matthew David Guertin, the Respondent in the above-captioned matter, acting specifically in a pro se capacity for this motion, respectfully requests the Court to order the production of medical records pertaining to the Respondent's examination by Dr. Adam Milz.

### BACKGROUND

The request for the production of medical records is grounded in the comprehensive framework established by Rules 26 through 37 of the General Practice Rules for the District Courts, which collectively govern the discovery process in litigation. This framework

Exhibit K | Index 43 | p. 1

underscores the entitlement of parties to access all relevant, non-privileged information that may support their claims or defenses.

## ARGUMENTS

**Scope of Discovery (Rule 26):**

This rule asserts the right to discover any matter that is not privileged and is relevant to any party's claim or defense, including documents and electronically stored information (ESI). The medical records sought herein are directly relevant to the case and fall within the scope of discovery as defined by this rule.

**Discovery Procedures (Rules 27-34):**

These rules provide detailed mechanisms for conducting discovery, including the production of documents and ESI (Rule 34). The procedures outlined are integral to this motion, establishing the legal basis for requesting and compelling the production of the medical records in question.

**Physical and Mental Examinations (Rule 35):**

While primarily addressing court-ordered examinations, this rule reflects the court's recognition of the importance of medical and mental conditions in legal proceedings. It supports the assertion that existing medical records, pertinent to the respondent's condition and examination, are crucial for a fair adjudication of the case.

**Requests for Admission (Rule 36) & Sanctions for Non-compliance (Rule 37):**

These rules further support the motion by enabling the use of admissions to confirm the relevance and necessity of the medical records and outlining potential sanctions for non-compliance with discovery obligations. The motion leverages these rules to emphasize the mandatory nature of producing relevant medical records upon request.

Exhibit K | Index 43 | p. 2

## CONCLUSION

In light of the detailed analysis supported by Rules 26 through 37 of the General Rules of Practice for the District Courts, and the crucial relevance of Dr. Adam Milz's medical examination report to the Respondent's case, this motion seeks not just to compel the production of essential documents but to uphold the principles of fairness, transparency, and due process in the legal proceedings.

Therefore, the Respondent respectfully implores the Court to grant this Motion to Compel Production of Medical Records and specifically order that the medical examination report by Dr. Adam Milz, conducted on January 3, 2024, be furnished to the Respondent within a reasonable timeframe. Such an order is vital for ensuring the Respondent has a fair opportunity for comprehensive case preparation and the ability to mount an effective defense.

This request is made in good faith, driven not by a desire for delay but by the necessity to safeguard the Respondent's right to a fair and equitable trial process, as enshrined in the Minnesota Rules of Civil Procedure and the broader ideals of justice and equity that underpin our legal system.

Respectfully submitted,

Date: <u>April 4, 2024</u>

By: <u>/s/ Matthew Guertin</u>
Matthew David Guertin
Respondent Pro Se
4385 Trenton Ln N #202
Plymouth, MN 55442
Telephone: 763-221-4540
Email: MattGuertin@Protonmail.com

Exhibit K | Index 43 | p. 3



### MINNESOTA JUDICIAL BRANCH
FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY

**PSYCHOLOGICAL SERVICES**
**300 S. 6th Street, Suite C-509, Minneapolis MN 55487-0351**
**Scheduling Line - 612-540-7303**

May 28, 2024

Matthew D. Guertin
1075 Traditions Ct.
Chaska, MN 55318

Dear Matthew Guertin,

The Court has ordered you to participate in a psychological evaluation. **Please contact the scheduling office within 24 hours of receiving this letter to make an appointment and to avoid delays in your case.** You can either call or email us to reach the scheduling staff. Scheduling hours are Monday through Friday, excluding holidays, from 8:30 am to 4:30pm.

**Phone: 612-540-7303**
**Email: 4thPsychServicesCMScheduling@courts.state.mn.us**

If you receive our voicemail, please leave your name and phone number and we will call back as soon as we are available.

Sincerely,

Psychological Services
Hennepin County District Court

AM

Exhibit K | Index 100 | p. 1



HENNEPIN COUNTY DISTRICT COURT
FOURTH JUDICIAL DISTRICT
PSYCHOLOGICAL SERVICES, SUITE C509
300 SOUTH SIXTH STREET MC - 351
MINNEAPOLIS, MINNESOTA 55487-0351

US POSTAGE ~PITNEY BOWES

ZIP 55487 $ 000.50⁷
02 4W
0000385560 MAY 28 2024

PRESORTED
FIRST CLASS

Matthew Guertin
1075 Traditions Ct.
Chaska, MN 55318

CGCUPSB 55318