# Exhibit P

**EXHIBIT P** [1]

A chronologically ordered series of blatantly deceptive events that were carried out by Bruce Rivers, and the Hennepin County Courts for the explicit intention of deceiving Guertin, and intentionally trying to 'spring a trap' on him in which he would be surprised by a completely unexpected civil commitment hearing that he was forced to appear at, and then be detained at court at committed directly to a 'safe and secure facility' where he would be checked up on every six months in order to determine whether or not he was 'restored to competency' or not..

Guertin ended up discovering the surprise hearing less than a week before it was scheduled to take place. He desperately contacted Bruce Rivers in order to be provided with the critical Rule 20.01 exam report that had determined he was 'incompetent' – only to never be provided with it – STILL, TO THIS VERY DAY. BOTH THE COURT AND BRUCE RIVERS REFUSE TO PROVIDE GUERTIN WITH THE EXAM REPORT FROM JANUARY OF 2024.

Through a series of calculated, yet panicked maneuvers, Guertin was able to very narrowly escape the forced attendance of the civil commitment hearing on Feb 1st, 2024 by finding the contact information for his new court appointed attorney and reaching out to him first – which if he had not done would've resulted in Guertin never getting in touch with him prior to the hearing due to the court providing him with a completely wrong phone number for Guertin. In addition Guertin assembled, and filed two pro se motions last minute on January 30, 2024 – a motion for continuance, and a motion for production of medical records in order to be provided with the Rule 20.01 exam report he had still not received – a document which was critical in the courts determination of whether or not he would be detained at court, 'Disappeared' into a mental institution for who knows how long - with this being something that MANY powerful people would LOVE to have happen due to Guertin unraveling the entire criminal conspiracy they are all a part of – the one which stole Guertin's US Patent 11,577,177 directly out of the US Patent Office through the filing of a duplicate application just 12 days after Guertin filed his. An application filed by Stephan Trojansky, and then snatched up by Netflix, Inc. a short time later.

Guertin's life is being DESTROYED as a result - And instead of anyone helping Guertin, it would instead appear that they are ALL a part of it. This even includes Bruce Rivers, whom Guertin has known for over 20 years prior to retaining him as defense counsel. EVERYONE is actively working against him for some reason – due to either financial incentives / threats / shared interests...who knows. But it is definitely happening, and it is completely SURREAL..still..

What exactly this means for the July 16th, 2024 'Review Hearing' that is scheduled for today at 1:30pm? Your guess is as good as Guertin's – he is pretty much expecting to be detained at court though, as he has now proven not only the patent fraud, but also the fraud taking place within the court itself. Every single one of Guertin's constitutional rights, access to a 'fair trial', and 'due process' are of no concern at all to whoever it is lurking in the shadows, and pulling the strings currently.

GUERTIN WISHES THAT HE ACTUALLY WAS 'SCHIZOPHRENIC and/or PSYCHOTIC' as the court has falsely labeled him through their blatantly fraudulent actions. It would likely mean that the surreal nightmare that has somehow become Guertin's 'Life' could potentially be resolved with nothing more than a pill or two.  One can only dream….

---

1   Make use of the bookmarks for easy navigation of this exhibit.

**Upcoming Hearing:**
Review Hearing on **07/16/2024** at **1:30 PM**

| | Case Information | Case Information |
|---|---|---|
| | **Case Number:** 27-CR-23-1886<br>**Case Status:** Dormant<br>**Judicial Officer:** Quam, Jay | **Case Number:** 27-MH-PR-23-815<br>**Case Status:** Under Court Jurisdiction |
| | **Defendant**<br>GUERTIN, MATTHEW DAVID | **Respondent**<br>GUERTIN, MATTHEW DAVID |
| 02/16/2024 | | Affidavit of No Service<br>Index #42 |
| 02/01/2024 | | Order for Continued Commitment<br>Judicial Officer: Borer, George<br>Index #41 *Index #40 is missing* | **Index #40 is missing/deleted from Guertin's civil case timeline** |
| 01/31/2024 | | Taken Under Advisement<br>Judicial Officer: Borer, George<br>Index #39 | **Bruce Rivers has still NEVER provided Guertin with the January exam report despite countless, direct requests for it** |
| 01/31/2024 | | Waiver<br>Index #38 | **Guertin sends his motions to his court appointed attorney and signs a waiver to avoid the in-person appearance** |
| 01/30/2024 | | Motion for Production of Medical Records<br>Index #37 | **On Tues, Jan 26 at 6:37am Guertin files a pro se motion for continuance** |
| 01/30/2024 | | Request for Continuance Needing Judicial Approval<br>Index #36 | **..followed up by a motion for the critical exam report** |
| 01/25/2024 | | Order for Production of Medical Records<br>Index #35 | **On Friday, Jan 26 Guertin realizes what is taking place, and instantly** |
| 01/25/2024 | | Correspondence<br>Index #34 | **..begins trying to contact Bruce Rivers for the exam report (Exh. C, Index 30, p. 37-38, 83, 85)** |
| 01/25/2024 | | Proposed Order or Document<br>Index #33 | **On Thursday, Jan 25 - one week before the scheduled hearing, four** |
| 01/25/2024 | | Motion for Production of Medical Records<br>Index #32 | **..separate actions take place in Guertin's civil case** |
| 01/22/2024 | | Affidavit of Service<br>Index #31 | **On Monday, Jan 22 an 'affidavit of service' is filed (a Sheriff serving an 'order to appear'..)** |
| 01/22/2024 | | Order and Notice of Hearing<br>Index #30 | **and the Feb 1st hearing is scheduled for Thursday the following week - 10 days away** |
| 01/17/2024 | | Correspondence<br>Index #29 | **Right away - three separate events take place on Wednesday, January 17 in Guertin's civil case** |
| 01/17/2024 | | Other Document<br>Index #28 | |
| 01/17/2024 | | Finding of Incompetency and Order<br>Judicial Officer: Mercurio, Danielle<br>Index #25 *out of sequence* 4 pages | Notice of Motion and Motion<br>Index #27 <br>**On Jan 17 at 7:29am the withheld court order, prepared and signed the previous day, is submitted into the record (Exh. A, Index 25, p. 1)** |
| 01/16/2024 | | Notice of Remote Hearing with Instructions<br>Index #26 2 pages | **On Jan 16th at 4:19pm - A 'Notice of Remote Zoom Hearing' is submitted into the record for Guertin's July 16, 2024 'review hearing' - which is six months away (Exh. A, Index 26, p. 1-2)** |
| 01/16/2024 | | Found Incompetent<br>Judicial Officer: Mercurio, Danielle<br>*this is where Index #25 should be...* | **On Jan 16th at 8:27am a court order is signed that states "Prior to the hearing, the parties agreed to a finding of incompetency entered administratively." (Exh. A, Index 25, p. 1)** |
| 01/16/2024 | | Waiver of Appearance<br>Index #24 | **On Jan 15th at 6:26pm Bruce Rivers tells Guertin there is "No court" for his scheduled Jan 16th, 1:30pm hearing (Exh. C, Index 30, p. 35, 83 [Texts-27])** |

Exhibit P | Commitment Conspiracy | p. 1

## Re: Matt Guertin / LinkedIn Search Graph

From   mattguertin <MattGuertin@protonmail.com>

To   Bruce Rivers<riverslawyers@aol.com>

Date   Sunday, January 14th, 2024 at 12:00 PM

Can my court date on Tuesday be over Zoom then?

