UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MATTHEW D. GUERTIN, | |
| Plaintiff, | Civil No. 24-2646 (JRT/DLM) |
| v. | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION |
| HENNEPIN COUNTY, *a municipal entity*, et al., | FOR TEMPORARY RESTRAINING ORDER AND IMMEDIATE HEARING |
| Defendants. | |

---

Matthew D. Guertin, 1075 Traditions Court, Chaska, MN 55318, *pro se* Plaintiff.

Matthew D. Guertin brings this action against Defendants Hennepin County, several state and county officials, and his defense attorney, seeking a temporary restraining order to enjoin state court proceedings against him. Because the Court has no authority to enjoin the state court proceedings, the Court will deny the Motion for Temporary Restraining Order and Immediate Hearing.

## BACKGROUND

Guertin was charged in state court with one count of reckless discharge of a firearm and three counts of possession of a firearm without a serial number. *See State v. Guertin*, No. A24-0780, 2024 WL 3320899, at *1 (Minn. Ct. App. July 2, 2024). The state court later found Guertin incompetent to proceed. *Id.* Following the incompetency finding, Guertin attempted to discharge his counsel and proceed *pro se*. *Id.* The state

court denied Guertin's motion, and the Minnesota Court of Appeals affirmed the court's decision on July 2, 2024.  *Id.* at *2–4.  Guertin subsequently filed this action under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 1343, alleging due process violations, ineffective assistance of counsel, civil conspiracy, gross negligence, violations of state forgery laws, and wire fraud.  (Compl., July 8, 2024, Docket No. 1.)  Guertin also filed a Motion for a Temporary Restraining Order and Immediate Hearing to enjoin the state court proceedings against him due to "ongoing fraudulent actions and procedural violations in his case."  (Mot. for TRO and Immediate Hr'g at 1, July 8, 2024, Docket No. 2.)

## DISCUSSION

A court of the United States may grant an injunction to stay proceedings in state court only when "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  In addition, an exception to § 2283 permits a court to enjoin a state court proceeding "where a person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages."  *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (citing *Ex parte Young*, 209 U.S. 123 (1908)).  However, "a federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right . . ., even when the interference is unmistakably clear."  *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970).

The Court finds that none of the exceptions to § 2283 apply to Guertin's situation. First, the Court is not aware of, nor does Guertin point to, an Act of Congress that expressly authorizes the Court to enjoin a state court proceeding under these circumstances. Second, the requested injunction is not necessary to aid in the Court's jurisdiction and there are no facts indicating that federal injunctive relief is necessary to prevent the state court "from so interfering with [the Court's] consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* at 295. Third, the Court has issued no judgment, so there is no judgment to protect or effectuate by issuing an injunction. And finally, Guertin's allegations that the state court proceedings are impeding his constitutional rights are insufficient to demonstrate irreparable harm to justify the issuance of an injunction. Indeed, "even irreparable injury is insufficient unless it is 'both great and immediate.'" *Younger*, 401 U.S. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

In conclusion, an injunction would be improper under these circumstances. Guertin may raise his constitutional challenges in the state court where his charges are pending. *See State v. Guertin*, No. 27-cr-23-1886 (Minn. Dist. Ct. July 13, 2023). Additionally, there is no indication that the prosecution against Guertin has been brought in bad faith. Put simply, the injury Guertin purportedly faces "is solely that incidental to

every criminal proceeding brought lawfully and in good faith," which does not entitle him to equitable relief.  *Younger*, 401 U.S. at 49 (cleaned up).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Immediate Hearing [Docket No. 2] is **DENIED.**

DATED: July 16, 2024                                     _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                                   United States District Judge