## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Matthew D. Guertin,

Plaintiff,

vs.

Hennepin County, a municipal entity, et al.,

Defendants.

Civil No. 24-2646 (JRT/DLM)

**MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

This memorandum is filed on behalf of Defendants Minnesota Attorney General Keith Ellison, Judge Julia Dayton Klein, Referee George Borer, Referee Danielle Mercurio, Dr. Jill Rogstad, and Dr. Adam Milz (hereinafter "State Defendants"). Unsatisfied with the answers he received from the district court and Minnesota Court of Appeals in his ongoing state criminal matter, Plaintiff Matthew Guertin brings this action, hoping this Court will answer differently. But this Court must decline Plaintiff's invitation to weigh in on an ongoing state criminal matter, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* controls this case and prescribes dismissal.

As a separate and independent basis to dismiss this action, the Complaint says nothing about any wrongdoing by Minnesota Attorney General Keith Ellison, nor is Attorney General Ellison involved in Plaintiff's ongoing state criminal matter whatsoever. Attorney General Ellison must be dismissed. Further, the remaining State Defendants— Judge Julia Dayton Klein, Referee George Borer, Referee Danielle Mercurio, Dr. Jill

Rogstad, and Dr. Adam Milz—are protected by absolute judicial and absolute quasi-judicial immunity, so all claims against them must be dismissed. Additionally, the Complaint fails to state a claim, and the State Defendants are otherwise protected by qualified immunity. Finally, any Section 1983 claims for damages against State Defendants sued in their official capacities must be dismissed. Accordingly, Plaintiff's claims against State Defendants must be dismissed with prejudice.

## STATEMENT OF FACTS

The allegations in the Complaint are taken as true only for the purposes of State Defendants' pending motion to dismiss, but for purposes of this motion are unproven allegations and cited here only for context. State Defendants expressly reserve their right to deny any and all of these allegations and to plead all applicable defenses—including but not limited to qualified immunity—should any claim survive the pending motion to dismiss. Fed. R. Civ. P. 12(b).

In January 2023, Plaintiff was charged in state court with one count of reckless discharge of a firearm and three counts of possession of a firearm without a serial number.[1] *See State v. Guertin*, No. A24-0780, 2024 WL 3320899, at *1 (Minn. Ct. App. July 2, 2024). Plaintiff was found incompetent to proceed in July 2023 and again in January 2024. *Id.*; Court File No. 27-CR-23-1886, Index 19 and 25;[2] *see also* Minn. R. Crim. P. 20.01.[3]

---

[1] There is a related civil commitment matter: *In re the Civil Commitment of Matthew David Guertin*, 27-MH-PR-23-815; *see* Minn. R. Crim. P. 20.01, subd. 6(b).

[2] Copies of state court filings can be found at https://publicaccess.courts.state.mn.us/.

[3] The Rule 20.01 reports are not publicly accessible. State Defendants do not rely on the content of the Rule 20.01 reports for purposes of this motion and are not supplying them to the Court.

Plaintiff moved to discharge his privately hired counsel and proceed pro se. *Guertin*, 2024 WL 3320899, at *1; Court File No. 27-CR-23-1886, Index 26.  The state court denied Plaintiff's motion, and the Court of Appeals denied Plaintiff's petition for discretionary review.  Court File No. 27-CR-23-1886, Index 26; *Guertin*, 2024 WL 3320899, at *2–4. As Plaintiff was charged with felonies, the criminal proceedings were suspended.  Minn. R. Crim. P. 20.01, subd. 6(b).  "[T]he criminal charges must be dismissed three years after the date of finding the defendant incompetent to proceed unless the prosecutor, before the expiration of the three-year period, files a written notice of intent to prosecute when the defendant regains competency." *Id.*, subd. 8(1).[4]

On July 8, 2024, Plaintiff filed this action under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 1343, alleging due process violations, ineffective assistance of counsel, civil conspiracy, gross negligence, violations of state forgery laws, and wire fraud.  (Compl., July 8, 2024, Docket No. 1.)  Plaintiff alleges that he was driven by a legitimate fear for his life when he "fire[d] a gun into the air to summon police" and "intentionally broke his patio door window with a fire extinguisher…and threw all of his patent documents out of the window" so the police would know where he was when they arrived.  (*Id.* ¶¶ 21, 143.) He alleges he did not intend to harm anyone.  (*Id.* ¶ 21.)  Plaintiff alleges that because he invented valuable, "breakthrough," and disruptive technology, he has suffered injustices in state court proceedings.  (*Id.* ¶¶ 10, 28–29.) Plaintiff alleges that he has been "declared

---

[4] The Honorable Julia Dayton Klein recused herself from the matter on July 15, 2024. (Court File No. 27-CR-23-1886, Index 95.)  The Honorable Jay Quam is currently presiding.  A Rule 20 progress report was filed on July 16, 2024, and a hearing is scheduled to take place on October 1, 2024.  (Court File No. 27-CR-23-1886, Index 40, 96, and 98.)

incompetent to stand trial through a blatantly deceptive exam process…which itself involves an additional element of fraud on the court through the misrepresentation of the exam report's true author." (*Id*. ¶ 15.) Allegations related to the State Defendants in particular follow:

- **Attorney General Ellison (sued in his official capacity).** Plaintiff alleges he sued Attorney General Ellison because he is responsible for overseeing the enforcement of state laws and representing the state in legal matters. (Compl. ¶ 54, July 8, 2024, Docket No. 1.) He alleges he sued him in his official capacity only to prevent the ongoing enforcement of unconstitutional laws or actions that violate Plaintiff's federal rights. (*Id.*)

- **Judge Julia Dayton Klein (sued in her individual capacity).** Plaintiff alleges bias and misconduct against the Honorable Julia Dayton Klein. (Compl. ¶¶ 59–60, July 8, 2024, Docket No. 1.)

