## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew D. Guertin, | Case No. 24-cv-2646 (JRT/DLM) |
| Plaintiff, | |
| vs. | **DEFENDANTS HENNEPIN COUNTY, MARY MORIARTY, CHELA GUZMAN-WEIGART, AND JACQUELINE PEREZ'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| Hennepin County, Keith Ellison, Mary Moriarty, Chela Guzman-Weigart, Julia Dayton-Klein, George F. Borer, Danielle C. Mercurio, Dr. Jill Rogstad, Dr. Adam Milz, Jacqueline Perez, and Bruce M. Rivers, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Matthew D. Guertin ("Guertin"), currently the subject of state criminal and civil commitment proceedings, brings a 703-paragraph Complaint against Hennepin County, various state and county employees, and his own attorney alleging violations of the Constitution and state laws. At heart, Guertin's Complaint alleges that the criminal prosecutor, state court judges, and his own attorney conspired to manipulate or otherwise fraudulently manufacture court records, improperly determine him incompetent, as well as tangentially fail to address a combined corporate and intelligence agency conspiracy to steal his intellectual property. Guertin's claims are based, in part, on LinkedIn search history, administrative court document metadata, and an alleged offhand comment his attorney has since denied making. (*See generally*, Compl.)

Regarding Defendants Mary Moriarty, Jaqueline Perez, and Chela Guzman-Weigart (collectively, the "Hennepin Defendants"), the Complaint fails to contain a short and plain statement of the claim showing entitlement to relief, fails to state a claim upon which relief can be granted, is barred by absolute and official immunity, improperly seeks injunctive review of state court proceedings before this Court, and has not been properly served. Guertin's Complaint should be dismissed.

## FACTUAL BACKGROUND[1]

### I.   *State Criminal Proceeding*.

On January 24, 2023, Guertin was charged with four felony offenses related to the reckless discharge of a firearm and possession of three firearms without a serial number. (Decl. of Jamil Masroujeh ("Masroujeh Decl."), Ex. 1 at 3.[2]) The criminal complaint alleges that on January 21, 2023, law enforcement officers responded to the reports of shots fired in Minnetonka, Hennepin County, Minnesota. (*Id.*) Upon arrival, officers heard gunshots and ascertained the gunshots were coming from Guertin's apartment. (*Id.*) During the encounter with Guertin, Guertin yelled at officers, "I'm going to die because they stole my patent" and referenced a Minnetonka Police Department case number. (*Id.*) After negotiations, Guertin surrendered to law enforcement and was arrested. (*Id.*; *see also* Compl. ¶ 143, ECF No. 1.) "Following his first appearance on January 25, 2023, the district

---

[1]     The allegations in the Complaint are taken as true only for the purposes of the instant motion to dismiss, but remain unproven allegations provided here only as context.
[2]     The Court may consider materials outside the Complaint, such as matters of public record, and materials that are necessarily embraced by the pleadings without converting a motion under Rule 12 into one for summary judgment. *See generally Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

court issued an order for a competency evaluation pursuant to Minn. R. Crim. P. 20.01."
*See State v. Guertin*, No. A24-0780, 2024 WL 3320899, at *1 (Minn. Ct. App. July 2, 2024).

On March 10, 2023, Defendant Dr. Jill Rogstad submitted an initial court ordered competency evaluation pursuant to Minn. R. Crim. P. 20.01, finding Guertin incompetent to proceed. (Compl. ¶ 173.) On July 13, 2023, after a hearing on the competency evaluation, the court found Guertin was incompetent to proceed in his criminal case. (Masroujeh Decl., Ex. 2 at 7, 9.) On January 3, 2024, Defendant Dr. Adam Milz conducted a second Rule 20.01 exam, again finding Guertin incompetent to proceed. (Compl. ¶ 74.) On January 16, 2024, the district court held a review hearing on the incompetence finding and Guertin was again found incompetent to proceed in his criminal case. (Masroujeh Decl., Ex 2 at 6-9.)

