| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | PROBATE/MENTAL HEALTH DIVISION |

State of Minnesota,                                                    Court File No. 27-CR-23-1886

        Plaintiff,

vs.                                                         **ORDER DENYING**
                                                             **DEFENDANT'S MOTION TO**
Matthew David Guertin,                        **REPRESENT SELF PRO SE**

        Defendant,

Defendant, Mr. Matthew David Guertin, brought a motion on April 3, 2024, to represent himself pro se in the above-captioned matter.

## FINDINGS OF FACT

1. Defendant (date of birth 07/17/1981) was charged in MNCIS file 27-CR-23-1886 with Reckless Discharge of a Firearm (Felony) and three counts of Receive/Possess with No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. This Court first found Defendant incompetent to proceed on July 13, 2023, pursuant to Rule 20.01 of the Minnesota Rules of Criminal Procedure.

3. On November 15, 2023, Judge Julia Dayton Klein ordered a subsequent Rule 20.01 evaluation. Defendant was again found incompetent on January 17, 2024.

## CONCLUSIONS OF LAW

4. Pursuant to Minn. R. Crim. P. 20.01, subd. 1., a defendant is not permitted to waive counsel if the defendant lacks the ability to voluntarily, and intelligently waive the right to counsel; appreciate the consequences of proceeding without counsel; comprehend the nature of the charge; comprehend the nature of the

proceedings; comprehend the possible punishment; or comprehend any other matters essential to understanding the case.

5. The standard for an individual to waive the right to counsel is the same standard as used to determine competency. *State v. Thompson*, No. A20-1232 (Minn. Ct. App. Jul. 26, 2021) (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *State v. Camacho*, 561 N.W.2d 160, 170-74 (Minn. 1997)). A defendant found to be incompetent is not permitted to waive the constitutional right to counsel. *Id.*

6. Defendant was deemed incompetent to proceed pursuant to Minn. R. Crim. P. 20.01, subd. 2 and, therefore, Defendant currently lacks the ability to waive counsel.

**IT IS ORDERED:**

1. Defendant's Motion to Represent Self Pro Se is **DENIED**, and Mr. Bruce Rivers shall proceed as the attorney of record.
2. The Defendant shall appear for a six-month review hearing regarding the Rule 20.01 proceedings on July 16, 2024, before the undersigned District Court Judge.

**BY THE COURT:**

_____

JULIA DAYTON KLEIN
Judge of District Court