## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Matthew D. Guertin,

               Plaintiff,

     vs.

Hennepin County, a municipal entity, et
al.,

               Defendants.

Civil No. 24-cv-2646 (JRT/DLM)

**REPLY MEMORANDUM OF LAW IN
SUPPORT OF STATE DEFENDANTS'
MOTION TO DISMISS**

### INTRODUCTION

Defendants Minnesota Attorney General Keith Ellison, Judge Julia Dayton Klein, Referee George Borer, Referee Danielle C. Mercurio, Dr. Jill Rogstad, and Dr. Adam Milz ("State Defendants") moved to dismiss Plaintiff's claims against them. As detailed in State Defendants' principal memorandum, Plaintiff's claims should be dismissed for several independent, dispositive reasons. Plaintiff claims that "defendants' motions to dismiss are fundamentally flawed as they rely on the findings of the Rule 20.01 exam reports." [Docket No. 54 ¶ 17.] Not so. State Defendants, for purposes of this motion to dismiss, accept all allegations in Plaintiff's Complaint as true. But even doing so, several independent legal doctrines require dismissal. And since Plaintiff fails to meaningfully respond to any of State Defendants' arguments, he waives each issue, and this Court must grant State Defendants' motion to dismiss them from this action.

## I.   PLAINTIFF DOES NOT ADDRESS STATE DEFENDANTS' DISPOSITIVE *YOUNGER* ABSTENTION DOCTRINE ARGUMENT, SO THIS ACTION SHOULD BE DISMISSED.

As State Defendants noted in their principal memorandum, the *Younger* abstention doctrine precludes this Court from interfering in the underlying state court actions involving Plaintiff.  [Docket No. 32, pp. 7–9.]  Plaintiff does not respond to this argument in his responsive memorandum of law.  Failure to respond to issues raised in a dispositive motion constitutes abandonment.  *Luckey v. Alside, Inc.*, 245 F. Supp. 3d 1080, 1087 (D. Minn. 2017); *see also Durand v. Bank of America*, 15-cv-00126 (SRN/SER), 2017 WL 2345677, at *4 (D. Minn. May 30, 2017) ("failure to address challenges to the merits of a claim in [a] response brief amounts to a concession and dismissal is appropriate"); *Grunwald v. Midland Funding, LLC*, 172 F. Supp. 3d 1050, 1053–54 (D. Minn. 2016) (disregarding entire portions of a Defendant's memorandum constitutes a "tacit admission Defendants are correct" and "provides reason enough for the Court to grant Defendants' Motion [to Dismiss]").  When a plaintiff fails to respond to an argument in a defendant's motion to dismiss, the Court should find for the defendant on that issue.  *See Espey v. Nationstar Mrtg., LLC*, Civil No. 13-2979 (ADM/JSM), 2014 WL 2818657, at *11 (D. Minn. June 19, 2014) (finding the Court "must…dismiss[]" claims plaintiff waived by failing to respond).  And since the *Younger* abstention doctrine argument precludes this Court from hearing this action altogether, this Court should dismiss this action in its entirety.  As stated in State Defendants' principal brief, the Court can end its analysis here.

**II.    PLAINTIFF FAILS TO ADDRESS STATE DEFENDANTS' ARGUMENT THAT ATTORNEY GENERAL ELLISON SHOULD BE DISMISSED FOR LACK OF INVOLVEMENT, SO THAT ARGUMENT IS WAIVED.**

As State Defendants noted in their principal memorandum, Attorney General Ellison lacks sufficient involvement in the alleged violation of constitutional rights to be held liable under Section 1983.  [Docket No. 32, pp. 9–10.]  Plaintiff does not address this argument in his response brief, so that issue is waived.  *Durand*, 2017 WL 2345677, at *4. Accordingly, all Section 1983 claims against Attorney General Ellison must be dismissed.

