UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Matthew D. Guertin, | Case No. 24-2646 (JRT/DLM) |
| Plaintiff, | |
| vs. | **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| Hennepin County, a municipal entity, et al., | |
| Defendants. | |

_____

## INTRODUCTION

Plaintiff has not established that he is entitled to the extraordinary relief of a preliminary injunction. No exception to the Anti-Injunction Act exists to permit this Court to enjoin the state court proceedings. And even if an exception existed, this Court should deny Plaintiff's request for a preliminary injunction since he fails to satisfy a single *Dataphase* factor. In addition, the relief sought by Plaintiff is improper, and Plaintiff fails to satisfy numerous local and federal procedural requirements. Accordingly, Plaintiff's motion should be denied.

## FACTS

In January 2023, Plaintiff discharged his firearm from an apartment approximately 20 times in order to summon the Minnetonka Police Department, claiming that he could not communicate with law enforcement via phone or computer because other people had gained control of those devices. *State v. Guertin*, Court File No. 27-CR-23-1886

(Hennepin Cnty. Dist. Ct.), Index 1.[1]  Police recovered an automatic rifle, a full-size pistol, and a compact pistol, all without serial numbers, and Plaintiff was charged with four felonies.  *Id*.  During the adjudication of that state criminal case, Plaintiff was found incompetent in July 2023 and again in January 2024.  *State v. Guertin*, Court File No. 27-CR-23-1886 (Hennepin Cnty. Dist. Ct.), Index 19 and 25.  Plaintiff's felony proceedings have been suspended until Plaintiff is restored to competency.  *State v. Guertin*, Court File No. 27-CR-23-1886 (Hennepin Cnty. Dist. Ct.), Index 25; Minn. R. Crim. P. 20.01, subd. 6(b).  Plaintiff moved to discharge his privately hired counsel and proceed pro se.  *State v. Guertin*, Court File No. 27-CR-23-1886 (Hennepin Cnty. Dist. Ct.), Index 26.  The state district court denied Plaintiff's motion, and the Court of Appeals denied Plaintiff's petition for discretionary review.  State v. Guertin, Court File No. 27-CR-23-1886 (Hennepin Cnty. Dist. Ct.), Index 26.

Plaintiff brought this action against Judge Julia Dayton Klein, Referee George Borer, and Referee Danielle Mercurio for their roles as judicial officers, and against Dr. Jill Rogstad and Dr. Adam Milz for their roles as forensic psychologists in providing competency evaluations in the underlying criminal action.  [Docket No. 1.]  Plaintiff also sued Attorney General Ellison for his general role in enforcing the state's laws.  [*Id*. ¶ 54.]

Plaintiff moved for a temporary restraining order, claiming that he "demonstrated that he faces immediate and irreparable harm if the TRO is not granted," and citing his alleged loss of constitutional rights.  [Docket No. 2 ¶¶ 16–17.]  Plaintiff asked the Court to enjoin the state court action and order the production of discovery materials.  [Docket No.

---

[1] Copies of state court filings can be found at https://publicaccess.courts.state.mn.us/.

2

2.] This Court denied Plaintiff's motion, noting that it lacked authority to enjoin the state court action since no exception to the Anti-Injunction Act exists. [Docket No. 26.] This Court noted that "Guertin may raise his constitutional challenges in the state court where his charges are pending," and that, since "there is no indication that the prosecution against Guertin has been brought in bad faith…the injury Guertin purportedly faces 'is solely incidental to every criminal proceeding brought lawfully and in good faith,' which does not entitle him to equitable relief." [*Id*. at 3–4 (quoting *Younger v. Harris*, 401 U.S.37 49 (1971)].

State Defendants moved to dismiss Plaintiff's complaint with prejudice, arguing that the *Younger* abstention doctrine requires this Court to refrain from intervening into an ongoing state action, and that State Defendants are immune from suit under qualified, judicial, and quasi-judicial immunities. [Docket No. 32.] State Defendants also argued that each of Plaintiff's many claims fail to state a claim upon which relief can be granted. [*Id*.]

