## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW D. GUERTIN<br><br>                            Plaintiff,<br><br>    v.<br><br>HENNEPIN COUNTY, a municipal entity;<br>KEITH ELLISON, in his official capacity as Minnesota Attorney General;<br>MARY MORIARTY, in her official capacity as Hennepin County Attorney;<br>CHELA GUZMAN-WEIGART, in her official capacity as Assistant County Administrator for Law, Safety, and Justice;<br>JULIA DAYTON-KLEIN, in her individual capacity;<br>GEORGE F. BORER, in his individual capacity;<br>DANIELLE C. MERCURIO, in her individual capacity;<br>DR. JILL ROGSTAD, in her official capacity as Senior Clinical Forensic Psychologist in the Fourth Judicial District;<br>DR. ADAM MILZ, in his official capacity with Hennepin County Mental Health;<br>JACQUELINE PEREZ, in her official capacity as Assistant Hennepin County Attorney;<br>BRUCE M. RIVERS, in his individual capacity.<br><br>                            Defendants. | Case No: 24-cv-02646-JRT-DLM<br><br><br><br><br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

## I.  INTRODUCTION

1.      Plaintiff Matthew Guertin submits this memorandum in opposition to the State Defendants' Motion to Dismiss and their Opposition to Plaintiff's Motion for Preliminary Injunction. Central to this case are the fraudulent discovery materials that have been introduced into the proceedings - an issue that the Defendants have consistently failed to address.

1

## II.   FRAUDULENT DISCOVERY MATERIALS AND CORE CONSPIRACY

2.      The existence of fraudulent discovery materials is not merely a procedural defect; it irrefutably validates the core conspiracy claims that form the foundation of this case. This fraudulent conduct, by its very nature, satisfies the *Dataphase* factors necessary for injunctive relief.

3.      It demonstrates a likelihood of success on the merits, establishes irreparable harm, tips the balance of harms in favor of Plaintiff, and serves the public interest by upholding the integrity of the judicial process.

## III.   COMPETENCY PARADOX AND PERVERSE INCENTIVES

4.      A glaring paradox exists in how Plaintiff's competency has been handled across different courts. Plaintiff is officially recognized as a pro se litigant in three higher courts, including this federal court, where he has competently navigated complex legal procedures and engaged in substantive litigation. Yet, in the lower Hennepin County District Court, Plaintiff is deemed incompetent to discharge his privately hired counsel or proceed pro se.

5.      This inconsistency not only represents a fundamental violation of Plaintiff's constitutional rights but also raises significant concerns about the integrity of the judicial process. The proven existence of fraudulent discovery materials creates a conflict of interest that incentivizes the Hennepin County District Court to prevent Plaintiff from receiving his day in court - the very due process that Plaintiff has been arguing for throughout this entire case, and his case in the Hennepin County District Court. If due process is allowed to proceed, these fraudulent materials could lead to a dismissal of the charges against Plaintiff.

6.      On the other side of this perverse incentive, the continued deprivation of Plaintiff's rights through blatantly false competency determinations, which are irrefutably proven

in Plaintiff's August 7 motion, further exacerbates the already irreparable harm imposed by the fraudulent discovery and ongoing constitutional violations. This could also lead to an unjust commitment and the forced administration of powerful antipsychotic drugs, potentially in retaliation for Plaintiff's efforts to expose the truth.

7.      Allowing this clear violation of constitutional rights to continue, despite the overwhelming evidence of unprecedented fraud being perpetuated within the state courts, would represent a failure of the federal court to exercise its jurisdiction to protect Plaintiff and prevent further injustice.

### IV.   CASE LAW SUPPORTING INJUNCTIVE RELIEF

8.      It is important to note that under the Anti-Injunction Act, federal courts are not barred from granting injunctive relief in cases involving fraud or significant constitutional violations. Relevant case law includes:

**9.      Fraud Exception:**

a.   *Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 136 (1941):
This case acknowledged that an injunction might be appropriate when a party is using the state court process to perpetrate a fraud on the federal court. The Court recognized that fraud affecting the federal court's ability to render justice can justify an injunction.

b. *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970):

The Court suggested that in cases involving fraud, an injunction may be warranted to protect the integrity of the federal court's jurisdiction, especially when state proceedings threaten to undermine federal judgments.

c. *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir. 1981):

The Fifth Circuit held that federal courts could enjoin state proceedings under the Anti-Injunction Act when there is a finding of fraud affecting the federal court's judgment, emphasizing the need to preserve the sanctity of federal court decisions.

10.   **Constitutional Violations:**

a. *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972):

The Supreme Court recognized that 42 U.S.C. § 1983 serves as an exception to the Anti-Injunction Act, permitting federal courts to intervene in state proceedings to protect constitutional rights. This case highlights the federal courts' authority to ensure that state actions do not infringe upon federally protected rights.

b. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984):

The Court allowed federal courts to issue injunctions against state judges under § 1983, despite the Anti-Injunction Act, to safeguard federal rights. The decision underscored the importance of federal intervention in preventing state actors from violating constitutional protections.

c. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971):

In Younger, the Supreme Court recognized that federal intervention is justified in cases of bad faith, harassment, or other extraordinary circumstances that warrant equitable relief. This case established the principle that federal courts can act to prevent state abuses that threaten constitutional rights.

## V.   CONCLUSION

11.     The issues presented in this case are clear: fraudulent discovery materials, false competency determinations, and the denial of due process create an urgent need for federal intervention. Plaintiff respectfully requests that this Court deny the State Defendants' Motion to Dismiss and grant the Motion for Preliminary Injunction to ensure that Plaintiff's constitutional rights are upheld and justice is served.

Dated:  August 27, 2024                           Respectfully submitted,

                                                   */s/ Matthew D. Guertin*

                                                  Matthew David Guertin
                                                  Pro Se Plaintiff
                                                  1075 Traditions Ct.
                                                  Chaska, MN  55318
                                                  Telephone: 763-221-4540
                                                  MattGuertin@protonmail.com
                                                  www.MattGuertin.com