# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew D. Guertin,<br><br>Plaintiff,<br><br>vs.<br><br>Hennepin County, Keith Ellison, Mary Moriarty, Chela Guzman-Weigart, Julia Dayton-Klein, George F. Borer, Danielle C. Mercurio, Dr. Jill Rogstad, Dr. Adam Milz, Jacqueline Perez, and Bruce M. Rivers,<br><br>Defendants. | Case No. 24-cv-2646 (JRT/DLM)<br><br>**DEFENDANTS HENNEPIN COUNTY, MARY MORIARTY, CHELA GUZMAN-WEIGART, AND JACQUELINE PEREZ'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Defendants Mary Moriarty, Jaqueline Perez, and Chela Guzman-Weigart (collectively, the "Hennepin Defendants") articulated several, independently dispositive legal flaws with the Complaint. In his response memorandum opposing the Hennepin Defendants' motion to dismiss, Plaintiff Matthew D. Guertin ("Guertin") has not presented any legal argument in support of his opposition. Instead, Guertin continues to supply the Court with an extensive factual narrative that broadly fails to address the Hennepin Defendants' arguments, and the Complaint should be dismissed.

## ARGUMENT

**I. Guertin's Complaint Violates the "Short and Plain Statement" Rule, and Further Fails to State a Claim Against the Hennepin Defendants.**

*a. Legal Standard*

Guertin's Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the foregoing in relevant part); *see also Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (same). Even if Guertin's Complaint[1] does not violate the "short and plain statement rule,"[2] it is pervasively conclusory and remains insufficient to survive a motion to dismiss. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Guertin's Complaint violates Rule 8(a) and (e) of the Federal Rules of Civil Procedure and should be dismissed under Rule 12(b)(6) for its failure to present a plausible claim for relief against the Hennepin Defendants.

*b. The Complaint Fails to Allege Sufficient Facts to Sustain an Official Capacity Claim Against the Hennepin Defendants or **Monell** Claim.*

Guertin's response memorandum dedicates three sentences to discussing his *Monell* claim but does not actually address the arguments made in the motion to dismiss. (ECF No. 54.) As noted in the Hennepin Defendants' initial memorandum, Guertin's official-

---

[1] Guertin's Complaint contains 703 paragraphs across 106 pages, with 15 exhibits attached containing approximately 1,913 pages. (ECF Nos. 1.1, 8-21.)

[2] Courts have regularly dismissed excessively lengthy complaints. *See Michaelis v. Nebraska State Bar Assoc.*, 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs and 98 pages); *Kuehl v. FDIC*, 8 F.3d 905, 908–09 (1st Cir. 1993) (358 paragraphs and 43 pages); *In re Westinghouse Secs. Litigation*, 90 F.3d 696, 703 (3d Cir. 1996) (over 600 paragraphs and 240 pages).

capacity claims against Moriarty, Guzman-Weigart, and Perez should be treated as claims against Hennepin County. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Guertin has not alleged an unconstitutional policy or custom underlying the alleged injury sufficient to assert a *Monell* claim against Hennepin County under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998); *Harris v. City of Pagedale*, 821 F.2d 499, 504 (8th Cir. 1987). The Complaint does not contain a single allegation of Hennepin County having an unconstitutional policy, a Hennepin County official adopting such policy, a pattern of unconstitutional conduct, authorization or active ignorance of such a pattern, or Hennepin County failing to sufficiently train its employees. Accordingly, Guertin's claims against the Hennepin Defendants fail as a matter of law and must be dismissed.

> c. ***Guertin's Complaint Fails to Allege Sufficient Facts to Support His Claims Regarding Procedural Due Process and Fraudulent Conduct.***

Guertin's response re-alleges violations of procedural due process and claims the Hennepin Defendants engaged in fraudulent conduct to deprive him of his liberty. (ECF No. 54.) The Complaint merely implies facts are "suggestive" of wrongs "likely" committed by—in many instances, unspecified—Defendants, leaving the Hennepin Defendants without sufficient information to apprise them of a cognizable legal claim against them. Guertin's response does not remedy the defect. The Complaint relies

3

extensively on inferences of an expansive conspiracy inferred from manipulable metadata[3] and alleged administrative inconsistencies. Despite reiterating his disagreement with the report's contents, Guertin has not identified how the documents at issue were materially false or otherwise an instrument of fraud. These claims do not contain the required particularity for pleadings and should be dismissed. Fed. R. Civ. P. 9(b); *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003).

### d. *The Hennepin Defendants are Immune from suit and Guertin's Claims Against them must be Dismissed.*

Guertin incorrectly asserts that Defendants' immunity claims are moot[4], due to "fraudulent discovery materials" which "implicat[e] the Defendants in active wrongdoing." (ECF No. 54, ¶ 35.) Guertin does not address the legal reality that prosecutors are absolutely immune from § 1983 suits and state civil liability within the scope of their duties—for which even allegations of malice, vindictiveness, or self-interest are <u>irrelevant</u>. *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 990, 47 L. Ed. 2d 128 (1976); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016); *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006); *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir.

