UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW D. GUERTIN<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>HENNEPIN COUNTY, a municipal entity;<br><br>KEITH ELLISON, in his official capacity as Minnesota Attorney General;<br><br>MARY MORIARTY, in her official capacity as Hennepin County Attorney;<br><br>CHELA GUZMAN-WEIGART, in her official capacity as Assistant County Administrator for Law, Safety, and Justice;<br><br>JULIA DAYTON-KLEIN, in her individual capacity;<br><br>GEORGE F. BORER, in his individual capacity;<br><br>DANIELLE C. MERCURIO, in her individual capacity;<br><br>DR. JILL ROGSTAD, in her official capacity as Senior Clinical Forensic Psychologist in the Fourth Judicial District;<br><br>DR. ADAM MILZ, in his official capacity with Hennepin County Mental Health;<br><br>JACQUELINE PEREZ, in her official capacity as Assistant Hennepin County Attorney;<br><br>BRUCE M. RIVERS, in his individual capacity.<br><br>　　　　　　　　　　Defendants. | Case No: 24-cv-02646-JRT-DLM<br><br><br><br><br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO HENNEPIN COUNTY DEFENDANTS' MOTION TO DISMISS** |

## I.  INTRODUCTION

1.　Plaintiff, Matthew Guertin, submits this memorandum in opposition to the Hennepin County Defendants' Motion to Dismiss. At the heart of this case lies the issue of fraudulent discovery materials that have been introduced into the proceedings - an issue the Hennepin County Defendants, much like their co-defendants, have consistently failed to address directly.

1

## II.   FRAUDULENT DISCOVERY MATERIALS AND CORE CONSPIRACY

2. The existence of fraudulent discovery materials is not merely a procedural defect; it irrefutably validates the core conspiracy claims that form the foundation of this case. This fraudulent conduct, by its very nature, satisfies the *Dataphase* factors necessary for injunctive relief.

3. It demonstrates a likelihood of success on the merits, establishes irreparable harm, tips the balance of harms in favor of Plaintiff, and serves the public interest by upholding the integrity of the judicial process.

## III.   CONTINUED INDIFFERENCE BY HENNEPIN COUNTY DEFENDANTS

4. The Hennepin County Defendants' ongoing refusal to address the fraudulent discovery materials does not just ignore a critical issue at the heart of this case; it actively substantiates the *Monell* claim against Hennepin County. Their failure to engage with this matter demonstrates a policy or practice of deliberate indifference to constitutional violations within the county's prosecutorial and judicial framework. The absurdity of their position is evident: their very actions, or rather inaction, serve as clear proof of the deliberate indifference that is central to the *Monell* claim.

5. Under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), a local government may be held liable for constitutional violations resulting from official policies or customs, including a failure to address known misconduct. The Defendants' continued avoidance of the fraudulent discovery issue, despite its central relevance to the claims, serves as a clear and ongoing indication of such a policy. In fact, their actions within this very case - ignoring or evading the core issue of fraudulent discovery - demonstrate the very

2

deliberate indifference and failure to correct known constitutional violations that *Monell* liability requires.

6. Thus, the Defendants' arguments that the *Monell* claim lacks sufficient factual support are themselves unfounded and moot. Their continuing refusal to even acknowledge the fraudulent discovery materials provides further support for the very claim they seek to dismiss.

7. This ongoing failure to engage substantively with the allegations of constitutional violations reinforces the existence of a policy or custom of deliberate indifference, precisely as outlined in *Monell*.

## IV.   CASE LAW SUPPORTING INJUNCTIVE RELIEF

8. It is important to note that under the Anti-Injunction Act, federal courts are not barred from granting injunctive relief in cases involving fraud or significant constitutional violations. Relevant case law includes:

9. **Fraud Exception:**

   a. *Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 136 (1941):

   This case acknowledged that an injunction might be appropriate when a party is using the state court process to perpetrate a fraud on the federal court. The Court recognized that fraud affecting the federal court's ability to render justice can justify an injunction.

    b. *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970):

The Court suggested that in cases involving fraud, an injunction may be warranted to protect the integrity of the federal court's jurisdiction, especially when state proceedings threaten to undermine federal judgments.

    c. *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir. 1981):

The Fifth Circuit held that federal courts could enjoin state proceedings under the Anti-Injunction Act when there is a finding of fraud affecting the federal court's judgment, emphasizing the need to preserve the sanctity of federal court decisions.

