# Exhibit AB

**EXHIBIT AB** [1]

Guertin's two hour long Rule 20.01 exam meeting that took place on January 3, 2024 over Zoom. The resulting exam report is filled with blatant lies and very concerning false narratives about Guertin.

Adam Milz states in his exam report - "Mr. Guertin has a history of threatening to harm himself, which elevates his long-term risk of similar behavior." - even though Guertin has absolutely ZERO history of self harm of any type, has NEVER BEEN SUICIDAL, has NEVER THOUGHT ABOUT SUICIDE, has NEVER ATTEMPTED SUICIDE, and GUERTIN ENJOYS BEING ALIVE. Something which is in fact rather evident in this exam meeting despite Adam Milz also reporting that Guertin is 'psychotic' even though it is very clear he isn't.

Adam A. Milz, PhD, LP, ABPP
Supervising Forensic Psychologist
Fourth Judicial District Psychological Services
Board Certified in Forensic Psychology
American Board of Professional Psychology

___

**Index 01**   |   Guertins Rule 20.01 Exam Zoom Meeting | January 3rd, 2024

**Index 02**   |   Rule 20.01 Exam Zoom | Adam Milz Incoming Text Edition

**Index 03**   |   Excerpts from the Rule 20.01 Exam Report Adam Milz Prepared About Guertin

___

1  Make use of the bookmarks for easy navigation of this exhibit.

# Guertins Rule 20.01 Exam Zoom Meeting | January 3rd, 2024

- **Adam A. Milz, PhD, LP, ABPP**
- *4th Judicial District Psychological Services*
- *Board Certified in Forensic Psychology*
- *American Board of Professional Psychology*



## Video Viewing Links:

https://rumble.com/v5g369h-my-january-3rd-2024-rule-20-mental-health-exam-zoom-meeting-for-court.html

https://ody.sh/QSmwuASLVs

## Video Download / View Links:

https://link.storjshare.io/s/ju7ev6bx23ezIgjv4w2pvrpvosua/video/Jan-2024-Rule-20-Eval.mp4

https://drive.proton.me/urls/S2D25XF2V4#RQIiFJD01HJo

## Substack Page With Video:

https://Matt1Up.Substack.com/p/january-rule-20-exam





Exhibit AB | Index 01 | p. 2







Exhibit AB | Index 01 | p. 3







Exhibit AB | Index 01 | p. 4





# Rule 20.01 Exam Zoom | Adam Milz Incoming Text Edition

- **Adam A. Milz, PhD, LP, ABPP**
- *4th Judicial District Psychological Services*
- *Board Certified in Forensic Psychology*
- *American Board of Professional Psychology*



**Video Viewing Links:**

https://rumble.com/v5g37e5-i-wonder-what-dr.-adam-milz-is-reading-during-our-meeting.html

https://ody.sh/SaV7LzhjNj

**Video Download / View Links:**

https://link.storjshare.io/s/ju6g44iq6ivt3qguyfu3oe3vap2a/video/Jan-2024-Rule-20-Eval__Milz-Incoming-Text-Edit.mp4

https://drive.proton.me/urls/QRS266QJPR#I0a39NKFtE6a

**Substack Page With Video:**

https://Matt1Up.Substack.com/p/january-rule-20-exam

Exhibit AB | Index 02 | p. 1



please conduct a careful examination of the various sets of sequential photographs of this man and provide me with your best, logical, guess as to 'what' he is likely to be so interested in based on the assumption that as these images are still frames from a Zoom meeting in which the man in the images is engaged in conducting a professional mental health assessment of the other person he is supposed to be focused on but is not

Based on the series of images and your description, it seems that the man is preoccupied with something other than the person he is supposed to be assessing. His focus and expressions suggest a range of reactions—distraction, contemplation, and perhaps surprise or confusion—indicating he might be observing or considering something external or unrelated to the professional assessment at hand.

