UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW D. GUERTIN,<br><br>Plaintiff,<br><br>v.<br><br>HENNEPIN COUNTY, *a municipal entity*, KEITH ELLISON, *in his official capacity as Minnesota Attorney General*, MARY MORIARTY, *in her official capacity as Hennepin County Attorney*, CHELA GUZMAN-WEIGART, *in her official capacity as Assistant County Administrator for Law, Safety, and Justice*, JULIA DAYTON KLEIN, *in her individual capacity*, GEORGE F. BORER, *in his individual capacity*, DANIELLE C. MERCURIO, *in her individual capacity*, DR. JILL ROGSTAD, *in her official capacity as Senior Clinic Forensic Psychologist in the Fourth Judicial District*, DR. ADAM MILZ, *in his official capacity with Hennepin County Mental Health*, JACQUELINE PEREZ, *in her official capacity as Assistant Hennepin County Attorney*, and BRUCE M. RIVERS, *in her individual capacity*,<br><br>Defendants. | Civil No. 24-2646 (JRT/DLM)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Matthew D. Guertin, 1075 Traditions Court, Chaska, MN 55318, *pro se* Plaintiff.

Jamil M. F. Masroujeh and Matthew Lloyd Robert Messerli, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487, for Defendants Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez.

Benjamin Harringa, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for Defendants Keith Ellison, Julia Dayton Klein, George F. Borer, Danielle C. Mercurio, Jill Rogstad, and Adam Milz.

Matthew D. Guertin, who is currently charged with four felonies in state court, brings this action under 42 U.S.C. § 1983 against Hennepin County, several state and county officials, forensic psychologists, and his defense attorney. The Court previously denied Guertin's motion for a temporary restraining order to enjoin the state court proceedings against him.

Defendants now move to dismiss, arguing that the Court should abstain from adjudicating Guertin's claims or, alternatively, that various immunities protect Defendants from liability and that Guertin fails to state a plausible claim for relief. Guertin moves for a preliminary injunction, seeking again to enjoin the state court proceedings and to prohibit any forced administration of antipsychotic medication to him. He also seeks to correct procedural deficiencies identified by Defendants in his preliminary injunction motion.

Because *Younger* abstention applies, the Court will abstain from adjudicating this action. Accordingly, the Court will grant Defendants' motions to dismiss, dismiss the action without prejudice, and deny Guertin's motions.

**BACKGROUND**

The Court incorporates the factual and procedural history from its previous order denying Guertin's motion for a temporary restraining order. *See Guertin v. Hennepin Cnty.*, No. 24-2646, 2024 WL 3443840, at *1 (D. Minn. July 16, 2024).

This action relates to two pending matters in Minnesota state district court. First, Guertin has been charged in state court with one count of reckless discharge of a firearm and three counts of possession of a firearm without a serial number. *See State v. Guertin*, No. A24-0780, 2024 WL 3320899, at *1 (Minn. Ct. App. July 2, 2024). His charges stem from an incident where Guertin discharged his firearm multiple times from his apartment to summon the police. (Decl. Jamil Masroujeh ("Masroujeh Decl.") ¶ 3, Ex. 1 at 3, Aug. 2, 2024, Docket No. 38.).[1] The state court suspended the criminal proceedings after twice finding that Guertin was incompetent to proceed. (*Id.* ¶ 4, Ex. 2 at 7.) The state court also denied Guertin's request to discharge his counsel to proceed pro se, and the Court of Appeals denied Guertin's petition for discretionary review. (*Id.* ¶ 5, Ex. 3 at 1–2.) *Guertin*, 2024 WL 3320899, at *2–4. A hearing to review the finding of incompetency is scheduled for October 1, 2024. (Masroujeh Decl. ¶ 4, Ex. 2 at 8–9.) In addition, after the first incompetency proceeding, the Hennepin County Attorney's Office filed a petition for

---

[1] At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as materials that are necessarily embraced by the pleadings and matters of public record. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). The state court documents can be accessed at https://publicaccess.courts.state.mn.us.

Guertin's civil commitment.  (*Id.* ¶ 7, Ex. 5 at 3.)  Guertin was committed on August 10, 2023, but his civil commitment was stayed while he receives services.  (*Id.* at 2.)

