UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew D. Guertin,<br><br>        Plaintiff,<br><br>v.<br><br>Hennepin County, Keith Ellison, Mary Moriarty, Chela Guzman-Weigart, Julia Dayton-Klein, George F. Borer, Danielle C. Mercurio, Jill Rogstad, Adam Milz, Jacqueline Perez, Bruce M. Rivers,<br><br>        Defendants. | Case No. 24-cv-2646 JRT/DLM |

**MEMORANDUM IN SUPPORT OF MOTION
TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

## INTRODUCTION

Defendant Bruce Rivers ("Rivers") moves to set aside the clerk's entry of default for good cause pursuant to Fed. R. Civ. P. 55(c). Due to the failure of Plaintiff, Matthew D. Guertin ("Guertin"), to properly serve Rivers. The Court recently filed an Order and Judgment dismissing the action against all Defendants pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (ECF No. 80; 87.) Rivers has demonstrated good cause, and this Court should set aside the clerk's entry of default against Rivers.

## BACKGROUND

On July 12, 2024, Guertin filed an Affidavit of Service stating he had served a copy of the summons and complaint upon Rivers via the United States Postal Service. (ECF No.

1

7.) Rivers was never asked to waive service of a summons pursuant to Fed. R. Civ. P. 4(d) and never did waive service. On August 29, 2024, the Court Clerk filed a Clerk's Entry of Default against Rivers for "failure to plead or otherwise defend in this action." (ECF No. 71.)

This Court recently entered an Order granting Defendants' motions to dismiss pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 80.) The Court subsequently entered a Judgment dismissing the case without prejudice. (ECF No. 87.)

### ARGUMENT

The clerk's entry of default must be set aside because Rivers was never properly served with the summons and complaint. Service on an individual is governed by Fed. R. Civ. P. 4(e) and must be done by 1. "[F]ollowing state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"; 2. "[D]elivering a copy of the summons and of the complaint to the individual personally"; 3. "[L]eaving a copy at the individual's dwelling or usual place of abode"; or 4. "[D]elivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Here, Guertin failed to comply with any of the four options listed above. Guertin never completed personal service upon Rivers pursuant to Fed. R. Civ. P. 4(e)(2)(A), Guertin mailed the summons and complaint to Rivers's work address, not his "abode" as is required under Fed. R. Civ. P. 4(e)(2)(B), and Guertin did not deliver a copy to any agent of Rivers under Fed. R. Civ. P. 4(e)(2)(C).

2

Guertin's last chance at completing proper service of Rivers would have been under Fed. R. Civ. P. 4(e)(1), allowing a party to comply with Minnesota state law for service, which he again failed to do. In Minnesota, personal service is governed by Minn. R. Civ. P. 4.03 and requires service by "delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode." Not only did Guertin fail to complete personal service of Rivers, but neither certified mail nor the lesser-secure USPS Priority Mail are valid forms of service under Minnesota law, even if it had been sent to the proper location. *See Melillo v. Heitland*, 880 N.W.2d 862 (Minn. 2016); *Nieszner v. St. Paul School Dist. No. 625*, 643 N.W.2d 645 (Minn. 2002). If Rivers was not properly served, then default cannot be entered against him. *See Knapp v. Compass Minnesota, LLC*, No. 24-CV-00100 (SRN-DTS), 2024 WL 2832502, at *4 (D. Minn. June 4, 2024) ("According to Plaintiffs' Notice of Service of Process, both Defendants were served through certified mail…As this form of service is improper, Defendants were not validly served, and therefore there is no basis on which the Court would grant a default judgment.")

Additionally, Fed. R. Civ. P. 55(c) provides that the district court may set aside an entry of default "[f]or good cause shown." Courts typically apply the same factors in deciding whether to set aside entries of default and default judgments, although relief from an entry of default requires a lesser showing of excuse than relief from a default judgment. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.'" (quoting *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F. 2d 883, 885 (7th Cir. 1990))). The factors to be considered are 1. "[W]hether the conduct

of the defaulting party was blameworthy or culpable"; 2. "[W]hether the defaulting party has a meritorious defense"; and 3. "[W]hether the other party would be prejudiced if the default were excused." *Id.* at 784.

It is clear that good cause applies in this case when Rivers had no part to blame in being improperly served, Rivers clearly has a meritorious defense, as evidenced by the subsequent dismissal of Guertin's action, and Guertin will suffer no prejudice from excusing the default when doing so will have no effect on the case that has already been dismissed. *See id.* at 785 (The type of prejudice courts consider is that of "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990))).

## CONCLUSION

Plaintiff failed to comply with service requirements under the Federal Rules of Civil Procedure, and Defendant Rivers has demonstrated good cause to set aside the Clerk's entry of default.

                                                                              ECKLAND & BLANDO LLP

Dated: October 7, 2024                           /s/ Daniel J. Cragg
                                                                           Daniel J. Cragg, Esq. (#389888)
                                                                           10 South Fifth Street, Suite 800
                                                                           Minneapolis, MN 55402
                                                                           dcragg@ecklandblando.com
                                                                           (612) 236-0160

                                                                           *Counsel for Defendant Bruce Rivers*