**A25-0882**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

| | |
|---|---|
| In re Matthew David Guertin, | District Court Case: 27-CR-23-1886 |
| Petitioner | Court Order Date: April 29, 2025 |
| v. | **ADDENDUM**<br>**VOLUME I of XVI**<br>**ADD. 1 - ADD. 32** |
| State of Minnesota, | |
| Respondent. | Judge: Hon. Sarah Hudleston |

Contents                                                                                                              Page

**April 29, 2025 - Order for Competency to Proceed Rule 20.01,**

Index 187……………………………………………………………………………… Add. 1-3

**April 29, 2025 - Order Appointing Forensic Navigator,**

Index 188……………………………………………………………………………… Add. 4-5

**April 29, 2025 - Hearing Transcript re Rule 20 & Self-Representation,**

Index 189……………………………………………………………………….. Add. 6-25

**January 24, 2023 - Criminal Complaint & Detention Order,**

Index 1……………………………………………………………………………… Add. 26-32

State of Minnesota                                              District Court
Hennepin County                                          Fourth Judicial District

---

State of Minnesota,
            Plaintiff,

v.                                          **Order to Fourth Judicial District Court**
                                                    **Psychological Services**
MATTHEW DAVID GUERTIN,                                       27-CR-23-1886
            Defendant.

---

| Defendant Information |
|---|
| ☒ Out of Custody        ☐ In Custody – at Facility: _____ |
| Date of Birth: 07/17/1981                    SILS Identifier: 403932 |
| Phone:          Home: 763-221-4540, Cell: 763-221-4540 |
| Email:          mattguertin@protonmail.com |
| Current Address:   4385 Trenton Lane N UNIT 202 |
|                 Plymouth MN  55442 |
|                 ☐ Confirmed address with Defendant |
| Additional family/collateral contact number and instructions: |

It is found and ordered:

☒ Probable cause has been found (all Rule 20.01 evaluations).

☐ The defendant is to be released upon completion of the interview process (A Conditional Release Order must be filed giving that direction).

☐ This is part of the Expedited Misdemeanor Competence Evaluation (EMCE) Program.

☐ For non-targeted misdemeanor[1] cases, a competency evaluation is in the public interest because the evaluation is necessary to assess:

  ☐ whether the defendant has a cognitive impairment or mental illness;

  ☐ whether the defendant has the ability to access housing, food, income, disability verification, medications, and treatment for medical conditions; or

  ☐ whether the defendant has the ability to otherwise address any basic needs.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:

  ☒ Competency to participate in proceedings pursuant to Minnesota Statutes § 611.43 and Rule 20.01

    ☐ No new evaluation is needed based on parties' agreement to adopt the report from _____ County completed in court file number        .

    (Cases to be set on the Rule 20 Calendar at least 2 business days out for in-custody defendants and at least 1 week for out-of-custody defendants.)

  ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)

  ☐ Sex Offender Evaluation (psychosexual) pursuant to Minnesota Statute § 609.3457, subd. 1

---

[1]Targeted Misdemeanors are:

DWI (169A.20); OFP Violation (518B.01); Assault 5 (609.224); Domestic Assault (609.2242); Interference with Privacy (609.746)
HRO Violation (609.748); Indecent Exposure (617.23); DANCO Violation (629.75)

HC 2926 (02/2025)

Add. 1

☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457, subd. 1a.
☐ Consultation (Pre-Sentence) _____
☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:
    Defense Attorney: RAISSA CARPENTER        Phone:   612-614-0748
    Prosecuting Attorney: MAWERDI AHMED HAMID    Phone:   612-348-7727
    Probation Officer:                        Phone:

3.  The hearing for the return of the psychological evaluation will be held on July 15, 2025, at 9:00am.

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, discussed verbally, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-843-9315. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

    • **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

    The Court hereby attests pursuant to HIPAA Privacy Rule at 45 CFR 164.502(a)(5)(iii), the purpose of the use or disclosure of the requested protected health information is **not** to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care or to identify any person for such purposes. If a person knowingly and in violation of HIPAA obtains individually identifiable health information relating to an individual or discloses individually identifiable health information to another person, that person may be subject to criminal penalties pursuant to 42 U.S.C. 1320d-6.

5.  During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6.  If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, subd. 1, Psychological Services is ordered to comply with both the requirements of §609.3457 and the agreement with Minnesota State Operated Forensic Services. A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

Add. 2

7.  In the case of competency evaluations pursuant to Minnesota Statutes § 611.43 and Rule 20.01, the Examiner shall offer in the report an opinion and support for the opinion on:

    a.  Defendant's mental health and cognition, including any diagnoses made and the results of any testing conducted with the defendant;
    b.  Defendant's competency to stand trial;
    c.  Level of care and education required for the defendant to attain, be restored to, or maintain competency;
    d.  A recommendation of the least restrictive setting appropriate to meet the defendant's needs for attaining competency and immediate safety;
    e.  Impact of any substance use disorder on the defendant, including the defendant's competency, and any recommendations for treatment;
    f.  Likelihood the defendant will attain competency in the reasonably foreseeable future;
    g.  Whether the defendant poses a substantial likelihood of physical harm to self or others;
    h.  Whether the defendant, if opined incompetent to proceed by the court examiner, possesses capacity to make decisions regarding neuroleptic medication;
    i.  Whether the defendant is suitable to refer for consideration of civil commitment and the basis of the possible commitment;
    j.  Whether the defendant may be mentally ill and dangerous; and
    k.  Whether the defendant needs immediate hospitalization.

