**A25-0882**
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

| | |
|---|---|
| In re Matthew David Guertin, | District Court Case: 27-CR-23-1886 |
| Petitioner | Court Order Date: April 29, 2025 |
| v. | **ADDENDUM** |
| | **VOLUME III of XVI** |
| State of Minnesota, | **ADD. 82 - ADD. 131** |
| Respondent. | Judge: Hon. Sarah Hudleston |

<u>Contents</u>                                                                                          <u>Page</u>

**<u>February 28, 2025 - Exhibits A–E: Discovery-Fraud Proven (pp 1-17, 58-75),</u>**

Index 122…………………………………………………………………… Add. 82-116

**<u>March 05, 2025 - Contested Competency Hearing Transcript (pp 1-15),</u>**

………………………………………………………….…………………… Add. 117-131

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| State of Minnesota,<br><br>Plaintiff,<br><br>vs.<br><br>Matthew David Guertin,<br><br>Defendant. | Court File No. : 27-CR-23-1886<br><br>**DEFENDANT'S SUPPLEMENTAL EVIDENCE SUBMISSION IN SUPPORT OF OBJECTION TO COMPETENCY REPORT - A**<br><br>Judicial Officer: Sarah Hudelston |

TO:  THE HONORABLE SARAH HUDELSTON, JUDGE OF DISTRICT COURT; MARY F. MORIARTY, HENNEPIN COUNTY ATTORNEY; AND THOMAS MANEWITZ, ASSISTANT HENNEPIN COUNTY ATTORNEY

## I.  INTRODUCTION

Defendant Matthew David Guertin respectfully submits this supplemental evidence submission in further support of his objection to the competency report and related evaluations. As set forth in Minn. R. Crim. P. 20.01, the court must ensure that a defendant is competent to stand trial by verifying his ability to understand the proceedings and consult meaningfully with counsel. The enclosed exhibits not only document clear and irrefutable discovery fraud but also demonstrate that I am managing my defense effectively—in effect, proving my competence despite the allegations of incompetency.

## II.  EXHIBIT LIST

- **Exhibit A - Key Elements of Discovery Fraud**
  A detailed analysis outlining the manipulated aspects of the discovery materials, including discrepancies in image aspect ratios, altered metadata, and irregularities in the chain of custody.

Add. 82

- **Exhibit B – A Critical Turning Point: The Gravity of the Discovery Fraud**

  A narrative presentation explaining how the fraudulent discovery materials have fundamentally undermined the integrity of the evidence against me and served as the catalyst for my objection.

- **Exhibit C – Discovery Fraud Flipbook: A Visual Presentation of the Fraud**

  A professionally prepared flipbook that juxtaposes 20 pairs (40 total) of discovery images - each pair showing the "original" images from the August 3, 2023 discovery alongside the "official" February 13, 2025 images. Instructions are included to view the flipbook in non-scrolling (page-flip) mode so that the manipulations are readily apparent.

- **Exhibit D – Official OneDrive Discovery Materials and Chain of Custody**

  This exhibit contains screenshots and email communications from Hennepin County's internal OneDrive file sharing system that provided the official discovery images. It includes detailed metadata, file names, and a digital chain of custody establishing the authenticity and origin of these materials.

- **Exhibit E – Documentation of Communication Attempts with Defense Counsel and Additional Discovery Requests**

  A collection of emails and call records showing that, despite my detailed outreach (beginning February 20, 2025), neither Raissa Carpenter nor Emmett Donnelly has responded. These communications - including the email forwarding the August 3, 2023 discovery set and an additional email requesting video content (with attached call record screenshots) - demonstrate my proactive efforts to secure counsel's guidance, reinforcing my capacity to manage my defense, as well as my decision to proceed pro se with this filing of evidence into my case.

Add. 83

27-CR-23-1886

Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

### III.   LEGAL ARGUMENT

1. **Competency Under Minn. R. Crim. P. 20.01**

   Rule 20.01 sets forth that a defendant must be competent to stand trial by being able to consult rationally with counsel and understand the nature of the proceedings. My ability to independently compile and submit these substantial exhibits evidences my capacity to engage with and challenge the evidence against me. The fact that I am managing the submission pro se - even in light of counsel's failure to respond - supports a finding that I am, in practical terms, competent. My actions demonstrate the very characteristics that Rule 20.01 is designed to protect: a rational, organized, and meaningful participation in my defense.

2. **Timeliness and Due Process**

   While local rules generally require that evidence be submitted at least seven days prior to the hearing, the exceptional circumstances here (i.e. counsel's non-responsiveness despite my outreach on February 20 and follow-up on February 24, 2025) leave me no alternative but to file my exhibits now. The documented communications in Exhibit E clearly indicate that I made every effort to secure counsel's input well in advance of the March 5, 2025 hearing. In turn, my proactive filing of these evidentiary materials not only preserves my right to a fair hearing but also reinforces my assertion that I am competent to present my own defense.

3. **Chain of Custody and Authenticity of Evidence**

   Exhibits C and D provide a robust demonstration of the fraudulent manipulation of the discovery images. The flipbook in Exhibit C visually documents the intentional "squishing" of images to enforce a uniform aspect ratio, thereby concealing original variances. Exhibit D reinforces the authenticity of the official discovery materials via the OneDrive system, leaving no doubt as to the integrity of the original chain of custody. Together, these exhibits substantiate my claim of discovery fraud, which is central to my objection and further supports my

Add. 84

contention that my competency evaluation was compromised by unreliable evidence.

## IV.   RELIEF SOUGHT

For the foregoing reasons, I respectfully request that the Court:

1. Accept this supplemental evidence submission as part of the record;

2. Consider Exhibits A–E in their entirety as conclusive proof of discovery fraud; and

3. Recognize that my ability to independently compile and submit these exhibits is evidence of my competence to stand trial pursuant to Minn. R. Crim. P. 20.01.

Dated:  February 28, 2025

Respectfully submitted,

 _/s/ Matthew D. Guertin_

Matthew David Guertin
Defendant Pro Se
4385 Trenton Ln. N 202
Plymouth, MN  55442
Telephone: 763-221-4540
MattGuertin@protonmail.com
www.MattGuertin.com

Add. 85

| Aug 3, 2023 Discovery | | | February 13, 2025 Discovery | | |
|---|---|---|---|---|---|
| page-img# | W-px | H-px | image-ratio | image-ratio | Matching Image Name |
| 22-39 | 1114 | 1889 | 1:1.696 | 16:9 | ggilbertson_01212023135815CST_photo_24_vRY.jpeg |
| 23-40 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0197.JPG |
| 23-41 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0196.JPG |
| 24-42 | 1087 | 1885 | 1:1.734 | 16:9 | ggilbertson_01212023135828CST_photo_26_hsw.jpeg |
| 25-43 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0201.JPG |
| 25-44 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0207.JPG |
| 26-45 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0203.JPG |
| 26-46 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0204.JPG |
| 27-47 | 1134 | 1939 | 1:1.710 | 16:9 | ggilbertson_01212023135843CST_photo_28_yqt.jpeg |
| 28-48 | 1224 | 2153 | 1:1.759 | 16:9 | ggilbertson_01212023135921CST_photo_32_oji.jpeg |
| 29-49 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0189.JPG |
| 30-50 | 1214 | 1967 | 1:1.620 | 16:9 | ggilbertson_01212023135833CST_photo_27_950.jpeg |
| 31-51 | 1109 | 1895 | 1:1.709 | 16:9 | ggilbertson_01212023135904CST_photo_30_AaB.jpeg |
| 32-52 | 1129 | 1931 | 1:1.710 | 16:9 | ggilbertson_01212023135909CST_photo_31_wUj.jpeg |
| 33-53 | 1159 | 1960 | 1:1.691 | 16:9 | ggilbertson_01212023135930CST_photo_33_LLa.jpeg |
| 34-54 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023140028CST_photo_34_95E.jpeg |
| 34-55 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023140331CST_photo_42_5Hn.jpeg |
| 35-56 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023140032CST_photo_35_i8L.jpeg |
| 35-57 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023140207CST_photo_37_17A.jpeg |
| 36-58 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0183.JPG |
| 37-59 | 831 | 1375 | 1:1.655 | 16:9 | ggilbertson_01212023135854CST_photo_29_IXX.jpeg |
| 38-60 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023140412CST_photo_46_PtB.jpeg |
| 38-61 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023140426CST_photo_47_km5.jpeg |
| 39-62 | 1152 | 1976 | 1:1.715 | 16:9 | ggilbertson_01212023140246CST_photo_40_Dmr.jpeg |
| 40-63 | 1137 | 1912 | 1:1.682 | 16:9 | ggilbertson_01212023140358CST_photo_44_zO9.jpeg |
| 41-64 | 1172 | 1851 | 1:1.579 | 16:9 | ggilbertson_01212023140623CST_photo_53_rc1.jpeg |
| 42-65 | 1430 | 953 | 3:2 | 3:2 | 23-0098_0012_520-TRS_DSC_0323.JPG |
| 43-66 | 1187 | 1962 | 1:1.653 | 16:9 | ggilbertson_01212023140649CST_photo_54_TfE.jpeg |
| 44-67 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023140404CST_photo_45_5PD.jpeg |
| 44-68 | 1431 | 805 | 16:9 | 16:9 | ggilbertson_01212023145233CST_photo_64_toF.jpeg |

