A25-0882
**STATE OF MINNESOTA**
**IN COURT OF APPEALS**

| | |
|---|---|
| In re Matthew David Guertin, | District Court Case: 27-CR-23-1886 |
| Petitioner | Court Order Date: April 29, 2025 |
| v. | **ADDENDUM** |
| | **VOLUME VII of XVI** |
| | **ADD. 282 - ADD. 320** |
| State of Minnesota, | |
| Respondent. | Judge: Hon. Sarah Hudleston |

Contents                                                                 Page

**April 17, 2025 - Hearing Transcript on Status & Faretta Inquiry,**
Index 134……..………………………………………..…………………………… Add. 282-296

**April 21, 2025 - Exhibit A: E-mail Exchange with Defense Counsel
re Discovery Fraud & Self-Representation,** Index 133……...….……………… Add. 297-320

27-CR-23-1886

Filed in District Court
State of Minnesota
4/23/2025 2:09 PM

STATE OF MINNESOTA             DISTRICT COURT

COUNTY OF HENNEPIN          FOURTH JUDICIAL DISTRICT

_____

State of Minnesota,

     Plaintiff,            Transcript of Proceedings

vs.              Court File No. 27-CR-23-1886

Matthew David Guertin,

     Defendant.

_____

     The above-entitled matter came before the

Honorable Sarah Hudleston, one of the Judges of the above-named

court, in Courtroom 1055, Hennepin County Government Center, 300

South Sixth Street, Minneapolis, Minnesota, on the 17th day of

April, 2025, at 9:15 a.m.

1                    A P P E A R A N C E S

2           Mawerdi Hamid, Assistant Hennepin County Attorney,

3    appeared as counsel for and on behalf of the Plaintiff.

4           Raissa Carpenter and Emmett Donnelly, Assistant

5    Hennepin County Public Defenders, appeared as counsel for and

6    with the Defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                        Maya Funk
                                  Official Court Reporter
25                                 Minneapolis, Minnesota

Add. 283

1                    P R O C E E D I N G S

2              THE CLERK:  Your Honor, this is the State of

3     Minnesota vs. Matthew Guertin, Court File 27-CR-23-1886,

4     and we are on the record.

5              THE COURT:  Good morning, Mr. Guertin.

6              MR. GUERTIN:  Good morning.

7              THE COURT:  Good morning, counsel.  Note

8     appearances, please.

9              MS. HAMID:  Good morning.  Mawerdi Hamid for

10    the state.

11             MR. DONNELLY:  Your Honor, Emmett Donnelly and

12    Raissa Carpenter on behalf of Matthew Guertin.  Matthew

13    Guertin is present and seated between us.

14             THE COURT:  Okay.  So, this omnibus hearing had

15    been postponed several times based on the Rule 20.01

16    referral and evaluation report, and then that report was

17    contested, and I understand that Judge Koch ultimately

18    entered a finding recently of competence.

19             And so, counsel, from your perspective what is

20    the status of the case and what are you asking for today?

21    Ms. Carpenter or Mr. Donnelly?

22             MR. DONNELLY:  Sure, Your Honor.  Yes.  The

23    contested competency hearing was held in front of Judge

24    Koch.  He made a ruling.  That was a request, a demand

25    for a competency hearing that was made by Mr. Guertin.

1      And of course we as his counsel provided representation

2      during that hearing.  That doesn't mean that we concur

3      with the ruling.  But in any event, here we are.

4              In our conversations with Mr. Guertin, he has

5      filed various pro se motions including a motion to

6      dismiss.  And I believe that that motion to dismiss also

7      includes a demand for an evidentiary hearing.  And if it

8      wasn't specifically stated in there, I believe Mr.

9      Guertin's intent is at least to amend his motion to

10     include a demand for an evidentiary hearing.

11             Ms. Carpenter and I are his attorneys of

12     record.  We have not filed that motion.  We have not

13     adopted that motion.  But it is not -- we do not intend

14     to bring it up for a hearing, but it is not our role to

15     dispose of that motion either.

16             THE COURT:  Okay.  Well, Mr. Guertin, you have

17     counsel.  So, they handle the filings.  They handle the

18     motions.  We don't generally accept additional pro se

19     motions when someone is represented.  So, I think --

20     well, Ms. Hamid, what is your position on these motions?

21             MS. HAMID:  Your Honor, I'm agreeing with

22     defense counsel.  Defendant is represented.  He filed the

23     pro se motion.  It appears that the counsels are not

24     adopting or filing this motion on his behalf, and it's

25     not properly before the Court and should not be

Add. 285

1    addressed.

2           THE COURT: Okay. And I'm seeing here that

3    this was filed yesterday. It looks like it says,

4    "Motions to Dismiss all Charges with Prejudice" is the

5    caption, and then there are a number of sub-pieces to the

6    motion.

7           So, I'm not, Mr. Guertin, intending to address

8    those because you have counsel who are very well trained

9    in the law and very experienced, and they are going to

10   bring any meritorious motions they see, and they have

11   defended you and put forth your interests in this recent

12   competency proceeding. So, I know that they're very good

13   attorneys, and I'm going with what they're doing right

14   now.

15          MR. GUERTIN: It sounds like I'm still being

16   held incompetent and having people control my decisions

17   that I make even though my path forward that I would like

18   to take is in fact to have -- that's my legal strategy

19   that I would like to employ. So, technically I'm the one

20   that ultimately makes the decisions since if we want to

21   be technical based on a role, these are public defenders

22   who normally I have now for the fact that I was --

23   satisfied the criteria of not making enough money. But

24   normally they would be paid, and they would be hired by

25   me. And so technically, if you want to be technical,

Add. 286

1    they work for me, right?  There would be the same as

2    hiring an employee.  They are representing me and

3    representing my legal strategy that I would like to

4    employ.

5              The legal strategy that I would like to employ

6    at this time is to have a motion for a continuance right

7    now to give you a chance to look over that since I know

8    it was just filed yesterday at 3:15 p.m.