*(Exh. D, Index 38, p. 141)*

## Re: Matt Guertin / LinkedIn Search Graph

From   mattguertin <MattGuertin@protonmail.com>

To   Bruce Rivers<riverslawyers@aol.com>

Date   Monday, January 15th, 2024 at 3:02 PM

YO

*(Exh. D, Index 38, p. 142)*



*(Exh. C, Index 30, p. 85)*



*(Exh. C, Index 30, p. 83 [Texts-27])*

BRUCE RIVERS TELLS GUERTIN THERE IS **"NO COURT"** FOR HIS 1:30PM HEARING THE NEXT DAY – after finally contacting him just hours before it was scheduled...

2



(*Exh. C, Index 30, p. 83 [Texts-28]*)

**On January 16:** Guertin never attempted to call Bruce Rivers, and Rivers never attempted to call or contact Guertin following this exchange.

A **'Waiver of Appearance'** is entered into the record of Guertin's criminal case at Index #24 - this is followed up with the submission of an entry which states **"Found Incompetent Judicial Officer: Mercurio, Danielle"** which contains no 'Index #', with neither of these entries having a corresponding PDF document available.

| | | |
|---|---|---|
| 01/16/2024 | Found Incompetent Judicial Officer: Mercurio, Danielle | |
| 01/16/2024 | Waiver of Appearance Index #24 | |
| 01/11/2024 | Rule 20 Evaluation Report Index #23 | |

(*Exh. A, Index 00, p. 7*)

**January 16 at 8:27am:** A court order with a displayed title of 'FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY' is signed by Referee Danielle C. Mercurio.

**January 16 at 9:22am:** The same order is subsequently signed by Judge Julia Dayton Klein

| STATE OF MINNESOTA | DISTRICT COURT FOURTH JUDICIAL DISTRICT |
|---|---|
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |
| State of Minnesota, | Court File No. 27-CR-23-1886 |
| Plaintiff, | **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY** |
| vs. | |

Order Recommended By:                          BY THE COURT:

Mercurio, Danielle
Jan 16 2024 8:27 AM
Referee of District Court

Dayton Klein, Julia
Jan 16 2024 9:22 AM
Judge of District Court

(*Exh. A, Index 25, p. 4; Exh. C, Index 30, p. 36*)

3

The actual title of the document, as retrieved by Guertin using 'Exiftool' reads:

**"Commitment Order (MI, DD)"** - with "MI" and "DD" assumed to mean **"Mentally Ill"** and **"Developmentally Disabled"**

The metadata further reveals the 'Author' and 'Creator' of the document to be **"barbj"**

```
ExifTool Version Number         : 12.40
File Name                       : 25__Finding-of-Incompetency-and-Order__2024-01-1
7.pdf
Author                          : barbj
Create Date                     : 2024:01:16 08:26:48-06:00
g iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed ver
sion)
Creator Tool                    : Microsoft® Word for Microsoft 365
Metadata Date                   : 2024:01:17 07:29:42-06:00
Title                           : Commitment Order (MI, DD)
Creator                         : barbj
```

### The January 16, 2024 court order contains the following key statements:

This matter was scheduled to come before the undersigned Referee of District Court on January 16, 2024. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Bruce Rivers, Esq.

Prior to the hearing, the parties agreed to a finding of incompetency entered administratively. Based on all the files, records and proceedings in this case, the Court makes the following:

January 16, 2024 Court Order - (*Exh. A, Index 25, p. 1*)

**FINDINGS OF FACT**

2. On November 15, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

January 16, 2024 Court Order - (*Exh. A, Index 25, p. 1, Id. 2, 3, 4*)

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

January 16, 2024 Court Order - (*Exh. A, Index 25, p. 2, Id. 6*)

GUERTIN NEVER 'AGREED' TO, OR HAD A CHANCE TO 'CONTEST' ANYTHING… HE WAS TOLD THERE WAS "NO COURT" BY BRUCE RIVER'S THE NIGHT BEFORE – THE 'PLAN' BEGINS THE NEXT MORNING - AT 8:26 am

4

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

January 16, 2024 Court Order - (*Exh. A, Index 25, p. 3, Id. 9, 10, 11*)

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 16, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Bruce Rivers, Attorney for Defendant (riverslawyers@aol.com);

    c. Jacqueline Perez, Assistant Hennepin County Attorney (jacqueline.perez@hennepin.us);

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

January 16, 2024 Court Order - (*Exh. A, Index 25, p. 4, Id. 12, 13*)

**January 16 at 1:30pm:** Guertin's scheduled 1:30pm review hearing is indicated as being 'Cancelled; Other' in the 'Hearings' section of his criminal case timeline.

**Hearings**

**Previous Hearings**

01/16/2024   01:30 PM    Review Hearing
Judicial Officer: Mercurio, Danielle
Location: GC-C556
Cancelled; Other

27-CR-23-1886 Case Timeline - (*Exh. A, Index 00, p. 9*)

**January 16 at 4:19pm:** A 'Notice of Remote Zoom Hearing' is submitted into Guertin's case at Index #26.

This notice is for his next review hearing that is six months away - on July 16, 2024.

Notably this document is two pages in length, with only the first page containing an 'e-file timestamp' instead of all of the pages, as is standard.

This e-file timestamp once again is 'non-standard' in its placement on the first page, its left-justified text instead of right, and notably the time-stamp for this particular document does not contain the actual 'time' at all for some strange reason.



'Notice of Remote Zoom Hearing' - (*Exh. A, Index 26, p. 1-2*)

This 'Notice of Remote Hearing' being submitted for a date 6 months away, while at the same time the January 16th Court Order is being intentionally withheld are both for the purpose of deceiving Guertin had he had looked at his court case files on January 16th – the day the hearing he had been told there was now "No court" for, was originally scheduled to take place.

It would cause him to believe he had 'no worries' for the next six months...

**Guertin was able to figure out the missing time of '4:19pm' by once again using 'Exiftool' to view the PDF's metadata properties.**

```
ExifTool Version Number      : 12.40
File Name                    : 26__Notice-of-Remote-Hearing-with-Instructions__
2024-01-16.pdf
Author                       : hernandezke
Create Date                  : 2024:01:16 16:19:59-06:00
Modify Date                  : 2024:04:28 02:24:24-05:00
XMP Toolkit                  : Adobe XMP Core 5.1.0-jc003
Creator Tool                 : PScript5.dll Version 5.2.2
Producer                     : Acrobat Distiller 23.0 (Windows); modified using
 iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed vers
ion)
Title                        : Microsoft Word - Document in Unnamed
Creator                      : hernandezke
Page Count                   : 2
```

'Notice of Remote Zoom Hearing' - (*Exh. A, Index 26, p. 1-2*)

**January 17 at 7:29am:** The court order that was prepared, and signed during the early morning hours of January 16, the previous day, is officially submitted into the record of Guertin's criminal case, 27-CR-23-1886.