- **Referee George Borer (sued in his individual capacity).** Plaintiff alleges bias and "maintaining control over the proceedings" against Referee George Borer. (Compl. ¶¶ 61–62, July 8, 2024, Docket No. 1.)

- **Referee Danielle Mercurio (sued in her individual capacity).** Plaintiff alleges Referee Danielle Mercurio has maintained control over Plaintiff's cases and has exerted undue influence. (Compl. ¶¶ 63–64, July 8, 2024, Docket No. 1.)

- **Dr. Jill Rogstad (sued in her official capacity).** Plaintiff alleges Dr. Jill Rogstad conducted the initial Rule 20.01 competency evaluation, and fraudulently determined Plaintiff's competency; Plaintiff also alleges that while testifying at a hearing, Dr. Rogstad misrepresented that she was the author of the report. (Compl. ¶¶ 68–70, July 8, 2024, Docket No. 1.)

- **Dr. Adam Milz (sued in his official capacity).** Plaintiff alleges Dr. Adam Milz conducted the second Rule 20.01 competency evaluation and failed to act after being notified of "the fraudulent discovery materials"; Plaintiff alleges his "inaction is part of the broader allegations of systemic negligence and fraud." (Compl. ¶¶ 74–76, July 8, 2024, Docket No. 1.)

On July 16, 2024, the Court denied Plaintiff's motion seeking an order enjoining the state court action.  (Mem. Op. and Order Denying Pl.'s Mot. For TRO and Immediate Hr'g, July 16, 2024, Docket No. 26.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted.  The complaint "must include sufficient factual allegations to provide the grounds on which the claim rests.  A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citations and internal quotation marks omitted).  Federal Rule of Civil Procedure 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 959–60 (D. Minn. 2009) (citation omitted).

A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (citation omitted).  On a motion to dismiss, the court considers all facts alleged in the complaint as true and construes the pleading in a light most favorable to the non-moving party. *See, e.g.*, *Brotherhood of Maint. of Way Emps. v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  However, the Court is not

5

bound to accept as true legal conclusions or conclusory statements. *Ashcroft*, 556 U.S. at 678.

In ruling on a Rule 12 motion to dismiss, courts may consider public records and documents "necessarily embraced by the complaint"[5] without converting the motion to one for summary judgment. *Enervations, Inc. v. Minn. Min. & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004); *accord Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## ARGUMENT

Plaintiff's claims against State Defendants must be dismissed for numerous, independent reasons. First, this Court must abstain from hearing this case under the *Younger* abstention doctrine. Second, Plaintiff's claims against Attorney General Ellison are barred for lack of personal involvement. Third, Plaintiff's claims against Judge Dayton Klein, Referee Borer, Referee Mercurio, Dr. Rogstad, and Dr. Milz are barred by absolute judicial and absolute quasi-judicial immunity. Fourth, the Complaint fails to state a claim and State Defendants are otherwise protected by qualified immunity. Fifth, any claims for damages under Section 1983 against State Defendants sued in their official capacities must be dismissed, as they are barred by sovereign immunity.

---

[5] *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (explaining that materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

I.   **PLAINTIFF'S LAWSUIT IS AN IMPERMISSIBLE ATTEMPT TO INTERFERE WITH STATE CRIMINAL PROCEEDINGS. THIS COURT SHOULD ABSTAIN FROM ADJUDICATING ANY CLAIMS UNDER *YOUNGER*.**

*Younger* abstention requires a federal court to refrain from deciding a case "in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The Court applies a three-part inquiry to assess *Younger* abstention:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (quoting *375 Slane Chapel Rd., LLC v. Stone Cnty., Mo.*, 53 F.4th 1122, 1127 (8th Cir. 2022)). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43.

Here, the first "exceptional" category is ongoing state criminal prosecutions. *Wassef*, 68 F.4th at 1087; *see also Younger*, 401 U.S. at 46 (recognizing the "fundamental policy against federal interference with state criminal prosecutions").

Because this case falls within one of the exceptional categories, the Court must next evaluate the *Middlesex* factors: whether there is an ongoing state proceeding that is (1) judicial in nature; (2) that implicates important state interests; and (3) provides Plaintiff

with an adequate opportunity to raise constitutional challenges. *Wassef*, 68 F.4th at 1088. In *Anderson v. Schultz*, the Eighth Circuit concluded *Younger* applied to bar a federal court action challenging the constitutionality of a state statute proscribing homeschooling. 871 F.2d 762, 763–65 (8th Cir. 1989). Plaintiffs in that case filed their federal lawsuit the same day criminal charges were brought against them. *Id.* at 764. The Eighth Circuit concluded *Younger* barred the federal suit, even though the state proceeding had closed as "[a] decision by the district court in favor of the Andersons would have raised serious questions as to the effect of a contrary state supreme court decision." *Id.* at 765. Here, too, the state court proceeding is judicial; it implicates important state interests in ensuring criminal laws are followed and only individuals who are competent stand trial; and Plaintiff may raise defenses in that case. *See Younger*, 401 U.S. at 49 (noting that Harris could raise his constitutional claims in the state court criminal proceeding).