Subsequently, Guertin filed a petition to proceed as pro se,[3] which the court denied because Guertin was found incompetent and lacked "the ability to voluntarily, and intelligently waive the right to counsel." (Masroujeh Decl., Ex 2 at 6, Ex. 3 at 2; Compl. ¶ 343.) Guertin appealed the order. *See State v. Mr. Guertin*, 2024 WL 3320899 at *2. On May 28, 2024, Guertin filed four additional motions alerting the appellate court to various documents that Guertin asserted would demonstrate his competency.[4] *State v. Guertin*, 2024 WL 3320899, at *2. On July 2, the Minnesota Court of Appeals denied these motions,

---

[3]    Notably, the same or substantially similar documents filed in this matter were also submitted by Guertin in support of his motion to proceed as pro se. (*Compare* Masroujeh Decl., Ex. 4 *with* Exhibit B to the Complaint, ECF No. 9.)
[4]    The additional motions filed with the Minnesota Court of Appeals were also filed in this matter as exhibits to the Complaint.

noted the provided materials were "not germane," and denied Guertin's petition for discretionary review. 2024 WL 3320899, at *2. A hearing to review the finding of incompetency is scheduled before the Honorable William H. Koch on October 1, 2024. (Masroujeh Decl., Ex. 2 at 8.)

## II.   *State Civil Commitment Proceeding.*

On July 20, 2023, following Guertin's finding of incompetence in the criminal matter, the Hennepin County Attorney's Office filed a petition for Guertin's commitment as mentally ill. *See In the Matter of the Civil Commitment of Matthew D. Guertin*, Court File No. 27-MH-PR-23-815 (Jul. 20, 2023). On August 10, 2023, Guertin was committed but his commitment was stayed while he received services. (Masroujeh Decl., Ex. 5 at 2.) Guertin's commitment is presently under court jurisdiction. (*Id.* at 1.)

## III.   *Present Action.*

On July 8, 2024, Guertin brought this action against the Hennepin Defendants. In the Complaint, Guertin alleges that Guzman-Weigart covertly authored Dr. Rogstad's Rule 20.01 competency evaluation filed in the criminal case on March 10, 2023. (Compl. ¶ 173.) Guertin alleges that he conducted a metadata analysis of the competency evaluation which indicated a "GuzmanC" created and authored the report. (*Id.*) Although Dr. Rogstad signed the document, Guertin asserts that his analysis indicates that Guzman-Weigart is "almost certainly the true author" of the report. (*Id.*) Guertin further alleges that Guzman-Weigart's role in overseeing Hennepin County's Law, Safety, and Justice Information Technology makes it "likely" that she is responsible for alleged records discrepancies. (*Id.* at ¶ 661.) Guertin alleges that certain records regarding his criminal history repopulated in the

Minnesota Court Records Online Database, and the fact that her role "presumably" grants her access to such records "is suggestive of manipulation by Chela Guzman-Weigart." (Compl. ¶¶ 206, 536.)

Guertin alleges that Perez failed to ensure the provision of discovery materials in the criminal matter, ignored evidence of fraud, and participated in prosecutorial misconduct. (*Id.* at ¶¶ 548, 567, 641.) Guertin alleges that Moriarty, in her capacity as Hennepin County Attorney, was aware of alleged fraudulent activities and allowed a culture of constitutional violations to persist. (*Id*. at ¶¶ 534, 535.) Finally, Guertin asserts that Hennepin County is liable because policies, customs, or practices of the county allegedly led to constitutional violations. (*Id*. at ¶ 624.) Guertin also filed in this Court a Motion for a Temporary Restraining Order and Immediate Hearing to enjoin the state court criminal proceedings against him. (ECF Nos. 2, 25.) This Court denied Guertin's motion, noting that "there is no indication that the prosecution against Guertin has been brought in bad faith." (ECF No. 26.)