**III.   PLAINTIFF DOES NOT ADDRESS STATE DEFENDANTS' ARGUMENT THAT THE REMAINING STATE DEFENDANTS ENJOY JUDICIAL OR QUASI-JUDICIAL IMMUNITY, SO THAT ARGUMENT IS WAIVED.**

State Defendants argued in their principal memorandum that Judge Dayton Klein, Referee Borer, and Referee Mercurio are immune from suit under judicial immunity, and Dr. Rogstad and Dr. Milz are immune under quasi-judicial immunity.  [Docket No. 32, pp. 10–16.]  Plaintiff fails to acknowledge this issue in his response, and it is therefore waived. *Durand*, 2017 WL 2345677, at *4.  Therefore, this Court should dismiss Judge Dayton Klein, Referee Borer, Referee Mercurio, Dr. Rogstad, and Dr. Milz from this action with prejudice.

**IV.   PLAINTIFF FAILS TO RESPOND TO STATE DEFENDANTS' SOVEREIGN IMMUNITY ARGUMENT.**

State Defendants noted in their principal memorandum that Plaintiff's official capacity Section 1983 claims for monetary damages are barred by sovereign immunity. [Docket No. 32, p. 29.]  Plaintiff fails to respond to this argument, so he waives this issue.

*Durand*, 2017 WL 2345677, at *4.  Accordingly, all official capacity Section 1983 claims for monetary damages against State Defendants must be dismissed with prejudice.

## V.   PLAINTIFF FAILS TO MEANINGFULLY RESPOND STATE DEFENDANTS' ARGUMENTS THAT PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

State Defendants argued in their principal memorandum that all 13 of Plaintiff's claims against State Defendants fail state a claim upon which relief may be granted, and so State Defendants must be dismissed from this action.  [Docket No. 32, pp. 17–27.]  Since Plaintiff fails to meaningfully respond, his arguments are waived, and his claims against State Defendants should be dismissed.

### A.   Plaintiff Fails to Meaningfully Respond to Most of State Defendants' Failure to State a Claim Arguments.

State Defendants argued in their principal memorandum that Plaintiff's Fraud and Forgery (Count 2), Equal Protection (Count 4), Gross Negligence (Count 7), Judicial Misconduct (Count 8), Negligent Infliction of Intentional Distress (Count 10), Retaliation (Count 11), Wire Fraud (Count 12), Fraud on the Court (Count 13), Misconduct of a Public Officer or Employee (Count 14), and Recording or Filing of a Forged Instrument (Count 15) claims fail to state a claim upon which relief might be granted.  [Docket No. 32, pp. 18–20, 22–27.]  Specifically, State Defendants noted that there is no private right of action for Plaintiff's alleged Fraud and Forgery, Judicial Misconduct, Wire Fraud, Misconduct of a Public Officer or Employee, and Recording or Filing of a Forged Instrument claims; Plaintiff's Equal Protection claim fails to show that he was treated differently than other similarly situated individuals or that there was not a rational basis for the difference in

4

treatment; Plaintiff's Gross Negligence claim fails because Plaintiff fails to establish that State Defendants owed Plaintiff a legal duty, that State Defendants breached any such duty, or that a special relationship existed between Plaintiff and any State Defendant, and Plaintiff failed to follow Minn. Stat. § 145.682; Plaintiff's Negligent Infliction of Emotional Distress fails because Plaintiff fails to establish he was in the zone of danger of physical impact, and he fails to plausibly allege extreme or outrageous conduct or severe emotional distress; Plaintiff's Retaliation claim fails because he fails to plausibly allege that State Defendants' conduct was motivated by Plaintiff's exercise of his constitutional rights; and Plaintiff's Fraud on the Court claim fails because it is an equitable remedy, not an independent cause of action. [*Id.*]