Plaintiff now brings this motion. [Docket No. 42.] While he does not cite the Rule of Civil Procedure under which he brings his motion, he seems to attempt to bring a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). Though Plaintiff's motion is 89 pages and includes hundreds of additional pages of exhibits (in addition to the thousands of pages of exhibits he submitted along with his complaint), it seems that Plaintiff's motion focuses primarily on areas of disagreement in the competency evaluations submitted in the state criminal action by Dr. Rogstad and Dr. Milz. [*Id*. ¶¶ 72–

84, 116–172.] For the first time, Plaintiff alleges that he is in immediate danger because of his prescribed antipsychotic medication. [*Id*. ¶ 234.]

## ARGUMENT

As discussed by this Court in its order denying Plaintiff's Motion for Temporary Restraining Order and Immediate Hearing [Docket No. 26], no exception to the Anti-Injunction Act exists to permit this Court to enjoin the state court proceedings. In addition, Plaintiff fails to satisfy any of the *Dataphase* factors. Further, Plaintiff seeks improper relief, and he has failed to satisfy federal and local rules. Therefore, Plaintiff's motion for a preliminary injunction should be denied.

**I.   NO EXCEPTION TO THE ANTI-INJUNCTION ACT PERMITS THIS COURT TO ISSUE A PRELIMINARY INJUNCTION.**

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act, whose "core message is one of respect for state courts," bars intervention between the dual state and federal district courts absent one of these three exceptions, which must be read narrowly. *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) (citation omitted); *Chick Kam Choo v. Exxon Corp*. 486 U.S. 140, 147 (1988) (citation omitted). Instead, "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the U.S. Supreme Court]." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). "Any doubts as to the propriety of a federal injunction against state court proceedings

4

should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id*. at 297.

Here, as already carefully considered by this Court, Plaintiff does not allege that any of the three exceptions apply. First, Plaintiff points out no federal law that permits this Court to enjoin the state court proceedings. Second, Plaintiff fails to prove that his requested injunction is necessary to aid this Court "of its jurisdiction." 28 U.S.C. § 2283. An injunction does not become necessary to aid a federal court of its jurisdiction just because a state court "interfere[s] with a protected federal right or invade[s] an area preempted by federal law, even when the interference is unmistakably clear." *Atl. Coast Line R.R. Co.*, 398 U.S. at 294. Instead, an injunction is necessary to aid a federal court of its jurisdiction when it protects or effectuates its judgments. *Id*. at 295. Since none of Plaintiff's allegations involve federal judgments, he cannot demonstrate that the second exception to the Anti-Injunction Act applies to permit this Court to consider the merits of his request.

Third, Plaintiff cannot establish that the relitigation exception applies. For the relitigation exception to apply, the issue being relitigated must have been previously decided by a federal court. *In re SDDS, Inc.*, 97 F.3d 1030, 1037 (8th Cir. 1996) (citations omitted). The relitigation exception of the Anti-Injunction Act is inapplicable for the same reason as the jurisdictional exception—this case concerns no previous federal action. Accordingly, as this Court articulated in its order denying Plaintiff's request for a Temporary Restraining Order, no exception to the Anti-Injunction Act applies to this case. This Court thus lacks authority to offer Plaintiff the relief he requests, and his motion must

be denied. Accordingly, this Court can end its inquiry here and need not weigh the merits of Plaintiff's motion.

## II. PLAINTIFF FAILS TO SATISFY ANY OF THE *DATAPHASE* FACTORS.

Even if this Court were to find an exception to the Anti-Injunction Act applied to permit it to consider Plaintiff's motion on its merits (one does not), Plaintiff fails to satisfy the high bar required to justify issuance of a preliminary injunction. A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 9 (2008). The party seeking preliminary injunctive relief "bears the burden of establishing the necessity of this equitable remedy." *General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009). "The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

When deciding a motion for preliminary injunction, a court must consider: (1) the moving party's probability of success on the merits; (2) the threat of irreparable harm to the moving party; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) the public interest in the issuance of the injunction. *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Plaintiff has the "complete burden" of proving all the factors. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

### A. Plaintiff is Not Likely to Succeed on the Merits.

Plaintiff's motion for a preliminary injunction should be denied because he is unlikely to succeed on the merits. The most important of the *Dataphase* factors is likelihood of success. *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013). The moving

6

party must demonstrate a "fair chance of prevailing." *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008).