---

[3] The Court may take judicial notice that Guertin's relied-upon ExifTool is advertised as "a versatile tool to read, write and <u>edit</u> metadata in various file formats." ExifTool By Phil Harvey (Accessed August 1, 2024), https://exiftool.org/ (emphasis supplied).

[4] Hennepin Defendants' motion is not moot where they have not filed an answer, the matter has not been voluntarily dismissed, and Guertin has not filed (and cannot file) an amended complaint that would otherwise render the motion moot.

2013); *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 214 (Minn. 1981). Any claims arising out of the scope of the Hennepin Defendants' performance of prosecutorial duties are barred by absolute immunity and must therefore be dismissed.

Further, Guertin's bald assertion that "Defendants" have been "implicat[ed]" in "active wrongdoing" is not sufficient to allow the Court to infer that the Hennepin Defendants could have reasonably expected that the ordinary discharge of their duties would be legally prohibited. Again, the underlying allegation made by Guertin is that the Hennepin Defendants declined to engage with his belief that multinational corporations were (or are) attempting to steal his patent—other than to consider its apparent relevance to a determination of his incompetency in a criminal proceeding arising out of the alleged unlawful discharge of a firearm in a residential area.[5] As previously noted, Guertin's alleged frustrations are not a violation of his constitutional rights, and the discretionary discharge of official duties inconsistent with his individual expectations is not a legally redressable claim. Accordingly, the Complaint should be dismissed.

   e. ***Guertin's Miscellaneous State and Federal Claims Are Also Insufficient.***

Guertin's response broadly realleges many of his claims but does not substantively address Hennepin Defendants' arguments that:

  a) Counts II, XII, XIV, and XV are violations of criminal statutes and not actionable in a civil proceeding.

---

[5]   Per the Complaint, the shot fired was ostensibly a "decision" Guertin made in fear for his life to "summon" or "call" the police. (Compl. ¶¶ 18, 21, 24, 143.)

b) Guertin was not denied access to courts, as alleged in Count V, where he was represented by counsel. *Williams v. Norris*, 80 F. App'x 535, 536 (8th Cir. 2003).

c) Count VI for civil conspiracy does not plead the elements of conspiracy, address intracorporate conspiracy doctrine, or apply where the underlying claims are legally insufficient. *Kelly v. City of Omaha, Neb.*, No. 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016); *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012).

d) Counts VII and X are nothing more than repackaged claims fully addressed elsewhere, and even still are barred by immunity and fail to allege the elements of a common law negligence claim.

e) Count XII relies on a statute that does not allow a private cause of action, and no allegation has been made that Hennepin Defendants transmitted writings by means of wires in interstate or foreign commerce for the purposes of executing a scheme or artifice to defraud Guertin. 18 U.S.C. § 1343.

As articulated above and previously in Hennepin Defendants' initial memorandum in support of their motion to dismiss: Guertin has failed to plausibly state a claim for relief and the Complaint must be dismissed.

## II. Guertin's Complaint is Improper Under *Younger* and *Rooker-Feldman*.

Guertin's response does not address *Younger* or *Rooker-Feldman*, both of which independently justify dismissal. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013); *Lance v. Dennis*, 546 U.S. 459, 464, 126 S. Ct.

6

1198, 201, 163 L. Ed. 2d 1059 (2006); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

So far as Guertin is requesting the Court enjoin ongoing criminal and civil commitment proceedings, or seeking federal review of State court decisions, the Court should decline and dismiss the Complaint.

**III.     Guertin's Complaint Has Not Been Properly Served.**

Guertin claims that Hennepin Defendants' improper service argument is "nullified" by their response through counsel. Guertin's argument runs afoul with the Federal Rules of Civil Procedure. Even if the Court finds none of the above independent justifications dispositive, the Court should dismiss the Complaint against the Hennepin Defendants for insufficient service of process. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *Faretta v. California*, 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975). Any claims against unnamed Hennepin County officials which are not addressed substantively above should be similarly dismissed for failure to serve.

## CONCLUSION

For the foregoing reasons, Defendants Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez respectfully request the Court grant their motion to dismiss in its entirety and dismiss Guertin's Complaint with prejudice.

|  |  |
|---|---|
|  | MARY F. MORIARTY<br>Hennepin County Attorney |
| Dated: August 27, 2024 | By:   */s/Matthew Messerli*<br>Jamil M. F. Masroujeh (0400895)<br>Matthew L. R. Messerli (0403677)<br>Assistant County Attorneys<br>2000A Government Center, MC200<br>300 South Sixth Street<br>Minneapolis, MN 55487<br>Telephone: (612) 348-0727<br>FAX No: (612) 348-8299<br>Jamil. Masroujeh@hennepin.us<br>Matthew.Messerli@hennepin.us<br><br>*Attorneys for Defendants Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez* |