**10.    Constitutional Violations:**

    a. *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972):

The Supreme Court recognized that 42 U.S.C. § 1983 serves as an exception to the Anti-Injunction Act, permitting federal courts to intervene in state proceedings to protect constitutional rights. This case highlights the federal courts' authority to ensure that state actions do not infringe upon federally protected rights.

    b. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984):

The Court allowed federal courts to issue injunctions against state judges under § 1983, despite the Anti-Injunction Act, to safeguard federal rights. The decision underscored the importance of federal intervention in preventing state actors from violating constitutional protections.

    c. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971):

In Younger, the Supreme Court recognized that federal intervention is justified in cases of bad faith, harassment, or other extraordinary circumstances that warrant equitable relief. This case established the principle that federal courts can act to prevent state abuses that threaten constitutional rights.

## V.   DEFENDANTS HAVE WAIVED ANY OBJECTION TO SERVICE BY ENGAGING IN THE LITIGATION

11.    The Hennepin County Defendants argue for dismissal due to insufficient service of process. However, by filing substantive motions to dismiss and responding to the merits of the claims, they have waived any such objection. Under Rule 12(h)(1) of the Federal Rules of Civil Procedure, a defense of insufficient service is waived if not properly raised in a motion or responsive pleading.

12.    By engaging in extensive substantive defenses, including claims of immunity and the merits of procedural due process under 12(b)(6), the Defendants have waived their right to contest service (*Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990); *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003)).

13.    Furthermore, the Defendants' conduct - including filing a notice of hearing and engaging in other procedural and substantive activities - confirms their acceptance of this Court's jurisdiction, rendering any objection to service moot. Their ongoing participation only reinforces this waiver.

## VI.   PLAINTIFF'S COMPLAINT IS SUFFICIENT UNDER RULE 8(a)

14. The Defendants argue that Plaintiff's complaint fails to provide a "short and plain statement" as required by Rule 8(a) of the Federal Rules of Civil Procedure. However, this argument disregards the nature of the allegations. The complexity and gravity of the constitutional violations, the involvement of multiple defendants, and the alleged conspiracy require a detailed presentation of facts. The level of detail in Plaintiff's complaint is appropriate to ensure the court has a comprehensive understanding of the alleged misconduct.

15. Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." While the Defendants claim the complaint is overly lengthy, courts, including the 8th Circuit, have recognized that in cases involving complex constitutional violations and conspiracies, more detail is often necessary (*McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015)).

16. Moreover, the Supreme Court has emphasized that the purpose of Rule 8 is to give fair notice of the claims and the grounds upon which they rest (*Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)).

17. Even if there are minor structural issues, they do not warrant dismissal where the claims are substantively clear and supported by sufficient factual detail. The core issues - fraudulent discovery, constitutional violations, and deliberate indifference - are central to the Plaintiff's claims and are adequately presented to withstand a motion to dismiss.

## VII.   EVEN IF RESTRUCTURING WERE REQUIRED, PRO SE LITIGANTS ARE AFFORDED THE OPPORTUNITY TO AMEND

18.   Defendants argue that Plaintiff's complaint should be dismissed for failing to meet the "short and plain statement" requirement under Rule 8(a) of the Federal Rules of Civil Procedure. However, it is well-established that pro se litigants, such as Plaintiff, are to be afforded considerable leeway in the drafting of their pleadings.

19.   The Supreme Court has held that pro se complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers" (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

20.   The 8th Circuit has further emphasized the need to provide guidance to pro se litigants to ensure they have a fair opportunity to present their claims (*Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993)).

21.   Even if the Court were to find that any restructuring or clarification of the complaint is necessary, it would be within Plaintiff's rights to amend the complaint to correct any perceived deficiencies. Federal courts are guided by the principle that leave to amend should be "freely given" when justice so requires (*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

22.   Given the serious constitutional violations and fraudulent conduct alleged, it would be appropriate to allow Plaintiff an opportunity to amend rather than dismiss the complaint outright.

23.   The Defendants' argument for dismissal based on technicalities does not address the substantive constitutional claims and fraudulent actions alleged by Plaintiff. Therefore, the request for dismissal should be denied. However, if the Court deems any amendments necessary, Plaintiff should be permitted to make such amendments to ensure that justice is served.

7

## VIII.  CONCLUSION

24. The issues presented in this case are clear: fraudulent discovery materials, false competency determinations, and the denial of due process create an urgent need for federal intervention. Plaintiff respectfully requests that this Court deny the Hennepin County Defendants' Motion to Dismiss to ensure that Plaintiff's constitutional rights are upheld and justice is served.

Dated:  September 2, 2024                              Respectfully submitted,

   */s/ Matthew D. Guertin*

Matthew David Guertin
Pro Se Plaintiff
1075 Traditions Ct.
Chaska, MN  55318
Telephone: 763-221-4540
MattGuertin@protonmail.com
www.MattGuertin.com