  

In the actual video it is very clear that he appears to be reading as his eyes can very clearly be seen moving back and forth. Being that he doesn't appear to be personally engaged in any noticeable typing activities what might this suggest based on the additional fact that this occurred throughout the entirety of the meeting with an estimated total time looking off to the side being 20-25 minutes or so







# Excerpts from the Rule 20.01 Exam Report That Dr. Adam Milz Produced Following The Zoom Meeting With Guertin:

---

**DIAGNOSTIC FORMULATION:**

In accordance with the criteria in the *Diagnostic and Statistical Manual of Mental Disorders-Fifth Edition-Text Revision (DSM-5-TR)*, a diagnosis of unspecified schizophrenia spectrum and other psychotic disorder is presently offered.

According to the available information, the defendant has a history of psychosis characterized by prominent delusional thinking as well as impaired thought processes. He is presently under a stayed order of civil commitment although it is unclear if he is receiving treatment designed to specifically address psychotic symptoms (e.g., antipsychotic medications). He demonstrated these symptoms during the current interview, which compromised his abilities to rationally engage in the evaluation and effectively communicate with me. Although his current presentation is consistent with a diagnosis of delusional disorder, he also has a history of symptoms consistent with mania as well as a history of consuming illicit and mood-altering substances that can result in, or exacerbate, psychotic symptoms. A diagnosis of unspecified schizophrenia spectrum and other psychotic disorder applies when psychotic symptoms are present and additional information is necessary to confirm a specific disorder (e.g., delusional disorder, schizoaffective disorder, substance-induced psychotic disorder).

**INFORMATION AND OPINION REGARDING COMPETENCY TO PROCEED - RULE 20.01:**
**Legal Standard:**

The defendant's competency to proceed was evaluated according to *Rule 20.01, Subd. 2* of the *Minnesota Rules of Criminal Procedure*, which states:

> A defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or cognitive impairment lacks ability to:
> 
> (a) Rationally consult with counsel; or
> (b) Understand the proceedings or participate in the defense.

Exhibit S | Index 10 | p. 4

Exhibit AB | Index 03 | p. 1

**Competency Assessment:**

Information related to competency was obtained during the interview with the defendant and from the collateral sources noted above. The evaluation assessed several domains of competency-related functioning, including his understanding of the charges and penalties, factual understanding of legal proceedings (i.e., the degree to which an individual possesses a basic factual understanding of the purpose of the legal system and the adjudicative process), rational understanding of legal proceedings (i.e., an individual's ability to apply factual understanding of the legal process to the specifics of his/her own legal predicament, motivation to further his/her defense, and reasoning ability with regard to legal decision-making), and rational ability to consult with and assist counsel.

Mr. Guertin's ability to rationally engage in the assessment of his court-related knowledge was compromised by his delusional beliefs and impaired thought processes, and questions assessing his understanding of factual legal concepts were not asked. He correctly identified the present charges along with their levels and associated maximum sentences. He then made tangential and circumstantial statements about his case that also included self incriminating information. He identified his attorney as "Bruce Rivers" but also stated he is representing himself in this matter because his defense counsel is a "big YouTube star," which represents a conflict of interest because of the companies that are stalking him. He also stated Mr. Rivers cryptically confirmed to him during a prior consultation that his phone calls were being monitored.

Mr. Guertin's ability to discuss the details of his case and potential defense strategies was also compromised by his delusional thinking and impaired thought processes. He initially stated his charges should be dismissed because he has proof of being stalked. He later indicated he is considering different defense options that would require a trial process, and discussed potential trial strategies that were based on his delusional thinking. He identified evidence he would present on his behalf, such as his computer being hacked, he was stalked and monitored via AI and Bluetooth technology, and the presence of the ex-military and ex-CIA agent welder in his residence. He stated he can prove Netflix committed fraud and that someone in the court system is creating fraudulent copies of his discovery material, and that he wants to proceed to trial because he does not trust the criminal court system. He said a jury would believe his version of events because the evidence he has proving the fraud and stalking "are digitally verified" by the unsolicited emails he received from LinkedIn. He also reported he continues to be monitored by the various government and corporate entities and noted concern these entities will interfere with his court case so that he will be incarcerated.