Guertin brought this action pursuant to 42 U.S.C. § 1983, alleging due process violations, forgery, ineffective assistance of counsel, equal protection violations, denial of access to the courts, civil conspiracy, gross negligence, judicial misconduct, a *Monell* claim, negligent infliction of emotional distress, retaliation, wire fraud, fraud on the court, misconduct of public employees, and filing of a forged instrument—all in connection with his state court proceedings.  (Compl. ¶¶ 478–703, July 8, 2024, Docket No. 1.)  Defendants include Minnesota Attorney General Keith Ellison, Judge Julia Dayton Klein, George Borer, Danielle Mercurio, Dr. Jill Rogstad, and Dr. Adam Milz ("State Defendants"); Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez ("Hennepin County Defendants"); and Guertin's defense attorney, Bruce Rivers.  (*Id.* at 1.)  As far as the Court can ascertain, Guertin alleges that after he filed a patent application for certain technology, he became aware of a patent application for the exact same technology and then discovered he was the "target of a very large, sophisticated intelligence operation" aimed to prevent his collection of evidence to prove that the other patent application was fraudulent.  (*Id.* ¶¶ 10–16.)  Guertin alleges that the conspirators unlawfully accessed his computers and rerouted his phone calls as part of their efforts to thwart his exposure of their fraud.  (*Id.* ¶¶ 17–19.)  Upon his discovery that he was a target of this alleged conspiracy, Guertin felt in "legitimate fear for his life" and shot his firearm multiple times

into the air from his apartment to summon the police, which ultimately triggered the chain of events that led to his pending state criminal charges. (*Id.* ¶¶ 18, 21, 28.)

Guertin challenges the competency evaluations through which he was declared incompetent to stand trial, and he argues that Defendants manipulated court records and discovery materials, ignored evidence of fraud, and engaged in judicial and prosecutorial misconduct and collusion. (*See, e.g., id.* ¶¶ 13, 15, 29, 33, 39, 42–43.) He seeks to enjoin the state court proceedings against him, to mandate changes in Hennepin County policies and procedures, and to receive declaratory relief and damages. (*Id.* at 106–07.)

The Court earlier denied Guertin's motion for a temporary restraining order for lack of authority. *Guertin*, 2024 WL 3443840, at *1–2. Guertin appealed that Order to the Eighth Circuit. (Am. Notice of Appeal at 1, Aug. 15, 2024, Docket No. 60.)

The State Defendants and Hennepin County Defendants now move to dismiss Guertin's claims.[2] (Mot. Dismiss, Aug. 1, 2024, Docket No. 29; 1st Mot. Dismiss, Aug. 2, 2024, Docket No. 35.) Additionally, Guertin moves for a preliminary injunction, seeking to present new evidence to support his request to enjoin the state court proceedings and to prohibit any forced administration of antipsychotic medication. (Pl.'s 1st Mot. Prelim. Inj. at 85–86, Aug. 7, 2024, Docket No. 42.) Guertin also seeks to correct procedural

---

[2] Per Guertin's request, the Clerk of the Court entered a default against Defendant Bruce Rivers for his failure to timely respond to the complaint. (Clerk's Entry of Default at 1, Aug. 29, 2024, Docket No. 71.)

deficiencies identified by Defendants in his preliminary injunction motion. (Pl.'s 1st Mot. Alter/Amend/Suppl. Pleadings, Aug. 27, 2024, Docket No. 69.)

## DISCUSSION

### I.  DEFENDANTS' MOTIONS TO DISMISS

Defendants argue that Guertin's action is an impermissible attempt to interfere with state court proceedings under the *Younger* abstention doctrine. For the following reasons, the Court agrees and will abstain from adjudicating Guertin's claims.

The *Younger* abstention doctrine "provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Younger v. Harris*, 401 U.S. 37, 43–45 (1971). However, federal intervention may still be warranted "if there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Plouffe*, 606 F.3d at 892–93 (quoting *Middlesex Cnty.*, 457 U.S. at 435). Bad faith may exist when state officials initiate proceedings without hope of obtaining a valid disposition, *see Perez v. Ledesma*, 401 U.S. 82, 85 (1971), or when proceedings are initiated to discourage or retaliate for a plaintiff's exercise of constitutional rights, irrespective of whether a valid conviction could be obtained, as this would not constitute a legitimate state interest, *see Lewellen v. Raff*, 843 F.2d 1103, 1109–10 (8th Cir. 1988);

*accord Bishop v. State Bar of Tex.*, 736 F.2d 292, 294 (5th Cir. 1984) (noting that retaliation must be a major motivating factor and have played a prominent role in the decision to prosecute).