8.  In the case of competency evaluations pursuant to Minnesota Statutes § 611.43 and Rule 20.01, the Examiner shall promptly notify the Court, prosecutor, defense attorney and those responsible for the care and custody of the defendant if the Examiner concludes the defendant:

    a.  Presents an imminent risk of serious danger to another,
    b.  May be imminently suicidal, or
    c.  Needs emergency intervention.

Dated: April 29, 2025

_____
Sarah Hudleston
District Court Judge

✓   Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.

**TO BE USED WITH ALL COMPETENCY/RULE 20.01 EVALUATIONS**

Filed in District Court
State of Minnesota
04/29/2025

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

---

State of Minnesota,
        Plaintiff,

v.

MATTHEW DAVID GUERTIN
4385 Trenton Lane N UNIT 202
Plymouth MN  55442,
        Defendant.

Order for Appointment of Forensic
Navigator

27-CR-23-1886

---

| Defendant Information |
|---|
| ☒ Out of Custody          ☐ In Custody – at Facility: _____ |

Date of Birth: 07/17/1981                    SILS Identifier: 403932
Phone:          Home: 763-221-4540, Cell: 763-221-4540
Email:           mattguertin@protonmail.com
Current Address:   4385 Trenton Lane N UNIT 202
                 Plymouth MN  55442
                 ☐ Confirmed address with Defendant
Additional family/collateral contact number and instructions:

It is hereby ordered:

1.   A forensic navigator is appointed under Minn. Stat. § 611.42, subd. 3(b), if one is available and assigned by
     the Forensic Navigator Program. The Forensic Navigator Program shall inform the court of any such
     assignment by filing a Notice of Assignment in this case. Once assigned, the forensic navigator is ordered to
     provide the services described in Minn. Stat. § 611.55, including: developing a bridge plan to identify
     appropriate housing and services; assisting and supervising defendants when appointed to do so by the
     court; providing services to assist defendants with mental illnesses and cognitive impairments; and, if
     ordered to supervise a defendant, reporting to the court on defendant's compliance or noncompliance with
     conditions of pretrial supervision and any order of the court.

2.   By presentation of a copy of this Order by the forensic navigator assigned by the Forensic Navigator
     Program, whether mailed, sent electronically, or personally delivered, any agency or department shall
     release within 96 hours all information and/or records of the defendant including medical, psychological,
     behavioral, chemical dependency, social service, probation/correctional/jail records (including behavioral
     notes, medical notes, psychiatric notes, jail reports or logs, and any records or information maintained by a
     jail from any third party medical provider/contractor/public health staff), developmental disability, military,
     Social Security, employment, and educational records to the forensic navigator assigned by the Forensic
     Navigator Program by the custodian of the records for the purpose of the examination, notwithstanding the
     Minnesota Health Records Act, the Minnesota Government Data Practices Act, the Health Insurance
     Portability and Accountability Act, or any other federal or state law.  Such information and/or records may
     be delivered to the forensic navigator assigned by the Forensic Navigator Program by mail, sent
     electronically, discussed verbally, or personally delivered. These records will not be included in the court file.
     Any further use or disclosure of these records shall only be by court order.

HC 2926-FN (02/2025)

# Add. 4

**TO BE USED WITH ALL COMPETENCY/RULE 20.01 EVALUATIONS**

a. **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

The Court hereby attests pursuant to HIPAA Privacy Rule at 45 CFR 164.502(a)(5)(iii), the purpose of the use or disclosure of the requested protected health information is **not** to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care or to identify any person for such purposes. If a person knowingly and in violation of HIPAA obtains individually identifiable health information relating to an individual or discloses individually identifiable health information to another person, that person may be subject to criminal penalties pursuant to 42 U.S.C. 1320d-6.

April 29, 2025
_____
Dated                                                        Sarah Hudleson

District Court Judge

1  STATE OF MINNESOTA                                    DISTRICT COURT

2  COUNTY OF HENNEPIN                         FOURTH JUDICIAL DISTRICT

3  _____

4  State of Minnesota,

5        Plaintiff,                    Transcript of Proceedings

6  vs.                                 Court File No. 27-CR-23-1886

7  Matthew David Guertin,

8        Defendant.

9  _____

10

11        The above-entitled matter came before the

12  Honorable Sarah Hudleston, one of the Judges of the above-named

13  court, in Courtroom 1057, Hennepin County Government Center, 300

14  South Sixth Street, Minneapolis, Minnesota, on the 29th day of

15  April, 2025, at 11:18 a.m.

16

17

18

19

20

21

22

23

24

25

Add. 6

1                    A P P E A R A N C E S

2          Mawerdi Hamid and Timothy Humphreys, Assistant

3  Hennepin County Attorneys, appeared as counsel for and on

4  behalf of the Plaintiff.