| Aug 3, 2023 Discovery | | | | February 13, 2025 Discovery | |
| page-img# | W-px | H-px | image-ratio | image-ratio | Matching Image Name |
|---|---|---|---|---|---|
| 45-69 | 1194 | 2066 | **1:1.730** | **16:9** | **ggilbertson_01212023140234CST_photo_39_giA.jpeg** |
| 46-70 | 1209 | 2052 | **1:1.697** | **16:9** | **ggilbertson_01212023140313CST_photo_41_edU.jpeg** |
| 47-71 | 1204 | 1993 | **1:1.655** | **16:9** | **ggilbertson_01212023140442CST_photo_49_O2H.jpeg** |
| 48-72 | 1244 | 1961 | **1:1.576** | **16:9** | **ggilbertson_01212023140450CST_photo_50_7rT.jpeg** |
| 49-73 | 1254 | 2041 | **1:1.628** | **16:9** | **ggilbertson_01212023140704CST_photo_55_pWF.jpeg** |
| 50-74 | 1239 | 2025 | **1:1.634** | **16:9** | **ggilbertson_01212023144853CST_photo_62_dYh.jpeg** |
| 51-75 | 1269 | 2020 | **1:1.591** | **16:9** | **sjohnson_01212023151215CST_photo_04_Pom.jpeg** |
| 52-76 | 1431 | 1908 | 3:4 | 3:4 | skerwin_01212023160953CST_photo_01_OBt.jpeg |
| 53-77 | 1431 | 1908 | 3:4 | 3:4 | skerwin_01212023160953CST_photo_02_cEW.jpeg |
| 54-78 | 1431 | 1908 | 3:4 | 3:4 | skerwin_01212023160953CST_photo_03_nnH.jpeg |
| 55-79 | 1431 | 1908 | 3:4 | 3:4 | skerwin_01212023161013CST_photo_04_xAw.jpeg |
| 56-80 | 1431 | 1908 | 3:4 | 3:4 | skerwin_01212023161538CST_photo_05_uyp.jpeg |

## Key Elements of the Fraud:

1. **Manipulated Image Aspect Ratios:**

   • The February 13, 2025, discovery includes 20 images that have been altered along the X-axis to enforce a uniform 16:9 aspect ratio. Prior inconsistent aspect ratios, such as 1:1.696 and 1:1.734, were intentionally concealed. This manipulation is an attempt to obscure previous cropping (*see Index 29, pp. 18-21*).

   • The uniform aspect ratio now presented in these images, along with all of the images now purporting a size of 2270 x 4032 pixels, masks the intentional alterations made to the original, August 3, 2023 discovery materials.

   • These images, all highlighted in the table (bold, boxed borders, dark pink rows), now all appear artificially consistent, obscuring their original dimensions.

2. **Fraudulent "Squishing" Process:**

   • The images in the February 13, 2025, discovery were originally cropped in the August 3, 2023, set to misrepresent certain elements of the defendant's living conditions.

   • These cropped images were then resized and stretched in the most recent set to force them into a uniform 16:9 aspect ratio, creating the appearance of consistency across all images.

Add. 87

Exhibit A | p. 2

- This resizing effort was intended to mask the earlier cropping and make the images look uniformly scaled, hiding the original tampering (*see Index 29, pp. 22-23*).

3. **Implications of the Fraud:**

- In addition to the image manipulation, metadata was intentionally altered to align with the fraudulent aspect ratio. These deliberate changes mirror the discrepancies identified in Guertin's April 4, 2024 motion (*see Index 29, p. 15*), further solidifying the intent behind the manipulation.

- These fraudulent alterations are now an undeniable part of the case record, irreparably compromising the integrity of the evidence and leaving no doubt about the deliberate tampering that has occurred.

- The retroactive validation of the manipulated images conclusively supports Guertin's previous claims of evidence tampering. This not only exposes the extent of prosecutorial misconduct but also demands immediate and thorough judicial scrutiny to address the profound implications of these actions (*see Exhibit Y*).

4. **Forgery and Retroactive Validation:**

- The resizing efforts, executed with the intent to create a misleading uniformity, provide clear retroactive validation of Guertin's claims of manipulation and concealment.

- These actions not only affirm the deliberate fraudulent alteration of evidence but also unequivocally establish prosecutorial misconduct.

- The integrity of these images has been irreparably compromised, and their authenticity is beyond dispute.

5. **Critical Evidence in a False Narrative:**

- The images undeniably perpetuate a false narrative regarding the defendant's living conditions.

- Key pieces of evidence, such as images of the defendant's intellectual property and mechanical prototype, were both intentionally omitted and altered.

- This intentional distortion serves to obscure the critical context necessary for a fair understanding of the case, further cementing the fraudulent nature of the discovery materials.

<div align="right">

**Add. 88**

</div>

<div align="right" style="color:red">

**Exhibit A | p. 3**

</div>

6. **Consequences for Legal Proceedings:**

- The fraudulent nature of these images irreparably undermines the legitimacy of the entire case.

- These altered images, which were used as part of competency evaluations, directly contributed to inaccurate conclusions regarding the defendant's condition.

- This misrepresentation of evidence has thoroughly tainted the fairness of those evaluations and the judicial process as a whole.

- The deliberate distortion now exposes the entire legal proceeding as fundamentally flawed and provides irrefutable grounds for the immediate dismissal of all charges, as it calls into question the very integrity of the judicial actions that followed.

---

# The Tampered OneDrive Metadata:
## A Devastating Blow to Court Integrity



1. **Metadata Manipulation:**

- The modification date in the OneDrive discovery file-sharing system is a key piece of metadata that establishes when an image was last altered. The fact that

Exhibit A | p. 4

Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

this metadata has been falsified directly calls into question the authenticity of the evidence presented in this case.

- This manipulation of the modification date suggests that someone with control over the system deliberately altered the metadata to create a false timeline. The tampered dates, which suggest an original modification on February 3, 2023, are fundamentally misleading, masking the actual alterations made to the images much later.

- Such tampering of metadata is not only a violation of the rules of evidence, it is a direct attack on the integrity of the court's discovery process, aimed at obfuscating the true history of the images.

2. **Altered Chain of Custody:**

- The modification dates directly affect the chain of custody of the discovery images. These original timestamps, such as February 3, 2023, were supposed to be critical in establishing when the images were stored and last modified in the OneDrive system. If the metadata has been falsified, the entire chain of custody is compromised.

- This metadata tampering severely undermines the ability to verify the authenticity of the images and the timeline of their alterations. The credibility of the evidence is now completely in doubt, and this fraudulent manipulation destroys the trustworthiness of the entire discovery process.

3. **Prosecutorial Misconduct:**

- The manipulation of the OneDrive metadata raises serious questions about prosecutorial misconduct. If the metadata was indeed altered, this could indicate that the prosecution, or others involved in the case, intentionally falsified evidence in an effort to obscure the truth.

- This revelation ties directly into the broader pattern of evidence tampering in this case. First, we see the visual manipulation of images; now, the underlying metadata has also been manipulated to cover up the fraudulent activity. This is a clear, deliberate attempt to protect those involved in the misconduct from scrutiny.

- The manipulation of both image content and metadata is consistent with a coordinated effort to mislead the court and the defense, demonstrating an active cover-up at the highest levels.

- The implications are staggering: this manipulation of metadata, in conjunction with the altered images, compromises not only the discovery materials in this case

but the entire legal process. It destroys the integrity of the court's record and makes it impossible to trust any of the evidence presented in the case.

## Conclusion:

The tampering of the OneDrive metadata is just as significant as the image manipulation itself. The deliberate alteration of this metadata destroys the authenticity of the discovery materials, rendering them entirely unreliable. This is not a mere procedural error but a deliberate act of falsification that undermines the entire court system's credibility.

The scope of the fraud, spanning both the images and their metadata, reveals a coordinated effort to deceive the court and obstruct justice. The gravity of these actions cannot be overstated. It demands immediate judicial action to address the full scale of misconduct and ensure that justice is served.

This metadata tampering, combined with the evidence of image manipulation, exposes a legal process that has been irreparably corrupted.

**All source material is available for examination in this shared folder:**

https://link.storjshare.io/s/jvpojfmwcgoq7gxz2pcjbat7fxsa/court-fraud

Exhibit A | p. 6

Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

# The Gravity of the Fraud: A Critical Turning Point in My Case

1. **A Pattern of Persecution: Connecting the Dots**

   - From the very beginning, my case has been about much more than a simple criminal charge - it is a case involving the theft of intellectual property that has drawn in powerful interests with the motive, means, and resources to destroy me.