9              THE COURT:  Okay.

10             MR. GUERTIN:  That's the legal strategy that I

11   would like to employ and how I would like to move forward

12   with my legal case.

13             THE COURT:  Okay.  I understand that that is

14   the legal strategy you are seeking to employ.  Your

15   attorneys in addition to being your attorneys who work

16   with you, they are officers of the court.  They're sworn

17   to not make frivolous motions.  They are not allowed to

18   bring things to the Court that don't have a sound legal

19   basis.  And they are also sworn to be zealous advocates

20   for you on your behalf within the bounds of the law.  So,

21   I trust that they will do that, and I'm not going to

22   override the rules and look at something that you filed

23   even though I hear you saying that that's what you want

24   and that is your strategy.

25             So, with that, counsel, what do you see as the

Filed in District Court
State of Minnesota
4/23/2025 2:09 PM

7

1      next step here?

2              MR. DONNELLY:  Well, I think that Mr. Guertin's

3      going to make some decisions about how he intends to move

4      forward given the Court's ruling.  And he has some

5      choices to make.  One choice, of course, is who's

6      representing him.  And then beyond that, the scheduling

7      of the case whether that's to ask the Court for a

8      continuance, set a trial, or reach a negotiation with the

9      state.

10             THE COURT:  Okay.  Do you want -- I know you've

11     spoken with him.  At this point I'm expecting that we

12     would set a trial given the age of the case and then

13     certainly in the meantime, parties can negotiate, and if

14     they reach an agreement, we can strike the trial and I

15     can -- I'll get you in -- find a way anytime.  Does

16     anybody have a problem with that course?

17             MR. DONNELLY:  May we have a moment, Your

18     Honor?

19             THE COURT:  Certainly.  We'll give you some

20     white noise.

21             (Conversations were held off the record.)

22             MR. DONNELLY:  So, Mr. Guertin has advised

23     counsel that he would like to discharge the public

24     defender's office and proceed with self-representation.

25     Typically, there's a form petition that needs to be

Add. 288

1    filled out.  It doesn't always have to be, but it's more

2    a matter of how the Court wants to move forward with that

3    request.

4            THE COURT:  Yes.  Usually, Mr. Guertin, when

5    this happens, usually someone from the public defender's

6    office who is not your current attorney -- so Geoff

7    Isaacman or someone -- maybe Jessi Colbert would go over

8    the petition with you to make sure that you really

9    understand because it's a really big deal to not have an

10   attorney.

11           As I was describing, attorneys are trained with

12   three years of law school, so they know the rules.  If

13   you're by yourself representing yourself, you'd be held

14   to those same rules.  You'll have to know and follow

15   court procedure and criminal procedure and evidence rules

16   and things like that.  And so, having a lawyer is

17   exceedingly helpful in court.

18           Now, of course you do have the right to self-

19   represent, but because it is such a big, important choice

20   and it comes with so many consequences, normally what we

21   do is have you meet, as I said, with a senior person in

22   the public defender's office to go over that petition.

23   So, I would intend if that is your desire to essentially

24   continue this hearing and we would come back at a time

25   that worked for one of those people with you with that

Add. 289

1      petition filled out.

2            Ms. Carpenter or Mr. Donnelly, is that still

3      your understanding as well as how this works?

4            MR. DONNELLY:  I think that's fine, Your Honor.

5      It doesn't -- yes.  That's fine.  I don't think it has to

6      work that way, but we can do that.  It would make sense I

7      think to continue it for a brief period of time for him

8      to consult with another person in the office.

9            THE COURT:  Okay.

10           MR. DONNELLY:  That's fine.  I mean, I --

11           THE COURT:  Ms. Hamid, any issues with that?

12           MS. HAMID:  No, Your Honor.

13           THE COURT:  Okay.

14           MR. GUERTIN:  I would like to still -- like, I

15     understand either I have counsel or I don't.

16           THE COURT:  Yes.

17           MR. GUERTIN:  I understand that aspect of it,

18     but I would just -- to have an advisory role or like

19     standby counsel?

20           THE COURT:  That's something that is gone over

21     in the petition.

22           MR. GUERTIN:  Okay.

23           THE COURT:  Yeah.  You won't be able to have

24     standby counsel from the public defender's office, but

25     sometimes they are able to be advisory counsel, but it is

1    a very, very limited role.  It's -- they don't initiate

2    anything.  It's basically just to answer questions of

3    yours, legal questions.  And so, having an attorney to

4    advocate for you is hugely more advantageous.  It's just

5    a lot more ability to do things on your behalf and to do

6    the actual, you know, digging in work, the research, the

7    arguing.

8              So, again, all of that is just for background

9    for you.  I understand that you are going to consider

10   this, and you'll go over the advisory counsel and the

11   different options there when you do the petition.  But

12   that -- I'm not sure that standby counsel will be

13   available for you.  I can certainly see and inquire if

14   there's another way for me to do that other than the

15   public defender's office, but I just want to make sure

16   you know that that doesn't for sure mean you'll have that

17   option.

18             MR. GUERTIN:  Yeah.  All I would request in

19   that situation then is to be provided with the time to do

20   the necessary research that I would need to do to be able

21   to make sure that I'm fulfilling all of the procedural

22   requirements of that role.  And then my other question

23   would be how -- if I get a continuance and then -- my

24   question's just about how much time I have basically or

25   what sort of time is allotted.  And then B would be if I

 1    made that decision, when does that decision become

 2    official?  And then when would my motion that I entered

 3    into the record get ruled on?

 4          THE COURT:  So, I can't give you specific

 5    dates, but what would happen in broad big picture strokes

 6    is that you would meet with the person I described from

 7    the public defender's office, fill out that petition if

 8    indeed you still want to go that route.  Then we would

 9    come back for essentially a continuation of this hearing.

10    We would essentially pause this hearing, come back and

11    finish it.  At that point if I'm satisfied that you fully

12    understand what it means to represent yourself, I would

13    essentially discharge your public defenders, and you

14    would be at that point self-represented, and at that

15    point I could consider things that you file.