Filed in District Court
State of Minnesota
Jan 17, 2024 7:29 am

**STATE OF MINNESOTA**                    **DISTRICT COURT**
                                    **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**                    **CRIMINAL DIVISION**

State of Minnesota,
                                    Court File No. 27-CR-23-1886
                    Plaintiff,
                                    **FINDINGS OF FACT,**
        vs.                         **CONCLUSIONS OF LAW**
                                    **AND ORDER REGARDING**
Matthew David Guertin,              **COMPETENCY**

The 'January 16 Court Order' magically becomes the 'January 17 Court Order'
(*Exh. A, Index 00, p. 7, Index 25, p. 1*)

Once again things begin moving forward before the court is even open – 7:29 am in the morning….

**The new 'January 17 Court Order' appears in the timeline of Guertin's criminal case at Index #25 - which is logically, and sequentially OUT OF ORDER**

This is due to the fact that Index #25 appears AFTER the 'Notice of Remote Zoom Hearing' which is filed as Index #26



27-CR-23-1886 Case Timeline - (*Exh. A, Index 00, p. 7*)

**The metadata for the January 17 Court Order, as retrieved using 'Exiftool' reveals a 'Create Date' of '2024:01:16 08:26:48-06:00'**

which translates to 8:26 am on January 16th – Just one minute before the court order was then signed by Referee Danielle C. Mercurio at 8:27 am

```
ExifTool Version Number        : 12.40
File Name                      : 25__Finding-of-Incompetency-and-Order__2024-01-1
7.pdf
Author                         : barbj
Create Date                    : 2024:01:16 08:26:48-06:00
g iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed ver
sion)
Creator Tool                   : Microsoft® Word for Microsoft 365
Metadata Date                  : 2024:01:17 07:29:42-06:00
Title                          : Commitment Order (MI, DD)
Creator                        : barbj
```

January 17 Court Order - (*Exh. A, Index 25*)

So Guertin has now been declared 'incompetent' with a completely fraudulent court order which states that he 'agreed' to a finding of incompetency prior to the scheduled 1:30pm hearing that was originally going to take place at 1:30pm on January 16 – the one Bruce Rivers told him was no longer taking place – yet the order indicates that Bruce Rivers acted on Guertin's behalf - without his knowing or implied consent.

> Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**Notably, the new January 17 Court Order only contains an e-file timestamp located at the top-center of the first page, and DOES NOT contain the standard 'E-File time-stamp' which always appears in the upper-right corner of ALL PDF pages.**

The time-stamp text is also left-justified, as opposed to the standard right justicfication, and furthermore, instead of the date and time being formatted in the standard "1/17/2024 7:29 AM", it is instead formatted as "Jan 17, 2024 7:29 am".

These anomalies, along with the noticeably mis-aligned bottom row of text are highly indicative of the time-stamp being added manually 'after-the-fact' and the document then being filed in a non-standard way – Perhaps by someone with access to the courts MCRO electronic records system.



**January 17, 2024:** Following the intentional withholding of the court order from the previous day, and its early morning submission into Guertin's criminal case record, all further court actions are 'shifted' over to Guertin's civil case proceedings (27-MH-PR-23-815)

| | | |
|---|---|---|
| 01/25/2024 | Order for Production of Medical Records | Index #35 |
| 01/25/2024 | Correspondence | Index #34 |
| 01/25/2024 | Proposed Order or Document | Index #33 |
| 01/25/2024 | Motion for Production of Medical Records | Index #32 |
| 01/22/2024 | Affidavit of Service | Index #31 |
| 01/22/2024 | Order and Notice of Hearing | Index #30 |
| 01/17/2024 | Correspondence | Index #29 |
| 01/17/2024 | Other Document | Index #28 |
| 01/17/2024 | Notice of Motion and Motion | Index #27 |

27-MH-PR-23-815 Case Timeline - (*Exhibit K, Index 00, p. 2*)

**On Friday, January 26, 2024 Guertin suddenly discovers the surprise civil commitment hearing scheduled for February 1 after reviewing his case files online. Notably the unexpected hearing is scheduled for Thursday of the following week – less than a week away.**

After Guertin reads the January 16-17 Court Order he becomes completely freaked out, as the language used is very straight forward based on his interpretation. What Guertin reads in the order directly implies that he is going to be be detained at court and committed to a 'safe and secure facility' where he will be checked up on 'at least every six months' until he is 'restored to competency'.

Guertin instantly begins seeking the provision of the Rule 20.01 exam report that determined he was 'incompetent to stand trial' as he realizes that the outcome of the surprise court hearing, insofar as whether or not he would be directly detained at court, all centered around this key document – one which he still hasn't been provided with.

**January 26 at 12:49pm:** Guertin calls Bruce Rivers to try and obtain the exam report



Calls to Bruce Rivers seeking exam report - (*Exh. C, Index 30, p. 85 [Calls-05]*)

**January 26 at 12:51pm:** Guertin sends text messages to Bruce Rivers requesting his Rule 20.01 exam report



Text messages to Bruce Rivers seeking exam report - (*Exh. C, Index 30, p. 83 [Texts-28-29]*)

Exhibit P | Commitment Conspiracy | p. 10

**January 26 at 1:38 pm:** Guertin is able to find the email address for his new court appointed attorney, Joel Fisher, in the 'Service Contacts' section of his cases 'E-File and Serve' page. Guertin sends an email to him about the surprise civil commitment hearing to try and determine what exactly is taking place.



**Matthew Guertin - Hello**

| From (senders in message print header) | mattguertin |
| To | Joel Fisher |
| Date | Friday, January 26th, 2024 at 1:38 PM |

Joel,

Apparently you are my newly assigned attorney since I am still incompetent and unable to understand the nature of the charges against me or aid in my own defense...

I found your contact information by logging into my Hennepin County Case file and reviewing the service contacts....you know....since I am incompetent and whatnot.

I tried calling you but did not get an answer. Just wanted to touch base.

I am also wondering if my court proceedings are going to be over Zoom?

Guertin's initial email to his new, court appointed attorney, Joel Fisher -
(*Exh. K, Index 36, p. 7*)

**January 26 at 4:38 pm:** Guertin sends an email to Bruce Rivers requesting the exam report



**Re: Matt Guertin / LinkedIn Search Graph**

| From | mattguertin <MattGuertin@protonmail.com> |
| To | Bruce Rivers<riverslawyers@aol.com> |
| Date | Friday, January 26th, 2024 at 4:38 PM |

Bruce,

<mark>Can you please email me my psychological evaluation report?</mark>

Thank you.

~Matt

An email is sent to Bruce Rivers seeking the exam report - (*Exh. D, Index 38, p. 143*)

**Saturday, January 27 at 2:13 pm:** Joel Fisher replies to Guertins email -
"I'm hoping to see if there is some sort of an offer from the county."