Finally, the Court must evaluate whether an exception to abstention applies. "[A] federal court should not abstain if there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Plouffe*, 606 F.3d 890, 893 (8th Cir. 2010) (quoting *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Here, Plaintiff disagrees with judicial decisions in his case and the competency reports. He further believes that the judicial defendants' actions are caused by the valuable, "breakthrough," and disruptive nature of the technology he has created. (Compl. ¶¶ 10, 28–29, July 8, 2024, Docket No. 1.) There are no plausible allegations of bad faith, harassment, or any other extraordinary circumstance. Plaintiff's case must be dismissed under *Younger*. *See P.G. v. Ramsey Cnty.*, 141 F. Supp. 2d. 1220,

1228–29 (D. Minn. Apr. 27, 2001) (finding abstention is mandatory and dismissal compulsory under *Younger* when bad faith, harassment, and unusual circumstances are absent). The Court can end its analysis of State Defendants' motion to dismiss here.

Below, State Defendants articulate additional, independent bases for their motion to dismiss.

## II.   ATTORNEY GENERAL ELLISON MUST BE DISMISSED SINCE HE WAS NOT DIRECTLY AND PERSONALLY INVOLVED.

Section 1983 imposes liability only on state officials who are directly and personally involved in depriving constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976); *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007). To establish liability in an individual capacity claim, a plaintiff must show that an official, acting under color of state law, deprived him of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But to establish liability in an official capacity claim, like the claims Plaintiff brings against Attorney General Ellison, a plaintiff must show that the official was the "moving force" behind the depravation of federal rights. *Id*. Holding a general supervisory role is insufficient. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983). A plaintiff must prove that a defendant directly participated in the constitutional violation, or, in failing to take corrective action, was deliberately indifferent or exhibited tacit authorization of the unconstitutional practices. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Additionally, Plaintiff must allege he is "entitled to relief" against Attorney General Ellison. Fed. R. Civ. P. 8(a)(2).

Through Plaintiff's 108-page, 15-count complaint, he makes no allegations that Attorney General Ellison in any way participated in any depravation of federal rights, only that he failed to intervene.  (Compl. ¶ 494, July 8, 2024, Docket No. 1.)  Indeed, Plaintiff alleges he sued Attorney General Ellison for "injunctive relief purposes only…to prevent the ongoing enforcement of unconstitutional actions."  (*Id*. at 6, 54.)  The ongoing state criminal prosecution is being handled by the Hennepin County Attorney's Office.  (Court File No. 27-CR-23-1886, Index 1.)  Attorney General Ellison has no involvement in state criminal prosecutions except in limited circumstances not present here.  Minn. Stat. § 8.01 ("Upon request of the county attorney, the attorney general shall appear in court in such criminal cases as the attorney general deems proper.…Whenever the governor shall so request, in writing, the attorney general shall prosecute any person charged with an indictable offense, and in all such cases may attend upon the grand jury and exercise the powers of a county attorney.").  Since Plaintiff does not allege that Attorney General Ellison was involved, Attorney General Ellison must be dismissed from this action.

### III. ABSOLUTE JUDICIAL IMMUNITY AND ABSOLUTE QUASI-JUDICIAL IMMUNITY PROTECT JUDGE DAYTON KLEIN, REFEREE BORER, REFEREE MERCURIO, DR. ROGSTAD, AND DR. MILZ FROM LIABILITY.

Plaintiff's claims against all other State Defendants are barred by absolute judicial or absolute quasi-judicial immunity.[6]

---

[6] Although the general rule is that quasi-judicial immunity is not available against official capacity claims (*see VanHorn v. Oelschalger*, 502 F.3d 775, 779 (8th Cir. 2007)), the Eighth Circuit has recently suggested that immunity may foreclose suits against official capacity claims even when the immunity is personal. *See Church v. Missouri*, 913 F.3d 736, 753–54 n.3 (8th Cir. 2019).  This makes sense with respect to court-appointed psychologists because they should not make decisions due to the fear of anticipation of

**A. Judicial Immunity.**[7]

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see also Linder v. Foster*, 295 N.W. 299, 300–301 (Minn. 1940) (recognizing that the doctrine of judicial immunity is well-established in Minnesota and federal law). The doctrine extends absolute immunity to officials when they perform tasks that are "discretionary, or for acts taken at the direction of a judge or according to court rule." *Geitz v. Overall*, 62 F. App'x. 744, 746 (8th Cir. 2003) (citations omitted); *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020). "The rationale for this broad application of immunity is to preserve judicial independence by allowing judges to act in their official capacity without fear of retaliatory civil suits." *Myers v. Price*, 463 N.W.2d 773, 775 (Minn. Ct. App. 1990).

"Judicial immunity applies to determinations and acts in a judicial capacity however erroneous or by whatever motives prompted." *Id*. (citation and internal quotation marks omitted). "An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity." *Grazzini–Rucki v. Knutson*, 597 Fed. App'x. 902, 903 (8th Cir. 2015) (per curiam) (internal quotation omitted). Judicial

---

litigation. *See Tindell v. Rogosheske*, 421 N.W.2d 340, 342 (Minn. Ct. App. 1988), *affirmed*, 428 N.W.2d 382 (Minn. 1988) ("Removing immunity would impair the judicial process by discouraging guardians ad litem from advising settlement, and the energies of guardians ad litem would be diverted toward anticipating lawsuits rather than protecting the true interests of children.").

[7] Judicial immunity applies to the state-law claims as well. *Peterka v. Dennis*, 764 N.W.2d 829, 835 (Minn. 2009).

immunity is unavailable only when a judge acts in a nonjudicial capacity or "in the complete absence of all jurisdiction." *Albert v. Minn. Ct. of Appeals/Justices*, No. 22-cv-2568, 2022 WL 18141658, at *3 (D. Minn. Nov. 30, 2022) (citation omitted). Judicial immunity shields judges from allegations of partiality, malice, or corruption. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that judicial immunity "is not overcome by allegations of bad faith or malice"); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). "[N]either error nor malice deprives the judicial officers of immunity." *Albert*, 2022 WL 18141658, at *3.