On July 11, 2024, Guertin mailed copies of his summons and complaint to the Hennepin Defendants via prepaid USPS Priority Mail Express. (Pl.'s Aff. of Serv., 2, ECF No. 7.)

Specifically, as against the Hennepin Defendants,[5] Guertin alleges:

- Count I – violation of procedural due process under 42 U.S.C. § 1983, against Hennepin County, Mary Moriarty, and Chela Guzman-Weigart;
- Count II – fraud and forgery in violation of Minn. Stat. § 609.63, against Hennepin County, and Chela Guzman-Weigart;

---

[5]    Guertin sues Moriarty, Guzman-Weigart, and Perez in their official capacity.

- Count IV – violation of equal protection under 42 U.S.C. § 1983, against Hennepin County, Mary Moriarty, and Chela Guzman-Wiegart;
- Count V – denial of right to access to courts under 42 U.S.C. § 1983, against Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez;
- Count VI – civil conspiracy under 42 U.S.C. § 1985, against Mary Moriarty, Chela Guzman-Weigart, and "other county officials";
- Count VII – gross negligence, in violation of Minn. Stat. § 604.01, against Hennepin County, Mary Moriarty, and Chela Guzman-Wiegart;
- Count IX – *Monell* claim under 42 U.S.C. § 1983, against Hennepin County;
- County X – negligent infliction of emotional distress under Minn. Stat. § 604.01, against Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez;
- Count XI – retaliation under 42 U.S.C. § 1983, against Hennepin County, Mary Moriarty, Chela Guzman-Wiegart, and Jacqueline Perez;
- Count XII – federal wire fraud in violation of 18 U.S.C. § 1343, against Chela Guzman-Weigart, Mary Moriarty, Jacqueline Perez, and "other county officials";
- Count XIII – fraud on the court under 42 U.S.C. § 1983, against Hennepin County, Mary Moriarty, and Chela Guzman-Weigart;
- Count XIV – misconduct of public officer or employee under Minn. Stat. § 609.43, against Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and "involved county officials"; and,
- Count XV – filing of a forged instrument in violation of Minn. Stat. § 609.64, against Chela Guzman-Weigart and "involved county officials."

(Compl. 73-105.) Guertin seeks declaratory relief against all defendants for allegedly violating his constitutional rights, injunctive relief against all defendants preventing all alleged unlawful activities and retaliatory actions against him, mandated changes of Hennepin County policies and procedures, monetary damages in excess of $15,000,000, and punitive damages. (Compl. 106-107.) The Hennepin Defendants now move to dismiss all claims against them.

6

## **ARGUMENT**

I.   **Guertin's Complaint Fails to State a Claim Against the Hennepin Defendants and Should be Dismissed Under FRCP 12(b)(6).**

   *a.  Legal Standard*

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the foregoing in relevant part); *see also Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (same). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (further holding a complaint must contain "sufficient factual matter" to avoid dismissal). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

*Pro se* pleadings should be construed liberally, but "may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The liberal construction of a *pro se* complaint means that the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (emphasis supplied). However, this does not require the Court "to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id*.; *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.

1989) (providing that the Court "will not supply additional facts, nor […] construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

Indeed, Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeterminate factual allegations cannot stand alone, and the Court may properly set aside legal conclusions or bare recitations of the elements of a claim. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677, *quoting in turn Twombly*, 550 U.S. at 555); *see also Higgins v. Carter*, 258 F.3d 797, 800 (8th Cir. 2001). Generally, excessively lengthy complaints are found to violate the short and plain statement rule. *See Michaelis v. Nebraska State Bar Assoc.*, 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs and 98 pages); *Kuehl v. FDIC*, 8 F.3d 905, 908–09 (1st Cir. 1993) (358 paragraphs and 43 pages); *In re Westinghouse Secs. Litigation*, 90 F.3d 696, 703 (3d Cir. 1996) (over 600 paragraphs and 240 pages).