Plaintiff's only response to these arguments is that the "new evidence of discovery fraud, directly linked to the Defendants, clearly substantiates Plaintiff's claims and underscores the necessity of judicial intervention to protect the Plaintiff's constitutional rights." [Docket No. 54 ¶ 36.] But whatever new allegations Plaintiff makes in his response memorandum are of no legal consequence, since Courts "look only to the facts alleged in the complaint" when evaluating a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Riley v. St. Louis Cnty., Mo.*, 153 F.3d 627, 628 (8th Cir. 1998). And since Plaintiff fails to meaningfully respond to State Defendants' arguments, Plaintiff waives his arguments. *See Milligan v. City of Red Oak*, 230 F.3d 355, 360 (8th Cir. 2000) (refusing to consider appellant's unsupported, barebones assertions); *see also City Of Carthage, Mo. v. Union Pac. R.R. Co.*, 603 F. Supp. 3d 711, 734 (W.D. Mo. 2022) (same). Accordingly, these claims should be dismissed.

**B.    Plaintiff Fails to State a Due Process Claim.**

State Defendants argued in their principal memorandum that Plaintiff's Procedural Due Process claim fails to allege a protected liberty or property interest that State Defendants allegedly violated.  [Docket No. 32, pp. 17–18.]  Plaintiff responds by summarily stating that Dr. Milz and Dr. Rogstad's evaluations violate his due process rights since "the court has duty to ensure that decisions about a person's mental competence are based on accurate and truthful information" and their evaluations allegedly failed to meet that standard.  [Docket No. 54 ¶ 26.]  But even if this were true (it's not), Plaintiff has still failed to identify, let alone plead, a protected liberty or property interest that State Defendants allegedly violated.  Since Plaintiff fails to meaningfully respond to this argument, the issue is waived, and Plaintiff's Procedural Due Process claims against State Defendants must be dismissed.  *Riley*, 153 F.3d at 628.

**C.    Plaintiff Fails to State an Access to the Courts Claim.**

In their principal memorandum, State Defendants noted that Plaintiff's Access to the Courts claim fails to properly allege an injury that caused denial to meaningful access to the courts.  [Docket No. 32, pp. 17–18.]  Plaintiff seems to respond by saying that "[t]he reliance on these discredited psychological evaluations as a basis for civil commitment and claims of incompetence has compromised Plaintiff's right to a fair trial."  [Docket No. 54 ¶ 30.]  But this response again fails to meaningfully address the legal merits of State Defendants' argument, and since Plaintiff fails to satisfactorily plead an injury or denial of meaningful access to the courts, his claim must be dismissed.  *See Lewis v. Casey*, 518 U.S. 343, 351, 354 (1996) (finding injury and denial of meaningful access are requisite elements

of access to the courts claim); *Ingram v. Ark. Dep't of Corr.*, 91 F.4th 924, 927 (8th Cir. 2024) (finding a claim must be dismissed upon a Rule 12(b)(6) motion to dismiss unless each element is sufficiently alleged). And while Plaintiff summarily states that Dr. Milz and Dr. Rogstad's evaluations have compromised his right to a fair trial, simply stating this does not make it so, as the Court is not bound by such conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, in his Complaint, Plaintiff argues that the authority for his Access to the Courts claim resides in the First and Fourteenth Amendment [Docket No. 1 ¶ 569], but the right he invokes in his response brief—a defendant's right to a fair trial—is guaranteed by the Sixth and Fourteenth Amendments. *Holbrook v. Flynn*, 475 U.S. 560, 567 (1986). Such an attempt to raise a new claim in a response brief that was not in the complaint should not be considered by the Court. *Karsjens v. McCauley*, Civil No. 15-2590 (DWF/JFD), 2023 WL 5431433, at *2 (D. Minn. Aug. 23, 2023). And it is axiomatic that Plaintiff's right to a fair trial cannot be infringed if he has not had a trial. *See generally Sunderland v. U.S.*, 19 F.2d 202, 216 (8th Cir. 1927) (defining the contours of the right to a fair trial). Since Plaintiff fails to meaningfully respond to State Defendants' argument, he waives the issue, and Plaintiff's Access to the Courts claims against State Defendants must be dismissed. *Riley*, 153 F.3d at 628.