Plaintiff should not prevail because he waived his arguments on dispositive issues by failing to respond, and the Court should dismiss his Complaint. For the reasons stated in State Defendants' briefs in support of their motion to dismiss, Plaintiff's claims are barred by the *Younger* abstention doctrine and numerous immunities, and Plaintiff's Complaint fails to state a claim upon which relief may be granted. [Docket Nos. 32, 66.] State Defendants hereby incorporate their arguments made in support of their motion to dismiss.

Plaintiff argues that he is likely to succeed on the merits because he has produced evidence "including the LinkedIn search graph and documented proof of patent fraud" [Docket No. 42 ¶ 262]. This is legally irrelevant to State Defendants' dispositive legal defenses. As discussed in State Defendants' reply brief, Plaintiff failed to respond to State Defendants' *Younger* abstention doctrine argument (which is dispositive for all defendants and requires the Complaint to be dismissed), judicial and quasi-judicial immunity arguments (which are dispositive for Judge Julia Dayton Klein, Referee George Borer, Referee Danielle C. Mercurio, Dr. Jill Rogstad, and Dr. Adam Milz), and personal involvement and gross negligence failure to state a claim arguments (which, together, are dispositive for Attorney General Ellison). [Docket No. 66, pp. 2–5.] Failure to respond to issues raised in a dispositive motion constitutes abandonment. *Luckey v. Alside, Inc.*, 245 F. Supp. 3d 1080, 1087 (D. Minn. 2017); *see also Espey v. Nationstar Mrtg., LLC*, Civil No. 13-2979 (ADM/JSM), 2014 WL 2818657, at *11 (D. Minn. June 19, 2014) (finding

7

the Court "must…dismiss[]" claims plaintiff waived by failing to respond). Since Plaintiff failed to respond to (at least) two arguments that require dismissal of each State Defendant (including the *Younger* abstention doctrine, which requires the Complaint to be dismissed in its entirety), he should not succeed on the merits, and a preliminary injunction is inappropriate.

### B. Plaintiff Cannot Show Irreparable Harm.

Plaintiff likewise cannot satisfy the second *Dataphase* factor because he cannot show irreparable harm absent a preliminary injunction. Failure to show irreparable harm is also an independently sufficient ground for denying a preliminary injunction. *Watkins*, 346 F.3d at 844. To make a showing of irreparable harm, Plaintiff "must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013). Mere speculation that Plaintiff will suffer future harm does not support a claim for injunctive relief. *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015).

Plaintiff argues that the "permanent and severe effects of forced medication" satisfy this factor. [Docket No. 42, ¶ 270.] This argument fails for numerous reasons. First, this injury is insufficiently related to State Defendants' alleged conduct in the complaint, which makes no mention of forced medication. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Second, even though Plaintiff has submitted thousands of pages of supporting documentation, he has failed to prove that he is being prescribed medication, and that this medication is having any *actual, realized* harm on him. "Speculative harm does not support a preliminary injunction." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012).

Third, Plaintiff does not allege that *State Defendants* are causing this alleged harm—indeed, based on the voluminous records submitted by Plaintiff, it does not seem that State Defendants have had any role in prescribing allegedly harmful medication. [Docket No. 15, pp. 65–74; Docket No. 43, pp. 127–132.] *See Gen. Motors Corp. v. Harry Brown's, LLC*, 590 F. Supp. 2d 1134, 1137 (D. Minn. 2008) ("[t]he irreparable harm factor focuses on the harm or potential harm to the plaintiff of *defendants'* conduct or threatened conduct") (emphasis added), *aff'd*, 563 F.3d 312 (8th Cir. 2009).

Fourth, as Plaintiff correctly points out, involuntary civil detainees in Minnesota have a due process right against the unwanted administration of antipsychotic drugs. *Rowell v. Comm'r of Health and Hum. Serv.*, Case No. 18-cv-1653, 2018 WL 3640186, at *2 (D. Minn. June 19, 2018). But as articulated by this Court in its denial of Plaintiff's motion for a temporary restraining order, Plaintiff can raise that constitutional challenge in the state court action. And even if that were not the case, as briefed in State Defendants' motion to dismiss, Plaintiff's complaint fails to state a due process claim upon which relief may be granted, and so he has no cognizable due process claim. And in the absence of a likelihood of success on a constitutional claim, that alleged infringement does not suffice as irreparable injury. *Powell v. Noble*, 798 F.3d 690, 702 (8th Cir. 2015).