**Summary and Opinion:**

As noted above, Mr. Guertin is presently diagnosed with unspecified schizophrenia spectrum and other psychotic disorder. Based upon the available information, including his presentation during the present evaluation, it is my opinion the defendant's competency-related abilities remain impaired. He exhibited delusional thinking (including paranoid beliefs about the evidence in this matter case and potential outcomes of his case) and impaired thought processes that compromised his ability to rationally engage in the evaluation process. His symptoms precluded his abilities to rationally consider his case, process and comprehend relevant information, and reasonably consider alternatives, and he was unable to outline potential defense strategies in a rational manner. These impairments are directly related to his psychotic disorder and suggest an inability to rationally assist defense counsel during defense-planning and legal proceedings, make informed and rational legal decisions, provide relevant testimony, and manage the demands of legal proceedings and the trial process. It is also my opinion that Mr. Guertin's competency-related abilities are impaired to a degree that accommodations cannot be reasonably and effectively implemented by the Court or his attorney at this time.

Therefore, in light of the totality of the data, **it is my opinion that due to mental illness Mr. Guertin lacks the ability to rationally consult with counsel, understand the proceedings, or participate in his defense.**

Exhibit S | Index 10 | p. 5

Exhibit AB | Index 03 | p. 2

**PROGNOSIS REGARDING COMPETENCY:**

Although psychotic disorders are typically chronic and relapsing conditions that require long-term treatment, such disorders often respond positively to psychiatric medications. Mr. Guertin has no known history of treatment for a psychotic disorder and he reported presently receiving psychostimulant and antianxiety medications. Records requested from his psychiatric provider were not received as of the writing of this report in order to corroborate his current treatment regimen. His competency-related abilities remain impaired due to symptoms of his mental illness, which suggests any treatment he is receiving is not effectively stabilizing his mental status. The prognosis for his psychotic symptoms remitting on their own is poor and adjustments to his treatment regimen to better target his symptomatology along with consistent compliance with such treatment will be necessary for him to achieve psychiatric stability and restore his competency-related abilities. The prognosis he will attain the requisite legal capacities in the foreseeable future (i.e., within six months) with the aid of appropriate treatment is presently positive although continued monitoring of his response to treatment will inform this prognosis over time.

**IMMINENT RISK/NEED FOR EMERGENCY INTERVENTION:**

Mr. Guertin has a history of threatening to harm himself, which elevates his long-term risk of similar behavior. No recent indication of self-harm was noted and he reported no specific thoughts, plans, or intent to harm himself or commit suicide during the current interview. No history of assaultive behavior was noted although the present allegations include accusations of behavior that could have resulted in harm to others, which if proven to be true would elevate his long-term risk of harming others. No more recent indication of harmful behavior was noted and he reported no specific thoughts, plans, or intent to harm others during the present interview. It is my opinion the defendant does not appear to present an imminent risk of serious danger to another person, does not appear to be imminently suicidal, and does not require emergency intervention at this time.

**ADDITIONAL CONSIDERATIONS:**

Records indicated Mr. Guertin remains under a stayed order of civil commitment as MI until February 10, 2024, and additional considerations regarding his suitability for commitment are not offered at present. It is my opinion he requires psychiatric treatment in order to stabilize his mental status although it is not apparent from the available information he is in need of immediate hospitalization.

My evaluation of Mr. Guertin's competency to proceed is complete with the submission of this report. Please do not hesitate to contact me if you have any questions pertaining to this report or if you require my presence during upcoming court proceedings.

Respectfully submitted,

*[signature]*, PhD, LP, ABPP

Adam A. Milz, PhD, LP, ABPP
Supervising Forensic Psychologist
Fourth Judicial District Psychological Services

Board Certified in Forensic Psychology
American Board of Professional Psychology

Exhibit S | Index 10 | p. 6

Exhibit AB | Index 03 | p. 3