The Court must abstain from deciding Guertin's case under *Younger*. Guertin requests that the Court enjoin the state criminal prosecution against him and issue declaratory relief stating that Defendants violated his constitutional rights. But *Younger* abstention squarely applies to ongoing state criminal proceedings. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Furthermore, *Younger* abstention has been extended to certain state civil proceedings that implicate strong state interests, *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11 (1987), including civil commitment proceedings, *see, e.g.*, *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *Benson v. Harpstead*, No. 23-2377, 2024 WL 3586351, at *2 (D. Minn. July 3, 2024), *report and recommendation adopted*, No. 23-2377, 2024 WL 3584456 (D. Minn. July 30, 2024). Here, the civil commitment proceedings against Guertin implicate the state's interest in "detaining and apportioning medical care to citizens believed to be a danger to themselves," thus warranting *Younger*'s application. *Dorliae v. Minnesota*, No. 18-2162, 2018 WL 4691591, at *1 (D. Minn. Sept. 7, 2018) (citation and internal quotations omitted), *report and recommendation adopted*, No. 18-2162, 2018 WL 4688359 (D. Minn. Sept. 28, 2018); *see also Karsjens v. Piper*, 845 F.3d 394, 409 (8th Cir.

2017) (identifying Minnesota's state interest in civilly detaining dangerous persons). Moreover, the Court is unaware of any circumstances preventing Guertin from raising his constitutional challenges in the state court where his charges and civil commitment proceedings are pending. Therefore, *Younger* abstention is necessary unless the bad faith exception applies.

Guertin argues that Defendants' alleged fraud and constitutional violations demonstrate bad faith. However, the Court has identified nothing in the record indicating that Guertin's state criminal or civil proceedings were brought in bad faith or out of retaliation. Indeed, by his own admission, Guertin was the one who intentionally attracted the attention of law enforcement by firing nearly twenty rounds of ammunition into the sky from his apartment building. With no evidence of bad faith, the Court must refrain from granting declaratory relief or otherwise enjoining the state criminal prosecution or civil commitment proceedings.

Guertin also seeks money damages. But even though *Younger* typically only requires federal courts to dismiss actions for declaratory and injunctive relief, *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998), the Court must dismiss Guertin's claim for damages as well because granting damages would otherwise require the Court to accept his argument that the competency and civil commitment proceedings were unconstitutional, which the Court cannot do, *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (finding dismissal warranted where granting damages would require the court to

declare a state statute or state court judgment unconstitutional); *see also Woolsey v. Benton Cnty.*, No. 17-1584, 2018 WL 259375, at *3 (D. Minn. Jan. 2, 2018) (dismissing case under similar circumstances).

Because *Younger* prohibits the type of intrusion into state criminal and civil proceedings that Guertin requests, the Court will dismiss Guertin's claims in their entirety without prejudice. *See Anderson v. Schultz*, 871 F.2d 762, 766 (8th Cir. 1989). As such, the Court need not consider whether Defendants are entitled to various immunities or whether Guertin fails to state a plausible claim for relief. Further, because the Court will abstain from deciding Guertin's claims under *Younger*, the Court cannot consider Guertin's motion for a preliminary injunction or his request to fix procedural deficiencies in that motion, which the Court will deny. *See Zajac v. Statton*, No. 20-2148, 2021 WL 720453, at *6 (D. Minn. Feb. 24, 2021) (denying motion for preliminary injunction under similar circumstances); *Dorliae*, 2018 WL 4691591, at *2 (same).

## CONCLUSION

Because the Court must abstain from deciding Guertin's case under the *Younger* doctrine, the Court will grant Defendants' motions to dismiss and dismiss this matter without prejudice. Only the state court can adjudicate these matters, not federal court. Because the Court will abstain from adjudicating Guertin's claims, the Court will deny Guertin's pending motions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss [Docket Nos. 29, 35] are **GRANTED**;

2. Plaintiff's Motion for Preliminary Injunction [Docket No. 42] is **DENIED**;

3. Plaintiff's First Motion to Alter/Amend/Supplement Pleadings [Docket No. 69] is **DENIED**; and

4. This matter is **DISMISSED without prejudice** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 30, 2024
at Minneapolis, Minnesota.

                                                  JOHN R. TUNHEIM
                                        United States District Judge