5          Emmett Donnelly and Raissa Carpenter, Assistant

6  Hennepin County Public Defenders, appeared as counsel for and

7  with the Defendant.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                      Maya Funk
                              Official Court Reporter
25                            Minneapolis, Minnesota

Add. 7

Filed in District Court
State of Minnesota
5/3/2025 6:40 PM

3

1              P R O C E E D I N G S

2          THE CLERK:  Your Honor, this is the State of

3     Minnesota vs. Matthew Guertin, Court File 27-CR-23-1886,

4     and we are on the record.

5              THE COURT:  Good morning, Mr. Guertin.

6              MR. GUERTIN:  Good morning.

7              THE COURT:  Good morning, counsel.  Please note

8     appearances.

9              MS. HAMID:  Good morning.  Mawerdi Hamid for

10    the state with co-counsel Timothy Humphreys, Your Honor.

11             MR. DONNELLY:  Your Honor, Emmett Donnelly and

12    Raissa Carpenter.  At this point we have been appointed

13    counsel for Mr. Guertin, and he is seated between us and

14    present.

15             THE COURT:  Okay.  Last time we were together,

16    Mr. Guertin expressed an interest in representing

17    himself, and I gave him the petition to self-represent,

18    and we talked about filling it out with a supervisor from

19    the public defender's office.  At that time, I explained

20    to Mr. Guertin I couldn't take a waiver of counsel from

21    someone who was not competent but that I was bound by

22    Judge Koch's competency order.

23             The concern, however, happened that I am only

24    able to follow that competency order unless and until I

25    see evidence of lack of competency.  And once I see that,

**Add. 8**

1    by law I'm required to address that, Mr. Guertin.  That's

2    the duty that the law imposes on me.  I cannot take a

3    waiver of counsel from someone who I do not believe is

4    competent in the legal sense, in the sense of being able

5    to rationally consult and rationally provide counsel with

6    information and participate in his own defense.

7            You are an extremely intelligent person.  You

8    have patented really amazing technology.  You've patented

9    valuable technology.  You've used AI to write really

10   detailed legal memoranda.  You have technological

11   capabilities that probably surpass 99.9 percent of the

12   population.  So, I am not doubting your intelligence in

13   any way whatsoever.

14           I also understand probably that nothing I say

15   to you is probably going to see reasonable or fair

16   because I know where you stand.  I know what you think.

17   You think the system is conspiring against you.  All I

18   can tell you is I am not.  I am doing my duty under the

19   law to make sure that somebody who's being charged with

20   criminal charges has the ability to rationally consult

21   and present a rational defense.

22           And based on what I've seen in the record, --

23   and I reviewed your 50-plus page motion to dismiss, and

24   I've looked at a number of the cites and exhibits -- I

25   can't let you go forward because I have significant

Add. 9

Filed in District Court
State of Minnesota
5/3/2025 6:40 PM

5

1    concerns.  And Minnesota Statute 611.42 subd. 2 says, "A

2    defendant must not be allowed to waive counsel if the

3    defendant lacks the ability to --" and then as pertinent

4    here, "-- to appreciate the consequences of proceeding

5    without counsel."  And six, "comprehend other matters

6    essential to understanding the case."

7         And the big concerns here are you're raising as

8    defenses things related to your patent and a big

9    conspiracy with Netflix and the government and the

10   court -- criminal court case somehow being related to

11   that.  That we're trying to silence you.  And that is not

12   rational.  That would not provide a defense to the

13   charges.  You would not have any defense to criminal

14   liability based on the patent theories you are stating.

15        And so, therefore, I am going to order another

16   Rule 20.01 evaluation.  I know you will be extremely

17   disappointed by this.  I just can tell you that it's my

18   duty.  I have to do this.  And I believe the state wanted

19   to make a record as well.

20        MR. GUERTIN:  Am I allowed to speak at some

21   point?

22        THE COURT:  In a moment.  Yeah.  Well, your

23   counsel can speak for you, and then -- but first the

24   state.

25        MS. HAMID:  Thank you, Your Honor.  The state

Add. 10

1     is also concerned with the number of filings that were

2     filed since yesterday.  It appears there were about 50

3     filings last night, about 60 filings yesterday, and

4     about -- over 6,000 pages of documents that were filed,

5     and that there is a serious concern and that a Rule 20

6     should be ordered, Your Honor.

7                 THE COURT:  Okay.  And then I know defense

8     counsel -- I understand, Mr. Guertin, that you're wishing

9     to discharge them.  But for now, they are still your

10    attorneys.