   - The same forces that are behind the manipulation of discovery evidence are the same ones who orchestrated the initial criminal charges, all in an attempt to suppress my technological innovation.

   - The fraud introduced into the discovery materials is not just about inaccurate images; it's a deliberate attempt to erase or obscure the evidence that could have supported my intellectual property claims. The very same corporate, governmental, and military connected entities that I've been up against in my patent battles now appear to have used the legal system to further discredit and undermine me. This isn't a coincidence - it's part of a well-documented pattern of external influence.

2. **The Weaponization of the Mental Health System**

   - The use of fraudulent discovery materials is not just a procedural error - it has been a central tool in weaponizing the mental health system against me. From the outset, I have been consistently portrayed as delusional due to my unwavering claims about discovery fraud and the theft of my intellectual property.

   - These manipulated images were used as evidence in psychological evaluations that misrepresented my competency. The resulting reports were clearly influenced by this false narrative and led to conclusions about my mental health and competency that were both inaccurate and unfair. This constitutes an abuse of the legal and mental health systems, which have been exploited to undermine my credibility and prevent me from mounting a full defense.

3. **Exposing Prosecutorial Misconduct**

   - The fraudulent discovery is not merely a failure of protocol - it is prosecutorial misconduct at its most fundamental level. The prosecution's involvement in the presentation of manipulated images serves to undermine the very integrity of the judicial process. These images were not simply poorly handled; they were intentionally altered to present a false narrative about my living conditions, intellectual property, and personal circumstances.

<div align="right">

## Add. 92

<span style="color:red">Exhibit B | p. 1</span>

</div>

- This manipulation serves to reinforce the prosecution's claims about my supposed mental state, further alienating me from my defense. The fraudulent alterations made to the evidence have not only compromised the legitimacy of the prosecution's case but have also compromised my constitutional rights to a fair trial and defense.

4. **A Battle for Transparency and Truth**

- For nearly two years, I have fought to expose the truth about the fraudulent evidence, the manipulations behind the scenes, and the abuse I have suffered. The introduction of this fraudulent discovery has acted as a barrier to my fight for justice. This moment - the moment when these manipulations are irrefutably exposed - is my opportunity to bring the truth to light and ensure that the system that has long been weaponized against me is finally held accountable.

- The implications of this discovery are profound. The exposed fraud not only challenges the accuracy of my competency evaluations but also calls into question the very legitimacy of my criminal charges. The case is no longer just about intellectual property or personal injustice; it is about the integrity of the judicial system and the constitutional rights of every citizen.

5. **Connecting the Fraud to the Bigger Picture**

- **The Fraud as a Foundation for Persecution:**
  The images, once manipulated, continue to serve as the bedrock for the false narrative constructed around my mental state. The alterations made to these images serve to perpetuate a lie about my living and working conditions, hiding critical evidence of my intellectual property and professional endeavors that are essential to my defense.

- **The Overarching Narrative of Legal and Intellectual Suppression:**
  The fraud introduced into this case is the physical manifestation of a deeper conspiracy - a conspiracy that involves not only the suppression of my intellectual property **but the destruction of my life's work.** These fraudulent materials, combined with the state's misconduct, outline a chilling pattern of legal abuse.

6. **The Larger Legal and Personal Impact**

- This is not just a technical or procedural failure - it is a personal violation. The manipulation of discovery materials has created a false narrative about my life, my work, and my mental health. I have been forced to fight a legal system that not only failed to protect me but actively participated in a cover-up.

Exhibit B | p. 2

- This case has been a grueling fight for my freedom, my reputation, and my sanity. The deliberate introduction of fraudulent materials has only made this fight more difficult, undermining my ability to prove my innocence. However, this moment marks a turning point - a moment where the truth will be revealed, and the evidence of fraud and misconduct will stand as undeniable proof of what has been done to me.

7. **The Need for Immediate Legal Redress**

- The manipulation of discovery and the ensuing fraudulent evaluations demand immediate legal action. I am requesting that this court take decisive steps to address the prosecutorial misconduct by dismissing all charges based on the fraudulent materials that have tainted these proceedings.

- This is the moment for the court to recognize the profound implications of the fraud that has occurred and to take immediate corrective action. This is not simply about the fairness of my case - it is about the integrity of the entire legal system.

## Conclusion:

The deliberate alteration and manipulation of discovery materials has irreparably compromised the integrity of the entire legal proceeding. The fraudulent actions, including the intentional tampering of photographic evidence and the strategic omission of key materials, were not isolated incidents but part of a broader, systematic effort to distort the facts of this case. This pattern of misconduct undermines the fairness of the trial and the defendant's constitutional rights to a fair and just process.

Given that the prosecution has been directly implicated in the submission of fraudulent evidence, it is clear that the entire legal process, including psychological evaluations, has been influenced by manipulated and misleading information. This calls into question the very foundation of the case, from the initial criminal charges to the recent competency evaluations, which were based on deliberately altered discovery materials. The seriousness of this situation cannot be overstated - this is a monumental breach of trust and a violation of the defendant's right to a fair trial.

Therefore, the only just and appropriate remedy at this stage is the immediate dismissal of all charges. Continuing with these proceedings, which are fundamentally tainted by fraud, would not only perpetuate an injustice but also undermine the integrity of the entire judicial system. The evidence presented here clearly establishes that the charges against the defendant were, in part, built upon fraudulent discovery, and it is only through the dismissal of these charges that true justice can be restored.

" Mr. Guertin also reported discovery material in the present case has been altered and "outside pressure is being applied to the courts" by federal government agencies. "

" For instance, he wrote, "Based on everything that I have now uncovered, the obvious as well as confirmed involvement of outside forces applying pressure to the courts and directly monitoring my case… along with the additional discovery I've made of someone within the Hennepin County Court system itself involved in what I would assume is a 'criminal' act by producing an alternate (fraudulent..) version of discovery materials related to my case which was not only missing 24 images but which also contains very clear signs of image manipulation it is fair to say that I do not trust anyone at all." "

(*see* _Exhibit S_, *Index 10, p. 4*)

" He stated he can prove Netflix committed fraud and that someone in the court system is creating fraudulent copies of his discovery material, and that he wants to proceed to trial because he does not trust the criminal court system. "

" He also reported he continues to be monitored by the various government and corporate entities and noted concern these entities will interfere with his court case so that he will be incarcerated. "

(*see* _Exhibit S_, *Index 10, p. 5*)

" His competency-related abilities remain impaired due to symptoms of his mental illness, which suggests any treatment he is receiving is not effectively stabilizing his mental status. The prognosis for his psychotic symptoms remitting on their own is poor and adjustments to his treatment regimen to better target his symptomatology along with consistent compliance with such treatment will be necessary for him to achieve psychiatric stability and restore his competency-related abilities. "

(*see* _Exhibit S_, *Index 10, p. 6*)

" not to mention the fraudulent discovery materials that were provided to the psychological examiner Dr. Michael Roberts who actually conducted my civil commitment exam on August 1, 2023. "

" but which also lays out some rather serious (criminal...) actions taking place within the Hennepin County Courts insofar as the entire issue of fraudulent discovery materials, and multiple sets of discovery being utilized in my case "

" It is important to point out that the provision of fraudulently altered discovery materials being provided to the psychological examiner who conducted my initial civil commitment proceedings means that the entire basis of my stayed order of civil commitment itself, insofar as the entire foundation it rests upon is all based on fraud. "

*(see Index 116, Exhibit C, p. 2)*

" Specifically, the defendant continues to allege violations of his constitutional rights related to his pending charges based upon his belief that he has been the target of widespread fraud, conspiracy, misconduct, negligence, and retaliation. "

*(see Index 116, Exhibit C, p. 4)*

" Mr. Guertin failed to participate in evaluation. However, I have had the opportunity to communicate with the defendant in writing and review documents alleging wide ranging violations of due process, denial of access to the courts, fraud, judicial misconduct, fraud on the court, and civil conspiracy on the part of numerous professionals involved in the legal process. Specifically, Mr. Guertin has asserted the delusional belief that prior evaluators have provided the court with "blatant lies and deceptive reports." Based upon his communications and review of available records, it appears that Mr. Guertin has declined to participate in evaluation due to ongoing symptoms of mental illness. "

*(see Index 116, Exhibit C, p. 4)*

Add. 96

Exhibit B | p. 5

" While Mr. Guertin has generally cooperated with case management when under a stayed order of commitment and has worked with a therapist, there is no evidence that he has ever received psychiatric treatment aimed at targeting symptoms of psychosis. Given his perspective on his situation, he is apt to be unwilling to participate in such treatment voluntarily. "

" Without compelled psychiatric treatment specifically aimed at targeting symptoms of psychosis, the defendant's prognosis for attaining the capacity for competent participation in the legal process appears poor. "

(*see Index 116, Exhibit C, p. 4*)