16          MR. GUERTIN:  Okay.  So, if we move forward

17    with that, what -- how -- when would we come back and

18    meet here again basically?

19          THE COURT:  Right.  So, that we would have to

20    coordinate with the state and with the public defender's

21    office.  Let's see.  Maybe if we can coordinate with

22    current counsel, at least someone then could come back

23    with him with that petition.  I mean, if counsel are

24    available, we could make a time next week.  We'll be in

25    trial, but we could make a time.  Or the week of the 28th

Add. 292

1    we should have more time available because that's a block

2    week.

3              MS. HAMID:  The 28th is better for me, Your

4    Honor.  I have about seven trials next week.

5              THE COURT:  Okay.  So, let's look at the week

6    of the 28th then, please.

7              MR. GUERTIN:  And that's when we're going to

8    come back here?

9              THE COURT:  Correct.  Yeah.

10             MR. GUERTIN:  And then in between that time,

11   I'm going to do what?  I'm going to fill out the

12   petition?

13             (Conversations were held off the record.)

14             MR. GUERTIN:  How does the declaration come in

15   for -- it sounds like there's still another competency

16   determination being made as far as your mention of

17   whether or not you think I understand what it means to

18   represent myself.  So, there's still some sort of

19   determination being made about whether or not I am

20   allowed to proceed with representing myself, it sounds

21   like?

22             THE COURT:  Well, you will see on the petition

23   what that's referring to.  I'm not referring to -- I'm

24   bound by the competency finding.  But the petition talks

25   about making an informed, knowing, voluntary, intelligent

Add. 293

1    waiver of your right to have counsel.  And so, I need to

2    make sure that that's met.  That you fully understand all

3    of the things that are described in that petition such as

4    the things I described that -- what your responsibilities

5    will be.  That you will be held to essentially the same

6    rules and standards as a lawyer.  And essentially just

7    that you're making an informed decision for yourself.

8    I'll need to be able to make that finding for you to

9    self-represent.  But that's largely what that petition is

10   designed to do.  And then we would go over it in open

11   court.

12           MR. GUERTIN:  Okay.  So then, let's

13   hypothetically say we come back here on the 28th and I

14   fulfill that, then -- obviously I can do research into

15   this, but then is there a -- how much time would be from

16   that point forward?  Would that be the same hearing as

17   today and then I would need to make a decision again, or

18   would there be time allotted to allow for pro se

19   representation?

20           THE COURT:  Well, at that point I would

21   probably give the state the time it needs to respond to

22   your motions, and then I would have a time in which I can

23   rule on them which is -- depending on the type of motion,

24   but if it's an evidentiary motion, it's usually 30 days.

25   And if there's a reason for a hearing, we would have a

1    hearing.  But that would happen after the 28th.

2            So, say we come back -- so, for example we have

3    9:30 on the 28th available if that works for you all.

4    Then we would have the hearing then.  If indeed you

5    choose to go self-represented or we also call it pro se,

6    then at that point I would be able to consider your

7    filing.  I would give the state the time it needs to

8    respond, and then I would rule on it.  We could also set

9    a trial date too to have -- make sure we have a trial

10   date in the future.

11           MR. GUERTIN:  Yeah.  I just -- I'm open to --

12   I'm not -- I'm set on self-representation if that's what

13   I need to do to have my motion ruled on.  But I'm not set

14   on any necessary path from that point.  I'm just --

15   that's how I would like to proceed.

16           THE COURT:  Okay.  Does 9:30 Monday the 28th

17   work for everyone?

18           (Dates were discussed.)

19           THE COURT:  Okay.  So, we'll get you a notice,

20   Mr. Guertin.  And then we'll have a hearing on -- we went

21   with the 29th, correct?

22           MR. DONNELLY:  Eleven o'clock, I think.

23           THE COURT:  Okay.

24           (The proceedings were adjourned at 9:34 a.m.)

25

1  STATE OF MINNESOTA)
                        ss:
2  COUNTY OF HENNEPIN)

3

4

5                    COURT REPORTER'S CERTIFICATE

6         I, MAYA FUNK, an Official Court Reporter in and

7      for the Fourth Judicial District of the State of

8      Minnesota, do hereby certify that I have transcribed

9      the foregoing transcript from the CourtSmart audio

10     recording, and that the foregoing pages constitute a

11     true and correct transcript of the proceedings taken in

12     connection with the above-entitled matter to the best

13     of my ability.

14         Dated:  April 23, 2025

15

16

17     /s/ Maya Funk

18     Maya Funk
       Official Court Reporter
19     C859 Government Center
       300 South Sixth Street
20     Minneapolis, MN  55487
       (612) 322-6951

21

22

23

24

25

Add. 296

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

## Matthew Guertin / January 7th Court Date / Judge Recusal

---

From    mattguertin <MattGuertin@protonmail.com>

To      Raissa Carpenter<Raissa.Carpenter@hennepin.us>

Date    Friday, January 3rd, 2025 at 12:50 PM

---

Raissa,

I am writing you to find out what the deal is with my scheduled January 7th appearance in front of Judge Quam and if that is still going to be taking place or not?

I would also like to inquire about the possibility of rescheduling my evidentiary hearing or having it take place in front of a different judge as Julia Dayton Klein is the same judge that was named in my federal civil rights lawsuit who I can irrefutably prove issued two ruling outside of her jurisdiction insofar as submitting two separate orders denying my supposed 'affidavit of fee waivers' which I 100% NEVER actually submitted - EVER. She was submitting rulings into my Minnesota Court of Appeals Case A24-0780 based on non existent affidavits for a fee waiver to try and prevent my appeal from moving forward
(*see Index #115, pp. 6-7, Exh. H, I, J, K, and L*)

She is also the same judge that granted an order for continuance on June 14th, 2023 on a non-existent motion for continuance in my case as detailed in previous motion for judicial notice I submitted into my case (*see Index #115, p. 4, Exh. D*)

Thanks,

Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.
Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540

Sent with Proton Mail secure email.