> **Re: Matthew Guertin - Hello**
>
> From (senders in message print header)   Joel Fisher
> To                                       mattguertin
> Date                                     Saturday, January 27th, 2024 at 2:13 PM
>
> Hi, Mr. Guertin--I wanted to let you know that I received your email. I'm hoping to see if there is some sort of an offer from the county.
>
> - - - - - - - - -
> Joel Fisher
> Attorney at Law

Joel Fisher replies to Guertin's initial email - (*Exh. K, Index 36, p. 9*)

**Sunday, January 28 at 9:51 pm:** Guertin replies -
"An 'offer' for what exactly? I have no idea what is going on.."



> **Re: Matthew Guertin - Hello**
>
> From (senders in message print header)   mattguertin
> To                                       Joel Fisher
> Date                                     Sunday, January 28th, 2024 at 9:51 PM
>
> Joel,
>
> An 'offer' for what exactly? I have no idea what is going on..
>
> Thanks,
>
> ~Matt

Guertin's Sunday evening email reply to Joel Fisher - (*Exh. K, Index 36, p. 10*)

**Monday, January 29 at 5:46 am:** Joel Fisher replies -
"I'll try to call you this AM."



| Re: Matthew Guertin - Hello | |
|---|---|
| From (senders in message print header) | Joel Fisher |
| To | mattguertin |
| Date | Monday, January 29th, 2024 at 5:46 AM |

I'll try to call you this AM.

- - - - - - - - -
Joel Fisher
Attorney at Law

Joel Fisher's Monday morning email reply to Guertin - (*Exh. K, Index 36, p. 11*)

**Monday, January 29 at 11:14 am:**  Joel Fisher replies -

"What's the best # to reach you. I must have an old # 763-245-0896"

The court provided Guertin's new court appointed attorney, with a phone number that has no resemblence at all to his actual phone number – meaning it appears to be a completely random phone number they thought up.



| Phone | |
|---|---|
| From (senders in message print header) | Joel Fisher |
| To | mattguertin |
| Date | Monday, January 29th, 2024 at 11:14 AM |

What's the best # to reach you. I must have an old # 763-245-0896.

- - - - - - - - -
Joel Fisher
Attorney at Law

Joel Fisher's email reply to Guertin reveals that an incorrect phone number was provided to him by the Hennpin County Court - (*Exh. K, Index 36, p. 12*)

**Tuesday, January 30 at 6:37 am:** Guertin submits a pro se
'Motion for Continuance' into his civil case record. **It's filed at Index #36**

STATE OF MINNESOTA
COUNTY OF HENNEPIN
DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CIVIL DIVISION

**In the Matter of the Civil Commitment of:**
**Matthew David Guertin,**
**Respondent**

Court Case # 27-MH-PR-23-815

**MOTION FOR CONTINUANCE**

I, Matthew David Guertin, the respondent in the above-referenced civil commitment proceeding, hereby respectfully request a continuance of the court hearing currently scheduled for February 1, 2024. This request is based on several critical factors that significantly impact my ability to adequately prepare for the hearing.

1.  I have only recently become aware of the scheduled court date, giving me less than a week to prepare, which is insufficient given the complexity of the case.

2.  I have not received crucial medical records, including the psychological evaluation report by Dr. Adam Milz, despite repeated requests to my legal representatives.

Email communications showing my attempts at receiving my exam report are included with this motion

3.  There has been a lack of effective communication with my civil court-appointed attorney, possibly due to errors in information provided by the court or an oversight on the part of the attorney. Regardless I was just alerted via email yesterday that he did not have a correct phone number to reach me.

Email from Joel Fisher indicating that he was not provided with or did not have my correct phone number on record is included with this motion.

Guertin's pro se 'Motion for Continuance' - (*Exh. K, Index 36, p. 1*)

14

**REASONS FOR REQUEST:**

1.  **Lack of Essential Medical Records:** Non-receipt of crucial medical records directly hinders my understanding of the case and defense preparation.

2.  **Need for Effective Communication with Legal Counsel:** The apparent miscommunication with my appointed attorney affects my right to effective legal representation.

3.  **Exploring Options for Private Legal Counsel:** The serious nature of the case compels me to consider additional legal opinions to ensure the best possible defense. In regards to the 'seriousness' that I mention I am specifically referring to the contents of the court order that was filed in criminal court as a result of Dr. Adam Milz's psychological evaluation report which makes mention of me potentially losing my freedom by being detained and committed to a facility.

The mentioned court order filed in criminal court is included with this motion for reference.

4.  **Requirement for Clarity and Fairness in Proceedings:** The confusion and potential errors in the handling of my case by the involved agencies necessitate additional time for clarification and appropriate preparation.

I kindly request that the court reschedule the hearing to a date at least 30 days later to allow sufficient time for these preparations.

In the interest of justice and a fair hearing, I respectfully request the Court to grant this motion for continuance. Adequate preparation time is essential to ensure that my rights are fully protected and that I can effectively participate in my defense. All communication regarding this motion is to be directed to myself via the email listed at the top of this motion please.

Thank you for your attention to this matter.

Guertin's pro se 'Motion for Continuance' - (*Exh. K, Index 36, p. 2*)

**Tuesday, January 30 at 6:43 am:** Guertin submits a pro se 'Motion for Production of Medical Records' into his civil case record. **It's filed at Index #37**

In the Matter of the Civil Commitment of:
**Matthew David Guertin,**
**Respondent**

Court Case # 27-MH-PR-23-815

**MOTION FOR PRODUCTION OF MEDICAL RECORDS**

I, Matthew David Guertin, the respondent in the above-referenced civil commitment proceeding, hereby respectfully request the production of medical records pertaining to my psychological evaluation conducted by Dr. Adam Milz. This motion is made pursuant to the relevant rules and regulations governing the disclosure and production of medical records in the State of Minnesota and Hennepin County.

1.  As part of the ongoing proceedings in my case, I underwent a psychological evaluation conducted by Dr. Adam Milz on January 3rd 2024

2.  The findings and details of this evaluation are critical to my understanding of the case and preparation for my defense.

3.  Despite multiple requests, I have not yet received these essential documents.

Guertin's pro se 'Motion for Production of Medical Records' - (*Exh. K, Index 37, p. 1*)

I specifically request the Court to direct Dr. Adam Milz, or the custodian of his records, to produce the following:

    **1.**  The complete psychological evaluation report conducted by Dr. Adam Milz of myself on January 3rd 2024

    **2.**  All notes, observations, and any other documents or records related to the evaluation.

    **3.**  Any other relevant medical or psychological records that pertain to my mental health evaluation and treatment.

**REASONS FOR REQUEST:**

    Access to these records is essential for a comprehensive understanding of the evaluation's conclusions, which are instrumental in formulating my defense strategy in the civil commitment proceedings.

In light of the above, I respectfully request the Court to order the production of the specified medical records at the earliest convenience. This is necessary to ensure that I have a fair opportunity to review and respond to the information contained within these documents, which are critical to my case. All communications and correspondence pertaining to this motion can be directed to me via my email address included at the top of this motion.

Thank you for your attention to this matter.

Guertin's pro se 'Motion for Production of Medical Records' - (*Exh. K, Index 37, p. 2*)

**Wednesday, January 31:** Guertin signs a 'Waiver' agreeing to extend his 'Stay of Commitment' by an additional 9 months to avoid attending the in-person hearing and being detained at court due to not being provided with the Rule 20.01 exam report.

**The Waiver that Guertin signed is entered into the record at Index #38**

STATE OF MINNESOTA
COUNTY of HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
MENTAL HEALTH DIVISION

In Re: the Civil Commitment of

Matthew Guertin

DOB: 7/17/1981

Court File: 27-MH-PR-23-815

**WAIVER**

                **Respondent.**

After a full consultation with my attorney who has explained my rights to me and discussed with me the various alternatives available to me, I do hereby knowingly and voluntarily consent to the Court extending my Stay of Commitment for a period of 9 months, without the hearing provided by Minn. Stat. §253B.05 subd.3, 08 and .09.