Plaintiff argues that Judge Dayton Klein is not entitled to judicial immunity because she lacked authority to deny his motions to proceed *in forma pauperis* in the Court of Appeals. (Compl. ¶¶ 489, 491, July 8, 2024, Docket No. 1.) First, Plaintiff is incorrect—the trial court is the arbiter of such motions. Minn. R. Civ. App. P. 109.02. Second, Plaintiff seems to make great hay out of Judge Dayton Klein's use of a form that assumes appellees will satisfy the court's rules, including Rule 109's requirement of submitting an affidavit.[8,9] *Id.*; Compl. ¶¶ 487–92, July 8, 2024, Docket No. 1. Plaintiff also seems to take notable exception to Judge Dayton Klein ruling on his motions to proceed *in forma*

---

[8] Though Plaintiff claims no affidavit was filed in support of his motion to proceed *in forma pauperis*, the court's docket indicates otherwise. (Court File No. 27-CR-23-1886, Index 77.)

[9] Plaintiff argues that he made his motion to waive his filing fee under Minn. R. Civ. App. P. 103.01, not Minn. R. Civ. App. P. 109.02. (Compl. ¶ 485, July 8, 2024, Docket No. 1.) But Rule 103 contains no mechanism to make such a motion; only Rule 109 does. *Compare* Minn. R. Civ. App. P. 103.01 *with* Minn. R. Civ. App. P. 109.02.

*pauperis* in the Court of Appeals, even though Plaintiff misfiled those in his appellate file, not the trial court file. (Compl. ¶¶ 486, 606, 616, July 8, 2024, Docket No. 1.) Judge Dayton Klein affording Plaintiff grace for his inability (or unwillingness) to comport with Minnesota's court rules does not contradict Minnesota's judicial practice; it aligns with it. *See Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. Ct. App. 2001) (noting some flexibility can be shown pro se litigants).

Third, even if Judge Dayton Klein, had, in fact, ruled where she lacked authority (she did not), such an act does not forfeit judicial immunity. The Eighth Circuit, in rejecting an argument that a judge should lose judicial immunity for issuing an order where they lacked authority, reasoned that such a ruling "would afford only illusory protection if it were lost the moment an officer acted improperly." *Hamilton*, 948 F.3d at 929 (internal citation omitted). Instead, the Eighth Circuit looked to the rationale behind the Supreme Court's test for judicial immunity, "which emphasizes the nature of the function being performed, not the particular act itself." *Id*. Here, Judge Dayton Klein ruled on orders, which falls squarely within the nature of her role as a judicial officer. Accordingly, Judge Dayton Klein is protected by judicial immunity, and all individual and state law claims against her are barred.

Referee Borer and Referee Mercurio are likewise protected by judicial immunity since referees in Minnesota are judicial officers entitled to absolute judicial immunity. Minn. Stat. § 484.70; *Cassell v. Cnty. of Ramsey*, No. 10-4981, 2011 WL 7561261, at *7 (D. Minn. Nov. 2, 2011). While it is difficult to discern exactly what Plaintiff alleges Referee Borer or Referee Mercurio did to deprive Plaintiff's federal civil rights or bring

rise to Plaintiff's common law claims, it seems that Plaintiff alleges that the true author of the competency report signed by Referee Borer is Referee Mercurio because Plaintiff conducted a metadata analysis of the document.  (Compl. ¶ 207, July 8, 2024, Docket No. 1.)  Drafting and issuing decisions is a function normally performed by a judge.  *See* Minn. R. Crim. P. 20.01, subd. 5(c) ('If the court finds by the greater weight of the evidence that the defendant is competent, it must enter an order finding the defendant competent. Otherwise, the court must enter an order finding the defendant incompetent.").  And any inquiry into the decision beyond the four corners of the document—including authorship— is protected by the deliberative process privilege.  *See Grant v. Shalala*, 989 F.2d 1332, 1344 (3d Cir. 1993) ("It has long been recognized that attempts to probe the thought and decision making processes of judges…are generally improper"); *see also U.S. v. Morgan*, 313 U.S. 409, 422 (1941) (holding that a quasi-judicial decision maker who is similar to a judge "should never have been subjected to…examination" regarding making a decision). A contrary ruling would cause judges to have to explain potential law clerk or staff involvement in authorship; there is no basis in the law to permit inquiry into legal opinion drafting.[10]

As a general matter regarding Judge Dayton Klein and Referees Borer and Mercurio, Plaintiff has concerns about the fairness and impartiality of his court

---

[10] In any event, PDF metadata identifying an "author" says nothing about who actually drafted the content.  The "author" may have created a shell, could have copied and pasted into the document, etc.  Plaintiff's metadata analysis does not plausibly allege false authorship where Dr. Rogstad testified under oath that she drafted the evaluation.  (Compl. ¶ 562, July 8, 2024, Docket No. 1.)

proceedings.   (Compl. ¶ 357, July 8, 2024, Docket No. 1.)   Allegation of bias do not overcome absolute judicial immunity.  *See Mireles*, 502 U.S. at 11 (allegations of partiality do not overcome immunity).

### B. Quasi-judicial immunity.[11]

Dr. Rogstad and Dr. Milz are protected by absolute quasi-judicial immunity. Individuals whose "duties…are integral parts of the judicial process," are completely immune from civil rights suits "as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." *Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005) (citation and internal quotation marks omitted).   It is well-established that court appointees are entitled to absolute quasi-judicial immunity for state and federal claims for actions taken while performing their official duties.  *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987); *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1987), *abrogated on other grounds*.   Such immunity applies to individuals appointed by the court, including psychologists.  *See Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (granting absolute quasi-judicial immunity to court-appointed psychologist tasked with administering a psychological evaluation and giving testimony); *Moses*, 813 F.2d at 892 (granting absolute quasi-judicial immunity to psychiatrist appointed to perform competency exam); *see also Dornheim*, 430 F.3d at 925 (granting absolute quasi-judicial immunity to guardian ad litem).