Here, when considered within the proper legal framework, Guertin's Complaint[6] clearly violates Rule 8(a) and (e) of the Federal Rules of Civil Procedure and fails to present a plausible claim for relief against the Hennepin Defendants. Accordingly, the Complaint should be dismissed under Rule 12(b)(6).

---

[6]     Guertin's Complaint is 703 paragraphs and 106 pages with 15 exhibits attached containing approximately 1,913 pages. (ECF Nos. 1.1, 8-21.)

### b. *The Complaint Fails to Allege Sufficient Facts to Sustain an Official Capacity Claim Against the Hennepin Defendants or* Monell *Claim.*

The Complaint only asserts official-capacity claims and a *Monell* claim under §
1983, not individual claims. The claims should be dismissed. Specifically, Guertin alleges
violations of due process, violation of equal protection, denial of right to access the Courts,
a bare *Monell* claim, retaliation, and fraud on the court.

Claims under the U.S. Constitution and federal statutes may be asserted against
government officials and municipalities pursuant to § 1983. *See, e.g.*, *Wilson v. Spain*, 209
F.3d 713, 715 (8th Cir. 2000) ("Section 1983…provides a means to vindicate rights
conferred by the Constitution or the laws of the United States."). "Public servants may be
sued under section 1983 in either their official capacity, their individual capacity, or both."
*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A suit against a
public employee in their official capacity "is merely a suit against the public employer."
*Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "This rule is strictly enforced
against a pro se plaintiff despite the generally liberal construction of pro se pleadings."
*Kelly v. Ramsey Cty. Sheriff's Office*, No. 08-5028, 2009 WL 511695, at *4 (D. Minn. Feb.
27, 2009). As such, Guertin's official-capacity claims against Moriarty, Guzman-Weigart,
and Perez should be treated as claims against Hennepin County.

In turn, a municipality—like Hennepin County—is not liable under § 1983 unless
the municipality's unconstitutional policy or custom was the moving force behind the
alleged constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).
An official policy involves "a 'deliberate choice to follow a course of action…made from

among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting in part *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

A governmental custom may also be a basis for liability, but a plaintiff must prove: (1) "[t]he existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees"; (2) "[d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct"; and (3) "[t]he plaintiff's injury by acts pursuant to the governmental entity's custom." *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998) (citing *Harris v. City of Pagedale*, 821 F.2d 499, 504-07 (8th Cir. 1987)). To prove an unconstitutional custom, a plaintiff must show that "officials had notice of prior incidents of…misconduct and had deliberately failed to act on this knowledge." *Harris*, 821 F.2d at 504. "Generally, an isolated incident…cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

Guertin's Complaint alleges no facts that suggest that Hennepin County had an unconstitutional policy or custom that harmed Guertin or that Hennepin County failed to properly train its employees. The sprawling Complaint and its exhibits do not describe a specific unconstitutional Hennepin County policy or allege that a Hennepin County official with policymaking authority adopted such a policy. It does not describe a pattern of unconstitutional conduct by Hennepin County employees or allege that Hennepin County officials knew about a pattern of misconduct and authorized or ignored it. It does not

describe training practices that Hennepin County employed or failed to employ, allege a pattern of similar constitutional violations by untrained employees, or allege facts suggesting a patently obvious constitutional violation caused by a failure to train. Guertin's allegations of mismatched records or "procedural anomalies" are plainly insufficient. Thus, the Complaint falls well short of alleging a § 1983 claim against Hennepin County under *Monell*. Accordingly, Guertin's claims against the Hennepin Defendants fail as a matter of law and must be dismissed.

### c. *Guertin's Complaint Fails to Allege Sufficient Facts to Support His Claims Regarding Procedural Due Process and Fraudulent Conduct.*[7]

Guertin alleges violations of procedural due process and claims the Hennepin Defendants engaged in fraudulent conduct to deprive him of his liberty.

First, in evaluating a claim for procedural due process, courts consider whether "there exists a liberty or property interest" which has been deprived, and "whether the procedures followed by the state were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) (citing *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)).