> **D.    Plaintiff Fails to Meaningfully Respond to State Defendants' Argument that Plaintiff's Conspiracy Claim Fails to State a Claim.**

In their principal memorandum, State Defendants also argued that Plaintiff's Section 1985 conspiracy claim fails since he fails to adequately plead that he was treated unequally, that there was a meeting of the minds or "agreement" among any Defendants to

violate his constitutional rights, or that an independent federal right had been violated. [Docket No. 32, pp. 21–22.]  In response, Plaintiff claims that, "[t]he involvement of the same actors in both the flawed psychological evaluations and the introduction of fraudulent discovery materials suggests a coordinated effort to undermine Guertin's legal standing and supports his claims of systemic corruption."  [Docket No. 54 ¶ 32.]  It is unclear to whom Plaintiff even refers here, but it makes no difference, since Plaintiff's conclusory statements do not bind the Court.  *Iqbal*, 556 U.S. at 678.  And even if they did, it does not change the fact that suggesting a coordinated effort in a response brief has no effect on a motion to dismiss a complaint, since this Court looks only at what is alleged in Plaintiff's Complaint when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Riley*, 153 F.3d at 628.  Since Plaintiff does not meaningfully respond to State Defendants' argument that his *Complaint* contains no allegations that there was a meeting of the minds or "agreement" among any Defendants to violate his constitutional rights, and Plaintiff fails to respond to State Defendants' arguments that Plaintiff failed to plead that he was treated unequally or that an independent federal right was violated, Plaintiff waives this issue. *Riley*, 153 F.3d at 628; *Durand*, 2017 WL 2345677, at *4.  Accordingly, Plaintiff's Section 1985 claim should be dismissed.

## E.    Plaintiff's Conclusory Response Fails to Defeat State Defendants' Assertion of Qualified Immunity.

In their principal memorandum, State Defendants also argued that they are entitled to qualified immunity.  [Docket No. 32, pp. 27–28.]  Plaintiff argues that evidence of "fraudulent discovery materials…show[] intentional acts that go beyond mere negligence."

[Docket No. 54 ¶ 35.]  But this barebones assertion is not enough to survive the invocation of qualified immunity.  To defeat a defendant's assertion of qualified immunity, a plaintiff must prove that (1) the facts, in the light viewed most favorable to the plaintiff, has shown the violation of a constitutional right, and (2) if so, whether the right at issue was "clearly established" at the time of the incident, such that a reasonable official would have known his conduct was unlawful.  *Howard v. Kansas City Police Dept.*, 570 F.3d 984, 988 (8th Cir. 2009).  Plaintiff has failed to satisfy either prong, so this Court must find that State Defendants enjoy qualified immunity from Plaintiff's Section 1983 claims.

## CONCLUSION

This Court is prohibited from interjecting itself into the ongoing state criminal action under the *Younger* abstention doctrine.  This alone is dispositive to the case, and since Plaintiff fails to respond to this argument, he waives the issue, and Plaintiff's complaint must be dismissed.  In addition, Plaintiff fails to respond whatsoever to State Defendants' sufficient involvement, judicial and quasi-judicial immunity, and sovereign immunity arguments, and so Plaintiff waives these issues.  And since Plaintiff fails to meaningfully respond to State Defendants' failure to state a claim and qualified immunity arguments, these issues are also waived.  Accordingly, State Defendants respectfully ask that this Court grant their motion to dismiss and dismiss all claims against them.  Further, to preserve resources, State Defendants ask the Court to consider this matter on the papers.

*Signature on following page*

Dated:  August 26, 2024                    Respectfully submitted,

                                           KEITH ELLISON
                                           Attorney General
                                           State of Minnesota


                                           /s/  Benjamin Harringa
                                           BENJAMIN HARRINGA
                                           Assistant Attorney General
                                           Atty. Reg. No. 0399254

                                           445 Minnesota Street, Suite 1400
                                           St. Paul, MN 55101-2131
                                           (651) 583-6731 (Voice)
                                           (651) 282-5832 (Fax)
                                           Benjamin.Harringa@ag.state.mn.us

                                           ATTORNEY FOR STATE DEFENDANTS