9

Fifth, even if none of the above were true, the relief requested would not remedy the hypothetical harm, since Plaintiff's treatment is part of a separate state court proceeding (27-MH-PR-23-815) that he is not asking this Court to enjoin. [Docket No. 15, pp. 88–92; Docket No. 42, pp. 85–86.] Since the harm relevant to a request for a preliminary injunction is "the threat of irreparable harm to the movant in the absence of relief," *Watkins*, 346 F.3d 841 at 844, and Plaintiff's requested relief would not remedy his alleged harm, he cannot show irreparable harm absent a preliminary injunction. Plaintiff's motion should be denied.

  **C. Balancing Harms and the Public Interest Require the Injunction Be Denied.**

Plaintiff has failed to prove that either the balancing of harms or the public interest requires an injunction. As the Supreme Court stated in *Younger v. Harris*, the public interest of the "fundamental policy against federal interference with state criminal prosecutions" is so important, "even irreparable injury is insufficient [to warrant federal interjection] unless it is 'both great and immediate.'" 401 U.S. 37, 46 (1971) (internal citation omitted). To justify issuing an injunction, the balance of harm must tip "decidedly" toward the plaintiff. *General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 624 (8th Cir. 1987); *Marigold Foods, Inc. v. Redalen*, 809 F.Supp. 714, 720 (D. Minn. 1992).

As discussed above, Plaintiff has failed to articulate a realized harm, let alone a great and immediate harm. Meanwhile, as articulated by the Supreme Court, State Defendants would suffer a harm tantamount to the degradation of this country's dual judicial system if the federal court interjected in ongoing state criminal prosecutions. This immense harm is

coextensive with the public interest of a state judiciary free from federal interference. The balance of harm and public interest disfavor Plaintiff's motion for a preliminary injunction.

***

Plaintiff fails to satisfy any of the four *Dataphase* factors, and therefore, his motion for a preliminary injunction must be denied.

### III. PLAINTIFF SEEKS IMPROPER RELIEF.

In addition to failing to satisfy the *Dataphase* factors, Plaintiff's motion fails because it seeks improper relief that is not related to claims pled in the Complaint, and it is vague and broad.

### A. Plaintiff Improperly Seeks Relief Not Sought in the Complaint.

The purpose of preliminary injunctive relief is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose*, 42 F.3d at 471. To effectuate this purpose, the party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

Plaintiff's Complaint demanded an emergency temporary restraining order and permanent injunction ordering the cessation of surveillance and enjoining the state court action, declaratory relief declaring that Plaintiff's constitutional rights had been violated, changes to Hennepin County policies and procedures, compensatory and punitive damages, attorneys' fees, and interest. [Docket No. 1 at 107.] But in his motion for a preliminary injunction, Plaintiff seeks much more: here, he demands that this Court enjoin the state court criminal action, prohibit the administration of antipsychotic medication, recognize an alleged conflict of interest with his private counsel in his state court action, initiate an

11

independent investigation regarding discovery in the state court action, investigate "the broader conspiracy claims involving government and corporate entities" regarding the alleged patent theft, acknowledge and rectify constitutional violations, protect constitutional rights henceforth, forward the findings and evidence of constitutional violations to the state district court, and request the state court reconsider the criminal charges "in light of the…evidence of prosecutorial and defense misconduct." [Docket No. 42 at 85–86.] An order granting Plaintiff's requested relief would therefore not be based on the allegations in the Complaint. That disconnect is a sufficient basis for denial of his motion. *See, e.g.*, *Owens v. Severin*, No. 08-1418, 2008 WL 4240153 (8th Cir. Sept. 18, 2008); *Redd v. Lutgen*, Civ. No. 11-3046, 2013 WL 5757864 (N.D. Iowa Oct. 23, 2013).