11                And I know last hearing, Mr. Donnelly, you told

12    me defense counsel does not -- did not agree with Judge

13    Koch's order and therefore disagreed with the competency

14    finding, correct?

15                MR. DONNELLY:  That's true, Your Honor.  I

16    mean, we don't control that finding and we'll proceed

17    accordingly.  I have nothing to add to what the Court

18    does.  I mean, we're not mouthpieces, and I know Mr.

19    Guertin objects, and I certainly am not going to be the

20    one to put the gag over his mouth --

21                THE COURT:  Sure.

22                MR. DONNELLY:  -- and keep him from talking.

23                THE COURT:  Okay.  Well, and I can hear from

24    you in a moment, Mr. Guertin.  I just wanted to state

25    that I did review Judge Koch's order, and I think that

Add. 11

1    things have materially changed since that order because

2    that order relies on Mr. Guertin saying he will listen to

3    his public defenders, saying he will take their advice

4    and work with them.  And then as soon as I saw Mr.

5    Guertin, he wanted to discharge them despite them saying

6    that they could not as officers of the court sign on to

7    his motion to dismiss and the theories therein.  So, I

8    think things have certainly -- that the basis for that

9    order is no longer accurate.

10          Also I have now seen new evidence of

11   incompetence.  Again, just as far as the law considers

12   it.  You're very smart, Mr. Guertin.  I'm not taking

13   anything away from your intellect and your inventions.

14   I'm just doing what needs to be done for criminal cases.

15          So, I can see you're very eager to speak, and I

16   will let you speak in a moment.  I just want to make a

17   really fulsome record about that we have three separate

18   examiners opining a lack of competence under Rule 20.01.

19   You've got two very skilled and zealous defense

20   advocates, and they wanted to advise you, and you did not

21   want to have them on your case any longer as soon as we

22   got to court after the Rule 20 calendar.

23          The allegations in the criminal complaint note

24   things that suggest paranoia, post-Miranda statements of

25   shooting to bring the police to your home because people

Add. 12

1    were going to kill you over a patent.  You also noted

2    that in your own motion to dismiss at page 33.

3    Scrolling, "They're going to kill me," I believe.

4         There are now filings in the public record in

5    this criminal case that evidence paranoia and conspiracy

6    theories that are the hallmark of certain mental

7    illnesses that the examiners have opined and that they're

8    trained in.  The expressions in the motion to dismiss,

9    again, over 50 pages, have repeated assertions over and

10   over and over and over again citing coordinated

11   campaigns, intentional manipulation of the system to

12   paint you as incompetent to proceed in your criminal case

13   with the motive, I think, apparently being to cover up

14   patent theft.

15        There are highly illogical assertions in there.

16   There's extreme language, extreme repetition, paranoia,

17   and conspiracy assertions.  Talking about -- you talk

18   about your handwritten note that says that "Whoever is

19   behind this has one million different ways to set me up

20   or frame me if they want.  Netflix found out about my

21   patent way before I found out about theirs.  That's for

22   sure.  They're going to kill me."  Things like that.

23        So, I know, Mr. Guertin, that you're going to

24   think I'm part of this coordinated campaign.  All I can

25   tell you is I promise you I am not.  I'm following my

Add. 13

1    duty.  I can't let you self-represent under these

2    circumstances.

3              Certainly, if you, you know, have patent

4    disputes, you can take that up with the PTO.  You can

5    take it up with a qualified patent attorney.  We don't

6    have any jurisdiction over patents here.  We're all not

7    qualified to adjudicate patents and prior art and, you

8    know, anything like that.  So, that needs to be a

9    separate proceeding.  Even tort claims that just -- that

10   can't be part of the criminal case.

11             We have nothing -- again, nothing to do with

12   the patents.  We have nothing to do with Netflix or other

13   government -- federal government agencies that it sounds

14   like you have been in dealings with.

15             And Ms. Hamid, I can turn to you as an officer

16   of the court with a sworn duty of candor to the court,

17   have you had any conversations in this case with anyone

18   from Netflix?

19             MS. HAMID:  No, Your Honor.

20             THE COURT:  Any conversations with anyone from

21   federal government agencies?

22             MS. HAMID:  No, Your Honor.

23             THE COURT:  Okay.  Also with regard to Mr.

24   Guertin's assertions about doctored manipulated initial

25   discovery, do you know -- can you speak to that?

Add. 14

 1          MS. HAMID:  No, Your Honor.  The state is not

 2     aware of any of that information.

 3          THE COURT:  Okay.  Do you know what I'm

 4     referring to when he said some initial images were

 5     mathematically incorrect and altered, and then when

 6     compared to later discovery they were inconsistent?

 7          MS. HAMID:  Yes, Your Honor.  It was part of

 8     the competency hearing, and it was briefly discussed

 9     during that hearing.  But the state is not aware of any

10     manipulation of the evidence, Your Honor.