# Feb 13, 2025 | Discovery Fraud Flipbook

- In order to properly view the fraudulent discovery images **make sure you set your PDF viewing software 'non-scrolling' mode so that that you are automatically 'flipping' to each new page** when you use your mouse scroll wheel or keyboard arrow keys

- The 'original' images are from the August 3, 2023 discovery photos that Michael Biglow sent to Guertin via email - this means that a digital chain of custody is established via email records. (*see Index 29, pp. 10-13*)

- The images with the long file name included are the most recent discovery photos provided to Guertin on Feb 13, 2025 by his defense counsel, and originate directly from the Hennepin County 4th Judicial District Court through their web-based file sharing system they have setup with the Hennepin County Public Defenders Office – this means that these discovery images are 'official' as there is a digital chain of custody, and they are digitally stored within this same system. (*see 'Exhibit D' of this document*)

**All source material is available for examination in this shared folder:**

https://link.storjshare.io/s/jvpojfmwcgoq7gxz2pcjbat7fxsa/court-fraud

<div align="right">

Add. 98

Exhibit C | p. 1

</div>

## RE: [External] Re: Upcoming Court Dates and Appointment

---

From    Raissa Carpenter <Raissa.Carpenter@hennepin.us>

To      mattguertin<MattGuertin@protonmail.com>

CC      Emmett M Donnelly<Emmett.Donnelly@hennepin.us>,
        matthew.guertin.81<matthew.guertin.81@gmail.com>

Date    Tuesday, February 10th, 2025 at 6:20 PM

---

Mr. Guertin,

You told us that your prior attorney gave you discovery.

You have also told us that some of the discovery you received is fraudulent.

We have a meeting scheduled for this Thursday, February 13th, at 2:00 p.m. so that we can show you the discovery we received on our system. You can have copies of everything that we are legally allowed to provide you with. However, before we make copies of anything, I want to show you our system and the discovery we received as we have it so you can see exactly how we have it.

I am concerned that if files get download and shrunken, that will distort them and cause you to worry that things were manipulated in a deceiving manner. We sometimes have shrink files or change file names to copy them. I want you to see what we have first, and explain to you how we receive and store discovery, then you can let us know what you want copied and how.

We will go over everything on Thursday when you come meet with us at the office.


Sincerely,

Raissa R. Carpenter (she/her)

Assistant Public Defender - Office of the Hennepin County Public Defender

Location: 701 4th Avenue South, Suite 1400, Minneapolis, MN 55415

Contact: 612-348-9676    raissa.carpenter@hennepin.us

## JoAnne Van Guilder shared the folder "Photos" with you

From    JoAnne Van Guilder <JoAnne.VanGuilder@hennepin.us>

To      mattguertin<MattGuertin@protonmail.com>

Date    Thursday, February 13th, 2025 at 3:33 PM



JoAnne Van Guilder shared a folder with you

Discovery Photos

📁 Photos

This link only works for the direct recipients of this message.

Open

HENNEPIN COUNTY

This email is generated through Hennepin County's use of Microsoft 365 and may contain content that is controlled by Hennepin County.

Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

OneDrive









Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

HENNEPIN COUNTY OneDrive Search ? mattguertin@prot... M

Share Copy link Download Export to Excel Sort Details

JoAnne Van Guilder > CASE FILES > Photos > PHOTOS(E86D4D48)

| Name ↑ | Modified | Modified By | File size | Sharing | Activity |
|---|---|---|---|---|---|
| 23000258_ggilbertson_01212023133318CST_photo_01_J4R.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.68 MB | Shared | |
| 23000258_ggilbertson_01212023133318CST_photo_02_C9O.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.73 MB | Shared | |
| 23000258_ggilbertson_01212023133323CST_photo_03_tnG.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.42 MB | Shared | |
| 23000258_ggilbertson_01212023133329CST_photo_04_Quy.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.26 MB | Shared | |
| 23000258_ggilbertson_01212023133337CST_photo_05_ITS.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.10 MB | Shared | |
| 23000258_ggilbertson_01212023133405CST_photo_06_YCF.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.19 MB | Shared | |
| 23000258_ggilbertson_01212023133542CST_photo_07_O49.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.05 MB | Shared | |
| 23000258_ggilbertson_01212023133550CST_photo_08_e1z.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.46 MB | Shared | |
| 23000258_ggilbertson_01212023134408CST_photo_09_DE6.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.23 MB | Shared | |
| 23000258_ggilbertson_01212023134419CST_photo_10_WCe.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.93 MB | Shared | |
| 23000258_ggilbertson_01212023134423CST_photo_11_jH0.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.09 MB | Shared | |
| 23000258_ggilbertson_01212023135647CST_photo_12_UhN.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.78 MB | Shared | |
| 23000258_ggilbertson_01212023135658CST_photo_13_3Sl.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.12 MB | Shared | |
| 23000258_ggilbertson_01212023135705CST_photo_14_Bbo.jpeg | February 3, 2023 | JoAnne Van Guilder | 3.33 MB | Shared | |
| 23000258_ggilbertson_01212023135709CST_photo_15_t4w.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.22 MB | Shared | |
| 23000258_ggilbertson_01212023135730CST_photo_16_rQ2.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.02 MB | Shared | |
| 23000258_ggilbertson_01212023135734CST_photo_17_r7d.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.74 MB | Shared | |
| 23000258_ggilbertson_01212023135740CST_photo_18_Uic.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.06 MB | Shared | |
| 23000258_ggilbertson_01212023135746CST_photo_19_PPY.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.88 MB | Shared | |
| 23000258_ggilbertson_01212023135751CST_photo_20_8zc.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.37 MB | Shared | |
| 23000258_ggilbertson_01212023135800CST_photo_21_BYe.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.27 MB | Shared | |

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

HENNEPIN COUNTY OneDrive Search ? mattguertin@prot... M

Share Copy link Download Export to Excel Sort Details

JoAnne Van Guilder > CASE FILES > Photos > **PHOTOS(E86D4D48)**

| Name ↑ | Modified | Modified By | File size | Sharing | Activity |
|---|---|---|---|---|---|
| 23000258_ggilbertson_01212023135804CST_photo_22_IOg.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.06 MB | Shared | |
| 23000258_ggilbertson_01212023135808CST_photo_23_Cvq.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.93 MB | Shared | |
| 23000258_ggilbertson_01212023135815CST_photo_24_vRY.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.33 MB | Shared | |
| 23000258_ggilbertson_01212023135819CST_photo_25_thA.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.96 MB | Shared | |
| 23000258_ggilbertson_01212023135828CST_photo_26_hsw.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.17 MB | Shared | |
| 23000258_ggilbertson_01212023135833CST_photo_27_950.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.26 MB | Shared | |
| 23000258_ggilbertson_01212023135843CST_photo_28_yqt.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.80 MB | Shared | |
| 23000258_ggilbertson_01212023135854CST_photo_29_IXX.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.85 MB | Shared | |
| 23000258_ggilbertson_01212023135904CST_photo_30_AaB.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.23 MB | Shared | |
| 23000258_ggilbertson_01212023135909CST_photo_31_wUj.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.18 MB | Shared | |
| 23000258_ggilbertson_01212023135921CST_photo_32_oji.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.19 MB | Shared | |
| 23000258_ggilbertson_01212023135930CST_photo_33_LLa.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.16 MB | Shared | |
| 23000258_ggilbertson_01212023140028CST_photo_34_95E.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.21 MB | Shared | |
| 23000258_ggilbertson_01212023140032CST_photo_35_i8L.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.45 MB | Shared | |
| 23000258_ggilbertson_01212023140046CST_photo_36_wub.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.85 MB | Shared | |
| 23000258_ggilbertson_01212023140207CST_photo_37_17A.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.19 MB | Shared | |
| 23000258_ggilbertson_01212023140214CST_photo_38_OT9.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.78 MB | Shared | |
| 23000258_ggilbertson_01212023140234CST_photo_39_giA.jpeg | February 3, 2023 | JoAnne Van Guilder | 3.22 MB | Shared | |
| 23000258_ggilbertson_01212023140246CST_photo_40_Dmr.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.38 MB | Shared | |
| 23000258_ggilbertson_01212023140313CST_photo_41_edU.jpeg | February 3, 2023 | JoAnne Van Guilder | 4.15 MB | Shared | |
| 23000258_ggilbertson_01212023140331CST_photo_42_5Hn.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.13 MB | Shared | |

MINNESOTA JUDICIAL BRANCH

HENNEPIN COUNTY    OneDrive    🔍 Search    ?    mattguertin@prot...    M

⬆ Share    🔗 Copy link    ⬇ Download    ⊞ Export to Excel    ⬇ Sort ⌄    ☰ ⌄    ▤ Details