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

---

| | |
|---|---|
| From | Raissa Carpenter <Raissa.Carpenter@hennepin.us> |
| To | mattguertin<MattGuertin@protonmail.com> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Friday, January 3rd, 2025 at 1:07 PM |

---

Good afternoon,

The January 7th appearance with Judge Quam should be getting continued until after our evidentiary hearing. There was an email about it this morning. Attaching the email for your reference. Are you ok with me responding that we are fine continuing that appearance?

Judge Dayton Klein will not preside over your evidentiary hearing. If they scheduled it in front of her, that was an error and they will have to fix it. On July 15th, Judge Dayton Klein issued an order recusing herself from your case. So she cannot preside over it based on her own order. A copy of the order is attached for your reference.

Sincerely,

Raissa R. Carpenter (she/her)
Assistant Public Defender - Office of the Hennepin County Public Defender
Location: 701 4th Avenue South, Suite 1400, Minneapolis, MN 55415
Contact: 612-348-9676    raissa.carpenter@hennepin.us

Disclaimer: If you are not the intended recipient of this message, please immediately notify the sender of the transmission error and then promptly permanently delete this message from your computer system.

---

610.82 KB    3 files attached

| email-1.2.eml 275.16 KB | image001.png 146.43 KB |
|---|---|

| 27-CR-23-1886 - Order to Recuse.pdf 189.22 KB |
|---|

Add. 298

Exhibit A | p. 2

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

| | |
|---|---|
| From | mattguertin <MattGuertin@protonmail.com> |
| To | Raissa Carpenter<Raissa.Carpenter@hennepin.us> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Monday, January 6th, 2025 at 9:32 AM |

Raissa,

I am fine continuing the appearance unless there is any benefit in making an appearance for whatever reason? I have never appeared in front of or met Judge Quam since the origination of my case...

Thanks,

Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.
Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540

Sent with Proton Mail secure email.

Add. 299

Exhibit A | p. 3

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

| | |
|---|---|
| From | Raissa Carpenter <Raissa.Carpenter@hennepin.us> |
| To | mattguertin<MattGuertin@protonmail.com> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Monday, January 6th, 2025 at 9:35 AM |

The only thing he could do is address the conditions of your release. So, unless we have a request with respect to release conditions, I don't think there's any point in making an appearance.

Sincerely,

Raissa R. Carpenter (she/her)

Assistant Public Defender - Office of the Hennepin County Public Defender

Location: 701 4th Avenue South, Suite 1400, Minneapolis, MN 55415

Contact: 612-348-9676   raissa.carpenter@hennepin.us

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

| | |
|---|---|
| From | mattguertin <MattGuertin@protonmail.com> |
| To | Raissa Carpenter<Raissa.Carpenter@hennepin.us> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Monday, January 6th, 2025 at 9:45 AM |

okay.

Sent with Proton Mail secure email.

27-CR-23-1886

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

| | |
|---|---|
| From | Raissa Carpenter <Raissa.Carpenter@hennepin.us> |
| To | mattguertin<MattGuertin@protonmail.com> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Monday, January 6th, 2025 at 9:57 AM |

Ok I will let them know we are fine with that appearance being continued.


Sincerely,


Raissa R. Carpenter (she/her)

Assistant Public Defender - Office of the Hennepin County Public Defender

Location: 701 4th Avenue South, Suite 1400, Minneapolis, MN 55415

Contact: 612-348-9676   raissa.carpenter@hennepin.us



Exhibit A | p. 6

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

| | |
|---|---|
| From | mattguertin <MattGuertin@protonmail.com> |
| To | Raissa Carpenter<Raissa.Carpenter@hennepin.us> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Tuesday, January 7th, 2025 at 7:05 AM |

Good morning,

**Discovery Fraud and Competency Issues Pertaining to 'State of Minnesota v. Matthew David Guertin' - 27-CR-23-1886**

**Key Issues and Procedural Background -**

**Discovery Fraud Allegations**
The case involves three sets of discovery materials:

**Set 1:** An initial set of 104 photographs referenced in Dr. Jill Rogstad's Rule 20 report. These images were never provided to me, only documented as reviewed.
https://matt1up.substack.com/api/v1/file/1b926873-0ad0-47f6-8240-4f4491bb7836.pdf

**Set 2:** A second set of 80 photographs reviewed by Dr. Michael Robertson during the civil commitment hearing on August 1, 2023. These were identified and detailed in my April 4, 2024 motion to compel discovery as being photographs which were cropped and manipulated to present a false narrative.
https://matt1up.substack.com/api/v1/file/96a5de26-014f-459e-b77d-50eeac400400.pdf

**Set 3:** A third set of 518 photographs was provided to me on July 16, 2024, by Bruce Rivers. Despite the large number, this set omitted the exact 28 images I flagged as manipulated in Set 2. This omission forms the basis of my argument that the discovery materials were fraudulently altered and intentionally excluded.
https://storage.courtlistener.com/recap/gov.uscourts.mnd.216796/
gov.uscourts.mnd.216796.42.0.pdf

**Catch-22 Argument (Exhibit Y)**
Exhibit Y outlines a critical dilemma for the court:
https://storage.courtlistener.com/recap/gov.uscourts.mnd.216796/
gov.uscourts.mnd.216796.74.0.pdf

Add. 303

<span style="color:red">Exhibit A | p. 7</span>

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

- If the prosecution produces the 28 missing images, it validates my claim that they were initially cropped and manipulated.
- If they fail to produce the images, it supports my argument that they were intentionally excluded to conceal evidence of fraud (as detailed in my April 4th, 2024 motion to compel discovery - see Index #29 or the PDF for 'Set 2' above)
- This creates a scenario where any action by the prosecution inherently supports my position, rendering their defense untenable.