Dated: 1/31/2024

Matthew David Guertin
Respondent

The 'Waiver' Guertin signed to avoid the Feb 1st, in-person hearing - (*Exh. K, Index 38, p. 1*)

Guertin believes that his signing of the 'Waiver' was something facilitated entirely 'outside' the knowledge of the three judicial officers who have overseen, and tightly controlled every single aspect of his criminal proceedings thus far. Guertin is of the belief that by emailing his pro se motions to his court appointed attorney, who in turn made direct contact with Lea De Souza, resulting in the agreement for Guertin to be able to sign the Waiver, and avoid having to appear in-person at the hearing as was originally planned - That he was essentially able to completely circumvent the 'containment' factor, which in turn would mean that the sudden appearance of the Hennepin County Attorney, Lea De Souza, the Waiver agreement, and Guertin actually managing to get in touch with his court appointed attorney was very likely a complete, and unexpected surprise to Judge Julia Dayton Klein, George Borer, and Danielle C. Mercurio – Just as the entire February 1st hearing itself had been to Guertin.

**Wednesday, January 31:** Following Guertin's signing of the Waiver, and its subsequent presentation to the court, Judicial Referee George Borer submits a 'Taken Under Advisement' notice into Guertin's civil case record.

**This action appears at Index #39 in Guertin's civil case file**

| | | |
|---|---|---|
| 01/31/2024 | Taken Under Advisement | |
| | Judicial Officer: Borer, George | |
| | Index #39 | |
| 01/31/2024 | Waiver | |
| | Index #38 | |

George Borer's 'Taken Under Advisement' action is submitted in Guertin's Civil Case Timeline at Index #39 - (*Exh. K, Index 00, p. 1*)

So not only has Guertin now been declared 'incompetent' through a completely underhanded, and shady maneuver that was facilitaed by Bruce Rivers telling Guertin there was "No court" only to then enter a completely false, and never made agreement into the record of Guertin's case – but now, due to the fact that neither Bruce Rivers or the court will provide Guertin with the Rule 20.01 exam report that declared him 'incompetent' Guertin has been forced into having to sign an agreement just one day before the surprise, in-person hearing, which extended his order of 'stayed commitment' another nine months.

Guertin never agreed to a determination of 'incompetency', and the 'Stayed Order of Civil Commitment' he was forced into extending, in order to avoid being directly detained at court and committed to a 'safe and secure facility', would have already expired – meaning that the entire determination of Guertin's current 'incompetence', as well as his current status of still being on a 'Stayed Order of Civil Commitment' should not exist at all – yet they do.

**Thursday, February 1 at 8:39 am:** A court order is submitted into Guertin's civl case for 'Continued Stayed Commitment'

---

27-MH-PR-23-815

Filed in District Court
State of Minnesota
2/1/2024 8:39 AM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT
DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION

------------------------------------------------------------

In the Matter of the Civil Commitment of:

Matthew David Guertin,
DOB: 07/17/1981

Respondent.

File No. 27-MH-PR-23-815

ORDER FOR CONTINUED
STAYED OMMITMENT

------------------------------------------------------------

The above-entitled matter was scheduled for a hearing on February 1, 2024, on Petitioner's motion to continue Respondent's Stayed Commitment pursuant to Minn. Stat. § 253B.095, subd. 3. Petitioner is represented by Lea De Souza, Assistant Hennepin County Attorney. Respondent is represented by Joel Fisher, Esq.

Prior to the scheduled hearing, Respondent executed a written waiver whereby Respondent waived his right to a hearing and agreed to a continuation of his Stayed Commitment for a period of nine (9) months. The court notes that Respondent had filed a Motion for Continuance and a Motion for Production of Medical records on January 30, 2024.

Based upon the foregoing,

IT IS ORDERED:

1. The Stayed Order for Commitment as Respondent as a person who poses a risk of harm due to a mental illness to the Commissioner of Human Services shall remain in full force and effect until November 8, 2024. This Stay and these proceedings will terminate without further Order of the Court on November 8, 2024, unless the Stay has been revoked prior thereto, or unless the matter has been continued pursuant to Minn. Stat. 253B.095, Subd. 3.

2. Respondent's Motion for Continuance and Motion for Production of Medical Records are dismissed without prejudice.

---

February 1, 2024 'Order for Continued Stayed Commitment' - (*Exh. K, Index 41, p. 1*)

Exhibit P | Commitment Conspiracy | p. 18

The February 1 Court Order was recommended by Referee George Borer, and was *once again*..subsequently signed by Judge Julia Dayton Klein.

The order states:

**"The hearing scheduled for February 1, 2024 at 9:00 AM is cancelled and shall be stricken from the court's calendar."**



February 1, 2024 'Order for Continued Stayed Commitment' - (*Exh. K, Index 41, p. 2*)

Even though the February 1 hearing is officially documented within the court order itself as being **'cancelled, and stricken from the court's calendar'**

It still appears in the 'Hearings' section of Guertin civil case timeline as being **'Held Off The Record'** for some reason



Guertin's Civil Case timeline - (*Exh. K, Index 00, p. 4*)

**Furthermore, the February 1st Court Order was submitted into Guertin's civil case record at Index #41 - instead of Index #40 as it should've been**

**Index #40 is missing, or was deleted from Guertin's civil case timeline**



Guertin's Civil Case timeline - (*Exh. K, Index 00, p. 1*)

Guertin's initial 'Motion for Production of Medical Records' he filed into his civil case, pro se, on January 30, 2024 was officially 'Dismissed without Prejudice' as part of the February 1, 2024 court order:

Based upon the foregoing,

**IT IS ORDERED:**

2.   Respondent's Motion for Continuance and Motion for Production of Medical Records are dismissed without prejudice.

February 1, 2024 'Order for Continued Stayed Commitment' - (*Exh. K, Index 41, p. 2*)

**April 3, 2024:** Guertin emails Bruce Rivers with a request that he please submit a 'Withdrawal of Representation' into his criminal case so that he can represent himself pro se. Guertin attaches his 'Petition to Proceed as ProSe Counsel' to the email.



NOTICE OF DISMISSAL AS DEFENSE COUNSEL / Matthew Guertin / 27-CR-23-1886

From    mattguertin <MattGuertin@protonmail.com>
To        Bruce Rivers<riverslawyers@aol.com>
Date     Wednesday, April 3rd, 2024 at 7:07 AM

Bruce,

My filed 'Motion to Proceed as Pro Se' is attached.
Please submit a formal 'Withdrawal of Representation' into my case file when you are able.

Thank you,

~Matt Guertin

Sent with Proton Mail secure email.

300.35 KB    1 file attached

27-CR-23-1886_Pro-Se-Motion_2024-04-03.pdf    300.35 KB

April 3, 2024 – A 'Notice of Dismissal' email to Bruce Rivers from Guertin - (*Exh. D, Index 38, p. 144*)

**April 4, 2024:** Guertin submitted a pro se 'Motion to Compel Production of Medical Records' into his civil case in an attempt to be provided with the missing Rule 20.01 Exam Report from January - this motion has been ignored and unacknowledged.