---

[11] Quasi-judicial immunity applies to the state-law claims as well.  *Peterka*, 764 N.W.2d at 835.

Here, the Court ordered that the Chief of Psychological Services of the Fourth Judicial District or the Chief's Designee "shall conduct" a psychological evaluation, assessment or consultation regarding Plaintiff's competency to participate in proceedings pursuant to Minn. R. Crim. P. 20.01.  (Court File No. 27-CR-23-1886, Index 4, 21.)  As to the allegations against both psychologists, Plaintiff is challenging their reports and the process by which they issued their reports.   Plaintiff alleges that Dr. Rogstad "misrepresent[ed] the forensic evaluation authorship" since "[m]etadata analysis of Dr. Jill Rogstad's Rule 20.01 exam report…indicates that 'Chela Guzman-Weigart' is almost certainly the true author of the blatantly deceptive exam report submitted to the court." (Compl. ¶ 137, July 8, 2024, Docket No. 1.)  Plaintiff alleges that on January 11, 2024, Dr. Milz submitted a Rule 20.01 exam report to the court.  (*Id.* ¶ 289.)  Plaintiff seems to allege that he informed Dr. Milz of "fraudulent discovery" and Dr. Milz failed to act.  (*Id.* ¶¶ 75, 336.)  But issuing competency reports ordered by the court are integral parts of the judicial process and are protected by absolute quasi-judicial immunity.  *See Moses*, 813 F.2d at 892.

All claims against Judge Dayton Klein, Referee Borer, Referee Mercurio, Dr. Rogstad, and Dr. Milz must be dismissed as a matter of absolute judicial or absolute quasi-judicial immunity.

**IV.    PLAINTIFF FAILS TO STATE A CLAIM, AND STATE DEFENDANTS ARE OTHERWISE PROTECTED BY QUALIFIED IMMUNITY.**

> **A.  Procedural Due Process (against Dr. Rogstad, Judge Dayton Klein, and Attorney General Ellison) (Count 1).**

Plaintiff's procedural due process claim fails to state a claim upon which relief can be granted.  The Court's assessment of this claim should proceed in two steps: The Court should first ask first "whether there exists a liberty or property interest of which a person has been deprived[;]" if so, the Court should "ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Quinn v. Doherty*, 637 F. Supp. 3d 647, 659 (D. Minn. 2022).  If Plaintiff cannot identify any protected liberty or property interest of which he was deprived, "any procedural due process claim necessarily fails." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012); *see Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (explaining that courts do not consider what process is due unless a plaintiff has a protected liberty or property interest).

Here, Plaintiff has not alleged a protected liberty or property interest and makes no allegations whatsoever against Dr. Rogstad in Count 1 of his Complaint.  (Compl. ¶¶ 478–96, July 8, 2024, Docket No. 1.)  And Plaintiff alleges only that Attorney General Ellison failed to intervene to correct "known procedural and constitutional violations" with respect to Plaintiff's criminal matter being prosecuted by Hennepin County.  (*Id*. ¶ 494.)  Since Plaintiff does not allege any involvement by Attorney General Ellison regarding any purported liberty or property interest and therefore the claim fails.

Finally, Plaintiff contends Judge Dayton Klein's denial of his Motion for Leave to Proceed *In Forma Pauperis* (Court File No. 27-CR-23-1886, Index 56) and Motion for Waiver of Fees Pursuant to Rule 103.01 subd. 3(c) (Court File No. 27-CR-23-1886, Index 82)—both of which Plaintiff made pursuant to Minn. R. Civ. App. P. 103.01 and neither of which make any mention of Minn. R. Civ. App. P. 109.02—violate his procedural due process rights. (Compl. ¶¶ 487–89, July 8, 2024, Docket No. 1.) But Rule 103 confers no procedural due process rights upon Plaintiff—only Rule 109 contains a mechanism for moving to proceed *in forma pauperis*, which Plaintiff never did. It is axiomatic that Judge Dayton Klein cannot deny Plaintiff of a procedural due process right to which he did not avail himself. Moreover, a process provided under state court rules does not in and of itself create a constitutional due process right. *See Williams v. Nix*, 1 F.3d 712 (8th Cir. 1993) ("It is clear, however, that, without more, the mere violation of a state law or rule does not constitute a federal due process violation."). And even if Judge Dayton Klein had denied Plaintiff's procedural due process right regarding Index 56 and Index 82, Plaintiff can appeal adverse orders after judgment is entered. Minn. R. Civ. App. P. 103.03; *see also* Minn. R. Civ. App. P. 105 (governing petition for discretionary review). Count 1 must be dismissed as against State Defendants.

### B. Fraud and Forgery, Minn. Stat. § 609.63 (against Dr. Rogstad) (Count 2).

Plaintiff's Section 609.63 fraud and forgery claim fails, as Section 609.63 (a criminal statute) does not provide for a private cause of action. *See Durand v. Bank of Am.*,

No. 15-cv-00126, 2017 WL 2345677, at *5 (D. Minn. May 30, 2017), *aff'd*, 769 F. App'x

395 (8th Cir. 2019).  Count 2 must be dismissed as against State Defendants.