Guertin's Complaint is extensive, but although Guertin may feel that he was wronged and ignored by government officials, as is apparent in the Complaint, he has not pleaded a plausible claim that the procedure followed was constitutionally insufficient. Rather than detailing how the complained-of procedures violated his constitutional rights,

---

[7]    The Hennepin Defendants take no position on any claims against any other defendants, though those claims may be similar in form, substance, and/or circumstance.

the Complaint instead implies facts are "suggestive" of wrongs "likely" committed by—in many instances, unspecified—Defendants, leaving the Hennepin Defendants without notice of what Guertin's actual claim is.

Second, many of Guertin's labelled counts rely primarily, if not solely, on an inference of an expansive conspiracy inferred from manipulable metadata[8] and alleged administrative inconsistencies. However, these allegations are indicative of nothing more than the use of form documents in routine proceedings, quirks of administrative processing, or rescheduled hearings. More importantly, Guertin further fails to identify how the documents at issue were materially false.[9] These claims plainly do not contain the particularity demanded by Rule 9. Fed. R. Civ. P. 9(b); *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009). Without the "who, what, where, when, and how" of the claimed fraud, the pleading should be dismissed. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

Guertin's Complaint does not sufficiently support his recurring claims of fraud or constitutional violations. Thus, Guertin's overarching claims as related to fraud and procedural due process violations must be dismissed.

---

[8]    The Court may take judicial notice that Guertin's relied-upon ExifTool is advertised as "a versatile tool to read, write and <u>edit</u> metadata in various file formats." ExifTool By Phil Harvey (Accessed August 1, 2024), https://exiftool.org/ (emphasis supplied).
[9]    Guertin's disagreement with the report's contents and its presentation of facts relevant to his competency does not make the report an instrument of fraud.

> ### d. The Hennepin Defendants are Immune from suit and Guertin's Claims Against them must be Dismissed.

Even if any count of Guertin's Complaint could be construed as plausibly articulating a legal claim against the Hennepin Defendants (it cannot), it would still be barred by doctrines of immunity. This is because prosecutors are immune from § 1983 suits and state civil liability within the scope of their duties, and the Hennepin Defendants are immune for the exercise of discretion in discharging their duties where the same was not willful or malicious.

### i. Absolute and Prosecutorial Immunity

"[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when [they act] within the scope of [their] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 990, 47 L. Ed. 2d 128 (1976) (noting this doctrine is "well settled" and that Courts of Appeals are "virtually unanimous" on the issue). This immunity "is not defeated by allegations of malice, vindictiveness, or self-interest" *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (quoting *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006)); *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). Prosecutorial immunity is equally applicable to Guertin's state law claims. *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 214 (Minn. 1981).

To the extent Guertin's Complaint contains any § 1983 or state law claims against Perez and Moriarty that arise out of the scope of their prosecutorial duties, they (and Hennepin County vicariously through them) are absolutely immune from suit, and the Complaint must be dismissed.

13

### ii.  Official Immunity

Unlike absolute immunity, official immunity rests on the same rationale as federal qualified immunity[10]: courts must ensure that the threat of suit does not inhibit public officials' exercise of discretion in discharging their duties. *Rico v. State*, 472 N.W.2d 100, 107 (Minn. 1991); *Holmquist v. State*, 425 N.W.2d 230, 233 n.1 (Minn. 1988). "[A] public official is entitled to official immunity from state law claims when that official is charged by law with duties that require the exercise of judgment or discretion." *Johnson v. Morris*, 453 N.W.2d 31, 41-42 (Minn. 1990) (citations omitted). When a public official's duties require the exercise of discretion or personal judgment, personal liability for damages attaches only for willfully or maliciously harmful action. *Pletan v. Gaines*, 494 N.W.2d 38, 40 (Minn. 1992). "Malice in the context of official immunity means intentionally committing an act that the official has reason to believe is legally prohibited." *Kelly v. City of Minneapolis*, 598 N.W.2d 657, 663 (Minn. 1999).