### B. Plaintiff's Requested Relief is Impermissibly Vague and Overly Broad.

Plaintiff's requested relief is also impermissible for the related reason that it is vague and overly broad and bears only a limited relationship to the harms of which Plaintiff complains. "[I]njunctive relief must be narrowly tailored to remedy only the specific harms established by the plaintiff." *Lytle v. U.S. Dep't of Health & Human Servs.*, 612 F. App'x 861, 862 (8th Cir. 2015). In other words, "[i]n order for an injunction to issue, a right must have been violated." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). Furthermore, an injunction must be specific enough "that those against whom an injunction is issued . . . receive fair and precisely drawn notice of what the injunction actually prohibits." *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987); *see* Fed. R. Civ. P. 65(d).

Plaintiff's requested relief violates these principles. First, Plaintiff has failed to establish *any* harm, so any requested relief will necessarily be broader than the harms established. And where there has not been "any finding of constitutional or statutory depravation," injunctive relief is improper. *See Goff v. Harper*, 60 F.3d 518, 521 (8th Cir. 1995); *E.W. Bliss Co. v. Struthers-Dunn, Inc.*, 408 F.2d 1108, 1115–16 (8th Cir. 1969). Second, Plaintiff's requests lack specificity not only in terms of the relief requested but also the entity granting the relief. For instance, Plaintiff requests that this Court grant relief to "[i]nvestigate the broader conspiracy claims involving government and corporate entities as substantiated by the evidence presented." [Docket No. 42, p. 86.] But Plaintiff fails to articulate who is supposed to conduct this investigation, or what government and corporate entities are to be investigated. Other requests, such as his request to "[e]nsure Mr. Guertin's constitutional rights are protected moving forward in this case" are similarly insufficiently specific to grant relief. *See Daniels v. Woodbury Cnty., Ia.*, 742 F.2d 1128, 1134 (8th Cir. 1984) (finding "an injunction which does little or nothing more than order the defendants to obey the law is not specific enough."). Accordingly, his requests for injunctive relief should be rejected. *See United States v. Articles of Drug*, 825 F.2d 1238, 1347 (8th Cir. 1987); *Calvin Klein Cosmetics*, 824 F.2d at 669. Since Plaintiff seeks improper relief, his motion should be denied.

### IV. PLAINTIFF'S MOTION IS PROCEDURALLY DEFICIENT.

In addition to failing on the merits on several, independent grounds, Plaintiff's motion fails to satisfy federal and local rules, and his motion should be denied on this basis alone. "Pro se litigants are not excused from compliance with substantive and procedural

law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (internal citation omitted). First, Plaintiff has not demonstrated that he contacted the judge's courtroom deputy to obtain a hearing date and briefing schedule as required by the District of Minnesota's Local Rules. D. Minn. L.R. 7.1(d)(2). Nor did Plaintiff file a motion, notice of hearing, or proposed order with his memorandum of law. D. Minn. L.R. 7.1(d)(3). And Plaintiff has failed to furnish a bond, which is required absent lack of objection by defendants. Fed. R. Civ. P. 65(c); *First Lutheran Church v. Cty. Of St. Paul*, 326 F. Supp. 3d 745, 769 (D. Minn. 2018). Since Plaintiff has failed to satisfy these procedural requirements, his motion should be denied.

## CONCLUSION

Plaintiff has not satisfied the high burden to prove that he is entitled to the "extraordinary remedy" of an injunction under Fed. R. Civ. P. 65. For the reasons stated herein, State Defendants respectfully ask that the Court deny Plaintiff's motion.

*Signature on following page*

Dated:  August 26, 2024	Respectfully submitted,

                                              KEITH ELLISON
                                              Attorney General
                                              State of Minnesota


                                              /s/  Benjamin Harringa
                                              BENJAMIN HARRINGA
                                              Assistant Attorney General
                                              Atty. Reg. No. 0399254

                                              445 Minnesota Street, Suite 1400
                                              St. Paul, MN 55101-2131
                                              (651) 583-6731 (Voice)
                                              (651) 282-5832 (Fax)
                                              Benjamin.Harringa@ag.state.mn.us

                                              ATTORNEY FOR STATE DEFENDANTS