11          THE COURT:  Okay.  Okay.  So, Mr. Guertin,

12     thank you for being patient.  I know this has got to feel

13     frustrating for you.  Please go ahead.

14          MR. GUERTIN:  I would just like to say that my

15     claims about a conspiracy obviously originate in matters

16     related and pertaining to my patent, but insofar as my

17     claims within the court, they do not -- I'm not saying

18     anything about Netflix.  I'm saying about things that

19     indicate that it has spilled over into the court.

20     Pertaining to the issue of fraudulent discovery, it's a

21     logical and inescapable catch-22 that currently exists.

22     I can explain it if you'd like.

23          THE COURT:  I did read your motion to dismiss,

24     and I know you describe the catch-22 and that you had a

25     logical I guess victory.  I don't want to do that now

1    because my decision is made, and I have more than ample

2    basis for it.  If you want to say a little something

3    about it, you're welcome to.

4              MR. GUERTIN:  Well, I would just say that it

5    wouldn't matter even if it wasn't in the Hennepin County

6    OneDrive system because once the photos existed and then

7    they squished them to put them into the uniform aspect

8    ratio, they can't un-squish them.  So, it's a logical

9    trap that proves my claim about it that can't be escaped.

10   So, it's now being ignored because I'm being sidelined

11   again by being determined incompetent.

12             And insofar as my filings that I filed

13   yesterday, I don't know how many thousands of pages are

14   the court's own records of completely AI-generated

15   fraudulent cases that I uncovered which is now submitted

16   into the record.

17             So, you -- that's hard evidence of 163 cases

18   that I collected exactly one year ago around April 26th

19   by filtering the three judges that were controlling my

20   case and searching for their hearing dates on the MCRO

21   system and then using a Python script to filter thousands

22   of cases down to the 163 cases that they all had a part

23   in spanning January 1st, 2023, to April 26th of 2024.

24             And with that 163 cases, I then used an

25   automated script one morning to download 3,553 MCRO files

Add. 16

1    all in order for all those cases, and I ended up with a

2    data set that had my name in it because those judges were

3    controlling my case.  Those judges are Judge Julia Dayton

4    Klein, Referee Borer, and Referee Mercurio.  And then

5    that was based on curiosity.  Is this normal procedure

6    because it seemed like they were controlling my case to a

7    non-standard like strange degree let's say, right?

8         So, the data set that I ended up with is

9    thousands of files, and it contains AI-generated USPS

10   mail filings.  That's irrefutable.  And it contains the

11   same exact mirrored orders over and over and over, and it

12   also contains Raissa Carpenter assigned to 16 completely

13   fake cases such as Lucas Kraskey.  What is there?  27-CR-

14   21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-

15   CR-21-8230, 27-CR-21-8511, 27-CR-21-20637, 27-CR-22-

16   17300, 27-CR --

17        THE COURT:  Okay.  So, Mr. Guertin, I'm going

18   to stop you here because I know you filed this.

19        MR. GUERTIN:  These are --

20        THE COURT:  So, it is in writing in your

21   motion.

22        MR. GUERTIN:  And if you'd --

23        THE COURT:  Sir, --

24        MR. GUERTIN:  I could hand it in.  I have a map

25   for what I handed in that relates to the indexes and maps

Add. 17

1    them across since there was so many of them.

2          THE COURT:  Sure.  I will take that today.  I'm

3    focused today on your criminal charges and very

4    specifically if I can accept your request to self-

5    represent, and I simply cannot.  Under the law -- the

6    statute I read you as well as Rule 20.01, my duty is to

7    order another evaluation.  Again, I know you're going to

8    think that I'm somehow part of a conspiracy.  I'm sorry

9    that you think that.

10          I -- as a very intelligent person, maybe I

11   could pose to you the question of, let's say for

12   argument's sake you were under some mental illness or

13   some symptoms, maybe you could agree that it would seem

14   like everyone is against you.  Would you agree with that?

15   Just for argument's sake if you --

16          MR. GUERTIN:  No.  What happened was that I

17   was -- had the -- I was going to swear.  I had the crap

18   scared out of me, and I have all the evidence now.  So,

19   all of my claims aren't based on -- the definition of

20   "delusions" is a false version of reality despite

21   evidence to the contrary.  That's not what I'm -- I'm not

22   suffering from delusions because I have all the evidence.

23          THE COURT:  Okay.  So, the delusional part,

24   I'll set that aside.  For me, my focus is that I can't

25   find that you can rationally defend yourself and

Add. 18

1     rationally participate with defense counsel as you told

2     Judge Koch that you would when he ordered the competency

3     finding.  So, I do need to do another one.  So, I'm going

4     to order that now.  That will be done on an out of

5     custody basis.

6             And with regard to, you know, your concerns

7     about Hennepin County documentation systems, I really

8     can't speak to any of that.  You know, that's something

9     maybe that you can think about addressing if appropriate

10    with --

11            MR. GUERTIN:  It's in the record.

12            THE COURT:  Right.  But I'm saying it's not

13    part of -- that doesn't have relevance to your criminal

14    case.