JoAnne Van Guilder  >  CASE FILES  >  Photos  >  PHOTOS(E86D4D48) 👥

| 🗋 | Name ↑ ⌄ | Modified ⓘ ⌄ | Modified By ⌄ | File size ⌄ | Sharing ⌄ | Activity |
|---|---|---|---|---|---|---|
| 🖼 | 23000258_ggilbertson_01212023140353CST_photo_43_bqK.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.98 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140358CST_photo_44_zO9.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.53 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140404CST_photo_45_5PD.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.91 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140412CST_photo_46_PtB.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.93 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140426CST_photo_47_km5.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.32 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140435CST_photo_48_ODI.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.97 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140442CST_photo_49_O2H.jpeg | February 3, 2023 | JoAnne Van Guilder | 4.81 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140450CST_photo_50_7rT.jpeg | February 3, 2023 | JoAnne Van Guilder | 4.86 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140507CST_photo_51_LP9.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.09 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140520CST_photo_52_Pwz.jpeg | February 3, 2023 | JoAnne Van Guilder | 3.11 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140623CST_photo_53_rc1.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.92 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140649CST_photo_54_TfE.jpeg | February 3, 2023 | JoAnne Van Guilder | 3.54 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140704CST_photo_55_pWF.jpeg | February 3, 2023 | JoAnne Van Guilder | 4.46 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140711CST_photo_56_RYA.jpeg | February 3, 2023 | JoAnne Van Guilder | 3.41 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140724CST_photo_57_rbp.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.68 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140735CST_photo_58_JsU.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.08 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023140947CST_photo_59_ntd.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.13 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023144600CST_photo_60_PBS.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.00 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023144848CST_photo_61_5C4.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.91 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023144853CST_photo_62_dYh.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.62 MB | 👥 Shared | |
| 🖼 | 23000258_ggilbertson_01212023145120CST_photo_63_BV2.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.75 MB | 👥 Shared | |

Add. 105

Exhibit D | p. 7





HENNEPIN COUNTY OneDrive Search ? mattguertin@prot... M

Share Copy link Download Export to Excel Sort Details

JoAnne Van Guilder > CASE FILES > Photos > **PHOTOS(E86D4D48)**

| Name ↑ | Modified | Modified By | File size | Sharing | Activity |
|---|---|---|---|---|---|
| 23000258_ggilbertson_01212023145233CST_photo_64_toF.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.20 MB | Shared | |
| 23000258_ggilbertson_01212023145312CST_photo_65_zH5.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.80 MB | Shared | |
| 23000258_ggilbertson_01212023155428CST_photo_66_6PN.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.27 MB | Shared | |
| 23000258_ggilbertson_01212023155433CST_photo_67_DOn.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.62 MB | Shared | |
| 23000258_ggilbertson_01212023155442CST_photo_68_xBh.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.90 MB | Shared | |
| 23000258_ggilbertson_01212023155446CST_photo_69_Zn0.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.15 MB | Shared | |
| 23000258_ggilbertson_01212023155454CST_photo_70_PA5.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.01 MB | Shared | |
| 23000258_ggilbertson_01212023155458CST_photo_71_m4H.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.70 MB | Shared | |
| 23000258_ggilbertson_01212023155500CST_photo_72_2w4.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.28 MB | Shared | |
| 23000258_ggilbertson_01212023155504CST_photo_73_i1t.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.10 MB | Shared | |
| 23000258_ggilbertson_01212023155509CST_photo_74_rXT.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.74 MB | Shared | |
| 23000258_ggilbertson_01212023155512CST_photo_75_sae.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.13 MB | Shared | |
| 23000258_ggilbertson_01212023155517CST_photo_76_wnS.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.98 MB | Shared | |
| 23000258_ggilbertson_01212023155520CST_photo_77_58v.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.26 MB | Shared | |
| 23000258_ggilbertson_01212023155523CST_photo_78_aqW.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.63 MB | Shared | |
| 23000258_ggilbertson_01212023155526CST_photo_79_322.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.11 MB | Shared | |
| 23000258_ggilbertson_01212023155527CST_photo_80_Vch.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.18 MB | Shared | |
| 23000258_ggilbertson_01212023155531CST_photo_81_KWB.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.89 MB | Shared | |
| 23000258_sjohnson_01212023145320CST_photo_01_HSn.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.41 MB | Shared | |
| 23000258_sjohnson_01212023145537CST_photo_02_JXF.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.27 MB | Shared | |
| 23000258_sjohnson_01212023145902CST_photo_03_1Kr.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.53 MB | Shared | |

MINNESOTA JUDICIAL BRANCH

HENNEPIN COUNTY OneDrive Search ? mattguertin@prot... M

Share Copy link Download Export to Excel Sort Details

JoAnne Van Guilder > CASE FILES > Photos > PHOTOS(E86D4D48)

| Name ↑ | Modified | Modified By | File size | Sharing | Activity |
|---|---|---|---|---|---|
| 23000258_sjohnson_01212023145902CST_photo_03_1Kr.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.53 MB | Shared | |
| 23000258_sjohnson_01212023151215CST_photo_04_Pom.jpeg | February 3, 2023 | JoAnne Van Guilder | 4.12 MB | Shared | |
| 23000258_sjohnson_01212023155221CST_photo_05_oob.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.36 MB | Shared | |
| 23000258_sjohnson_01242023094111CST_photo_06_HG0.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.29 MB | Shared | |
| 23000258_sjohnson_01242023094118CST_photo_07_jWe.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.85 MB | Shared | |
| 23000258_sjohnson_01242023094129CST_photo_08_tmD.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.41 MB | Shared | |
| 23000258_sjohnson_01242023094143CST_photo_09_psT.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.79 MB | Shared | |
| 23000258_sjohnson_01242023094148CST_photo_10_Tb7.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.55 MB | Shared | |
| 23000258_sjohnson_01242023094435CST_photo_11_XMo.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.74 MB | Shared | |
| 23000258_sjohnson_01242023094441CST_photo_12_SbP.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.92 MB | Shared | |
| 23000258_sjohnson_01242023094447CST_photo_13_XAX.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.87 MB | Shared | |
| 23000258_sjohnson_01242023094459CST_photo_14_Kv8.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.82 MB | Shared | |
| 23000258_sjohnson_01242023094636CST_photo_15_tWG.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.73 MB | Shared | |
| 23000258_sjohnson_01242023094640CST_photo_16_5gm.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.43 MB | Shared | |
| 23000258_sjohnson_01242023094646CST_photo_17_DWl.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.30 MB | Shared | |
| 23000258_sjohnson_01242023094650CST_photo_18_Jza.jpeg | February 3, 2023 | JoAnne Van Guilder | 1.49 MB | Shared | |
| 23000258_skerwin_01212023160953CST_photo_01_OBt.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.60 MB | Shared | |
| 23000258_skerwin_01212023160953CST_photo_02_cEW.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.81 MB | Shared | |
| 23000258_skerwin_01212023160953CST_photo_03_nnH.jpeg | February 3, 2023 | JoAnne Van Guilder | 3.10 MB | Shared | |
| 23000258_skerwin_01212023161013CST_photo_04_xAw.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.76 MB | Shared | |
| 23000258_skerwin_01212023161538CST_photo_05_uyp.jpeg | February 3, 2023 | JoAnne Van Guilder | 2.55 MB | Shared | |

MINNESOTA JUDICIAL BRANCH





Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

HENNEPIN COUNTY OneDrive Search ? mattguertin@prot... M

Share Copy link Download Export to Excel Sort Details

JoAnne Van Guilder > CASE FILES > Photos > 23-0098 Working Copies(79DB9B) > **23-0098 Request 0001 Item 0012 Images**

| Name ↑ | Modified | Modified By | File size | Sharing | Activity |
|---|---|---|---|---|---|
| 23-0098_0012_520-TRS_DSC_0001.JPG | January 21, 2023 | JoAnne Van Guilder | 2.13 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0002.JPG | January 21, 2023 | JoAnne Van Guilder | 2.30 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0003.JPG | January 21, 2023 | JoAnne Van Guilder | 2.24 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0004.JPG | January 21, 2023 | JoAnne Van Guilder | 2.71 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0005.JPG | January 21, 2023 | JoAnne Van Guilder | 2.40 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0006.JPG | January 21, 2023 | JoAnne Van Guilder | 3.12 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0007.JPG | January 21, 2023 | JoAnne Van Guilder | 2.60 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0008.JPG | January 21, 2023 | JoAnne Van Guilder | 2.80 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0009.JPG | January 21, 2023 | JoAnne Van Guilder | 2.86 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0010.JPG | January 21, 2023 | JoAnne Van Guilder | 2.96 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0011.JPG | January 21, 2023 | JoAnne Van Guilder | 2.75 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0012.JPG | January 21, 2023 | JoAnne Van Guilder | 2.36 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0013.JPG | January 21, 2023 | JoAnne Van Guilder | 1.86 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0014.JPG | January 21, 2023 | JoAnne Van Guilder | 2.20 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0015.JPG | January 21, 2023 | JoAnne Van Guilder | 1.99 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0016.JPG | January 21, 2023 | JoAnne Van Guilder | 2.07 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0017.JPG | January 21, 2023 | JoAnne Van Guilder | 2.17 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0018.JPG | January 21, 2023 | JoAnne Van Guilder | 1.93 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0019.JPG | January 21, 2023 | JoAnne Van Guilder | 1.82 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0020.JPG | January 21, 2023 | JoAnne Van Guilder | 2.06 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0021.JPG | January 21, 2023 | JoAnne Van Guilder | 1.99 MB | Shared | |