**Competency Determination**

- The competency issue hinges on the fact that the psychological examiner relied on fraudulent discovery materials during my initial civil commitment evaluation that took place on August 1, 2023.
- This directly taints the validity of my entire civil commitment case (27-MH-PR-23-815), the subsequent Rule 20 findings, and undermines the determination of my supposed 'incompetency'/
- My documented ability to understand and articulate legal issues, as evidenced by my filings and strategic arguments (such as this one I am laying out very clearly in this email currently..), directly contradicts the conclusions drawn by the psychological examiner.

**Conflict of Interest and Change in Defense Counsel**

- Bruce Rivers, my former defense counsel, was directly implicated in the fraudulent discovery issue.
- Following my successful motion to replace him, I now have two, new, awesome public defenders appointed to my case.
- This eliminates the prior conflict of interest and ensures that my current defense strategy can focus on the fraudulent discovery and competency issues without obstruction.

**Discovery Obligations and Sanctions**

- Under Minnesota Rule of Criminal Procedure 9.01, the prosecution is required to disclose all relevant evidence in its possession, including photographs and other materials critical to the defense.
- The failure to produce an authentic and complete set of discovery materials constitutes a violation of this rule.
- The prosecution's provision of manipulated images and subsequent omission of key evidence from the third set indicates bad faith and intentional misconduct.
- *Brady v. Maryland*, 373 U.S. 83 (1963) mandates that suppression of material evidence favorable to the accused violates due process.
- Here, the 28 omitted images are material, as they form the basis of my claim pertaining to manipulation and fraud.

**Fraud on the Court**
- Fraud on the court occurs when a party deliberately deceives the court and undermines the integrity of the judicial process.
- The intentional exclusion of 28 critical images and the reliance on manipulated evidence in competency evaluations meet this standard.
- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) establishes that courts have inherent authority to address fraud on the court. If proven, such fraud can result in dismissal of the case.

**Competency and Due Process**
- Minnesota Rule of Criminal Procedure 20.01 requires that a defendant understand the nature of the proceedings and be able to assist in their defense.
- My filings demonstrate not only an understanding of the charges but also a sophisticated grasp of legal strategy, directly contradicting the findings of incompetency.
- *Dusky v. United States*, 362 U.S. 402 (1960) provides the federal standard for competency, emphasizing the defendant's ability to consult with counsel and understand the proceedings.
- The fraudulent discovery materials used in my evaluations render the competency findings unreliable.

**Motion to Dismiss Based on Fraudulent Discovery**
- Given the unprecedented nature of the prosecution's actions - introducing fraudulent discovery materials and omitting critical evidence - a motion to dismiss is warranted.

This motion should argue that:
- The prosecution's conduct has irreparably tainted the proceedings.
- The omission of the 28 images constitutes a deliberate attempt to conceal exculpatory evidence.
- The reliance on fraudulent materials in competency evaluations undermines the legitimacy of the entire case.

## My Preferred and Recommended Legal Strategy Moving Forward -

**1  - Immediately File a Motion for Discovery**
   Request the court to order the prosecution to produce:
- A complete and authenticated set of **<u>all</u>** photographs taken by law enforcement.
- A forensic analysis of the discovery materials to establish authenticity and identify any manipulation.

Exhibit A | p. 9

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

**2 - Challenge the Competency Determination at my Upcoming Hearing**

- Make a point of emphasizing the fact that second and third Rule 20 are suggesting that I need to be placed on powerful antipsychotic drugs due to my 'belief' of fraudulent discovery being a part of my case.
- Emphasize the fact that my 'belief' of a conspiracy taking place was also used as evidence to support the finding of my supposed incompetency, and need to be placed on powerful antipsychotic drugs.
- Argue that the previous findings were based on fraudulent discovery materials, and that the existence of these fraudulent discovery serves to validate my belief of the very same conspiracy used to label me as 'incompetent and psychotic'
- Emphasize my demonstrated ability to understand and participate in the proceedings, as evidenced by my filings and strategic legal actions.
- Emphasize the fact that I am in fact the one who has investigated, and now irrefutably proven the unprecedented issue of fraud on the court by the state / prosecution.
- Make mention of the fact that perhaps it is them who is actually incompetent, and not me.
- Request a completely independent competency evaluation, with ZERO connections at all to the Hennepin County courts (if one is still required for some reason following the evidentiary hearing concerning my competency)

**3 - File a Motion to Dismiss for Fraud on the Court Once my Case Successfully Returns to Criminal Court Proceedings**

- Argue that the prosecution's actions constitute fraud on the court and have irreparably prejudiced my right to a fair trial.
- Cite *Hazel-Atlas Glass Co. v. Hartford-Empire Co*. and Minnesota case law to support the dismissal request.
- Emphasize the completely unprecedented circumstances involving the State and prosecution itself being directly involved in the introduction of fraudulent discovery materials into my case
- Make sure to highlight the fact that the manipulated discovery materials were actually focused on hiding my significant business related endeavors pertaining to my patented technology and prototype.
- Emphasize how this inherently establishes a direct connection to the entire situation involving the origination of my criminal charges themselves insofar as the entire patent fraud situation at the heart of my case.
- Argue that the completely unprecedented circumstances surrounding the entire discovery fraud issue demands a swift, firm, and immediate resolution by the Court - with the obvious resolution being the complete dismissal of all charges.
- Demand an investigation into the fraudulent discovery along with appropriate sanctions and/ or disciplinary actions for those found to be involved in the discovery fraud conspiracy.

That is all for now.

Feel free to let me know what you think of what I have laid out here as my preferred strategy moving forward.

Thanks for your time.

Sincerely,


Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.
Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540



Sent with Proton Mail secure email.

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

| | |
|---|---|
| From | mattguertin <MattGuertin@protonmail.com> |
| To | Raissa Carpenter<Raissa.Carpenter@hennepin.us> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Wednesday, January 8th, 2025 at 10:34 AM |

Good morning,

I have just published a post on my Substack page which I believe does a rather good job of laying out the entire criminal patent theft conspiracy taking place.

https://matt1up.substack.com/p/discrediting-their-fraud

Everything very clearly appears to be tied to Jews, Israel, our corrupt US Government, along with many military, and military connected entities. There is even fraud involving a completely fake, Ai generated 'holographic holocaust survivor' named Pinchas Gutter that is being directly supported by the USC Shoah Foundation.