27-MH-PR-23-815

Filed in District Court
State of Minnesota
4/4/2024 7:30 AM

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**FOURTH JUDICIAL DISTRICT**
**DISTRICT COURT**
**PROBATE/MENTAL HEALTH DIVISION**

In the Matter of the Civil Commitment of:
**MATTHEW DAVID GUERTIN**,
Respondent.

Court File No.: 27-MH-PR-23-815

Petitioner:
HENNEPIN COUNTY ATTORNEY'S OFFICE

**RESPONDENT'S MOTION**
**TO COMPEL PRODUCTION**
**OF MEDICAL RECORDS**

Lead Attorney for Petitioner:
DE SOUZA, LEA MARIE

April 4, pro se 'Motion to Compel Production of Medical Records' - (*Exh. K, Index 43, p. 1*)

Therefore, the Respondent respectfully implores the Court to grant this Motion to Compel Production of Medical Records and specifically order that the medical examination report by Dr. Adam Milz, conducted on January 3, 2024, be furnished to the Respondent within a reasonable timeframe. Such an order is vital for ensuring the Respondent has a fair opportunity for comprehensive case preparation and the ability to mount an effective defense.

Respectfully submitted,

Date: April 4, 2024

By: /s/ Matthew Guertin
Matthew David Guertin
Respondent Pro Se

April 4, pro se 'Motion to Compel Production of Medical Records' - (*Exh. K, Index 43, p. 2*)

**April 18, 2024:** Guertin sends a text message to Bruce Rivers asking him to withdrawal from his case so that he can obtain new defense counsel to represent him.

In this message Guertin mentions the fact that he has been advised by multiple people closely involved in his case (whom he trusts) that he should in fact seek new legal representation "as soon as possible" after Guertin directly addressed the situation and what was currently taking place with River's failure to represent him or provide access to any discovery materials or exam reports.

Bruce does not withdrawal from Guertin's case



Text message to Bruce Rivers from Guertin in which he asks him to withdrawal from his case a second time - (*Exh. D, Index 38, p. 148*)

**May 3, 2024:** Guertin submitted a pro se 'Follow-Up Correpsondence' into his criminal case record, in which he directly addressed his desire to be provided with the missing exam report, in addition to the failure of both the court, as well as his defense counsel, Bruce Rivers, to acknowledge any of his requests to be provided with access to both his Rule 20.01 exam report from January, 2024, as well as discovery materials despite repeated requests.

---

**May 3, 2024**

**Clerk of the Court**
MN 4th Judicial District Court
300 South Sixth Street
Minneapolis, MN 55487

**Re: Follow-Up on Unacknowledged Motions for Discovery, Judicial Notice (27-CR-23-1886) and Medical Records (27-MH-PR-23-815)**

Dear Judge Julia Dayton Klein and the Clerk of the Court,

   I am writing to respectfully follow up on my previously filed motions: a Motion for Judicial Notice, a Motion to Compel Discovery, and a Motion to Compel Production of Medical Records, which all have yet to be acknowledged by the court or my defense counsel despite multiple attempts. These motions were filed on April 3, 2024 and April 4, 2024, and as of one month later no action has been taken nor any communication received regarding their status. This correspondence seeks to ensure that these motions are addressed in a timely manner, as stipulated by the procedural guidelines of the court.

Despite the current dormant status of my criminal case, with ongoing felony charges, it remains imperative that all procedural rights be preserved and respected, including timely access to discovery and medical exam reports. The inability to obtain all of these necessary documents significantly impedes my ability to effectively prepare my defense and to respond appropriately to both my criminal (27-CR-23-1886) and civil case (27-MH-PR-815).

The fact that the court believes me to currently be 'incompetent to stand trial' and 'unable to understand the nature of the charges against me or aid in my own defense' does not mean that the court no longer has an obligation to acknowledge, and respond to legally relevant, properly structured motions filed by myself in which I am trying to obtain materials that the court is obligated to make sure I am provided with as clearly addressed in Rule 9.01subd.1(3)(b),  Rule 9.01subd.1(4)(a),  Rule 9.01subd.1(6),  Rule 9.01subd.1a(1),  Rule 9.01subd.2(1) of the 'Minnesota Rules of Criminal Procedure', along with Rule 13(a) of the 'Special Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Acts'.

---

May 3, 2024 pro se 'Follow-Up Correspondence' - (*Exh. A, Index 36, p. 1*)

This letter serves both as a formal reminder of the outstanding motions and as part of my ongoing efforts to assert my procedural rights. The continuous non-response from the court raises serious concerns about procedural fairness and my right to a fair legal process. This is especially true in light of the substantial allegations I have very clearly, and coherently presented in my 'Motion to Compel Discovery and Affidavit of Fact' submitted to the court on April 4, 2024, which unequivocally serves to show that the only discovery materials that were ever provided to me thus far were fraudulent insofar as the cropping and editing that was carried out for the purpose of portraying a significantly skewed portrayal of my residence, and activities prior to my arrest, and the current criminal charges. It is in fact these very same, fraudulent photographs that were relied upon by Dr. Michael Robertson in order to produce his exam report about me following the Order of Civil Commitment that was submitted to the court on July 20, 2023 (27-MH-PR-815)

In the courts order denying my Petition to Proceed as Pro Se Counsel, the courts denial of said motion is based upon the backdrop of the overwhelming care and concern that the court has about my personal well-being insofar as wanting to ensure that my supposed inability to understand and comprehend what is currently taking place doesn't impede my chances at a fair, just, and impartial legal outcome within the court. If this were actually the case then should the court not be even more concerned by the current situation taking place in which you have a supposedly incompetent defendant actively attempting to 'aid in his own defense' through a mutlitude of ways, only for all of them to be impeded by not just the court itself, but also his own defense counsel ?

If my Stayed Order of Civil Commitment, the Plan for Care Agreement I signed, and the reason for denying my Petition to Proceed as Pro Se Counsel all revolves around the supposed overwhelming care and compassion the court has for me and my well being, then why is it the court itself that is currently causing all of the unneeded anxiety and worry in my life right now?

It is the court that expected me to show up in person at a civil commitment hearing on February 1, 2024 without being able to know what the exam report about me contained within it.

It is the court that still has not provided me with said exam report even though it is now exactly four months, and two separate motions later.

It is the court who refuses to make the prosecution turn over the discovery materials they are obligated to provide to me, and for which I have also submitted two additional unacknowledged motions for.

If all that is required to help me out is for the court to simply 'do its job' ultimately, then why does the court continue to not do so?

May 3, 2024 pro se 'Follow-Up Correspondence' - (*Exh. A, Index 36, p. 2*)

I can't help but be extremly concerned about what else the court may have in store for me in regards to my upcoming review hearing scheduled for July 16, 2024 in light of everything that has (and has not..) taken place thus far. If neither the court nor my defense counsel has been willing to provide me with the Rule 20.01 exam report from the review that took place four months ago then what are the chances I will be provided with the next one ?