### C.  Equal Protection (against Dr. Rogstad and Dr. Milz) (Count 4).

Plaintiff's equal protection claim also fails.  "The Equal Protection Clause generally

requires the government to treat similarly situated people alike."  *Klinger v. Dep't of Corr.*,

31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473

U.S. 432, 439 (1985)).  In order to succeed on an equal-protection claim, Plaintiff must

establish that their treatment was "invidiously dissimilar" to the treatment received by other

similarly-situated persons.  *Peck v. Hoff*, 660 F.2d 371, 372 (8th Cir. 1981); *Flittie v. Solem*,

827 F.2d 276, 281 (8th Cir. 1987).  Plaintiff, however, has set forth no factual allegations

indicating that he was treated differently than similarly-situated litigants.

While Plaintiff's allegations are difficult to discern, it seems that his Equal

Protection claim is premised on membership in a class or group, meaning that he is

effectively bringing a "class of one" claim.  Dismissal of "class of one" Equal Protection

claim is appropriate when plaintiffs fail to show (1) that they were intentionally treated

differently than other similarly situated individuals, and (2) that there is no rational basis

for the difference in treatment.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564

(2000) (describing requirements for "class of one" equal protection claims).  A "class-of-

one" plaintiff must "provide a specific and detailed account of the nature of the preferred

treatment of the favored class."  *Jennings v. City of Stillwater*, 383 F.3d 1199, 1214 (10th

Cir. 2004).

Simply claiming unequal treatment, without facts to support this claim, is insufficient to meet minimal pleading standards. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Aldaco v. Holder*, No. CIV. 10-590 JRT/LIB, 2011 WL 825624, at *10 (D. Minn. Jan. 7, 2011) ("Plaintiff has not alleged any facts showing that he was treated differently from other inmates because he belonged to a protected class.") (citing cases); *Pigott v. Corrs. Corp. of Am.*, No. CIV. 07-2003 JNE/JJG, 2008 WL 3244001, at *4, n.5 (D. Minn. Aug. 6, 2008) ("Even given the Court's liberal construction of pro se pleadings, this wholly conclusory allegation is insufficient to state an Equal Protection race discrimination claim under § 1983.") (citation omitted).

Here, Plaintiff says nothing about what Dr. Milz allegedly did to violate his right to equal protection, so the claim against him must fail. Plaintiff alleges Dr. Rogstad "manipulated [a] competency evaluation report, falsely representing critical information that influenced judicial decisions." (Compl. ¶ 538, July 8, 2024, Docket No. 1.) But Plaintiff makes no allegation that he was treated differently from anyone, much less anyone who is similarly situated to him. Therefore, his claim fails. *See Klinger*, 31 F.3d at 731.

Count 4 must be dismissed as against State Defendants.

### D.  Access to the Courts (against Dr. Rogstad and Dr. Milz) (Count 5).

Plaintiff's access to the courts claim likewise fails. Typically, an access-to-the-courts claim is brought by inmates, who have a right to meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). And a plaintiff must allege some actual injury caused by the alleged denial. *Id.* at 354.

20

Here, Plaintiff alleges a "fraudulent incompetency determination…ha[s] significantly impaired his ability to participate in his legal proceedings and prepare an effective defense." (Compl. ¶ 545, July 8, 2024, Docket No. 1.)  Specifically, Plaintiff alleges that although Dr. Rogstad "carried out the initial Rule 20.01 competency evaluation," submitted a report with her signature on it, and testified under oath that it was her work product, Plaintiff discovered in the metadata of the evaluation's PDF that Chela Guzman-Weigart fraudulently authored the report.  (*Id.* ¶¶ 562–63.)  Plaintiff alleges Dr. Milz conducted the second Rule 20.01 examination, but "failed to address the fraudulent discovery materials Plaintiff brought to his attention." (*Id.* ¶ 564.)  Plaintiff disagrees with the competency evaluations, but he does not allege or explain how those reports caused him to lose meaningful access to the courts.  Further, he has filed multiple motions in the criminal matter and is represented by counsel.  (Court File No. 27-CR-23-1886, Index 9, 33.)

Count 5 must be dismissed as against State Defendants.

### E. Conspiracy, 42 U.S.C. § 1985 (against Dr. Rogstad, Judge Dayton Klein, Referee Borer, and Referee Mercurio) (Count 6).

Plaintiff's Section 1985 conspiracy claim fails.  Plaintiff alleges certain defendants "engaged in a coordinated effort to violate the Plaintiff's constitutional rights through a series of unlawful actions and omissions." (Compl. ¶ 572, July 8, 2024, Docket No. 1.)  It is unclear which provision of Section 1985 this claim refers to, but State Defendants assume it is part (3).

To state a claim under the equal protection provisions of the first part of § 1985(3), [Plaintiff] must allege (1) a conspiracy, (2) for the purpose of

21

depriving another of the "equal protection of the laws, or of equal privileges and immunities under the laws;" (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right.

*Federer v. Gephardt*, 363 F.3d 754, 757–58 (8th Cir. 2004) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).  Plaintiff must also allege "that an independent federal right has been infringed." *Id.*  Here, as noted above, Plaintiff does not allege how he was treated unequally. *Supra* Section IV.C.  Further, all of his underlying constitutional claims fail, so the conspiracy claim must also fail. *Cook v. Tadros*, 312 F.3d 386, 388–89 (8th Cir. 2002) (a conspiracy claim fails when there is no actionable underlying constitutional claim).  Finally, Plaintiff alleges no meeting of the minds or "agreement" among any Defendants (State Defendants or otherwise) to violate his constitutional rights.  Plaintiff's belief about a conspiracy is insufficient to plausibly allege a violation of Section 1985. *See City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989) (determining that a plaintiff must allege with specificity that a party reached an agreement regarding the purported conspiracy with the other parties).

Count 6 must be dismissed as against State Defendants.

### F. Gross Negligence, Minn. Stat. § 604.01 (against Dr. Rogstad, Judge Dayton Klein, and Attorney General Ellison) (Count 7).