As detailed above, as far as Guertin's Complaint contains alleged misconduct by the Hennepin Defendants, they could not reasonably have expected that the ordinary discharge of their duties would be legally prohibited. In essence, Guertin claims the Hennepin Defendants declined to engage with his belief that multinational corporations were (or are) attempting to steal his patent—other than to consider its apparent relevance to a determination of his incompetency in a criminal proceeding arising out of the alleged

---

[10]     Guzman-Weigart is immune from suit due to parallel analysis under federal qualified immunity, as is Hennepin County vicariously through her. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009).

unlawful discharge of a firearm in a residential area.[11] However, Guertin's frustrations with the Hennepin Defendants are not a violation of his rights, and the discretionary discharge of their official duties inconsistent with his individual expectations is not a legally redressable claim here.

Accordingly, Guertin does not articulate how any conduct by any of the Hennepin Defendants was willful or malicious, or otherwise outside the discretionary discharge of their lawful duties, and the Complaint must be dismissed.

> ### e.  Guertin's Miscellaneous State and Federal Claims Are Also Insufficient.

Although the foregoing analysis is broadly applicable to and substantively dispositive of Guertin's Complaint, the Hennepin Defendants additionally address Guertin's "kitchen-sink" claims below.

Counts II, XII, XIV, and XV allege violations of state or federal criminal statutes, which are plainly not actionable in a civil proceeding. Even if the underlying questions of fraud were properly pleaded with particularity (they are not), these claims are insufficient.

Guertin has also alleged denial of access to courts, despite being represented by counsel. *Bounds v. Smith*, 430 U.S. 817, 823, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (holding that counsel need not be provided for "incidental" impairments); *Williams v. Norris*, 80 F. App'x 535, 536 (8th Cir. 2003); *Loper v. Knutson*, 18-CV-2623 (JNE/TNL), 2019 WL 3225646, at *6 (D. Minn. Apr. 16, 2019), *report and recommendation adopted*,

---

[11]   Per the Complaint, the shot fired was ostensibly a "decision" Guertin made in fear for his life to "summon" or "call" the police. (Compl. ¶¶ 18, 21, 24, 143.)

18-CV-2623 (JNE/TNL), 2019 WL 3220031 (D. Minn. July 17, 2019) (citing *Bounds*, 430 U.S. at 828; *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993)). Guertin has not demonstrated impairment of "the capability to bring actions seeking new trials, release from confinement, or vindication of fundamental civil rights" required by meaningful access to the courts. *Bounds*, 430 U.S. at 827 (internal quotations omitted). Accordingly, Count V fails.

Guertin's Count VI for civil conspiracy is legally insufficient both because it fails to particularly allege any communication between any defendants, and because it is precluded by intracorporate conspiracy doctrine. *Kelly v. City of Omaha, Neb.*, No. 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016); *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012). Further, it cannot stand as an independent claim where his underlying claims are insufficient.

Counts VII and X allege tort claims of "gross negligence"[12] and negligent infliction of emotional distress. These claims are insufficient both because they are merely repackaged claims fully addressed elsewhere, and because Hennepin County, and the various Hennepin Defendants, are entitled to immunity as discussed above. The Complaint further fails to allege the elements of a common law negligence claim.

Count XII alleges that Guzman-Weigart is "likely responsible" for report authorship[13], Moriarty "failed to supervise" actions, and Perez "failed to ensure integrity

---

[12]    Guertin cites Minnesota's comparative fault statute: Minn. Stat. § 604.01.
[13]    Despite additional allegations that Defendant Rogstad manipulated the same report and "critical information" therein. (Compl. ¶ 679.)

of electronic records." (Compl. ¶¶ 661-63, 666.) However, even if the cited statute allowed for a private cause of action (it does not), the Complaint again fails to actually articulate how any of the Hennepin Defendants transmitted writings by means of wires in interstate or foreign commerce for the purposes of executing a scheme or artifice to defraud Guertin. 18 U.S.C. § 1343.