15            MR. GUERTIN:  It has relevance to the

16    legitimacy of the entire court.

17            THE COURT:  Okay.  But that's what I'm saying

18    is this is not the conspiracy of the court system.  We

19    don't have anything to do with the people who stole your

20    patents or who are using your technology perhaps without

21    remunerating you as they're supposed to.  We don't have

22    anything to do with that.  And certainly, you can hire a

23    patent lawyer and you can go after that.  But that's not

24    the place here.  So, we'll order the Rule 20.01 now.

25            MR. DONNELLY:  Judge, may I just clarify one

Add. 19

1          thing I said earlier?

2                    THE COURT:  Yeah.

3                    MR. DONNELLY:  That is that I don't criticize

4          Judge Koch's ruling.  He dealt with the snapshot that he

5          had in front of him, and competency isn't static.

6                    THE COURT:  Of course.  And I wasn't -- I'm not

7          criticizing it either.  I'm saying there have been

8          material changes since that hearing based on what I read

9          in his order and what he had --

10                    MR. DONNELLY:  Yeah.  I understand that too.  I

11          just wanted to be clear I'm not.

12                    THE COURT:  Thank you.  And I didn't -- nope.

13          I didn't take it that way whatsoever, and I'm not either.

14          Of course.  Things are --

15                    MR. GUERTIN:  Is there an official objection to

16          this being noted in the record?

17                    THE COURT:  Certainly your objection is noted,

18          sir.  Absolutely.  Yes.

19                    (Dates were discussed.)

20                    MR. GUERTIN:  What are we scheduling?  A return

21          to --

22                    MS. CARPENTER:  So, they're ordering you to

23          meet with a Rule 20 evaluator.  And so, then they pick a

24          period of time for the Rule 20 evaluator to meet with you

25          and to write a new report for the Court.  So, July 8th

1    you're scheduled to appear on the Rule 20 calendar which

2    is with all the mental health probate judges. They run

3    that calendar. And by then there will be a report. On

4    that date you either object to the report or you agree

5    with the report, and then they can enter a finding based

6    on the report and then set a hearing. If you're found --

7           MR. GUERTIN: And what's being scheduled is a

8    Rule 20 or coming back in front of --

9           MS. CARPENTER: Yep. A Rule 20 and then you'd

10   go on the Rule 20 calendar on the 8th. If you're found

11   competent on the 8th, then you need a court date with

12   Judge Hudleston to restart your case and restart

13   proceedings. So, they're picking a second date after

14   July 8th that theoretically your case can restart if

15   you're found competent on July 8th.

16           (Dates were discussed.)

17           THE CLERK: I'll get you some notices, Mr.

18   Guertin.

19           THE COURT: And you can note, Porshia, in the

20   referral that Mr. Guertin objects to being re-referred.

21           THE CLERK: Okay.

22           MR. GUERTIN: Did you have a chance to look at

23   the affidavit?

24           THE COURT: I did not have a chance to look at

25   anything you filed yesterday. I was on a court calendar

1      until 7 p.m., and there are hundreds and hundreds of

2      pages.  But I looked at a lot of the things you filed --

3                MR. GUERTIN:  Yeah, the --

4                THE COURT:  -- with related to the motion to

5      dismiss.

6                MR. GUERTIN:  And that's what you're basing the

7      incompetency on?

8                THE COURT:  Oh.  I looked at the competency

9      evaluation.  I've looked at Judge Koch's order.  And --

10               MR. GUERTIN:  So, it's based on not even

11     looking at the filings yesterday?

12               THE COURT:  It's based on what I saw that you

13     filed in your motion to dismiss that I had not had a

14     chance to review when I saw you last.  It's based on that

15     as well as looking back into your file and then looking

16     at some of the things you cited in your motion to

17     dismiss.  Correct.  And I did --

18               MS. HAMID:  Your Honor, --

19               THE COURT:  Sorry.  I did look at as quickly as

20     I could this morning at the general nature of your

21     filings yesterday, but I certainly couldn't read

22     thousands of pages or hundreds of pages.

23               MR. GUERTIN:  Yeah.  They're not all to be read

24     necessarily.

25               THE COURT:  Yeah.  Right.  I saw the general

Add. 22

1     nature of them.  Yes.

2             MS. HAMID:  Your Honor, may I?  Last time there

3     was lack of cooperation from Mr. Guertin to meet with an

4     evaluator.  And instead he sent emails to the evaluator.

5     Can we just put on the record that he's required to meet

6     with the evaluator in person?

7             THE COURT:  Yes.  Mr. Guertin, I know you

8     object to this.  I will note your strenuous objection.

9     It's very well documented in your filings.  You do need

10    to meet with them in person.

11            MS. CARPENTER:  I don't know if they always

12    want to meet in person.

13            THE COURT:  Or by Zoom.

14            MS. HAMID:  Or by Zoom.  Yeah.

15            THE COURT:  You need to meet with them so that

16    they can have a conversation with you whether virtually

17    or in person.

18            THE CLERK:  And Mr. Guertin, does your phone

19    number still end in 4540?

20            MR. GUERTIN:  Correct.

21            THE CLERK:  Okay.

22            MR. DONNELLY:  May I approach, Your Honor?  Do

23    you want this document?

24            MS. CARPENTER:  You said you would --

25            THE COURT:  Yes.  I'll take that.  Thank you.

Add. 23

1          Thank you, counsel.  Take care.

2          Take care, Mr. Guertin.

3          MR. GUERTIN:  Thank you.

4          (The proceedings were adjourned at 11:40 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

27-CR-23-1886

Filed in District Court
State of Minnesota
5/3/2025 6:40 PM

20

1  STATE OF MINNESOTA)
                          ss:
2  COUNTY OF HENNEPIN)

3

4

                    COURT REPORTER'S CERTIFICATE
5

6        I, MAYA FUNK, an Official Court Reporter in and

7     for the Fourth Judicial District of the State of

8     Minnesota, do hereby certify that I have transcribed

9     the foregoing transcript from the CourtSmart audio

10    recording, and that the foregoing pages constitute a

11    true and correct transcript of the proceedings taken in

12    connection with the above-entitled matter to the best

13    of my ability.

14        Dated:  May 3, 2025

15

16

17            /s/ *Maya Funk*

18            Maya Funk
              Official Court Reporter
19            C859 Government Center
              300 South Sixth Street
20            Minneapolis, MN  55487
              (612) 322-6951

21

22

23

24

25

Add. 25

# State of Minnesota
## County of Hennepin

# District Court
## 4th Judicial District

Prosecutor File No.      23A00785
Court File No.      27-CR-23-1886

---

**State of Minnesota,**

            Plaintiff,

     vs.

**MATTHEW DAVID GUERTIN     DOB: 07/17/1981**

10233 34th St W
#304
Minnetonka, MN 55305

          Defendant.

**COMPLAINT**

Order of Detention

---

The Complainant submits this complaint to the Court and states that there is probable cause to believe Defendant committed the following offense(s):

## COUNT I

**Charge: Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality**
Minnesota Statute: 609.66.1a(a)(3), with reference to: 609.66.1a(b)(2)
Maximum Sentence: 2 YEARS AND/OR $5,000
Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN recklessly discharged a firearm within a municipality.

## COUNT II

**Charge: Firearm-Serial Number-Receive/Possess With No Serial Number**
Minnesota Statute: 609.667(3), with reference to: 609.667
Maximum Sentence: 5 YEARS AND/OR $10,000
Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN received or possessed a firearm that was not identified by a serial number: an automatic rifle.

## COUNT III

**Charge: Firearm-Serial Number-Receive/Possess With No Serial Number**
Minnesota Statute: 609.667(3), with reference to: 609.667

Add. 26

Maximum Sentence: 5 YEARS AND/OR $10,000

Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN received or possessed a firearm that was not identified by a serial number: a full-size pistol.

### COUNT IV

**Charge: Firearm-Serial Number-Receive/Possess With No Serial Number**
Minnesota Statute: 609.667(3), with reference to:  609.667
Maximum Sentence: 5 YEARS AND/OR $10,000
Offense Level: Felony

Offense Date (on or about): 01/21/2023

Control #(ICR#): 23000258

Charge Description: That on or about January 21, 2023, in Hennepin County, Minnesota, MATTHEW DAVID GUERTIN received or possessed a firearm that was not identified by a serial number: a compact pistol.

Add. 27

**STATEMENT OF PROBABLE CAUSE**

Complainant has investigated the facts and circumstances of this offense and believes the following establishes probable cause:

On January 21, 2023, officers with the Minnetonka Police Department were dispatched to a report of shots being fired from an apartment at 102XX 34th St. W., Minnetonka, Hennepin County, Minnesota.

Upon arriving in the area officers heard shots and were able to confirm where the apartment shots were coming from, and that the occupant of the apartment was MATTHEW DAVID GUERTIN, dob 7/17/1981, "Defendant" herein. Defendant was yelling "I'm going to die because they stole my patent" and repeatedly yelled a Minnetonka Police Department case number. Defendant spoke with a negotiator and after some time threw two firearms out of the window: an automatic rifle and a pistol in a case. Defendant eventually came out of the apartment and was placed under arrest. In a post-Miranda statement Defendant reported that he had fired multiple rounds to get the police to respond to his location, and that he had shot into the sky and trees. Defendant estimated he had fired approximately twenty rounds. Defendant said that he could not communicate via his computer or phone because other people had gained control of his computer and other devices. Defendant also said that he had bought the parts and put together the firearms that he had used.

Officers recovered three firearms from the incident: an automatic rifle, a full-size pistol, and a compact pistol. None of the firearms had serial numbers on them. Officers also recovered additional ammunition and body armor inside Defendant's apartment.

Defendant is currently in custody.

Add. 28

**SIGNATURES AND APPROVALS**

Complainant requests that Defendant, subject to bail or conditions of release, be:
(1) arrested or that other lawful steps be taken to obtain Defendant's appearance in court; or
(2) detained, if already in custody, pending further proceedings; and that said Defendant otherwise
be dealt with according to law.

Complainant declares under penalty of perjury that everything stated in this document is true and
correct. Minn. Stat. § 358.116; Minn. R. Crim. P. 2.01, subds. 1, 2.

| **Complainant** | Samantha Johnson | Electronically Signed: |
|---|---|---|
| | Police Officer | 01/24/2023 10:49 AM |
| | 14600 Minnetonka Boulevard | Hennepin County, MN |
| | Minnetonka, MN 55345 | |
| | Badge: 133 | |

Being authorized to prosecute the offenses charged, I approve this complaint.

| **Prosecuting Attorney** | Erin Goltz | Electronically Signed: |
|---|---|---|
| | 300 S 6th St | 01/24/2023 10:23 AM |
| | Minneapolis, MN 55487 | |
| | (612) 348-5550 | |



Add. 29

## FINDING OF PROBABLE CAUSE

From the above sworn facts, and any supporting affidavits or supplemental sworn testimony, I, the Issuing Officer, have determined that probable cause exists to support, subject to bail or conditions of release where applicable, Defendant's arrest or other lawful steps taken to obtain Defendant's appearance in court, or Defendant's detention, if already in custody, pending further proceedings. Defendant is therefore charged with the above-stated offense(s).

☐ **SUMMONS**

THEREFORE YOU, THE DEFENDANT, ARE SUMMONED to appear as directed in the Notice of Hearing before the above-named court to answer this complaint.

IF YOU FAIL TO APPEAR in response to this SUMMONS, a WARRANT FOR YOUR ARREST shall be issued.

☐ **WARRANT**

To the Sheriff of the above-named county; or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended  and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of such court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

☐ *Execute in MN Only*          ☐ *Execute Nationwide*          ☐ *Execute in Border States*

☒ **ORDER OF DETENTION**

Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail:  $50,000.00
Conditions of Release:  No use of drugs/alcohol; Make All Appearances; Remain Law Abiding; No Possession of Weapons

This complaint, duly subscribed and sworn to or signed under penalty of perjury, is issued by the undersigned Judicial Officer as of the following date: January 24, 2023.

| **Judicial Officer** | Edward Thomas Wahl<br>District Court Judge | Electronically Signed: 01/24/2023 11:40 AM |
|---|---|---|

Sworn testimony has been given before the Judicial Officer by the following witnesses:

---

**COUNTY OF HENNEPIN**
**STATE OF MINNESOTA**

## State of Minnesota

Plaintiff

vs.

## MATTHEW DAVID GUERTIN

Defendant

*LAW ENFORCEMENT OFFICER RETURN OF SERVICE*
*I hereby Certify and Return that I have served a copy of this Order of Detention upon the Defendant herein named.*

Signature of Authorized Service Agent:

Add. 30

# DEFENDANT FACT SHEET

**Name:**      MATTHEW DAVID GUERTIN

**DOB:**      07/17/1981

**Address:**      10233 34th St W
#304
Minnetonka, MN 55305

**Alias Names/DOB:**

**SID:**      MN00417780

**Height:**

**Weight:**

**Eye Color:**

**Hair Color:**

**Gender:**      MALE

**Race:**      White

**Fingerprints Required per Statute:**      Yes

**Fingerprint match to Criminal History Record:**      Yes

**Driver's License #:**

**SILS Person ID #:**      403932

**SILS Tracking No.**      3316315

**Alcohol Concentration:**

Add. 31

# STATUTE AND OFFENSE GRID

| Cnt Nbr | Statute Type | Offense Date(s) | Statute Nbrs and Descriptions | Offense Level | MOC | GOC | Controlling Agencies | Case Numbers |
|---|---|---|---|---|---|---|---|---|
| 1 | Charge | 1/21/2023 | 609.66.1a(a)(3) Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality | Felony | W1E40 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.66.1a(b)(2) Dangerous Weapons-Other Offenses | Felony | W1E40 | | MN0271200 | 23000258 |
| 2 | Charge | 1/21/2023 | 609.667(3) Firearm-Serial Number-Receive/Possess With No Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.667 Firearms-Removal or Alteration of Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| 3 | Charge | 1/21/2023 | 609.667(3) Firearm-Serial Number-Receive/Possess With No Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.667 Firearms-Removal or Alteration of Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| 4 | Charge | 1/21/2023 | 609.667(3) Firearm-Serial Number-Receive/Possess With No Serial Number | Felony | W1840 | | MN0271200 | 23000258 |
| | Penalty | 1/21/2023 | 609.667 Firearms-Removal or Alteration of Serial Number | Felony | W1840 | | MN0271200 | 23000258 |

MINNESOTA JUDICIAL BRANCH

Add. 32