MINNESOTA JUDICIAL BRANCH

HENNEPIN COUNTY OneDrive Search ? mattguertin@prot... M

Share Copy link Download Export to Excel Sort Details

JoAnne Van Guilder > CASE FILES > Photos > 23-0098 Working Copies(79DB9B) > **23-0098 Request 0001 Item 0012 Images**

| Name ↑ | Modified | Modified By | File size | Sharing | Activity |
|---|---|---|---|---|---|
| 23-0098_0012_520-TRS_DSC_0498.JPG | January 21, 2023 | JoAnne Van Guilder | 2.46 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0499.JPG | January 21, 2023 | JoAnne Van Guilder | 3.48 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0500.JPG | January 21, 2023 | JoAnne Van Guilder | 2.97 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0501.JPG | January 21, 2023 | JoAnne Van Guilder | 1.73 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0502.JPG | January 21, 2023 | JoAnne Van Guilder | 2.54 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0503.JPG | January 21, 2023 | JoAnne Van Guilder | 2.74 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0504.JPG | January 21, 2023 | JoAnne Van Guilder | 2.57 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0505.JPG | January 21, 2023 | JoAnne Van Guilder | 2.09 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0506.JPG | January 21, 2023 | JoAnne Van Guilder | 2.09 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0507.JPG | January 21, 2023 | JoAnne Van Guilder | 2.42 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0508.JPG | January 21, 2023 | JoAnne Van Guilder | 2.03 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0509.JPG | January 21, 2023 | JoAnne Van Guilder | 2.15 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0510.JPG | January 21, 2023 | JoAnne Van Guilder | 2.67 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0511.JPG | January 21, 2023 | JoAnne Van Guilder | 2.50 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0512.JPG | January 21, 2023 | JoAnne Van Guilder | 2.82 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0513.JPG | January 21, 2023 | JoAnne Van Guilder | 2.72 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0514.JPG | January 21, 2023 | JoAnne Van Guilder | 2.49 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0515.JPG | January 21, 2023 | JoAnne Van Guilder | 1.68 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0516.JPG | January 21, 2023 | JoAnne Van Guilder | 1.46 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0517.JPG | January 21, 2023 | JoAnne Van Guilder | 1.62 MB | Shared | |
| 23-0098_0012_520-TRS_DSC_0518.JPG | January 21, 2023 | JoAnne Van Guilder | 3.64 MB | Shared | |

MINNESOTA JUDICIAL BRANCH

# My Discovery Fraud Analysis is Complete | URGENT Action is Required

| | |
|---|---|
| From | mattguertin <MattGuertin@protonmail.com> |
| To | Raissa Carpenter<Raissa.Carpenter@hennepin.us> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Thursday, February 20th, 2025 at 5:09 PM |

Raissa and Emmett,

I have completed the analysis of the fraudulent discovery materials, and I am now presenting my findings for your review. Below are the links to the relevant files, which include the detailed forensic examinations and associated discovery materials:

## Discovery Fraud Presentation PDFs:
- **Main presentation of the fraud, split into three parts -**

  https://link.storjshare.io/s/xxxxxxxxxxxxxxxxxxxxxxxx/defense-counsel/discovery-fraud/
  - ◦ '00__Discovery-Fraud__Brief-Introduction-of-Facts.pdf'
  - ◦ '01__Discovery-Fraud__Forensic--Analysis-of-5-Images.pdf'
  - ◦ '02__Discovery-Fraud__Forensic--Analysis-of-1-Image.pdf'

## Fraudulent Discovery Images (20 images examined, 40 total):
- **Folder with the 20 fraudulent images for your reference -**

  https://link.storjshare.io/s/xxxxxxxxxxxxxxxxxxxxxxxx/defense-counsel/20%20Fraudulent-Images/
  - ◦ These images represent a matching pair from both the Aug 3, 2023, discovery and the current Feb 13, 2025, set.

## Key Documents Pertaining to Discovery Fraud:
- **Folder with key discovery documents -**

  https://link.storjshare.io/s/xxxxxxxxxxxxxxxxxxxxxxxx/defense-counsel/Key-Discovery-Docs/
  - ◦ '23-815 Guertin - photos of exterior, interior, person 1.21.pdf'   -

Exhibit E | p. 1

(Aug 3, 2023, set)
- '29__Pro-Se-Defendants-Motion-to-Compel-Discovery-and-Affidavit-of-Fact__2024-04-04.pdf'  -  (April 4, 2024, Motion to Compel)
- '74__EXHIBIT-Y__The-Catch-22__DISCOVERY-FRAUD.pdf'  -  (Catch-22 explanation regarding discovery fraud)

## Key Points of Urgency:

1. **Competency Hearing:**
   As we approach the competency hearing, it may be necessary to file for a continuance to ensure we have ample time to discuss and address these critical findings in person. The scale of what I've uncovered requires careful consideration, and this could potentially alter the course of the hearing itself.

2. **Discovery Video:**
   Please ensure I receive all available discovery video recordings related to my case. As mentioned, I understand that police body cam footage must be viewed in person due to specific limitations. However, I would appreciate having access to everything else that's available, so we can continue our preparation without delay.

3. **Reviewing the PDF Forensic Analysis Reports:  <~~~~~ ( very important... )**
   The three forensic analysis PDFs I've prepared should be reviewed with the appropriate settings in your PDF viewer. Please make sure the scroll feature is disabled so that the pages 'flip' automatically as you use the keyboard or mouse. This is how I have structured the reports, and it makes the fraudulent alterations much easier to identify in real-time. The visual presentation of the fraud, particularly in the third PDF, is designed as a flipbook—allowing for rapid understanding and clarity.

4. **Impact of the Discovery Fraud on My Case:**
   The forensic analysis I've conducted shows clear evidence of manipulation, starting from the discovery provided on August 3, 2023. This evidence was not only used in the initial psychological evaluation that led to my civil commitment but also in subsequent Rule 20 competency evaluations. I've been labeled as delusional and psychotic for asserting that discovery materials were fraudulent, and there's been a continuous attempt throughout my Hennepin County Mental Health 'adventure' to use my insistence on this issue as evidence to justify forced treatment with powerful antipsychotic drugs.

5. **A Critical Moment of Truth:**
   I've always maintained that there were external forces influencing the course of my case.

With the discovery fraud now irrefutably confirmed, the next steps are crucial. This isn't just about me proving my competency—it's about rectifying a deeply entrenched manipulation. I'm at the point where I no longer have any confidence that those involved have acted in good faith. Whether you actively assist me in highlighting this to the court or not, I will be making this known. The fraudulent discovery materials are now undeniable evidence of systemic misconduct, and I am prepared to expose the truth, even if it requires taking dramatic steps. This is a 'moment of truth' for everyone involved in my defense team.

6. **Request for Immediate Discussion:**
   Given the urgency of this situation, I recommend that we schedule another in-person meeting to discuss the next steps, including how best to move forward with filing motions, potentially seeking a continuance, and revisiting the competency evaluation process. The longer we delay in addressing these significant concerns, the more damaging this oversight becomes.

Please let me know your thoughts and how we can best proceed.

Time is of the essence, and the implications for my constitutional rights, as well as the integrity of the judicial process, are far-reaching.

(I am going to immediately follow-up this email by forwarding the August 3, 2023 discovery photographs directly from the originating source for the purpose of ensuring that an authentic chain of digital custody is maintained.)

Thank you for your time and support,

Sincerely,

Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.
Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540

Add. 112

Exhibit E | p. 3

## Fw: Photos

| From | mattguertin <MattGuertin@protonmail.com> |
|------|------|
| To | Raissa Carpenter<Raissa.Carpenter@hennepin.us> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Thursday, February 20th, 2025 at 5:11 PM |

Here is the August 3rd, 2023 discovery set as forwarded to you directly from the source.

~Matt

Sent with Proton Mail secure email.

------- Forwarded Message -------
From: Michael Biglow <michael@biglowlaw.com>
Date: On Thursday, August 3rd, 2023 at 3:19 PM
Subject: Photos
To: MattGuertin@protonmail.com <MattGuertin@protonmail.com>
CC: Michael Biglow <Michael@biglowlaw.com>

> Hi Matt,
> Here are the photos.
> Mike
>
> --
> Michael J. Biglow, Esq
> Attorney at Law
> Biglow Law Offices
> 895 Tri Tech Office Center
> 331 Second Ave South
> Minneapolis, MN 55401
> Direct: 612-238-4782
> Fax: 612-333-3201
> **Please note NEW email address: michael@biglowlaw.com**
>
> *This message and any attachments are intended only for the named recipient(s), and may*
> *contain information that is confidential, privileged, attorney work product, or exempt or*

*protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the email address or the telephone number included herein and delete this message and any of its attachments from your computer and/or network. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege, protection, or doctrine. Thank you.*

**This message and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521**

---

**20.06 MB**    1 file attached

23-815 Guertin - photos of exterior, interior, person 1.21.pdf   20.06 MB

Exhibit E | p. 5

Filed in District Court
State of Minnesota
2/28/2025 4:36 PM

## Matt Guertin / 27-CR-23-1886 / Additional Discovery Request

From     mattguertin <MattGuertin@protonmail.com>

To       JoAnne.VanGuilder@hennepin.us

CC       Raissa Carpenter<Raissa.Carpenter@hennepin.us>,
         Emmett M Donnelly<Emmett.Donnelly@hennepin.us>

Date     Monday, February 24th, 2025 at 8:33 AM

JoAnne,

Good morning,

I am wondering if you would be able to please share me on all of the video content that is stored in my discovery file?

Per our meeting, I am aware of body-cam footage not being included, but if you were able to provide me a share link for everything else besides that it would be much appreciated.

Thank you very much,


Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.
Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540


Sent with Proton Mail secure email.

**Guertin also called his defense counsel, Raissa Carpenter on Tuesday, Feb 25, 2025 and left a voicemail regarding the fraudulent discovery materials as well as his upcoming hearing.**





Exhibit E | p. 7

1

```
 1   STATE OF MINNESOTA                  IN DISTRICT COURT
 2   COUNTY OF HENNEPIN            FOURTH JUDICIAL DISTRICT
 3   ---------------------------------------------------------
 4   State of Minnesota,
 5
 6                   Plaintiff,          HEARING
 7          vs.                   FILE NO. 27-CR-23-1886
 8
 9   Matthew David Guertin,
10                   Defendant.
11   ---------------------------------------------------------
12           The above-entitled matter came on for hearing
13   before the Honorable William H. Koch, Judge of District
14   Court, on March 5, 2024, at the Hennepin County Government
15   Center, Minneapolis, Minnesota.
16
17                       APPEARANCES
18
19           MAWERDI HAMID, Attorney at Law,
20   appeared on behalf of the Plaintiff.
21
22           EMMETT DONNELLY and RAISSA CARPENTER,
23   Attorneys at Law, appeared on behalf of the Defendant, who
24   was personally present.
25
```

Add. 117

2

1        (WHEREUPON, the proceedings were duly had:)

2        THE COURT:  This is the matter of State of

3    Minnesota versus Matthew David Guertin, Case Number

4    27-CR-23-1886.  This is a four-count criminal

5    complaint regarding firearms.  We're here today on a

6    contested competency matter.

7        If I could please have counsel note your

8    appearances starting with the State.

9        MS. HAMID:  Good morning, Mawerdi Hamid, last

10   name H-A-M-I-D, for the State.

11       MR. DONNELLY:  Your Honor, Emmett Donnelly and

12   Raissa Carpenter on behalf of Mr. Guertin who is

13   present and seated between us.

14       THE COURT:  All right.  Good morning everyone.

15       This case has had a history.  We -- I would note

16   that there have been two earlier findings of

17   incompetence in the case back on July 13th of '23 and

18   January 17th of 2024.  There's been kind of an

19   approach by Mr. Guertin to the Court of Appeals to

20   review whether or not he could discharge his former

21   counsel, and the Court of Appeals denied that request

22   and did not look at a number of matters that were

23   submitted by Mr. Guertin just as not being necessary

24   for that.

25       I saw you back in July of 2024, sir, and then in

Add. 118

3

1    October we allowed Bruce Rivers to be discharged and

2    we appointed the public defenders to work with you.

3    Since that time one of my colleagues did order a new

4    Rule 20.01 Evaluation and Dr. Cranbrook, who is here,

5    had attempted to do that.  I know there was some

6    federal litigation that kind of had several people

7    have to kind of recuse from working on this case.

8        The matter is still in the stayed status as far

9    as the criminal matter.  That case is being moved from

10   Judge Quam to Judge Hudleston because Judge Quam is

11   retiring, but we still handle the competency matters

12   here in probate mental health court and that's why I

13   have the case.

14       We do have a report from Dr. Cranbrook on

15   December 20th indicating that she had attempted

16   several times to set up an interview with you for this

17   most recent evaluation, and that while you reached out

18   to Ms. Carpenter you did not reach out and set up an

19   interview.  Nonetheless, Dr. Cranbrook did submit her

20   report on December 20th.  In response to that Ms.

21   Carpenter said that she wanted to have a hearing on

22   that.

23       I'd like to just have a better understanding of

24   what it is that the defense is challenging because the

25   report was --

Add. 119

4

 1          MR. DONNELLY:  I could speak to that, Judge.

 2          THE COURT:  Okay.  Mr. Donnelly.

 3          MR. DONNELLY:  So we are not -- I think the

 4    present state of the law is that given the

 5    incompetency opinion that it would be Mr. Guertin's

 6    burden to show that he is competent.  Our contest here

 7    is not what's in her report, it's what's not in it.

 8    We do not have questions really for Dr. Cranbrook and

 9    so I believe, I mean, I think it's our burden of proof

10    so technically I think we should be offering first.

11          THE COURT:  Right.

12          MR. DONNELLY:  We don't intend to call her and

13    don't intend to have any cross-examination questions

14    and would not object to -- if her report was submitted

15    wouldn't object to the hearsay element to that.

16          So our basic position, Mr. Guertin's basic

17    position is that he is competent because he can assist

18    in his defense, because he has reviewed, after kind of

19    a long, hard-fought effort to get the discovery in his

20    case, he's been able to review that and show that

21    there is false evidence that has been used in his

22    case, and particularly with respect to the assertion

23    that he is incompetent and that he participate -- he

24    understands by his ability to go through the evidence

25    and point out what has been doctored and what is false

Add. 120

5

1    that he does have the ability to consult with counsel

2    and understand the nature of the proceedings against

3    him.

4         He would offer to the Court minimally that there

5    are photographs that have been doctored, that he can

6    show that, and that they are using this basically

7    false claims of evidence against him.  So that's the

8    summation of our position.

9         THE COURT:  Okay.  I'm going to ask for more

10   clarification.

11        MR. DONNELLY:  Um-hum.

12        THE COURT:  We have a number of submissions that

13   Mr. Guertin, your client, submitted to the Court in

14   anticipation of this motion just like he did before

15   the Court of Appeals and everything else, we're

16   talking hundreds of pages.  And they're filed as being

17   pro se, but Mr. Guertin is not pro se, he's

18   represented by counsel.  So I don't know if counsel

19   was aware of those filings and said we're not filing

20   that and then he filed them on his own, or if you're

21   adopting those and saying you want them considered by

22   the Court.  That's kind of one issue.

23        Another issue, obviously, is while the

24   incompetency findings are still out there, the

25   criminal matter is stayed so there's, you know,

Add. 121

6

1     there's nothing to be filed or be heard with that.

2          Any insight you can share on --

3          MR. DONNELLY:  Well, Your Honor --

4          THE COURT:  -- the submissions?

5          MR. DONNELLY:  -- I think so.  Not a whole lot

6     of insight but maybe some.

7          Our -- The defense, I guess now at least two

8     defense attorneys have raised the competency question.

9     We do not intend to offer our own opinion today about

10    competence or incompetence, but you know from the

11    record and, of course, the proceedings that the

12    defense has raised that question.

13         THE COURT:  Sure.

14         MR. DONNELLY:  The present state of the law as

15    we understand it is that a person who is claimed to be

16    incompetent has a right to challenge that opinion and

17    that finding and have a contested hearing.  And it is

18    in that effort that I understand Mr. Guertin filed

19    those exhibits to discharge the defense burden to show

20    that he is, in fact, competent, that he understands

21    the nature of the proceedings against him, he

22    understands what evidence is and actually filed things

23    in court and, therefore, has exhibited an

24    understanding of what the court process is.

25         I think short of that I think Mr. Guertin would

Add. 122

7

1    have to address that, you know, specifically.  I don't

2    know that that's -- I don't know that counsel can --

3    can speak or testify to his competency or --

4         THE COURT:  Well, I understand that.  What

5    I'm -- what I'm trying to get it is are these -- We

6    have a number of filings here that are improper, they

7    weren't filed by you.

8         MR. DONNELLY:  Right.

9         THE COURT:  Okay?  So what do you think I should

10   do with regard to those?  Is it something that your

11   client is going to have to testify and introduce all

12   through testimony?  Do you basically say, Judge, we

13   ask you to consider that as being submitted on behalf

14   of our client whether it's us or our client.

15        Because quite frankly, Mr. Guertin, it's not the

16   way to do it.  You have counsel, they're very

17   experienced, they know what they're doing.  They're

18   representing you and they will zealously.  Trust me,

19   I've had both these attorneys in other cases and

20   they're very persistent.

21        I don't want you to get in the practice of just

22   filing things willy-nilly or filing things that are

23   not with your attorneys' blessing.  Frankly, it

24   undermines your claim that you're competent.  It's not

25   because the things are nonsensical, I mean, the

Add. 123

8

1    structure is there, the form -- it's very professional
2    looking.  I have not gone through the hundreds of
3    pages that we've gotten because I didn't know if your
4    attorneys would want me to consider it, but there's a
5    lot there.
6         And I know when this went up to the Court of
7    Appeals there was a lot there that you asked them to
8    take judicial notice of and everything.  This is not
9    something where there are three people, three counsel
10   on the defense side.  You have two and so whether it's
11   before me or whether it's before the criminal court I
12   just want you to work through your attorneys, that's
13   why they're there.
14        So, Mr. Donnelly, back to my original question,
15   do you think that these matters are properly before
16   the Court, these submissions?
17        MR. DONNELLY:  That's a tough question, Judge.
18        THE COURT:  I only ask tough questions.
19        MR. DONNELLY:  And this is -- these -- These
20   things are in a very difficult procedural posture
21   because the defendant is contesting his incompetency.
22        THE COURT:  Sure.
23        MR. DONNELLY:  And the defendant has a right to
24   do that.  And if the defendant were to disagree with
25   their lawyer it would seem that they would have a

Add. 124

9

1    right to have the judge consider the arguments and

2    evidence that they want them to consider.  We have not

3    filed those exhibits, and this is material that Mr.

4    Guertin believes shows his competence.

5         THE COURT:  Okay.

6         MR. DONNELLY:  And I don't know that we as his

7    counsel when an individual has a right to contest

8    their competency or incompetency can decide we're not

9    going to provide that to the judge.

10        THE COURT:  All right.  Well, let me hear

11   from --

12        MR. DONNELLY:  Thank you.

13        MS. HAMID:  -- Ms. Hamid.  Oh, I'm sorry,

14   anything else?

15        MR. DONNELLY:  No.

16        THE COURT:  If I could hear from the State, what

17   are your thoughts about whether or not the Court can

18   properly consider the various submissions of Mr.

19   Guertin in anticipation of this hearing?

20        MS. HAMID:  Your Honor, it's the State's motion

21   because defendant has been found to be incompetent in

22   the past and in the current finding by the evaluator,

23   it's the State's position that defendant may not be

24   able to take the stand and to testify as a witness

25   because of the Rules of Evidence 601.  He is not a

10

1    competent witness to testify, Your Honor, and to

2    provide this evidence and submit it into the court.

3    And for that reason it's the State's position that

4    these documents should not be considered or the

5    defendant not be allowed to testify in court.

6         THE COURT:  Do you have any case law to support

7    your assertion that someone in a competency

8    determination cannot testify?

9         MS. HAMID:  No, Your Honor, but I can -- I can

10   try to find it and supplement --

11        THE COURT:  Yeah, I don't think you're going to

12   find it, with all due respect.

13        MS. HAMID:  Okay, Your Honor.

14        THE COURT:  The -- Someone who's been opined

15   incompetent has a right to challenge that, and I

16   believe we have a duty to hear from that person.

17   Whether or not ultimately it's persuasive or not is a

18   separate issue, but I find it hard to believe that

19   there would be case law saying that, with no

20   disrespect to Dr. Cranbrook and her colleagues, but

21   just because a psychologist says that they believe

22   someone is incompetent that that somehow, and the

23   Court has ordered someone to be incompetent, they're

24   trying to return to competency and so they want to

25   demonstrate that.  So I think I have to be able to

Add. 126

11

1    hear from Mr. Guertin if he wishes to take the stand.

2        All right.  I don't want to get wrapped around

3    the axle on the documents, I'd like to get to the

4    substance and then I can look at the documents as may

5    be needed.

6        The defense has indicated they don't intend to

7    call Dr. Cranbrook, does the State intend to call

8    Dr. Cranbrook or can we release her?

9        MS. HAMID:  The State does not intend to, Your

10   Honor, the State just offers the report.

11       THE COURT:  Okay.  It sounds like both sides

12   agree that that can be received.

13       So, Dr. Cranbrook, thank you for being here but

14   so long.

15       All right.  Mr. Donnelly or Ms. Carpenter, how

16   would you like to proceed?

17       MR. DONNELLY:  Well, I think Mr. Guertin would

18   call Mr. Guertin.

19       THE COURT:  Okay.  With all due respect, he

20   doesn't call himself, you guys can call him --

21       MR. DONNELLY:  We'll call Mr. Guertin.

22       THE COURT:  Okay.  Like I said, there are two

23   attorneys, there aren't three.

24       MR. DONNELLY:  Well, just -- just so you know

25   that, and you probably remember, that he wanted to be

12

1    pro se and --

2        THE COURT:  Oh, I know.  I understand all that

3    and the law says he can't do that.

4        (WHEREUPON, a discussion was held off the

5    record.)

6        THE COURT:  We'll go back on the record.

7        MR. DONNELLY:  Judge, I think the premise of our

8    argument here is that Mr. Guertin has been able to

9    analyze certain pieces of evidence and determine that

10   it's false evidence and deceptive and some of that has

11   been used, and the part that he's highlighting have

12   been used in opining that he is incompetent.

13       THE COURT:  Okay.  We'll, we'll see where it

14   goes.  If he's offering expert testimony or something

15   regarding some expertise or something I'd like to know

16   more about that at the appropriate time.

17       Okay.  Sir, why don't you come on up and take

18   the stand please.  You can go ahead and have a seat,

19   sir.

20                MATTHEW DAVID GUERTIN,

21          having been first duly sworn,

22          testifies and swears as follows:

23       THE COURT:  Thank you, sir.

24       I'm going to turn the -- Who's doing the

25   questioning?

Add. 128

13

1          MR. DONNELLY:  I'll do it.

2          THE COURT:  Okay.  Mr. Donnelly, you may

3      proceed.

4                    EXAMINATION

5  BY MR. DONNELLY:

6  Q  All right.  So, Mr. Guertin, would you just start by

7      telling Judge Koch what your recollection of the

8      history, a brief history of the procedures that have

9      brought you here today that you're contesting.

10  A  A brief history of the procedures meaning?

11          THE COURT:  Well, maybe -- I mean, you've been

12      found incompetent and you believe that you are

13      competent?

14          THE WITNESS:  Yes, the -- What's brought me here

15      is three Rule 20 exams that have determined I'm

16      incompetent with the initial stayed over civil

17      commitment being completed on my behalf successfully,

18      and that hearing originally took place on August 1st

19      of 2023 and after which point on August 3rd of 2023 I

20      was emailed a PDF of 80 photographs from my

21      court-appointed attorney at the time Michael Biglow.

22          I never asked for these photographs so they

23      didn't get reviewed until a few months later at which

24      point I noticed discrepancies, and then filed my first

25      ever court motion in my life on January 5th of 2024

Add. 129

14

1    which was seeking discovery materials.  And that's

2    kind of been my consistent path and relentless pursuit

3    of the truth ever since.

4         And as a result the -- Dr. Michael Robertson who

5    conducted my civil commitment exam hearing on

6    August 1st over a Zoom hearing relied on those 80

7    photographs that were provided in the manipulated

8    discovery materials that I was given.  And then the

9    subsequent two Rule 20 exams not only also used my

10   claim of there being manipulated evidence as evidence

11   of my supposed mental health issues and a reason why I

12   needed to be placed on powerful antipsychotic drugs

13   against my will to make me competent, but also they --

14   there's false narratives being perpetuated in all

15   subsequent Rule 20 exams after the first one that

16   would include me being very candidly honest in the

17   first one and saying that I've used every drug in my

18   life besides heroin, and then in subsequent exams it

19   says basically that it makes me look like I have a

20   continuing and ongoing problem with every drug besides

21   heroin.

22        It says that I have a history of suicide and

23   self-harm in the subsequent reports which is

24   completely not true.  I've never been hospitalized for

25   suicide.  I've never attempted suicide.  So that's

Add. 130

15

1    blatantly untrue.

2         It says that I have a history of psychosis, and

3    that's untrue, there is no history of psychosis.

4    There's no documentation that they can provide, that

5    the prosecution can provide that proves that I do have

6    it because that's not true.

7         There was a letter submitted by my California

8    physician that I've been seeing, I've been on the same

9    prescription for ten years since 2016 and that my

10   California physician confirmed that there's no history

11   of psychosis, et cetera.  It says that I have a

12   history of mania, that's untrue.

13        THE COURT:  Who -- I'm sorry, who is the doctor

14   in California?

15        THE WITNESS:  Dr., I'm going to space on his

16   name now.  I'm spacing on his name.

17        THE COURT:  Okay.  I just -- I just -- You're

18   giving kind of a bit of a narrative here, which I

19   understand, but I just -- I want to make sure that if

20   you want to give detail that we get it and it's not

21   coming --

22        THE WITNESS:  Yeah, it's -- It's submitted in

23   one of the filings, and it was submitted also in the

24   civil commitment hearing as a single piece of evidence

25   that was passed along by Michael Biglow during the