One of the most compelling (and irrefutable..) elements of what I have laid out is that much of it is supported by not only 'official' academic research papers, but also by a federal patent and trademark case that is still ongoing within the Northern California District Court.

That case is 'Rearden LLC v Disney' - https://www.courtlistener.com/docket/6121204/rearden-llc-v-the-walt-disney-company/?page=1

and here is the federal complaint- https://storage.courtlistener.com/recap/gov.uscourts.cand.314347.1.0.pdf

I did a little digging and came across this declaration by Hao Li, who works as a researcher for USC-ICT, and is also the CEO of a company called Pinscreen.com - https://storage.courtlistener.com/recap/gov.uscourts.cand.314347/gov.uscourts.cand.314347.139.7.pdf

The reason this particular case record is so compelling is that is provides a complete list of all of the various entities that have pouring millions of dollars of funding into the same field of research to which my patented VR Treadmill technology applies - with a substantial amount of funding

Exhibit A | p. 12

being provided by the US Government, and military itself to the tune of millions of dollars.

This is highly relevant sue to the fact that my patent has been determined to have VAST implications in military training simulation, and has also been determined to be worth many billions of dollars over the 20 year span of the patent life.

A rough estimate of the value of my patent is listed in this exhibit at Index 02 - https://storage.courtlistener.com/recap/gov.uscourts.mnd.216796/ gov.uscourts.mnd.216796.47.0.pdf

The analysis pertaining to my patents vast implications in military training simulations can be found here - https://storage.courtlistener.com/recap/gov.uscourts.mnd.216796/ gov.uscourts.mnd.216796.10.0.pdf  (*see Exhibit C | Index 30 | pp. 67-70*)

Additionally, if you also take a look at *'Exhibit C | Index 30 | pp. 53-59'* you will be able to see the documented searches that were occurring for my unused, never promoted, LinkedIn page that has NEVER had any employment history added to it.

This is highly relevant as it reveals a rather absurd search history of pretty much every government, and military connected entity imaginable. This includes the highly unusual searches, and spikes that were occurring at the very same time my order for civil commitment was filed with the court on July 20, 2023, in addition to the search spikes and entities documented during the exact same time that I was fighting to stay out of a mental institution, as the fraudulent discovery materials were simultaneously being submitted into my case via their provision to Michael Robertson, who conducted my civil commitment psychological examination on August 1, 2023.

Furthermore - directly following my 'LinkedIn Search Graph', if you take a look at *'Exhibit C | Index 30 | pp. 60-66'* there is verification of my self professed 'former CIA' and military connected welder, as well as direct proof of Israeli 'special ops gear' sitting atop my prototype as it was being welded by my self professed 'former CIA' welder. Following the two initial pages of the pictures, you will be able to review a selected historical record of my text messages with my 'former CIA' welder as well. This text message history is not only verified, but also expounded upon in the video screen-capture recording of these same communications which can be viewed at the following two video links - https://rumble.com/v5g34cj-text-message-history-with-my-former-cia-welder.html https://odysee.com/@Matt1up:5/text-message-history-with-my-former-cia-welder:5

All of this government and military interest is directly supported by the documented federal funding list contained in the above mentioned federal declaration of Hao Li.
The list provided in his declaration is as follows:

**U.S. Government**
Project Nexus: Lifelike Digital Human Replica
Duration: 09/01/2018 – 08/31/2019
Award Amount: $1,000,000
Role: PI (USC/ICT)

**Army Research Office (ARO)**
RTO: Scalable and Efficient Light Stage Pipeline for High-Fidelity Face Digitization
Duration: 09/01/2018 – 08/31/2019
Award Amount: $200,000
Role: PI (USC/ICT)

**U.S. Army Natick (NATICK)**
High-Fidelity Rigging and Shading of Virtual Soldiers
Duration: 09/01/2018 – 03/31/2019
Award Amount: $157,500
Role: PI (USC/ICT)

**Office of Naval Research (ONR - HPTE)**
Young Investigator Program (YIP): Complete Human Digitization and Unconstrained Performance
Capture
Duration: 06/01/2018 - 05/31/2021
Award Amount: $591,509
Role: PI (USC)

**Semiconductor Research Corporation (SRC) / Defense Advanced Research Projects
Agency (DARPA)**
JUMP: Computing On Network Infrastructure for Pervasive, Cognition, and Action
Duration: 01/01/2018 - 12/31/2022
Award Amount: $1,174,818
Role: PI (USC)

**Army Research Office (ARO)**
UARC 6.1/6.2: Avatar Digitization & Immersive Communication Using Deep Learning
Duration: 11/01/2017 - 10/31/2019
Award Amount: $2,821,000
Role: PI (USC/ICT)

**Army Research Office (ARO)**
RTO: Strip-Based Hair Modeling Using Virtual Reality
Duration: 11/01/2017 - 10/31/2018
Award Amount: $250,000
Role: PI (USC/ICT)

**Army Research Office (ARO)**
RTO: Head-Mounted Facial Capture & Rendering for Augmented Reality
Duration: 11/01/2017 - 10/31/2018
Award Amount: $200,000
Role: PI (USC/ICT)

**Army Research Office (ARO)**
UARC 6.1/6.2: Capture, Rendering, & Display for Virtual Humans
Duration: 11/01/2016 - 10/31/2017
Award Amount: $1,408,011
Role: PI (USC/ICT)

**United States SHARP Academy (ARO)**
Digital SHARP Survivor
Duration: 07/01/2016 - 06/31/2017
Award Amount: $94,953
Role: PI (USC/ICT)

**Army Research Office (ARO)**
RTO: Lighting Reproduction for RGB Camouflage
Duration: 01/01/2016 - 12/31/2018
Award Amount: $200,000
Role: PI (USC/ICT)

**U.S. Army Natick (NATICK)**
Research Contract
Duration: 09/01/2015 - 12/31/2016
Award Amount: $145,000
Role: PI (USC/ICT)

**Office of Naval Research (ONR)**
Markerless Performance Capture for Automated Functional Movement Screening
Duration: 08/01/2015 - 09/30/2017
Award Amount: $230,000
Role: PI (USC)

**Intelligence Advanced Research Projects Activity (IARPA), Department of Defense (DoD)**
GLAIVE: Graphics and Learning Aided Vision Engine for Janus
Duration: 07/25/2014 - 07/24/2018
Award Amount: $419,264
Role: Co-PI (USC)


I am of the firm belief that this evidence serves to further support the entire criminal conspiracy that I have been claiming has been taking place the entire time - the very same 'conspiracy' that continues to be used as evidence of my supposed 'unknown schizophrenic or other psychotic disorder' by the Hennepin County court system. I believe that this additional evidence can also be included as part of not only proving my obvious competency at the upcoming evidentiary hearing, but would also serve as rather compelling evidence that would support a motion for dismissal if it were to be included as part of said motion.

Notably - the involvement of these 'powerful' entities also serves to directly support the entire issue of the fraudulent discovery materials themselves based upon the intentional exclusion of my patented technology form the manipulated police photographs.

Keep in mind that this is just 'some' of the evidence I possess. It is not an exaggeration for me to claim that there is such an overwhelming amount of evidence supporting the entire conspiracy currently taking place that I can barely keep track of all of it insofar as it being nearly impossible for me to ever fully layout, and connect all of the many 'dots' that I maintain, and have connected in a multitude of ways. What is, has been, and continues to take place is completely surreal.

I filed a patent, worked hard to turn my idea into a reality, and was literally 'minding my own business' - for all of 'this' to end up being the result of my ambitious nature is something I will never fully come to terms with.

This will remain the case regardless of how many 'mental health' experts I visit with, and however many milligrams of antipsychotic drugs may possibly be forced into my body for the purpose of trying to prevent me from continuing to speak out and expose the **TRUTH.**


Thank you for your time.

Sincerely,


Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.

Add. 312

Exhibit A | p. 16

Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540

Sent with Proton Mail secure email.



MINNESOTA
JUDICIAL
BRANCH

Add. 313
Exhibit A | p. 17

## RE: [External] Matthew Guertin / January 7th Court Date / Judge Recusal

| | |
|---|---|
| From | Raissa Carpenter <Raissa.Carpenter@hennepin.us> |
| To | mattguertin<MattGuertin@protonmail.com> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Wednesday, January 8th, 2025 at 6:56 PM |

Mr. Guertin,

Does April 17th at 8:45 a.m. work for a hearing date with Judge Quam?

This hearing will only occur if you are found competent to proceed. If you are found not competent, this hearing will get cancelled.

Sincerely,

Raissa R. Carpenter (she/her)

Assistant Public Defender - Office of the Hennepin County Public Defender

Location: 701 4th Avenue South, Suite 1400, Minneapolis, MN 55415

Contact: 612-348-9676   raissa.carpenter@hennepin.us

## Upcoming Court Dates and Appointment

| | |
|---|---|
| From | Raissa Carpenter <Raissa.Carpenter@hennepin.us> |
| To | mattguertin<MattGuertin@protonmail.com> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us> |
| Date | Friday, January 10th, 2025 at 11:53 AM |

Mr. Guertin,

This is a reminder email of what we have scheduled for your case.

**February 13, 2025 at 2:00 p.m. –** You are coming to our office to meet with me and Mr. Donnelly. Come to the 14th floor of 701 4th Avenue South in downtown Minneapolis. You can walk us through this fraudulent discovery issue and we can talk about whether you want to contest your competency or agree to enter a finding of incompetency.

**March 5, 2025 at 10:30 a.m. –** You are scheduled for a contested competency hearing. This is an in-person court appearance at the Hennepin County Government Center. This is a hearing that we requested to argue that you are competent to proceed. This is an evidentiary hearing so we can present testimony and exhibits if we would like to.

**April 17, 2025 at 8:45 a.m. –** You are scheduled for a hearing with Judge Quam. This hearing will only occur if you are fount competent to proceed with your case. If you are not found competent to proceed with you case then this hearing will again get stricken and instead they will schedule a 6-month review hearing to check in on your competency.

Please let me know if you have any questions.

Sincerely,

Raissa R. Carpenter (she/her)

Assistant Public Defender - Office of the Hennepin County Public Defender

Location: 701 4th Avenue South, Suite 1400, Minneapolis, MN 55415

Contact: 612-348-9676   raissa.carpenter@hennepin.us

Add. 315

Exhibit A | p. 19

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

## Re: Upcoming Court Dates and Appointment

---

From    mattguertin <MattGuertin@protonmail.com>

To      Raissa Carpenter<Raissa.Carpenter@hennepin.us>

CC     Emmett M Donnelly<Emmett.Donnelly@hennepin.us>,
matthew.guertin.81<matthew.guertin.81@gmail.com>

Date   Monday, January 13th, 2025 at 10:42 AM

---

Good morning Raissa,

A few things -

1. I searched my inbox and I have never received an email from Emmett Donnelly as discussed over the phone on January 9th - meaning that I am unsure what date was corrected in the reply of his that was mentioned?

2. When we briefly discussed the entire discovery fraud issue I was told by you that when I come down there for our meeting that I could "take a look at the discovery you already have" and that this discovery "was on your computer" already.

3. **I would like to be provided ASAP with all of the discovery police photographs that you currently maintain for my case -** specifically all of the police photographs that were taken of my apartment on January 21, 2023.

4. I can swing down and pick these discovery photographs up any time - meaning that you could leave them with the secretary at the front desk, etc. If you do not have a spare USB flash drive, I can bring my own and they could be transferred to it. Whatever works.

5. I am wondering if you could please reply to this email with a few screenshots of all of the discovery photos insofar as the folder name, folder properties (total number of images, total size of folder/all images, file properties, etc) - basically something that could establish a documented record of the 'current state' of all of the discovery photographs you maintain for my case. I can then reply and confirm that I have received the exact same files, with the exact same properties once I retrieve them and have a chance to review them.

6. Being that you never filed a motion for discovery / 'demand or request for discovery' into my case, I am wondering if you could please tell me where the discovery photographs you currently maintain originated? Did Bruce Rivers forward my entire file to you and so the photographs are the same ones that he provided me with? Were the discovery photographs

provided to you directly by the court? What is the source of their origination insofar as the chain of custody prior to you receiving them basically?

7. I would like to be provided with these photographs as soon as possible so that I have adequate time to review them **PRIOR** to our meeting, vs. simply reviewing them on a computer screen, etc. Additionally - since I KNOW there is an issue with fraudulent discovery photographs insofar as incomplete, mismatched sets, ai manipulation, cropping, etc. - being directly provided with all of the discovery photographs, as well as establishing an electronic email record of the 'current state' of the discovery photographs that you currently maintain will serve to aid in my criminal defense strategy moving forward.

8. If you could please hit 'reply all' so that I am also copied on my gmail address as well (matthew.guertin.81@gmail.com that I CC'd on this email) that will ensure that I am able to check this email address periodically throughout the day in order to ensure that I am able to drive downtown and retrieve the discovery photographs from your office as soon as they are ready.

9. I will have a spare USB flash drive with me in case you do not have one available (meaning you could just provide the digital file/folder containing the police photographs to the secretary as a file, and then she could transfer to my USB if that works) - although I am guessing that likely goes against established IT security protocols (or at least it should...ha)

Thank you very much for your attention to this matter,

Sincerely,

Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.
Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540

Sent with Proton Mail secure email.

Add. 317

Exhibit A | p. 21

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

## Re: Upcoming Court Dates and Appointment

| | |
|---|---|
| From | mattguertin <MattGuertin@protonmail.com> |
| To | Raissa Carpenter<Raissa.Carpenter@hennepin.us> |
| CC | Emmett M Donnelly<Emmett.Donnelly@hennepin.us>, matthew.guertin.81<matthew.guertin.81@gmail.com> |
| Date | Wednesday, January 14th, 2025 at 6:12 PM |

Hello,

I am still awaiting a reply in regards to establishing a 'current state' of the discovery photographs you currently maintain for my case, in addition to me being able to retrieve all of them as soon as possible so that I have adequate time to review them prior to our scheduled meeting.

Additionally, I am still unsure of what specific court date / meeting was changed insofar as the email reply from Emmett Donnelly that I was unable to locate in my email inbox.

With that said - my main reason for writing this email is based upon some additional preparation I would like to begin on my end, prior to our in person meeting, and upcoming court hearing.

What I would like to know is what the particular process / protocol is in regards to the proper submission of evidence exhibits prior to the 'contested competency' evidentiary hearing that is scheduled to take place - meaning that based upon my general understanding, and without doing any in depth research, I am of the understanding that prior to the hearing taking place it is required that the prosecution/State and the defense/Me are essentially required to exchange information insofar as 'what' exactly each of us plans on presenting at the hearing, what witnesses will be called, etc, etc.

So the specific court rules / established process / protocol that needs to take place in order for me to properly notify the prosecution/State of the specific evidence exhibits I plan on introducing during the hearing, as well as ensuring that I am able to know exactly what evidence exhibits and/or witnesses they plan on introducing during the hearing.

If you are able to simply point me to what specific court rules pertain to this topic I will be able to read up on it myself without issue. I just need to be sure that I am sourcing the correct court rules which correspond to the evidentiary hearing itself.

I am going to work on putting together the evidence exhibits I will present at the contested competency hearing which serve to very clearly establish my obvious 'competency'.

## Add. 318

Filed in District Court
State of Minnesota
4/21/2025 7:48 AM

Additionally, I am of the belief that the most simple, and straight-forward strategy of establishing my competency is for me to represent myself during the hearing - meaning that you guys would still be present in the court room obviously but serve as my stand-by counsel. At the very least I would like to be the one who introduces the facts of my case insofar as the specific charges, the reason for the hearing, and the presentation / arguments / relevance of the various evidence exhibits I will be presenting at my competency hearing.

This strategy would allow me to advocate on my own behalf in one of the most compelling, and straight-forward manners possible while still being able to avoid taking the stand as a witness - meaning I would also be depriving the State of an opportunity to cross examine me.

The effectiveness of this legal strategy is directly supported by the following Minnesota case law:

- **"A defendant who is competent to stand trial is competent to represent himself."**
  *State v. Sabahot*, A10-2174, p. 11 (Minn. App. Jan. 3, 2012)

- **"In particular, we note that at a hearing on March 31, 2010, appellant expressed himself articulately when he explained why he wanted to proceed to trial and what his trial strategy would be, including the witnesses he would call and exhibits he would propose."**
  *State v. Sabahot*, A10-2174, p. 10 (Minn. App. Jan. 3, 2012)

- **"A defendant is competent to stand trial if he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him."**
  *State v. Sabahot*, A10-2174, p. 8 (Minn. App. Jan. 3, 2012)

- **"The district court must specifically weigh all of the evidence presented, including any testimony from Thompson, and, as may be appropriate, make credibility findings."**
  *State v. Thompson*, 988 N.W.2d 149, 158 (Minn. App. 2023)

- **"Even if the court does not think it is a 'good idea' for a defendant to choose self-representation, it is not the court's role to insert counsel between an unwilling defendant and that defendant's right of self-representation."**
  *State v. Camacho*, 561 N.W.2d 160, 173 (Minn. 1997)

That is all.
Thanks for your time.

Sincerely,

Matthew Guertin
Inventor / Founder / CEO
InfiniSet, Inc.
Minneapolis, MN
US Patent 11,577,177 (Listed at the VERY top of Netflix US Patent 11,810,254)
MattGuertin.com
763-221-4540



Exhibit A | p. 24