I would respectfully ask the court to help improve my mental well being with an expedited review of my pending motions, and an update on the actions the court intends to take regarding my many unanswered requests for both discovery materials and access to my medical records, which I have also requested multiple times to my defense counsel, Bruce Rivers, to no avail. Should you require any additional documentation or clarification regarding my motions, please do not hesitate to contact me directly. I would also kindly ask that both the discovery materials as well as my medical exam report be sent directly to me at the email provided above, since my defense counsel has been doing a spectacular job at failing to fulfill the many obligations he has to his client (me), as are all very clearly laid out in Rules 1.0 through 1.18 of the Minnesota Rules of Professional Conduct.

I would also like to take this opportunity to let the court know that as of Wednesday the 1st I now have an active health plan through MnCare/HealthPartners, and I should also have a therapist lined up within the next couple business days, which is something I have always thought would be beneficial to at least try out long before my recent court involvement. This also means that I will have *officially* satisfied the terms of the 'Stayed Order of Civil Commitment' that I signed in August of 2023.

Thank you for your time, and prompt attention to the many matters contained herein. I trust that the court will act swiftly to resolve this oversight for the purpose of ensuring that both my criminal, and civil cases proceed in accordance with the principles of justice, procedural fairness, and most importantly, my mental well-being.

Sincerely,

Matthew David Guertin

May 3, 2024 pro se 'Follow-Up Correspondence' - (*Exh. A, Index 36, p. 3*)

Exhibit P | Commitment Conspiracy | p. 25

**June 3, 2024:** Guertin submitted a SECOND pro se 'Motion to Compel Discovery' into his criminal case file. The filing of this motion at Index #90 of Guertin's criminal case file, 27-CR-23-1886, served as a 'direct follow-up' up to Guertin's completion of successfully finalizing his Minnesota Court of Appeals Case A24-0780 on May 31, 2024.

---

27-CR-23-1886

Filed in District Court
State of Minnesota
6/3/2024 7:37 AM

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**

State of Minnesota,

Plaintiff,

vs.

Matthew David Guertin,

Defendant.

Court File No.: 27-CR-23-1886

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Judicial Officer: <u>Jay Quam</u>

TO:    THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT COURT;  THE HONORABLE JULIA DAYTON KLEIN, JUDGE OF THE DISTRICT COURT;  MS. JACQUELINE PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY;  CLERK OF THE COURT; AND THE OFFICE OF THE HENNEPIN COUNTY ATTORNEY.

**<u>INTRODUCTION</u>**

Defendant Matthew David Guertin respectfully submits this Motion to Compel Discovery. This motion arises from the State's failure to provide all requested discovery materials essential for the Defendant's defense, despite multiple formal requests and follow-up correspondence. The Defendant challenges the authenticity and completeness of the discovery materials received, highlighting significant procedural concerns that compromise the integrity of the legal process and the Defendant's right to a fair trial.

---

**June 3, 2024 – Second pro se 'Motion to Compel Discovery'**
(*Exh. A, Index 90, p. 1*)

## **BACKGROUND**

1.  On January 5, 2024, the Defendant submitted a formal pro se "Demand or Request for Discovery" to the prosecuting attorney, Ms. Jacqueline Perez (*See* Index #22). This request specifically cited Minnesota Rules of Criminal Procedure, Rule 9, and included requests for:

    • All Brady material

    • Squad video

    • Audio tapes

    • All 104 police photographs taken by the Minnetonka Police Department on January 21, 2023

2.  On April 4, 2024, the Defendant submitted a pro se "Motion to Compel Discovery and Affidavit of Fact" (*See* Index #29). This motion highlighted the State's failure to provide the requested materials and detailed discrepancies in the discovery provided, suggesting fraudulent alterations.

3.  On May 3, 2024, the Defendant submitted a follow-up correspondence (*See* Index #36) to the Court, reiterating the need for the requested discovery materials and the failure of both the Court and defense counsel to address these requests.

**June 3, 2024 – Second pro se 'Motion to Compel Discovery'**
(*Exh. A, Index 90, p. 2*)

Exhibit P | Commitment Conspiracy | p. 27

**LEGAL BASIS**

The legal foundation for this motion is anchored in Minnesota Rule of Criminal Procedure 9.01, which mandates the prosecution's duty to disclose materials crucial for the defense. Specifically, the rules cited are:

- Rule 9.01 subd. 1(3)(b):

  Requires the disclosure of any relevant written or recorded statements made by the defendant or co-defendant.

- Rule 9.01 subd. 1(6):

  Requires the disclosure of any evidence that the prosecution intends to use at trial which is material to the preparation of the defense.

- Rule 9.01 subd. 1a(1):

  Requires the prosecution to disclose evidence that tends to negate the guilt of the accused or mitigate the offense.

- Rule 9.01 subd. 2(1):

  Requires the prosecutor to permit the defendant to inspect and copy or photograph any relevant material and documents.

Additionally, the Defendant invokes Rule 901(b)(1) of the Federal Rules of Evidence, which sets standards for the authentication or identification of evidence.

**June 3, 2024 – Second pro se 'Motion to Compel Discovery'**
(*Exh. A, Index 90, p. 3*)

Exhibit P | Commitment Conspiracy | p. 28

## **ARGUMENTS**

1.   Ineffective Assistance of Counsel:

The Defendant's current counsel, Bruce Rivers, has demonstrated ineffective assistance by failing to secure the necessary discovery materials, significantly impairing the Defendant's ability to prepare an effective defense.

2.   Procedural Violations:

The State's failure to provide complete and authentic discovery materials violates Minnesota Rule of Criminal Procedure 9.01. This misconduct not only undermines the fairness owed to the Defendant but also infringes upon his constitutional rights under the due process clauses of both state and federal jurisprudence.

3.   Need for Transparency:

Full and transparent disclosure of discovery materials is essential to rectify the current discrepancies and ensure that all evidence presented in this case is authentic, unaltered, and complete.

### **REQUEST FOR RELIEF**

The Defendant respectfully requests that the Court order the State to:

1.   Provide all missing discovery materials forthwith.

**June 3, 2024 – Second pro se 'Motion to Compel Discovery'**
(*Exh. A, Index 90, p. 4*)

2.    Conduct a thorough investigation into the discrepancies and manipulations identified by the Defendant, ensuring that all evidence presented in this case is authentic, unaltered, and complete.

3.    Send all discovery materials directly to the Defendant at MattGuertin@Protonmail.com, due to the ineffective assistance of current defense counsel.

## **CONCLUSION**

For the reasons stated above, the Defendant respectfully requests that this Court grant the motion to compel discovery and ensure that all necessary and authentic discovery materials are provided directly to the Defendant to facilitate a fair and just legal process.

Respectfully submitted,

Date: June 3, 2024                    By: /s/ Matthew Guertin
                                              Matthew D. Guertin
                                              Defendant Pro Se

**June 3, 2024 – Second pro se 'Motion to Compel Discovery'**
(*Exh. A, Index 90, p. 5*)

Exhibit P | Commitment Conspiracy | p. 30

**June 3, 2024:** Guertin submitted a pro se 'Motion for Substitute Counsel' into his criminal case file. This purpose of this motion was to resolve the problem of Guertin's currently **ineffective defense counsel, Bruce Rivers, who REFUSES TO WITHDRAWAL FROM GUERTIN'S CASE DESPITE MULTIPLE REQUESTS.** In addition, the Hennepin County Court refuses to let Guertin represent himself due to their claim that he is 'incompetent' and doesn't understand what is going on, and is unable to communicate or comprehend legal matters.

---

27-CR-23-1886

Filed in District Court
State of Minnesota
6/3/2024 7:33 AM

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**

State of Minnesota,

Plaintiff,

vs.

Matthew David Guertin,

Defendant.

Court File No.: 27-CR-23-1886

**DEFENDANT'S MOTION FOR SUBSTITUTE COUNSEL**

Judicial Officer: <u>Jay Quam</u>

TO:      THE HONORABLE JAY QUAM, JUDGE OF THE DISTRICT COURT;  THE HONORABLE JULIA DAYTON KLEIN, JUDGE OF THE DISTRICT COURT;  MS. JACQUELINE PEREZ, ASSISTANT HENNEPIN COUNTY ATTORNEY;  CLERK OF THE COURT;  AND THE OFFICE OF THE HENNEPIN COUNTY ATTORNEY.

## <u>INTRODUCTION</u>

Defendant Matthew David Guertin respectfully moves this Court for an order appointing substitute counsel in place of his current attorney, Bruce Rivers.

## <u>BACKGROUND</u>

1.     Defendant is currently represented by Bruce Rivers.

2.     Serious allegations of ineffective assistance of counsel have been raised against Mr. Rivers in the Defendant's petition for discretionary review, filed in the Minnesota Court of Appeals, case A24-0780, which are supported by compelling

---

**June 3, 2024 – pro se 'Motion for Substitute Counsel'**
(*Exh. A, Index 91, p. 1*)

31

and irrefutable evidence that is part of this case record (See Index #89, Exhibit A).

These instances of ineffective assistance include:

- ○ Failure to provide the Defendant with discovery materials, as well as the January 3, 2024 Rule 20.01 exam report prepared by Dr. Adam Milz (*See* Index #30, pp. 37-38, 83 (Text 29), 85 (Calls 05), 135, Index #38, p.143)

- ○ Failure to present exculpatory evidence possessed during the Defendant's July 7, 2023 court hearing (*See* Index #30, p. 60, Index #38, pp. 99-100, 102-103, 113-116, 118-119)

- ○ A conflict of interest, as well as a mention to the Defendant about 'powerful people keeping an eye on him,' directly addressed in a June 16, 2023 email (*See* Index #30, pp. 22-24, 73-76)

- ○ A promise to represent the Defendant in his civil commitment proceedings (*See* Index #30, pp. 24-25, 81-82 (Text 17-22)) which was not honored (*See* Index #30, pp. 25, 77-78, 82-83 (Text 23-26))

3. These instances have significantly undermined the Defendant's trust in Mr. Rivers' ability to provide effective legal representation.

4. This Court has refused to provide necessary discovery materials and has not addressed the Defendant's other motions, further compromising his right to a fair trial.

**June 3, 2024 – pro se 'Motion for Substitute Counsel'**
(*Exh. A, Index 91, p. 2*)

Exhibit P | Commitment Conspiracy | p. 32

**<u>ARGUMENTS</u>**

1.  Ineffective Assistance of Counsel:

    These allegations against Mr. Rivers demonstrate a significant breach of his duty to provide effective counsel, as defined under *Strickland v. Washington*, 466 U.S. 668 (1984).

2.  Conflict of Interest:

    Mr. Rivers' conflict of interest further impairs his ability to represent the Defendant effectively. The Defendant's lack of trust in Mr. Rivers is justified and severely impacts the attorney-client relationship.

3.  Constitutional Rights:

    The Defendant has a constitutional right to effective assistance of counsel under the Sixth Amendment. The documented failures and conflicts clearly demonstrate that this right has been compromised.

4.  Procedural Failures:

    This Court has refused to provide necessary discovery materials and address the Defendant's motions, depriving him of due process.

**June 3, 2024 – pro se 'Motion for Substitute Counsel'**
(*Exh. A, Index 91, p. 3*)

Exhibit P | Commitment Conspiracy | p. 33

5.      Ensuring Full Discovery:

It is imperative that new counsel be provided with all discovery materials as part of their assignment to this case. This is essential to ensure transparency and to address the current discrepancies concerning discovery materials.

6.      Ensuring a Fair Trial:

This Court has an obligation to ensure the Defendant receives a fair trial. Appointing substitute counsel is necessary to maintain due process and the integrity of the judicial process.

### **CONCLUSION**

For the reasons stated above, the Defendant respectfully requests that this Court grant his motion for substitute counsel and appoint a new attorney, preferably a public defender if necessary, to represent him in this case. This appointment is necessary until the Defendant is able to recover the retainer paid to Bruce Rivers, which is needed to secure new defense representation.

Respectfully submitted,

Date: June 3, 2024                              By: /s/ Matthew Guertin
                                                Matthew D. Guertin
                                                Defendant Pro Se

**June 3, 2024 – pro se 'Motion for Substitute Counsel'**
(*Exh. A, Index 91, p. 4*)

34

**June 3, 2024:** Guertin submitted a SECOND pro se 'Follow-Up Correspondence' into his criminal case file, in which he once again addresses the failure of both the court, and his ineffective defense counsel, Bruce Rivers.

---

27-CR-23-1886

Filed in District Court
State of Minnesota
6/3/2024 7:41 AM

### June 3, 2024

**Clerk of the Court**
MN 4th Judicial District Court
300 South Sixth Street
Minneapolis, MN 55487

**Re: Case Number 27-CR-23-1886 – Follow-Up on Discovery Requests**

Dear Judge Jay Quam, Judge Julia Dayton Klein and the Clerk of the Court,

I am writing to follow up on my previous requests for discovery materials in the above-referenced case. Despite multiple formal requests and a motion to compel discovery, I have yet to receive the necessary discovery materials essential for my defense.

The failure to provide these materials significantly impairs my ability to prepare for trial and violates my right to due process. I respectfully request that the Court address this issue promptly.

I have filed a motion for substitute counsel and a renewed motion to compel discovery, emphasizing the need for transparency and effective legal representation. I urge the Court to consider these motions and ensure that my rights are upheld.

Thank you for your attention to this matter.

Sincerely,

Matthew David Guertin

---

**June 3, 2024 – SECOND pro se 'Follow-Up Correspondence'**
(*Exh. A, Index 92, p. 1*)

Exhibit P | Commitment Conspiracy | p. 35

**June 6, 2024 at 6:56 am:** Guertin sends a third request to Bruce Rivers, via text message instructing him to

# <u>WITHDRAWAL FROM HIS CASE</u> !

### RIVER'S CONTINUES TO REFUSE GUERTIN'S DIRECT REQUESTS



June 6, 2024 – First group of text messages sent to Bruce Rivers by Guertin demanding that he WITHDRAWAL FROM HIS CASE - (*Exh. N, Index 04, p. 26*)



June 6, 2024 – Second group of text messages sent to Bruce Rivers by Guertin demanding that he WITHDRAWAL FROM HIS CASE - (*Exh. N, Index 04, p. 26*)



June 6, 2024 – Third group of text messages sent to Bruce Rivers by Guertin demanding that he WITHDRAWAL FROM HIS CASE - (*Exh. N, Index 04, p. 27*)



June 6, 2024 – Fourth and final group of text messages sent to Bruce Rivers by Guertin demanding that he WITHDRAWAL FROM HIS CASE - (*Exh. N, Index 04, p. 27*)