Plaintiff's Section 604.01 gross negligence claim fails.  Plaintiff cites Minn. Stat. § 604.01, which is Minnesota's comparative fault statute.  The undersigned is unaware of any cause of action for gross negligence in Minnesota.  Construing Plaintiff's complaint liberally, State Defendants interpret Count 7 to plead common law negligence. *See Busby v. Groves Homeowners Ass'n, Inc.*, No. C6-99-2204, 2000 WL 1239760, at *3 (Minn. Ct.

App. Sept. 5, 2000) (applying negligence elements to claim of gross negligence).  To prove negligence, a plaintiff must show: (1) a duty of care existed; (2) that duty was breached; (3) an injury was sustained; and (4) breach of the duty proximately caused the injury. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn.1995).

Here, as to Attorney General Ellison and Judge Dayton Klein, Plaintiff has failed to establish duty and breach.  As to Attorney General Ellison, Plaintiff alleges only that he failed to intervene in a prosecution with which he is wholly uninvolved.  (Compl. ¶ 494, July 8, 2024, Docket No. 1.)  Indeed, Attorney General Ellison owed Plaintiff no duty to intervene in a prosecution in which he is not involved, and necessarily could not have breached any nonexistent duty.  "The existence of a duty of care is a threshold question because a defendant cannot breach a nonexistent duty." *Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014).  The existent of a legal duty is a legal question. *Gilbertson v. Leininger*, 599 N.W.2d 127, 130 (Minn. 1999).  Generally, a person owes no duty to protect another person; but that duty may arise depending on the relationship between the parties and the foreseeability of the risk involved. *Id.*  Historically, a special relationship giving rise to a duty to protect "is only found on the part of common carriers, innkeepers, possessors of land who hold it open to the public, and persons who have custody of another person under circumstances in which that other person is deprived of normal opportunities of self-protection." *Id*. at 130–31 (citation omitted).  "In order to find that a special relationship exists, it must be assumed that the harm to be prevented by the defendant is one that the defendant is in a position to protect against and should be expected to protect against." *Id.* at 131.  Here, Plaintiff alleges no such special relationship existed between

Attorney General Ellison and Plaintiff, and any injury to Plaintiff was not a foreseeable result of not intervening.

Regarding Judge Dayton Klein, Plaintiff's negligence claim likewise fails due to a lack of duty and breach. Likely due to the existence of absolute judicial immunity, the undersigned could find no cases assessing whether a judge owed a duty to a litigant under Minnesota law, in the context of a negligence action. Further, when a judge makes errors, the losing party has recourse in the form of an appeal. And judges represent the interests of society as a whole rather than serving as an advocate for a particular litigant. *Ferri v. Ackerman*, 444 U.S. 193, 202–03 (1979). Judge Dayton Klein owes no duty to litigants who appear before her.

As to Dr. Rogstad, Plaintiff's claim fails because he did not follow Minn. Stat. § 145.682. "In an action alleging malpractice, error, mistake, or failure to cure…against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case," Minn. Stat. §145.682, subd. 2, "the claimant must, along with the summons and complaint, serve an affidavit of expert review," *Fiorito v. U.S.*, No. 22-cv-2597, 2023 WL 4407486, at *2 (D. Minn. July 7, 2023), *appeal docketed* No. 24-1030 (8th Cir. Jan. 4, 2024). This applies even if the plaintiff is pro se. Minn. Stat. § 145.682, subd. 5. Since Plaintiff has never filed and served such an affidavit of expert review in this case, his negligence claim against Dr. Rogstad must be dismissed.

Count 7 must be dismissed as against State Defendants.

### G. Judicial Misconduct (against Judge Dayton Klein, Referee Borer, and Referee Mercurio) (Count 8).

Plaintiff's judicial misconduct claim fails because there is no private cause of action for such claims. The Code of Judicial Conduct expressly disavows any intent to create a basis for civil liability. See Minn. Code of Jud. Conduct, Scope ("The Code is not designed or intended as a basis for civil or criminal liability.").

### H. Negligent Infliction of Emotional Distress (against Dr. Rogstad and Dr. Milz) (Count 10).

Plaintiff's negligent infliction of emotional distress claim also fails. A claim for negligent infliction of emotional distress requires proof of the following four elements of negligence: (1) the defendant owed plaintiff a duty of care, (2) defendant breached the duty of care, (3) the breach caused plaintiff injury, (4) the breach of the duty was the proximate cause of the injury, plus, an additional three elements: (5) he was within the zone of danger of physical impact created by the negligence (6) he reasonably feared for his safety, and (7) he consequently suffered severe emotional distress with attendant physical manifestations. *Aromashodu v. Swarovski North America Ltd*., 981 N.W.2d 791, 799 (Minn. Ct. App. 2023); *Engler v. Ill. Farmers Ins. Co.,* 706 N.W.2d 764, 767 (Minn. 2005).

Here, Plaintiff does not allege he was in the zone of danger of physical impact, nor does he allege any extreme or outrageous conduct by Dr. Rogstad or Dr. Milz, nor has he plausibly alleged any severe emotional distress. Conclusory allegations about distress, (Compl. ¶¶ 634 ("significant emotional distress"), 645 ("severe emotional distress"), July 8, 2024, Docket No. 1.) should not be credited. *See Ashcroft*, 556 U.S. at 678 (the Court is not bound to accept as true legal conclusions or conclusory statements).

Count 10 must be dismissed as against State Defendants.

## I.   Retaliation (against Dr. Rogstad and Dr. Milz) (Count 11).

Plaintiff's retaliation claim likewise fails.  A First Amendment retaliation claim has three elements.   Plaintiff must allege: (1) he engaged in protected activity; (2) the Defendants took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated in part by Plaintiff's exercise of its constitutional rights.  *Eggenberger v. W. Albany Twp.*, 820 F.3d 938, 943 (8th Cir. 2016).  Plaintiff's complaint does not allege facts sufficient to survive a motion to dismiss on the third factor because it does not "nudge[]" the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Here, Plaintiff does not plausibly allege any motivation for Dr. Rogstad's alleged conduct or Dr. Milz's alleged inaction, much less that they were motivated by Plaintiff's exercise of his constitutional rights.

Count 11 must be dismissed as against State Defendants.

## J.   Wire Fraud, 18 U.S.C. § 1343 (against Dr. Rogstad) (Count 12).

Count 12 fails because there is no private right of action under 18 U.S.C. § 1343. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999).

## K. Fraud on the Court (against Dr. Rogstad, Judge Dayton Klein, Referee Border, and Referee Mercurio) (Count 13).[12]

Plaintiff's fraud on the court claim fails.  Fraud on the court is an equitable remedy that can provide a basis to set aside a judgment under Fed. R. Civ. P. 60 in the action where the judgment was entered.  *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010).  There is no judgment here, and no basis for a federal court to set aside a

---

[12] Plaintiff cites Section 1983, so State Defendants understand Plaintiff believes this claim arises under federal law.

judgment of a state court judge.  The Eighth Circuit has also affirmed dismissal of a suit due to fraud on the court.  *Nichols v. Klein Tools, Inc.*, 949 F.2d 1047, 1049 (8th Cir. 1991).  Again, that was an equitable tool used in the action where fraud was alleged to have occurred.  There is no independent fraud on the court claim.

Count 13 must be dismissed as against State Defendants.

### L. Misconduct of Public Officer or Employee, Minn. Stat. § 609.43 (against Dr. Rogstad) (Count 14).

Count 14 fails because there is no private cause of action under Minn. Stat. § 609.43.  *See Thelen v. City of Elba*, No. 08-1150, 2009 WL 2208161, at *5 (D. Minn. July 22, 2009) (no private cause of action under Minn. Stat. 609.43); *see also Valtakis v. Putnam*, 504 N.W.2d 264, 266 (Minn. Ct. App. 1993) ("A statute does not give rise to a civil cause of action unless the language of the statute is explicit or it can be determined by clear implication").

### M. Recording, Filing of a Forged Instrument, Minn. Stat. § 609.64 (against Dr. Rogstad, Judge Dayton Klein, Referee Borer, and Referee Mercurio) (Count 15).

Count 15 fails because there is no private cause of action under Minn. Stat. § 609.64.  *See Kaylor v. Bank of Am., N.A.*, No. 12-1586, 2012 WL 6217443, at *6 (D. Minn. Dec. 13, 2012) (dismissing Minn. Stat. § 609.64 claim for lack of a private cause of action).

### N. Qualified Immunity.

Plaintiff's Complaint also fails because the State Defendants are entitled to qualified immunity.  Defendants may seek dismissal of claims under Section 1983 under Rule 12(b)(6) based on the qualified immunity doctrine if they can show that "they are entitled

to qualified immunity on the face of the complaint." *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016) (citation and internal quotation marks omitted).  The doctrine of qualified immunity states that "a court must dismiss a complaint against a government official in his [or her] individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted).

In order to determine whether defendants have qualified immunity, the Court must determine "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009).  In order for a violation of the Constitution to be clearly established in this case, the Plaintiff must identify a case with similar circumstances, where officials acted in a similar fashion, and the officials were held to have violated a constitutional right. *See, e.g., White v. Pauly*, 137 S. Ct. 548, 552 (2017) (holding that for a violation of the Fourth Amendment to be "clearly established," a plaintiff must "identify a case where an officer acting under similar circumstances [] was held to have violated the Fourth Amendment.").  As stated above, Plaintiff fails to allege facts making out a violation of the U.S. Constitution by the State Defendants.  *See supra* at p. 16–21, 25. Additionally, Plaintiff fails to show that the right alleged was clearly established at the time of the alleged misconduct.  For these reasons, State Defendants have qualified immunity and the Section 1983 claims against them (Counts 1, 4, 5, 6, 8, 11, and 13) should be dismissed.

### V.     PLAINTIFF'S OFFICIAL CAPACITY CLAIMS FOR DAMAGES UNDER SECTION 1983 FAIL.

Plaintiff's Section 1983 claims for monetary damages against State Defendants in their official capacities must be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because those claims are barred by the Eleventh Amendment.  A state is not a person subject to suit under Section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Relatedly, a lawsuit "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "[a]s such, it is no different from a suit against the State itself."  *Id.*  Accordingly, Plaintiff's Section 1983 official capacity claims for damages implicate the state's Eleventh Amendment sovereign immunity from suit for damages.  *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).  State Defendants, in their official capacities, are immune from suit for monetary damages under Section 1983.  Any such claims must be dismissed.

### CONCLUSION

State Defendants respectfully request that all claims against them be dismissed with prejudice and that judgment be entered accordingly.  Furthermore, in an effort to conserve resources, State Defendants request that the Court decide this matter on the papers.

*Signature on following page*

Dated:  August 1, 2024   Respectfully submitted,

        KEITH ELLISON
        Attorney General
        State of Minnesota


        /s/ Benjamin Harringa
        BENJAMIN HARRINGA
        Assistant Attorney General
        Atty. Reg. No. 0399254

        445 Minnesota Street, Suite 1400
        St. Paul, MN 55101-2131
        (651) 583-6731 (Voice)
        (651) 282-5832 (Fax)
        Benjamin.Harringa@ag.state.mn.us

        ATTORNEY FOR STATE DEFENDANTS