Guertin's broad allegations of fraudulent conduct, procedural due process violations, and other miscellaneous violations of his rights or law are many frayed threads in an elaborate but ultimately legally insufficient tapestry. The Complaint's winding inferences, bald assertions, and strained suppositions all fall well short of the plausibility demanded by the Federal Rules. Despite more than seven-hundred paragraphs in Guertin's Complaint, there is still no actionable claim against the Hennepin Defendants. Certainly, sifting through the voluminous Complaint to identify the actual claims, against whom they are alleged, and whether they have legal support is "emphatically not the job" of the Court. *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). Guertin has failed to plausibly state a claim for relief and the Complaint must be dismissed.

## II.   Guertin's Complaint is Improper Under *Younger* and *Rooker-Feldman*.

The Complaint explicitly requests declaratory and injunctive relief that would enjoin pending state criminal and civil commitment proceedings, and directly contradict state-court criminal and civil decisions. (Compl. 106.) The *Younger* doctrine mandates federal-court abstention from enjoining pending state prosecutions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013) ("When there is

17

a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Here, Guertin is the subject of pending state criminal and civil proceedings, the latter of which has been denied discretionary state appellate-court review. *See State v. Guertin*, 2024 WL 3320899 at *2 (denying Guertin's petition for discretionary review of the determination of his incompetency). In so far as he requests the Court enjoin ongoing criminal and civil enforcement proceedings, the Court should decline and dismiss the Complaint.

Similarly, the *Rooker-Feldman* doctrine exists to narrowly prohibit "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464, 126 S. Ct. 1198, 201, 163 L. Ed. 2d 1059 (2006) (internal quotations omitted, *quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). As alleged in the Complaint, Guertin seeks federal declaratory and injunctive relief contrary to state court's findings and order for stayed commitment, and a state appellate court decision declining discretionary review of a state district court determination of incompetency. For this reason, the Complaint should be dismissed.

**III.    Guertin's Complaint Has Not Been Properly Served.**

Alternatively, if the Court finds the foregoing is not dispositive, the Court should

dismiss the Complaint because Guertin failed to serve the Hennepin Defendants.[14] *Pro se*

parties, such as Guertin, are held to the same procedural and legal standards as attorneys.

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused

from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526,

528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n. 46, 95 S.Ct.

2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975)). The Federal Rules of Civil Procedure

provide that:

> [A] municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4 (providing similar requirements for individuals, which do not include

certified mail); *compare* Minn. R. Civ. P. 4.03 (providing state requirements for service,

which do not include certified mail.) Guertin has not served his summons and complaint

consistent with the requirements of state law or the federal rules. (ECF No. 7 (averring the

summons and complaint were served on the Hennepin Defendants by mail, not by personal

service.) Accordingly, if the litany of foregoing substantive flaws and deficiencies are not

dispositive, the Complaint should be dismissed for insufficient service of process.

---

[14]    To the extent Guertin's Complaint can be construed as alleging claims against unnamed Hennepin County officials, which are not addressed substantively above, those claims should be similarly dismissed for failure to serve.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez respectfully request the Court grant their motion to dismiss in its entirety and dismiss Guertin's Complaint with prejudice.

<div style="margin-left:40%;">

MARY F. MORIARTY
Hennepin County Attorney

</div>

Dated: August 2, 2024       By:  *s/ Jamil M. F. Masroujeh*
                             Jamil M. F. Masroujeh (0400895)
                             Assistant County Attorney
                             2000A Government Center, MC200
                             300 South Sixth Street
                             Minneapolis, MN 55487
                             Telephone: (612) 596-0683
                             FAX No: (612) 348-8299
                             Jamil.Masroujeh@hennepin.us
                             *Attorney for Defendants Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez*